UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**BANKRUPTCY APPEAL**

---

NO. 26-cv-10037-WGY

---

LOLONYON AKOUETE, Plaintiff-Appellant,

v.

JONATHAN R. GOLDSMITH, CHAPTER 7 TRUSTEE OF WESTBOROUGH SPE LLC, FERRIS DEVELOPMENT, TOWN OF WESTBOROUGH, LAX MEDIA, THE MOBILESTREET TRUST, BOCHASANWASI SHREE AKSHAR PURUSHOTTAM SWAMINARAYAN SANSTHA – NORTHEAST, A TEXAS CORPORATION

Defendants-Appellees.

---

ON APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MASSACHUSETTS

(Chapter 7 Case No. 23-40709-CJP)

---

**APPELLEE'S APPENDIX - Volume 1**

---

Christine E. Devine, Esq. BBO #566990
Angelina Savoia, Esq. BBO #715690
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:  508-533-7240
Email:  christine@nicholsondevine.com

**TABLE OF CONTENTS – APPELLEE APPENDIX**

| Documents Relevant to Appeal of<br>Sale Order [Bankr. ECF No. 1037] and<br>Settlement Order [Bankr. ECF No. 1038] | Volume 1<br><br>Page No. |
|---|---|
| Bankruptcy Court Docket Entries | A-1 |
| Settlement Agreement and Mutual Release<br>[Bankr. ECF No. 966] | A-127 |
| Trustee's Motion For Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019<br>[Bankr. ECF No. 967] | A-157 |
| Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and For Related Relief<br>[Bankr. ECF No. 968]<br><br>    -Exhibit A – Purchase and Sale Agreement | A-173<br><br><br><br><br><br>A-189 |
| Certificate of Service [Bankr. ECF No. 969] | A-215 |
| Motion For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance<br>[Bankr. ECF No. 977] | A-218 |
| Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]<br>[Bankr. ECF No. 978] | A-228 |
| Order Scheduling Hearing (Re: 977)<br>[Bankr. ECF No. 980] | A-233 |
| Motion to Require Adequate and Constitutional Notice Prior to Approval of Combined Notice of Sale and Settlement<br>[Bankr. ECF No. 987] | A-234 |

| | |
|---|---|
| Order (Re: Treatment of No. 987 as Objection) [Bankr. ECF No. 988] | A-297 |
| Notice of (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests (II) Deadline for Filing Objections and (III) Hearing Date and (I) Proposed Settlement Agreement and Mutual Release, (II) Deadline for Filing Objections, and (III) Hearing Date [Bankr. ECF No. 989] | A-298 |
| Certificate of Service (Re: 989, 966, 967, 968, and 978) [Bankr. ECF No. 990] | A-301 |
| Proceeding Memorandum and Order (Re: Approval of Form of Combined Notice) [Bankr. ECF No. 992] | A-313 |
| Proceeding Memorandum and Order (Re: Denial of Bankr. ECF No. 977) [Bankr. ECF No. 996] | A-314 |
| Trustee's Notice of Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement [Bankr. ECF No. 1015] | A-315 |
| Supplemental Certificate of Service (Re: 989, 966, 967, 968, and 978) [Bankr. ECF No. 1017] | A-328 |
| Supplemental Certificate of Service (Re: 989, 966, 967, 968, and 978) [Bankr. ECF No. 1018] | A-334 |
| Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019 [Bankr. ECF No. 1031] | A-336 |

| | |
|---|---|
| Proceeding Memorandum and Order (Re: Approval of Bankr. ECF No. 968) [Bankr. ECF No. 1035] | A-360 |
| Proceeding Memorandum and Order (Re: Approval of Bankr. ECF No. 967) [Bankr. ECF No. 1036] | A-361 |
| Order (I) Authorizing the Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving Purchase and Sale Agreement; (III) Authorizing Disbursement of Sale Proceeds Pursuant to Settlement Agreement and Mutual Release; and (IV) Granting Related Relief [Bankr. ECF No. 1037] | A-362 |
| Order Granting Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019, as Supplemented [Bankr. ECF No. 1038] | A-380 |
| Notice of Appeal (Re: Bankr. ECF No. 1037 and Bankr. ECF No. 1038) [Bankr. ECF No. 1050] | A-385 |
| Notice of Filing of Appeal to District Court [Bankr. ECF No. 1053] | A-410 |
| Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007 [Bankr. ECF No. 1055] | A-411 |
| Order (Re: Denial of Bankr. ECF No. 1055) [Bankr. ECF No. 1060] | A-485 |
| Creditor Lolonyon Akouete's Motion for Reconsideration of Order Denying Motion for Partial Stay Pending Appeal [Bankr. ECF No. 1062] | A-486 |
| Order (Re: Denial of Bankr. ECF No. 1063) [Bankr. ECF No. 1063] | A-510 |

| | |
|---|---|
| Notice of Appeal and Statement of Election (Re: Addition of Bankr. ECF No. 1058 to Appeal) [Bankr. ECF No. 1064] | A-511 |
| Order (Re: Clarification of Matters On Appeal at 26-cv-10037-WGY Include Only Bankr. ECF Nos. 1037, 1038, and 1058) [Bankr. ECF No. 1146] | A-515 |
| **Documents Relevant to Appeal of Administrative Claim Denial Order [Bankr. ECF No. 1058]** | **Volume 2** |
| Motion for Allowance and Payment of Administrative Expense Claim for Post-Petition Costar Subscription Pursuant to 11 U.S.C. §§ 503(b)(1)(A), 503(b) and the Court's Equitable Powers [Bankr. ECF No. 1023] | A-516 |
| Town of Westborough's Opposition to Lolonyon Akouete's Motion for Allowance and Payment of Costar Subscription Cost [Bankr. ECF No. 1033] | A-538 |
| Trustee's Objection to Akouete's Motion for Administrative Claim [Bankr. ECF No. 1034] | A-543 |
| Order (Re: Denial of Bankr. ECF No. 1023) [Bankr. ECF No. 1058] | A-557 |
| Creditor Lolonyon Akouete's Motion for Reconsideration of Order Denying Administrative Expense Claim [Bankr. ECF No. 1079] | A-558 |
| Order (Re: Denial of Bankr. ECF No. 1079) [Bankr. ECF No. 1081] | A-566 |
| **Transcripts** | |
| November 10, 2025 Hearing (Re: Form of Combined Notice on Proposed Sale and Settlement) | A-567 |
| December 17, 2025 Hearing (Re: Approval of Sale and Settlement) | A-581 |

iv

**NTCAPR, APLDIST, APPEAL**

**United States Bankruptcy Court
District of Massachusetts (Worcester)
Bankruptcy Petition #: 23–40709**

*Date filed:* 08/31/2023
*341 meeting:* 11/15/2023

*Assigned to:* Judge Christopher J. Panos
Chapter 7
Involuntary

| | |
|---|---|
| *Debtor*<br>**Westborough SPE LLC**<br>231 Turnpike Road<br>Westborough, MA 01581<br>WORCESTER–MA<br>Tax ID / EIN: 94–3286768 | represented by **Westborough SPE LLC**<br>PRO SE |
| *Petitioning Creditor*<br>**Nathanson & Goldberg, P.C.**<br>183 State Street, 5th FL<br>Boston, MA 02109 | represented by **Jose C. Centeio**<br>Centeio & Associates LLC<br>338 Commercial Street<br>Boston, MA 02109<br>617–210–4800<br>Fax : 617–210–4810<br>Email: jc@jcfirm.com<br><br>**Stephen F. Gordon**<br>The Gordon Law Firm LLP<br>River Place<br>57 River Street<br>Wellesley, MA 02481<br>(617) 261–0100<br>Email: sgordon@gordonfirm.com<br><br>**Scott Adam Schlager**<br>Troutman Pepper Locke LLP<br>111 Huntington Avenue<br>Boston, MA 02199<br>617–909–4511<br>Fax : 888–325–9020<br>Email: scott.schlager@lockelord.com<br>*TERMINATED: 04/15/2024* |
| *Petitioning Creditor*<br>**The MobileStreet Trust**<br>12 Cole Road<br>Wayland, MA 01778 | represented by **Lenard B. Zide**<br>Zide Fierman & Associates, LLP<br>352 Newbury St.<br>Boston, MA 02115<br>(617) 266–3333 |

*Assistant U.S. Trustee*
**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

A-001

*Trustee*
**Jonathan R. Goldsmith**
Goldsmith, Katz & Argenio, P.C.
1350 Main Street
Suite 1505
Springfield, MA 01103
413–747–0700

represented by **Christine E. Devine**
Nicholson Devine LLC
PO Box 7
Medway, MA 02053
508–533–7240
Email: christine@nicholsondevine.com

**Jonathan R. Goldsmith**
Egan, Flanagan & Cohen, P.C.
67 Market Street
Springfield, MA 01103
413–737–0260
Fax : 413–737–0121
Email: bankrdocs1@gkalawfirm.com

**Angelina M. Savoia**
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
857–600–0508
Email: angelina@nicholsondevine.com

| Filing Date | # | Docket Text |
|---|---|---|
| 08/31/2023 | 1 | Chapter 7 Involuntary Petition Against a Non–Individual. Fee Amount $338 Re: Westborough SPE LLC filed by Nathanson & Goldberg, P.C. (attorney Stephen F. Gordon), The MobileStreet Trust (Gordon, Stephen) (Entered: 08/31/2023) |
| 08/31/2023 | | Receipt of filing fee for Involuntary Petition (Chapter 7)( 23–40709) [misc,invol7] ( 338.00). Receipt Number A20159660, amount $ 338.00 (re: Doc# 1) (U.S. Treasury) (Entered: 08/31/2023) |
| 08/31/2023 | 2 | Notice of Appearance and Request for Notice by Scott Adam Schlager with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. (Schlager, Scott) (Entered: 08/31/2023) |
| 09/01/2023 | 3 | Involuntary Summons Issued on Westborough SPE LLC. (meh, Usbc) (Entered: 09/01/2023) |
| 09/03/2023 | 4 | BNC Certificate of Mailing. (Re: 3 Involuntary Summons Issued) Notice Date 09/03/2023. (Admin.) (Entered: 09/04/2023) |
| 09/05/2023 | 5 | Motion and Answer to Involuntary Bankruptcy with certificate of service filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/05/2023) |
| 09/05/2023 | 6 | Statement of Corporate Ownership filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/05/2023) |
| 09/05/2023 | 7 | Matrix filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/05/2023) |
| 09/08/2023 | 8 | Schedules A/B, D – H filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/11/2023) |
| 09/08/2023 | 9 | Statement of Financial Affairs for Non–Individual filed by Debtor Westborough SPE LLC. (ab) (Entered: 09/11/2023) |
| 09/11/2023 | 10 | |

A-002

| | | | |
|---|---|---|---|
| | | | Motion filed by Debtor Westborough SPE LLC to Appoint Interim Trustee with certificate of service. (ab) (Entered: 09/11/2023) |
| 09/11/2023 | | 11 | Statement of Taxpayer Identification Number filed by Debtor Westborough SPE LLC . (ab) (Entered: 09/11/2023) |
| 09/11/2023 | | 12 | Summons Service Executed in an Involuntary Case on Westborough SPE LLC 9/8/2023, Answer Due 9/29/2023 filed by Petitioning Creditor Nathanson & Goldberg, P.C., Debtor Westborough SPE LLC (Gordon, Stephen) (Entered: 09/11/2023) |
| 09/25/2023 | | 13 | Emergency Motion filed by Debtor Westborough SPE LLC To Modify Automatic Stay Re: To Commence Legal Action in California Superior Court with certificate of service. Fee Amount $188, Objections due by 10/10/2023. (Attachments: # 1 Proposed Order) (ab) (Entered: 09/25/2023) |
| 10/02/2023 | | 14 | Emergency Motion filed by Petitioning Creditor Nathanson & Goldberg, P.C. For Order *Emergency Motion of Petitioning Creditors for Immediate Entry of an Order for Relief or, in the Alternative, an Order Forbidding the Manager of the Alleged Debtor from Filing Anything in the Courts of California* with certificate of service. (Attachments: # 1 Exhibit A) (Gordon, Stephen) (Entered: 10/02/2023) |
| 10/02/2023 | | 15 | Supplement with certificate of service (Re: 13 Emergency Motion filed by Debtor Westborough SPE LLC To Modify Automatic Stay) filed by Debtor Westborough SPE LLC. (ab) (Entered: 10/02/2023) |
| 10/03/2023 | | 16 | Notice of Appearance and Request for Notice by Paul W. Carey with certificate of service filed by Creditor Ferris Development Group, LLC (Carey, Paul) (Entered: 10/03/2023) |
| 10/03/2023 | | 17 | Notice of Appearance and Request for Notice by Brian W. Riley with certificate of service filed by Creditor Town of Westborough (Riley, Brian) (Entered: 10/03/2023) |
| 10/03/2023 | | 18 | Notice of Appearance and Request for Notice by Jeffrey T Blake with certificate of service filed by Creditor Town of Westborough (Blake, Jeffrey) (Entered: 10/03/2023) |
| 10/03/2023 | | 19 | Notice of Appearance and Request for Notice by Roger L. Smerage with certificate of service filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | 20 | Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service and proposed order Fee Amount $188, Objections due by 10/17/2023. (Attachments: # 1 Appendix # 2 Proposed Order # 3 List of Exhibits) (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | 21 | Exhibit *s A–L* (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Certificate of Service) (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | 22 | Affidavit of Kristi Williams *in Support of Motion* with certificate of service (Re: 20 Motion for Relief From Stay) filed by Creditor Town of |

A-003

| | | | |
|---|---|---|---|
| | | | Westborough (Attachments: # 1 Declaration of Electronic Filing) (Smerage, Roger) (Entered: 10/03/2023) |
| 10/03/2023 | | | Receipt of filing fee for Motion for Relief From Stay( 23−40709) [motion,mrlfsty] ( 188.00). Receipt Number A20196974, amount $ 188.00 (re: Doc# 20) (U.S. Treasury) (Entered: 10/03/2023) |
| 10/04/2023 | | 23 | Limited Opposition *to Motions for Appointment of Trustee (and for Order of Relief)* with certificate of service filed by Creditor Town of Westborough Re: 10 Motion filed by Debtor Westborough SPE LLC to Appoint Trustee with certificate of service., 14 Emergency Motion filed by Petitioning Creditor Nathanson & Goldberg, P.C. For Order *Emergency Motion of Petitioning Creditors for Immediate Entry of an Order for Relief or, in the Alternative, an Order Forbidding the Manager of the Alleged Debt (Attachments: # 1 Appendix) (Smerage, Roger) (Entered: 10/04/2023)* |
| 10/06/2023 | | 24 | Opposition with certificate of service filed by Debtor Westborough SPE LLC Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 10/06/2023) |
| 10/10/2023 | | 25 | Objection *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 13 Emergency Motion filed by Debtor Westborough SPE LLC for Relief from Stay Re: To Commence Legal Action in California Superior Court with certificate of service Fee Amount $188, (Gordon, Stephen) (Entered: 10/10/2023) |
| 10/11/2023 | | 26 | Order for Relief dated 10/11/2023. See Order for Full Text. (meh, Usbc) (Entered: 10/11/2023) |
| 10/11/2023 | | 27 | DISREGARD – Copy of 26 Order for Relief to Debtor and The MobileStreet Trust. (sas) Corrective Entry– Wrong PDF attached. (Entered: 10/11/2023) |
| 10/11/2023 | | 28 | Copy of 26 Order for Relief to Debtor and The MobileStreet Trust. (sas) (Entered: 10/11/2023) |
| 10/12/2023 | | 29 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond. (ADI) (Entered: 10/12/2023) |
| 10/12/2023 | | | Meeting of Creditors 341(a) meeting to be held on 11/15/2023 at 11:30 AM as Telephonic Meeting. Proofs of Claims due by 1/9/2024. (meh, Usbc) (Entered: 10/12/2023) |
| 10/12/2023 | | 30 | Court's Notice of 341 sent . (meh, Usbc) (Entered: 10/12/2023) |
| 10/12/2023 | | 31 | Endorsed Order dated 10/12/2023 Re: 10 Motion filed by Debtor Westborough SPE LLC to Appoint Interim Trustee. DENIED AS UNNECESSARY. THE ORDER FOR RELIEF HAS ENTERED IN THIS CASE, SEE DKT. NO. 26, AND A CHAPTER 7 TRUSTEE HAS BEEN APPOINTED. (sas) (Entered: 10/12/2023) |
| 10/13/2023 | | 32 | DISREGARD. Application filed by Trustee Jonathan R. Goldsmith to Employ Goldsmith, Katz & Argenio, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) Incorrect PDF Attached. Modified on 10/13/2023 (ab). (Entered: 10/13/2023) |

A-004

| | | | |
|---|---|---|---|
| 10/13/2023 | | 33 | DISREGARD. Declaration Re: Electronic Filing (Re: 32 Application to Employ) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) Incorrect PDf Attached. Modified on 10/13/2023 (ab). (Entered: 10/13/2023) |
| 10/13/2023 | | 34 | Application filed by Trustee Jonathan R. Goldsmith to Employ Goldsmith, Katz & Argenio, P.C. as Counsel filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) (Entered: 10/13/2023) |
| 10/13/2023 | | 35 | Declaration Re: Electronic Filing (Re: 34 Application to Employ) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 10/13/2023) |
| 10/13/2023 | | 36 | BNC Certificate of Mailing – PDF Document. (Re: 28 Generic PDF) Notice Date 10/13/2023. (Admin.) (Entered: 10/14/2023) |
| 10/14/2023 | | 37 | BNC Certificate of Mailing – Meeting of Creditors. (Re: 30 Court's Notice of 341 sent 7 Business Asset) Notice Date 10/14/2023. (Admin.) (Entered: 10/15/2023) |
| 10/14/2023 | | 38 | BNC Certificate of Mailing – PDF Document. (Re: 31 Order on Motion to Appoint Trustee) Notice Date 10/14/2023. (Admin.) (Entered: 10/15/2023) |
| 10/16/2023 | | 39 | Telephonic Hearing Scheduled for 10/25/2023 at 02:30 PM. Objections due by 10/24/2023 at 12:00 PM on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA) and Opposition to Appointment of a Bankruptcy Trustee. TO PARTICIPATE, ATTENDEES SHALL DIAL (877) 873–8018 AND ENTER ACCESS CODE 1167883. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (hm) (Entered: 10/16/2023) |
| 10/16/2023 | | 40 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Hearing) (Smerage, Roger) (Entered: 10/16/2023) |
| 10/23/2023 | | 41 | Order dated 10/23/2023 Re: 13 Emergency Motion filed by Debtor Westborough SPE LLC To Modify Automatic Stay Re: To Commence Legal Action in California Superior Court. NOTWITHSTANDING THAT THE MOTION WAS FILED BY WESTBOROUGH SPE, LLC WITHOUT COUNSEL, SEE MLBR 9010– 1(G), MLBR 9029–3, AND D. MASS. LR 83.5.5 (PROVIDING THAT A LIMITED LIABILITY COMPANY MAY NOT APPEAR WITHOUT COUNSEL), EVEN IF THE COURT WERE TO CONSIDER THIS MOTION, IT IS MOOT. AN ORDER FOR RELIEF HAS ENTERED AND A CHAPTER 7 TRUSTEE HAS BEEN APPOINTED. (ab) (Entered: 10/23/2023) |
| 10/23/2023 | | 42 | Endorsed Order dated 10/23/2023 Re: 14 Emergency Motion filed by Petitioning Creditor Nathanson & Goldberg, P.C. For Order Emergency Motion of Petitioning Creditors for Immediate Entry of an Order for Relief or, in the Alternative, an Order Forbidding the Manager of the Alleged Debtor from Filing Anything in the Courts of California. MOOT. AN ORDER FOR RELIEFHAS ENTERED AND A CHAPTER 7 TRUSTEE HAS BEEN APPOINTED. (ab) (Entered: 10/23/2023) |

A-005

| 10/24/2023 | | 43 | Limited Objection filed by Trustee Jonathan R. Goldsmith Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service and proposed order Fee Amount $188, (Goldsmith, Jonathan) (Entered: 10/24/2023) |
|---|---|---|---|
| 10/24/2023 | | 44 | Certificate of Service (Re: 43 Objection) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 10/24/2023) |
| 10/24/2023 | | 45 | Assented To Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay] with certificate of service. (Goldsmith, Jonathan) (Entered: 10/24/2023) |
| 10/24/2023 | | 46 | Order dated 10/24/2023 Re: 45 Assented To Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay]. THE ASSENTED TO MOTION TO CONTINUE HEARING IS GRANTED. THE OCTOBER 25, 2023 HEARING REGARDING THE TOWN OF WESTBOROUGH'S MOTION FOR RELIEF FROM AUTOMATIC STAY [DKT. NO. 20] (THE "STAY RELIEF MOTION") IS HEREBY CONTINUED TO NOVEMBER 30, 2023 AT 10:30 A.M. IN PERSON IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MASSACHUSETTS 02109, WITH AN OPTION TO APPEAR BY ZOOM VIDEO. THE COURT SHALL ENTER A FURTHER NOTICE OF HYBRID HEARING INFORMING PARTICIPANTS ON HOW TO ELECT TO APPEAR BY EITHER ZOOM VIDEO OR IN PERSON AT THE CONTINUED HEARING. THE DEADLINE FOR THE TRUSTEE TO FILE A FURTHER RESPONSE TO THE STAY RELIEF MOTION IS NOVEMBER 27, 2023 AT 11:59 P.M. (ab) (Entered: 10/24/2023) |
| 10/24/2023 | | 47 | Hybrid Hearing Scheduled for 11/30/2023 at 10:30 AM Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA) and Opposition to Appointment of a Bankruptcy Trustee. (SEE DOCKET NO. 46 FOR TRUSTEE RESPONSE DEADLINE). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 10/24/2023) |
| 10/24/2023 | | | Hearing Rescheduled to 11/30/2023 at 10:30 AM as Hybrid Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA Re 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 10/24/2023) |
| 10/25/2023 | | 48 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Hearing) (Smerage, Roger) (Entered: 10/25/2023) |
| 10/25/2023 | | 49 | BNC Certificate of Mailing – PDF Document. (Re: 41 Order on Motion For Relief From Stay) Notice Date 10/25/2023. (Admin.) (Entered: 10/26/2023) |
| 10/25/2023 | | 50 | BNC Certificate of Mailing – PDF Document. (Re: 42 Order on Motion for Order/Authority) Notice Date 10/25/2023. (Admin.) (Entered: 10/26/2023) |
| 10/26/2023 | | 51 | BNC Certificate of Mailing – PDF Document. (Re: 46 Order on Motion to Continue/Cancel Hearing) Notice Date 10/26/2023. (Admin.) (Entered: |

A-006

| | | | |
|---|---|---|---|
| | | | 10/27/2023) |
| 10/31/2023 | | 52 | Order dated 10/31/2023 Re: 34 Application filed by Trustee Jonathan R. Goldsmith to Employ Goldsmith, Katz & Argenio, P.C. as Counsel. ALLOWED. See Order for Full Text. (Telam, Usbc) (Entered: 10/31/2023) |
| 11/13/2023 | | | Telephonic Meeting Information for Section 341 Meeting of Creditors: Dial–in Number: 877–988–0160 Participant Code: 8425739#. For International Call Information Please Contact the Trustee. (Goldsmith, Jonathan) (Entered: 11/13/2023) |
| 11/17/2023 | | | Meeting of Creditors Held and Examination of Debtor as scheduled. (Goldsmith, Jonathan) (Entered: 11/17/2023) |
| 11/27/2023 | | 53 | NOTICE OF TIME CHANGE OF HYBRID HEARING. The Time of the Hybrid Hearing Scheduled for 11/30/2023 Is Changed to 01:30 PM Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 11/27/2023) |
| 11/27/2023 | | | TIME CHANGE OF HYBRID HEARING. The Time of the Hearing Is Changed to 01:30 PM Either Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 11/27/2023) |
| 11/27/2023 | | 54 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Time Change of Hybrid Hearing) (Smerage, Roger) (Entered: 11/27/2023) |
| 11/27/2023 | | 55 | Supplemental Document: *Trustee's Supplemental Objection to Town of Westborough's Motion for Relief from Automatic Stay and Opposition to the Appointment of a Bankruptcy Trustee* with certificate of service (Re: 20 Motion for Relief From Stay, 46 Order on Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 11/27/2023) |
| 11/30/2023 | | | Hybrid Hearing Held and Continued to 12/21/2023 at 01:30 PM Either Zoom or In person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA re 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 12/01/2023) |
| 12/01/2023 | | | Hearing Held 11/30/2023 (Re: 20 Motion for Relief From Stay filed by Creditor Town of Westborough). (Telam, Usbc) (Entered: 12/01/2023) |
| 12/01/2023 | | 56 | Proceeding Memorandum and Order dated 12/1/2023 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. THE HEARING IS CONTINUED TO 12/21/2023 AT 1:30 PM IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURTHOUSE, 5 POST OFFICE SQUARE, BOSTON, MASSACHUSETTS 02109, WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY, HALINA MAGEROWSKI, AT |

A-007

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 12/20/2023 AT 1:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (Telam, Usbc) (Entered: 12/01/2023) |
| 12/15/2023 | | 57 | Joint Motion filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay] with certificate of service. (Smerage, Roger) (Entered: 12/15/2023) |
| 12/18/2023 | | 58 | Notice of Appearance and Request for Notice with certificate of service filed by Creditor Lolonyon Akouete. (ab) (Entered: 12/18/2023) |
| 12/18/2023 | | 59 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 57 Joint Motion filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay] with certificate of service. (ab) (Entered: 12/18/2023) |
| 12/19/2023 | | 60 | Order dated 12/19/2023 Re: 57 Joint Motion filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay]. GRANTED. See Order for Full Text. (ab) (Entered: 12/19/2023) |
| 12/19/2023 | | | Hybrid Hearing Continued to 02/13/2024 at 10:30 AM Either Zoom or In person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 12/19/2023) |
| 12/21/2023 | | 61 | BNC Certificate of Mailing – PDF Document. (Re: 60 Order on Motion to Continue/Cancel Hearing) Notice Date 12/21/2023. (Admin.) (Entered: 12/22/2023) |
| 01/04/2024 | | 62 | Motion filed by Creditor Lolonyon Akouete For Court Assistance In Recovering Unclaimed Funds For the Benefit of the Bankruptcy Estate with certificate of service. (ab) (Entered: 01/04/2024) |
| 01/05/2024 | | 63 | Order dated 1/5/2024 Re: 62 Motion filed by Creditor Lolonyon Akouete For Court Assistance In Recovering Unclaimed Funds For the Benefit of the Bankruptcy Estate. DENIED. See Order for Full Text. (ab) (Entered: 01/05/2024) |
| 01/05/2024 | | 65 | Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements with certificate of service. (ab) (Entered: 01/08/2024) |
| 01/07/2024 | | 64 | BNC Certificate of Mailing – PDF Document. (Re: 63 Order on Motion to Compel) Notice Date 01/07/2024. (Admin.) (Entered: 01/08/2024) |
| 01/12/2024 | | 66 | Order dated 1/12/2024 Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements. DENIED. AS RECOGNIZED IN THE MOTION, THE CHAPTER 7 TRUSTEE IS THE PARTY AUTHORIZED TO ADDRESS COMPLIANCE REQUIREMENTS WITH RESPECT TO THE DEBTOR. WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER, THE TRUSTEE SHALL FILE A STATUS REPORT WITH REPECT TO ANY FINANCIAL CRIMES ENFORCEMENT NETWORK COMPLIANCE REQUIREMENTS. (ab) (Entered: 01/12/2024) |

A-008

| 01/14/2024 | | 67 | BNC Certificate of Mailing – PDF Document. (Re: 66 Order on Motion to Compel) Notice Date 01/14/2024. (Admin.) (Entered: 01/15/2024) |
|---|---|---|---|
| 01/15/2024 | | 68 | Motion filed by Creditor Lolonyon Akouete to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7) with certificate of service. (sl) (Entered: 01/16/2024) |
| 01/16/2024 | | 69 | Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Attachments: # 1 Appendix # 2 List of Exhibits) (Smerage, Roger) (Entered: 01/16/2024) |
| 01/16/2024 | | 70 | Exhibit (Re: 69 Motion to Dismiss Case) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit A – Quitclaim Deed # 2 Exhibit B – MA Certificate of Registration # 3 Exhibit C – LLC Agreement # 4 Exhibit D – MA Certificate of Withdrawal # 5 Exhibit E – BBAS Resignation # 6 Exhibit F – DE Administrative Dissolution # 7 Exhibit G – Babcock & Brown Withdrawal # 8 Exhibit H – VI Gazette, excerpted # 9 Exhibit I – Search Report # 10 Exhibit J – Instrument of Taking # 11 Exhibit K – Tax Foreclosure Complaint # 12 Exhibit L – Tax Foreclosure Judgment # 13 Exhibit M – DE Certificate of Revival # 14 Exhibit N – Dec. 6, 2022 Email # 15 Exhibit O – Smart Investors MD Documents # 16 Exhibit P – Akouete LinkedIn # 17 Exhibit Q – Akouete Exs. 2 and 3 # 18 Exhibit R – MA Application for Registration # 19 Exhibit S – Staples.com Printout # 20 Exhibit T – M. Morris Email # 21 Exhibit U – Jan. 13, 2023 Email # 22 Exhibit V – Bill of Sale # 23 Exhibit W – Motion to Vacate # 24 Exhibit X – In re Blaustein Docket # 25 Exhibit Y – Waiver of Notice and Consent to Conservatorship # 26 Exhibit Z – Affidavit of Peter L. Blaustein # 27 Exhibit AA – Jan. 7, 2023 Email # 28 Exhibit BB – iMessage Screenshots # 29 Exhibit CC – 2022 LLC Agreement # 30 Exhibit DD – Opposition without Exhibits # 31 Exhibit EE – Land Court Docket # 32 Exhibit FF – Sept. 15, 2022 Text # 33 Exhibit GG – CA Decision # 34 Exhibit HH – June 29, 2023 Email # 35 Exhibit II – Dec. 1, 2023 Email Chain # 36 Exhibit JJ – Dec. 16, 2023 Email # 37 Exhibit KK – Dec. 26, 2023 Email Chain # 38 Certificate of Service) (Smerage, Roger) (Entered: 01/16/2024) |
| 01/16/2024 | | 71 | Hybrid Hearing Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP. Objections due by 2/7/2024 at 11:59 PM on 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 01/16/2024) |
| 01/16/2024 | | 72 | Certificate of Service of Notice of Hearing (Re: 69 Motion to Dismiss Case) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Hearing) (Smerage, Roger) (Entered: 01/16/2024) |
| 01/17/2024 | | 73 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. (ab) (Entered: 01/17/2024) |
| 01/17/2024 | | 74 | Notice *of Removal – Rule 9027 (a)(1)* filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 01/17/2024) |
| 01/17/2024 | | 84 | Adversary case 24–04006. Notice of Removal Regarding Town of Westborough v. Westborough SPE LLC filed by Jonathan Goldsmith, Chapter 7 Trustee. Fee Amount $350 Nature of Suit (Nature of Suit (01 (Determination of removed claim or cause). (meh, Usbc) (Entered: 02/07/2024) |

A-009

| | | | |
|---|---|---|---|
| 01/25/2024 | | 75 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 68 Motion filed by Creditor Lolonyon Akouete Seeking to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7). (Goldsmith, Jonathan) (Entered: 01/25/2024) |
| 01/26/2024 | | 76 | Order dated 1/26/2024 Re: 68 Motion filed by Creditor Lolonyon Akouete to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7). DENIED. See Order for Full Text. (ab) (Entered: 01/26/2024) |
| 01/28/2024 | | 77 | BNC Certificate of Mailing – PDF Document. (Re: 76 Order on Generic Motion) Notice Date 01/28/2024. (Admin.) (Entered: 01/29/2024) |
| 02/02/2024 | | 78 | Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate **[Expedited Determination Requested]** with certificate of service. (Goldsmith, Jonathan) (Entered: 02/02/2024) |
| 02/02/2024 | | 79 | DISREGARD. A CORRECTED NOTICE SHALL ISSUE. Hybrid Hearing Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP. Objections due by 2/12/2024 at 04:30 PM on 78 Expedited Motion of the Chapter 7 Trustee, Jonathan R. Goldsmith, to Compel the California State Controller to Surrender to the Trustee Property of the Estate. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) Modified on 2/8/2024 (hm). (Entered: 02/02/2024) |
| 02/05/2024 | | 80 | Certificate of Service of Notice of Hearing (Re: 78 Motion to Compel) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 02/05/2024) |
| 02/05/2024 | | 81 | Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 76 Order dated 1/26/2024 Re: 68 Motion filed by Creditor Lolonyon Akouete to Require the Trustee to Furnish Information Under 11 U.S.C. Section 704(a)(7). DENIED. See Order for Full Text. (ab) (Goldsmith, Jonathan) (Entered: 02/05/2024) |
| 02/07/2024 | | 82 | DISREGARD – Hybrid Status Conference Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 74 Notice of the Chapter 7 Trustee, Jonathan R. Goldsmith, of Removal – Rule 9027 (a)(1). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (hm) (Entered: 02/07/2024) |
| 02/07/2024 | | 83 | Motion filed by Creditor Town of Westborough for Remand Tax Foreclosure Action (Re: 74 Notice) with certificate of service. (Attachments: # 1 Appendix) (Smerage, Roger) (Motion has been docketed in AP 24–4006 Document #2.) (Entered: 02/07/2024) |
| 02/07/2024 | | 85 | Opposition with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Goldsmith, Jonathan) (Entered: 02/07/2024) |
| 02/07/2024 | | 86 | Objection *of Petitioning Creditors to Town of Westborough's Motion to Dismiss Bankruptcy Case* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Gordon, Stephen) (Entered: 02/07/2024) |

A-010

| | | | |
|---|---|---|---|
| 02/07/2024 | | 87 | Objection */Opposition* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with certificate of service. (Attachments: # 1 Exhibit 1 – LLC Operating Agreement (Delaware) # 2 Exhibit 2 – Email from Goulston & Storrs P.C. # 3 Exhibit 3 – Second Notice of Supplementation in Land Court Proceeding # 4 Exhibit 4 – First Notice of Supplementation in Land Court Proceeding # 5 Exhibit 5 – Town Request for Proposal for 231 Tunrpike Road, Westborough, Mass. # 6 Exhibit 6 – Copies of August 8, 2023 Checks from IRS (US Treasury) to Westborough SPE LLC c/o New York Address of Akouete and Edwards # 7 Exhibit 7 – Email Correspondence between Calif. State Controller Office and Attorney Iris Leahy (Town of Westborough)) (Schlager, Scott) (Entered: 02/07/2024) |
| 02/08/2024 | | 88 | CORRECTED HEARING NOTICE. Hybrid Hearing Scheduled for 2/13/2024 at 10:30 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP. Objections due by 2/12/2024 at 04:30 PM on 78 Expedited Motion of the Chapter 7 Trustee, Jonathan R. Goldsmith, to Compel the California State Controller to Surrender to the Trustee Property of the Estate. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS (hm) (Entered: 02/08/2024) |
| 02/09/2024 | | 89 | Status Report *(Joint Status Report in Advance of Feb. 13, 2024 Hearing)* filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 02/09/2024) |
| 02/09/2024 | | 90 | Position Statement with certificate of service (Re: 20 Motion for Relief From Stay, 69 Motion to Dismiss Case, 78 Motion to Compel) filed by Creditor Lolonyon Akouete. (ab) (Entered: 02/09/2024) |
| 02/09/2024 | | 91 | Certificate of Service of Notice of Hearing (Re: 78 Motion to Compel) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 02/09/2024) |
| 02/11/2024 | | 92 | Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 93 | Motion filed by Trustee Jonathan R. Goldsmith to Withdraw Document and Cancel Hearing [Re: 78 Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate **[Expedited Determination Requested]** with certificate of service.] with certificate of service. (Goldsmith, Jonathan) (Entered: 02/12/2024) |
| 02/12/2024 | | 94 | Order dated 2/12/2024 Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA), 69 Motion filed by Creditor Town of Westborough to Dismiss Case, 78 Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate.  THE COURT HEREBY CONVERTS THE IN PERSON/VIDEO HYBRID HEARINGS REGARDING DKT. NOS. 20, 69, AND 78 SCHEDULED FOR FEBRUARY 13, 2024 AT 10:30 A.M. TO TELEPHONIC STATUS CONFERENCES. TO PARTICIPATE, PARTIES SHALL DIAL (877) 873–8018 AND ENTER ACCESS CODE 1167883. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 95 | Order dated 2/12/2024 Re: 83 Motion filed by Creditor Town of Westborough for Remand Tax Foreclosure Action (Re: 74 Notice).  NO FURTHER ACTION WILL BE TAKEN ON THIS MOTION [DKT. NO. |

A-011

| | | | |
|---|---|---|---|
| | | | 83] ON THE MAIN CASE DOCKET. THE MOTION HAS BEEN REDOCKETED IN ADVERSARY PROCEEDING NO. 24–4006, DKT. NO. 2. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 96 | Order dated 2/12/2024 Re: 93 Motion filed by Trustee Jonathan R. Goldsmith to Withdraw Document and Cancel Hearing [Re: 78 Motion filed by Trustee Jonathan R. Goldsmith to Compel the California State Controller to Surrender to the Trustee Property of the Estate [Expedited Determination Requested]. GRANTED. THE MOTION TO COMPEL [DKT. NO. 78] IS HEREBY WITHDRAWN AND THE STATUS CONFERENCE SCHEDULED FOR FEBRUARY 13, 2024 REGARDING THE MOTION TO COMPEL IS CANCELLED AS UNNECESSARY. (ab) (Entered: 02/12/2024) |
| 02/12/2024 | | 97 | Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 66 Order dated 1/12/2024 Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements. (Goldsmith, Jonathan) (Entered: 02/12/2024) |
| 02/13/2024 | | | Status Conference Held and Continued to 03/19/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 02/13/2024) |
| 02/13/2024 | | | Status Conference Held and Continued to 03/19/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (hm) (Entered: 02/13/2024) |
| 02/13/2024 | | 98 | Proceeding Memorandum and Order dated 2/13/2024 Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case; and 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). THE STATUS CONFERENCES ON DKT. NOS. 20 AND 69 ARE CONTINUED TO 3/19/2024 AT 1:30 P.M. IN COURTROOM 3, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCES, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY, HALINA MAGEROWSKI, AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 3/18/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO.(ab) (Entered: 02/13/2024) |
| 02/14/2024 | | 99 | Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement [Re: 92 Motion of Lolonyon Akouete for Interim Distributionn] with certificate of service. (ab) (Entered: 02/14/2024) |
| 02/14/2024 | | 100 | BNC Certificate of Mailing – PDF Document. (Re: 94 Order on Motion to Dismiss Case) Notice Date 02/14/2024. (Admin.) (Entered: 02/15/2024) |
| 02/14/2024 | | 101 | BNC Certificate of Mailing – PDF Document. (Re: 95 Order on Motion For Remand) Notice Date 02/14/2024. (Admin.) (Entered: 02/15/2024) |
| 02/14/2024 | | 102 | BNC Certificate of Mailing – PDF Document. (Re: 96 Order on Motion to Withdraw Document) Notice Date 02/14/2024. (Admin.) (Entered: |

A-012

| | | | |
|---|---|---|---|
| | | | 02/15/2024) |
| 02/15/2024 | | 103 | BNC Certificate of Mailing – PDF Document. (Re: 98 Order on Motion to Dismiss Case) Notice Date 02/15/2024. (Admin.) (Entered: 02/16/2024) |
| 02/20/2024 | | 104 | Expedited Motion filed by Creditor Lolonyon Akouete for Clarification and to Compel Release of Information for Compliance with FINCEN Requirements with certificate of service. (Telam, Usbc) (Entered: 02/20/2024) |
| 02/23/2024 | | 105 | Order dated 2/23/2024 Re: 97 Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 66 Order dated 1/12/2024 Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements. UPON CONSIDERATION OF THE TRUSTEE'S RESPONSE TO ORDER FOR STATUS REPORT REGARDING RELEASE OF INFORMATION FOR COMPLIANCE WITH THE FINANCIAL CRIMES ENFORCEMENT NETWORK REQUIREMENTS [DKT. NO. 97], THE TRUSTEE SHALL FILE AN UPDATED STATUS REPORT WITH RESPECT TO THE ORDER ENTERED AT DKT. NO. 66 ON OR BEFORE MAY 23, 2024. (Telam, Usbc) (Entered: 02/23/2024) |
| 02/23/2024 | | 106 | Endorsed Order dated 2/23/2024 Re: 104 Expedited Motion filed by Creditor Lolonyon Akouete for Clarification and to Compel Release of Information for Compliance with FINCEN Requirements. DENIED. AS REFERENCED IN THE ORDER ENTERED AT DKT. NO. 105, THE TRUSTEE IS FILING A FURTHER STATUS REPORT ON OR BEFORE MAY 23, 2024. (Telam, Usbc) (Entered: 02/23/2024) |
| 02/26/2024 | | 107 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 92 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service., 99 Motion filed by Creditor Lolonyon Akouete For Expedited Determination [Re: 92 Motion for Interim/Supplemental Distribution] with certificate of service. (Goldsmith, Jonathan) (Entered: 02/26/2024) |
| 02/27/2024 | | 108 | Response with certificate of service filed by Creditor Lolonyon Akouete to 107 Objection filed by Trustee Jonathan R. Goldsmith Re: 92 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, and 99 Motion filed by Creditor Lolonyon Akouete For Expedited Determination [Re: 92 Motion for Interim/Supplemental Distribution]. (ab) (Entered: 02/27/2024) |
| 02/27/2024 | | 109 | Response with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 92 Motion of Lolonyon Akouete for Interim Distribution, 99 Motion of Lolonyon Akouete For Expedited Determination, 107 Trustee's Objection, and 108 Response of Lolonyon Akouete to 107 Trustee's Objection. (Gordon, Stephen) (Entered: 02/27/2024) |
| 02/27/2024 | | 110 | Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim with certificate of service. (Smerage, Roger) (Entered: 02/27/2024) |
| 02/27/2024 | | 112 | Reply with certificate of service filed by Creditor Lolonyon Akouete to 109 Response filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 92 Motion of Lolonyon Akouete for Interim Distribution, 99 Motion |

A-013

| | | | |
|---|---|---|---|
| | | | of Lolonyon Akouete For Expedited Determination, 107 Trustee's Objection, and 108 Response of Lolonyon Akouete to 107 Trustee's Objection. (ab) (Entered: 02/28/2024) |
| 02/28/2024 | | 111 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim. (ab) (Entered: 02/28/2024) |
| 02/29/2024 | | 113 | Opposition filed by Creditor Town of Westborough [Re: 92 Motion for Interim/Supplemental Distribution, 99 Motion filed by Creditor Lolonyon Akouete For Expedited Determination] with certificate of service. (Smerage, Roger) (Entered: 02/29/2024) |
| 03/19/2024 | | 114 | Order dated 3/19/2024 Re: 92 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, 99 Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement. REQUEST FOR EXPEDITED DETERMINATION [DKT. NO. 99] OF THE MOTION FOR INTERIM DISTRIBUTION FILED BY LOLONYON AKOUETE [DKT. NO. 92] (THE "INTERIM DISTRIBUTION MOTION") IS DENIED. UPON CONSIDERATION OF THE INTERIM DISTRIBUTION MOTION, THE OBJECTIONS OF THE CHAPTER 7 TRUSTEE [DKT. NO. 107], THE PETITIONING CREDITORS [DKT. NO. 109], AND THE TOWN OF WESTBOROUGH [DKT. NO. 113], AND THE REPLIES OF MR. AKOUETE [DKT. NOS. 108 AND 112], THE INTERIM DISTRIBUTION MOTION IS DENIED AS PREMATURE. (meh, Usbc) (Entered: 03/19/2024) |
| 03/19/2024 | | 115 | Order dated 3/19/2024 Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim. UPON CONSIDERATION OF TOWN OF WESTBOROUGH'S MOTION TO ENLARGE THE TIME TO FILE A PROOF OF CLAIM[DKT. NO. 110] (THE "MOTION"), THE RESPONSE THERETO FILED BY LOLONYON AKOUETE [DKT. NO. 111], AND NO OTHER OBJECTIONS HAVING BEEN FILED, THE MOTION IS GRANTED. THE DEADLINE FOR THE TOWN OF WESTBOROUGH TO FILE A PROOF OF CLAIM IS EXTENDED AS REQUESTED PENDING ENTRY OF AN ORDER BY THE COURT THAT THE PROPERTY AT ISSUE IS PROPERTY OF THE ESTATE. (meh, Usbc) (Entered: 03/19/2024) |
| 03/19/2024 | | | Hybrid Hearing Held and Continued to 04/23/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 03/19/2024) |
| 03/19/2024 | | | Hybrid Hearing Held and Continued to 04/23/2024 at 01:30 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on : 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (hm) (Entered: 03/19/2024) |
| 03/19/2024 | | 116 | Proceeding Memorandum and Order dated 3/19/2024 Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case, Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts.  THE STATUS CONFERENCES ON DOCKET NOS. 20 AND 69 ARE CONTINUED TO 4/23/2024 AT 1:30 P.M. IN COURTROOM 3, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCES, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT |

A-014

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 4/22/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (Telam, Usbc) (Entered: 03/19/2024) |
| 03/27/2024 | | 117 | Email from Interested Party Lolonyon Akouete. (sas) (Entered: 03/27/2024) |
| 03/28/2024 | | 118 | Motion before The Honorable Howard P. Speicher filed by Party Lolonyon Akouete Re: 117 Email from Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 03/28/2024) |
| 04/15/2024 | | 119 | Adversary case 24–04017. Complaint by Lolonyon Akouete against Jonathan Goldsmith . . (Attachments: # 1 Exhibit) Nature of Suit(91 (Declaratory judgment))(dc) (Entered: 04/15/2024) |
| 04/15/2024 | | 120 | Notice of Withdrawal of Appearance/Representation *of Scott A. Schlager, Esq.* filed by Petitioning Creditor Nathanson & Goldberg, P.C. (Schlager, Scott) (Entered: 04/15/2024) |
| 04/15/2024 | | 121 | Request to Report Harassment, Intimation, Isolation, Mental, Physical, Emotional Abuse and Stress Due to Financial Hardship filed by Interested Party Denise Edwards. (Attachments: # 1 Settlement Purposes) (ab) (Entered: 04/17/2024) |
| 04/17/2024 | | 122 | Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor, with certificate of service, Fee Amount $199, Objections due by 5/2/2024. (ab) (Entered: 04/18/2024) |
| 04/18/2024 | | 123 | Clerk's Notice of Fees Due (Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor). Fee due by 5/2/2024. (ab) (Entered: 04/18/2024) |
| 04/18/2024 | | 124 | Court Certificate of Mailing Re: 123 Clerk's Notice of Fees Due. (ab) (Entered: 04/18/2024) |
| 04/22/2024 | | 125 | Order dated 4/22/2024 Re: 117 Email from Interested Party Lolonyon Akouete, 118 Motion before The Honorable Howard P. Speicher filed by Party Lolonyon Akouete Re: 117 Email from Interested Party Lolonyon Akouete. LOLONYON AKOUETE HAVING TRANSMITTED THE DOCUMENT AT DKT. NO. 118 FOR FILING (THE "DOCUMENT"), WHICH DOCUMENT DOES NOT CONTAIN THE CAPTION OF THIS COURT AND THERE BEING NO INFORMATION AS TO WHETHER THE DOCUMENT WAS INTENDED AS AN EXHIBIT TO ANY OTHER FILING OF MR. AKOUETE, THE DOCUMENT SHALL BE STRICKEN ON OR AFTER APRIL 30, 2024, ABSENT ANY SUPPLEMENT BY MR. AKOUETE WITH RESPECT TO THE DOCUMENT. (meh, Usbc) (Entered: 04/22/2024) |
| 04/22/2024 | | 126 | Motion filed by Creditor Lolonyon Akouete to Include [Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor] *In the Upcoming Hearing*, with certificate of service. (ab) (Entered: 04/23/2024) |
| 04/23/2024 | | 127 | Telephonic Status Conference Scheduled for 5/8/2024 at 11:00 AM on 121 Complaint to Report Threats, Harassment, Disrespect, Isolation, |

A-015

| | | | |
|---|---|---|---|
| | | | Mental Stress, Emotional Stress, Physical Distress and Financial Hardship Filed by Denise Edwards. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (hm) (Entered: 04/23/2024) |
| 04/23/2024 | | 128 | Endorsed Order dated 4/23/2024 Re: 126 Motion filed by Creditor Lolonyon Akouete to Include Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor In the Upcoming Hearing,. DENIED. THE MOTION FOR RELIEF [DKT. NO. 122] WILL BE SCHEDULED FOR A DATE AFTER EXPIRATION OF THE OBJECTION DEADLINE WITH RESPECT TO THAT MOTION. (meh, Usbc) (Entered: 04/23/2024) |
| 04/23/2024 | | | Hybrid Hearing Held and Continued to 06/04/2024 at 02:00 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA). (hm) (Entered: 04/23/2024) |
| 04/23/2024 | | | Hybrid Hearing Held and Continued to 06/04/2024 at 02:00 PM Either Zoom or In Person at Worcester Courtroom 3 – CJP on 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (hm) (Entered: 04/23/2024) |
| 04/23/2024 | | 129 | Proceeding Memorandum and Order dated 4/23/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts, and 69 Motion filed by Creditor Town of Westborough to Dismiss Case.  THE STATUS CONFERENCES ON DOCKET NOS. 20 AND 69 ARE CONTINUED TO 6/4/2024 AT 2:00 P.M. IN COURTROOM 3, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCES, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 6/3/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 04/23/2024) |
| 04/25/2024 | | 130 | Motion filed by Interested Party Lolonyon Akouete to Waive Filing Fees (Re: 84] Notice of Removal, 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment) with certificate of service. (Telam, Usbc) (Entered: 04/25/2024) |
| 04/25/2024 | | 131 | BNC Certificate of Mailing – Hearing. (Re: 127 Hearing Scheduled) Notice Date 04/25/2024. (Admin.) (Entered: 04/26/2024) |
| 04/25/2024 | | 132 | BNC Certificate of Mailing – PDF Document. (Re: 129 Order on Motion to Dismiss Case) Notice Date 04/25/2024. (Admin.) (Entered: 04/26/2024) |
| 04/28/2024 | | 133 | BNC Certificate of Mailing – PDF Document. (Re: 128 Order on Motion to Continue/Cancel Hearing) Notice Date 04/28/2024. (Admin.) (Entered: |

A-016

| | | | |
|---|---|---|---|
| | | | 04/29/2024) |
| 04/29/2024 | | 134 | Notice of Appearance and Request for Notice by Jose C. Centeio filed by Petitioning Creditor Nathanson & Goldberg, P.C. (Centeio, Jose) (Entered: 04/29/2024) |
| 04/30/2024 | | 135 | Motion filed by Creditor Lolonyon Akouete For Court Intervention *Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property*, with certificate of service. (ab) (Entered: 04/30/2024) |
| 05/02/2024 | | 136 | Objection filed by Trustee Jonathan R. Goldsmith Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment with certificate of service Fee Amount $199, (Goldsmith, Jonathan) (Entered: 05/02/2024) |
| 05/02/2024 | | 137 | Certificate of Service (Re: 136 Objection) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 05/02/2024) |
| 05/02/2024 | | 138 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment with certificate of service Fee Amount $199, (Smerage, Roger) (Entered: 05/02/2024) |
| 05/03/2024 | | 139 | Hybrid Hearing Scheduled for 5/16/2024 at 10:30 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 on 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (meh, Usbc) (Entered: 05/03/2024) |
| 05/03/2024 | | 140 | Hybrid Hearing Scheduled on 5/16/2024 at 10:30 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109. Objections due by 5/14/2024 at 11:59 PM on 130 Motion filed by Interested Party Lolonyon Akouete to Waive Filing Fees (Re: 84 Notice of Removal, 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (meh, Usbc) (Entered: 05/03/2024) |
| 05/03/2024 | | 141 | Hybrid Hearing Scheduled on 5/16/2024 at 10:30 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109. Objections due by 5/14/2024 at 11:59 PM on 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (meh, Usbc) (Entered: 05/03/2024) |
| 05/03/2024 | | 142 | Generic PDF Re: 139 Hybrid Hearing Notice. (meh, Usbc) (Entered: 05/03/2024) |
| 05/04/2024 | | 146 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 138 Opposition filed by Creditor Town of Westborough Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. (ab) (Entered: 05/06/2024) |
| 05/05/2024 | | 143 | |

A-017

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – Hearing. (Re: 140 Hearing Scheduled) Notice Date 05/05/2024. (Admin.) (Entered: 05/06/2024) |
| 05/05/2024 | | 144 | BNC Certificate of Mailing – Hearing. (Re: 141 Hearing Scheduled) Notice Date 05/05/2024. (Admin.) (Entered: 05/06/2024) |
| 05/05/2024 | | 145 | BNC Certificate of Mailing – PDF Document. (Re: 142 Generic PDF) Notice Date 05/05/2024. (Admin.) (Entered: 05/06/2024) |
| 05/07/2024 | | 147 | Application filed by Trustee Jonathan R. Goldsmith to Employ Verdolino & Lowey, P.C. as Accountant filed with Affidavit along with certificate of service and proposed order. (Goldsmith, Jonathan) (Entered: 05/07/2024) |
| 05/08/2024 | | | Hearing Held Re: 121 Complaint to Report Threats, Harassment, Disrespect, Isolation, Mental Stress, Emotional Stress, Physical Distress and Financial Hardship Filed by Denise Edwards. (ab) (Entered: 05/08/2024) |
| 05/08/2024 | | 148 | Order Dated 5/8/2024 Re: 121 Complaint to Report Threats, Harassment, Disrespect, Isolation, Mental Stress, Emotional Stress, Physical Distress and Financial Hardship Filed by Denise Edwards. STRICKEN. See Order for Full Text. (ab) (Entered: 05/08/2024) |
| 05/09/2024 | | 149 | Motion filed by Creditor Lolonyon Akouete Requesting Response to Previously Filed Motions and Concerns Over Proposed Settlement (Re: 92 Motion for Interim Distribution, and 99 Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement [Re: 92 Motion for Interim Distributionn]) with certificate of service. (ab) (Entered: 05/09/2024) |
| 05/10/2024 | | 150 | BNC Certificate of Mailing – PDF Document. (Re: 148 Order) Notice Date 05/10/2024. (Admin.) (Entered: 05/11/2024) |
| 05/13/2024 | | 151 | Order Dated 5/13/2024 Re: 118 Motion before The Honorable Howard P. Speicher filed by Party Lolonyon Akouete Re: 117 Email from Interested Party Lolonyon Akouete. NO SUPPLEMENT HAVING BEEN FILED TO THE DOCUMENT AT DKT. NO. 118 (THE "DOCUMENT") IN COMPLIANCE WITH THE ORDER ENTERED AT DKT. NO. 125, THE DOCUMENT IS HEREBY STRICKEN, WITHOUT PREJUDICE TO THE DOCUMENT BEING REFILED AS AN EXHIBIT TO ANY RELEVANT PLEADING, IF APPROPRIATE. IN ADDITION, THE TRANSMISSION EMAIL AT DKT. NO. 117 IS ALSO STRICKEN. (ab) (Entered: 05/13/2024) |
| 05/13/2024 | | 152 | Endorsed Order dated 5/13/2024 Re: 149 Motion filed by Creditor Lolonyon Akouete Requesting Response to Previously Filed Motions and Concerns Over Proposed Settlement (Re: 92 Motion for Interim Distribution, and 99 Request For Expedited Determination filed by Creditor Lolonyon Akouete Supplement [Re: 92 Motion for Interim Distributionn]). DENIED. THE MOTIONS AT DKT.NOS. 92 AND 99 HAVE BEEN DENIED. SEE ORDER AT DKT. NO. 114. THE OBJECTION TO A SETTLEMENT "PROPOSAL" THAT HAS NOT BEEN FILED IS PREMATURE. (ab) (Entered: 05/13/2024) |
| 05/14/2024 | | 153 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 135 Motion filed by Creditor Lolonyon Akouete to Intervene with certificate of service (Smerage, Roger) (Entered: 05/14/2024) |

A-018

| | | | |
|---|---|---|---|
| 05/14/2024 | | 154 | Opposition filed by Trustee Jonathan R. Goldsmith Re: 135 Motion filed by Creditor Lolonyon Akouete to Intervene with certificate of service (Goldsmith, Jonathan) (Entered: 05/14/2024) |
| 05/14/2024 | | 155 | Certificate of Service (Re: 154 Opposition) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 05/14/2024) |
| 05/15/2024 | | 156 | BNC Certificate of Mailing – PDF Document. (Re: 151 Order) Notice Date 05/15/2024. (Admin.) (Entered: 05/16/2024) |
| 05/15/2024 | | 157 | BNC Certificate of Mailing – PDF Document. (Re: 152 Order on Motion for Order/Authority) Notice Date 05/15/2024. (Admin.) (Entered: 05/16/2024) |
| 05/15/2024 | | 158 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 05/16/2024) |
| 05/16/2024 | | 159 | Endorsed Order dated 5/16/2024 Re: 130 Motion filed by Interested Party Lolonyon Akouete to Waive Filing Fees (Re: 84 Notice of Removal, 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a definitive Judgment). THE REQUEST IS DENIED WITHOUT PREJUDICE AS WILL BE REFLECTED IN A SEPARATE ORDER TO ENTER. THE MAY 16, 2024 HEARING ON THIS MATTER IS CANCELLED. (ab) (Entered: 05/16/2024) |
| 05/16/2024 | | | Hearing Held Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. (ab) (Entered: 05/20/2024) |
| 05/16/2024 | | | Hearing Held Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. (ab) (Entered: 05/20/2024) |
| 05/18/2024 | | 160 | BNC Certificate of Mailing – PDF Document. (Re: 159 Order on Motion to Waive) Notice Date 05/18/2024. (Admin.) (Entered: 05/19/2024) |
| 05/19/2024 | | 161 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 154 Opposition filed by Trustee Jonathan R. Goldsmith Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. (ab) (Entered: 05/20/2024) |
| 05/20/2024 | | 162 | Proceeding Memorandum and Order dated 5/20/2024 Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor. DENIED. MOVANT FAILED TO APPEAR TO PROSECUTE THE MOTION. IN ADDITION, THE MOTION IS DENIED AS IT DID NOT STATE A SUFFICIENT BASIS AS TO WHY THE MOVANT SHOULD BE PERMITTED TO PURSUE ASSERTED CLAIMS OUTSIDE OF THE CLAIMS PROCESS IN THIS CASE AND AS CONTEMPLATED BY THE BANKRUPTCY CODE AND RULES. (ab) (Entered: 05/20/2024) |
| 05/20/2024 | | 163 | Proceeding Memorandum and Order dated 5/20/2024 Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding |

A-019

| | | | Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property. MOVANT FAILED TO APPEAR. THE MOTION IS DENIED. AS PREMATURE AND FOR THE REASONS STATED ON THE RECORD. IF AND WHEN A SETTLEMENT IS PROPOSED AND A MOTION TO APPROVE THE SETTLEMENT IS FILED, MR. AKOUETE CAN FILE AN APPROPRIATE OBJECTION. (ab) (Entered: 05/20/2024) |
|---|---|---|---|
| 05/21/2024 | | 164 | Motion filed by Creditor Lolonyon Akouete for Reconsideration of Order Denying Motion for Relief from Stay (Re: 162 Proceeding Memorandum and Order dated 5/20/2024 Re: 122 Motion filed by Creditor Lolonyon Akouete for Relief from Stay Re: To Pursue a Judgment Confirming the amount of the debt owed by the Debtor) with certificate of service. (ab) (Entered: 05/22/2024) |
| 05/21/2024 | | 165 | Motion filed by Creditor Lolonyon Akouete for Reconsideration (Re: 163 Proceeding Memorandum and Order dated 5/20/2024 Re: 135 Motion filed by Creditor Lolonyon Akouete For Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property) with certificate of service. (ab) (Entered: 05/22/2024) |
| 05/22/2024 | | 166 | Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate with certificate of service. (Telam, Usbc) (Entered: 05/22/2024) |
| 05/22/2024 | | 167 | Endorsed Order dated 5/22/2024 Re: 147 Application filed by Trustee Jonathan R. Goldsmith to Employ Verdolino & Lowey, P.C. as Accountant. ALLOWED. NO OBJECTIONS FILED. THE CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY VERDOLINO & LOWEY, P.C. AS ACCOUNTANT IS APPROVED PURSUANT TO 11 U.S.C. § 327. PAYMENT OF FEES AND EXPENSES OF ACCOUNTANT IS SUBJECT TO PRIOR COURT APPROVAL PURSUANT TO 11 U.S.C. § 330. (Telam, Usbc) (Entered: 05/22/2024) |
| 05/22/2024 | | 168 | BNC Certificate of Mailing – PDF Document. (Re: 162 Order on Motion For Relief From Stay) Notice Date 05/22/2024. (Admin.) (Entered: 05/23/2024) |
| 05/22/2024 | | 169 | BNC Certificate of Mailing – PDF Document. (Re: 163 Order on Motion To Intervene) Notice Date 05/22/2024. (Admin.) (Entered: 05/23/2024) |
| 05/23/2024 | | 170 | Response filed by Trustee Jonathan R. Goldsmith Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements, 105 Order dated 2/23/2024 with certificate of service. (Goldsmith, Jonathan) (Entered: 05/23/2024) |
| 05/27/2024 | | 171 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 170 Updated Response filed by Trustee Jonathan R. Goldsmith Re: 65 Motion filed by Creditor Lolonyon Akouete to Compel Release of Information For Compliance with the Financial Crimes Enforcement Network (FinCEN) Requirements, 105 Order dated 2/23/2024. (ab) (Entered: 05/28/2024) |
| 06/04/2024 | | | Hearing Held and Continued to 07/25/2024 at 11:00 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 20 Motion for Relief From Stay Filed by Creditor Town of Westborough. (meh, Usbc) (Entered: 06/07/2024) |

| 06/04/2024 | | | Hearing Held and Continued to 07/25/2024 at 11:00 AM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 69 Motion to Dismiss Case Filed by Creditor Town of Westborough. (meh, Usbc) (Entered: 06/07/2024) |
|---|---|---|---|
| 06/05/2024 | | 172 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 164 Motion filed by Creditor Lolonyon Akouete to Reconsider ( 162 Order on Motion For Relief From Stay) with certificate of service., 165 Motion filed by Creditor Lolonyon Akouete to Reconsider ( 163 Order on Motion To Intervene) with certificate of service. (Smerage, Roger) (Entered: 06/05/2024) |
| 06/05/2024 | | 173 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 166 Motion filed by Creditor Lolonyon Akouete To Abandon Claims with certificate of service. (Goldsmith, Jonathan) (Entered: 06/05/2024) |
| 06/07/2024 | | 174 | Correspondence Filed by Interested Party Denise Edwards. (Attachments: # 1 Exhibit) (ab) (Entered: 06/07/2024) |
| 06/07/2024 | | 175 | Proceeding Memorandum and Order dated 6/7/2024 Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA), and 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. THE STATUS CONFERENCES ON DOCKET NOS. 20 AND 69 ARE CONTINUED TO JULY 25, 2024 AT 11:00 A.M.IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 7/24/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 06/07/2024) |
| 06/09/2024 | | 176 | BNC Certificate of Mailing – PDF Document. (Re: 175 Order on Motion to Dismiss Case) Notice Date 06/09/2024. (Admin.) (Entered: 06/10/2024) |
| 06/10/2024 | | 177 | Supplement with certificate of service To Motion for Relief from Automatic Stay (Doc #122) And Motion for Reconsideration of Order Denying Motion for Relief from Stay (Doc #164) (Re: 122 Motion for Relief From Stay, and 164 Motion to Reconsider) filed by Creditor Lolonyon Akouete. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (ab) (Entered: 06/10/2024) |
| 06/12/2024 | | 178 | Motion filed by Creditor Lolonyon Akouete with certificate of service for Sanctions for Violation of the Automatic Stay. (ab) (Entered: 06/12/2024) |
| 06/17/2024 | | 179 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 173 Objection filed by Trustee Jonathan R. Goldsmith Re: 166 Motion filed by Creditor Lolonyon Akouete To Abandon Claims. (ab) (Entered: 06/17/2024) |
| 06/19/2024 | | 180 | Motion filed by Creditor Lolonyon Akouete for Interim Distribution and Request for Expedited Determination with certificate of service. (ab) (Entered: 06/20/2024) |

A-021

| 06/19/2024 | | 181 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Shorten Time for Objections and Opposition Re: 180 Motion for Interim Distribution. (ab) (Entered: 06/20/2024) |
| 06/23/2024 | | 182 | Motion filed by Creditor Lolonyon Akouete to Amend Proof of Claim with certificate of service. (ab) (Entered: 06/24/2024) |
| 06/26/2024 | | 183 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (Smerage, Roger) (Entered: 06/26/2024) |
| 06/26/2024 | | 184 | Opposition with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (Gordon, Stephen) (Entered: 06/26/2024) |
| 06/26/2024 | | 185 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution with certificate of service. (Goldsmith, Jonathan) (Entered: 06/26/2024) |
| 06/28/2024 | | 186 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 183 Opposition filed by Creditor Town of Westborough Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, 184 Opposition filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, and 185 Objection filed by Trustee Jonathan R. Goldsmith Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution. (ab) (Entered: 06/28/2024) |
| 06/28/2024 | | 187 | Response *to Motion for Sanctions for Violation of the Automatic Stay* with certificate of service filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs with certificate of service. (Miller, Samual) (Entered: 06/28/2024) |
| 07/07/2024 | | 188 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 187 Response filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs. (ab) (Entered: 07/08/2024) |
| 07/08/2024 | | 189 | Settlement Agreement by Trustee Jonathan R. Goldsmith and Town of Westborough, Ferris Development Group, LLC, Lax Media LLC and Lax Media MA LLC, Nathanson & Goldberg, P.C. and Durgaprasad Nagalla and Venkatesh Mohamraj, Trustees of the MobileStreet Trust filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 07/08/2024) |
| 07/08/2024 | | 190 | Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (Goldsmith, Jonathan) (Entered: 07/08/2024) |
| 07/11/2024 | | 191 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (ab) (Entered: 07/11/2024) |
| 07/11/2024 | | 192 | Certificate of Service (Re: 189 Settlement Agreement, 190 Motion to Approve) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 07/11/2024) |

A-022

| | | | |
|---|---|---|---|
| 07/11/2024 | | 193 | Motion filed by Creditor Lolonyon Akouete to Shorten Time for Objections, Oppositions, and Replies [Re: 189 Settlement Agreement, 190 Trustee's Motion to Approve 189 Settlement Agreement, and 191 Opposition of Creditor Lolonyon Akouete to 190 Trustee's Motion to Approve 189 Settlement Agreement] with certificate of service. (ab) (Entered: 07/12/2024) |
| 07/24/2024 | | 194 | Reply *in Support* with certificate of service filed by Creditor Town of Westborough Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (Attachments: # 1 List of Exhibits) (Smerage, Roger) (Entered: 07/24/2024) |
| 07/24/2024 | | 195 | Exhibit *List of Exhibits* (Re: 194 Reply) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit 1 – Declaration of Kristi Williams # 2 Exhibit 2 – Affidavit of Select Board Chair Ian Johnson # 3 Certificate of Service) (Smerage, Roger) (Entered: 07/24/2024) |
| 07/24/2024 | | 196 | Order dated 7/24/2024 Re: 193 Motion filed by Creditor Lolonyon Akouete to Shorten Time for Objections, Oppositions, and Replies [Re: 189 Settlement Agreement, 190 Trustee's Motion to Approve 189 Settlement Agreement, and 191 Opposition of Creditor Lolonyon Akouete to 190 Trustee's Motion to Approve 189 Settlement Agreement]. DENIED. PURSUANT TO FED. R. BANKR. P. 2002(a)(3), OTHER THAN WITH RESPECT TO AN EXCEPTION THAT IS NOT APPLICABLE TO THE SETTLEMENT AGREEMENT AT ISSUE IN THIS CASE, AT LEAST TWENTY–ONE (21) DAYS NOTICE OF A MOTION TO APPROVE SETTLEMENT IS REQUIRED REGARDING "THE HEARING ON APPROVAL OF A COMPROMISE OR SETTLEMENT OF A CONTROVERSY," ABSENT CAUSE SHOWN. UPON CONSIDERATION OF THE MOTION, ADEQUATE CAUSE HAS NOT BEEN DEMONSTRATED TO SHORTEN NOTICE OF THE HEARING. MR. AKOUETE'S ASSERTION THAT "[S]HORTENING THE TIME FRAME WILL HELP IN AVOIDING POTENTIAL DELAYS THAT MAY ARISE FROM PROLONGED OBJECTIONS AND RESPONSES, ENSURING A MORE EFFICIENT RESOLUTION PROCESS" IS INSUFFICIENT TO DEMONSTRATE SHORTENED NOTICE IS IN THE BEST INTEREST OF THE ESTATE AND ALL CREDITORS, PARTICULARLY WHERE THE ESTATE FIDUCIARY, THE CHAPTER 7 TRUSTEE, HAS NOT SOUGHT EXPEDITED CONSIDERATION OF THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT. THE MOTION TO APPROVE THE SETTLEMENT WILL BE SCHEDULED IN THE ORDINARY COURSE. (dc) (Entered: 07/24/2024) |
| 07/24/2024 | | 197 | DISREGARD. Hybrid Hearing Scheduled on 8/15/2024 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve 189 Settlement Agreement. Objections due by 8/13/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) CORRECTIVE ENTRY: An Amended Hybrid Hearing Notice Will Enter. Modified on 7/24/2024. (lb). (Entered: 07/24/2024) |
| 07/24/2024 | | 198 | DISREGARD. NOTICE OF RESCHEUDLED HYBRID HEARING. Hybrid Scheduled on 8/15/2024 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts and 69 Motion filed by Creditor Town of Westborough to Dismiss Case. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) |

A-023

| | | | |
|---|---|---|---|
| | | | CORRECTIVE ENTRY: An Amended Rescheduled Hybrid Hearing Notice Will Enter. Modified on 7/24/2024 (Entered: 07/24/2024) |
| 07/24/2024 | | 199 | NOTICE OF AMENDED HEARING NOTICE. Hybrid Hearing Scheduled on 8/20/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve 189 Settlement Agreement. Objections due by 8/16/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 07/24/2024) |
| 07/24/2024 | | 200 | AMENDED NOTICE OF RESCHEDULED HYBRID STATUS CONFERENCE. Hybrid Status Conference Rescheduled to 8/20/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts and 69 Motion filed by Creditor Town of Westborough to Dismiss Case. PLEASE READ AMENDED NOTICE FOR COMPLETE INSTRUCTIONS. (dr) (Entered: 07/24/2024) |
| 07/25/2024 | | | Hybrid Hearing Rescheduled to 8/20/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion for Relief From Stay filed by Creditor Town of Westborough, 69 Motion to Dismiss Case filed by Creditor Town of Westborough. (lb) (Entered: 07/25/2024) |
| 07/25/2024 | | 201 | Certificate of Service of Notice of Hearing (Re: 20 Motion for Relief From Stay, 69 Motion to Dismiss Case) filed by Creditor Town of Westborough (Attachments: # 1 Amended Notice of Rescheduled Status Conference) (Smerage, Roger) (Entered: 07/25/2024) |
| 07/25/2024 | | 202 | Order dated 7/25/2024 Re: 182 Motion filed by Creditor Lolonyon Akouete to Amend Proof of Claim. THE MOTION TO AMEND PROOF OF CLAIM [DKT. NO. 182] (THE "MOTION") IS DENIED AS UNNECESSARY. CLAIM AMENDMENTS ARE NOT GOVERNED BY FED. R. BANKR. P. 7015. MR. AKOUETE MAY AMEND CLAIM 4–1 FILED ON 12/14/2023 BY FILING AN AMENDED CLAIM ON THE CLAIMS REGISTER, WHICH AMENDED CLAIM SHALL BE SUBJECT TO OBJECTION. THE COURT WILL PLACE THE PROOF OF CLAIM ATTACHED AS EXHIBIT B TO THE MOTION ON THE CLAIMS REGISTER AND IT WILL BE DEEMED FILED AS CLAIM 4–2 AS OF THE DATE MR. AKOUETE FILED THE MOTION. ANY OTHER RELIEF REQUESTED THROUGH THE MOTION IS DENIED. (Telam, Usbc) (Entered: 07/25/2024) |
| 07/25/2024 | | 203 | Certificate of Service of Notice of Hearing (Re: 190 Motion to Approve) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 07/25/2024) |
| 07/25/2024 | | 204 | Order dated 7/25/2024 Re: 180 Motion filed by Creditor Lolonyon Akouete for Interim Distribution and Request for Expedited Determination, 181 Motion filed by Creditor Lolonyon Akouete to Shorten Notice [Re: 180 Motion for Interim/Supplemental Distribution]. REQUEST FOR EXPEDITED DETERMINATION [DKT. NO. 181] OF THE SECOND MOTION FOR INTERIM DISTRIBUTION FILED BY LOLONYON AKOUETE [DKT. NO. 180] (THE "SECOND MOTION") IS DENIED. UPON CONSIDERATION OF THE SECOND MOTION, THE OBJECTIONS OF THE CHAPTER 7 TRUSTEE [DKT. NO. 185], THE PETITIONING CREDITOR [DKT. NO. 184], AND THE TOWN OF WESTBOROUGH [DKT. NO. 183], THE REPLY OF MR. AKOUETE [DKT. NO. 186], AND THE RECORD OF THIS CASE, THE SECOND MOTION IS DENIED AS PREMATURE. (Telam, Usbc) |

A-024

| | | | |
|---|---|---|---|
| | | | (Entered: 07/25/2024) |
| 07/26/2024 | | 205 | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 204 Order on Motion for Interim/Supplemental Distribution). Appellant Designation due by 8/9/2024. Compiled Records Due by 8/23/2024. Transmission of Designation Due by 8/26/2024. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 206 | Request filed by Creditor Lolonyon Akouete to Waive Appeal Fee . (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 207 | Notice of Appeal to Bankruptcy Appellate Panel Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 208 | Initial Transmittal to BAP Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 209 | Statement of Issues Filed by Creditor Lolonyon Akouete RE: 205 Notice of Appeal and Statement of Election. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 210 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Creditor Lolonyon Akouete (RE: 205 Notice of Appeal and Statement of Election). Appellee designation due by 8/9/2024. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 211 | Appellant's Brief (Re: 205 Notice of Appeal and Statement of Election) filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 212 | Motion filed by Creditor Lolonyon Akouete to Shorten Time for Appellee's Brief [Re: 205 Notice of Appeal and Statement of Election]. (meh, Usbc) (Entered: 07/26/2024) |
| 07/26/2024 | | 213 | BNC Certificate of Mailing – PDF Document. (Re: 196 Order on Motion To Limit/Shorten Notice) Notice Date 07/26/2024. (Admin.) (Entered: 07/27/2024) |
| 07/28/2024 | | 214 | Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (ab) (Entered: 07/29/2024) |
| 07/29/2024 | | 215 | Statement *of Ferris Development Group, LLC in Support of Motion of Chapter 7 Trustee for Approval of Settlement Agreement* with certificate of service (Re: 190 Motion to Approve) filed by Creditor Ferris Development Group, LLC (Attachments: # 1 Affidavit, Declaration re: Electronic Filing) (Carey, Paul) (Entered: 07/29/2024) |
| 07/31/2024 | | | Notice of Docketing Record on Appeal to BAP Case Number 24–0016 Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. (sl) (Entered: 07/31/2024) |
| 08/02/2024 | | 216 | Order dated 8/2/2024 Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions for Violation of the Automatic Stay. DENIED. See Order for Full Text. (ab) (Entered: 08/02/2024) |

A-025

| | | | |
|---|---|---|---|
| 08/04/2024 | | 217 | BNC Certificate of Mailing – PDF Document. (Re: 216 Order on Motion For Sanctions/Costs) Notice Date 08/04/2024. (Admin.) (Entered: 08/05/2024) |
| 08/04/2024 | | 218 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Reconsider 115 Order dated 3/19/2024 Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim, and Reconsider 216 Order dated 8/2/2024 Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions for Violation of the Automatic Stay. (ab) (Entered: 08/05/2024) |
| 08/06/2024 | | 219 | Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Obtain Appraisal of Property Located at 231 Turnpike Road, Westborough, MA before August 20, 2024 Hearing with certificate of service. (ab) (Entered: 08/06/2024) |
| 08/06/2024 | | 220 | Order dated 8/6/2024 Re: 212 Motion filed by Creditor Lolonyon Akouete to Shorten Time for Appellee's Brief [Re: 205 Notice of Appeal and Statement of Election]. S MR. AKOUETE APPEARS TO BE SEEKING TO SHORTEN THE DEADLINE FOR AN APPELLEE BRIEF TO BE FILED AND THIS COURT DOES NOT ADDRESS BRIEFING SCHEDULES WITH RESPECT TO APPEALS, THE MOTION IS DENIED. TO THE EXTENT MR. AKOUETE INTENDED TO SEEK TO SHORTEN THE APPELLEES DEADLINE TO FILE A DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD UNDER FED. R. BANKR. P. 8009, INSUFFICIENT CAUSE IS STATED AND THE COURT DENIES SUCH REQUEST. (ab) (Entered: 08/06/2024) |
| 08/06/2024 | | 221 | Order dated 8/6/2024 Re: 218 Motion filed by Creditor Lolonyon Akouete to Reconsider 115 Order dated 3/19/2024 Re: 110 Motion filed by Creditor Town of Westborough to Extend Time to File Proof of Claim, and Reconsider 216 Order dated 8/2/2024 Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions for Violation of the Automatic Stay. DENIED. See Order for Full Text. (ab) (Entered: 08/06/2024) |
| 08/07/2024 | | 222 | Order dated 8/7/2024 Re: 219 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Obtain Appraisal of Property Located at 231 Turnpike Road, Westborough, MA before August 20, 2024. DENIED. MR. AKOUETE MAY RAISE VALUATION ISSUES IN THE CONTEXT OF AN OBJECTION TO THE MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SETTLEMENT AGREEMENT. TO THE EXTENT MR. AKOUETE WANTS TO CONDUCT HIS OWN APPRAISAL AND REQUIRES ACCESS TO THE PROPERTY, HE SHOULD CONTACT THE CHAPTER 7 TRUSTEE TO COORDINATE ACCESS. (ab) (Entered: 08/07/2024) |
| 08/08/2024 | | 223 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (Smerage, Roger) (Entered: 08/08/2024) |
| 08/08/2024 | | 224 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor Town of Westborough (RE: 205 Notice of Appeal and Statement of Election). (Smerage, Roger) (Entered: 08/08/2024) |
| 08/08/2024 | | 225 | BNC Certificate of Mailing – PDF Document. (Re: 220 Order on Motion To Limit/Shorten Notice) Notice Date 08/08/2024. (Admin.) (Entered: 08/09/2024) |

A-026

| | | | |
|---|---|---|---|
| 08/08/2024 | | 226 | BNC Certificate of Mailing – PDF Document. (Re: 221 Order on Motion To Reconsider) Notice Date 08/08/2024. (Admin.) (Entered: 08/09/2024) |
| 08/09/2024 | | 227 | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor Town of Westborough (RE: 205 Notice of Appeal and Statement of Election). (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 228 | Transmittal of Record on Appeal to BAP (Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete, 227 Appellee Designation filed by Creditor Town of Westborough). (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 229 | Motion filed by Creditor Lolonyon Akouete to Compel Release of Appraisal and Related Documents. . (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 230 | Reply filed by Creditor Lolonyon Akouete (Re: 223 Opposition filed by Creditor Town of Westborough Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim) with certificate of service. (Telam, Usbc) (Entered: 08/09/2024) |
| 08/09/2024 | | 231 | Opposition with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (Goldsmith, Jonathan) (Entered: 08/09/2024) |
| 08/09/2024 | | 232 | Motion filed by Samual A. Miller on behalf of Mark S. Lichtenstein, Esq. to Appear pro hac vice for Interested Party Walter A. Horst with certificate of service. (Miller, Samual) (Entered: 08/09/2024) |
| 08/09/2024 | | 233 | Opposition *of Petitioning Creditors to Motion of Lolonyon Akouete for Allowance of Claim* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim with certificate of service. (Gordon, Stephen) (Entered: 08/09/2024) |
| 08/09/2024 | | 234 | Order dated 8/9/2024 Re: 165 Motion to Reconsider filed by Creditor Lolonyon Akouete. DENIED. THE DOCKET REFLECTS THAT THE MOVANT RECEIVED NOTICE OF THE HEARING. SEE ECF NO. 144. IN DENYING THE MOTION, THE COURT CONSIDERED THE MERITS IN DETERMINING THAT THE MOTION WAS PREMATURE. THE MOTION FOR RECONSIDERATION DOES NOT ASSERT THAT THE COURT MADE A MANIFEST ERROR OF LAW OR MISTAKE IN FACT. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). THE MOTION FOR RECONSIDERATION ALSO DOES NOT STATE THAT A HEARING WAS NECESSARY TO ADDRESS INFORMATION DEVELOPED AFTER FILING OF THE MOTION. THE BANKRUPTCY CODE AUTHORIZES AND REQUIRES THE TRUSTEE TO ADMINISTER THE BANKRUPTCY ESTATE AND TO USE BUSINESS JUDGMENT IN DOING SO. ASSUMING STANDING, THE MOVANT MAY OBJECT TO THE PROPOSED COMPROMISE FILED BY THE TRUSTEE. (dr) (Entered: 08/09/2024) |
| 08/09/2024 | | 235 | Order dated 8/9/2024 Re: 164 Motion to Reconsider filed by Creditor Lolonyon Akouete, 177 Supplemental Document filed by Creditor Lolonyon Akouete. THE MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR RELIEF FROM STAY [ECF NO. 164], AS SUPPLEMENTED BY ECF NO. 177, IS DENIED. THE MOTION FOR RELIEF FROM STAY WAS NOT DENIED BECAUSE |

A-027

| | | | |
|---|---|---|---|
| | | | MOVANT FAILED TO APPEAR. THE COURT REVIEWED AND CONSIDERED THE MOTION AND THE OPPOSITION. THE MOTION WAS DENIED ON THE MERITS. CAUSE WAS NOT SHOWN APPLYING THE STANDARDS IN GRELLA V. SALEM FIVE CENT SAV. BANK AND OTHER APPLICABLE LAW. SEE GRELLA V. SALEM FIVE CENT SAV. BANK, 42 F.3D 26, 33–34 (1ST CIR. 1994). THE MOTION FOR RECONSIDERATION DOES NOT STATE THAT THE MOVANT HAD ADDITIONAL MATERIAL INFORMATION THAT WOULD HAVE BEEN CONSIDERED AT ORAL ARGUMENT OR THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). (dr) (Entered: 08/09/2024) |
| 08/09/2024 | | 236 | Order dated 8/9/2024 Re: 229 Motion to Compel filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (dr) (Entered: 08/09/2024) |
| 08/09/2024 | | 237 | BNC Certificate of Mailing – PDF Document. (Re: 222 Order on Motion to Compel) Notice Date 08/09/2024. (Admin.) (Entered: 08/10/2024) |
| 08/09/2024 | | 239 | Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Response to Oppositions to Motion to Allow Claim (Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, 223 Opposition filed by Creditor Town of Westborough, and 231 Opposition filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 08/12/2024) |
| 08/12/2024 | | 238 | Notice of Fee Due (Pro Hac Vice) issued to Mark S. Lichtenstein representing Walter A. Horst. PHV Fee Due 8/22/2024. (Re: 232 Motion to Appear pro hac vice filed by Interested Party Walter A. Horst). (sas) (Entered: 08/12/2024) |
| 08/12/2024 | | | Receipt Number phv–27214–1723231010, Fee Amount $100.00 Re: 238 Notice of Fee Due (Pro Hac Vice) issued to Mark S. Lichtenstein representing Walter A. Horst (Re: 232 Motion to Appear pro hac vice filed by Interested Party Walter A. Horst). (sas) (Entered: 08/12/2024) |
| 08/12/2024 | | 240 | Court Certificate of Mailing Re: 234 Order, 235 Order, 236 Order. (ab) (Entered: 08/12/2024) |
| 08/12/2024 | | 241 | Order dated 8/12/2024 Re: 232 Motion filed by Samual A. Miller on behalf of Mark S. Lichtenstein, Esq. to Appear pro hac vice for Interested Party Walter A. Horst. GRANTED. ATTORNEY MARK S. LICHTENSTEIN IS HEREBY AUTHORIZED TO APPEAR PRO HAC VICE ON BEHALF OF WALTER A. HORST, IN HIS INDIVIDUAL CAPACITY AND ON BEHALF OF BABCOCK & BROWN HOLDINGS, INC. AND BABCOCK & BROWN INTERNATIONAL PTY. LTD., AND THEIR CURRENT AND FORMER SUBSIDIARIES IN THIS MATTER. (ab) (Entered: 08/12/2024) |
| 08/12/2024 | | 242 | Order dated 8/12/2024 Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, and Re: 239 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Response to Oppositions to Motion to Allow Claim (Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, 223 Opposition filed by Creditor Town of Westborough, and 231 Opposition filed by Trustee Jonathan R. Goldsmith). DENIED. See Order for Full Text. (ab) (Entered: 08/12/2024) |

A-028

| | | | |
|---|---|---|---|
| 08/12/2024 | | 243 | Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel filed with Affidavit along with certificate of service. (Devine, Christine) (Entered: 08/12/2024) |
| 08/12/2024 | | 244 | Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 245 | Objection with certificate of service filed by Creditor Lolonyon Akouete to 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 246 | Motion filed by Creditor Lolonyon Akouete For Court–Ordered Mediation with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 247 | Motion filed by Creditor Lolonyon Akouete To Request Decision Re: 166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 248 | Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024 Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, and Re: 239 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Response to Oppositions to Motion to Allow Claim (Re: 214 Motion filed by Creditor Lolonyon Akouete To Allow Claim, 223 Opposition filed by Creditor Town of Westborough, and 231 Opposition filed by Trustee Jonathan R. Goldsmith)) with certificate of service. (ab) (Entered: 08/13/2024) |
| 08/13/2024 | | 249 | Notice *Of Amendment to Schedule A/B,* and Amended Schedule(s) A/B (Re: 8 Schedules A–J) filed by Creditor Lolonyon Akouete. (Attachments: # 1 Notice of Amendment to Schedule A/B) (ab) Text Modified for Clarity on 8/14/2024. (ab) (Entered: 08/13/2024) |
| 08/14/2024 | | 250 | Motion filed by Creditor Lolonyon Akouete For Discovery with certificate of service. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 251 | Order dated 8/14/2024 Re: 166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate. DENIED FOR THE REASONS STATED IN THE OBJECTION BY THE TRUSTEE [ECF NO. 173]. THE TRUSTEE HAS NOT COMPLETED HIS REVIEW OF CLAIMS IN CONNECTION WITH ADMINISTRATION OF THE ESTATE AND THERE APPEARS TO BE NO SUFFICIENT CAUSE TO PERMIT A THIRD PARTY TO PURSUE CLAIMS HELD BY THE ESTATE THAT ARE BEING ADMINISTERED. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 252 | Court's Order of Deficiency (Re: 249 Notice Of Amendment to Schedule A/B, and Amended Schedule(s) A/B filed by Creditor Lolonyon Akouete). The deadline to cure the deficiency is 8/21/2024 at 11:59 PM. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 253 | Order dated 8/14/2024 Re: 246 Motion filed by Creditor Lolonyon Akouete For Court–Ordered Mediation. DENIED. IT IS UNCLEAR THAT THE PARTIES THAT HAVE PROPOSED A SETTLEMENT |

A-029

| | | | |
|---|---|---|---|
| | | | HAVE ANY DESIRE TO MEDIATE PRIOR TO CONSIDERATION OF THAT SETTLEMENT. OF COURSE, THIS ORDER IS WITHOUT PREJUDICE TO ANY PARTY AGREEING TO MEDIATE, BUT THE COURT WOULD NOT TYPICALLY ORDER PARTIES TO MEDIATE UNLESS CONSENSUAL. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 254 | Endorsed Order dated 8/14/2024 Re: 247 Motion filed by Creditor Lolonyon Akouete To Request Decision Re: 166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate. DENIED AS UNNECESSARY. SEE ORDER ENTERED AT ECF NO. 251. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 255 | Order dated 8/14/2024 Re: 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024) DENIED. AS THE MOTION ACKNOWLEDGES, THE TIMING OF CLAIM OBJECTIONS IS LEFT TO THE DISCRETION OF THE TRUSTEE IN ADMINISTERING THE CASE UNLESS OTHERWISE ORDERED BY THE COURT. CONTRARY TO THE ASSERTIONS OF THE MOVANT, THE COURTS ASSESSMENT IS THAT DETERMINATION OF THE MOVANTS CLAIM IS PREMATURE AND WOULD NOT ADVANCE THE ADMINISTRATION OF THE CASE. FURTHER, THE MOVANT HAS IDENTIFIED NO IMPAIRMENT OF LEGAL RIGHTS OR IRREPARABLE HARM THAT WOULD BE AVOIDED BY AN INTERLOCUTORY APPEAL. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 256 | Court Certificate of Mailing (Re: 255 Order dated 8/14/2024 Denying 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024)) (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 257 | Hybrid Hearing Scheduled on 9/4/2024 at 10:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act. Objections due by 8/30/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 08/14/2024) |
| 08/14/2024 | | 258 | Emergency Motion filed by Creditor Lolonyon Akouete with certificate of service for Interim Distribution Pending Appeal, and Motion filed by Creditor Lolonyon Akouete to Reconsider (Re:255 Order dated 8/14/2024 Re: 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024)). (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 259 | Hybrid Hearing Scheduled on 9/4/2024 at 10:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel. Objections due by 8/30/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 08/14/2024) |
| 08/14/2024 | | 260 | Hybrid Hearing Scheduled on 9/4/2024 at 10:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 245 Creditor's Objection to Trustees Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustees Compensation. Responses due by 8/30/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 08/14/2024) |

A-030

| 08/14/2024 | | 261 | Order dated 8/14/2024 Re: 250 Motion filed by Creditor Lolonyon Akouete For Discovery. DENIED. THE COURT HAS AUTHORIZED THE ISSUANCE OF SUBPOENAS IN RELATION TO MR. AKOUETE'S OBJECTION TO THE MOTION TO APPROVE COMPROMISE. SEE ORDER ENTERED AT ECF NO. 236. MR. AKOUETE MUST REQUEST FROM THE CLERK'S OFFICE THAT SUBPOENA(S) ISSUE DIRECTED TO SPECIFIC PARTIES REGARDING THE PRODUCTION OF DOCUMENTS AND HE MUST SERVE SUCH SUBPOENA(S) IN ACCORDANCE WITH THE APPLICABLE RULES. (ab) (Entered: 08/14/2024) |
| 08/14/2024 | | 262 | Declaration Re: Electronic Filing *for Mark S. Lichtenstein, Esq.* (Re: 232 Motion to Appear pro hac vice) filed by Interested Party Walter A. Horst (Miller, Samual) (Entered: 08/14/2024) |
| 08/14/2024 | | 263 | BNC Certificate of Mailing – PDF Document. (Re: 234 Order) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 264 | BNC Certificate of Mailing – PDF Document. (Re: 235 Order) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 265 | BNC Certificate of Mailing – PDF Document. (Re: 236 Order) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 266 | BNC Certificate of Mailing – PDF Document. (Re: 241 Order on Motion to Appear pro hac vice) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/14/2024 | | 267 | BNC Certificate of Mailing – PDF Document. (Re: 242 Order on Generic Motion) Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/15/2024 | | 268 | Order dated 8/15/2024 Re: 258 Emergency Motion filed by Creditor Lolonyon Akouete for Interim Distribution Pending Appeal, and Motion filed by Creditor Lolonyon Akouete to Reconsider (Re: 255 Order dated 8/14/2024 Re: 248 Motion filed by Creditor Lolonyon Akouete for Leave to Appeal Interlocutory Order Under U.S.C. 158(a)(3) (Re: 242 Order dated 8/12/2024)). DENIED. See Order for Full Text. (ab) (Entered: 08/15/2024) |
| 08/16/2024 | | 269 | Reply In Opposition filed by Creditor Lolonyon Akouete To 194 Reply *In Support* filed by Creditor Town of Westborough Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. (Attachments: # 1 List of Exhibits) (ab) (Entered: 08/16/2024) |
| 08/16/2024 | | 270 | BNC Certificate of Mailing – Hearing. (Re: 257 Hearing Scheduled) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 271 | BNC Certificate of Mailing – Hearing. (Re: 260 Hearing Scheduled) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 272 | BNC Certificate of Mailing. (Re: 252 Court's Order of Deficiency) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 273 | BNC Certificate of Mailing – PDF Document. (Re: 251 Order on Motion to Abandon) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 274 | |

A-031

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 253 Order on Generic Motion) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 275 | BNC Certificate of Mailing – PDF Document. (Re: 254 Order on Motion for Emergency/Expedited Determination) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/16/2024 | | 276 | BNC Certificate of Mailing – PDF Document. (Re: 261 Order on Motion to Compel) Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/17/2024 | | 277 | BNC Certificate of Mailing – PDF Document. (Re: 268 Order on Motion for Interim/Supplemental Distribution) Notice Date 08/17/2024. (Admin.) (Entered: 08/18/2024) |
| 08/18/2024 | | 278 | Summary of Assets and Liabilities Schedules for Non–Individual filed by Creditor Lolonyon Akouete (Re: 249 Notice Of Amendment to Schedule A/B, and Amended Schedule(s) A/B). (ab) (Entered: 08/19/2024) |
| 08/18/2024 | | 279 | Declaration Concerning Debtor`s Schedules (Re: 249 Notice Of Amendment to Schedule A/B, and Amended Schedule(s) A/B) filed by Creditor Lolonyon Akouete. (ab) (Entered: 08/19/2024) |
| 08/18/2024 | | 280 | Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (ab) (Entered: 08/19/2024) |
| 08/19/2024 | | 281 | Certificate of Service of Notice of Hearing (Re: 259 Hearing Scheduled) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 08/19/2024) |
| 08/19/2024 | | 282 | Scheduling Order Dated 8/19/2024 Re: 280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. Preliminary Hearing Scheduled for 8/20/2024 at 02:00 PM at Worcester Courtroom 3 – CJP. See Order for Full Text. (ab) (Entered: 08/19/2024) |
| 08/19/2024 | | 283 | Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, 245 Objection filed by Creditor Lolonyon Akouete]. (Devine, Christine) (Entered: 08/19/2024) |
| 08/20/2024 | | 284 | Objection with certificate of service filed by Creditor Lolonyon Akouete Re: 283 Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, 245 Objection filed by Creditor Lolonyon Akouete]. (ab) (Entered: 08/20/2024) |
| 08/20/2024 | | 285 | Notice *Of Issuance of Subpoenas* with certificate of service filed by Creditor Lolonyon Akouete. (ab) (Entered: 08/20/2024) |
| 08/20/2024 | | 286 | Certificate of Service (Re: 283 Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 08/20/2024) |

A-032

| 08/20/2024 | | | Hearing Held Re: 280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (lb) (Entered: 08/21/2024) |
|---|---|---|---|
| 08/20/2024 | | | Hybrid Hearing Held and Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 08/21/2024) |
| 08/20/2024 | | | Hybrid Hearing Held and Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 08/21/2024) |
| 08/20/2024 | | | Hybrid Hearing Held and an In Person Evidentiary Heairng is Scheduled for 09/17/2024 at 09:30 AM at Worcester Courtroom 3 – CJP Re: 190 Motion filed by Trustee Jonahtan R. Goldsmith to Approve 189 Settlement Agreement. (lb) (Entered: 08/22/2024) |
| 08/21/2024 | | 287 | Proceeding Memorandum and Order dated 8/21/2024 Re: 280 Emergency Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED. (ab) (Entered: 08/21/2024) |
| 08/21/2024 | | 288 | BNC Certificate of Mailing – PDF Document. (Re: 282 Order To Set Hearing) Notice Date 08/21/2024. (Admin.) (Entered: 08/22/2024) |
| 08/21/2024 | | 289 | Proceeding Memorandum and Order dated 8/21/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, MA. THE STATUS CONFERENCE IS CONTINUED TO 9/17/2024 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO (TO THE EXTENT THEY ARE NOT REQUIRED TO APPEAR IN PERSON IN CONNECTION WITH THE EVIDENTIARY HEARING SCHEDULED FOR THAT SAME DAY REGARDING THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT [BANKR. CASE NO. 23–40709, ECF NO. 190]). TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCE, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 08/22/2024) |
| 08/21/2024 | | 290 | Proceeding Memorandum and Order dated 8/21/2024 Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. THE STATUS CONFERENCE IS CONTINUED TO 9/17/2024 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO (TO THE EXTENT THEY ARE NOT REQUIRED TO APPEAR IN PERSON IN CONNECTION WITH THE EVIDENTIARY HEARING SCHEDULED FOR THAT SAME DAY REGARDING THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT [BANKR. CASE NO. 23–40709, ECF NO. 190]). TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED STATUS CONFERENCE, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE |

A-033

| | | | |
|---|---|---|---|
| | | | CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 08/22/2024) |
| 08/22/2024 | | 291 | Proceeding Memorandum and Order dated 8/22/24 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. A CONTINUED EVIDENTIARY HEARING IS SCHEDULED ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT [ECF NO. 190] FOR SEPTEMBER 17, 2024, COMMENCING AT 9:30 A.M. (THE "HEARING"), IN COURTROOM 3, HAROLD DONAHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MA 01608. THE EVIDENITARY HEARING IS IN PERSON (ALL WITNESSES AND PARTIES IN INTEREST INTENDING TO QUESTION WITNESSES MUST APPEAR IN PERSON), WITH AN OPTION FOR PARTIES IN INTEREST WHO ARE ONLY OBSERVING TO OBSERVE BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION, SUCH PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO.AS DISCUSSED ON THE RECORD, THE CHAPTER 7 TRUSTEE AND THE AFFIANTS WHO SUBMITTED AFFIDAVITS FOR THE TOWN OF WESTBOROUGH SHALL APPEAR IN PERSON AND BE AVAILABLE FOR EXAMINATION AT THE HEARING. TO THE EXTENT THE TOWN OF WESTBOROUGH INTENDS TO OFFER EVIDENCE OF THE VALUE OF THE PROPERTY, ON OR BEFORE SEPTEMBER 11, 2024 AT 11:59 P.M., THE TOWN SHALL IDENTIFY THE INDIVIDUAL FROM THE ASSESSOR'S OFFICE THE TOWN INTENDS TO HAVE TESTIFY FOR THAT PURPOSE. TO THE EXTENT THAT LOLONYON AKOUETE OR THE CHAPTER 7 TRUSTEE WILL SEEK TO INTRODUCE APPRAISAL TESTIMONY AT THE HEARING, ON OR BEFORE SEPTEMBER 11, 2024 AT 11:59 P.M., THEY SHALL IDENTIFY THE APPRAISER AND FILE A COPY OF THE APPRAISAL REPORT ON THE DOCKET. (ab) (Entered: 08/22/2024) |
| 08/22/2024 | | 292 | Order dated 8/22/2024 Re: 283 Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, 245 Objection filed by Creditor Lolonyon Akouete]. UPON CONSIDERATION OF THE MOTION TO CONTINUE AND THE OBJECTION THERETO, THE MOTION TO CONTINUE IS GRANTED. THE 9/4/2024 HEARINGS ON THE APPLICATION FILED BY TRUSTEE JONATHAN R. GOLDSMITH TO EMPLOY CHRISTINE E. DEVINE AND NICHOLSON DEVINE LLC AS COUNSEL [ECF NO. 243], THE MOTION FILED BY CREDITOR LOLONYON AKOUETE TO SHIFT RESPONSIBILITY AND SEEK RELIEF FROM REPORTING OBLIGATION UNDER THE CORPORATE TRANSPARENCY ACT ECF NO. 244], AND THE OBJECTION FILED BY CREDITOR LOLONYON AKOUETETO RETAIN ADDITIONAL COUNSEL, REQUEST FOR CLARIFICATION, AND MOTION FOR DEDUCTION OF INCREASED LITIGATION COSTS FROM TRUSTEES COMPENSATION [ECF NO. 245] ARE CONTINUED FOR A NON–EVIDENTIARY HEARING ON 9/17/2024 AT 9:30 A.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO (TO THE |

| | | | |
|---|---|---|---|
| | | | EXTENT THEY ARE NOT REQUIRED TO APPEAR IN PERSON IN CONNECTION WITH THE EVIDENTIARY HEARING SCHEDULED FOR THAT SAME DAY REGARDING THE TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT [BANKR. CASE NO. 23–40709, ECF NO. 190]). TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 9/16/2024 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 08/22/2024) |
| 08/22/2024 | | | Hybrid Hearing Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act. (lb) (Entered: 08/22/2024) |
| 08/22/2024 | | | Hybrid Hearing Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel. (lb) (Entered: 08/22/2024) |
| 08/22/2024 | | | Hybrid Hearing Continued to 09/17/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 245 Objection filed by Creditor Lolonyon Akouete to 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. (lb) (Entered: 08/22/2024) |
| 08/23/2024 | | 293 | BNC Certificate of Mailing – PDF Document. (Re: 287 Order on Motion to Remove Party) Notice Date 08/23/2024. (Admin.) (Entered: 08/24/2024) |
| 08/24/2024 | | 294 | BNC Certificate of Mailing – PDF Document. (Re: 289 Order on Motion For Relief From Stay) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/24/2024 | | 295 | BNC Certificate of Mailing – PDF Document. (Re: 290 Order on Motion to Dismiss Case) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/24/2024 | | 296 | BNC Certificate of Mailing – PDF Document. (Re: 291 Order on Motion for Approval) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/24/2024 | | 297 | BNC Certificate of Mailing – PDF Document. (Re: 292 Order on Motion to Continue/Cancel Hearing) Notice Date 08/24/2024. (Admin.) (Entered: 08/25/2024) |
| 08/26/2024 | | 298 | Order dated 8/26/2024 Re: 206 Request filed by Creditor Lolonyon Akouete to Waive Appeal Fee. DENIED. See Order for Full Text. (Telam, Usbc) (Entered: 08/26/2024) |
| 08/26/2024 | | 299 | Clerk's Notice of Fees Due Re: 205 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete. Fee due by 9/9/2024. (meh, Usbc) (Entered: 08/26/2024) |
| 08/26/2024 | | 300 | |

A-035

| | | | |
|---|---|---|---|
| | | | Motion filed by Creditor Lolonyon Akouete For Summary Judgment with certificate of service. (Telam, Usbc) (Entered: 08/27/2024) |
| 08/27/2024 | | 301 | Order dated 8/27/2024 Re: 300 Motion filed by Creditor Lolonyon Akouete For Summary Judgment. DENIED. THE MOTION ITSELF ACKNOWLEDGES MATERIAL FACTS THAT ARE IN DISPUTE. AN EVIDENTIARY HEARING IS SCHEDULED FOR SEPTEMBER 17, 2024 REGARDING THE CHAPTER 7 TRUSTEES MOTION TO APPROVE SETTLEMENT (ECF NO. 190) AT WHICH THOSE ISSUES WILL BE DETERMINED TO THE EXTENT RELEVANT TO THE COURTS CONSIDERATION OF THE SETTLEMENT. (Telam, Usbc) (Entered: 08/27/2024) |
| 08/27/2024 | | 303 | DISREGARD. Motion filed by Creditor Lolonyon Akouete For Appointment of A Court Appointed Expert with certificate of service. (ab) Duplicate Docket Entry. See Docket No. 302. Modified on 8/28/2024 (ab). (Entered: 08/28/2024) |
| 08/28/2024 | | 302 | Motion filed by Creditor Lolonyon Akouete for Appointment of a Court–Appointed Expert with certificate of service. (Telam, Usbc) (Entered: 08/28/2024) |
| 08/28/2024 | | 304 | Order dated 8/28/2024 Re: 302 Motion filed by Creditor Lolonyon Akouete for Appointment of a Court–Appointed Expert. DENIED. MASS. R. CIV. P. 706 IS NOT APPLICABLE TO THIS FEDERAL BANKRUPTCY PROCEEDING. ALTHOUGH SIGNIFICANT LATITUDE HAS BEEN AFFORDED TO MR. AKOUETE REGARDING HIS FILINGS, HE IS CAUTIONED THAT FUTURE REQUESTS WITHOUT ANY BASIS IN LAW OR SEEKING RELIEF PREVIOUSLY CONSIDERED AND DENIED MAY BE SUMMARILY DENIED, AND HE MAY BE SUBJECT TO SANCTIONS. THE COURT ALSO NOTES THAT THE TRUSTEE HAS THE BURDEN OF PROOF UNDER FED. R. BANKR. P. 9019 TO DEMONSTRATE THE REASONABLENESS OF THE PROPOSED COMPROMISE. MR. AKOUETE MAY CHALLENGE ANY EVIDENCE PRESENTED OR MAY OFFER EVIDENCE AT THE EVIDENTIARY HEARING SCHEDULED FOR SEPTEMBER 17, 2024 ON THE MOTION TO APPROVE SETTLEMENT WITHIN THE PARAMETERS DISCUSSED AT THE INITIAL HEARING ON THAT MOTION HELD ON AUGUST 20, 2024. (Telam, Usbc) (Entered: 08/28/2024) |
| 08/28/2024 | | 305 | BNC Certificate of Mailing – Notice (Re: 299 Clerk's Notice of Fees Due) Notice Date 08/28/2024. (Admin.) (Entered: 08/29/2024) |
| 08/29/2024 | | 306 | Request from Roger L. Smerage Creditor Town of Westborough *for Discovery Conference* with certificate of service. filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 08/29/2024) |
| 08/29/2024 | | 307 | PDF with attached Audio File. Court Date & Time [08/20/2024 02:00 PM]. File Size [37902.19 kb]. Run Time [00:00:4851]. (Hybrid Status Conference on #20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (Brian W. Riley)#24 Opposition of Debtor (Lolonyon Akouete, Manager)#43 Limited Objection of the Chapter 7 Trustee, Jonathan R. Goldsmith#158 Response of Lolonyon Akouete.). (AlbertoBarrera) (Entered: 08/29/2024) |
| 08/29/2024 | | 308 | Order dated 8/29/2024 To Set Hearing Re: 306 Request filed by Creditor Town of Westborough. Telephonic Hearing set for 8/30/2024 at 11:30 AM. See Order for Full Text. (Telam, Usbc) (Entered: 08/29/2024) |

A-036

| | | | |
|---|---|---|---|
| 08/29/2024 | | 328 | Judgement of Dismissal By Bankruptcy Appellate Panel, Re: BAP Number: 24–016 Re: 204 Order on Motion for Interim/Supplemental Distribution. (meh, Usbc) (Entered: 09/11/2024) |
| 08/30/2024 | | 309 | Response filed by Creditor Lolonyon Akouete (Re: 306 Request from Roger L. Smerage Creditor Town of Westborough for Discovery Conference) with certificate of service. (Telam, Usbc) (Entered: 08/30/2024) |
| 08/30/2024 | | 310 | Reply of Petitioning Creditors filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 309 Response filed by Creditor Lolonyon Akouete (Re: 306 Request from Roger L. Smerage Creditor Town of Westborough for Discovery Conference) with certificate of service. (Gordon, Stephen) (Entered: 08/30/2024) |
| 08/30/2024 | | 311 | Objection *and Further Status Report* filed by Trustee Jonathan R. Goldsmith Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act with certificate of service. (Devine, Christine) (Entered: 08/30/2024) |
| 08/30/2024 | | 312 | Response *and Objection* filed by Trustee Jonathan R. Goldsmith Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel filed with Affidavit along with certificate of service., 245 Objection with certificate of service filed by Creditor Lolonyon Akouete to 243 Trustee's Application to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. (ab) (Devine, Christine) (Entered: 08/30/2024) |
| 08/30/2024 | | 313 | Certificate of Service (Re: 311 Objection, 312 Response) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 08/30/2024) |
| 08/30/2024 | | | Discovery Conference Held Re: 306 Request of Creditor Town of Westborough for Discovery Conference. (ab) (Entered: 08/30/2024) |
| 09/03/2024 | | 314 | Proceeding Memorandum and Order Dated 9/03/2024 Re: 306 Request filed by the Town of Westborough for Discovery Conference. DISCOVERY CONFERENCE HELD. DIRECTION GIVEN ON THE RECORD. (ab) (Entered: 09/03/2024) |
| 09/03/2024 | | 315 | Order Dated 9/03/2024 Re: 174 Correspondence Filed by Interested Party Denise Edwards. See Order for Full Text. (ab) (Entered: 09/03/2024) |
| 09/05/2024 | | 316 | BNC Certificate of Mailing – PDF Document. (Re: 314 Order) Notice Date 09/05/2024. (Admin.) (Entered: 09/06/2024) |
| 09/05/2024 | | 317 | BNC Certificate of Mailing – PDF Document. (Re: 315 Order) Notice Date 09/05/2024. (Admin.) (Entered: 09/06/2024) |
| 09/09/2024 | | 318 | Order on In Camera Privilege Review dated 9/9/2024 Re: 190 Motion to Approve filed by Trustee Jonathan R. Goldsmith, 314 Order. See Order for Full Text. (meh, Usbc) (Entered: 09/09/2024) |
| 09/09/2024 | | 319 | Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] *and To Extend Deadline to Submit Appraisal* with certificate of service. (Devine, Christine) (Entered: |

A-037

| | | | |
|---|---|---|---|
| | | | 09/09/2024) |
| 09/09/2024 | | 320 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal *and To Extend Deadline to Submit Appraisal* with certificate of service. (ab) Reattached PDF. Modified on 9/10/2024 (ab) (Entered: 09/10/2024) |
| 09/10/2024 | | 321 | Certification of Default Re: 205 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete (Re: 204 Order on Motion for Interim/Supplemental Distribution). (ab) (Entered: 09/10/2024) |
| 09/10/2024 | | 322 | Transmittal Re: 321 Certification of Default (Re: 205 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel. Fee Amount $298 Filed by Creditor Lolonyon Akouete). (ab) (Entered: 09/10/2024) |
| 09/11/2024 | | 323 | Affidavit of Jonathan Steinberg, Chief Assessor with certificate of service (Re: 190 Motion to Approve) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit A (Property Cards) # 2 Declaration of Electronic Filing # 3 Certificate of Service) (Smerage, Roger) (Entered: 09/11/2024) |
| 09/11/2024 | | 324 | Response with certificate of service filed by Creditor Town of Westborough Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] *and To Extend Deadline to Submit Appraisal* with certificate of service. (Smerage, Roger) (Entered: 09/11/2024) |
| 09/11/2024 | | 325 | Declaration of Lolonyon Akouete In Opposition *To Trustee's Motion for Approval of Settlement* with certificate of service filed by Creditor Lolonyon Akouete (Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]). (ab) (Entered: 09/11/2024) |
| 09/11/2024 | | 326 | Response *of Petitioning Creditors to Expedited Motion of Chapter 7 Trustee (I) to Reschedule Evidentiary Hearing Scheduled for September 17, 2024 and (II) Extend Deadline to Submit Appraisal* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] *and To Extend Deadline to Submit Appraisal* with certificate of service. (Gordon, Stephen) (Entered: 09/11/2024) |
| 09/11/2024 | | 327 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Strike or Dismiss 323 Affidavit of Jonathan Steinberg, Chief Assessor (Re: 190 Motion to Approve) filed by Creditor Town of Westborough. (ab) (Entered: 09/11/2024) |
| 09/11/2024 | | 329 | BNC Certificate of Mailing – PDF Document. (Re: 318 Order) Notice Date 09/11/2024. (Admin.) (Entered: 09/12/2024) |
| 09/12/2024 | | 330 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 327 Motion filed by Creditor Lolonyon Akouete to Strike (Re: 323 Affidavit/Declaration) with certificate of service. (Attachments: # 1 Appendix) (Smerage, Roger) (Entered: 09/12/2024) |

A-038

| | | | |
|---|---|---|---|
| 09/13/2024 | | 331 | Order dated 9/13/2024 Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal. GRANTED. THE SEPTEMBER 17, 2024 EVIDENTIARY HEARING SCHEDULED ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT [ECF NO. 190] IS CONTINUED TO NOVEMBER 18, 2024, COMMENCING AT 9:30 A.M. (THE "HEARING"), IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MA 01608. See Order for Full Text. (ab) (Entered: 09/13/2024) |
| 09/13/2024 | | | Evidentiary Hearing Continued to 11/18/2024 at 09:30 AM at Worcester Courtroom 3 – CJP Re: 190 Motion to Approve 189 Settlement Agreement filed by Trustee Jonathan R. Goldsmith. (lb) (Entered: 09/13/2024) |
| 09/13/2024 | | 333 | Expedited Motion filed by Creditor Lolonyon Akouete For Reconsideration (Re: 331 Order dated 9/13/2024 Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal), And Supplemental Motion Opposing Further Continuances, with certificate of service. (ab) (Entered: 09/16/2024) |
| 09/15/2024 | | 332 | BNC Certificate of Mailing – PDF Document. (Re: 331 Order on Motion to Continue/Cancel Hearing) Notice Date 09/15/2024. (Admin.) (Entered: 09/16/2024) |
| 09/16/2024 | | 334 | Order dated 9/16/2024 Re: 327 Motion filed by Creditor Lolonyon Akouete to Strike or Dismiss 323 Affidavit of Jonathan Steinberg, Chief Assessor (Re: 190 Motion to Approve) filed by Creditor Town of Westborough. UPON CONSIDERATION OF THE "MOTION TO STRIKE OR DISMISS DECLARATION OF JONATHAN STEINBERG BASED ON FACTUAL INACCURACIES AND FAILURE TO PROPERLY ASSESS THE PROPERTY LOCATED AT 231 TURNPIKE ROAD, WESTBOROUGH, MA" [ECF NO. 327] (THE "MOTION") FILED BY LOLONYON AKOUETE AND THE OBJECTION THERETO BY THE TOWN OF WESTBOROUGH [ECF NO. 330], THE MOTION IS DENIED. MR. AKOUETE WILL HAVE AN OPPORTUNITY TO EXAMINE THE AFFIANT, JONATHAN STEINBERG, AT THE 11/18/2024 EVIDENTIARY HEARING SCHEDULED ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT [ECF NO. 190]. (ab) (Entered: 09/16/2024) |
| 09/16/2024 | | 335 | Order dated 9/16/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, MA, and Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. See Order for Full Text. (ab) (Entered: 09/16/2024) |
| 09/16/2024 | | | Status Conference Continued to 11/18/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 09/16/2024) |
| 09/16/2024 | | | Status Conference Continued to 11/18/2024 at 09:30 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. (lb) (Entered: 09/16/2024) |
| 09/16/2024 | | 336 | |

A-039

| | | | |
|---|---|---|---|
| | | | Order dated 9/16/2024 Re: 333 Expedited Motion filed by Creditor Lolonyon Akouete For Reconsideration (Re: 331 Order dated 9/13/2024 Re: 319 Expedited Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 190 Motion to Approve] and To Extend Deadline to Submit Appraisal), And Supplemental Motion Opposing Further Continuances DENIED. See Order for Full Text. (ab) (Entered: 09/16/2024) |
| 09/17/2024 | | | Hearings Held Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel, 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act, and 245 Creditor's Objection to Trustees Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustees Compensation. (lb) (Entered: 09/17/2024) |
| 09/17/2024 | | 337 | Proceeding Memorandum and Order dated 9/17/2024 Re: 243 Application filed by Trustee Jonathan R. Goldsmith to Employ Christine E. Devine and Nicholson Devine LLC as Counsel. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED. (ab) (Entered: 09/17/2024) |
| 09/17/2024 | | 338 | Proceeding Memorandum and Order dated 9/17/2024 Re: 244 Motion filed by Creditor Lolonyon Akouete To Shift Responsibility and Seek Relief from Reporting Obligation Under the Corporate Transparency Act. HEARING HELD. DENIED FOR THE REASONS STATED ON THE RECORD. THE TRUSTEE SHALL FILE A FURTHER STATUS REPORT BY DECEMBER 31, 2024. (ab) Additional attachment(s) added on 9/17/2024. (ab). (Entered: 09/17/2024) |
| 09/17/2024 | | 339 | Proceeding Memorandum And Order Dated 9/17/2024 Re: 245 Creditor's Objection to Trustees Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustees Compensation. FOR THE REASONS STATED ON THE RECORD, THE OBJECTION IS OVERRULED AND ANY FURTHER RELIEF REQUESTED IS DENIED. (ab) (Entered: 09/17/2024) |
| 09/18/2024 | | 340 | Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a) with certificate of service. (meh, Usbc) (Entered: 09/18/2024) |
| 09/18/2024 | | 341 | Transmittal of Appellee's Record on Appeal to BAP Re: 224 Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor Town of Westborough RE: 205 Notice of Appeal and Statement of Election. (meh, Usbc) (Entered: 09/18/2024) |
| 09/18/2024 | | 342 | Endorsed Order dated 9/18/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). REQUEST FOR EXPEDITED DETERMINATION IS DENIED. THE COURT WILL HOLD THE MOTION FOR OBJECTIONS IN THE ORDINARY COURSE, WHICH SHALL BE FILED ON OR BEFORE OCTOBER 2, 2024. (ab) (Entered: 09/18/2024) |
| 09/18/2024 | | 343 | Transmittal of Appellant Record on Appeal to BAP Re: 210 Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Creditor Lolonyon Akouete RE: 205 Notice of Appeal and Statement of Election. (meh, Usbc) (Entered: 09/18/2024) |

A-040

| 09/18/2024 | | 344 | BNC Certificate of Mailing – PDF Document. (Re: 334 Order on Motion to Strike) Notice Date 09/18/2024. (Admin.) (Entered: 09/19/2024) |
|---|---|---|---|
| 09/18/2024 | | 345 | BNC Certificate of Mailing – PDF Document. (Re: 335 Order on Motion to Dismiss Case) Notice Date 09/18/2024. (Admin.) (Entered: 09/19/2024) |
| 09/18/2024 | | 346 | BNC Certificate of Mailing – PDF Document. (Re: 336 Order on Motion To Reconsider) Notice Date 09/18/2024. (Admin.) (Entered: 09/19/2024) |
| 09/19/2024 | | 347 | Objection *and Request for Sanctions Related Thereto* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Recieved Pursuant to Rule 2015(a) with certificate of service. (Devine, Christine) (Entered: 09/19/2024) |
| 09/19/2024 | | 348 | BNC Certificate of Mailing – PDF Document. (Re: 337 Order on Application to Employ) Notice Date 09/19/2024. (Admin.) (Entered: 09/20/2024) |
| 09/19/2024 | | 349 | BNC Certificate of Mailing – PDF Document. (Re: 338 Order on Generic Motion) Notice Date 09/19/2024. (Admin.) (Entered: 09/20/2024) |
| 09/19/2024 | | 350 | BNC Certificate of Mailing – PDF Document. (Re: 339 Order) Notice Date 09/19/2024. (Admin.) (Entered: 09/20/2024) |
| 09/20/2024 | | 351 | Response filed by Creditor Lolonyon Akouete Re: 347 Objection and Request for Sanctions Related Thereto with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). (slh, usbc) (Entered: 09/20/2024) |
| 09/20/2024 | | 352 | BNC Certificate of Mailing – PDF Document. (Re: 342 Order on Motion to Compel) Notice Date 09/20/2024. (Admin.) (Entered: 09/21/2024) |
| 09/21/2024 | | 358 | Motion filed by Creditor Lolonyon Akouete to Clarify Disputed Issues and Request for Admissions Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve [Re: 189 Settlement Agreement]. c/s (dc) (Entered: 09/23/2024) |
| 09/23/2024 | | 353 | Order dated 9/23/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). DENIED. See Order for Full Text. (slh, usbc) (Entered: 09/23/2024) |
| 09/23/2024 | | 354 | Expedited Application filed by Trustee Jonathan R. Goldsmith to Employ Corey Gustafson as Appraiser filed with Affidavit. (Devine, Christine) (Entered: 09/23/2024) |
| 09/23/2024 | | 355 | Certificate of Service (Re: 354 Application to Employ) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 09/23/2024) |
| 09/23/2024 | | 356 | Order dated 9/23/2024 Re: 354 Expedited Application filed by Trustee Jonathan R. Goldsmith to Employ Corey Gustafson as Appraiser filed with Affidavit. THE APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY APPRAISER [ECF NO. 354] IS APPROVED ON AN EXPEDITED BASIS AND THE TRUSTEE IS AUTHORIZED TO |

A-041

| | | | |
|---|---|---|---|
| | | | EMPLOY COREY GUSTAFSON AND CORE VALUES APPRAISAL & ADVISORY, INC. AS THE APPRAISER TO THE TRUSTEE ON THE TERMS AND CONDITIONS DESCRIBED IN THE APPLICATION. (slh, usbc) (Entered: 09/23/2024) |
| 09/23/2024 | | 357 | Response filed by Creditor Lolonyon Akouete Re: 353 Order dated 9/23/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). (dc) (Entered: 09/23/2024) |
| 09/24/2024 | | 359 | Creditor Lolonyon Akouete's Expedited Motion Seeking Clarification On Retrospective Appraisal Process with certificate of service. (slh, usbc) (Entered: 09/24/2024) |
| 09/25/2024 | | 360 | Order Dated 9/25/2024 Re: 357 Response filed by Creditor Lolonyon Akouete Re: 353 Order dated 9/23/2024 Re: 340 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a). See Order for Full Text. (ab) (Entered: 09/25/2024) |
| 09/25/2024 | | 361 | BNC Certificate of Mailing – PDF Document. (Re: 353 Order on Motion to Compel) Notice Date 09/25/2024. (Admin.) (Entered: 09/26/2024) |
| 09/25/2024 | | 362 | BNC Certificate of Mailing – PDF Document. (Re: 356 Order on Application to Employ) Notice Date 09/25/2024. (Admin.) (Entered: 09/26/2024) |
| 09/26/2024 | | 363 | Order dated 9/26/2024 Re: 358 Motion filed by Creditor Lolonyon Akouete to Clarify Disputed Issues and Request for Admissions Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. DENIED. THE COURT HAS ADDRESSED IN OPEN COURT THE ISSUES THAT NEED TO BE CONSIDERED FOR THE TRUSTEE TO MEET HIS BURDEN REGARDING THE PENDING MOTION TO APPROVE SETTLEMENT AGREEMENT. FURTHER, MR. AKOUETE SHOULD NOTE THAT DISCOVERY REQUESTS SHOULD NOT BE FILED WITH THE COURT (SEE MLBR 7026–1(a)) AND PAST APPRAISALS DO NOT CONSTITUTE EVIDENCE UNLESS DETERMINED NOT TO BE HEARSAY OR SUBJECT TO OTHER EVIDENTIARY OBJECTIONS. ANY EXPERT TESTIMONY ON VALUE MUST BE GIVEN BY THE EXPERT AT TRIAL SUBJECT TO CROSS EXAMINATION. (slh, usbc) (Entered: 09/26/2024) |
| 09/26/2024 | | 364 | Order dated 9/26/2024 Re: 359 Creditor Lolonyon Akouete's Expedited Motion Seeking Clarification On Retrospective Appraisal Process. DENIED. PURSUANT TO THE ORDER ENTERED AT ECF NO. 331, THE COURT DIRECTED THAT TO THE EXTENT THAT ANY PARTY IN INTEREST SEEKS TO INTRODUCE APPRAISAL TESTIMONY AT THE [EVIDENTIARY HEARING SCHEDULED FOR NOVEMBER 18, 2024], ON OR BEFORE NOVEMBER 8, 2024 AT 11:59 P.M., THEY SHALL IDENTIFY THE APPRAISER, IF NOT PREVIOUSLY IDENTIFIED, AND SHALL FILE A COPY OF THE APPRAISAL REPORT ON THE DOCKET. THE TRUSTEES APPRAISER'S REPORT WILL BE FILED BY THAT DATE AND PARTIES IN INTEREST WILL BE ABLE TO CROSS EXAMINE ANY EXPERT ON THEIR REPORT, INCLUDING REGARDING THE SCOPE AND VALUATION DATE USED FOR AN APPRAISAL, AT THE EVIDENTIARY HEARING ON THE MOTION TO APPROVE SETTLEMENT AGREEMENT. (slh, usbc) (Entered: 09/26/2024) |

A-042

| 09/27/2024 | | 365 | BNC Certificate of Mailing – PDF Document. (Re: 360 Order) Notice Date 09/27/2024. (Admin.) (Entered: 09/28/2024) |
|---|---|---|---|
| 09/28/2024 | | 366 | BNC Certificate of Mailing – PDF Document. (Re: 363 Order on Motion to Clarify) Notice Date 09/28/2024. (Admin.) (Entered: 09/29/2024) |
| 09/28/2024 | | 367 | BNC Certificate of Mailing – PDF Document. (Re: 364 Order on Motion to Clarify) Notice Date 09/28/2024. (Admin.) (Entered: 09/29/2024) |
| 10/02/2024 | | 368 | Motion filed by Creditor Lolonyon Akouete *To Order Trustee to Evaluate Current Offers for the Property at 231 Turnpike Road* And Expedite Decision–Making Process, with certificate of service. (ab) (Entered: 10/02/2024) |
| 10/02/2024 | | 369 | Order dated 10/2/2024 Re: 368 Motion filed by Creditor Lolonyon Akouete To Order Trustee to Evaluate Current Offers for the Property at 231 Turnpike Road And Expedite Decision–Making Process. DENIED. See Order for Full Text. (ab) (Entered: 10/02/2024) |
| 10/02/2024 | | 370 | Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs with certificate of service. (Smerage, Roger) (Entered: 10/02/2024) |
| 10/02/2024 | | 371 | Affidavit of Roger L. Smerage with certificate of service (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Certificate of Service) (Smerage, Roger) (Entered: 10/02/2024) |
| 10/03/2024 | | 372 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. (slh, usbc) (Entered: 10/03/2024) |
| 10/03/2024 | | 373 | Preliminary Hybrid Hearing Scheduled on 10/8/2024 at 02:30 PM Either Zoom or In person at Worcester Courtroom 3 – CJP on 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. Objections due by 10/7/2024 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 10/03/2024) |
| 10/03/2024 | | 374 | Certificate of Service of Notice of Hearing (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Preliminary Hybrid Hearing) (Smerage, Roger) (Entered: 10/03/2024) |
| 10/04/2024 | | 375 | BNC Certificate of Mailing – PDF Document. (Re: 369 Order on Motion for Order/Authority) Notice Date 10/04/2024. (Admin.) (Entered: 10/05/2024) |
| 10/07/2024 | | 376 | Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate with certificate of service Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 377 | |

A-043

Case 4:25-cv-10671-DJC   Document 24-1   Filed 03/12/26   Page 49 of 520
Case 4:22-cv-10759-DJC   Doc 01/05/24   Entered 01/05/24 10:51:12   Page 44 of 176
Document     Page 44 of 176

| | | | |
|---|---|---|---|
| | | | Order dated 10/7/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction, in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. THE COURT HEREBY CONVERTS THE HYBRID PRELIMINARY HEARING SCHEDULED FOR OCTOBER 8, 2024 AT 2:30 P.M. (THE "HEARING") ON THE TOWN OF WESTBOROUGHS MOTION FOR INJUNCTION AND SANCTIONS AGAINST LOLONYON AKOUETE [DKT. NO. 370] (THE "MOTION") TO A TELEPHONIC HEARING. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 161 012 8222 AND PASSCODE 274787 WHEN PROMPTED. THE OBJECTION DEADLINE REMAINS UNCHANGED AND OBJECTIONS ARE DUE TODAY, OCTOBER 7, 2024, AT 11:59 P.M.THE TOWN OF WESTBOROUGH SHALL SERVE A COPY OF THIS ORDER BY EMAIL TO ALL PARTIES IN INTEREST AND SHALL FILE A CERTIFICATE OF SERVICE REGARDING THE SAME. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 378 | Certificate of Service of Notice of Hearing *(re Order Converting Hearing)* (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 10/07/2024) |
| 10/07/2024 | | 379 | Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer filed by Creditor Lolonyon Akouete with Certificate of Service Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 380 | Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete with Certificate of Service. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 381 | Scheduling Order dated 10/7/2024 Re: 380 Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. THE COURT HEREBY SCHEDULES A TELEPHONIC HEARING ON THE COUNTERCLAIM AND CROSS–MOTION FOR EQUITABLE INTEREST, COLLUSIVE FORECLOSURE, CONSPIRACY TO DEFRAUD, UNJUST ENRICHMENT, AND SANCTIONS AGAINST THE TOWN OF WESTBOROUGH FILED BY LOLONYON AKOUETE [ECF NO. 380] FOR OCTOBER 8, 2024 AT 2:30 P.M. (THE "HEARING"). TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 161 012 8222 AND PASSCODE 274787 WHEN PROMPTED.ANY OBJECTIONS MAY BE MADE AT THE HEARING.MR. AKOUETE SHALL SERVE NOTICE OF THE HEARING BY TELEPHONE OR EMAIL TO ALL PARTIES IN INTEREST AND SHALL FILE A CERTIFICATE OF SERVICE REGARDING THE SAME. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | | Telephonic Hearing Scheduled to 10/8/2024 at 02:30 PM Re: 380 Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. (slh, usbc) (Entered: 10/07/2024) |
| 10/07/2024 | | 384 | Certificate of Service of Notice of Telephonic Hearing filed by Creditor Lolonyon Akouete Re: 380 Counterclaim and Cross–Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust |

A-044

| | | | |
|---|---|---|---|
| | | | Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. (slh, usbc) (Entered: 10/08/2024) |
| 10/08/2024 | | 382 | Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause Re: 376 Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate with certificate of service Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. DENIED. MR. AKOUETE IS ORDERED TO SHOW CAUSE IN WRITING ON OR BEFORE OCTOBER 22, 2024, WHY HE SHOULD NOT BE SANCTIONED FOR FILING THIS PLEADING, WHICH REITERATES HIS OPPOSITION TO THE PROPOSED SETTLEMENT. See Order for Full Text. (slh, usbc) (Entered: 10/08/2024) |
| 10/08/2024 | | 383 | Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer filed by Creditor Lolonyon Akouete Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. See Order for Full Text. (slh, usbc) (Entered: 10/08/2024) |
| 10/08/2024 | | | Hearing Held Re: 380 Counterclaim and Cross−Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. (ab) (Entered: 10/08/2024) |
| 10/08/2024 | | | Hearing Held Re: 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. (ab) (Entered: 10/09/2024) |
| 10/09/2024 | | 385 | Proceeding Memorandum and Order dated 10/9/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. THE COURT WILL ENTER A SEPARATE ORDER AS DESCRIBED ON THE RECORD WITH RESPECT TO ORDERING MR. AKOUETE NOT TO TAKE ACTIONS THAT MISREPRESENT OR IMPLY THAT HE HAS AUTHORITY TO SELL OR SOLICIT OFFERS FOR THE REAL PROPERTY RECORD TITLE FOR WHICH IS IN THE NAME OF WESTBOROUGH AND AS TO WHICH THE TRUSTEE HAS IDENTIFIED CERTAIN CLAIMS THAT HE HAS PROPOSED TO SETTLE ON BEHALF OF THE ESTATE. THE COURT WILL ENTER OTHER ORDERS SCHEDULING A HEARING OR ACTING ON THE Modified on 10/10/2024 (slh, usbc). (Entered: 10/09/2024) |
| 10/09/2024 | | 386 | Proceeding Memorandum and Order dated 10/9/2024 Re: 380 Counterclaim and Cross−Motion for Equitable Interest, Collusive Foreclosure, Conspiracy to Defraud, Unjust Enrichment and Sanctions Against the Town of Westborough filed by Creditor Lolonyon Akouete. DENIED FOR THE REASONS STATED ON THE RECORD. (slh, usbc) (Entered: 10/09/2024) |
| 10/09/2024 | | 387 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 382 Order dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause and Re: 383 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause. (slh, usbc) (Entered: 10/09/2024) |

A-045

| | | | |
|---|---|---|---|
| 10/09/2024 | | 388 | BNC Certificate of Mailing – PDF Document. (Re: 377 Order on Motion For Preliminary Injunction) Notice Date 10/09/2024. (Admin.) (Entered: 10/10/2024) |
| 10/09/2024 | | 389 | BNC Certificate of Mailing – PDF Document. (Re: 381 Order on Generic Motion) Notice Date 10/09/2024. (Admin.) (Entered: 10/10/2024) |
| 10/10/2024 | | 390 | Motion filed by Creditor Lolonyon Akouete to Substitute Proposed Order and Suggest Use of Lis Pendens with certificate of service Re: 385 Proceeding Memorandum and Order dated 10/9/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. (slh, usbc) (Entered: 10/10/2024) |
| 10/10/2024 | | 391 | Order dated 10/10/2024 Re: 390 Motion filed by Creditor Lolonyon Akouete to Substitute Proposed Order and Suggest Use of Lis Pendens with certificate of service Re: 385 Proceeding Memorandum and Order dated 10/9/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete. THE COURT WILL REVIEW THE PROPOSED FORMS OF ORDER SUBMITTED AND ENTER ITS OWN ORDER. ALL OTHER RELIEF REQUESTED PURSUANT THE MOTION AT ECF NO. 390 IS DENIED. (slh, usbc) (Entered: 10/10/2024) |
| 10/10/2024 | | 392 | Order Directed to Lolonyon Akouette dated 10/10/2024 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. See Order for Full Text. (slh, usbc) (Entered: 10/10/2024) |
| 10/10/2024 | | 393 | BNC Certificate of Mailing – PDF Document. (Re: 382 Order on Motion to Compel) Notice Date 10/10/2024. (Admin.) (Entered: 10/11/2024) |
| 10/10/2024 | | 394 | BNC Certificate of Mailing – PDF Document. (Re: 383 Order) Notice Date 10/10/2024. (Admin.) (Entered: 10/11/2024) |
| 10/10/2024 | | 395 | Motion filed by Creditor Lolonyon Akouete to Request Permission to Appear Via Zoom at Hearing Scheduled for 11/18/2024 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement. (slh, usbc) (Entered: 10/11/2024) |
| 10/11/2024 | | 396 | BNC Certificate of Mailing – PDF Document. (Re: 385 Order on Motion For Preliminary Injunction) Notice Date 10/11/2024. (Admin.) (Entered: 10/12/2024) |
| 10/11/2024 | | 397 | BNC Certificate of Mailing – PDF Document. (Re: 386 Order on Generic Motion) Notice Date 10/11/2024. (Admin.) (Entered: 10/12/2024) |
| 10/12/2024 | | 398 | BNC Certificate of Mailing – PDF Document. (Re: 391 Order on Motion for Lis Pendens) Notice Date 10/12/2024. (Admin.) (Entered: 10/13/2024) |
| 10/12/2024 | | 399 | BNC Certificate of Mailing – PDF Document. (Re: 392 Order on Motion For Preliminary Injunction) Notice Date 10/12/2024. (Admin.) (Entered: 10/13/2024) |
| 10/15/2024 | | 400 | Notice of Appearance and Request for Notice by Brian Charville with certificate of service filed by Creditor Ferris Development Group, LLC (Charville, Brian) (Entered: 10/15/2024) |
| 10/17/2024 | | 401 | |

A-046

| | | | |
|---|---|---|---|
| | | | Order dated 10/17/2024 Re: <u>395</u> Motion filed by Creditor Lolonyon Akouete to Request Permission to Appear Via Zoom at Hearing Scheduled for 11/18/2024 Re: <u>190</u> Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: <u>189</u> Settlement Agreement. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (slh, usbc) (Entered: 10/17/2024) |
| 10/19/2024 | | <u>402</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>401</u> Order on Motion to Appear Telephonically or Via Video Conference) Notice Date 10/19/2024. (Admin.) (Entered: 10/20/2024) |
| 10/21/2024 | | 403 | Notice of Docketing Record on Appeal to Court of Appeals (BAP: 24–0016) U.S. Court of Appeals for First Circuit case number: 24–9004. (meh, Usbc) (Entered: 10/21/2024) |
| 10/23/2024 | | <u>404</u> | Emergency Motion filed by Creditor Lolonyon Akouete for Interim Distribution Due to Family Health Emergency with Certificate of Service. (slh, usbc) (Entered: 10/23/2024) |
| 10/23/2024 | | <u>405</u> | Order dated 10/23/2024 Re: <u>404</u> Emergency Motion filed by Creditor Lolonyon Akouete for Interim Distribution Due to Family Health Emergency. WHILE THE COURT IS SYMPATHETIC TO MR. AKOUETE'S FAMILY CIRCUMSTANCES, THE MOTION IS DENIED FOR THE SAME REASONS REFERENCED IN THE NUMEROUS PRIOR ORDERS ENTERED IN THIS CASE DENYING SIMILAR RELIEF. SEE, E.G., ORDER DENYING EMERGENCY MOTION FOR INTERIM DISTRIBUTION PENDING APPEAL (ECF NO. 268), ORDER DENYING SECOND MOTION FOR INTERIM DISTRIBUTION (ECF NO. 204). WITHIN 14 DAYS OF THE DATE OF THIS ORDER, THE TRUSTEE SHALL FILE A STATUS REPORT REGARDING THE TRUSTEES CONTEMPLATED TIMING FOR FILING ANY OBJECTION TO MR. AKOUETE'S CLAIM STATING WHETHER IT WOULD BE REASONABLE FOR THE TRUSTEE TO FILE AN OBJECTION TO MR. AKOUETE'S CLAIM BY A DATE TO BE ESTABLISHED TO BEGIN THE CLAIM RESOLUTION PROCESS AND AVOID FUTURE DELAYS GIVEN THAT THERE APPEAR TO BE ASSETS THAT MAY RESULT IN A DISTRIBUTION TO GENERAL UNSECURED CREDITORS. (slh, usbc) (Entered: 10/23/2024) |
| 10/25/2024 | | <u>406</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>405</u> Order on Motion for Interim/Supplemental Distribution) Notice Date 10/25/2024. (Admin.) (Entered: 10/26/2024) |
| 11/01/2024 | | <u>407</u> | Scheduling Order Dated 11/1/2024 Re: <u>370</u> Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete, <u>382</u> Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause Re: <u>376</u> Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate Re: <u>190</u> Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: <u>189</u> Settlement Agreement, and <u>383</u> Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: <u>379</u> Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer filed by Creditor Lolonyon Akouete Re: <u>190</u> Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: <u>189</u> Settlement Agreement. See Order for Full Text. (ab) (Entered: 11/01/2024) |
| 11/01/2024 | | <u>408</u> | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service of Notice of Hearing (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs, 382 Order on Motion to Compel, 383 Order) filed by Creditor Town of Westborough (Attachments: # 1 Doc. No. 407 (Scheduling Order)) (Smerage, Roger) (Entered: 11/01/2024) |
| 11/03/2024 | | 409 | BNC Certificate of Mailing – PDF Document. (Re: 407 Order To Set Hearing) Notice Date 11/03/2024. (Admin.) (Entered: 11/03/2024) |
| 11/06/2024 | | 410 | Objection to Claim 4 of Claimant Lolonyon Akouete. filed by Trustee Jonathan R. Goldsmith. (Attachments: # 1 Certificate of Service)(Devine, Christine) (Entered: 11/06/2024) |
| 11/07/2024 | | 411 | Emergency Motion filed by Creditor Lolonyon Akouete with certificate of service For Expedited Resolution of Claims In Response to Trustee's Objection to Claims [Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith], Request For Expedited Hearing Due to Urgent Family Medical Needs. (ab) (Entered: 11/07/2024) |
| 11/08/2024 | | 412 | Notice *of Appraisal* with certificate of service filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/08/2024) |
| 11/08/2024 | | 413 | Expedited Motion filed by Trustee Jonathan R. Goldsmith For Authority (Re: 190 Motion to Approve) *To Withdraw Settlement Motion and to Convert November 18th Hearing to Non–Evidentiary Status Conference* with certificate of service. (Devine, Christine) (Entered: 11/08/2024) |
| 11/08/2024 | | 414 | Order dated 11/8/2024 Re: 411 Emergency Motion filed by Creditor Lolonyon Akouete For Expedited Resolution of Claims In Response to Trustee's Objection to Claims [Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith], Request For Expedited Hearing Due to Urgent Family Medical Needs. GRANTED ONLY TO THE LIMITED EXTENT THAT MR. AKOUETE IS SEEKING TO SHORTEN HIS RESPONSE DEADLINE TO AND DEPART FROM THE TIME AND MANNER OF SERVICE WITH RESPECT TO THE "TRUSTEE'S OBJECTION TO CLAIMS OF LOLONYN AKOUETE (CLAIM NOS. 4.1 AND 4.2)" [ECF NO. 410] (THE "CLAIM OBJECTION") UNDER FED. R. BANKR. P. 3007 AND MLBR 3007–1. THE EMERGENCY MOTION IS OTHERWISE STRICKEN IN ALL OTHER RESPECTS. See Order for Full Text. (ab) (Entered: 11/08/2024) |
| 11/10/2024 | | 415 | BNC Certificate of Mailing – PDF Document. (Re: 414 Order on Motion for Emergency/Expedited Determination) Notice Date 11/10/2024. (Admin.) (Entered: 11/11/2024) |
| 11/10/2024 | | 416 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 11/12/2024) |
| 11/12/2024 | | 417 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 11/12/2024). (RE: Meeting of Creditors Held filed by Trustee Jonathan R. Goldsmith). (Goldsmith, Jonathan) (Entered: 11/12/2024) |

A-048

| | | | |
|---|---|---|---|
| 11/13/2024 | | 418 | Order dated 11/13/2024 Re: 413 Expedited Motion filed by Trustee Jonathan R. Goldsmith For Authority (Re: 190 Motion to Approve) To Withdraw Settlement Motion and to Convert November 18th Hearing to Non–Evidentiary Status Conference. GRANTED IN PART AND DENIED IN PART AS FOLLOWS. THE TRUSTEE IS HEREBY AUTHORIZED TO WITHDRAW THE MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SETTLEMENT AGREEMENT [ECF NO. 190] (SETTLEMENT MOTION) AND THE SETTLEMENT MOTION IS WITHDRAWN. THE EVIDENTIARY HEARING SCHEDULED FOR NOVEMBER 18, 2024 IS CANCELED. THE COURT HEREBY RESCHEDULES THE NOVEMBER 18, 2024 STATUS CONFERENCES. See Order for Full Text. (ab) (Entered: 11/13/2024) |
| 11/13/2024 | | | Status Conference rescheduled to 11/19/2024 at 01:30 PM at Worcester Courtroom 3 – CJP. Re: 1 Involuntary Petition (Chapter 7), 20 Motion for Relief From Stay filed by Creditor Town of Westborough, 69 Motion to Dismiss Case filed by Creditor Town of Westborough. (ab) (Entered: 11/13/2024) |
| 11/13/2024 | | 419 | Hybrid Hearing Scheduled on 11/19/2024 at 01:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 11/13/2024) |
| 11/13/2024 | | 420 | Emergency Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 418 Order on Motion for Order/Authority] with certificate of service. (Devine, Christine) (Entered: 11/13/2024) |
| 11/13/2024 | | 421 | Objection with certificate of service filed by Creditor Lolonyon Akouete Re: 420 Emergency Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 418 Order on Motion for Order/Authority] with certificate of service. (ab) (Entered: 11/14/2024) |
| 11/14/2024 | | 422 | Expedited Motion filed by Creditor Town of Westborough to Continue Hearing [Re: 20 Motion for Relief From Stay, 69 Motion to Dismiss Case, 190 Motion to Approve] with certificate of service. (Attachments: # 1 Exhibit A # 2 Exhibit B) (Smerage, Roger) (Entered: 11/14/2024) |
| 11/14/2024 | | 423 | Order dated 11/14/2024 Re: 420 Emergency Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing Re: 418 Order on Motion for Order/Authority and Re: 422 Expedited Motion filed by Creditor Town of Westborough to Continue Hearing Re: 20 Motion for Relief From Stay, Re: 69 Motion to Dismiss Case and Re: 190 Motion to Approve. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (slh, usbc) (Entered: 11/14/2024) |
| 11/14/2024 | | | Hybrid Status Conference Continued to a Telephonic Status Conference on 11/20/2024 at 03:00 PM Re: 1 Involuntary Petition. (lb) (Entered: 11/14/2024) |
| 11/14/2024 | | | Hybrid Status Conference Continued to a Telephonic Status Conference on 11/20/2024 at 03:00 PM Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 11/14/2024) |
| 11/14/2024 | | | Hybrid Status Conference Continued to a Telephonic Status Conference on 11/20/2024 at 03:00 PM Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 11/14/2024) |

A-049

| | | | |
|---|---|---|---|
| 11/14/2024 | | | Hybrid Hearing Continued to a Telephonic Hearing on 11/20/2024 at 03:00 PM Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (lb) (Entered: 11/14/2024) |
| 11/14/2024 | | 424 | Certificate of Service (Re: 423 Order on Motion to Continue/Cancel Hearing, Order on Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/14/2024) |
| 11/15/2024 | | 425 | BNC Certificate of Mailing – PDF Document. (Re: 418 Order on Motion for Order/Authority) Notice Date 11/15/2024. (Admin.) (Entered: 11/16/2024) |
| 11/16/2024 | | 426 | BNC Certificate of Mailing – PDF Document. (Re: 423 Order on Motion to Continue/Cancel Hearing) Notice Date 11/16/2024. (Admin.) (Entered: 11/17/2024) |
| 11/20/2024 | | | Status Conference Held Re: 1 Involuntary Petition and Hearing Held Re: 410 Objection to Claim filed by Trustee Jonathan R. Goldsmith. (lb) (Entered: 11/21/2024) |
| 11/20/2024 | | | Telephonic Status Conference Held and a Hybrid Hearing is scheudled on 01/15/2025 Either by Zoom or In Person at 02:30 PM at Worcester Courtroom 3 – CJP Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 11/21/2024) |
| 11/20/2024 | | | Telephonic Status Conference Held and a Hybrid Hearing is scheduled on 01/15/2025 Either by Zoom or In Person at 02:30 PM at Worcester Courtroom 3 – CJP Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 11/21/2024) |
| 11/21/2024 | | 427 | Proceeding Memorandum and Order Dated 11/21/2024 Re: 1 Chapter 7 Involuntary Petition. TELEPHONIC STATUS CONFERENCE HELD. (ab) (Entered: 11/21/2024) |
| 11/21/2024 | | 428 | Proceeding Memorandum and Order dated 11/21/2024 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts. TELEPHONIC STATUS CONFERENCE HELD. A HYBRID HEARING IS SCHEDULED ON 1/15/2025 AT 2:30 P.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 1/14/2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 11/21/2024) |
| 11/21/2024 | | 429 | Proceeding Memorandum and Order dated 11/21/2024 Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case. TELEPHONIC STATUS CONFERENCE HELD. A HYBRID HEARING IS SCHEDULED ON 1/15/2025 AT 2:30 P.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT |

A-050

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN 1/14/2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 11/21/2024) |
| 11/21/2024 | | 430 | Proceeding Memorandum and Order Order Dated 11/21/2024 Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete. filed by Trustee Jonathan R. Goldsmith. ANY AMENDED CLAIM SHALL BE FILED WITHIN 7 DAYS. A SEPARATE CASE MANAGEMENT ORDER WILL ENTER. (ab) (Entered: 11/21/2024) |
| 11/22/2024 | | 431 | Hybrid Status Conference Scheduled on 1/15/2025 at 02:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 26 Order for Relief (Ch.7). PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb). (Entered: 11/22/2024) |
| 11/23/2024 | | 432 | BNC Certificate of Mailing – PDF Document. (Re: 427 Order) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/23/2024 | | 433 | BNC Certificate of Mailing – PDF Document. (Re: 428 Order on Motion For Relief From Stay) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/23/2024 | | 434 | BNC Certificate of Mailing – PDF Document. (Re: 429 Order on Motion to Dismiss Case) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/23/2024 | | 435 | BNC Certificate of Mailing – PDF Document. (Re: 430 Order on Objection to Claim) Notice Date 11/23/2024. (Admin.) (Entered: 11/24/2024) |
| 11/24/2024 | | 436 | BNC Certificate of Mailing – Hearing. (Re: 431 Hearing Scheduled) Notice Date 11/24/2024. (Admin.) (Entered: 11/25/2024) |
| 11/24/2024 | | 437 | Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information with certificate of service. (ab) (Entered: 11/25/2024) |
| 11/24/2024 | | 438 | Motion filed by Creditor Lolonyon Akouete For Entry of a Case Management Order to Streamline Discovery and Expedite Resolution of Consted Proof of Claim (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 11/25/2024) |
| 11/26/2024 | | 439 | Order dated 11/26/2024 Re: 438 Motion filed by Creditor Lolonyon Akouete For Entry of a Case Management Order to Streamline Discovery and Expedite Resolution of Consted Proof of Claim (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith). THE MOTION [ECF NO. 438] IS DENIED FOR THE REASONS DISCUSSED AT THE SCHEDULING CONFERENCE HELD ON 11/20/2024. GIVEN THE HOLIDAYS AND THE ISSUES RAISED BY THE TRUSTEES OBJECTION, THE TRUSTEES REQUEST OF 90 DAYS FOR A DISCOVERY PERIOD IS REASONABLE. A SEPARATE CASE MANAGEMENT ORDER WILL ENTER CONSISTENT WITH THE COLLOQUY AT THE RECENT SCHEDULING CONFERENCE. (ab) (Entered: 11/26/2024) |
| 11/26/2024 | | 440 | |

A-051

| | | | |
|---|---|---|---|
| | | | NOTICE OF RESCHEDULED HYBRID HEARING Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. Hearing Rescheduled to 1/15/2025 at 02:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 11/26/2024) |
| 11/26/2024 | | 441 | NOTICE OF RESCHEDULED HYBIRD HEARING Re: 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause AND 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause. Hybrid Hearing Rescheduled to 1/15/2025 at 02:30 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 11/26/2024) |
| 11/26/2024 | | 442 | Certificate of Service of Notice of Hearing (Re: 370 Motion for Preliminary Injunction, Motion for Sanctions/Costs) filed by Creditor Town of Westborough (Attachments: # 1 Notice of Rescheduled Hybrid Hearing) (Smerage, Roger) (Entered: 11/26/2024) |
| 11/27/2024 | | 443 | Order Dated 11/27/2024 Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information. Hearing 12/17/2024 at 02:00 PM at Worcester Courtroom 3 – CJP. Objections due by 12/13/2024 at 11:59 PM. See Order for Full Text. (ab) (Entered: 11/27/2024) |
| 11/28/2024 | | 444 | BNC Certificate of Mailing – Hearing. (Re: 441 Hearing Scheduled) Notice Date 11/28/2024. (Admin.) (Entered: 11/29/2024) |
| 11/28/2024 | | 445 | BNC Certificate of Mailing – PDF Document. (Re: 439 Order on Motion for Order/Authority) Notice Date 11/28/2024. (Admin.) (Entered: 11/29/2024) |
| 11/29/2024 | | 446 | BNC Certificate of Mailing – PDF Document. (Re: 443 Order To Set Hearing) Notice Date 11/29/2024. (Admin.) (Entered: 11/30/2024) |
| 12/03/2024 | | 447 | Motion filed by Trustee Jonathan R. Goldsmith For Order *Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act* with certificate of service. (Devine, Christine) (Entered: 12/03/2024) |
| 12/04/2024 | | 448 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. (ab) (Entered: 12/04/2024) |
| 12/04/2024 | | 449 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena with certificate of service. (ab) (Entered: 12/04/2024) |
| 12/04/2024 | | 450 | Notice *to All Parties In Interest* with certificate of service filed by Creditor Lolonyon Akouete. (Attachments: # 1 Exhibit) (ab) (Entered: 12/04/2024) |
| 12/04/2024 | | 451 | Hybrid Hearing Scheduled on 12/17/2024 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate |

A-052

| | | | |
|---|---|---|---|
| | | | Transparency Act. Objections due by 12/13/2024 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 12/04/2024) |
| 12/04/2024 | | 452 | Motion filed by Creditor Lolonyon Akouete For Approval to Serve Subpoena By Email with certificate of service. (ab) (Entered: 12/05/2024) |
| 12/05/2024 | | 453 | Certificate of Service of Notice of Hearing (Re: 447 Motion for Order/Authority) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 12/05/2024) |
| 12/11/2024 | | 454 | Expedited Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Address Amended Claim and Request for Mediation **[Expedited Determination Requested]** with certificate of service. (slh, usbc) Additional attachment(s) added on 12/11/2024 (meh, Usbc). (Entered: 12/11/2024) |
| 12/11/2024 | | 455 | Motion filed by Creditor Lolonyon Akouete to Strike Response to Motion for Sanctions (Dkt. #187) as Improperly Relied Upon to Oppose Claim Re: 187 Response to Motion for Sanctions for Violation of the Automatic Stay with certificate of service filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs Response with certificate of service. (slh, usbc) (Entered: 12/11/2024) |
| 12/11/2024 | | 456 | Motion filed by Creditor Lolonyon Akouete For Court Order Authorizing Subpoena of Massachusetts State Tax Return with certificate of service. (slh, usbc) (Entered: 12/11/2024) |
| 12/11/2024 | | 457 | Order dated 12/11/2024 Re: 454 Expedited Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Address Amended Claim and Request for Mediation. GRANTED IN PART AND DENIED IN PART. THE COURT HEREBY GRANTS THE EXPEDITED DETERMINATION OF THIS MOTION AND DENIES THE REMAINING REQUESTS FOR RELIEF AS FOLLOWS.See Order for Full Text. (slh, usbc) (Entered: 12/11/2024) |
| 12/12/2024 | | 458 | Motion filed by Creditor Lolonyon Akouete with certificate of service to Withdraw [Re: 449 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] with Reservation of Rights. (ab) (Entered: 12/12/2024) |
| 12/13/2024 | | 459 | Limited Objection *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information with certificate of service. (Gordon, Stephen) (Entered: 12/13/2024) |
| 12/13/2024 | | 460 | Opposition filed by Witness Goulston & Storrs PC Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information with certificate of service. (Rosner, Douglas) (Entered: 12/13/2024) |
| 12/13/2024 | | 461 | Limited Objection *and Reservation of Rights* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information with certificate of service. (Devine, Christine) (Entered: 12/13/2024) |

| Date | | Doc # | Description |
|---|---|---|---|
| 12/13/2024 | | 462 | Objection to Claim 4 of Claimant Lolonyon Akouete. *and Request for Entry of Pretrial Scheduling Order* with certificate of service filed by Trustee Jonathan R. Goldsmith. (Devine, Christine) (Entered: 12/13/2024) |
| 12/13/2024 | | 463 | BNC Certificate of Mailing – PDF Document. (Re: 457 Order on Motion to Compel) Notice Date 12/13/2024. (Admin.) (Entered: 12/14/2024) |
| 12/16/2024 | | 464 | First Request from Creditor Lolonyon Akouete *For Admissions to Chapter 7 Trustee Jonathan R. Goldsmith* with certificate of service. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 465 | First Request from Creditor Lolonyon Akouete *For Production of Documents To Chapter 7 Trustee Jonathan R. Goldsmith* with certificate of service. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 466 | First Set of Interrogatories *to Chapter 7 Trustee Jonathan R. Goldsmith* filed by Creditor Lolonyon Akouete. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 467 | Reply with certificate of service filed by Creditor Lolonyon Akouete to 460 Opposition filed by Goulston & Storrs PC Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 468 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 459 Limited Objection of Petitioning Creditors filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 437 Motion filed by Creditor Lolonyon Akouete to Compel Assistance In Obtaining Critical Information. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 469 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 462 Second Objection to Claim 4 of Claimant Lolonyon Akouete and Request for Entry of Pretrial Scheduling Order filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 12/16/2024) |
| 12/16/2024 | | 470 | Endorsed Order dated 12/16/2024 Re: 458 Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 449 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] with Reservation of Rights. GRANTED AS FOLLOWS. THE MOTION FILED AT ECF NO. 449 IS HEREBY WITHDRAWN. (ab) (Entered: 12/16/2024) |
| 12/17/2024 | | 471 | Order dated 12/17/2024 Rescheduling January 15, 2025 Hearings Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay (231 Turnpike Road, Westborough, MA), 23 Order for Relief dated 10/11/2023, 69 Motion filed by Creditor Town of Westborough to Dismiss Case, 370 Motion of the Town of Westborough for Preliminary Injunction and Sanctions Against Lolonyon Akouete, 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause; and 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. DUE TO A CONFLICT WITH RESPECT TO THE COURT'S SCHEDULE, THE COURT HEREBY RESCHEDULES THE HYBRID HEARINGS ON ECF NOS. 20, 26, 69, 370, 382, AND 383 SCHEDULED FOR JANUARY 15, 2025 TO JANUARY 21, 2025 AT 2:00 P.M. IN COURTROOM 3, UNITED STATES BANKRUPTCY COURT, 595 MAIN STREET, WORCESTER, MA WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, |

A-054

| | | | |
|---|---|---|---|
| | | | PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JANUARY 17, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (ab) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 26 Order for Relief dated 10/11/2023. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 69 Motion to Dismiss Case filed by Creditor Town of Westborough. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 370 Motion for Preliminary Injunction, in addtion to Motion for Sanctions or Costs filed by Creditor Town of Westborough. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 382 Order dated 10/8/2024 Denying 376 and Directing Lolnyon Akouette to Show Cause. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hybrid Hearing Continued to 01/21/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 383 Order dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | | Hearing Held Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information, 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. (lb) (Entered: 12/17/2024) |
| 12/17/2024 | | 472 | Proceeding Memorandum and Order dated 12/17/2024 Re: 437 Expedited Motion filed by Creditor Lolonyon Akouete For Court Assistance To Obtaining Critical Information. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED WITHOUT PREJUDICE. (ab) (Entered: 12/17/2024) |
| 12/17/2024 | | 473 | Proceeding Memorandum and Order dated 12/17/2024 Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED. (ab) (Entered: 12/17/2024) |
| 12/18/2024 | | 474 | Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1) . (meh, Usbc) (Entered: 12/18/2024) |
| 12/18/2024 | | 475 | Motion filed by Creditor Lolonyon Akouete for Discovery Conference. (meh, Usbc) (Entered: 12/18/2024) |

A-055

| | | 476 | Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 456 Motion filed by Creditor Lolonyon Akouete For Order with certificate of service.]. (meh, Usbc) (Entered: 12/18/2024) |
|---|---|---|---|
| 12/18/2024 | | | |
| 12/18/2024 | | 477 | Notice to All Parities in Interest filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 12/18/2024) |
| 12/18/2024 | | 478 | BNC Certificate of Mailing – PDF Document. (Re: 470 Order on Motion to Withdraw Document) Notice Date 12/18/2024. (Admin.) (Entered: 12/19/2024) |
| 12/19/2024 | | 479 | BNC Certificate of Mailing – PDF Document. (Re: 471 Order on Motion to Dismiss Case) Notice Date 12/19/2024. (Admin.) (Entered: 12/20/2024) |
| 12/19/2024 | | 480 | BNC Certificate of Mailing – PDF Document. (Re: 472 Order on Motion to Compel) Notice Date 12/19/2024. (Admin.) (Entered: 12/20/2024) |
| 12/19/2024 | | 481 | BNC Certificate of Mailing – PDF Document. (Re: 473 Order on Motion for Order/Authority) Notice Date 12/19/2024. (Admin.) (Entered: 12/20/2024) |
| 12/20/2024 | | 482 | Supplement filed by Creditor Lolonyon Akouete (Re: 474 Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1)) And Request For Expedited Relief, with certificate of service. (ab) (Entered: 12/20/2024) |
| 12/20/2024 | | 483 | Motion filed by Creditor Lolonyon Akouete For Court Order Under Rule 9014(c) To Require Disclosure of Information Relied Upon By Trustee In Objection to Claim and Withdrawal of 474 Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1), with certificate of service. (ab) (Entered: 12/20/2024) |
| 12/20/2024 | | 484 | Order dated 12/20/2024 Re: 476 Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 456 Motion filed by Creditor Lolonyon Akouete For Order]. GRANTED AS FOLLOWS. THE MOTION FILED AT ECF NO. 456 IS HEREBY WITHDRAWN. (ab) (Entered: 12/20/2024) |
| 12/22/2024 | | 485 | BNC Certificate of Mailing – PDF Document. (Re: 484 Order on Motion to Withdraw Document) Notice Date 12/22/2024. (Admin.) (Entered: 12/23/2024) |
| 12/23/2024 | | 486 | Order Dated 12/23/2024 Re: 464 First Request from Creditor Lolonyon Akouete For Admissions to Chapter 7 Trustee Jonathan R. Goldsmith. STRICKEN. SEE MLBR 7026–1(a) (PROVIDING THAT "DEPOSITIONS UPON ORAL EXAMINATIONS, TRANSCRIPTS, INTERROGATORIES, REQUESTS FOR DOCUMENTS, REQUESTS FOR ADMISSIONS, AND ANSWERS AND RESPONSES THERETO, SHALL NOT BE FILED UNLESS SO ORDERED BY THE COURT OR FOR USE IN THE PROCEEDING"). (ab) (Entered: 12/23/2024) |
| 12/23/2024 | | 487 | Order Dated 12/23/2024 Re: 465 First Request from Creditor Lolonyon Akouete For Production of Documents To Chapter 7 Trustee Jonathan R. Goldsmith. STRICKEN. SEE MLBR 7026–1(a) (PROVIDING THAT "DEPOSITIONS UPON ORAL EXAMINATIONS, TRANSCRIPTS, INTERROGATORIES, REQUESTS FOR DOCUMENTS, REQUESTS FOR ADMISSIONS, AND ANSWERS AND RESPONSES THERETO, |

A-056

| | | | |
|---|---|---|---|
| | | | SHALL NOT BE FILED UNLESS SO ORDERED BY THE COURT OR FOR USE IN THE PROCEEDING"). (ab) (Entered: 12/23/2024) |
| 12/23/2024 | | 488 | Order Dated 12/23/2024 Re: 466 First Set of Interrogatories to Chapter 7 Trustee Jonathan R. Goldsmith filed by Creditor Lolonyon Akouete. STRICKEN. SEE MLBR 7026–1(a) (PROVIDING THAT "DEPOSITIONS UPON ORAL EXAMINATIONS, TRANSCRIPTS, INTERROGATORIES, REQUESTS FOR DOCUMENTS, REQUESTS FOR ADMISSIONS, AND ANSWERS AND RESPONSES THERETO, SHALL NOT BE FILED UNLESS SO ORDERED BY THE COURT OR FOR USE IN THE PROCEEDING"). (ab) (Entered: 12/23/2024) |
| 12/23/2024 | | 492 | Motion filed by Creditor Lolonyon Akouete to Reconsider ( 473 Proceeding Memorandum and Order dated 12/17/2024 Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act) with certificate of service. (ab) (Entered: 12/26/2024) |
| 12/25/2024 | | 489 | BNC Certificate of Mailing – PDF Document. (Re: 486 Order) Notice Date 12/25/2024. (Admin.) (Entered: 12/26/2024) |
| 12/25/2024 | | 490 | BNC Certificate of Mailing – PDF Document. (Re: 487 Order) Notice Date 12/25/2024. (Admin.) (Entered: 12/26/2024) |
| 12/25/2024 | | 491 | BNC Certificate of Mailing – PDF Document. (Re: 488 Order) Notice Date 12/25/2024. (Admin.) (Entered: 12/26/2024) |
| 12/30/2024 | | 493 | Opposition with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 492 Motion filed by Creditor Lolonyon Akouete to Reconsider ( 473 Order on Motion for Order/Authority) with certificate of service. (Gordon, Stephen) (Entered: 12/30/2024) |
| 01/03/2025 | | 494 | Reply filed by Creditor Lolonyon Akouete in Support of Motion to Reconsider Order that Trustee has no Duty to Submit Beneficial Ownership Information for the Debtor to FinCen Re: 493 Opposition with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 492 Motion filed by Creditor Lolonyon Akouete to Reconsider 473 Order on Motion for Order/Authority. (slh, usbc) (Entered: 01/03/2025) |
| 01/06/2025 | | 495 | Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate and Request for Expedited Relief with certificate of service. (slh, usbc) (Entered: 01/06/2025) |
| 01/06/2025 | | 496 | Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment with certificate of service. (slh, usbc) (Entered: 01/06/2025) |
| 01/06/2025 | | 497 | Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate with certificate of service. (slh, usbc) (Entered: 01/06/2025) |
| 01/06/2025 | | 498 | Judgment dated 12/13/24 and Mandate dated 1/6/2025 Issued By First Circuit Court of Appeals Judges Montecalvo, Kayatta and Rikelman, Dismissed Re: Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel Filed by Creditor Lolonyon Akouete RE: 204 Order on Motion for Interim/Supplemental Distribution. (meh, Usbc) (Entered: |

A-057

| | | | |
|---|---|---|---|
| | | | 01/10/2025) |
| 01/07/2025 | | 564 | Mandate dated 1/7/2025 Issued by Bankruptcy Appellate Panel, Re: BAP Number: 24–016 Re: 204 Order on Motion for Interim/Supplemental Distribution. (meh, Usbc) (Entered: 03/10/2025) |
| 01/15/2025 | | 499 | Motion filed by Creditor Lolonyon Akouete To Request Court Action On Pending Expedited Motion for Summary Judgment (Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment) with certificate of service. (ab) (Entered: 01/15/2025) |
| 01/15/2025 | | 500 | Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case] *Scheduled for January 21, 2025 (Expedited Determination Requested by January 17, 2025)* with certificate of service. (Devine, Christine) (Entered: 01/15/2025) |
| 01/16/2025 | | 501 | Response *Regarding Multiple Akouete Filings* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: (Devine, Christine) (Entered: 01/16/2025) |
| 01/16/2025 | | 502 | Creditor's Opposition filed by Creditor Lolonyon Akouete Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case]. (meh, Usbc) (Entered: 01/16/2025) |
| 01/16/2025 | | 503 | Response *of Petitioning Creditors to Opposition to Motion to Continue January 21, 2025 Hearings* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case] *Scheduled for January 21, 2025 (Expedited Determination Requested by January, 502 Creditor's Opposition filed by Creditor Lolonyon Akouete Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing [Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case]. (Gordon, Stephen) (Entered: 01/16/2025)* |
| 01/16/2025 | | 504 | Supplement with certificate of service (Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment) filed by Creditor Lolonyon Akouete. (ab) (Entered: 01/17/2025) |
| 01/16/2025 | | 505 | Response with certificate of service filed by Creditor Lolonyon Akouete to 501 Response *Regarding Multiple Akouete Filings* filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 01/17/2025) |
| 01/16/2025 | | 506 | Response with certificate of service filed by Creditor Lolonyon Akouete to 503 Response *of Petitioning Creditors to Opposition to Motion to Continue January 21, 2025 Hearings* Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing. (ab) (Entered: 01/17/2025) |
| 01/17/2025 | | 507 | Order dated 1/17/2025 Re: 500 Joint Motion filed by Trustee Jonathan R. Goldsmith to Continue Hearing Re: 20 Motion for Relief From Stay, 26 Order for Relief (Ch.7), 69 Motion to Dismiss Case Scheduled for January 21, 2025. GRANTED IN PART AND DENIED IN PART. THE COURT HEREBY RESCHEDULES ALL OF THE HYBRID HEARINGS SCHEDULED FOR JANUARY 21, 2025 REGARDING ECF NOS. 20, 26, 69, 370, 382, AND 383 TO JANUARY 31, 2025 AT 10:00 A.M. BY TELEPHONE. TO PARTICIPATE IN THE JANUARY 31, 2025 |

A-058

| | | | |
|---|---|---|---|
| | | | HEARING, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. THE COURT ANTICIPATES ENTERING ORDERS SHORTLY ON PENDING MOTIONS THAT HAVE BEEN FILED. (meh, Usbc) (Entered: 01/17/2025) |
| 01/18/2025 | | 508 | Motion filed by Interested Party Denise Edwards to Address Managerial Interest, Submit Evidence or Improper Conduct, and Recognize Movant's Contributions to the Estate with certificate of service. (meh, Usbc) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 20 Motion of the Town of Westborough for Relief from the Automatic Stay Re: 231 Turnpike Road, Westborough, MA. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 26 Order for Relief dated 10/11/2023. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 69 Motion of the Town of Westborough to Dismiss Bankruptcy Case. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouette to Show Cause. (lb) (Entered: 01/19/2025) |
| 01/19/2025 | | | Hybrid Hearing Continued to a Telephonic Hearing on 01/31/2025 at 10:00 AM Re: 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause. (lb) (Entered: 01/19/2025) |
| 01/21/2025 | | 509 | Second Supplement (Re: 496 Motion for Summary Judgment) filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 01/21/2025) |
| 01/23/2025 | | 510 | Expedited Motion filed by Creditor Lolonyon Akouete For Status Conference (Re: 452 Motion For Approval to Serve Subpoena By Mail, 475 Motion for Discovery Conference, 483 Motion For Court Order, 492 Motion to Reconsider, 495 Motion for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate and Request for Expedited Relief, 496 Expedited Motion for Summary Judgment, 499 Motion To Request Court Action On Pending Expedited Motion for Summary Judgment). (ab) (Entered: 01/24/2025) |
| 01/28/2025 | | 511 | Supplement to Objection filed by Creditor Lolonyon Akouete Re: 69 Motion filed by Creditor Town of Westborough to Dismiss Case with Certificate of Service. (slh, usbc) (Entered: 01/28/2025) |
| 01/29/2025 | | 512 | Motion filed by Creditor Lolonyon Akouete For Entry of Case Management Order (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 01/29/2025) |

A-059

| 01/29/2025 | | 513 | Notice *of Issuance of Subpoenas* with certificate of service filed by Creditor Lolonyon Akouete. (ab) (Entered: 01/29/2025) |
|---|---|---|---|
| 01/30/2025 | | 514 | Adversary case 25–04003. Complaint by Jonathan R. Goldsmith, Chapter 7 Trustee against Town of Westborough. Fee Amount $350. Nature of Suit(13 (Recovery of money/property – 548 fraudulent transfer)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))),(91 (Declaratory judgment))(Devine, Christine) (Entered: 01/30/2025) |
| 01/31/2025 | | 515 | Order dated 1/31/2025 Re: 452 Motion filed by Creditor Lolonyon Akouete For Approval to Serve Subpoena By Email. DENIED. ABSENT AGREEMENT, SERVICE OF SUBPOENAS BY MR. AKOUETE MUST BE EFFECTED IN COMPLIANCE WITH FED. R. CIV. P. 45(B), AS MADE APPLICABLE BY FED. R. BANKR. P. 9016. THE MOVANT HAS NOT DEMONSTRATED FUTILITY IN AN EFFORT TO EFFECT PERSONAL SERVICE AS REQUIRED BY THE RULE AND HAS NOT SHOWN OTHER GOOD CAUSE TO PERMIT OTHER FORMS OF ALTERNATIVE SERVICE. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 516 | Order dated 1/31/2025 Re: 483 Motion filed by Creditor Lolonyon Akouete For Court Order Under Rule 9014(c) To Require Disclosure of Information Relied Upon By Trustee In Objection to Claim and Withdrawal of 474 Motion filed by Creditor Lolonyon Akouete to Compel Initial Disclosures Pursuant to Rule 26(a)(1). DENIED IN PART AND GRANTED IN PART. THE REQUEST TO WITHDRAW IS GRANTED AND THE MOTION FILED AT ECF NO. 474 IS WITHDRAWN. THE REMAINDER OF THE RELIEF IS DENIED. MR. AKOUETE MAY MAKE DISCOVERY REQUESTS, AS MAY BE APPROPRIATE, FOR THE INFORMATION HE IS SEEKING. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 517 | Order dated 1/31/2025 Re: 455 Motion filed by Creditor Lolonyon Akouete to Strike Response to Motion for Sanctions (Dkt. #187) as Improperly Relied Upon to Oppose Claim Re: 187 Response to Motion for Sanctions for Violation of the Automatic Stay filed by Interested Party Walter A. Horst Re: 178 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs Response. THE "MOTION TO STRIKE RESPONSE TO MOTION FOR SANCTIONS (DKT. #187) AS IMPROPERLY RELIED UPON TO OPPOSE CLAIM REQUEST" [ECF NO. 455] (THE "MOTION") IS DENIED. NO GOOD CAUSE SHOWN TO STRIKE. TO THE EXTENT THE MOTION REQUESTS ANY OTHER RELIEF, IT IS DENIED BECAUSE NO GOOD CAUSE HAS BEEN SHOWN OR SUCH REQUEST IS NOT UNDERSTANDABLE. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 518 | Order Dated 1/31/2025 Re: 492 Motion filed by Creditor Lolonyon Akouete to Reconsider Re: 473 Proceeding Memorandum and Order dated 12/17/2024 Re: 447 Motion filed by Trustee Jonathan R. Goldsmith For Order Finding Trustee Has No Duty to Submit Beneficial Ownership Information to FINCEN Under Corporate Transparency Act.  UPON CONSIDERATION OF THE "MOTION TO RECONSIDER ORDER GRANTING TRUSTEES MOTION FOR FINDING OF NO DUTY TO SUBMIT BENEFICIAL OWNERSHIP INFORMATION TO FINCEN UNDER THE CORPORATE TRANSPARENCY ACT (DKT. NO. 473)" (ECF NO. 492, THE "MOTION") OF LOLONYON AKOUETE, THE OBJECTIONS AND REPLIES THERETO FILED AT ECF. NOS. 493 AND 494, RESPECTIVELY, AND THE RECORD OF THIS CASE, THE MOTION IS DENIED. See Order for Full Text. (slh, usbc) (Entered: |

A-060

| | | | |
|---|---|---|---|
| | | | 01/31/2025) |
| 01/31/2025 | | 519 | Order dated 1/31/2025 Re: 475 Motion filed by Creditor Lolonyon Akouete for Discovery Conference. DENIED WITHOUT PREJUDICE. MR. AKOUETE MAY RENEW HIS REQUEST AFTER APPROPRIATE SERVICE OF ANY SUBPOENAS ON THE PARTIES IDENTIFIED. SEE ORDER REGARDING ECF NO. 452 ENTERED AT ECF NO. 515. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 520 | Order dated 1/31/2025 Re: 495 Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate and Request for Expedited Relief. DENIED. TRUSTEE MAY, BUT IS NOT REQUIRED, TO PROVIDE A STATUS UPDATE ON ADMINISTRATION OF THE CASE AT THE SCHEDULED STATUS CONFERENCE. (ab) (Entered: 01/31/2025) |
| 01/31/2025 | | 521 | Order dated 1/31/2025 Re: 497 Motion filed by Creditor Lolonyon Akouete for Status Update and Direction Regarding Claims Belonging to the Bankruptcy Estate. DENIED. TRUSTEE MAY, BUT IS NOT REQUIRED, TO PROVIDE A STATUS UPDATE ON ADMINISTRATION OF THE CASE AT THE SCHEDULED STATUS CONFERENCE. (slh, usbc) (Entered: 01/31/2025) |
| 01/31/2025 | | 522 | Court Certificate of Mailing Re: 518 Order on Motion To Reconsider, 521 Order on Generic Motion. (slh, usbc) (Entered: 01/31/2025) |
| 01/31/2025 | | 523 | Objection *and Reservation of Rights Regarding Motion of Denise S. Edwards [Dkt. No. 508]* filed by Trustee Jonathan R. Goldsmith Re: 508 Motion filed by Interested Party Denise Edwards to Address Managerial Interest, Submit Evidence or Improper Conduct, and Recognize Movant's Contributions to the Estate with certificate of service. (Savoia, Angelina) (Entered: 01/31/2025) |
| 01/31/2025 | | | Hearing Held Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts, 26 Order for Relief dated 10/11/2023, 69 Motion filed by Creditor Town of Westborough to Dismiss Case, 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs, 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouete to Show Cause Re: 376 Motion filed by Creditor Lolonyon Akouete to Compel the Trustee to Act on the Motion to Vacate Foreclosure Judgment and to Recover Property into the Bankruptcy Estate, and 383 Order Dated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouette to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. (lb) (Entered: 01/31/2025) |
| 02/02/2025 | | 524 | BNC Certificate of Mailing – PDF Document. (Re: 515 Order on Generic Motion) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 525 | BNC Certificate of Mailing – PDF Document. (Re: 516 Order on Motion for Order/Authority) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 526 | BNC Certificate of Mailing – PDF Document. (Re: 517 Order on Motion to Strike) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 527 | BNC Certificate of Mailing – PDF Document. (Re: 518 Order on Motion To Reconsider) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |

A-061

| | | 528 | BNC Certificate of Mailing – PDF Document. (Re: 519 Order on Motion To Set/Combine Hearing) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
|---|---|---|---|
| 02/02/2025 | | 528 | |
| 02/02/2025 | | 529 | BNC Certificate of Mailing – PDF Document. (Re: 520 Order on Generic Motion) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/02/2025 | | 530 | BNC Certificate of Mailing – PDF Document. (Re: 521 Order on Generic Motion) Notice Date 02/02/2025. (Admin.) (Entered: 02/03/2025) |
| 02/03/2025 | | 531 | Consolidated Motion filed by Creditor Lolonyon Akouete For Summary Judgment (Re: 496 Expedited Motion for Summary Judgment, 509 Second Supplement, and 504 Supplement) with certificate of service. (ab) (Entered: 02/03/2025) |
| 02/05/2025 | | 532 | Proceeding Memorandum and Order dated 2/5/2025 Re: 370 Motion filed by Creditor Town of Westborough for Preliminary Injunction., in addition to Motion filed by Creditor Town of Westborough for Sanctions or Costs. THE REQUEST FOR SANCTIONS WILL BE RESCHEDULED PURSUANT TO FURTHER ORDERS THAT WILL ENTER. (ab) (Entered: 02/05/2025) |
| 02/05/2025 | | 533 | Proceeding Memorandum and Order Dated 2/05/2025 Re: 382 Order Dated 10/8/2024 Denying ECF No. 376 and Directing Lolonyon Akouete to Show Cause. THE SHOW CAUSE HEARING WILL BE RESCHEDULED PURSUANT TO FURTHER ORDERS THAT WILL ENTER. (ab) (Entered: 02/05/2025) |
| 02/05/2025 | | 534 | Proceeding Memorandum and Order Dated 2/05/2025 Re: 383 Order ated 10/8/2024 Striking ECF No. 379 and Directing Lolonyon Akouete to Show Cause Re: 379 Supplement to Motion to Vacate Foreclosure Judgment and Avoid Fraudulent Transfer. THE SHOW CAUSE HEARING WILL BE RESCHEDULED PURSUANT TO FURTHER ORDERS THAT WILL ENTER. (ab) (Entered: 02/05/2025) |
| 02/07/2025 | | 535 | Expedited Motion filed by Creditor Lolonyon Akouete To Set Deadline For Trustee's Response to Motion for Summary Judgment [Re: 496 Motion for Summary Judgment] with certificate of service. (ab) (Entered: 02/07/2025) |
| 02/07/2025 | | 536 | BNC Certificate of Mailing – PDF Document. (Re: 532 Order on Motion For Preliminary Injunction) Notice Date 02/07/2025. (Admin.) (Entered: 02/08/2025) |
| 02/07/2025 | | 537 | BNC Certificate of Mailing – PDF Document. (Re: 533 Order) Notice Date 02/07/2025. (Admin.) (Entered: 02/08/2025) |
| 02/07/2025 | | 538 | BNC Certificate of Mailing – PDF Document. (Re: 534 Order) Notice Date 02/07/2025. (Admin.) (Entered: 02/08/2025) |
| 02/14/2025 | | 539 | Proceeding Memorandum and Order dated 2/14/2025 Re: 20 Motion filed by Creditor Town of Westborough for Relief from Stay Re: 231 Turnpike Road, Westborough, Massachusetts, 26 Order for Relief (Ch.7) dated 10/11/2023, 69 Motion to Dismiss Case filed by Creditor Town of Westborough. HYBRID HEARINGS HELD ON 1/31/2025. FURTHER ORDERS WILL ENTER WITH RESPECT TO THESE MATTERS IN CONJUNCTION WITH FUTURE HEARINGS SCHEDULED IN ADVERSARY PROCEEDING NOS. 24–4006 AND 25–4003. (dr) |

A-062

| | | | |
|---|---|---|---|
| | | | (Entered: 02/14/2025) |
| 02/14/2025 | | 540 | Order dated 2/14/2025 Re: 410 Objection to Claims of Lolonyon Akouete (Claim Nos. 4.1 and 4.2) filed by Trustee Jonathan R. Goldsmith, 462 Second Objection to Claims of Claimant Lolonyon Akouete (Claim Nos. 4.1, 4.2, and 4.3) filed by Trustee Jonathan R. Goldsmith). CONTESTED MATTER CASE MANAGEMENT ORDER....IF AN OBJECTION IS BEING MADE BY THE TRUSTEE UNDER § 502(B)(4) TO THE EXTENT MR. AKOUETE IS DETERMINED TO BE A MANAGER OF THE DEBTOR, OR OTHER SPECIFIC SUBSECTION OF § 502(B), THE TRUSTEE SHALL IDENTIFY THE SPECIFIC PROVISIONS OF § 502 RELIED ON AND MAKE ANY FURTHER ARGUMENTS IN SUPPORT OF SUCH OBJECTION IN A SUPPLEMENT TO THE FIRST AND SECOND OBJECTIONS THAT SHALL BE FILED NO LATER THAN FEBRUARY 24, 2025 AT 11:59 P.M. (THE SUPPLEMENTAL OBJECTION). MR. AKOUETE SHALL RESPOND TO ANY SUPPLEMENTAL OBJECTION ON OR BEFORE MARCH 3, 2025 AT 11:59 P.M. See Order for Full Text and Deadlines Governing the Contested Matter. (dr) (Entered: 02/14/2025) |
| 02/18/2025 | | 541 | Motion filed by Creditor Lolonyon Akouete Motion for Reconsideration of Discovery Deadline Extension and Request for Expedited Determination. c/s . (dc) (Entered: 02/18/2025) |
| 02/20/2025 | | 542 | BNC Certificate of Mailing – PDF Document. (Re: 539 Order) Notice Date 02/20/2025. (Admin.) (Entered: 02/21/2025) |
| 02/20/2025 | | 543 | BNC Certificate of Mailing – PDF Document. (Re: 540 Order) Notice Date 02/20/2025. (Admin.) (Entered: 02/21/2025) |
| 02/24/2025 | | 544 | Supplemental Document: *Trustee's Supplement to Pending Objections to Akouete Claims* (Re: 410 Objection to Claim, 462 Objection to Claim) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 02/24/2025) |
| 02/24/2025 | | 545 | Certificate of Service (Re: 544 Supplemental Document) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 02/24/2025) |
| 02/25/2025 | | 546 | Motion filed by Creditor Lolonyon Akouete to Overrule Trustee's Supplement to Pending Objections to Claim No. 4.3 and Request for Summary Judgment (Re: 544 Trustee's Supplement to Pending Objections to Akouete Claims (Re: 410 Objection to Claim, 462 Objection to Claim) filed by Trustee Jonathan R. Goldsmith) with certificate of service. (ab) (Entered: 02/25/2025) |
| 02/27/2025 | | 547 | Order dated 2/27/2025 Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment. THE MOTION, AS SUPPLEMENTED BY ECF NOS. 504 AND 509, HAS BEEN SUPERSEDED BY THE CONSOLIDATED MOTION AT ECF NO. 531. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 548 | Order dated 2/27/2025 Re: 508 Motion filed by Interested Party Denise Edwards to Address Managerial Interest, Submit Evidence or Improper Conduct, and Recognize Movant's Contributions to the Estate. UPON CONSIDERATION OF THE "MOTION TO ADDRESS MANAGERIAL INTEREST, SUBMIT EVIDENCE OF IMPROPER CONDUCT, AND RECOGNIZE MOVANT'S CONTRIBUTIONS TO THE ESTATE" (THE "MOTION") FILED BY DENISE EDWARDS AND THE RESPONSE THERETO OF THE TRUSTEE, THE MOTION IS |

A-063

| | | | |
|---|---|---|---|
| | | | GRANTED FOR THE LIMITED PURPOSE OF ESTABLISHING A DEADLINE FOR THE CHAPTER 7 TRUSTEE TO OBJECT TO MS. EDWARD'S PROOF OF CLAIM. THE DEADLINE FOR THE TRUSTEE TO FILE AN OBJECTION TO THE CLAIM IS APRIL 14, 2025. THE TRUSTEE SHOULD CONSIDER WHETHER CONSOLIDATION OF ANY OBJECTION TO MS. EDWARD'S CLAIM SHOULD BE CONSOLIDATED WITH THE PENDING OBJECTIONS TO LOLONYON AKOUETE?S CLAIMS. ANY OTHER RELIEF REQUESTED IN THE MOTION, TO THE EXTENT IT CAN BE DETERMINED, IS DENIED WITHOUT PREJUDICE. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 549 | Order dated 2/27/2025 Re: 510 Expedited Motion filed by Creditor Lolonyon Akouete For Status Conference. MOOT. THE MATTERS REFERENCE HAVE BEEN ADDRESSED BY ENTRY OF ORDERS OR HAVE BEEN SUPERSEDED. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 550 | Order dated 2/27/2025 Re: 512 Motion filed by Creditor Lolonyon Akouete For Entry of Case Management Order (Re: 410 Objection to Claim 4 of Claimant Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith). MOOT. A CONTESTED MATTER CASE MANAGEMENT ORDER HAS ENTERED [SEE ECF NO. 540]. (ab) (Entered: 02/27/2025) |
| 02/27/2025 | | 551 | Order dated 2/27/2025 Re: 541 Motion filed by Creditor Lolonyon Akouete Motion for Reconsideration of Discovery Deadline Extension and Request for Expedited Determination. UPON CONSIDERATION OF THE MOTION AND THE RECORD OF THIS CASE, THE RECONSIDERATION REQUEST IS HEREBY DENIED. (ab) (Entered: 02/27/2025) |
| 02/28/2025 | | 552 | Motion filed by Creditor Lolonyon Akouete To Refuse Consent To Entry of Final Order on Non–Core Matters and Request Final Order To Be Entered by Delaware Court with certificate of service. (ab) (Entered: 02/28/2025) |
| 02/28/2025 | | 553 | Objection *to Expedited Motion for Summary Judgment by Lolonyon Akouete* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 531 Motion filed by Creditor Lolonyon Akouete Consolidated . (Devine, Christine) (Entered: 02/28/2025) |
| 03/01/2025 | | 554 | BNC Certificate of Mailing – PDF Document. (Re: 547 Order on Motion For Summary Judgment) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 555 | BNC Certificate of Mailing – PDF Document. (Re: 548 Order on Generic Motion) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 556 | BNC Certificate of Mailing – PDF Document. (Re: 549 Order on Motion To Set/Combine Hearing) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 557 | BNC Certificate of Mailing – PDF Document. (Re: 550 Order on Motion for Order/Authority) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |
| 03/01/2025 | | 558 | BNC Certificate of Mailing – PDF Document. (Re: 551 Order on Generic Motion) Notice Date 03/01/2025. (Admin.) (Entered: 03/02/2025) |

A-064

| 03/03/2025 | | 559 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 553 Trustee's Objection *to 531 Expedited Motion for Summary Judgment by Lolonyon Akouete.* (Attachments: # 1 Exhibit) (ab) (Entered: 03/03/2025) |
|---|---|---|---|
| 03/05/2025 | | 560 | Request from Christine E. Devine Trustee Jonathan R. Goldsmith *for Telephonic Discovery Conference* with certificate of service. filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 03/05/2025) |
| 03/07/2025 | | 561 | Order dated 3/7/2025 Re: 552 Motion filed by Creditor Lolonyon Akouete To Refuse Consent To Entry of Final Order on Non–Core Matters and Request Final Order To Be Entered by Delaware Court. DENIED. THE DETERMINATION OF MR. AKOUETES CLAIMS AGAINST AND INTERESTS IN THE DEBTOR AND ITS ESTATE ARE CORE PROCEEDINGS. 28 U.S.C. § 157(b)(1) AND (2). BANKRUPTCY COURTS ROUTINELY DETERMINE STATE LAW ISSUES IN CONSIDERING AND ENTERING FINAL ORDERS WITH RESPECT TO CLAIMS OBJECTIONS AND DETERMINING ISSUES REGARDING ADMINISTRATION OF BANKRUPTCY ESTATES. (meh, Usbc) (Entered: 03/07/2025) |
| 03/07/2025 | | 562 | Notice of Filing of Petition for Writ of Mandamus filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 03/07/2025) |
| 03/09/2025 | | 563 | BNC Certificate of Mailing – PDF Document. (Re: 561 Order on Generic Motion) Notice Date 03/09/2025. (Admin.) (Entered: 03/10/2025) |
| 03/11/2025 | | 565 | Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause with certificate of service. (ab) (Entered: 03/11/2025) |
| 03/12/2025 | | 566 | Telephonic Hearing Scheduled on 3/17/2025 at 11:30 AM Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (lb) (Entered: 03/12/2025) |
| 03/12/2025 | | 567 | Telephonic Hearing Scheduled on 3/17/2025 at 11:30 AM Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. Objections May be Raised at the Hearing. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (lb) (Entered: 03/12/2025) |
| 03/13/2025 | | 568 | Motion filed by Creditor Lolonyon Akouete to Reschedule Hearing [Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference, 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause] with certificate of service. (ab) (Entered: 03/13/2025) |

A-065

| | | | |
|---|---|---|---|
| 03/13/2025 | | 569 | Response with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 568 Motion filed by Creditor Lolonyon Akouete to Continue Hearing [Re: 560 Request, 565 Motion to Remove] with certificate of service. (Gordon, Stephen) (Entered: 03/13/2025) |
| 03/13/2025 | | | Telephonic Hearing Rescheduled to 03/14/2025 at 01:30 PM Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference. (lb) (Entered: 03/13/2025) |
| 03/13/2025 | | | Telephonic Hearing Rescheduled to 03/14/2025 at 01:30 PM Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. (lb) (Entered: 03/13/2025) |
| 03/13/2025 | | 570 | Order dated 3/13/2025 Re: 568 Motion filed by Creditor Lolonyon Akouete to Reschedule Hearing [Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference, 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause]. GRANTED AS FOLLOWS. THE COURT HEREBY RESCHEDULES THE MARCH 17, 2025 DISCOVERY CONFERENCE AND THE HEARING ON THE MOTION TO REMOVE TRUSTEE [ECF NO. 565] TO MARCH 14, 2025 AT 1:30 P.M. BY TELEPHONE. TO PARTICIPATE IN THE MARCH 14, 2025 HEARING, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. OBJECTIONS TO THE MOTION TO REMOVE MAY BE MADE AT THE RESCHEDULED HEARING. (ab) (Entered: 03/13/2025) |
| 03/13/2025 | | 571 | Certificate of Service (Re: 570 Order on Motion to Continue/Cancel Hearing) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 03/13/2025) |
| 03/13/2025 | | 572 | Objection with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee with certificate of service. (Devine, Christine) (Entered: 03/13/2025) |
| 03/14/2025 | | 573 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 572 Objection filed by Trustee Jonathan R. Goldsmith to 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 574 | Reply with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 573 Response filed by Creditor Lolonyon Akouete to 572 Trustee's Objection to 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee. (Gordon, Stephen) (Entered: 03/14/2025) |
| 03/14/2025 | | 575 | Response with certificate of service filed by Creditor Lolonyon Akouete to 574 Reply of Petitioning Creditor Nathanson & Goldberg, P.C. Re: 573 Response filed by Creditor Lolonyon Akouete to 572 Trustee's Objection to 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | | Hearing Held Re: 560 Request from Trustee for Discovery Conference and 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee for Cause. (lb) (Entered: 03/14/2025) |
| 03/14/2025 | | 576 | Proceeding Memorandum and Order Dated 3/14/2025 Re: 560 Request from Christine E. Devine Trustee Jonathan R. Goldsmith for Telephonic Discovery Conference filed by Trustee Jonathan R. Goldsmith. |

A-066

| | | | |
|---|---|---|---|
| | | | DISCOVERY CONFERENCE HELD. THE TRUSTEE IS AUTHORIZED TO CONDUCT THE DEPOSITON OF LOLONYON AKOUETE AND THE THIRD PARTY WITNESS BY ZOOM AS STATED ON THE RECORD. MR. AKOUETE INDICATED THAT HE WOULD PRODUCE RESPONSIVE DOCUMENTS. THE TRUSTEE MAY FILE A MOTION TO COMPEL AND FOR SANCTIONS IF ALL DOCUMENTS AND A RESPONSE AS REQUIRED BY THE RULES ARE NOT SERVED IMMEDIATELY. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 577 | Proceeding Memorandum and Order dated 3/14/2025 Re: 565 Motion filed by Creditor Lolonyon Akouete to Remove Trustee For Cause. FOR THE REASONS STATED ON THE RECORD, THE MOTION TO REMOVE TRUSTEE IS DENIED. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 578 | Order dated 3/14/2025 Re: 531 Consolidated Motion filed by Creditor Lolonyon Akouete For Summary Judgment (Re: 496 Expedited Motion for Summary Judgment, 509 Second Supplement, and 504 Supplement), and Re: 546 Motion filed by Creditor Lolonyon Akouete to Overrule Trustee's Supplement to Pending Objections to Claim No. 4.3 and Request for Summary Judgment (Re: 544 Trustee's Supplement to Pending Objections to Akouete Claims (Re: 410 Objection to Claim, 462 Objection to Claim) filed by Trustee Jonathan R. Goldsmith). DENIED. See Order for Full Text. (ab) (Entered: 03/14/2025) |
| 03/14/2025 | | 579 | BNC Certificate of Mailing – Hearing. (Re: 567 Hearing Scheduled) Notice Date 03/14/2025. (Admin.) (Entered: 03/15/2025) |
| 03/15/2025 | | 580 | BNC Certificate of Mailing – PDF Document. (Re: 570 Order on Motion to Continue/Cancel Hearing) Notice Date 03/15/2025. (Admin.) (Entered: 03/16/2025) |
| 03/16/2025 | | 581 | BNC Certificate of Mailing – PDF Document. (Re: 576 Order) Notice Date 03/16/2025. (Admin.) (Entered: 03/17/2025) |
| 03/16/2025 | | 582 | BNC Certificate of Mailing – PDF Document. (Re: 577 Order on Motion to Remove Party) Notice Date 03/16/2025. (Admin.) (Entered: 03/17/2025) |
| 03/16/2025 | | 583 | BNC Certificate of Mailing – PDF Document. (Re: 578 Order on Generic Motion) Notice Date 03/16/2025. (Admin.) (Entered: 03/17/2025) |
| 03/17/2025 | | 584 | Order dated 3/17/2025 Re: 499 Motion filed by Creditor Lolonyon Akouete To Request Court Action On Pending Expedited Motion for Summary Judgment (Re: 496 Expedited Motion filed by Creditor Lolonyon Akouete For Summary Judgment). MOOT. THE MATTER REFERENCED HAS BEEN DETERMINED. (ab) (Entered: 03/17/2025) |
| 03/17/2025 | | 585 | Order dated 3/17/2025 Re: 535 Expedited Motion filed by Creditor Lolonyon Akouete To Set Deadline For Trustee's Response to Motion for Summary Judgment [Re: 496 Motion for Summary Judgment]. MOOT. THE MATTER REFERENCED HAS BEEN DETERMINED. (ab) (Entered: 03/17/2025) |
| 03/18/2025 | | 586 | Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail *And Request For Expedited Determination* with certificate of service. (ab) (Entered: 03/18/2025) |
| 03/18/2025 | | 587 | |

A-067

Case 4:09-cv-10674-Y   Doc 01/05/24   Entered 03/05/26 10:51 Page 73 of 520
Case 4:09-cv-10674-Y   Filed 01/05/24   Entered 03/05/26 10:51   Page 73 of 520 Main
Document    Page 68 of 176

|  |  |  |  |
|---|---|---|---|
|  |  |  | Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The MobileStreet Trust. (meh, Usbc) (Entered: 03/18/2025) |
| 03/18/2025 |  | 588 | Motion filed by Creditor Lolonyon Akouete For Clarification Regarding Deadline For Joint Prehearing Memorandum (Re: 540 Contested Matter Case Management Order) with certificate of service. (ab) (Entered: 03/18/2025) |
| 03/19/2025 |  | 589 | Order dated 3/19/2025 Re: 586 Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail And Request For Expedited Determination.  See Order for Full Text. (ab) (Entered: 03/19/2025) |
| 03/19/2025 |  | 590 | BNC Certificate of Mailing – PDF Document. (Re: 584 Order on Motion for Order/Authority) Notice Date 03/19/2025. (Admin.) (Entered: 03/20/2025) |
| 03/19/2025 |  | 591 | BNC Certificate of Mailing – PDF Document. (Re: 585 Order on Motion for Emergency/Expedited Determination) Notice Date 03/19/2025. (Admin.) (Entered: 03/20/2025) |
| 03/20/2025 |  | 592 | Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. (ab) (Entered: 03/21/2025) |
| 03/21/2025 |  | 593 | Endorsed Order dated 3/21/2025 Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. GRANTED AS FOLLOWS. THE COURT WILL SCHEDULE A DISCOVERY CONFERENCE, LIKELY USING A HYBRID FORMAT GIVEN THE COURT'S SCHEDULE. MR. AKOUETE SHALL SERVE NOTICE OF THE CONFERENCE ON GOULSTON & STORRS PC UPON SCHEDULING. (ab) (Entered: 03/21/2025) |
| 03/21/2025 |  | 594 | Hybrid Discovery Conference Scheduled on 3/27/2025 at 11:30 AM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 03/21/2025) |
| 03/21/2025 |  | 595 | Order dated 3/21/2025 Re: 588 Motion filed by Creditor Lolonyon Akouete For Clarification Regarding Deadline For Joint Prehearing Memorandum (Re: 540 Contested Matter Case Management Order), and 540 Contested Matter Case Management Order. THE COURT HEREBY GRANTS THE MOTION FOR CLARIFICATION REGARDING DEADLINE FOR JOINT PREHEARING MEMORANDUM [ECF NO. 588] FILED BY LOLONYON AKOUETE AS FOLLOWS. THE DEADLINE FOR FILING A JOINT PREHEARING MEMORANDUM IS APRIL 30, 2025. THE ALTERNATIVE DEADLINE SET FORTH IN THE CONTESTED MATTER CASE MANAGEMENT ORDER [ECF NO. 540] (THE "CONTESTED MATTER ORDER") ONLY APPLIED TO DISPOSITIVE MOTIONS FILED POST–DISCOVERY. IN ADDITION, UPON FURTHER CONSIDERATION OF THE CONTESTED MATTER ORDER, THE COURT AMENDS PARAGRAPH 6, "MOTIONS FOR SUMMARY JUDGMENT AND OTHER DISPOSITIVE MOTIONS," AND REPLACES THAT NUMBERED PARAGRAPH WITH THE FOLLOWING. See Order for Full Text. (ab) (Entered: 03/21/2025) |

A-068

| Date | | No. | Description |
|---|---|---|---|
| 03/21/2025 | | 596 | BNC Certificate of Mailing – PDF Document. (Re: 589 Order on Generic Motion) Notice Date 03/21/2025. (Admin.) (Entered: 03/22/2025) |
| 03/23/2025 | | 597 | BNC Certificate of Mailing – Hearing. (Re: 594 Hearing Scheduled) Notice Date 03/23/2025. (Admin.) (Entered: 03/24/2025) |
| 03/23/2025 | | 598 | BNC Certificate of Mailing – PDF Document. (Re: 593 Order on Motion To Set/Combine Hearing) Notice Date 03/23/2025. (Admin.) (Entered: 03/24/2025) |
| 03/23/2025 | | 599 | BNC Certificate of Mailing – PDF Document. (Re: 595 Order on Motion to Clarify) Notice Date 03/23/2025. (Admin.) (Entered: 03/24/2025) |
| 03/23/2025 | | 600 | Notice of Intent to file Motion for Summary Judgment and Request For Conference filed by Creditor Lolonyon Akouete with certificate of service. (ab) (Entered: 03/24/2025) |
| 03/24/2025 | | 601 | Order dated 3/24/2025 Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The Mobile Street Trust. ANY OBJECTIONS TO THE MOTION SHALL BE FILED NO LATER THAN MARCH 31, 2025 AT 4:30 P.M. THE COURT SHALL ENTER A FURTHER ORDER AFTER EXPIRATION OF THE OBJECTION DEADLINE. (slh, usbc) (Entered: 03/24/2025) |
| 03/25/2025 | | 602 | Certificate of Service of Notice of Hearing (Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference) filed by Creditor Lolonyon Akouete. (ab) (Entered: 03/25/2025) |
| 03/26/2025 | | 603 | BNC Certificate of Mailing – PDF Document. (Re: 601 Order on Generic Motion) Notice Date 03/26/2025. (Admin.) (Entered: 03/27/2025) |
| 03/27/2025 | | | Discovery Conference Held Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. (lb) (Entered: 03/27/2025) |
| 03/28/2025 | | 604 | Proceeding Memorandum and Order dated 3/28/2025 Re: 592 Motion filed by Creditor Lolonyon Akouete For Telephonic Discovery Conference. DISCOVERY CONFERENCE HELD. WITHIN 10 DAYS, AFTER REVIEWING ANY READILY AVAILABLE RECORDS, GOULSTON & STORRS PC WILL PROVIDE AN AFFIDAVIT TO MR. AKOUETE AND THE CHAPTER 7 TRUSTEE THAT IDENTIFIES THE CLIENT REPRESENTATIVES WITH WHOM THE FIRM WAS COMMUNICATING IN CONNECTION WITH ITS ENGAGEMENT INVOLVING FORMATION OF AND PREPARING A LEASE FOR THE DEBTOR AND PROVIDES WHATEVER CONTACT INFORMATION IS EVIDENT FROM THOSE RECORDS. MR. AKOUETE STATED ON THE RECORD THAT SUCH AN AFFIDAVIT WOULD SATISFY THE SUBPOENA THAT HE SERVED, TO WHICH THE FIRM OBJECTED. (ab) (Entered: 03/28/2025) |
| 03/30/2025 | | 605 | BNC Certificate of Mailing – PDF Document. (Re: 604 Order on Motion To Set/Combine Hearing) Notice Date 03/30/2025. (Admin.) (Entered: 03/31/2025) |
| 03/31/2025 | | 606 | |

A-069

| | | | |
|---|---|---|---|
| | | | Order Dated 3/31/2025 Re: <u>600</u> Notice of Intent to file Motion for Summary Judgment and Request For Conference filed by Creditor Lolonyon Akouete. A HYBRID CONFERENCE PURSUANT TO PARAGRAPH 6 OF THE CONTESTED MATTER CASE MANAGEMENT ORDER [ECF NO. 540], AS MODIFIED BY THE ORDER ENTERED AT ECF NO. 595, IS SCHEDULED FOR APRIL 15, 2025 AT 11:00 A.M. (THE "CONFERENCE"). THE CONFERENCE SHALL BE CONDUCTED IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH AN OPTION FOR PARTIES TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONFERENCE, PARTICIPANTS SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN APRIL 14, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. NO SUMMARY JUDGMENT MOTION SHALL BE FILED IN ADVANCE OF THE CONFERENCE AND ENTRY OF A FURTHER ORDER OF THE COURT AT THE CONCLUSION OF THE CONFERENCE. (ab) (Entered: 03/31/2025) |
| 03/31/2025 | | <u>607</u> | Joint Motion filed by Trustee Jonathan R. Goldsmith, Petitioning Creditor The MobileStreet Trust, Creditor Town of Westborough to Extend Time to File Objection [Re: <u>587</u> Miscellaneous Motion] with certificate of service. (Smerage, Roger) (Entered: 03/31/2025) |
| 04/01/2025 | | <u>608</u> | Endorsed Order dated 4/1/2025 Re: <u>607</u> Joint Motion filed by Trustee Jonathan R. Goldsmith, Petitioning Creditor The MobileStreet Trust, Creditor Town of Westborough to Extend Time to File Objection [Re: <u>587</u> Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The Mobile Street Trust]. GRANTED. THE DEADLINE TO RESPOND TO THE MOTION [ECF NO. 587] IS EXTENDED TO APRIL 7, 2025 AT 4:30 P.M.(ab) (Entered: 04/01/2025) |
| 04/02/2025 | | <u>609</u> | Notice *of Filing and Docketing of Petition For Writ of Mandamus with the United States Supreme Court* filed by Creditor Lolonyon Akouete (ab) (Entered: 04/02/2025) |
| 04/02/2025 | | <u>610</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>606</u> Order To Set Hearing) Notice Date 04/02/2025. (Admin.) (Entered: 04/03/2025) |
| 04/03/2025 | | <u>611</u> | Motion filed by Creditor Lolonyon Akouete for Issuance of Letter Rogatory to the High Court of Justice of the British Virgin Islands . (slh, usbc) (Entered: 04/03/2025) |
| 04/03/2025 | | <u>612</u> | Limited Objection *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: <u>611</u> Motion filed by Creditor Lolonyon Akouete for Issuance of Letter Rogatory to the High Court of Justice of the British Virgin Islands . (Gordon, Stephen) (Entered: 04/03/2025) |
| 04/03/2025 | | <u>613</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>608</u> Order on Motion to Extend) Notice Date 04/03/2025. (Admin.) (Entered: 04/04/2025) |
| 04/04/2025 | | <u>614</u> | Reply filed by Creditor Lolonyon Akouete Re: <u>612</u> Limited Objection of Petitioning Creditors filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: <u>611</u> Motion filed by Creditor Lolonyon Akouete for Issuance of |

| | | | |
|---|---|---|---|
| | | | Letter Rogatory to the High Court of Justice of the British Virgin Islands. (ab) (Entered: 04/04/2025) |
| 04/04/2025 | | 615 | Motion filed by Creditor Lolonyon Akouete For Discovery Conference Pursuant to Local Rule 7026–1(f). (ab) (Entered: 04/04/2025) |
| 04/06/2025 | | 616 | Motion and Request For Judicial Notice filed by Creditor Lolonyon Akouete. (ab) (Entered: 04/07/2025) |
| 04/07/2025 | | 617 | Order dated 4/7/2025 Re: 615 Motion filed by Creditor Lolonyon Akouete For Discovery Conference Pursuant to Local Rule 7026–1(f). DENIED. BECAUSE THIRD–PARTY SUBPOENAS ARE AT ISSUE, MR. AKOUETE SHOULD FILE A MOTION TO COMPEL DISCOVERY WITH RESPECT TO EACH THIRD–PARTY SUBPOENA RECIPIENT, IF APPLICABLE, AND INCLUDE COPIES OF THE SUBPOENAS SERVED AND ANY EVIDENCE OF SERVICE, INCLUDING ANY CERTIFIED MAIL RETURN RECEIPTS. EACH MOTION TO COMPEL SHALL BE SERVED IN ACCORDANCE WITH FED. R. BANKR. P. 7004. See Order for Full Text. (ab) (Entered: 04/07/2025) |
| 04/07/2025 | | 618 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 587 Motion filed by Petitioning Creditor The MobileStreet Trust . (Smerage, Roger) (Entered: 04/07/2025) |
| 04/07/2025 | | 619 | Affidavit of Town Manager Kristi Williams *in support of Town's Opposition* (Re: 618 Opposition) filed by Creditor Town of Westborough (Attachments: # 1 Declaration of Electronic Filing) (Smerage, Roger) (Entered: 04/07/2025) |
| 04/07/2025 | | 620 | Order dated 4/7/2025 Re: 611 Motion filed by Creditor Lolonyon Akouete for Issuance of Letter Rogatory to the High Court of Justice of the British Virgin Islands.  UPON CONSIDERATION OF THE MOTION REQUESTING ISSUANCE OF A LETTER ROGATORY [ECF NO. 611] (THE MOTION) OF LOLONYON AKOUETE, THE LIMITED OBJECTION THERETO [ECF NO. 612] OF THE PETITIONING CREDITORS, AND MR. AKOUETES RESPONSE [ECF NO. 614], THE MOTION IS GRANTED IN PART AND THE COURT HAS ISSUED A LETTER ROGATORY IN THE FORM ATTACHED AS EXHIBIT 1 HERETO. MR. AKOUETE MAY OBTAIN A CERTIFIED COPY OF THE ATTACHED, WITHOUT PAYING THE CERTIFIED COPY FEE ASSOCIATED WITH OBTAINING CERTIFIED COPIES FROM THIS COURT, BY CONTACTING THE CLERKS OFFICE. See Order for Full Text. (meh, Usbc) (Entered: 04/07/2025) |
| 04/07/2025 | | 621 | Limited Objection *and Reservation of Rights Regarding Motion of Mobilstreet Trust for Declaratory Relief Regarding Automatic Stay* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 587 Motion filed by Petitioning Creditor The MobileStreet Trust . (Devine, Christine) (Entered: 04/07/2025) |
| 04/07/2025 | | 622 | Certificate of Service (Re: 619 Affidavit/Declaration) filed by Creditor Town of Westborough (Smerage, Roger) (Entered: 04/07/2025) |
| 04/08/2025 | | 623 | Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment with certificate of service. (ab) (Entered: 04/08/2025) |
| 04/09/2025 | | 624 | |

A-071

| | | | |
|---|---|---|---|
| | | | Hybrid Hearing Scheduled on 4/15/2025 at 11:00 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: <u>587</u> Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The MobileStreet Trust. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 04/09/2025) |
| 04/09/2025 | | <u>625</u> | Hybrid Hearing Scheduled on 4/15/2025 at 11:00 AM at Worcester Courtroom 3 – CJP Re: <u>623</u> Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment. Objections due by 4/14/2025 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 04/09/2025) |
| 04/09/2025 | | <u>626</u> | Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts **and for Relief from Rule 30(f)(3) Requirements** with certificate of service. (ab) (Entered: 04/09/2025) |
| 04/09/2025 | | <u>627</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>617</u> Order on Motion To Set/Combine Hearing) Notice Date 04/09/2025. (Admin.) (Entered: 04/10/2025) |
| 04/09/2025 | | <u>628</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>620</u> Order on Generic Motion) Notice Date 04/09/2025. (Admin.) (Entered: 04/10/2025) |
| 04/10/2025 | | <u>629</u> | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena **and Request for Expedited Determination** with certificate of service. (ab) (Entered: 04/10/2025) |
| 04/11/2025 | | <u>630</u> | Status Report *(Joint)* filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough (Smerage, Roger) (Entered: 04/11/2025) |
| 04/11/2025 | | <u>631</u> | Hybrid Hearing Scheduled on 4/15/2025 at 11:00 AM Either Zoom or In Person at Worcester Courtroom 3 – CJP Re: <u>626</u> Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts and for Relief from Rule 30(f)(3) Requirements. Objections due by 4/14/2025 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 04/11/2025) |
| 04/11/2025 | | <u>632</u> | Order dated 4/11/2025 Re: <u>629</u> Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena.  REQUEST FOR EXPEDITED DETERMINATION IS GRANTED AS FOLLOWS. THE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA [ECF NO. 629] (THE "MOTION TO COMPEL") FILED BY LOLONYON AKOUETE IS SCHEDULED FOR HEARING ON APRIL 15, 2025 AT 11:00 A.M. IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH THE OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN APRIL 15, 2025 AT 9:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. ANY OBJECTION TO THE MOTION TO COMPEL MAY BE MADE AT THE HEARING. MR. AKOUETE SHALL SERVE NOTICE OF THE HEARING FORTHWITH ON THE CALIFORNIA STATE CONTROLLER'S OFFICE BY TELEPHONE AND BY EMAILING A |

| | | | COPY OF THIS ORDER AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE HAS BEEN PROVIDED FORTHWITH. (slh, usbc) (Entered: 04/11/2025) |
|---|---|---|---|
| 04/11/2025 | | 633 | Court Certificate of Mailing (Re: 631 Hybrid Hearing Scheduled, 632 Order Dated 4/11/2025 on Motion to Compel). (ab) (Entered: 04/11/2025) |
| 04/11/2025 | | | Hybrid Hearing Scheduled for 4/15/2025 at 11:00 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (ab) (Entered: 04/11/2025) |
| 04/11/2025 | | 634 | BNC Certificate of Mailing – Hearing. (Re: 624 Hearing Scheduled) Notice Date 04/11/2025. (Admin.) (Entered: 04/12/2025) |
| 04/11/2025 | | 635 | BNC Certificate of Mailing – Hearing. (Re: 625 Hearing Scheduled) Notice Date 04/11/2025. (Admin.) (Entered: 04/12/2025) |
| 04/13/2025 | | 636 | BNC Certificate of Mailing – PDF Document. (Re: 632 Order on Motion to Compel) Notice Date 04/13/2025. (Admin.) (Entered: 04/14/2025) |
| 04/14/2025 | | 637 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 623 Motion filed by Creditor Lolonyon Akouete to Determine to Set Deadline for Trustee to Determine with certificate of service. (Smerage, Roger) (Entered: 04/14/2025) |
| 04/14/2025 | | 638 | Objection *and Response to Lolonyon Akouete's Motion to Set Deadline for Trustee to Pursue Relief in Land Court* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 623 Motion filed by Creditor Lolonyon Akouete to Determine to Set Deadline for Trustee to Determine with certificate of service. (Devine, Christine) (Entered: 04/14/2025) |
| 04/14/2025 | | 639 | Objection to Claim 5 of Claimant Denise Edwards. *and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete* filed by Trustee Jonathan R. Goldsmith. (Devine, Christine) (Entered: 04/14/2025) |
| 04/14/2025 | | 640 | Notice *of Intent to File Summary Judgment Motion and Request for Conference* (Re: 540 Order, 595 Order on Motion to Clarify) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 04/14/2025) |
| 04/14/2025 | | 641 | Supplemental Certificate of Service (Re: 638 Objection, 639 Objection to Claim, 640 Notice) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 04/14/2025) |
| 04/14/2025 | | 642 | Order dated 4/14/2025 Re: 616 Motion and Request for Judicial Notice filed by Creditor Lolonyon Akouete. THE MOTION IS DENIED BECAUSE THE MOTION IS PREMATURE OR IN CONFLICT WITH THE CONTESTED MATTER CASE MANAGEMENT ORDER. See Order for Full Text. (dr) (Entered: 04/14/2025) |
| 04/14/2025 | | 643 | Amended Order dated 4/14/2025 Re: 616 Motion and Request for Judicial Notice filed by Creditor Lolonyon Akouete, 642 Order). THE MOTION IS DENIED BECAUSE THE MOTION IS PREMATURE OR IN CONFLICT WITH THE CONTESTED MATTER CASE MANAGEMENT ORDER. See Order for Full Text (amended to correct the date of the order). (dr) (Entered: 04/14/2025) |

| | | 644 | Order dated 4/14/2025 Re: 640 Notice of Intent to File Summary Judgment Motion and Request for Conference filed by Trustee Jonathan R. Goldsmith. A HYBRID CONFERENCE PURSUANT TO PARAGRAPH 6 OF THE CONTESTED MATTER CASE MANAGEMENT ORDER [ECF NO. 540], AS MODIFIED BY THE ORDER ENTERED AT ECF NO. 595 (THE CASE MANAGEMENT ORDER), IS SCHEDULED FOR APRIL 15, 2025 AT 11:00 A.M. (THE CONFERENCE). THE CONFERENCE SHALL BE CONDUCTED IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 04/14/2025) |
|---|---|---|---|
| 04/14/2025 | | | |
| 04/15/2025 | | | Hybrid Status Conference to be held on 4/15/2025 at 11:00 AM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 640 Notice of Intent to File Summary Judgment Motion and Request for Conference. (lb) (Entered: 04/15/2025) |
| 04/15/2025 | | | Hearings Held Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement, 600 Notice of Intent to file Motion for Summary Judgment and Request For Conference, 623 Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment, 626 Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts and for Relief from Rule 30(f)(3) Requirements, 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena and Request for Expedited Determination, and 640 Notice of Intent to File Summary Judgment Motion and Request for Conference. (lb) (Entered: 04/15/2025) |
| 04/16/2025 | | 645 | Proceeding Memorandum and Order dated 4/16/2025 Re: 587 Motion for Declaratory Relief Concerning Non–Application of the Automatic Stay to Recover Proportionate Share of Expenses Under the Reciprocal Easement Agreement filed by Petitioning Creditor The MobileStreet Trust.  See Order for Full Text. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 646 | Proceeding Memorandum and Order dated 4/16/2025 Re: 600 Notice of Intent to file Motion for Summary Judgment and Request For Conference filed by Creditor Lolonyon Akouete, and 640 Notice of Intent to File Summary Judgment Motion and Request for Conference filed by Trustee Jonathan R. Goldsmith. THE PARTIES SHALL EACH FILE THEIR RESPECTIVE MOTION FOR SUMMARY JUDGMENT ON OR BEFORE MAY 31, 2025. OPPOSITIONS TO THE RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT SHALL BE FILED ON OR BEFORE JUNE 20, 2025. ANY RESPONSE TO AN OPPOSITION SHALL BE FILED ON OR BEFORE JULY 11, 2025. THE PARTIES ARE REMINDED TO STRICTLY ADHERE TO THE PROCEDURES SET OUT IN MLBR 7056–1 – AS WILL BE AMENDED AS OF MAY 1, 2025. ANY STATEMENT OF AN UNDISPUTED MATERIAL FACT OR CONTENTION THAT A MATERIAL FACT IS SUBJECT TO DISPUTE SHALL BE SUPPORTED BY SPECIFIC CITATION TO EVIDENCE IN THE RECORD WITH RELEVANT EVIDENCE ATTACHED AS EXHIBITS. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 647 | Proceeding Memorandum and Order dated 4/16/2025 Re: 623 Motion filed by Creditor Lolonyon Akouete to Set Deadline for Trustee to Determine Whether to Pursue Relief In Land Court to Vacate Foreclosure Judgment. FOR THE REASONS STATED ON THE RECORD, THE |

A-074

| | | | |
|---|---|---|---|
| | | | MOTION IS DENIED. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 648 | Proceeding Memorandum and Order dated 4/16/2025 Re: 626 Motion filed by Creditor Lolonyon Akouete to Compel Production of Deposition Transcripts and for Relief from Rule 30(f)(3) Requirements. THE MOTION IS GRANTED IN PART, AND THE TRUSTEE IS AUTHORIZED TO PROVIDE COPIES OF THE TRANSCRIPTS TO MR. AKOUETE TO PERMIT MR. AKOUETE TO RESPOND TO AND BRING ANY MOTION FOR SUMMARY JUDGMENT. IF THERE IS AN ALLOWED CLAIM AND ANY DISTRIBUTION TO MR. AKOUETE FROM THE ESTATE, THE AMOUNT FOR THE COST OF THE TRANSCRIPT(S) SHALL BE DEDUCTED AND PAID TO THE COURT REPORTER AS IF THE COURT REPORTER PROVIDED THE TRANSCRIPTS DIRECTLY TO MR. AKOUETE. (ab) (Entered: 04/16/2025) |
| 04/16/2025 | | 649 | Proceeding Memorandum and Order dated 4/16/2025 Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena and Request for Expedited Determination.  See Order for Full Text. (ab) (Entered: 04/16/2025) |
| 04/17/2025 | | 650 | BNC Certificate of Mailing – PDF Document. (Re: 642 Order) Notice Date 04/17/2025. (Admin.) (Entered: 04/18/2025) |
| 04/17/2025 | | 651 | BNC Certificate of Mailing – PDF Document. (Re: 643 Order) Notice Date 04/17/2025. (Admin.) (Entered: 04/18/2025) |
| 04/17/2025 | | 652 | BNC Certificate of Mailing – PDF Document. (Re: 644 Order) Notice Date 04/17/2025. (Admin.) (Entered: 04/18/2025) |
| 04/18/2025 | | 653 | BNC Certificate of Mailing – PDF Document. (Re: 645 Order on Generic Motion) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 654 | BNC Certificate of Mailing – PDF Document. (Re: 646 Order on Motion To Set/Combine Hearing) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 655 | BNC Certificate of Mailing – PDF Document. (Re: 647 Order on Motion Determine) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 656 | BNC Certificate of Mailing – PDF Document. (Re: 648 Order on Motion to Compel) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/18/2025 | | 657 | BNC Certificate of Mailing – PDF Document. (Re: 649 Order on Motion to Compel) Notice Date 04/18/2025. (Admin.) (Entered: 04/19/2025) |
| 04/22/2025 | | 658 | Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination with Certificate of Service. (meh, Usbc) (Entered: 04/22/2025) |
| 04/22/2025 | | 659 | Order Dated 4/22/2025 Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. THE COURT HEREBY SCHEDULES THAT PORTION OF THE TRUSTEE'S (I) OBJECTION TO CLAIM OF DENISE EDWARDS AND (II) REQUEST TO CONSOLIDATE DISPUTE WITH PENDING CONTESTED MATTER REGARDING CLAIMS OF LOLONYON AKOUETE (CLAIM NO. 5.1) [ECF NO. 639] |

A-075

| | | | |
|---|---|---|---|
| | | | REQUESTING CONSOLIDATION OF THE EDWARDS CLAIM OBJECTION WITH THE AKOUETE CLAIM OBJECTIONS (THE "CONSOLIDATION REQUEST") FOR HEARING ON MAY 5, 2025 AT 9:30 A.M. IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH THE OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE RESCHEDULED HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN MAY 2, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. ANY OBJECTIONS TO THE CONSOLIDATION REQUEST SHALL BE FILED NO LATER THAN MAY 2, 2025 AT 4:30 P.M. See Order for Full Text. (slh, usbc) (Entered: 04/22/2025) |
| 04/22/2025 | | | Hybrid Hearing Scheduled for 5/5/2025 at 09:30 AM at Worcester Courtroom 3 – CJP. Objections due by 5/2/2025 at 04:30 PM on 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (slh, usbc) (Entered: 04/22/2025) |
| 04/22/2025 | | 660 | Affidavit of Lolonyon Akouete *in Support of* Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination. (slh, usbc) (Entered: 04/22/2025) |
| 04/23/2025 | | 661 | Certificate of Service (Re: 639 Objection to Claim, 659 Order) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 04/23/2025) |
| 04/23/2025 | | 662 | Certificate of Service (Re: 659 Order) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 04/23/2025) |
| 04/24/2025 | | 663 | BNC Certificate of Mailing – PDF Document. (Re: 659 Order) Notice Date 04/24/2025. (Admin.) (Entered: 04/25/2025) |
| 04/25/2025 | | 664 | Emergency Motion filed by Creditor Lolonyon Akouete to Shorten Deadline for Trustee's Opposition [Re: 658 Motion for Summary Judgment] with Certificate of Service. (meh, Usbc) (Entered: 04/25/2025) |
| 04/25/2025 | | 665 | Objection *to Emergency Motion of Lolonyon Akouete to Shorten Trustee's Deadline to Oppose Summary Judgment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 664 Motion filed by Creditor Lolonyon Akouete to Shorten Notice [Re: 658 Motion for Summary Judgment]. (Devine, Christine) (Entered: 04/25/2025) |
| 04/28/2025 | | 666 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 665 Objection *to Emergency Motion of Lolonyon Akouete to Shorten Trustee's Deadline to Oppose Summary Judgment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 664 Motion filed by Creditor Lolonyon Akouete to Shorten Notice [Re: 658 Motion for Summary Judgment]. (slh, usbc) (Entered: 04/28/2025) |
| 04/28/2025 | | 667 | Order dated 4/28/2025 Re: 664 Emergency Motion filed by Creditor Lolonyon Akouete to Shorten Deadline for Trustee's Opposition Re: 658 Motion for Summary Judgment. THE REQUEST FOR EXPEDITED DETERMINATION OF CREDITOR LOLONYON AKOUETES MOTION FOR SUMMARY JUDGMENT [ECF NO. 658] (THE |

A-076

| | | | |
|---|---|---|---|
| | | | AKOUETE SUMMARY JUDGMENT MOTION) AND THE SEPARATE EMERGENCY MOTION TO SHORTEN DEADLINE FOR TRUSTEES OPPOSITION TO CREDITORS MOTION FOR SUMMARY JUDGMENT [ECF NO. 644] ARE DENIED. See Order for Full Text. (slh, usbc) (Entered: 04/28/2025) |
| 04/29/2025 | | 668 | Motion filed by Creditor Lolonyon Akouete For Expedited Determination that Action Against California State Controller's Office Is Not A Violation of Automatic Stay with certificate of service. (ab) (Entered: 04/29/2025) |
| 04/30/2025 | | 669 | Order dated 4/30/2025 Re: 668 Motion filed by Creditor Lolonyon Akouete For Expedited Determination that Action Against California State Controller's Office Is Not A Violation of Automatic Stay. DENIED. IT APPEARS THAT MR. AKOUETE SEEKS TO ASSERT CLAIMS THAT COULD ONLY BELONG TO THE ESTATE AND BE ASSERTED BY THE TRUSTEE ON BEHALF OF THE ESTATE. MR. AKOUETE HAS NO AUTHORITY TO ASSERT SUCH CLAIMS, AND ANY ATTEMPT TO DO SO WOULD APPEAR TO BE AN ATTEMPT TO EXERCISE CONTROL OVER PROPERTY OF THE ESTATE IN VIOLATION OF SECTION 362(a). (slh, usbc) (Entered: 04/30/2025) |
| 04/30/2025 | | 670 | BNC Certificate of Mailing – PDF Document. (Re: 667 Order on Motion For Summary Judgment) Notice Date 04/30/2025. (Admin.) (Entered: 05/01/2025) |
| 05/01/2025 | | 671 | Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing) with certificate of service. (slh, usbc) (Entered: 05/01/2025) |
| 05/01/2025 | | 672 | Hybrid Hearing Scheduled on 5/5/2025 Either by Zoom or In Person at 10:00 AM at Worcester Courtroom 3 – CJP Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). Objections may be raised at the hearing. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 05/01/2025) |
| 05/02/2025 | | 673 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (Attachments: # 1 Exhibits) (ab) (Entered: 05/02/2025) |
| 05/02/2025 | | 674 | Amended Notice *"Time Change Only"* Re: 672 Hybrid Hearing Scheduled on 5/5/2025 Either by Zoom or In Person at 9:30 AM at Worcester Courtroom 3 – CJP Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). Objections may be raised at the hearing. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (ab) (Entered: 05/02/2025) |
| 05/02/2025 | | 675 | Certificate of Service of Notice of Hearing Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). (slh, usbc) (Entered: 05/02/2025) |

A-077

| 05/02/2025 | | 676 | BNC Certificate of Mailing – PDF Document. (Re: 669 Order on Generic Motion) Notice Date 05/02/2025. (Admin.) (Entered: 05/03/2025) |
|---|---|---|---|
| 05/02/2025 | | 678 | Amended Motion Objecting *to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate* filed by Creditor Denise Edwards Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 05/05/2025) |
| 05/02/2025 | | 679 | Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim with certificate of service. (ab) (Entered: 05/05/2025) |
| 05/02/2025 | | 680 | Renewed Motion filed by Creditor Lolonyon Akouete and Request for Judicial Notice with certificate of service. (ab) (Entered: 05/05/2025) |
| 05/02/2025 | | 681 | Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities (Re: 649 Proceeding Memorandum and Order dated 4/16/2025 Re: 629 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena and Request for Expedited Determination) with certificate of service. (ab) (Entered: 05/05/2025) |
| 05/04/2025 | | 677 | BNC Certificate of Mailing – Hearing. (Re: 672 Hearing Scheduled) Notice Date 05/04/2025. (Admin.) (Entered: 05/05/2025) |
| 05/05/2025 | | | Hearings Held Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith and 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). (lb) (Entered: 05/06/2025) |
| 05/05/2025 | | 682 | Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions, with certificate of service. (ab) (Entered: 05/06/2025) |
| 05/06/2025 | | 683 | Proceeding Memorandum and Order Dated 5/05/2025 Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED IN PART AND THE CONTESTED MATTERS ARE CONSOLIDATED ON A LIMITED BASIS FOR THE PURPOSES OF CONSIDERING SUMMARY JUDGMENT ON THE ISSUE OF MANAGERIAL AUTHORITY. WHILE MS. EDWARDS FILED AN OPPOSITION, SHE FAILED TO APPEAR AT THE HEARING. AS STATED ON THE RECORD, HER OPPOSITION DID NOT INDICATE THAT SHE REQUIRED MORE TIME TO FILE A MOTION FOR SUMMARY JUDGMENT OR CONDUCT DISCOVERY INDEPENDENT OF MR. AKOUETE. ON OR BEFORE MAY 31, 2025, MS. EDWARDS AND THE TRUSTEE SHALL FILE ANY MOTION FOR SUMMARY |

A-078

| | | | |
|---|---|---|---|
| | | | JUDGMENT WITH RESPECT TO THE OBJECTION TO MS. EDWARDS'S CLAIM. ANY OBJECTION TO A SUMMARY JUDGMENT MOTION SHALL BE FILED ON OR BEFORE JUNE 20, 2025, AND ANY SUR–REPLY SHALL BE FILED ON OR BEFORE JULY 11, 2025. IF MS. EDWARDS BELIEVES SHE REQUIRES ADDITIONAL TIME TO FILE A MOTION FOR SUMMARY JUDGMENT OR ADDITIONAL DISCOVERY, SHE MAY FILE A MOTION TO EXTEND THE DEADLINES STATING THE REASONS FOR ANY REQUESTED EXTENSION. (ab) (Entered: 05/06/2025) |
| 05/06/2025 | | 684 | Proceeding Memorandum and Order dated 5/6/2025 Re: 671 Motion filed by Creditor Lolonyon Akouete to Compel Trustee Abandonment of Claim Under 11 U.S.C. Sec. 554(b) or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing). FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED. (ab) (Entered: 05/06/2025) |
| 05/07/2025 | | 685 | Joint Motion filed by Interested Party Denise Edwards, Creditor Lolonyon Akouete for Extension of Time and Additional Discovery for Denise Edwards, And Opposition to Extension as to Lolonyon Akouete, with certificate of service. (ab) (Entered: 05/08/2025) |
| 05/08/2025 | | 686 | BNC Certificate of Mailing – PDF Document. (Re: 683 Order on Objection to Claim) Notice Date 05/08/2025. (Admin.) (Entered: 05/09/2025) |
| 05/08/2025 | | 687 | BNC Certificate of Mailing – PDF Document. (Re: 684 Order on Motion to Compel) Notice Date 05/08/2025. (Admin.) (Entered: 05/09/2025) |
| 05/08/2025 | | 688 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (ab) (Entered: 05/09/2025) |
| 05/08/2025 | | 689 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena with certificate of service. (ab) (Entered: 05/09/2025) |
| 05/08/2025 | | 711 | Response *And Notice of Concerns Regarding Joint Status Report* with certificate of service filed by Creditor Lolonyon Akouete (Re: 630 Status Report (Joint) filed by Trustee Jonathan R. Goldsmith, Creditor Town of Westborough). (ab) (Entered: 05/16/2025) |
| 05/09/2025 | | 690 | Hybrid Hearing Scheduled on 6/3/2025 Either by Zoom or In Person at 01:30 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. Objections due by 5/23/2025 at 11:59 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCIONS. (lb) (Entered: 05/09/2025) |
| 05/09/2025 | | 691 | Order dated 5/9/2025 Re: 680 Renewed Motion filed by Creditor Lolonyon Akouete and Request for Judicial Notice. THE RENEWED MOTION IS DENIED FOR THE REASONS STATED IN THE ORDER ENTERED ON APRIL 14, 2025 DENYING MR. AKOUETE'S PRIOR MOTION AND REQUEST FOR JUDICIAL NOTICE. SEE ORDER AT ECF NO. 643. IT IS NOT NECESSARY FOR THE COURT TO TAKE JUDICIAL NOTICE OF LAWS AND REGULATIONS, AND PUBLIC FILINGS SHOULD BE INTRODUCED INTO THE SUMMARY JUDGMENT RECORD THROUGH AN AFFIDAVIT PROVIDING FOUNDATION FOR THE DOCUMENT IF NOT CERTIFIED OR OTHERWISE SELF AUTHENTICATING OR THROUGH A |

A-079

| | | | |
|---|---|---|---|
| | | | STIPULATION WITH THE TRUSTEE. (ab) (Entered: 05/09/2025) |
| 05/09/2025 | | 692 | Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. GRANTED IN PART AND DENIED IN PART. See Order for Full Text. (ab) (Entered: 05/09/2025) |
| 05/09/2025 | | 693 | Hybrid Discovery Conference Scheduled 5/22/2025 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 05/09/2025) |
| 05/09/2025 | | 694 | Hybrid Hearing Scheduled on 5/22/2025 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. Objections due by 5/21/2025 at 04:30 PM. PLEASE READ NOTICE FOR COMPLETE INSTRUCTIONS. (lb) (Entered: 05/09/2025) |
| 05/11/2025 | | 695 | BNC Certificate of Mailing – Hearing. (Re: 690 Hearing Scheduled) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 696 | BNC Certificate of Mailing – Hearing. Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 697 | BNC Certificate of Mailing – Hearing. (Re: 694 Hearing Scheduled) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 698 | BNC Certificate of Mailing – PDF Document. (Re: 691 Order on Generic Motion) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/11/2025 | | 699 | BNC Certificate of Mailing – PDF Document. (Re: 692 Order on Motion to Withdraw Document) Notice Date 05/11/2025. (Admin.) (Entered: 05/12/2025) |
| 05/12/2025 | | 700 | Order dated 5/12/2025 Re: 689 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. DENIED. See Order for Full Text. (ab) (Entered: 05/12/2025) |
| 05/12/2025 | | 701 | Order dated 5/12/2025 Re: 685 Joint Motion filed by Interested Party Denise Edwards, Creditor Lolonyon Akouete for Extension of Time and Additional Discovery for Denise Edwards, And Opposition to Extension as to Lolonyon Akouete. GRANTED IN PART. See Order for Full Text. (ab) Additional attachment(s) added on 5/12/2025 (ab). (Entered: 05/12/2025) |
| 05/12/2025 | | 702 | Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. (Attachments: # 1 Certificate of Service # 2 Exhibits) (ab) (Entered: 05/13/2025) |

A-080

| | | | |
|---|---|---|---|
| 05/14/2025 | | 703 | Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel (Re: 589 Order dated 3/19/2025 Re: 586 Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail And Request For Expedited Determination) with certificate of service. (Attachments: # 1 Exhibits) (ab) (Entered: 05/14/2025) |
| 05/14/2025 | | 704 | BNC Certificate of Mailing – PDF Document. (Re: 700 Order on Motion to Compel) Notice Date 05/14/2025. (Admin.) (Entered: 05/15/2025) |
| 05/15/2025 | | 705 | Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena, with certificate of service. (Attachments: # 1 Exhibits) (ab) (Entered: 05/15/2025) |
| 05/15/2025 | | 706 | Certificate of Service (Re: 700 Order dated 5/12/2025 Re: 689 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/15/2025) |
| 05/16/2025 | | 707 | Certificate of Service of Notice of Hearing (Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. (ab) (Entered: 05/16/2025) |
| 05/16/2025 | | 708 | Certificate of Service of Notice of Hearing (Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/16/2025) |
| 05/16/2025 | | 709 | Certificate of Service of Notice of Hearing (Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/16/2025) |
| 05/16/2025 | | 710 | Order dated 5/16/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. ON OR BEFORE MAY 23, 2025, THE MOVANT, LOLONYON AKOUETE, SHALL FILE AS SUPPLEMENTS TO THE "MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL" FUNDS [ECF NO. 702] (THE "MOTION"): (1) EVIDENCE THAT DENISE EDWARDS ADVANCED THE AMOUNTS IDENTIFIED IN THE MOTION, (2) A STATEMENT OF ASSENT OR OF NO OBJECTION TO THE MOTION OF MS. EDWARDS, AND (3) A CERTIFICATE OF SERVICE REFLECTING THAT THE MOTION WAS SERVED ON MS. EDWARDS. (slh, usbc) (Entered: 05/16/2025) |
| 05/17/2025 | | 713 | Amended Motion Objecting to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate filed by Interested Party Denise Edwards Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith, 678 Amended Motion Objecting *to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate* filed by Creditor Denise Edwards. (meh, Usbc) (Entered: 05/19/2025) |

| | | | |
|---|---|---|---|
| 05/17/2025 | | 716 | Correspondence Filed by Interested Party Denise Edwards. (meh, Usbc) (Entered: 05/21/2025) |
| 05/18/2025 | | 712 | BNC Certificate of Mailing – PDF Document. (Re: 710 Order on Motion for Interim/Supplemental Distribution) Notice Date 05/18/2025. (Admin.) (Entered: 05/19/2025) |
| 05/19/2025 | | 714 | Supplement *To Motion for Approval of Distribution of Personal Funds* with certificate of service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/19/2025) |
| 05/20/2025 | | 715 | Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] And Request for Judicial Notice of Prejudice, Discriminatory Conduct, and Procedural Obstruction, with certificate of service. (ab) (Entered: 05/20/2025) |
| 05/21/2025 | | 717 | Order dated 5/21/2025 Re: 715 Motion filed by Creditor Lolonyon Akouete to Withdraw [Re: 688 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena] And Request for Judicial Notice of Prejudice, Discriminatory Conduct, and Procedural Obstruction. GRANTED IN PART AND DENIED IN PART. THE REQUEST TO WITHDRAW ECF NO. 688 IS GRANTED AND THE HEARING ON ECF NO. 688 SCHEDULED FOR MAY 22, 2025 IS CANCELED. ANY OTHER REQUESTED RELIEF IS DENIED. THE MOVANT REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF NON–ADJUDICATIVE FACTS NOT OF THE TYPE CONTEMPLATED BY FED. R. EVID. 201(b). THE FACTS ALLEGED WOULD CLEARLY NOT BE UNDISPUTED AND DO NOT SUPPORT THE CONCLUSION THAT THERE HAS BEEN A "PATTERN OF DISCRIMINATORY CONDUCT, PROCEDURAL OBSTRUCTION, AND COLLUSIVE EFFORTS BY REGAL, THE TRUSTEE, THE TOWN OF WESTBOROUGH, AND THE CALIFORNIA STATE CONTROLLER," AND THE COURT HAS NOT OBSERVED ANY SUCH CONDUCT IN COURT PROCEEDINGS. FURTHER, THE REQUEST APPEARS TO RELATE TO FUTURE UNSPECIFIED "DISCOVERY AND EVIDENTIARY DISPUTES" THAT ARE NOT BEFORE THE COURT. (ab) (Entered: 05/21/2025) |
| 05/21/2025 | | 718 | Supplement *To Motion For Privilege Log* with certificate of service (Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance and Request for Reconsideration of Subpoena Restrictions) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/22/2025) |
| 05/22/2025 | | 719 | Order dated 5/22/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. ANY OBJECTIONS TO THE MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL FUNDS [ECF NO. 702], AS SUPPLEMENTED BY ECF NO. 714 (TOGETHER, THE "MOTION"), SHALL BE FILED NO LATER THAN MAY 30, 2025 AT 4:30 P.M. THE COURT SHALL ENTER A FURTHER ORDER AFTER EXPIRATION OF THE OBJECTION DEADLINE. THE DEBTOR SHALL SERVE NOTICE OF THE OBJECTION DEADLINE ON ALL PARTIES IN INTEREST BY EMAIL OR, IF NO EMAIL OPTION IS AVAILABLE, FIRST–CLASS MAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH SERVICE HAS BEEN PROVIDED. (ab) (Entered: 05/22/2025) |

A-082

| | | | |
|---|---|---|---|
| 05/22/2025 | | 720 | Order Dated 5/22/2025 Re: 713 Amended Motion Objecting to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate filed by Interested Party Denise Edwards Re: 639 Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith, 678 Amended Motion Objecting to Consolidation of Claims and Requesting Recognition of Settlement Proposal and Contributions to the Estate filed by Creditor Denise Edwards. STRICKEN AS A DUPLICATE OF MS. EDWARDSS FILING DATED MAY 1, 2025 [ECF NO. 678]. (ab) (Entered: 05/22/2025) |
| 05/22/2025 | | | Discovery Conference Held Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance. (lb) (Entered: 05/22/2025) |
| 05/22/2025 | | 721 | Amended Order Dated 5/22/2025 (Re: 719 Order dated 5/22/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds). THE COURT HEREBY AMENDS THE ORDER ENTERED AT ECF NO. 719 TO CORRECT A TYPOGRAPHICAL ERROR REGARDING THE PARTY TO SERVE NOTICE OF THE OBJECTION DEADLINE. ANY OBJECTIONS TO THE MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL FUNDS [ECF NO. 702], AS SUPPLEMENTED BY ECF NO. 714 (TOGETHER, THE "MOTION"), SHALL BE FILED NO LATER THAN MAY 30, 2025 AT 4:30 P.M. THE COURT SHALL ENTER A FURTHER ORDER AFTER EXPIRATION OF THE OBJECTION DEADLINE. THE MOVANT SHALL SERVE NOTICE OF THE OBJECTION DEADLINE ON ALL PARTIES IN INTEREST BY EMAIL OR, IF NO EMAIL OPTION IS AVAILABLE, FIRST–CLASS MAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH SERVICE HAS BEEN PROVIDED. (ab) (Entered: 05/23/2025) |
| 05/23/2025 | | 722 | Proceeding Memorandum and Order Dated 5/23/2025 Re: 692 Order dated 5/9/2025 Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance [Re: 681 Motion filed by Creditor Lolonyon Akouete to Enforce Compliance with Court Order, Request for Status Conference, and Request for Judicial Notice of Procedural Inequities], and Request for Reconsideration of Subpoena Restrictions. DISCOVERY CONFERENCE HELD. MR. AKOUETE'S REQUEST FOR A PRIVILEGE LOG IS DENIED. THERE HAS BEEN NO CLAIM OF PRIVILEGE OR STATEMENT THAT ANY RESPONSIVE DOCUMENTS HAVE BEEN WITHHELD. (ab) (Entered: 05/23/2025) |
| 05/23/2025 | | 723 | Opposition *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 679 Motion filed by To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse with certificate of service. (Gordon, Stephen) (Entered: 05/23/2025) |
| 05/23/2025 | | 724 | Objection *to Motion of Lolonyon Akouete to Address Trustee's Conduct* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 679 Motion filed by To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse with certificate of service. (Savoia, Angelina) (Entered: 05/23/2025) |
| 05/23/2025 | | 725 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 723 Opposition *of Petitioning Creditors* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 679 Motion filed by |

A-083

| | | | To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse with certificate of service. (slh, usbc) (Entered: 05/23/2025) |
|---|---|---|---|
| 05/23/2025 | | 726 | BNC Certificate of Mailing – PDF Document. (Re: 717 Order on Motion to Withdraw Document) Notice Date 05/23/2025. (Admin.) (Entered: 05/24/2025) |
| 05/23/2025 | | 733 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 724 Objection filed by Trustee Jonathan R. Goldsmith Re: 679 Motion filed by To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse. (ab) (Entered: 05/29/2025) |
| 05/24/2025 | | 727 | BNC Certificate of Mailing – PDF Document. (Re: 719 Order on Motion for Interim/Supplemental Distribution) Notice Date 05/24/2025. (Admin.) (Entered: 05/25/2025) |
| 05/24/2025 | | 728 | BNC Certificate of Mailing – PDF Document. (Re: 720 Order) Notice Date 05/24/2025. (Admin.) (Entered: 05/25/2025) |
| 05/25/2025 | | 729 | BNC Certificate of Mailing – PDF Document. (Re: 721 Amended Order) Notice Date 05/25/2025. (Admin.) (Entered: 05/26/2025) |
| 05/25/2025 | | 730 | BNC Certificate of Mailing – PDF Document. (Re: 722 Order) Notice Date 05/25/2025. (Admin.) (Entered: 05/26/2025) |
| 05/27/2025 | | 731 | Motion filed by Creditor Lolonyon Akouete to Compel Evaluation of Related Claims Concurrently with Resolution of Trustee's Objection to Claim No. 4 with certificate of service. (ab) (Entered: 05/27/2025) |
| 05/27/2025 | | 732 | Certificate of Service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds, 714 Supplement To Motion for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/28/2025) |
| 05/30/2025 | | 734 | Objection with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution., 714 Supplement *To Motion for Approval of Distribution of Personal Funds* with certificate of service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Gordon, Stephen) (Entered: 05/30/2025) |
| 05/30/2025 | | 735 | Limited Objection *Regarding Akouete Motion for Distribution of Funds* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution., 714 Supplement *To Motion for Approval of Distribution of Personal Funds* with certificate of service (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Savoia, Angelina) (Entered: 05/30/2025) |
| 05/30/2025 | | 736 | Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 737 | Brief/Memorandum *of Law* In Support of *Trustee's Motion for Summary Judgment* (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |

| | | 738 | Order Dated 5/30/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. THE COURT SCHEDULES THE MOTION TO COMPEL COMPLIANCE WITH SUBPOENA [ECF NO. 705] (THE "MOTION") FILED BY LOLONYON AKOUETE FOR HEARING ON JUNE 10, 2025 AT 2:00 P.M. IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE MOVING PARTY SHALL SERVE A COPY OF THIS ORDER ON DYANN BLAINE BY CERTIFIED MAIL, FIRST–CLASS MAIL, AND EMAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE OF THE HEARING HAS BEEN PROVIDED. ANY OBJECTIONS TO THE MOTION MAY BE MADE AT THE HEARING. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | | |
| 05/30/2025 | | 739 | Statement *of Undisputed Material Facts in Support of Motion for Summary Judgment* (Re: 736 Motion for Summary Judgment, 737 Brief/Memorandum) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 740 | Affidavit of Jonathan R. Goldsmith, Chapter 7 Trustee (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Exhibit Exhibit D) (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 741 | Affidavit of Christine E. Devine (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B # 3 Exhibit Exhibit C # 4 Exhibit Exhibit D # 5 Exhibit Exhibit E # 6 Exhibit Exhibit F # 7 Exhibit Exhibit G # 8 Exhibit Exhibit H # 9 Exhibit Exhibit I # 10 Exhibit Exhibit J # 11 Exhibit Exhibit K) (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 742 | Affidavit of Walter A. Horst (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 743 | Affidavit of Walter A. Horst (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 744 | Affidavit of Peter L. Blaustein (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 05/30/2025) |
| 05/30/2025 | | 745 | Order Dated 5/30/2025 Re: 703 Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel (Re: 589 Order dated 3/19/2025 Re: 586 Emergency Motion filed by Creditor Lolonyon Akouete For Alternative Service of Subpoenas By First–Class Mail And Request For Expedited Determination). THE COURT SCHEDULES THE MOTION REQUESTING CLARIFICATION REGARDING AUTHORIZATION OF ALTERNATIVE SERVICE ON LOCAL COUNSEL [ECF NO. 703] (THE "MOTION") FILED BY LOLONYON AKOUETE FOR |

A-085

| | | | |
|---|---|---|---|
| | | | HEARING ON JUNE 10, 2025 AT 2:00 P.M. IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE MOVING PARTY (I) SHALL SERVE A COPY OF THIS ORDER ON: (1) EDWARD ENGLANDER BY CERTIFIED MAIL, FIRST–CLASS MAIL, AND EMAIL, (2) DAVID LOMBE IN HIS CAPACITY AS LIQUIDATOR OF BABCOCK & BROWN LIMITED (IN LIQUIDATION) AND JOSEPH SCARCELLA BY EMAIL, AND (3) ANY OTHER PARTY IN INTEREST BY EMAIL OR FIRST–CLASS MAIL, AND (II) SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE OF THE HEARING HAS BEEN PROVIDED. ANY OBJECTIONS TO THE MOTION MAY BE MADE AT THE HEARING. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 746 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 734 Objection filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution., 714 Supplement To Motion for Approval of Distribution of Personal Funds (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 747 | Order Dated 5/30/2025 Re: 718 Supplement To Motion For Privilege Log (Re: 682 Motion filed by Creditor Lolonyon Akouete to Withdraw Motion to Enforce Compliance and Request for Reconsideration of Subpoena Restrictions) filed by Creditor Lolonyon Akouete. TO THE EXTENT MR. AKOUETE REQUESTS ANY RELIEF PURSUANT TO THIS FILING REGARDING HIS PRIOR MOTION AT ECF NO. 682, SUCH RELIEF IS DENIED AS MOOT BECAUSE AN ORDER [ECF NO. 692] HAS PREVIOUSLY ENTERED ON THAT MOTION. THE COURT CONSIDERED THE FILING IN CONNECTION WITH THE DISCOVERY CONFERENCE HELD ON MAY 22, 2025. SEE ORDER ENTERED AT ECF NO. 722. (ab) (Entered: 05/30/2025) |
| 05/30/2025 | | 748 | Order dated 5/30/2025 Re: 731 Motion filed by Creditor Lolonyon Akouete to Compel Evaluation of Related Claims Concurrently with Resolution of Trustee's Objection to Claim No. 4 . DENIED. AFTER CONSIDERATION, THE COURT DOES NOT FIND THAT CONSOLIDATION IS NECESSARY OR WOULD SERVE JUDICIAL ECONOMY. (meh, Usbc) (Entered: 05/30/2025) |
| 05/30/2025 | | 749 | Certificate of Service (Re: 736 Motion for Summary Judgment, 737 Brief/Memorandum, 739 Statement, 740 Affidavit/Declaration, 741 Affidavit/Declaration, 742 Affidavit/Declaration, 743 Affidavit/Declaration, 744 Affidavit/Declaration) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 05/30/2025) |
| 05/30/2025 | | 750 | Order dated 5/30/2025 Re: (Re: 639 Objection to Claim 5 of Claimant Denise Edwards, and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith , 716 Correspondence filed by Interested Party Denise Edwards. THE COURT CONSTRUES THE EMAIL SENT BY DENISE EDWARDS [ECF NO. 716] TO PROSE_FILINGS@MAB.USCOURTS.GOV (THE "PROSE EMAIL |

A-086

| | | | |
|---|---|---|---|
| | | | ADDRESS") AS A REQUEST THAT HER "MOTION OBJECTING TO CONSOLIDATION OF CLAIMS AND REQUESTING RECOGNITION OF SETTLEMENT PROPOSAL AND CONTRIBUTIONS TO THE ESTATE" [ECF NO. 678] (THE "5/2/2025 FILING") . . . BE DEEMED AS HER RESPONSE TO THE EDWARDS CLAIM OBJECTION AS WELL. THE COURT GRANTS THE REQUEST AND DEEMS THE 5/2/2025 FILING AS MS. EDWARDS'S RESPONSE TO THE EDWARDS CLAIM OBJECTION. THE COURT SCHEDULES A RULE 16 CONFERENCE WITH RESPECT TO THE EDWARDS CLAIM OBJECTION ON JUNE 10, 2025 AT 2:00 P.M. IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 05/30/2025) |
| 05/30/2025 | | 751 | Order dated 5/30/2025 Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. GIVEN SEVERAL HEARINGS HAVE BEEN SCHEDULED FOR JUNE 10, 2025 IN THIS MATTER, FOR JUDICIAL ECONOMY, THE COURT RESCHEDULES THE JUNE 3, 2025 HEARING ON ECF NO. 679 TO JUNE 10, 2025 AT 2:00 P.M. (THE "CONTINUED HEARING"). THE CONTINUED HEARING WILL BE CONDUCTED IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONFERENCE, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. (dr) (Entered: 05/30/2025) |
| 05/30/2025 | | 758 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 735 Limited Objection filed by Trustee Jonathan R. Goldsmith Re: 702 Motion filed by Creditor Lolonyon Akouete for Interim Distribution, 714 Supplement To Motion for Approval of Distribution of Personal Funds (Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds) filed by Creditor Lolonyon Akouete. (ab) (Entered: 06/02/2025) |
| 06/01/2025 | | 752 | BNC Certificate of Mailing – PDF Document. (Re: 738 Order To Set Hearing) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 753 | BNC Certificate of Mailing – PDF Document. (Re: 745 Order To Set Hearing) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 754 | BNC Certificate of Mailing – PDF Document. (Re: 747 Order) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 755 | BNC Certificate of Mailing – PDF Document. (Re: 748 Order on Motion to Compel) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 756 | BNC Certificate of Mailing – PDF Document. (Re: 750 Order) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/01/2025 | | 757 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 751 Order) Notice Date 06/01/2025. (Admin.) (Entered: 06/02/2025) |
| 06/02/2025 | | | Hybrid Hearing Continued to 06/10/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. (lb) (Entered: 06/02/2025) |
| 06/02/2025 | | | Hybrid Rule 16 Conference Scheduled on 6/10/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete. (lb) (Entered: 06/02/2025) |
| 06/02/2025 | | 759 | Supplemental Certificate of Service (Re: 736 Motion for Summary Judgment, 737 Brief/Memorandum, 739 Statement, 740 Affidavit/Declaration, 741 Affidavit/Declaration, 742 Affidavit/Declaration) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 06/02/2025) |
| 06/02/2025 | | 760 | Supplemental Certificate of Service (Re: 743 Affidavit/Declaration, 744 Affidavit/Declaration) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 06/02/2025) |
| 06/03/2025 | | 761 | Order Dated 6/3/2025 Re: 702 Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. Hearing Set for 6/10/2025 at 02:00 PM at Worcester Courtroom 3 – CJP. THE COURT SCHEDULES THE MOTION FOR APPROVAL OF DISTRIBUTION OF PERSONAL FUNDS [ECF NO. 702] FOR HEARING ON JUNE 10, 2025 AT 2:00 P.M. (THE "HEARING"). THE HEARING WILL BE CONDUCTED IN COURTROOM 3, DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE HEARING, TO THE EXTENT PARTIES IN INTEREST HAVE NOT ALREADY OBTAINED ACCESS INFORMATION FOR OTHER MATTERS ALSO SCHEDULED FOR HEARING IN THIS CASE ON JUNE 10, 2025, PARTIES IN INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 10, 2025 AT 10:00 A.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. GIVEN THE SMALL AMOUNT AT ISSUE, AND TO SEEK TO AVOID ANY REQUEST TO EXAMINE MS. EDWARDS REGARDING THE IRS PAYMENT MADE, MR. AKOUETE OR MS. EDWARDS SHALL FILE ANY DOCUMENTARY EVIDENCE (SUCH AS CANCELED CHECKS) SHOWING PAYMENT OF THE IRS FILING FEES THAT HAVE NOW BEEN REFUNDED. MR. AKOUETE SHALL SERVE NOTICE OF THE HEARING ON MS. EDWARDS AND ALL OTHER PARTIES IN INTEREST AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE HAS BEEN PROVIDED. (slh, usbc) (Entered: 06/03/2025) |
| 06/05/2025 | | 762 | BNC Certificate of Mailing – PDF Document. (Re: 761 Order To Set Hearing) Notice Date 06/05/2025. (Admin.) (Entered: 06/06/2025) |
| 06/06/2025 | | 763 | Motion filed by Creditor Lolonyon Akouete to Schedule Status Hearing to Clarify Scope and Objectives of Summary Judgment Phase (Re: 646 |

A-088

| | | | |
|---|---|---|---|
| | | | Proceeding Memorandum and Order dated 4/16/2025) And Request for Expedited Determination with certificate of service. (ab) (Entered: 06/06/2025) |
| 06/06/2025 | | 764 | Motion filed by Creditor Lolonyon Akouete To Reopen Discovery For Limited Purpose of Obtaining Newly Identified Documents with certificate of service. (ab) (Entered: 06/06/2025) |
| 06/06/2025 | | 765 | Order dated 6/6/2025 Re: 763 Motion filed by Creditor Lolonyon Akouete to Schedule Status Hearing to Clarify Scope and Objectives of Summary Judgment Phase (Re: 646 Proceeding Memorandum and Order dated 4/16/2025) And Request for Expedited Determination. DENIED EXCEPT FOR THE FOLLOWING CLARIFICATION. See Order for Full Text. (ab) (Entered: 06/06/2025) |
| 06/06/2025 | | 766 | Order dated 6/6/2025 Re: 764 Motion filed by Creditor Lolonyon Akouete To Reopen Discovery For Limited Purpose of Obtaining Newly Identified Documents. GRANTED IN PART. See Order for Full Text. (ab) (Entered: 06/06/2025) |
| 06/08/2025 | | 767 | BNC Certificate of Mailing – PDF Document. (Re: 765 Order on Motion to Clarify) Notice Date 06/08/2025. (Admin.) (Entered: 06/09/2025) |
| 06/08/2025 | | 768 | BNC Certificate of Mailing – PDF Document. (Re: 766 Order on Generic Motion) Notice Date 06/08/2025. (Admin.) (Entered: 06/09/2025) |
| 06/08/2025 | | 769 | Motion filed by Creditor Lolonyon Akouete To Add to June 10, 2025 Docket and For Request for Prompt Ruling Or Evidentiary Hearing on Threshold Issues Relating to Summary Judgment. (Attachments: # 1 Exhibits # 2 Exhibit 11 # 3 Exhibit 12 # 4 Exhibit 13) (ab) (Entered: 06/09/2025) |
| 06/09/2025 | | 770 | Order dated 6/9/2025 Re: 769 Motion filed by Creditor Lolonyon Akouete To Add to June 10, 2025 Docket and For Request for Prompt Ruling Or Evidentiary Hearing on Threshold Issues Relating to Summary Judgment. DENIED. MR. AKOUETE MAY MAKE LEGAL ARGUMENT AND SET OUT GENUINE DISPUTES OF MATERIAL FACT WITH SPECIFIC REFERENCE TO THE SUMMARY JUDGMENT RECORD IN AN OPPOSITION TO ENTRY OF SUMMARY JUDGMENT TO BE FILED ON OR BEFORE JUNE 20, 2025. (ab) (Entered: 06/09/2025) |
| 06/10/2025 | | 771 | Motion filed by Creditor Lolonyon Akouete for Reconsideration of 692 Order on Motion to Withdraw Document, Order on Motion To Reconsider, 722 Order, 747 Order). with c/s (dc) (Entered: 06/10/2025) |
| 06/10/2025 | | 772 | Supplemental Document: (Re: 703 Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel filed by Creditor Lolonyon Akouete. (dc) (Entered: 06/10/2025) |
| 06/10/2025 | | | Rule 16 Conference Held Re: 639 Objection to Claim 5 of Claimant Denise Edwards. and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete. (ab) (Entered: 06/10/2025) |
| 06/10/2025 | | | Hearing Held Re: 679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim, 702 Motion |

| | | | |
|---|---|---|---|
| | | | filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds., <u>703</u> Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel, <u>705</u> Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (ab) (Entered: 06/10/2025) |
| 06/10/2025 | | | Hybrid Hearing Continued to 06/24/2025 at 02:00 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: <u>705</u> Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (lb) (Entered: 06/13/2025) |
| 06/11/2025 | | <u>773</u> | Proceeding Memorandum and Order Dated 6/11/2025 Re: <u>639</u> Objection to Claim 5 of Claimant Denise Edwards and Request to Consolidate Dispute With Pending Contested Matter Regarding Claims of Lolonyon Akouete filed by Trustee Jonathan R. Goldsmith. RULE 16 CONFERENCE HELD. CASE MANAGEMENT ORDER TO ENTER INCORPORATING DATES ALREADY ESTABLISHED AND SETTING FURTHER DEADLINES FOR THIS CONTESTED MATTER. (ab) (Entered: 06/11/2025) |
| 06/11/2025 | | <u>774</u> | Proceeding Memorandum and Order dated 6/11/2025 Re: <u>702</u> Motion filed by Creditor Lolonyon Akouete for Approval of Distribution of Personal Funds. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS GRANTED IN PART AS FOLLOWS. THE TRUSTEE IS AUTHORIZED TO DISBURSE $430.00 TO MS. EDWARDS ON ACCOUNT OF THE IRS FILING FEE REFUNDS ADVANCED BY HER PERSONALLY. (ab) (Entered: 06/11/2025) |
| 06/11/2025 | | <u>775</u> | Proceeding Memorandum and Order dated 6/11/2025 Re: <u>703</u> Motion filed by Creditor Lolonyon Akouete Requesting Clarification Regarding Authorization of Alternative Service on Local Counsel. FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED. (ab) (Entered: 06/11/2025) |
| 06/11/2025 | | <u>776</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>770</u> Order on Generic Motion) Notice Date 06/11/2025. (Admin.) (Entered: 06/12/2025) |
| 06/12/2025 | | <u>777</u> | Expedited Motion filed by Creditor Lolonyon Akouete Determination that Action Against Equity Holder Does Not Violate Automatic Stay with certificate of service. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | <u>778</u> | Proceeding Memorandum and Order dated 6/12/2025 Re: <u>679</u> Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim. DENIED FOR THE REASONS STATED ON THE RECORD. See Order for Full Text. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | <u>779</u> | Proceeding Memorandum and Order dated 6/12/2025 Re: <u>705</u> Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. HEARING HELD ON JUNE 10, 2025. MS. BLAINE FAILED TO APPEAR OR FILE AN OPPOSITION TO THE MOTION TO COMPEL COMPLIANCE WITH THE SUBPOENA. A FURTHER HYBRID HEARING IS SCHEDULED FOR JUNE 24, 2025 AT 2:00 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. TO OBTAIN VIDEO ACCESS INFORMATION FOR THE CONTINUED HEARING, PARTIES IN |

A-090

| | | | |
|---|---|---|---|
| | | | INTEREST SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN JUNE 23, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. MS. BLAINE SHALL APPEAR AT THAT HEARING, WITHOUT WAIVING ANY OBJECTIONS TO PERSONAL JURISDICTION OR SERVICE OF PROCESS. MR. AKOUETE SHALL SERVE A COPY OF THIS ORDER BY CERTIFIED MAIL (RETURN RECEIPT REQUESTED), FIRST CLASS MAIL, AND BY EMAIL AND SHALL FILE A CERTIFICATE OF SERVICE BY JUNE 16, 2025, EVIDENCING SUCH SERVICE HAS BEEN MADE. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | 780 | Order dated 6/12/2025 Re: 771 Motion filed by Creditor Lolonyon Akouete for Reconsideration of 692 Order on Motion to Withdraw Document, Order on Motion To Reconsider, 722 Order, 774 Order. DENIED. WHILE THE MOVANT ASSERTS THAT A RESPONSE TO HIS PUBLIC RECORDS ACT REQUEST THAT INDICATES THAT INFORMATION HAS BEEN REDACTED OR WITHHELD IN RESPONSE TO THAT REQUEST CONSTITUTES "NEWLY DISCOVERED EVIDENCE," HE FAILED TO INCLUDE A COPY OF THAT PUBLIC DOCUMENT REQUEST. THE COURT COULD NOT DETERMINE THE SCOPE OF THAT REQUEST, WHICH LIKELY SIGNIFICANTLY EXCEEDED THE LIMITED SCOPE OF PRODUCTION ORDERED BY THIS COURT [SEE, E.G., ECF NO. 649] THAT WAS DIRECTED TO THIRD PARTY COMMUNICATIONS AND SUBMISSIONS THAT WOULD NOT LIKELY BE SUBJECT TO A CLAIM OF PRIVILEGE. AS STATED IN PRIOR ORDERS AND IN OPEN COURT ON THIS SAME SUBJECT [SEE ECF NO. 722], "THERE HAS BEEN NO CLAIM OF PRIVILEGE OR STATEMENT THAT ANY RESPONSIVE DOCUMENTS HAVE BEEN WITHHELD" BY THE STATE OF CALIFORNIA IN RESPONSE TO THE PRODUCTION ORDERED BY THIS COURT. (slh, usbc) (Entered: 06/12/2025) |
| 06/12/2025 | | 781 | Order dated 6/12/2025 Re: 777 Expedited Motion filed by Creditor Lolonyon Akouete Determination that Action Against Equity Holder Does Not Violate Automatic Stay. THE MOVANT, LOLONYON AKOUETE, HAVING FAILED TO STATE SUFFICIENT CAUSE FOR EXPEDITED DETERMINATION, EXPEDITED DETERMINATION OF THE MOTION FOR DETERMINATION THAT ACTION AGAINST EQUITY HOLDER DOES NOT VIOLATE AUTOMATIC STAY [ECF NO. 777] (THE "MOTION") IS DENIED.IN ADDITION, BECAUSE IT IS UNCLEAR WHAT CLAIMS COULD PURPORTEDLY BE BROUGHT THAT WOULD NOT BE CLAIMS OF THE DEBTOR'S BANKRUPTCY ESTATE, WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER, THE MOVANT SHOULD EITHER PROVIDE FURTHER DETAIL REGARDING THE CAUSES OF ACTION HE IS SEEKING CONFIRMATION HE HAS THE AUTHORITY TO PURSUE OR A COPY OF THE PROPOSED COMPLAINT HE IS SEEKING TO FILE WITH THE STATE COURT AS A SUPPLEMENT TO THIS MOTION. UPON CONSIDERATION OF THE SUPPLEMENT, THE COURT WILL ENTER FURTHER ORDER(S) WITH RESPECT TO THE MOTION. (slh, usbc) (Entered: 06/12/2025) |
| 06/13/2025 | | 782 | BNC Certificate of Mailing – PDF Document. (Re: 773 Order) Notice Date 06/13/2025. (Admin.) (Entered: 06/14/2025) |
| 06/13/2025 | | 783 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 774 Order on Motion for Interim/Supplemental Distribution) Notice Date 06/13/2025. (Admin.) (Entered: 06/14/2025) |
| 06/13/2025 | | 784 | BNC Certificate of Mailing – PDF Document. (Re: 775 Order on Motion to Clarify) Notice Date 06/13/2025. (Admin.) (Entered: 06/14/2025) |
| 06/14/2025 | | 785 | BNC Certificate of Mailing – PDF Document. (Re: 778 Order on Generic Motion) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/14/2025 | | 786 | BNC Certificate of Mailing – PDF Document. (Re: 779 Order on Motion to Compel) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/14/2025 | | 787 | BNC Certificate of Mailing – PDF Document. (Re: 780 Order on Motion To Reconsider) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/14/2025 | | 788 | BNC Certificate of Mailing – PDF Document. (Re: 781 Order on Motion Determine) Notice Date 06/14/2025. (Admin.) (Entered: 06/15/2025) |
| 06/16/2025 | | 789 | Certificate of Service Re: 779 Proceeding Memorandum and Order dated 6/12/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (slh, usbc) (Entered: 06/16/2025) |
| 06/20/2025 | | 790 | Response *to Motion for Determination that Acton Against Equity Holder Does not Violate Automatic Stay* with certificate of service filed by Interested Party Walter A. Horst Re: 777 Expedited Motion filed by Creditor Lolonyon Akouete to Determine for Determination that Action Against Equity Holder Does Not Violate Automatic Stay with certificate of service. (Miller, Samual) (Entered: 06/20/2025) |
| 06/20/2025 | | 791 | Opposition *to Akouete's Motion for Summary Judgment and (ii) Response to Akouete's Statement of Undisputed Facts.* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment. (Devine, Christine) (Entered: 06/20/2025) |
| 06/20/2025 | | 792 | Supplemental Certificate of Service (Re: 791 Opposition) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 06/20/2025) |
| 06/20/2025 | | 793 | Correspondence Filed by Interested Party Dyann Blaine. (Attachments: # 1 Dyann Blaine Form 2570 Subpoena To Produce # 2 Email # 3 Order) (meh, Usbc) (Entered: 06/20/2025) |
| 06/20/2025 | | 794 | Motion filed by Samual A. Miller on behalf of Luis R. Casas Meyer to Appear pro hac vice for Interested Party Walter A. Horst with certificate of service. (Miller, Samual) (Entered: 06/20/2025) |
| 06/20/2025 | | 795 | Declaration Re: Electronic Filing *of Luis R. Casas Meyer* (Re: 794 Motion to Appear pro hac vice) filed by Interested Party Walter A. Horst (Miller, Samual) (Entered: 06/20/2025) |
| 06/20/2025 | | 796 | Notice of Fee Due (Pro Hac Vice) issued to Luis R. Casas Meyer representing Walter A. Horst. PHV Fee Due 6/30/2025. (Re: 794 Motion to Appear pro hac vice filed by Interested Party Walter A. Horst). (ab) (Entered: 06/20/2025) |
| 06/20/2025 | | 797 | |

A-092

| | | | |
|---|---|---|---|
| | | | Motion filed by Creditor Lolonyon Akouete For Leave to File Late Response to Trustee's Motion for Summary Judgment [Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment] with certificate of service. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | | Receipt Number phv–12659–1750449588, Fee Amount $100.00 Re: 796 Notice of Fee Due (Pro Hac Vice). (sl) (Entered: 06/23/2025) |
| 06/23/2025 | | 798 | Consolidated Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 799 | Affidavit of Lolonyon Akouete *In Support of Response to Trustee's Motion for Summary Judgment*, For Purposes of Document Authentication Pursuant to Fed.R. Evid. 901 and 902 (Re: 798 Consolidated Opposition filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) filed by Creditor Lolonyon Akouete. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 800 | Endorsed Order dated 6/23/2025 Re: 794 Motion filed by Samual A. Miller on behalf of Luis R. Casas Meyer to Appear pro hac vice for Interested Party Walter A. Horst. GRANTED. ATTORNEY LUIS R. CASAS MEYER IS HEREBY AUTHORIZED TO APPEAR PRO HAC VICE ON BEHALF OF WALTER A. HORST, IN HIS INDIVIDUAL CAPACITY AND ON BEHALF OF BABCOCK & BROWN HOLDINGS, INC. AND BABCOCK & BROWN INTERNATIONAL PTY. LTD., AND THEIR CURRENT AND FORMER SUBSIDIARIES IN THIS MATTER. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 801 | Order dated 6/23/2025 Re: 797 Motion filed by Creditor Lolonyon Akouete For Leave to File Late Response to Trustee's Motion for Summary Judgment [Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment]. THE MOTION FOR LEAVE TO FILE LATE RESPONSE TO TRUSTEES MOTION FOR SUMMARY JUDGMENT IS GRANTED. THE DEADLINE FOR MR. AKOUETE TO OPPOSE THE TRUSTEE'S SUMMARY JUDGMENT MOTION IS EXTENDED TO JUNE 23, 2025. THE COURT ALSO EXTENDS THE JULY 11, 2025 DEADLINE TO FILE ANY RESPONSES TO THE OPPOSITIONS AT ECF NOS. 791 AND 798 TO JULY 14, 2025. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 802 | Order Dated 6/23/2025 Re: 777 Expedited Motion filed by Creditor Lolonyon Akouete Determination that Action Against Equity Holder Does Not Violate Automatic Stay. O SUPPLEMENT HAVING BEEN FILED PURSUANT TO THE ORDER ENTERED AT ECF NO. 781, AND UPON CONSIDERATION OF THE MOTION FOR DETERMINATION THAT ACTION AGAINST EQUITY HOLDER DOES NOT VIOLATE AUTOMATIC STAY [ECF NO. 777] (THE "MOTION") AND THE RECORD OF THIS CASE, THE MOTION IS DENIED. (ab) (Entered: 06/23/2025) |
| 06/23/2025 | | 803 | Order dated 6/23/2025 Re: 793 Correspondence filed by Interested Party Dyann Blaine. UPON CONSIDERATION OF THE CORRESPONDENCE TRANSMITTED BY DYANN BLAINE TO THE PRO SE EMAIL ADDRESS [ECF NO. 793], THE COURT CONSTRUES THE TRANSMISSION AS A MOTION TO RESCHEDULE THE JUNE 24, 2025 HEARING SCHEDULED PER THE ORDER AT ECF NO. 779 AND GRANTS THE MOTION AS FOLLOWS. THE HEARING ON THE MOTION TO COMPEL COMPLIANCE [ECF NO. 705] IS CONTINUED TO JULY 1, 2025 AT |

A-093

| | | | |
|---|---|---|---|
| | | | 2:00 P.M. (THE "CONTINUED HEARING"). THE CONTINUED HEARING WILL BE CONDUCTED IN COURTROOM 3, HAROLD DONOHUE FEDERAL BUILDING AND COURTHOUSE, 595 MAIN STREET, WORCESTER, MASSACHUSETTS 01608, WITH THE OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 06/23/2025) |
| 06/24/2025 | | | Hybrid Hearing Continued to 07/01/2025 at 02:00 PM Either by Zoom or In Person at Worcester Courtroom 3 – CJP Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (lb) (Entered: 06/24/2025) |
| 06/24/2025 | | 804 | Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay with certificate of service. (Attachments: # 1 Exhibit) (ab) (Entered: 06/24/2025) |
| 06/25/2025 | | 805 | BNC Certificate of Mailing – PDF Document. (Re: 800 Order on Motion to Appear pro hac vice) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/25/2025 | | 806 | BNC Certificate of Mailing – PDF Document. (Re: 801 Order on Motion for Leave to File) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/25/2025 | | 807 | BNC Certificate of Mailing – PDF Document. (Re: 802 Order) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/25/2025 | | 808 | BNC Certificate of Mailing – PDF Document. (Re: 803 Order) Notice Date 06/25/2025. (Admin.) (Entered: 06/26/2025) |
| 06/26/2025 | | 809 | Telephonic Hearing Scheduled on 7/17/2025 at 10:00 AM Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. Objections due by 7/11/2025 at 4:30 PM. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 161 573 2424 AND PASSCODE 041 630 WHEN PROMPTED. To facilitate informal discussions similar to those that occur just prior to in–person hearings that may narrow or resolve issues, the Court encourages parties to confer by telephone prior to the scheduled hearing. When stating their names for the record, participants are invited to also state that the parties have reached resolution on some or all of the issues on for hearing. (ab) (Entered: 06/26/2025) |
| 06/27/2025 | | 810 | Certificate of Service of Notice of Hearing (Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay) filed by Creditor Lolonyon Akouete. (ab) (Entered: 06/27/2025) |
| 06/28/2025 | | 811 | BNC Certificate of Mailing – Hearing. (Re: 809 Hearing Scheduled) Notice Date 06/28/2025. (Admin.) (Entered: 06/29/2025) |
| 06/30/2025 | | 812 | Reply filed by Creditor Lolonyon Akouete to Trustee's 791 Opposition *to Akouete's 658 Motion for Summary Judgment and (ii) Response to Akouete's Statement of Undisputed Facts and Renewed Request for Expedited Determination with Certificate of Service. (slh, usbc) (Entered: 06/30/2025)* |

A-094

| | | | |
|---|---|---|---|
| 06/30/2025 | | 813 | Affidavit of Lolonyon Akouete Re: 812 Reply filed by Creditor Lolonyon Akouete to Trustee's 791 Opposition to Akouete's 658 Motion for Summary Judgment and (ii) Response to Akouete's Statement of Undisputed Facts and Renewed Request for Expedited Determination. (slh, usbc) (Entered: 06/30/2025) |
| 07/01/2025 | | | Hearing Held and Continued to 07/17/2025 at 10:00 AM at a Telephonic Hearing Re: 705 Motion to Compel Compliance with Subpoena Filed by Creditor Lolonyon Akouete. (ab) (Entered: 07/01/2025) |
| 07/01/2025 | | 814 | Motion filed by Creditor Lolonyon Akouete to Expedite Determination of Motion for Declaratory Relief or, in the Alternative, for Leave to Proceed in Superior Court or Commence Adversary Proceeding Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay with certificate of service. (slh, usbc) (Entered: 07/02/2025) |
| 07/02/2025 | | 815 | Order dated 7/2/2025 Re: 814 Motion filed by Creditor Lolonyon Akouete to Expedite Determination of Motion for Declaratory Relief or, in the Alternative, for Leave to Proceed in Superior Court or Commence Adversary Proceeding Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. DENIED. THE OBJECTION DEADLINE REGARDING THE MOTION [ECF NO. 804] OF MR. AKOUETE THAT IS SCHEDULED FOR HEARING ON JULY 17, 2025 AT 10:00 A.M. HAS BEEN ESTABLISHED AS JULY 11, 2025. SEE NOTICE OF HEARING AT ECF NO. 809. GIVEN THE HOLIDAY WEEK AND IN CONSIDERATION OF THE ESTABLISHED DEADLINE, THE COURT WILL NOT ACCELERATE THE OBJECTION DEADLINE. FURTHER, THE COURT'S SCHEDULE CAN NOT EASILY ACCOMMODATE AN EARLIER HEARING DATE AND THE COURT CAN NOT ANTICIPATE THE AVAILABILITY OF OTHER COUNSEL ON AN EARLIER DATE. IF THERE IS NO OPPOSITION FILED BY THE JULY 11, 2025 OBJECTION DEADLINE, THE COURT MAY ACT ON THE MOTION [ECF NO. 804] WITHOUT THE NEED FOR A HEARING. (slh, usbc) (Entered: 07/02/2025) |
| 07/02/2025 | | 816 | Order dated 7/2/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. IT APPEARING THAT MR. AKOUETE DID NOT SERVE NOTICE OF THE JULY 1, 2025 HEARING PURSUANT TO THE ORDER ENTERED AT ECF NO. 803, THE COURT HEREBY CONTINUES THE HEARING ON THE MOTION TO COMPEL COMPLIANCE [ECF NO. 705] TO JULY 17, 2025 AT 10:00 A.M. (THE "CONTINUED HEARING"). THE CONTINUED HEARING WILL BE CONDUCTED BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. See Order for Full Text. (slh, usbc) (Entered: 07/02/2025) |
| 07/04/2025 | | 817 | BNC Certificate of Mailing – PDF Document. (Re: 815 Order on Motion for Emergency/Expedited Determination) Notice Date 07/04/2025. (Admin.) (Entered: 07/05/2025) |
| 07/04/2025 | | 818 | BNC Certificate of Mailing – PDF Document. (Re: 816 Order on Motion to Compel) Notice Date 07/04/2025. (Admin.) (Entered: 07/05/2025) |
| 07/07/2025 | | 819 | Certificate of Service of Notice of Hearing (Re: 705 Motion to Compel) filed by Creditor Lolonyon Akouete. (meh, Usbc) (Entered: 07/08/2025) |

A-095

| | | | |
|---|---|---|---|
| 07/10/2025 | | 820 | Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for the Limited Purpose of Obtaining the Goulston & Storrs Retainer Agreement with certificate of service. (meh, Usbc) (Entered: 07/10/2025) |
| 07/11/2025 | | 821 | Limited Objection *and Reservation of Rights* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 804 Motion filed by Creditor Lolonyon Akouete to Determine That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay with certificate of service. (Savoia, Angelina) (Entered: 07/11/2025) |
| 07/14/2025 | | 822 | Response with certificate of service filed by Creditor Lolonyon Akouete Re: 821 Limited Objection and Reservation of Rights with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 804 Motion filed by Creditor Lolonyon Akouete to Determine That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. (slh, usbc) (Entered: 07/14/2025) |
| 07/14/2025 | | 823 | Reply *to Akouete's Opposition to Trustee's Motion for Summary Judgment* filed by Trustee Jonathan R. Goldsmith Re: 798 Consolidated Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (ab) (Devine, Christine) (Entered: 07/14/2025) |
| 07/14/2025 | | 824 | Supplemental Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 823 Reply *to Akouete's Opposition to Trustee's Motion for Summary Judgment* filed by Trustee Jonathan R. Goldsmith Re: 798 Consolidated Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (ab) (slh, usbc) (Entered: 07/15/2025) |
| 07/17/2025 | | 825 | Order dated 7/17/2025 Re: 820 Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for the Limited Purpose of Obtaining the Goulston & Storrs Retainer Agreement. DENIED. THE MOVANT HAS NOT STATED SUFFICIENT CAUSE TO RE–OPEN DISCOVERY. FIRST, MOTIONS FOR SUMMARY JUDGMENT ON THE OBJECTION TO MR. AKOUETES CLAIM ARE FULLY BRIEFED AND PENDING. SECOND, THE MOTION DOES NOT ADDRESS IN ANY WAY HOW THE REQUESTED DISCOVERY RELATES TO THE PENDING CLAIM OBJECTION OR COULD JUSTIFY POTENTIALLY EXPANDING THE SUMMARY JUDGMENT RECORD WITH RESPECT TO THAT MATTER AT THIS JUNCTURE. (meh, Usbc) (Entered: 07/17/2025) |
| 07/17/2025 | | | Hearing Held Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena, and 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. (ab) (Entered: 07/17/2025) |
| 07/19/2025 | | 826 | BNC Certificate of Mailing – PDF Document. (Re: 825 Order on Generic Motion) Notice Date 07/19/2025. (Admin.) (Entered: 07/20/2025) |
| 07/21/2025 | | 827 | Renewed Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for Limited Purposes to Obtain IRS and Retainer Documentation with certificate of service. (slh, usbc) (Entered: 07/21/2025) |
| 07/21/2025 | | 828 | Proceeding Memorandum and Order dated 7/21/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with |

A-096

| | | | |
|---|---|---|---|
| | | | Subpoena.  AS STATED ON THE RECORD AT THE JULY 17, 2025 HEARING, ON OR BEFORE AUGUST 18, 2025, MS. BLAINE SHALL PRODUCE ANY DOCUMENTS (AS DEFINED IN THE SUBPOENA OR ITS ATTACHMENTS) IN HER POSSESSION, CUSTODY, OR CONTROL RELATING TO COMMUNICATIONS FROM 2022 TO DATE ASSOCIATED WITH ANY ATTEMPT TO "MANAGE" THE DEBTOR OR ITS ASSETS, INCLUDING WITHOUT LIMITATION BY ATTEMPTING TO COLLECT OR ASSISTING OTHERS TO COLLECT CALIFORNIA UNCLAIMED FUNDS OF THE DEBTOR OR ANY OTHER ASSETS. ON OR BEFORE AUGUST 18, 2025, MS. BLAINE SHALL ALSO SERVE ON MR. AKOUETE AND THE TRUSTEE A "DILIGENT SEARCH" AFFIDAVIT DESCRIBING HER EFFORTS TO COMPLY WITH THE SUBPOENA, STATING THAT SHE HAS PRODUCED ALL RESPONSIVE NON–PRIVILEGED DOCUMENTS IN HER POSSESSION, CUSTODY, OR CONTROL AND IDENTIFYING ANY DOCUMENTS THAT HAVE BEEN WITHHELD AND THE REASON THEREFOR, AND STATING THAT THE DOCUMENTS PRODUCED ARE TRUE AND ACCURATE COPIES. MR. AKOUETE SHALL SERVE A COPY OF THIS ORDER ON MS. BLAINE BY EMAIL NO LATER THAN JULY 23, 2025 AND SHALL FILE A CERTIFICATE OF SERVICE WITH THE COURT. (slh, usbc) (Entered: 07/21/2025) |
| 07/22/2025 | | 829 | Certificate of Service filed by Creditor Lolonyon Akouete Re: 828 Proceeding Memorandum and Order dated 7/21/2025 Re: 705 Motion filed by Creditor Lolonyon Akouete to Compel Compliance with Subpoena. (slh, usbc) (Entered: 07/23/2025) |
| 07/23/2025 | | 830 | BNC Certificate of Mailing – PDF Document. (Re: 828 Order on Motion to Compel) Notice Date 07/23/2025. (Admin.) (Entered: 07/24/2025) |
| 07/28/2025 | | 831 | Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in STate Court Action does not Violate Automatic Stay with certificate of service. (slh, usbc) (Entered: 07/28/2025) |
| 07/28/2025 | | 832 | Objection *Petitioning Creditors' Objection to Lolonyon Akouete Motion for "Comfort Order"* with certificate of service filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in STate Court Action does not Violate Automatic Stay with certificate of service. (Gordon, Stephen) (Entered: 07/28/2025) |
| 07/28/2025 | | 833 | Reply filed by Creditor Lolonyon Akouete Re: 832 Petitioning Creditors' Objection to Lolonyon Akouete filed by Petitioning Creditor Nathanson & Goldberg, P.C. Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in State Court Action does not Violate Automatic Stay with certificate of service. (slh, usbc) (Entered: 07/29/2025) |
| 07/30/2025 | | 834 | Motion filed by Creditor Lolonyon Akouete for Declaratory Judgment that Babcock & Brown is Aware of the State Court Action and has Declined to Participate with certificate of service. (slh, usbc) (Entered: 07/30/2025) |
| 07/31/2025 | | 835 | Proceeding Memorandum and Order dated 7/31/2025 Re: 804 Motion filed by Creditor Lolonyon Akouete For Determination That State Court Action Against Non–Debtor Does Not Violate the Automatic Stay. AFTER A HEARING, THE COURT ENTERS THE FOLLOWING ORDER WITH RESPECT TO THE "MOTION FOR |

A-097

| | | | |
|---|---|---|---|
| | | | DETERMINATION THAT STATE COURT ACTION AGAINST NONDEBTOR DOES NOT VIOLATE THE AUTOMATIC STAY" [ECF NO. 804] DENYING IN PART THE COMFORT ORDER REQUESTED. See Order for Full Text. (slh, usbc) (Entered: 07/31/2025) |
| 07/31/2025 | | 836 | Order dated 7/31/2025 Re: 834 Motion filed by Creditor Lolonyon Akouete for Declaratory Judgment that Babcock & Brown is Aware of the State Court Action and has Declined to Participate. DENIED. MOVANT SEEKS DECLARATORY JUDGMENT WITHOUT FILING AN ADVERSARY PROCEEDING AND WITH RESPECT TO ASSERTIONS RELATING TO A THIRD PARTY AND PENDING STATE COURT LITIGATION. (slh, usbc) (Entered: 07/31/2025) |
| 07/31/2025 | | 837 | Order dated 7/31/2025 Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in STate Court Action does not Violate Automatic Stay. "CREDITOR LOLONYON AKOUETE'S SUPPLEMENTAL MOTION FOR COMFORT ORDER CLARIFYING THAT JOINDER OF BABCOCK & BROWN IN STATE COURT ACTION DOES NOT VIOLATE AUTOMATIC STAY" [ECF NO. 831] (THE "MOTION") IS DENIED. THE COURT HAS THE DISCRETION TO ISSUE "COMFORT ORDERS" IN APPROPRIATE CIRCUMSTANCES. I DECLINE TO EXERCISE THAT DISCRETION WITH RESPECT TO THIS MOTION. BECAUSE MR. AKOUETE APPEARS TO STATE AN INTENTION TO SEEK A DETERMINATION FROM A STATE COURT REGARDING OWNERSHIP OF PROPERTY OF THE ESTATE, MR. AKOUETE IS ORDERED TO PROVIDE COPIES OF ANY PLEADINGS FILED IN ANY COURT RELATING IN ANY WAY TO THE DEBTOR SO THAT THE TRUSTEE MAY ASSESS WHETHER MR. AKOUETE HAS VIOLATED THE AUTOMATIC STAY OR HAS COMMENCED LITIGATION THAT COULD INTERFERE WITH ADMINISTRATION OF THE BANKRUPTCY ESTATE OR DETERMINATION OF ISSUES BY THIS COURT AND SEEK INJUNCTIVE OR OTHER RELIEF FROM THIS COURT. (slh, usbc) (Entered: 07/31/2025) |
| 07/31/2025 | | 839 | Order dated 7/31/2025 Re: 827 Renewed Motion filed by Creditor Lolonyon Akouete to Reopen Discovery for Limited Purposes to Obtain IRS and Retainer Documentation. DENIED. THE MOVANT DOES NOT PROFFER SUFFICIENT CAUSE TO RE–OPEN DISCOVERY PARTICULARLY GIVEN THAT MOTIONS FOR SUMMARY JUDGMENT HAVE BEEN FILED AND THE SUMMARY JUDGMENT RECORD IS CLOSED. AS TO THE REQUESTED SUBPOENA TO THE IRS, THE MOVANT DOES NOT SET OUT ANY REASON WHY THE DISCOVERY COULD NOT HAVE BEEN TIMELY SERVED WITHIN THE DISCOVERY PERIOD. AS TO THE REQUESTED DISCOVERY FROM GOULSTON & STORRS PC, THE MOVANT HAS MADE SIMILAR REQUESTS IN THE PAST. LIMITED DISCOVERY WAS PERMITTED, BUT THE RELEVANCE TO THE TRUSTEES OBJECTION TO THE MOVANTS CLAIM OF POTENTIALLY PRIVILEGED RETENTION INFORMATION FROM 1997–1998 IS SPECULATIVE. (slh, usbc) (Entered: 08/01/2025) |
| 08/01/2025 | | 838 | Motion filed by Creditor Lolonyon Akouete to Reconsider Re: 837 Order dated 7/31/2025 Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in State Court Action does not Violate Automatic Stay. (slh, usbc) (Entered: 08/01/2025) |
| 08/02/2025 | | 840 | |

A-098

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 835 Order on Motion Determine) Notice Date 08/02/2025. (Admin.) (Entered: 08/03/2025) |
| 08/02/2025 | | 841 | BNC Certificate of Mailing – PDF Document. (Re: 836 Order on Motion for Judgment) Notice Date 08/02/2025. (Admin.) (Entered: 08/03/2025) |
| 08/02/2025 | | 842 | BNC Certificate of Mailing – PDF Document. (Re: 837 Order on Generic Motion) Notice Date 08/02/2025. (Admin.) (Entered: 08/03/2025) |
| 08/03/2025 | | 843 | BNC Certificate of Mailing – PDF Document. (Re: 839 Order on Generic Motion) Notice Date 08/03/2025. (Admin.) (Entered: 08/04/2025) |
| 08/05/2025 | | 844 | Order dated 8/5/2025 Re: 838 Motion filed by Creditor Lolonyon Akouete to Reconsider Re: 837 Order dated 7/31/2025 Re: 831 Supplemental Motion filed by Creditor Lolonyon Akouete for Comfort Order Clarifying that Joinder of Babcock & Brown in State Court Action does not Violate Automatic Stay.  DENIED. See Order for Full Text. (meh, Usbc) (Entered: 08/05/2025) |
| 08/06/2025 | | 845 | Motion filed by Interested Party Denise Edwards For Summary Judgment. (slh, usbc) (Entered: 08/06/2025) |
| 08/06/2025 | | 846 | Statement *of Undisputed Material Facts in Support of Re:* Re: 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. (slh, usbc) (Entered: 08/06/2025) |
| 08/06/2025 | | 847 | Certificate of Service Re: 845 Motion for Summary Judgment and Re: 846 Statement of Undisputed Material Facts filed by Interested Party Denise Edwards. (slh, usbc) (Entered: 08/06/2025) |
| 08/06/2025 | | 848 | Statement *and Reservation of Rights Regarding Summary Judgment Regarding Claim of Denise Edwards* with certificate of service (Re: 736 Motion for Summary Judgment) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 08/06/2025) |
| 08/07/2025 | | 849 | BNC Certificate of Mailing – PDF Document. (Re: 844 Order on Motion To Reconsider) Notice Date 08/07/2025. (Admin.) (Entered: 08/08/2025) |
| 08/17/2025 | | 850 | Motion filed by Creditor Lolonyon Akouete for Status Conference on Pending Summary Judgment Motions (Re: 736 Motion for Summary Judgment, 845 Motion for Summary Judgment) with certificate of service. (meh, Usbc) (Entered: 08/18/2025) |
| 08/18/2025 | | 851 | Opposition with certificate of service filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (meh, Usbc) (Entered: 08/18/2025) |
| 08/21/2025 | | 852 | Motion filed by Creditor Lolonyon Akouete for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights with certificate of service. (meh, Usbc) (Entered: 08/22/2025) |
| 08/26/2025 | | 853 | Response *to "Creditor" Loloynon Akoute's Motion for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights* filed by Creditors Babcock & Brown International Pty. Ltd., Babcock & Brown Holdings, Inc. Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production with certificate of service. (Attachments: # 1 Exhibit A (Composite) Subpoenas) (Casas, Luis) (Entered: 08/26/2025) |

A-099

| | | | |
|---|---|---|---|
| 08/26/2025 | | 854 | Reply with certificate of service filed by Creditor Lolonyon Akouete Re: 853 Response *to "Creditor" Loloynon Akoute's Motion for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights* filed by Creditors Babcock & Brown International Pty. Ltd., Babcock & Brown Holdings, Inc. Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production with certificate of service. (Attachments: # 1 Exhibit A (Composite) Subpoenas) (meh, Usbc) (Entered: 08/27/2025) |
| 08/27/2025 | | 855 | Opposition *to Denise Edwards's Motion for Summary Judgment and (II) Response to Edwards's Statement of Undisputed Facts* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 845 Motion filed by Interested Party Denise Edwards For Summary Judgment., 846 Statement *of Undisputed Material Facts in Support of Re:* Re: 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. (Devine, Christine) (Entered: 08/27/2025) |
| 08/28/2025 | | 856 | Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief with certificate of service. (jp, usbc) (Entered: 08/28/2025) |
| 08/28/2025 | | 857 | Order dated 8/28/2025 Re: 850 Motion filed by Creditor Lolonyon Akouete for Status Conference on Pending Summary Judgment Motions Re: 736 Motion for Summary Judgment, 845 Motion for Summary Judgment). DENIED. THE COURT WILL DETERMINE THE MOTIONS FOR SUMMARY JUDGMENT AS ITS SCHEDULE PERMITS. FURTHER, MS. EDWARDS RECENTLY FILED AN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT. CERTAIN DEADLINES WITH RESPECT TO SUMMARY JUDGMENT RELATED TO THE EDWARDS CLAIM ARE PENDING. IT IS LIKELY THAT THE COURT WILL CONSIDER THE MOTIONS FOR SUMMARY JUDGMENT AT THE SAME TIME FOR JUDICIAL ECONOMY. (jp, usbc) (Entered: 08/28/2025) |
| 08/28/2025 | | 858 | Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 08/28/2025) |
| 08/29/2025 | | 859 | Order dated 8/29/2025 Re: 845 Motion for Summary Judgment filed by Interested Party Denise Edwards. ON OR BEFORE SEPTEMBER 9, 2025, MS. EDWARDS SHALL FILE SUPPLEMENTS TO HER OPPOSITION [ECF NO. 851] AND STATEMENT OF UNDISPUTED FACTS [ECF NO. 846] FILED IN SUPPORT OF HER SUMMARY JUDGMENT MOTION [ECF NO. 845] CONSISTING OF RELEVANT TRANSCRIPTS OR OTHER EVIDENCE TO BE INCLUDED IN THE SUMMARY JUDGMENT RECORD THAT DIRECTLY SUPPORTS THE STATEMENTS OF UNDISPUTED MATERIAL FACTS IN EACH PLEADING. MS. EDWARDS SHOULD ALSO FILE A FOUNDATIONAL AFFIDAVIT FOR EACH (SEE ECF NO. 741 AS AN EXAMPLE). IF A TRANSCRIPT OR OTHER EVIDENCE REFERENCE IS INCLUDED IN THE TRUSTEE'S FILINGS AT ECF NOS. 739, 740, 741, 742, 743, OR 744, MS. EDWARDS MAY REFERENCE THAT EVIDENCE BY ECF DOCKET AND PAGE NUMBER. THE TRUSTEE SHALL FILE ANY SUPPLEMENT HIS OPPOSITION [ECF NO. 855] WITHIN TEN (10) DAYS OF MS. EDWARDS FILING HER SUPPLEMENTS. (dr) (Entered: 08/29/2025) |
| 08/29/2025 | | 861 | Deposition Transcript of Denise Edwards filed by Lolonyon Akouete. (jp, usbc) (Entered: 09/02/2025) |
| 08/30/2025 | | 860 | |

A-100

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 857 Order on Motion To Set/Combine Hearing) Notice Date 08/30/2025. (Admin.) (Entered: 08/31/2025) |
| 09/03/2025 | | 862 | Reply *to Edwards's Opposition to Trustee's Motion for Summary Judgment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 851 Opposition with certificate of service filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment. (Savoia, Angelina) (Entered: 09/03/2025) |
| 09/04/2025 | | 863 | BNC Certificate of Mailing – PDF Document. (Re: 859 Order) Notice Date 09/04/2025. (Admin.) (Entered: 09/05/2025) |
| 09/09/2025 | | 864 | Joint Supplemental Filing of Creditors in Support of Summary Judgment and in Opposition to Trustee's Motion for Summary Judgment (Re: 736 Motion for Summary Judgment, 845 Motion for Summary Judgment) filed by Creditor Lolonyon Akouete , Interested Party Denise Edwards. (jp, usbc) (Entered: 09/09/2025) |
| 09/09/2025 | | 865 | Affidavit of Lolonyon Y. Akouete filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 09/09/2025) |
| 09/11/2025 | | 866 | Application for Compensation and Reimbursement of Expenses with certificate of service for Craig R. Jalbert, Accountant, Period: 3/3/2025 to 7/29/2025, Fee: $2,044.00, Expenses: $27.24. (Goldsmith, Jonathan) (Entered: 09/11/2025) |
| 09/11/2025 | | 867 | Declaration Re: Electronic Filing (Re: 866 Application for Compensation) filed by Accountant Craig R. Jalbert (Goldsmith, Jonathan) (Entered: 09/11/2025) |
| 09/18/2025 | | 868 | Emergency Motion filed by Creditor Lolonyon Akouete for Order (1) Authorizing Limited, Expedited Rule 2004 Discovery Regarding Mignonette Investments Limited's IRS "Responsible Party" Information; (2) In the Alternative, Compelling Execution of Limited IRS Form 8821 to Permit Retrieval of IRS 147C/Related Records; (3) Clarifying that Such Limited Discovery Does Not Violate the Automatic Stay; and (4) Shortening Notice/Setting Expedited Hearing with certificate of service. (jp, usbc) (Entered: 09/18/2025) |
| 09/18/2025 | | 869 | Adversary case 25–04027. Complaint by Jonathan R. Goldsmith, Chapter 7 Trustee against Lolonyon Akouete. Fee Amount $350. (Attachments: # 1 Affidavit # 2 Exhibits To Affidavit) Nature of Suit(72 (Injunctive relief – other))(Devine, Christine) (Entered: 09/18/2025) |
| 09/18/2025 | | 870 | First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44. (Devine, Christine) (Entered: 09/18/2025) |
| 09/18/2025 | | 871 | Certificate of Service (Re: 870 Application for Compensation) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 09/18/2025) |
| 09/19/2025 | | 872 | Objection of Creditor Lolonyon Akouete to Final Application for Compensation of Accountants to the Trustee with certificate of service filed by Creditor Lolonyon Akouete Re: 866 Application for Compensation and Reimbursement of Expenses for Craig R. Jalbert, |

A-101

| | | | |
|---|---|---|---|
| | | | Accountant, Period: 3/3/2025 to 7/29/2025, Fee: $2,044.00, Expenses: $27.24. (jp, usbc) (Entered: 09/19/2025) |
| 09/19/2025 | | 873 | Motion filed by Trustee Jonathan R. Goldsmith to Strike (Re: 864 Supplemental Document) with certificate of service. (Devine, Christine) (Entered: 09/19/2025) |
| 09/19/2025 | | 874 | Supplemental Document: *Trustee's Supplement to Opposition to Denise Edwards's Motion for Summary Judgment* with certificate of service (Re: 855 Opposition) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/19/2025) |
| 09/19/2025 | | 875 | Opposition of Creditor Lolonyon Akouete to Application for Compensation of Nicholson Devine, LLC as Counsel to the Trustee with certificate of service filed by Creditor Lolonyon Akouete Re: 870 First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44. (jp, usbc) (Entered: 09/19/2025) |
| 09/19/2025 | | 876 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike (Re: 864 Supplemental Document) with certificate of service. (meh, Usbc) (Entered: 09/19/2025) |
| 09/22/2025 | | 877 | Supplement to Opposition Re: 876 Opposition Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike (Re: 864 Supplemental Document) and, in the Alternative, Motion to Align Consolidated Summary Judgment Procedures, for Leave to File a Targeted Sur–Reply, and to Preserve the Record for Appellate Review with certificate of service filed by Creditor Lolonyon Akouete . (jp, usbc) (Entered: 09/22/2025) |
| 09/23/2025 | | 878 | Order dated 9/23/2025 Re: 868 Emergency Motion filed by Creditor Lolonyon Akouete for Order (1) Authorizing Limited, Expedited Rule 2004 Discovery Regarding Mignonette Investments Limited's IRS "Responsible Party" Information; (2) In the Alternative, Compelling Execution of Limited IRS Form 8821 to Permit Retrieval of IRS 147C/Related Records; (3) Clarifying that Such Limited Discovery Does Not Violate the Automatic Stay; and (4) Shortening Notice/Setting Expedited Hearing. DENIED. THE MOVANT SEEKS AUTHORITY TO CONDUCT RULE 2004 DISCOVERY TO ASSIST IN THE ADMINISTRATION OF THE ESTATE. ADMINISTRATION OF THE ESTATE IS IN THE DOMAIN OF THE TRUSTEE. THE MOVEMENT FAILED TO IDENTIFY WHY THE INFORMATION SOUGHT IS NECESSARY FOR THE ADMINISTRATION OF THE ESTATE AT THIS JUNCTURE. WHILE THE MOVANT MAKES REFERENCE TO SERVICE REQUIREMENTS THAT HE WILL FACE IN OCTOBER, HE DOES NOT EXPLAIN WHAT THOSE ARE OR HOW THEY RELATE TO ADMINISTRATION OF THE ESTATE. (jp, usbc) (Entered: 09/23/2025) |
| 09/24/2025 | | 879 | Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/24/2025) |
| 09/24/2025 | | 880 | Certificate of Service (Re: 879 Status Report) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/24/2025) |

A-102

| | | | |
|---|---|---|---|
| 09/25/2025 | | 881 | Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (meh, Usbc) (Entered: 09/25/2025) |
| 09/25/2025 | | 882 | BNC Certificate of Mailing – PDF Document. (Re: 878 Order on Generic Motion) Notice Date 09/25/2025. (Admin.) (Entered: 09/26/2025) |
| 09/26/2025 | | 883 | Order dated 9/26/2025 Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions, to Compel Production, to Reopen Discovery, and to Preserve Rights. AFTER CONSIDERATION OF "CREDITOR LOLONYON AKOUETE'S MOTION FOR SANCTIONS, TO COMPEL PRODUCTION, TO REOPEN DISCOVERY, AND TO PRESERVE RIGHTS" [ECF NO. 852] (THE "MOTION"), THE RESPONSE [ECF NO. 853] OF BABCOCK & BROWN INTERNATIONAL PTY. LTD. AND BABCOCK & BROWN HOLDINGS, INC. AND THEIR CURRENT AND FORMER SUBSIDIARIES (COLLECTIVELY, THE "BABCOCK & BROWN ENTITIES"), THE REPLY [ECF NO. 854] OF MR. AKOUETE, AND THE RECORD IN THIS CASE, THE MOTION IS DENIED FOR THE REASONS STATED IN THE RESPONSE OF THE BABCOCK & BROWN ENTITIES. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 884 | Order Dated 9/26/2025 Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief. Telephonic Hearing set for 10/22/2025 at 01:00 PM. Objections due by 10/20/2025 at 11:59 PM. THE COURT HEREBY SCHEDULES THE "MOTION TO PRESERVE RIGHTS, TO COMPEL PRODUCTION, AND FOR OTHER APPROPRIATE RELIEF" [ECF NO 856] OF LOLONYON AKOUETE, AS SUPPLEMENTED BY THE NOTICE OF SUPPLEMENTAL AUTHORITY [ECF NO. 858] FOR A TELEPHONIC HEARING ON OCTOBER 22, 2025 AT 1:00 P.M. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. OBJECTIONS TO THE MOTION SHALL BE FILED ON OR BEFORE OCTOBER 20, 2025. MR. AKOUETE SHALL SERVE NOTICE OF THE MOTION AND THE HEARING ON THE CALIFORNIA STATE CONTROLLERS OFFICE AND PETER BLAUSTEIN BY CERTIFIED MAIL AND EMAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH SERVICE HAS BEEN PROVIDED ON OR BEFORE OCTOBER 1, 2025. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 885 | Order dated 9/26/2025 Re: 870 First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44. ANY OBJECTIONS TO THE "FIRST INTERIM APPLICATION OF NICHOLSON DEVINE LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE TRUSTEE" (THE "APPLICATION") SHALL BE FILED ON OR BEFORE OCTOBER 20, 2025. UPON CONSIDERATION OF ANY OBJECTIONS FILED BY THE EXPIRATION OF THE DEADLINE ESTABLISHED BY THIS ORDER, THE COURT MAY DETERMINE THE APPLICATION ON AN INTERIM BASIS WITHOUT FURTHER NOTICE OF HEARING. WITHIN TWO (2) BUSINESS DAYS OF THE DATE OF THIS ORDER, THE APPLICANT SHALL FILE A CERTIFICATE OF SERVICE REFLECTING NOTICE OF THE OBJECTION DEADLINE HAS BEEN PROVIDED TO ALL PARTIES ENTITLED TO NOTICE AND STATING THE MANNER OF |

A-103

| | | | |
|---|---|---|---|
| | | | SERVICE. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 886 | Order dated 9/26/2025 Re: 866 Application for Compensation and Reimbursement of Expenses with certificate of service for Craig R. Jalbert, Accountant, Period: 3/3/2025 to 7/29/2025, Fee: $2,044.00, Expenses: $27.24. ANY OBJECTIONS TO THE FINAL APPLICATION FOR FEE AND EXPENSES OF ACCOUNTANT TO THE TRUSTEE (THE APPLICATION) SHALL BE FILED ON OR BEFORE OCTOBER 20, 2025. UPON CONSIDERATION OF ANY OBJECTIONS FILED BY THE EXPIRATION OF THE DEADLINE ESTABLISHED BY THIS ORDER, THE COURT MAY DETERMINE THE APPLICATION WITHOUT FURTHER NOTICE OF HEARING. WITHIN TWO (2) BUSINESS DAYS OF THE DATE OF THIS ORDER, THE APPLICANT SHALL FILE A CERTIFICATE OF SERVICE REFLECTING NOTICE OF THE OBJECTION DEADLINE HAS BEEN PROVIDED TO ALL PARTIES ENTITLED TO NOTICE AND STATING THE MANNER OF SERVICE. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 887 | Order dated 9/26/2025 Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike Re: 864 Supplemental Document and Re: 877 Supplement to Opposition Re: 876 Opposition Re: 873 Motion filed by Trustee Jonathan R. Goldsmith to Strike Re: 864 Supplemental Document and, in the Alternative, Motion to Align Consolidated Summary Judgment Procedures, for Leave to File a Targeted Sur–Reply, and to Preserve the Record for Appellate Review. THE "TRUSTEE'S MOTION TO STRIKE NON–COMPLIANT DOCUMENT FILED BY AKOUETE AND EDWARDS" [ECF NO. 873] (THE "MOTION") OF THE CHAPTER 7 TRUSTEE IS GRANTED AND THE ALTERNATIVE RELIEF REQUESTED BY THE "SUPPLEMENT TO OPPOSITION TO TRUSTEE"S MOTION TO STRIKE (DKT. 864) AND, IN THE ALTERNATIVE, MOTION TO ALIGN CONSOLIDATED SUMMARY JUDGMENT PROCEDURES, FOR LEAVE TO FILE A TARGETED SUR–REPLY, AND TO PRESERVE THE RECORD FOR APPELLATE REVIEW" [ECF NO. 877] (THE "SUPPLEMENT/MOTION FOR LEAVE") OF LOLONYON AKOUETE IS DENIED. UPON CONSIDERATION OF THE MOTION, THE OPPOSITION [ECF NO. 876] THERETO OF MR. AKOUETE, THE SUPPLEMENT/MOTION FOR LEAVE, AND THE ENTIRE RECORD OF THE CASE, THE "JOINT SUPPLEMENTAL FILING" AT ECF NO. 864 IS STRICKEN AS TO DENISE EDWARDS AS IT FAILED TO COMPLY WITH THIS COURT'S ORDER AT ECF NO. 859 AND AS TO LOLOYON AKOUETE AS IT HAS BEEN FILED AFTER THE SUMMARY JUDGMENT RECORD WAS CLOSED [ECF NO. 646]. MS. EDWARDS MAY FILE ON OR BEFORE OCTOBER 3, 2025, A SUPPLEMENT THAT STRICTLY COMPLIES WITH THIS COURT'S ORDER AT ECF NO. 859. SHE MAY REFERENCE THE DEPOSITION TRANSCRIPT FILED AT ECF NO. 861 AND THE DOCUMENTS ATTACHED TO THE AFFIDAVIT FILED AT ECF NO. 865 IN SUCH SUPPLEMENT. TO THE EXTENT NECESSARY, THE TRUSTEE MAY FILE ANY SUPPLEMENTAL RESPONSE IN ADDITION TO THE "TRUSTEE'S SUPPLEMENT TO THE OPPOSITION TO DENISE EDWARDS'S MOTION FOR SUMMARY JUDGMENT" FILED AT ECF NO. 874 ON OR BEFORE OCTOBER 10, 2025. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 888 | Court Certificate of Mailing to Lolonyon Akouete Re: 887 Order on Motion to Strike. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 889 | |

| | | | |
|---|---|---|---|
| | | | Court Certificate of Mailing to Denise Edwards Re: 887 Order on Motion to Strike. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 890 | Order Dated 9/26/2025 Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. Telephonic Hearing set for 10/8/2025 at 11:00 AM. Objections due by 10/2/2025 at 11:59 PM. THE COURT HEREBY CONSTRUES THE "OPPOSITION TO TRUSTEE'S STATUS REPORT REGARDING ASSESSMENT OF CERTAIN ALLEGED ESTATE CLAIMS AGAINST THIRD PARTIES (Dkt. 879); REQUEST FOR EXPEDITED DETERMINATION AND LIMITATION OF NOTICE (MLBR 9013–1(f)(1)(B), (f)(2); FED. R. BANKR. P. 9006(c)(1))" [ECF NO. 881] FILED BY LOLONYON AKOUETE AS A MOTION TO COMPEL ABANDONMENT UNDER 11 U.S.C. SECTION 554 AND FED. R. BANKR. P. 6007(B) (THE "MOTION TO COMPEL"). THE COURT DENIES ANY OTHER RELIEF REQUESTED IN THE CONSTRUED MOTION TO COMPEL, OTHER THAN THE REQUEST TO COMPEL ABANDONMENT. THE COURT SCHEDULES THE MOTION TO COMPEL FOR A TELEPHONIC HEARING ON OCTOBER 8, 2025 AT 11:00 A.M. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 257 7274 AND PASSCODE 984 524 WHEN PROMPTED. ANY OBJECTIONS TO THE MOTION TO COMPEL SHALL BE FILED NO LATER THAN OCTOBER 2, 2025 AT 11:59 P.M. MR. AKOUETE SHALL SERVE A COPY OF THIS ORDER ON ALL PARTIES ENTITLED TO NOTICE UNDER FED. R. BANKR. P. 6007(B) BY FIRST CLASS MAIL AND, IF AVAILABLE, EMAIL AND SHALL FILE A CERTIFICATE OF SERVICE WITH THE COURT EVIDENCING SUCH SERVICE HAS BEEN MADE. (slh, usbc) (Entered: 09/26/2025) |
| 09/26/2025 | | 897 | Motion to Sever or, in the Alternative, for Expedited Determination of Issues Relating to Mr. Akouete's Claim (Claim No. 4–1) filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 09/29/2025) |
| 09/28/2025 | | 891 | BNC Certificate of Mailing – PDF Document. (Re: 883 Order on Motion For Sanctions/Costs) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 892 | BNC Certificate of Mailing – PDF Document. (Re: 884 Order To Set Hearing) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 893 | BNC Certificate of Mailing – PDF Document. (Re: 885 Order on Application for Compensation) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 894 | BNC Certificate of Mailing – PDF Document. (Re: 886 Order on Application for Compensation) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 895 | BNC Certificate of Mailing – PDF Document. (Re: 887 Order on Motion to Strike) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/28/2025 | | 896 | BNC Certificate of Mailing – PDF Document. (Re: 890 Order To Set Hearing) Notice Date 09/28/2025. (Admin.) (Entered: 09/29/2025) |
| 09/29/2025 | | 898 | |

A-105

| | | | |
|---|---|---|---|
| | | | Certificate of Service (Re: 885 Order on Application for Compensation, 886 Order on Application for Compensation) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 09/29/2025) |
| 09/29/2025 | | 899 | Denise Edward's Emergency Motion to Modify (or Shorten) the Trustee's Supplemental Response Deadline Set by ECF No. 887 So That It Remains Seven (7) Days from the Date of Her Supplemental Filing filed by Interested Party Denise Edwards with certificate of service. . (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 900 | Affidavit of Denise S. Edwards (Foundation for Emails/Notes) (Re: 887 Order dated 9/26/2025 ) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 901 | Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 902 | Creditor Denise Edwards's Supplemental Filing in Support of Motion for Summary Judgment and Statement of Undisputed Material Facts (Limited to Documents Attached to DKT 865) (Re: 845 Motion for Summary Judgment, 846 Statement) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 903 | Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 09/29/2025) |
| 09/29/2025 | | 904 | Certificate of Service (Re: 884 Order To Set Hearing) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 09/30/2025) |
| 09/30/2025 | | 905 | Certificate of Service (Re: 866 Application for Compensation) filed by Trustee Jonathan R. Goldsmith (Goldsmith, Jonathan) (Entered: 09/30/2025) |
| 10/02/2025 | | 906 | Certificate of Service of Notice of Hearing Re: 884 Order Dated 9/26/2025 (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | 907 | Objection with certificate of service filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production with certificate of service. (Casas, Luis) (Entered: 10/02/2025) |
| 10/02/2025 | | 908 | Objection *Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment* with certificate of service filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: 879 Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (Casas, Luis) (Entered: 10/02/2025) |

A-106

| | | | |
|---|---|---|---|
| 10/02/2025 | | <u>909</u> | Objection *to Lolonyon Akouete's Opposition to Status Report Construed as Motion to Compel Abandonment* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: <u>881</u> Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: <u>879</u> Status Report *Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties* filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 10/02/2025) |
| 10/02/2025 | | <u>910</u> | Order dated 10/2/2025 Re: <u>901</u> Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations) with certificate of service filed by Interested Party Denise Edwards. MS. EDWARDS SHALL FILE ON OR BEFORE OCTOBER 6, 2025 "NOTICES OF REDLINED VERSIONS OF AMENDED DOCUMENTS" ATTACHING AS EXHIBITS REDLINED DOCUMENTS COMPARING AND SHOWING ALL CHANGES BETWEEN ECF NOS. 903 AND 851 AND BETWEEN ECF NOS. 901 AND 845. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | <u>911</u> | Endorsed Order dated 10/2/2025 Re: <u>899</u> Denise Edward's Emergency Motion to Modify (or Shorten) the Trustee's Supplemental Response Deadline Set by ECF No. 887 So That It Remains Seven (7) Days from the Date of Her Supplemental Filing filed by Interested Party Denise Edwards DENIED. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | <u>912</u> | Order dated 10/2/2025 Re: <u>881</u> Opposition filed by Creditor Lolonyon Akouete Re: <u>879</u> Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith, <u>890</u> Order Dated 9/26/2025 Re: <u>881</u> Opposition with certificate of service filed by Creditor Lolonyon Akouete Re: <u>879</u> Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. THE COURT HEREBY SUPPLEMENTS ITS ORDER ENTERED AT ECF NO. 890 TO DIRECT THAT THE CERTIFICATE OF SERVICE MR. AKOUETE WAS ORDERED TO FILE WITH THE COURT DEMONSTRATING SERVICE SHOULD BE FILED NO LATER THAN OCTOBER 3, 2025. (jp, usbc) (Entered: 10/02/2025) |
| 10/02/2025 | | <u>913</u> | Certificate of Service of Notice of Hearing filed by Creditor Lolonyon Akouete Re: <u>890</u> Order Dated 9/26/2025 (Re: <u>881</u> Opposition filed by Creditor Lolonyon Akouete (Re: <u>879</u> Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith)). (jp, usbc) (Entered: 10/03/2025) |
| 10/03/2025 | | <u>914</u> | Order dated 10/3/2025 Re: <u>897</u> Motion to Sever or, in the Alternative, for Expedited Determination of Issues Relating to Mr. Akouete's Claim (Claim No. 4–1) filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (jp, usbc) (Entered: 10/03/2025) |
| 10/04/2025 | | <u>915</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>910</u> Order on Motion For Summary Judgment) Notice Date 10/04/2025. (Admin.) (Entered: 10/05/2025) |
| 10/04/2025 | | <u>916</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>911</u> Order on Generic Motion) Notice Date 10/04/2025. (Admin.) (Entered: 10/05/2025) |
| 10/04/2025 | | <u>917</u> | BNC Certificate of Mailing – PDF Document. (Re: <u>912</u> Order) Notice Date 10/04/2025. (Admin.) (Entered: 10/05/2025) |
| 10/05/2025 | | <u>918</u> | |

A-107

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: 914 Order on Generic Motion) Notice Date 10/05/2025. (Admin.) (Entered: 10/06/2025) |
| 10/05/2025 | | 919 | Creditor Lolonyon Akouetes Consolidated Reply to Trustees Objection and Babcock & Browns Amended Objection and Motion to Compel Abandonment Pursuant To 11 U.S.C. § 554(B); or, in the Alternative, for a Clarifying Order that the Estate Asserts No Interest in the Identified Claims; and, Further in the Alternative, for an Administer or Abandon Deadline of October 10, 2025 with certificate of service filed by Interested Party Lolonyon Akouete Re: 908 Objection Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith)), 909 Objection to Lolonyon Akouete's Opposition to Status Report Construed as Motion to Compel Abandonment filed by Trustee Jonathan R. Goldsmith (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith)). (jp, usbc) (Entered: 10/06/2025) |
| 10/06/2025 | | 920 | Motion to Enlarge Time to Comply with October 2, 2025 Order (ECF No. 910) filed by Interested Party Denise Edwards [Re: 910 Order on Motion For Summary Judgment] with certificate of service. (jp, usbc) (Entered: 10/06/2025) |
| 10/06/2025 | | 921 | Order dated 10/6/2025 Re: 910 Order dated 10/2/2025 Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations) filed by Interested Party Denise Edwards. BECAUSE OF THE DIFFICULTY ENCOUNTERED BY MS. EDWARDS IN CREATING REDLINES OF THE SUPPLEMENTAL FILINGS, THE COURT VACATES ITS ORDER ENTERED AT ECF NO. 910. THE TRUSTEE SHALL FILE ANY SUPPLEMENTAL RESPONSE BY THE OCTOBER 10, 2025 DEADLINE SET FORTH IN THE ORDER AT ECF NO. 887. (jp, usbc) (Entered: 10/06/2025) |
| 10/06/2025 | | 922 | Order dated 10/6/2025 Re: 920 Motion to Enlarge Time to Comply with October 2, 2025 Order (ECF No. 910) filed by Interested Party Denise Edwards [Re: 910 Order on Motion For Summary Judgment]. MOOT. THE COURT HAS VACATED ITS ORDER AT ECF NO. 910. (jp, usbc) (Entered: 10/06/2025) |
| 10/08/2025 | | 923 | Creditor Loloyon Akouetes Stand–Alone Motion for Targeted Production of Withdrawn Settlement Proposal (Non–Discovery Relief) to Address Collusion/Bad Faith and Inconsistent Positions; and for Limited Judicial Notice filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 10/08/2025) |
| 10/08/2025 | | 924 | Creditor Loloyon Akouetes Motion for Requesting Updated Status Report filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 10/08/2025) |
| 10/08/2025 | | 925 | [C]reditor Loloyon Akouetes Motion for Guidance Regarding Responsibility for Maintaining the Debtors Legal Status and, in the Alternative, for Limited Relief from the Automatic Stay to Enable Funding to Preserve the Debtors Good Standing filed by Creditor Lolonyon Akouete Guidance with certificate of service. (jp, usbc) |

A-108

| | | | |
|---|---|---|---|
| | | | (Entered: 10/08/2025) |
| 10/08/2025 | | 926 | Motion to Strike Unauthorized Objections (ECF 907 & 908) filed by Creditor Lolonyon Akouete with certificate of service Re: 907 Objection filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 852 Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production), 908 Objection Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: 881 Opposition filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith). (jp, usbc) (Entered: 10/08/2025) |
| 10/08/2025 | | | Hearing Held Re: 881 Opposition filed by Creditor Lolonyon Akouete Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith. (ab) (Entered: 10/08/2025) |
| 10/08/2025 | | 927 | BNC Certificate of Mailing – PDF Document. (Re: 921 Order Vacating Order) Notice Date 10/08/2025. (Admin.) (Entered: 10/09/2025) |
| 10/08/2025 | | 928 | BNC Certificate of Mailing – PDF Document. (Re: 922 Order on Motion to Extend) Notice Date 10/08/2025. (Admin.) (Entered: 10/09/2025) |
| 10/09/2025 | | 929 | Notice of Clarification Regarding Redlined Filings filed by Interested Party Denise Edwards Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations), 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment). (jp, usbc) (Entered: 10/09/2025) |
| 10/09/2025 | | 930 | Order dated 10/9/2025 Re: 881 Opposition with certificate of service filed by Creditor Lolonyon Akouete (Re: 879 Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith). DENIED. See Order for Full Text. (jp, usbc) (Entered: 10/09/2025) |
| 10/10/2025 | | 931 | Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 900 Affidavit of Denise S. Edwards (Foundation for Emails/Notes) (Re: 887 Order dated 9/26/2025 ) with certificate of service filed by Interested Party Denise Edwards., 901 Motion filed by Interested Party Denise Edwards For Summary Judgment with certificate of service., 902 Creditor Denise Edwards's Supplemental Filing in Support of Motion for Summary Judgment and Statement of Undisputed Material Facts (Limited to Documents Attached to DKT 865) (Re: 845 Motion for Summary Judgment, 846 Statement) with certificate of service filed by Interested Party Denise Edwards., 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) with certificate of service filed by Interested Party Denise Edwards. (Devine, Christine) (Entered: 10/10/2025) |
| 10/11/2025 | | 932 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – PDF Document. (Re: <u>930</u> Order) Notice Date 10/11/2025. (Admin.) (Entered: 10/12/2025) |
| 10/14/2025 | | <u>933</u> | Creditor Denise S. Edwards's Reply to Trustee's Response to Documents Filed at Dkt. Nos. 900, 901, 902, and 903 with certificate of service filed by Interested Party Denise Edwards Re: <u>931</u> Response with certificate of service filed by Trustee Jonathan R. Goldsmith Re: <u>900</u> Affidavit of Denise S. Edwards (Foundation for Emails/Notes) (Re: <u>887</u> Order dated 9/26/2025 ) with certificate of service filed by Interested Party Denise Edwards., <u>901</u> Motion filed by Interested Party Denise Edwards For Summary Judgment with certificate of service., <u>902</u> Creditor Denise Edwards's Supplemental Filing in Support of Motion for Summary Judgment and Statement of Undisputed Material Facts (Limited to Documents Attached to DKT 865) (Re: <u>845</u> Motion for Summary Judgment, <u>846</u> Statement) with certificate of service filed by Interested Party Denise Edwards., <u>903</u> Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: <u>851</u> Opposition filed by Interested Party Denise Edwards Re: <u>736</u> Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) with certificate of service filed by Interested Party Denise Edwards. (jp, usbc) (Entered: 10/14/2025) |
| 10/20/2025 | | <u>934</u> | Response filed by Interested Party Peter Blaustein Re: <u>856</u> Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief with certificate of service. (Lee, Brian) (Entered: 10/20/2025) |
| 10/20/2025 | | <u>935</u> | Response *and Limited Objection to Akouete's Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief Filed at Dkt. No. 856* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: <u>856</u> Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief with certificate of service. (Devine, Christine) (Entered: 10/20/2025) |
| 10/20/2025 | | <u>936</u> | Supplemental Objection of Creditor Lolonyon Akouete to Application for Compensation of Nicholson Devine, LLC as Counsel to the Trustee Re: <u>875</u> Opposition of Creditor Lolonyon Akouete to Application for Compensation of Nicholson Devine, LLC as Counsel to the Trustee filed by Creditor Lolonyon Akouete (Re: <u>870</u> First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney, Period: 8/12/2024 to 7/31/2025, Fee: $275,587.50, Expenses: $1,217.44) filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/20/2025) |
| 10/20/2025 | | <u>937</u> | Order dated 10/20/2025 Re: <u>926</u> Motion to Strike Unauthorized Objections (ECF 907 & 908) filed by Creditor Lolonyon Akouete Re: <u>907</u> Objection filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: <u>852</u> Motion filed by Creditor Lolonyon Akouete for Sanctions or Costs., Motion filed by Creditor Lolonyon Akouete to Compel Production), <u>908</u> Objection Amended Objection to "Creditor" Lolonyon Akouete's Motion to Compel Abandonment filed by Creditors Babcock & Brown Holdings, Inc., Babcock & Brown International Pty. Ltd., Interested Party Walter A. Horst (Re: <u>881</u> Opposition filed by Creditor Lolonyon Akouete (Re: <u>879</u> Status Report Regarding Trustee's Assessment of Certain Alleged Estate Claims Against Third Parties filed by Trustee Jonathan R. Goldsmith). MOOT. THE COURT STATED ON THE RECORD AT A HEARING ON OCTOBER 8, 2025, THAT IT WOULD GIVE NO WEIGHT TO THE OBJECTION AT ECF NOS. 907 AND 908. (jp, usbc) (Entered: 10/20/2025) |

A-110

| | | | |
|---|---|---|---|
| 10/21/2025 | | 938 | Response with certificate of service filed by Interested Party California State Controllers Office Re: 856 Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief with certificate of service., 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete. (Attachments: # 1 Declaration) (meh, Usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 939 | Emergency Civil Rights Complaint and Motion for Equitable Relief under 42 U.S.C. § 1981 and § 1983 filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 940 | Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 941 | Order dated 10/21/2025 Re: 929 Notice of Clarification Regarding Redlined Filings filed by Interested Party Denise Edwards Re: 901 Creditor Denise Edwards's Motion For Summary Judgment (Revised to Conform to Supplemental Record Citations), 903 Creditor Denise Edwards's Supplement to Opposition to Trustee's Motion for Summary Judgement (ECF No. 851) (Re: 851 Opposition filed by Interested Party Denise Edwards Re: 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment) . AS STATED IN THE NOTICE, THE COURT VACATED THE ORDER AT ECF NO. 910. NO REDLINED DOCUMENTS ARE REQUIRED TO BE FILED. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 942 | Order dated 10/21/2025 Re: 923 Creditor Loloyon Akouetes Stand–Alone Motion for Targeted Production of Withdrawn Settlement Proposal (Non–Discovery Relief) to Address Collusion/Bad Faith and Inconsistent Positions; and for Limited Judicial Notice filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 943 | Order dated 10/21/2025 Re: 924 Creditor Loloyon Akouetes Motion for Requesting Updated Status Report filed by Creditor Lolonyon Akouete. DENIED. DENIED. THE TOWN OF WESTBOROUGH FILED AN ANSWER (ADV. PRO. NO. 25–4003 ECF NO. 18). THE COURT WILL SET A DATE FOR A CASE MANAGEMENT CONFERENCE TOGETHER WITH A HEARING ON A MOTION TO CONSOLIDATE THAT HAS BEEN DIRECTED TO BE FILED (ADV. PRO. NO. 25–4003 ECF NO. 20). (jp, usbc) (Entered: 10/21/2025) |
| 10/21/2025 | | 944 | Order dated 10/21/2025 Re: 925 [C]reditor Loloyon Akouetes Motion for Guidance Regarding Responsibility for Maintaining the Debtors Legal Status and, in the Alternative, for Limited Relief from the Automatic Stay to Enable Funding to Preserve the Debtors Good Standing filed by Creditor Lolonyon Akouete DENIED IN PART. IT IS UNNECESSARY FOR A TRUSTEE IN A CHAPTER 7 CASE TO MAINTAIN A DEBTOR IN GOOD STANDING AS AN LLC UNDER STATE LAW DURING THE LIQUIDATION PROCESS IN THIS COURT. ANY OTHER REQUESTED RELIEF IS DENIED. SPECIFICALLY, MOVANT'S REQUEST TO OBTAIN RELIEF FROM THE AUTOMATIC STAY TO OBTAIN "LITIGATION |

A-111

| | | | |
|---|---|---|---|
| | | | FUNDING" IS VAGUE AND DOES NOT PROVIDE DETAIL AS TO HOW THE AUTOMATIC STAY OR PROPERTY OF THE ESTATE MIGHT BE IMPLICATED. (jp, usbc) (Entered: 10/21/2025) |
| 10/22/2025 | | 945 | Creditor Lolonyon Akouetes Reply to Trustees Response and Limited Objection to Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief (Dkt. 856) filed by Creditor Lolonyon Akouete Re: 935 Response and Limited Objection to Akouete's Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief Filed at Dkt. No. 856 filed by Trustee Jonathan R. Goldsmith (Re: 856 Motion filed by Creditor Lolonyon Akouete to Compel Compel Production and for Other Appropriate Relief). . (jp, usbc) (Entered: 10/22/2025) |
| 10/22/2025 | | 946 | Order dated 10/22/2025 Re: 939 Emergency Civil Rights Complaint and Motion for Equitable Relief under 42 U.S.C. § 1981 and § 1983 filed by Creditor Lolonyon Akouete. STRICKEN. AS RECOGNIZED BY MR. AKOUETE, CERTAIN CLAIMS ASSERTED AND RELIEF REQUESTED IN THE COMPLAINT MAY ONLY BE ASSERTED IN AN ADVERSARY PROCEEDING. FED. R. BANKR. P. 7001. SHOULD MR. AKOUETE DECIDE TO COMMENCE AN ADVERSARY PROCEEDING, HE MAY REQUEST A WAIVER OF ANY ASSOCIATED FILING FEE AS PROVIDED BY APPLICABLE LAW. (jp, usbc) (Entered: 10/22/2025) |
| 10/22/2025 | | 947 | Order dated 10/22/2025 Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) filed by Creditor Lolonyon Akouete. EMERGENCY DETERMINATION DENIED. ANY OPPOSITION OR RESPONSE TO THE MOTION SHALL BE FILED BY OCTOBER 31, 2025, AT WHICH TIME THE COURT MAY SCHEDULE A HEARING OR ACT IF IT DETERMINES A HEARING IS UNNECESSARY. MR. AKOUETE SHALL SERVE NOTICE OF THIS ORDER ON ALL PARTIES ENTITLED TO NOTICE BY EMAIL OR, IF EMAIL IS NOT AVAILABLE, FIRST–CLASS MAIL, AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SERVICE HAS BEEN MADE. (jp, usbc) (Entered: 10/22/2025) |
| 10/22/2025 | | | Hearing Held Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief. (ab) (Entered: 10/22/2025) |
| 10/22/2025 | | 948 | BNC Certificate of Mailing – PDF Document. (Re: 937 Order on Motion to Strike) Notice Date 10/22/2025. (Admin.) (Entered: 10/23/2025) |
| 10/23/2025 | | 949 | BNC Certificate of Mailing – PDF Document. (Re: 941 Order) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |
| 10/23/2025 | | 950 | BNC Certificate of Mailing – PDF Document. (Re: 942 Order on Generic Motion) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |
| 10/23/2025 | | 951 | BNC Certificate of Mailing – PDF Document. (Re: 943 Order on Generic Motion) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |

A-112

| | | | |
|---|---|---|---|
| 10/23/2025 | | 952 | BNC Certificate of Mailing – PDF Document. (Re: 944 Order on Generic Motion) Notice Date 10/23/2025. (Admin.) (Entered: 10/24/2025) |
| 10/24/2025 | | 953 | BNC Certificate of Mailing – PDF Document. (Re: 946 Order on Generic Motion) Notice Date 10/24/2025. (Admin.) (Entered: 10/25/2025) |
| 10/24/2025 | | 954 | BNC Certificate of Mailing – PDF Document. (Re: 947 Order) Notice Date 10/24/2025. (Admin.) (Entered: 10/25/2025) |
| 10/28/2025 | | 955 | Certificate of Service filed by Creditor Lolonyon Akouete Re: 947 Order dated 10/22/2025 (Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) filed by Creditor Lolonyon Akouete). (jp, usbc) (Entered: 10/28/2025) |
| 10/29/2025 | | 956 | Opposition *of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Cross–Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order* with certificate of service filed by Interested Party Goulston & Storrs PC Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service filed by Creditor Lolonyon Akouete. (Rosner, Douglas) (Entered: 10/29/2025) |
| 10/29/2025 | | 957 | Reply to Opposition of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Opposition to Cross–Motion for Injunctive Relief filed by Creditor Lolonyon Akouete Re: 956 Opposition of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Cross–Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order filed by Interested Party Goulston & Storrs PC (Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, 858 Notice of Supplemental Authority (Re: 856 Motion to Compel) filed by Creditor Lolonyon Akouete) filed by Creditor Lolonyon Akouete). (jp, usbc) (Entered: 10/30/2025) |
| 10/29/2025 | | 958 | Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25–04027–CJP filed by Creditor Lolonyon Akouete [Re: 940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: 856 Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other |

A-113

| | | | |
|---|---|---|---|
| | | | Appropriate Relief, <u>858</u> Notice of Supplemental Authority (Re: <u>856</u> Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service. (jp, usbc) (Entered: 10/30/2025) |
| 10/31/2025 | | <u>959</u> | Response *and Limited Objection to Akouete's Motion to Compel Complete Identification of Transaction Participants and Production of Records Filed at Dkt. No. 940* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: <u>940</u> Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgement (Re: <u>856</u> Motion filed by Creditor Lolonyon Akouete to Preserve Rights, to Compel Production, and for Other Appropriate Relief, <u>858</u> Notice of Supplemental Authority (Re: <u>856</u> Motion to Compel) filed by Creditor Lolonyon Akouete) with certificate of service filed by Creditor Lolonyon Akouete. (Savoia, Angelina) (Entered: 10/31/2025) |
| 10/31/2025 | | <u>960</u> | Order dated 10/31/2025 Re: <u>900</u> Affidavit filed by Denise Edwards (Foundation for Emails/Notes), <u>901</u> Motion for Summary Judgment filed by Denise Edwards (Revised to Conform to Supplemental Record Citations), <u>902</u> Supplemental Document filed by Denise Edwards, <u>903</u> Supplemental Document filed by Denise Edwards, <u>933</u> Reply filed by Denise Edwards. ORDER REGARDING ECF NOS. 900, 901, 902, 903 AND 933 AND CLARIFYING THE SUMMARY JUDGMENT RECORD WITH RESPECT TO THE OBJECTION TO THE CLAIM OF DENISE EDWARDS. See Order for Full Text. (dr) (Entered: 10/31/2025) |
| 10/31/2025 | | <u>961</u> | Proceeding Memorandum and Order dated 10/31/2025 Re: <u>856</u> Motion to Preserve Rights, to Compel Production, and for Other Appropriate Relief filed by Lolonyon Akouete. DENIED AS TO THE STATE OF CALIFORNIA. DENIED AS TO PETER BLAUSTEIN PROVIDED THAT HE FILE THE AFFIDAVIT DISCUSSED ON THE RECORD BY NOVEMBER 5, 2025. (dr) (Entered: 10/31/2025) |
| 10/31/2025 | | <u>962</u> | Order dated 10/31/2025 Re: <u>940</u> Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgment filed by Lolonyon Akouete, <u>956</u> Opposition filed by Goulston & Storrs PC and Cross−Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order, <u>958</u> Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25−04027−CJP filed by Lolonyon Akouete. THE MOTIONS AT ECF NOS. 940 AND 958 AND THE CROSS−MOTION AT ECF NO. 956 ARE DENIED. See Order for Full Text. (dr). (Entered: 10/31/2025) |
| 11/03/2025 | | <u>963</u> | Motion for Reconsideration of Order Dated October 31, 2025 (DKT. 962) Re: Dkts. 940, 957, 958 Emergency Supplemental Motion to Compel and Related Filings filed by Creditor Lolonyon Akouete Re: <u>962</u> Order dated 10/31/2025 (Re: <u>940</u> Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgment filed by Lolonyon Akouete, <u>956</u> Opposition filed by Goulston & Storrs PC and Cross−Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order, <u>958</u> Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25−04027−CJP filed by Lolonyon Akouete). (jp, usbc) (Entered: |

A-114

| | | | |
|---|---|---|---|
| | | | 11/03/2025) |
| 11/03/2025 | | 964 | Emergency Motion for Limited Clarifying/Coordination Order filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/03/2025) |
| 11/03/2025 | | 965 | Affidavit of Peter L. Blaustein with certificate of service (Re: 961 Order) filed by Interested Party Peter Blaustein (Lee, Brian) (Entered: 11/03/2025) |
| 11/04/2025 | | 966 | Settlement Agreement by Trustee Jonathan R. Goldsmith and Town of Westborough, Ferris Development Group, LLC, Lax Media LLC and Lax Media MA LLC, and the Trustees of the MobileStreet Trust filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/04/2025) |
| 11/04/2025 | | 967 | Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith . (Devine, Christine). (Entered: 11/04/2025) |
| 11/04/2025 | | 968 | Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts *Expedited Determination Requested Regarding Approval of Form of Combined Notice*. Fee Amount $199 (Devine, Christine) (Entered: 11/04/2025) |
| 11/04/2025 | | | Receipt of filing fee for Motion to Sell( 23−40709) [motion,msell] ( 199.00). Receipt Number A21181348, amount $ 199.00 (re: Doc# 968) (U.S. Treasury) (Entered: 11/04/2025) |
| 11/04/2025 | | 969 | Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/04/2025) |
| 11/04/2025 | | 970 | Order dated 11/4/2025 Re: 963 Motion to Reconsider Order Dated October 31, 2025 (DKT. 962) Re: Dkts. 940, 957, 958 Emergency Supplemental Motion to Compel and Related Filings filed by Creditor Lolonyon Akouete. DENIED. THE MOTION FOR RECONSIDERATION DOES NOT ASSERT ADDITIONAL MATERIAL INFORMATION THAT WAS NOT ALREADY CONSIDERED IN ENTERING THE ORIGINAL ORDER AT ECF NO. 962 THAT WOULD DEMONSTRATE THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT. SEE IN RE WEDGESTONE FIN., 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED). (dr) (Entered: 11/04/2025) |
| 11/04/2025 | | 971 | Order dated 11/4/2025 Re: 964 Emergency Motion for Limited Clarifying/Coordination Order filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (dr) (Entered: 11/04/2025) |
| 11/05/2025 | | 972 | Order dated 11/5/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts−−Expedited Determination Requested Regarding Approval of Form of Combined Notice filed by Trustee Jonathan R. Goldsmith. THE COURT HEREBY SCHEDULES THE REQUEST TO APPROVE THE FORM OF COMBINED NOTICE . . . FOR HEARING |

A-115

| | | | |
|---|---|---|---|
| | | | ON NOVEMBER 10, 2025 AT 2:30 P.M. (THE "FORM OF NOTICE HEARING"). THE FORM OF NOTICE HEARING WILL BE CONDUCTED IN COURTROOM 1, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MASSACHUSETTS 02109, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. OBJECTIONS TO THE FORM OF NOTICE SHALL BE FILED BY NOVEMBER 10, 2025 AT 10:00 A.M. ALL OTHER OBJECTIONS TO APPROVAL OF THE SALE MOTION AND SETTLEMENT AGREEMENT ARE RESERVED AND OBJECTION DEADLINES WITH RESPECT TO APPROVAL OF THE PROPOSED PRIVATE SALE SET FORTH IN THE SALE MOTION AND MOTION TO APPROVE THE SETTLEMENT AGREEMENT WILL BE ESTABLISHED AT THE FORM OF NOTICE HEARING. See Order for Full Text. (dr) (Entered: 11/05/2025) |
| 11/05/2025 | | 973 | BNC Certificate of Mailing – PDF Document. (Re: 960 Order) Notice Date 11/05/2025. (Admin.) (Entered: 11/06/2025) |
| 11/05/2025 | | 974 | BNC Certificate of Mailing – PDF Document. (Re: 961 Order) Notice Date 11/05/2025. (Admin.) (Entered: 11/06/2025) |
| 11/05/2025 | | 975 | BNC Certificate of Mailing – PDF Document. (Re: 962 Order) Notice Date 11/05/2025. (Admin.) (Entered: 11/06/2025) |
| 11/06/2025 | | | Hybrid Hearing Scheduled for 11/10/2025 at 02:30 PM Either by Zoom or In Person at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts Expedited Determination Requested Regarding Approval of Form of Combined Notice. Objections due by 11/10/2025 at 10:00 AM. (ab) (Entered: 11/06/2025) |
| 11/06/2025 | | 976 | Certificate of Service of Notice of Hearing (Re: 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 11/06/2025) |
| 11/07/2025 | | 977 | Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts with certificate of service. (slh, usbc) (Entered: 11/07/2025) |
| 11/07/2025 | | 978 | Supplemental Document: *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* with certificate of service (Re: 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/07/2025) |
| 11/07/2025 | | 979 | Order Converting 11/10/2025 Hearing to Telephonic Hearing dated 11/7/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. THE |

A-116

| | | | |
|---|---|---|---|
| | | | COURT HEREBY CONVERTS THE CONDUCT OF THE 2:30 P.M. HEARING SCHEDULED FOR 11/10/2025 FROM A HYBRID HEARING TO A HEARING BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED. See Order for Full Text. (slh, usbc) (Entered: 11/07/2025) |
| 11/07/2025 | | 980 | Order Scheduling Hearing Dated 11/7/2025 Re: 977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough. THE COURT HEREBY SCHEDULES THE "MOTION FOR EXPEDITED HEARING AND SHORTENED NOTICE PERIOD REGARDING SALE AND SETTLEMENT MOTIONS AND STATEMENT OF OPERATING AGREEMENT COMPLIANCE" [ECF NO. 977] FOR HEARING ON NOVEMBER 10, 2025 AT 2:30 P.M. THE HEARING WILL BE CONDUCTED BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED. See Order for Full Text. (slh, usbc) (Entered: 11/07/2025) |
| 11/07/2025 | | 981 | Certificate of Service of Notice of Hearing (Re: 967 Motion to Compromise, 968 Motion to Sell) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 11/07/2025) |
| 11/07/2025 | | 982 | BNC Certificate of Mailing – PDF Document. (Re: 970 Order) Notice Date 11/07/2025. (Admin.) (Entered: 11/08/2025) |
| 11/07/2025 | | 983 | BNC Certificate of Mailing – PDF Document. (Re: 971 Order) Notice Date 11/07/2025. (Admin.) (Entered: 11/08/2025) |
| 11/07/2025 | | 984 | BNC Certificate of Mailing – PDF Document. (Re: 972 Order) Notice Date 11/07/2025. (Admin.) (Entered: 11/08/2025) |
| 11/09/2025 | | 985 | BNC Certificate of Mailing – PDF Document. (Re: 979 Order on Motion To Sell) Notice Date 11/09/2025. (Admin.) (Entered: 11/10/2025) |
| 11/09/2025 | | 986 | BNC Certificate of Mailing – PDF Document. (Re: 980 Order To Set Hearing) Notice Date 11/09/2025. (Admin.) (Entered: 11/10/2025) |
| 11/10/2025 | | 987 | Motion filed by Creditor Lolonyon Akouete to Require Adequate and Constitutional Notice Prior to Approval of Combined Notice of Sale and Settlement with certificate of service. (slh, usbc) (Entered: 11/10/2025) |
| 11/10/2025 | | 988 | Order dated 11/10/2025 Re: 987 Motion filed by Creditor Lolonyon Akouete to Require Adequate and Constitutional Notice Prior to Approval of Combined Notice of Sale and Settlement. THE COURT CONSTRUES THE "MOTION TO REQUIRE ADEQUATE AND CONSTITUTIONAL NOTICE PRIOR TO APPROVAL OF COMBINED NOTICE OF SALE AND SETTLEMENTS" [ECF NO. 987] AS THE OBJECTION OF MR. AKOUETE (THE "CONSTRUED OBJECTION") TO THE REQUEST OF THE CHAPTER 7 TRUSTEE TO APPROVE THE FORM OF COMBINED NOTICE REGARDING THE SALE MOTION [ECF NO. 968] AND THE MOTION TO |

| | | | |
|---|---|---|---|
| | | | APPROVE THE SETTLEMENT AGREEMENT [ECF NO. 967]. THE CONSTRUED OBJECTION WILL BE CONSIDERED AT THE FORM OF NOTICE TELEPHONIC HEARING SCHEDULED FOR NOVEMBER 10, 2025 AT 2:30 P.M. SEE HEARING NOTICE AT ECF NO. 972 (TO PARTICIPATE IN THE FORM OF NOTICE HEARING, ATTENDEES SHALL DIAL (646) 828–7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED). (slh, usbc) (Entered: 11/10/2025) |
| 11/10/2025 | | | Hearing Held Regarding Approval of Form of Combined Notice (Re: 968 Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts, and 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith)). (ab) (Entered: 11/10/2025) |
| 11/10/2025 | | | Hearing Held Re: 977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 11/10/2025) |
| 11/12/2025 | | 989 | Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business. filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 11/12/2025) |
| 11/12/2025 | | 990 | Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell, 978 Supplemental Document, 989 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 11/12/2025) |
| 11/12/2025 | | 991 | BNC Certificate of Mailing – PDF Document. (Re: 988 Order on Generic Motion) Notice Date 11/12/2025. (Admin.) (Entered: 11/13/2025) |
| 11/18/2025 | | 992 | Proceeding Memorandum and Order dated 11/18/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts.  THE REQUEST TO APPROVE THE FORM OF COMBINED NOTICE REGARDING THE SALE MOTION [ECF NO. 968] AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT [ECF NO. 967] IS GRANTED AND THE FORM OF NOTICE IS APPROVED AS DESCRIBED ON THE RECORD. THE COURT WILL HOLD A COMBINED HEARING ON THE APPROVAL OF THE PRIVATE SALE AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT (TOGETHER, THE "MOTIONS") ON DECEMBER 17, 2025 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SEEKING TO APPEAR BY VIDEO AT THE CONTINUED HYBRID HEARING SHALL EMAIL THE COURTROOM DEPUTY AT |

A-118

| | | | |
|---|---|---|---|
| | | | CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN DECEMBER 16, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE DEADLINE TO OBJECT TO THE MOTIONS IS DECEMBER 13, 2025 AT 11:59 P.M. EASTERN TIME. IN SERVING THE COMBINED NOTICE ON ALL PARTIES ENTITLED TO NOTICE, THE TRUSTEE WILL ALSO SERVE ADDRESSES OF POTENTIAL REPRESENTATIVES OF MIGNONNETE INVESTMENTS LIMITED AS IDENTIFED AT THE HEARING AND SHALL USE GOOD FAITH EFFORTS TO DETERMINE WHETHER THERE IS REASONABLE NOTICE THAT CAN BE PROVIDED IN A NATIONAL PUBLICATION IN AUSTRALIA. (slh, usbc) (Entered: 11/18/2025) |
| 11/19/2025 | | 993 | Emergency Motion for Determination that the $1,293,646.83 in Unclaimed Funds Released by the California State Controller Is Not Property of the Estate and for Immediate Release of Such Funds filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/19/2025) |
| 11/19/2025 | | 994 | Order dated 11/19/2025 Re: 658 Motion for Summary Judgment filed by Lolonyon Akouete, 736 Motion for Summary Judgment filed by Trustee Jonathan R. Goldsmith, 845 Motion for Summary Judgment filed by Denise Edwards. REGARDING THE SUMMARY JUDGMENT MOTIONS AT ECF NOS. 658, 736, AND 845, WHILE THE COURT'S VIEW MAY CHANGE, IT DOES NOT APPEAR THAT ORAL ARGUMENT WILL ASSIST THE COURT IN DETERMINING THE MOTIONS, AND THE COURT WILL TAKE THE MATTERS UNDER ADVISEMENT ON THE PAPERS ABSENT FURTHER ORDER. AS SUCH, IF ANY PARTY IN INTEREST WOULD LIKE TO PRESENT ORAL ARGUMENT, THEY SHOULD FILE SUCH A REQUEST NO LATER THAN NOVEMBER 26, 2025. (dr) (Entered: 11/19/2025) |
| 11/19/2025 | | 995 | Request for Oral Argument on Summary Judgment Motions filed by Creditor Lolonyon Akouete with certificate of service (Re: 658 Motion filed by Creditor Lolonyon Akouete For Summary Judgment and Request for Expedited Determination, 736 Motion filed by Trustee Jonathan R. Goldsmith For Summary Judgment, and 845 Motion filed by Interested Party Denise Edwards For Summary Judgment). (jp, usbc) (Entered: 11/20/2025) |
| 11/20/2025 | | 996 | Proceeding Memorandum and Order dated 11/20/2025 Re: 977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. DENIED WITHOUT PREJUDICE FOR THE REASONS STATED ON THE RECORD. (jp, usbc) (Entered: 11/20/2025) |
| 11/20/2025 | | | Hearing Scheduled for 12/17/2025 at 02:30 PM at Boston Courtroom 1, 12th Floor, 5 Post Office Square, Boston, MA 02109 Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith), and |

A-119

| | | | |
|---|---|---|---|
| | | | 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts Expedited Determination Requested Regarding Approval of Form of Combined Notice. Objections due by 12/13/2025 at 11:59 PM. (ab) (Entered: 11/20/2025) |
| 11/20/2025 | | 997 | Order dated 11/20/2025 Re: 993 Emergency Motion for Determination that the $1,293,646.83 in Unclaimed Funds Released by the California State Controller Is Not Property of the Estate and for Immediate Release of Such Funds filed by Creditor Lolonyon Akouete. DENIED. THE MOVANT LACKS STANDING TO ASSERT RIGHTS IN FUNDS HELD BY THE ESTATE ON BEHALF OF MIGNONETTE INVESTMENTS LTD. AS SOLE MEMBER OF THE DEBTOR (IDENTIFIED IN THE MOTION AS THE EQUITY INVESTOR) OR REQUEST TO IMPOSE A CONSTRUCTIVE OR OTHER TRUST ON BEHALF OF MIGNONETTE. THE MOVANT REQUESTS THAT THE FUNDS BE RELEASED TO HIM, INDIVIDUALLY, AND APPEARS TO ASSERT A CLAIM ON HIS OWN BEHALF TO FUNDS PRESENTLY HELD BY THE TRUSTEE WITHOUT DEMONSTRATING THAT HE HAS A PERSONAL INTEREST IN THOSE FUNDS. THE COURT ALSO OBSERVES THAT THE MOVANT'S ASSERTED POSITIONS DIRECTLY CONTRADICT PREVIOUS POSITIONS AND STATEMENTS MADE BY THE MOVANT THAT THE RIGHT TO RECEIVE THE FUNDS FROM THE STATE OF CALIFORNIA CONSTITUTED A CLAIM OF THE DEBTOR AND PROPERTY OF THE ESTATE. (jp, usbc) (Entered: 11/20/2025) |
| 11/20/2025 | | 998 | BNC Certificate of Mailing – PDF Document. (Re: 992 Order on Motion To Sell) Notice Date 11/20/2025. (Admin.) (Entered: 11/21/2025) |
| 11/21/2025 | | 999 | Emergency Motion for Interim Release of $10,000 from Funds Held by Trustee to Alleviate Immediate Hardship and to Preserve the Debtors Corporate Existence Pending Final Adjudication filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/21/2025) |
| 11/22/2025 | | 1000 | BNC Certificate of Mailing – PDF Document. (Re: 994 Order) Notice Date 11/22/2025. (Admin.) (Entered: 11/23/2025) |
| 11/22/2025 | | 1001 | BNC Certificate of Mailing – PDF Document. (Re: 996 Order on Motion For Emergency/Expedited Hearing) Notice Date 11/22/2025. (Admin.) (Entered: 11/23/2025) |
| 11/22/2025 | | 1002 | BNC Certificate of Mailing – PDF Document. (Re: 997 Order on Generic Motion) Notice Date 11/22/2025. (Admin.) (Entered: 11/23/2025) |
| 11/26/2025 | | 1003 | Motion filed by Creditor Lolonyon Akouete for Nunc Pro Tunc Determination that Trustee Control Prevented Timely Filing of Calafornia Government Claim: For Equitable Tolling of State Deadlines; and for Clarifying Order Regarding Personal Claim Rights (Re: 997 Order on Generic Motion). (meh, Usbc) (Entered: 11/26/2025) |
| 11/26/2025 | | 1004 | Order dated 11/26/2025 Re: 999 Emergency Motion for Interim Release of $10,000 from Funds Held by Trustee to Alleviate Immediate Hardship and to Preserve the Debtors Corporate Existence Pending Final Adjudication filed by Creditor Lolonyon Akouete. DENIED. See Order for Full Text. (meh, Usbc) (Entered: 11/26/2025) |

A-120

| 11/26/2025 | | 1005 | Motion filed by Creditor Lolonyon Akouete for Immediate Reimbursement of $5,000 Retainer Paid to Shrin & Lodgen LLP for Debtor Representation and Request for Expedited Determination . (meh, Usbc) (Entered: 11/26/2025) |
| --- | --- | --- | --- |
| 11/26/2025 | | 1006 | Order dated 11/26/2025 Re: 1003 Motion filed by Creditor Lolonyon Akouete for Nunc Pro Tunc Determination that Trustee Control Prevented Timely Filing of Calafornia Government Claim: For Equitable Tolling of State Deadlines; and for Clarifying Order Regarding Personal Claim Rights Re: 997 Order on Generic Motion. DENIED. MOVANT APPEARS TO BE REQUESTING THAT THIS COURT RULE ON AN "EQUITABLE TOLLING" ARGUMENT THAT MUST BE ASSERTED BEFORE AND DETERMINED BY ANOTHER TRIBUNAL OR AN ADMINISTRATIVE AGENCY. FURTHER, HE APPEARS TO BE REQUESTING RELIEF RELATING TO A PURPORTED "PERSONAL CLAIM," BUT CONFLATES CLAIMS WHICH, IF VIABLE, WOULD HAVE BEEN OR WOULD BE PROPERTY OF THE ESTATE. (slh, usbc) (Entered: 11/26/2025) |
| 11/28/2025 | | 1007 | Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 11/28/2025) |
| 11/28/2025 | | 1008 | BNC Certificate of Mailing – PDF Document. (Re: 1004 Order on Generic Motion) Notice Date 11/28/2025. (Admin.) (Entered: 11/29/2025) |
| 11/28/2025 | | 1009 | BNC Certificate of Mailing – PDF Document. (Re: 1006 Order on Motion to Clarify) Notice Date 11/28/2025. (Admin.) (Entered: 11/29/2025) |
| 12/01/2025 | | 1010 | Order dated 12/1/2025 Re: 1005 Motion filed by Creditor Lolonyon Akouete for Immediate Reimbursement of $5,000 Retainer Paid to Shrin & Lodgen LLP for Debtor Representation and Request for Expedited Determination . DENIED. THE FACTS ALLEGED APPEAR TO ONLY GIVE RISE TO A POSSIBLE PREPETITION UNSECURED CLAIM THAT IS OR SHOULD HAVE BEEN PART OF THE PROOF OF CLAIM FILED BY THE MOVANT THAT IS SUBJECT TO A PENDING OBJECTION. UNLIKE A FILING FEE PAID BY ANOTHER PARTY THAT WAS TRACEABLE AND REFUNDED TO THE DEBTOR THAT WAS THE SUBJECT OF AN EARLIER ORDER PAYING THOSE FUNDS TO THE PERSON THAT PAID THAT FEE, MOVANT DOES NOT ALLEGE THAT THE LAW FIRM IS REFUNDING THE RETAINER OR EXPENSES REFERENCED IN THE MOTION. (jp, usbc) (Entered: 12/01/2025) |
| 12/01/2025 | | 1011 | Order dated 12/1/2025 Re: 1007 Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete. GRANTED IN PART AND DENIED IN PART. THE COURT WILL NOT ADDRESS MISSTATEMENTS OR MISUNDERSTANDINGS IN THE MOTION. THE MOTION TO COMPEL IS DENIED, BUT THE TRUSTEE IS ORDERED TO PROVIDE AN UPDATE REGARDING THE TRUSTEE'S EFFORTS TO LOCATE A REPRESENTATIVE OF MIGNONETTE, AND WHETHER THE TRUSTEE HAS SOUGHT RECORDS FROM THE IRS TO ASSIST IN IDENTIFYING A |

A-121

| | | | |
|---|---|---|---|
| | | | RESPONSIBLE PARTY FOR MIGNONETTE AT THE HEARING PRESENTLY SCHEDULED ON DECEMBER 17, 2025. (jp, usbc) (Entered: 12/01/2025) |
| 12/01/2025 | | 1012 | Adversary case 25–04033. Complaint by Lolonyon Akouete against Jonathan Goldsmith . Fee Amount $350 . Nature of Suit(72 (Injunctive relief – other)) ,(91 (Declaratory judgment)) ,(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)))(meh, Usbc) (Entered: 12/01/2025) |
| 12/03/2025 | | 1013 | BNC Certificate of Mailing – PDF Document. (Re: 1010 Order on Generic Motion) Notice Date 12/03/2025. (Admin.) (Entered: 12/04/2025) |
| 12/03/2025 | | 1014 | BNC Certificate of Mailing – PDF Document. (Re: 1011 Order on Generic Motion) Notice Date 12/03/2025. (Admin.) (Entered: 12/04/2025) |
| 12/04/2025 | | 1015 | Notice *of Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* with certificate of service (Re: 992 Order on Motion To Sell) filed by Trustee Jonathan R. Goldsmith (Devine, Christine) (Entered: 12/04/2025) |
| 12/05/2025 | | 1016 | Emergency Motion filed by Creditor Lolonyon Akouete for Order Directing the Trustee to Request and Obtain the Goulston & Storrs Client File, or in the alternative, for Authorization for Movant to Obtain the File Directly, and forReport from Trustee at December 17 Hearing. (meh, Usbc) (Entered: 12/05/2025) |
| 12/05/2025 | | 1017 | Supplemental Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell, 978 Supplemental Document, 989 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 12/05/2025) |
| 12/08/2025 | | 1018 | Supplemental Certificate of Service (Re: 966 Settlement Agreement, 967 Motion to Compromise, 968 Motion to Sell, 978 Supplemental Document, 989 Notice of Proposed Use, Sale or Lease of Property Outside of the Normal Course of Business) filed by Trustee Jonathan R. Goldsmith (Savoia, Angelina) (Entered: 12/08/2025) |
| 12/09/2025 | | 1019 | Expedited Motion filed by Trustee Jonathan R. Goldsmith For Order *Restricting Vexatious Litigation and Request for Expedited Determination* with certificate of service. (Devine, Christine) (Entered: 12/09/2025) |
| 12/09/2025 | | 1020 | Emergency Motion to Direct Trustee to Respond to District Court Order to Show Cause in Westborough SPE LLC v. Town of Westborough, No. 4:23–cv–12017–MRG filed by Interested Party Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 12/10/2025) |
| 12/11/2025 | | 1021 | Creditor Lolonyon Akouetes Opposition to Trustees Motion for Order Restricting Vexatious Litigation and Request for Expedited Determination (Re: 1019 Expedited Motion filed by Trustee Jonathan R. Goldsmith For Order Restricting Vexatious Litigation and Request for Expedited Determination) with certificate of service filed by Creditor Lolonyon Akouete. (jp, usbc) (Entered: 12/11/2025) |

A-122

| | | | |
|---|---|---|---|
| 12/11/2025 | | <u>1022</u> | Emergency Motion to (I) Construe Prior Filings as an Informal Proof of Claim for Severable $5,250 Prepetition Expenditures; or (II) in the Alternative, for Leave To File a Late Proof of Claim under Rule 9006(b)(1); or (III) in the Further Alternative, to Authorize Amendment of Claim No. 4; and Request for Expedited Determination filed by Creditor Lolonyon Akouete with certificate of service. (jp, usbc) (Entered: 12/11/2025) |
| 12/11/2025 | | <u>1023</u> | Motion filed by Creditor Lolonyon Akouete for for Allowance and Payment of Administrative Expense Claim for Post–Petition Costar Subscription Pursuant to 11 U.S.C. Sec. 503(b)(1)(A), 503(b) and the Court's Equitable Powers. (meh, Usbc) (Entered: 12/11/2025) |
| 12/11/2025 | | <u>1024</u> | Emergency Motion filed by Creditor Lolonyon Akouete for Expedited Hearing and Immediate Payment of Administrative Expense Claim for Post Petition Costar Subscription (Re: <u>1023</u> Motion for Administrative Expenses) with certificate of service. (meh, Usbc) (Entered: 12/11/2025) |
| 12/11/2025 | | <u>1025</u> | Order dated 12/11/2025 Re: <u>1020</u> Emergency Motion to Direct Trustee to Respond to District Court Order to Show Cause in Westborough SPE LLC v. Town of Westborough, No. 4:23–cv–12017–MRG filed by Interested Party Lolonyon Akouete. DENIED. THE DISTRICT COURT CASE IS POTENTIALLY ADDRESSED BY THE PENDING MOTION TO COMPROMISE THAT IS SCHEDULED FOR HEARING ON DECEMBER 17, 2025 AND THE DEADLINE TO RESPOND TO THE SHOW CAUSE ORDER HAS JUST BEEN RECENTLY ESTABLISHED. IT IS UNCLEAR WHY MR. AKOUETE IS SEEKING THE RELIEF SET FORTH IN THE MOTION AT THIS TIME. (dr) (Entered: 12/11/2025) |
| 12/11/2025 | | <u>1026</u> | Order dated 12/11/2025 Re: <u>1022</u> Emergency Motion To (I) Construe Prior Filings As An Informal Proof Of Claim For Severable $5,250 Prepetition Expenditures; Or (II) In The Alternative, For Leave To File A Late Proof Of Claim Under Rule 9006(B)(1); Or (III) In The Further Alternative, To Authorize Amendment Of Claim No. 4; And Request For Expedited Determination. DENIED. TO THE EXTENT THAT THE PREPETITION AMOUNTS CLAIMED WERE ASSERTED AS PART OF A PREVIOUSLY FILED PROOF OF CLAIM, THEY ARE SUBJECT TO THE PENDING MOTIONS FOR SUMMARY JUDGMENT. AS TO THE ASSERTION OF A § 503(b)(1)(A) ADMINISTRATIVE CLAIM, THE REQUEST HAS BEEN SUPERSEDED BY THE "MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR POST–PETITION COSTAR SUBSCRIPTION PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A), 503(b) AND THE COURTS EQUITABLE POWERS" [ECF NO. 1023]. (dr) (Entered: 12/11/2025) |
| 12/11/2025 | | <u>1027</u> | Order dated 12/11/2025 Re: <u>1024</u> Emergency Motion filed by Creditor Lolonyon Akouete for Expedited Hearing and Immediate Payment of Administrative Expense Claim for Post Petition Costar Subscription (Re: 1023 Motion for Administrative Expenses) . DENIED. ANY OBJECTIONS TO THE "MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR POST–PETITION COSTAR SUBSCRIPTION PURSUANT TO 11 U.S.C. §§ 503(b)(1)(A), 503(b) AND THE COURT'S EQUITABLE POWERS" [ECF NO. 1023] SHALL BE FILED WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER. (dr) (Entered: 12/11/2025) |
| 12/12/2025 | | <u>1031</u> | Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P. 9019 Re: <u>967</u> |

A-123

| | | | |
|---|---|---|---|
| | | | Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) with certificate of service filed by Creditor Lolonyon Akouete . (jp, usbc) (Entered: 12/15/2025) |
| 12/14/2025 | | 1028 | BNC Certificate of Mailing – PDF Document. (Re: 1025 Order) Notice Date 12/14/2025. (Admin.) (Entered: 12/15/2025) |
| 12/14/2025 | | 1029 | BNC Certificate of Mailing – PDF Document. (Re: 1026 Order) Notice Date 12/14/2025. (Admin.) (Entered: 12/15/2025) |
| 12/14/2025 | | 1030 | BNC Certificate of Mailing – PDF Document. (Re: 1027 Order) Notice Date 12/14/2025. (Admin.) (Entered: 12/15/2025) |
| 12/15/2025 | | 1032 | Creditor Lolonyon Akouete's Notice of Efforts to Obtain IRS Responsible–Party Records Pursuant to Court's December 1, 2025 Order Filed by Creditor Lolonyon Akouete Re: 1011 Order dated 12/1/2025 (Re: 1007 Emergency Motion to Compel Chapter 7 Trustee to Submit IRS Disclosure Requests under 26 U.S.C. § 6103(e)(1)(D)(v) and IRM 11.3.2.4.3 for Mignonette Investments Limited and Westborough SPE LLC Prior to Approval of Proposed Sale filed by Creditor Lolonyon Akouete) with certificate of service. (jp, usbc) (Entered: 12/16/2025) |
| 12/17/2025 | | | Hearing Held Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith, and 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. (ab) (Entered: 12/22/2025) |
| 12/18/2025 | | 1033 | Opposition with certificate of service filed by Creditor Town of Westborough Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses. (Smerage, Roger) (Entered: 12/18/2025) |
| 12/18/2025 | | 1034 | Objection *to Akouete's Motion for Administrative Claim* with certificate of service filed by Trustee Jonathan R. Goldsmith Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses. (Savoia, Angelina) (Entered: 12/18/2025) |
| 12/19/2025 | | 1035 | Proceeding Memorandum and Order dated 12/19/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. FOR THE REASONS STATED ON THE RECORD, THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING THE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND FOR RELATED RELIEF [ECF NO. 968] WILL BE GRANTED, AND THE SALE APPROVED AND AUTHORIZED, AS WILL BE SET FORTH IN A SEPARATE ORDER TO ENTER. THE TRUSTEE SHALL SUBMIT A PROPOSED FORM OF SALE ORDER IN WORD FORMAT TO THE COURT'S PROPOSED ORDER EMAIL ADDRESS (CJP@MAB.USCOURTS.GOV) NO LATER THAN TWO BUSINESS DAYS FROM THE DATE OF THIS ORDER. (dr) (Entered: 12/19/2025) |
| 12/19/2025 | | 1036 | |

A-124

| | | | |
|---|---|---|---|
| | | | Proceeding Memorandum and Order dated 12/19/2025 Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith. FOR THE REASONS STATED ON THE RECORD, AND SUBJECT TO ENTRY OF THE SEPARATE ORDER AUTHORIZING THE SALE OF PROPERTY THAT WILL BE ENTERED WITH RESPECT TO ECF NO. 968, THE MOTION IS GRANTED AND THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE [ECF NO. 966] IS APPROVED. (dr) (Entered: 12/19/2025) |
| 12/24/2025 | | 1037 | Order dated 12/24/2025 Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts. ORDER (I) AUTHORIZING THE PRIVATE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING PURCHASE AND SALE AGREEMENT; (III) AUTHORIZING DISBURSEMENTS OF SALE PROCEEDS PURSUANT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE; AND (IV) GRANTING RELATED RELIEF. See Order for Full Text. (dc) (Entered: 12/24/2025) |
| 12/24/2025 | | 1038 | Order dated 12/24/25 Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith. ORDER GRANTING TRUSTEES MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL RELEASE PURSUANT TO FED. R. BANKR. P. 9019, AS SUPPLEMENTED. See Order for Full Text. (dc) (Entered: 12/24/2025) |
| 12/24/2025 | | 1039 | BNC Certificate of Mailing – PDF Document. (Re: 1035 Order) Notice Date 12/24/2025. (Admin.) (Entered: 12/25/2025) |
| 12/24/2025 | | 1040 | BNC Certificate of Mailing – PDF Document. (Re: 1036 Order) Notice Date 12/24/2025. (Admin.) (Entered: 12/25/2025) |
| 12/26/2025 | | 1041 | BNC Certificate of Mailing – PDF Document. (Re: 1037 Order on Motion To Sell) Notice Date 12/26/2025. (Admin.) (Entered: 12/27/2025) |
| 12/26/2025 | | 1042 | BNC Certificate of Mailing – PDF Document. (Re: 1038 Order) Notice Date 12/26/2025. (Admin.) (Entered: 12/27/2025) |
| 12/30/2025 | | 1043 | Order dated 12/30/2025 Re: 866 Application for Compensation and Reimbursement of Expenses with certificate of service for Craig R. Jalbert, Accountant. ALLOWED. FEES THE ACCOUNTANT, VERDOLINO & LOWEY, P.C., IN THE AMOUNT OF $2,044 AND EXPENSES IN THE AMOUNT OF $27.24 ARE APPROVED ON A FINAL BASIS. See Order for Full Text. (meh, Usbc) (Entered: 12/30/2025) |
| 12/30/2025 | | 1044 | Order dated 12/30/2025 Re: 870 First Interim Application for Compensation and Reimbursement of Expenses for Christine E. Devine, Trustee's Attorney. FEES IN THE AMOUNT OF $ $275,587.50 AND EXPENSES IN THE AMOUNT OF $1,217.44 ARE APPROVED ON AN INTERIM BASIS SUBJECT TO FURTHER REVIEW OF THE |

A-125

| | | | |
|---|---|---|---|
| | | | COURT IN CONNECTION WITH A FINAL APPLICATION. See Order for Full Text. (dr) (Entered: 12/30/2025) |
| 12/31/2025 | | 1045 | Order To Set Hearing dated 12/31/2025 (Re: 658 Motion for Summary Judgment filed by Lolonyon Akouete, 736 Motion for Summary Judgment filed by Trustee Jonathan R. Goldsmith, 845 Motion for Summary Judgment filed by Denise Edwards). THE COURT HEREBY SCHEDULES THE SUMMARY JUDGMENT MOTIONS AT ECF NOS. 658, 736, AND 845 FOR ORAL ARGUMENT ON JANUARY 22, 2026 AT 10:30 A.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA, WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. See Order for Full Text. (dr) (Entered: 12/31/2025) |
| 12/31/2025 | | 1048 | Creditor Lolonyon Akouete's Consolidated Response to (I) Trustee's Objection and (II) Town of Westborough's Opposition to Motion for Allowance and Payment of Administrative Expense Claim filed by Creditor Lolonyon Akouete Re: 1033 Opposition filed by Creditor Town of Westborough (Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses), 1034 Objection to Akouete's Motion for Administrative Claim filed by Trustee Jonathan R. Goldsmith (Re: 1023 Application filed by Creditor Lolonyon Akouete for Administrative Expenses) with certificate of service. (jp, usbc) (Entered: 01/02/2026) |
| 01/01/2026 | | 1046 | BNC Certificate of Mailing – PDF Document. (Re: 1043 Order on Application for Compensation) Notice Date 01/01/2026. (Admin.) (Entered: 01/02/2026) |
| 01/01/2026 | | 1047 | BNC Certificate of Mailing – PDF Document. (Re: 1044 Order on Application for Compensation) Notice Date 01/01/2026. (Admin.) (Entered: 01/02/2026) |
| 01/02/2026 | | 1049 | BNC Certificate of Mailing – PDF Document. (Re: 1045 Order To Set Hearing) Notice Date 01/02/2026. (Admin.) (Entered: 01/03/2026) |
| 01/05/2026 | | 1050 | Notice of Appeal and Statement of Election to District Court. Fee Amount $298 Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order). Appellant Designation due by 1/20/2026. Compiled Records Due by 2/2/2026. Transmission of Designation Due by 2/4/2026. (Attachments: # 1 Order #1037 # 2 Order #1038)(jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1051 | Court's Order of Deficiency (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). The deadline to cure the deficiency is 1/12/2026 at 04:30 PM. (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1052 | Clerk's Notice of Fees Due Fee due by 1/20/2026. (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (jp, usbc) (Entered: 01/05/2026) |
| 01/05/2026 | | 1053 | Notice of Appeal to District Court (Re: 1050 Notice of Appeal and Statement of Election filed by Creditor Lolonyon Akouete, Interested Party Lolonyon Akouete). (jp, usbc) (Entered: 01/05/2026) |

A-126

SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made between and among Westborough SPE LLC ("SPE"), through Jonathan Goldsmith, as its Chapter 7 Trustee ("Trustee"); the Town of Westborough ("Town"); Ferris Development Group, LLC ("Ferris"); Lax Media LLC and Lax Media MA LLC (together, "Lax"); and Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("MobileStreet") (each a "Party" and collectively the "Parties") as of the date on which the last Party signs the Agreement.

WHEREAS, in 1997, SPE acquired real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property");

WHEREAS, the Property is subject to a Declaration of Reciprocal Covenants, Easements and Restrictions concerning abutting real property owned by MobileStreet, recorded with the Worcester County Registry of Deeds at Book 18745, Page 313 (the "Reciprocal Covenants"), which Reciprocal Covenants run with the Property;

WHEREAS, on December 28, 2018, the Town recorded an instrument of taking on the Property and all improvements thereon pursuant to G.L. c. 60, §§ 53-54, as a result of unpaid FY 2018 taxes in the amount of $106,944.99;

WHEREAS, on July 8, 2019, the Town filed a tax title foreclosure action with respect to the Property in the Massachusetts Land Court, Town of Westborough v. Westborough SPE LLC, et al. (Mass. Land Ct. No. 19 TL 000768) (the "Tax Foreclosure Action");

WHEREAS, on January 5, 2022, the Land Court entered judgment in favor of the Town and against SPE in the Tax Foreclosure Action (the "Foreclosure Judgment");

WHEREAS, on May 26, 2022, the Town issued a request for proposals for the purchase and redevelopment of the Property (the "RFP");

WHEREAS, in response to the RFP, the Town received proposals for purchase of the Property, including, among others, proposals from Ferris and Lax;

WHEREAS, the Town, by and through its Select Board, selected Lax's proposal to purchase the Property;

WHEREAS, in November 2022, Ferris filed suit against the Town and Lax in Massachusetts Superior Court for breach of implied contract, declaratory judgment, and injunctive relief as a result of the Town's selection of Lax's proposal, Ferris Development Group, LLC v. Town of Westborough, et al., Mass. Superior Court Case No. 2285CV0128 (the "30B Action");

WHEREAS, on January 4, 2023, a Motion to Vacate the Tax Title Foreclosure Judgment in the Tax Foreclosure Action was filed in the Land Court on behalf of SPE (the "Motion to Vacate"), which Motion to Vacate the Town opposed, on grounds including, but not limited to,

1

A-127

FINAL

that the Town disputed whether SPE had been properly revived and had the ability to file court papers;

WHEREAS, the law firm of Nathanson & Goldberg, P.C. ("N&G") subsequently appeared in the Tax Foreclosure Action to represent SPE and prosecute the Motion to Vacate;

WHEREAS, on August 31, 2023, N&G commenced a civil action on behalf of SPE against the Town and the members of its Select Board arising out of the judgment entered in the Tax Foreclosure Action and the Town's subsequent efforts to sell the Property, Westborough SPE, LLC v. Town of Westborough. et al., U.S. Dist. Ct. (D. Mass.) Case No. 4:23-cv-12017 (the "Federal Action");

WHEREAS, on August 31, 2023, before the Land Court adjudicated the Motion to Vacate, N&G and MobileStreet filed an involuntary Chapter 7 petition (the "Involuntary Petition") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") against SPE, commencing the Chapter 7 Bankruptcy Case, In re Westborough SPE, LLC, U.S. Bankr. Ct. (D. Mass.) Case No. 23-40709 (the "Bankruptcy Case");

WHEREAS, on September 5, 2023, an answer consenting to the Involuntary Petition was filed on behalf of SPE;

WHEREAS, on October 3, 2023, the Town filed a Motion for Relief from Automatic Stay (the "Motion for Relief") in the Bankruptcy Proceeding, in which the Town, inter alia, contended that the Property was no longer an asset of SPE;

WHEREAS, on October 11, 2023, the Bankruptcy Court entered an Order of Relief in the Bankruptcy Case, after no party filed an objection to the entry of an Order for Relief;

WHEREAS, on October 12, 2023, the Bankruptcy Court appointed the Trustee to, among other things, administer the assets and liabilities of SPE (the "Bankruptcy Estate");

WHEREAS, Ferris, N&G, and MobileStreet all filed proofs of claim in the Bankruptcy Case seeking distributions from the Bankruptcy Estate;

WHEREAS, on January 16, 2024, the Town filed a Motion to Dismiss the Bankruptcy Case pursuant to 11 U.S.C. § 707(a) (the "Motion to Dismiss");

WHEREAS, the Trustee and other parties in interest filed objections to the Motion to Dismiss;

WHEREAS, on January 17, 2024, the Trustee removed the Tax Foreclosure Action the Bankruptcy Court initiating an adversary proceeding, Town of Westborough v. Westborough SPE LLC, U.S. Bankr. Ct. (D. Mass.) Case No. 24-ap-04006;

WHEREAS, on February 7, 2024, the Town filed a Motion to Remand and/or Abstain from Hearing the Tax Foreclosure Action (the "Motion to Remand" and, collectively with the Motion for Relief and Motion to Dismiss, the "Town's Motions");

2

A-128

WHEREAS, the Town's Motions remain pending before the Bankruptcy Court;

WHEREAS, on January 30, 2025, the Trustee filed a Complaint against the Town seeking to avoid the Foreclosure Judgment and recover the Property pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and M.G.L. c. 109A, or, alternatively, for damages caused by the Town's alleged violation of the Debtor's Fifth Amendment and Eighth Amendment rights under the United States Constitution, or, alternatively, for damages pursuant to M.G.L. c. 60, § 64A, or, alternatively, declaratory judgment that the Town is required to comply with M.G.L. c. 60 as amended to add § 64A, effective as of November 1, 2024 (the "Avoidance Action");

WHEREAS, prior to the date by which the Town was required to answer or otherwise file a response in the Avoidance Action, the Trustee and the Town agreed to (i) extend the deadline for the Town to respond to the Avoidance Action, (ii) allow the Trustee to market the Property for sale by the Trustee to determine whether the Trustee would be able to identify a purchaser willing to purchase the Property in an amount deemed sufficient by the Trustee, and (iii) determine if the Parties would be able to enter an agreement resolving all disputes;

WHEREAS, throughout the Spring of 2025, the Trustee marketed the Property and solicited offers to purchase the Property;

WHEREAS, Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation ("BSAPSS") submitted an offer to purchase the Property for a purchase price of $5,111,111.11, which the Trustee has determined is the highest and best offer of all offers submitted;

WHEREAS, contemporaneously herewith, BSAPSS and the Trustee have entered into a Purchase and Sale Agreement (the "PSA") pursuant to which, subject to Bankruptcy Court approval, the Trustee will sell the Property to BSAPSS;

WHEREAS, the Parties have agreed to resolve the multiple disputes among and between them concerning the Property, including the resolution of all disputes between SPE and the Town;

WHEREAS, this Agreement is subject to and contingent upon (i) entry of an order by the Bankruptcy Court approving this Agreement and authorizing its provisions (the "Approval Order"), (ii) entry of an order by the Bankruptcy Court approving and authorizing the sale of the Property to BSAPSS pursuant to the PSA, and (iii) the Trustee and BSAPSS closing on the sale of the Property pursuant to the PSA (the "Sale");

NOW, THEREFORE, in consideration of the promises and covenants set forth below, and for other good and valuable consideration as set forth in this Agreement, the Parties agree as follows:

1.      Motion to Approve Settlement Agreement: Within five (5) days after execution of this Agreement by the last Party to execute this Agreement, the Trustee will file a motion to approve the settlement pursuant to Fed. R. Bankr. P. 9019 (the "Motion to Approve Settlement"). The Motion to Approve Settlement shall expressly seek a final order from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(l) as this Agreement seeks to dispose of all claims and disputes

3

between SPE and the Town concerning the Property. Assuming the Motion to Approve Settlement is consistent with the terms of this Agreement, none of the Parties shall object to the Motion to Approve Settlement in any way. Notwithstanding the foregoing, however, the Trustee shall be entitled to act in any manner which he deems appropriate to satisfy his obligations as a fiduciary of the Bankruptcy Estate and the Trustee agrees to provide written notice in advance to the Parties regarding any such action to the extent not contemplated by this Agreement.  Further, in connection with the Motion to Approve Settlement, the Trustee agrees to seek no relief that contradicts, contravenes, or differs from the express terms of this Agreement.

2.      <u>Motion to Sell Property to BSAPSS</u>:  Within five (5) days after execution of this Agreement by the last Party to execute this Agreement, the Trustee will file a motion to approve and authorize the Sale in accordance with the PSA (the "Sale Motion"). Subject to section 5 of this Agreement, the Sale Motion will seek authority to sell the Property to BSAPSS free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f), except that the Property will be sold subject to (i) a permanent trail easement on the Property in the form attached hereto as Exhibit A; and (ii) the Reciprocal Covenants, as modified by section 4 of this Agreement. No counter-offers for the Property will be solicited.

3.      <u>Settlement Agreement Contingent on Approval of Sale Motion and Sale Closing</u>: This Settlement Agreement is conditioned upon Bankruptcy Court approval of the Sale Motion and, further, on the sale of the Property to BSAPSS on the terms set forth in the PSA. The Trustee will request that the Bankruptcy Court hear and consider the Motion to Approve Settlement and the Sale Motion contemporaneously. The Trustee shall be authorized to close the Sale on or after the later of (a) the expiration of the 14-day appeal period of the entry of an order allowing the Motion to Approve Settlement (the "Approval Order"), (b) compliance with all of the provisions of this Agreement, and (c) the expiration of the 14-day appeal period of the entry of an order allowing the Sale Motion (the "Sale Order").

4.      <u>MobileStreet Consent to Amend Reciprocal Covenants</u>: In consideration of (a) payment of the $200,000 pursuant to Section 6 of this agreement (the "Use Modification Payment") and (b) BSAPSS's agreement to fully and timely comply with its obligations as Property owner subject to the Reciprocal Covenants, MobileStreet shall execute an amendment to the Reciprocal Covenants which will allow for use of the Property as a "house of worship" which use is not currently an allowable use. MobileStreet agrees to execute any reasonable documentation (in recordable form to be recorded at sale closing) which BSAPSS may reasonably request to document the amendment to the Reciprocal Covenants to allow the use of the Property as a "house of worship" including, without limitation, engaging in daily worship, providing youth activities, hosting dining activities with a commercial kitchen, maintaining priest/caretaker residences, hosting assemblies and events, and having office and classroom space on the first and second floor of the Property.

BSAPSS understands and agrees that certain necessary maintenance obligations arising under the Reciprocal Covenants prior to the Sale Closing have been deferred and must be completed (the "Deferred Maintenance"). Notwithstanding the provisions of §3.1 of the Reciprocal Covenants, MobileStreet, as "operator" (directly and/or through its Managing Agent) agrees to work in good faith with BSAPSS to determine the actual scope of Deferred

4

Maintenance, obtaining competitive pricing and establishing reasonable timelines for commencing and completing the Deferred Maintenance.

5.    <u>Vacating Town Foreclosure Judgment</u>: With respect to the Foreclosure Judgment, the Trustee and the Town agree that:

a.    Within three (3) days of the expiration of the 14-day appeal period of the entry of the Approval Order, the Town and Trustee shall execute and file in the Tax Foreclosure Action a stipulation that (i) the Town conditionally vacates the Foreclosure Judgment solely for the purposes of permitting the Trustee to sell the Property to BSAPSS, (ii) the Trustee conditionally withdraws the Motion to Vacate for the same purpose, and (iii) is contingent upon the Bankruptcy court's entry of the Sale Order.

b.    Upon expiration of the 14-day appeal period of the entry of the Approval Order, the Town shall prepare, execute, and deliver to the Trustee, any additional duly authorized documentation satisfactory to BSAPSS and its title insurer, which said title insurer deems necessary to reflect vacatur of the Foreclosure Judgment as a matter of record title, which documentation the Trustee will hold in escrow pending closing the sale to BSAPSS;

c.    The Trustee shall be authorized to record any additional documents necessary to reflect vacatur of the Foreclosure Judgment contemporaneous with (i) closing the Sale of the Property to BSAPSS and (ii) distributing to the Town the portion of the proceeds of the sale to be paid to the Town pursuant to section 6(a) of this Agreement.

d.    If, for any reason, the sale of the Property to BSAPSS does not take place, the Foreclosure Judgment in the Tax Foreclosure Action shall not be vacated pursuant to this Agreement and the Trustee shall return to the Town the documents referenced in section 5(b) above.

e.    In the event that a stay of the Bankruptcy Court's entry of the Approval Order or Sale Order is entered, the time periods set forth in this section 5 shall be paused while the stay is in place.

6.    <u>Distribution of Sale Proceeds</u>: The Trustee shall obtain an Order approving the Sale Motion which shall authorize the Trustee to distribute the proceeds from the Sale as follows:

a.    <u>Town of Westborough</u>: The Town shall be entitled to be paid $1,640,000.00 (the "Town Payment") from the sale proceeds, which amount the Town and the Trustee stipulate and agree is the amount due and owing to the Town (including legal fees) as a result of the tax lien and tax taking process based on the Trustee's review of materials the Town has provided to the Trustee. The Town Payment shall be paid contemporaneous with the Sale closing, provided that the Town shall be paid before any other creditors of SPE. Upon payment of the Town Payment, the Town shall have no further claim against SPE or the Bankruptcy Estate.

5

A-131

b.     MobileStreet: From the sale proceeds, MobileStreet shall be entitled to receive the following (i) payment of $200,000 (i.e., the Use Modification Payment previously defined) in return for amending the Reciprocal Covenants to allow for use of the Property as a "house of worship" and (ii) payment of $556,763 (the "MobileStreet Maintenance Payment"), which amount the Trustee and MobileStreet (inclusive of all legal fees) stipulate and agree is the amount due and owing to MobileStreet on account of all obligations owing under the Reciprocal Covenants through and including December 31, 2025. The Use Modification Payment and the MobileStreet Maintenance Payment are referred to together herein as the "Total MobileStreet Payment." The Trustee shall pay the Total MobileStreet Payment by check payable to the Law Office of Lenard B. Zide, Esq., 420 Boylston Street, 4th Floor, Boston MA 02116, within ten (10) days after the Sale closing. MobileStreet agrees that any and all expenses or obligations MobileStreet has incurred and expects to incur under the Reciprocal Covenants through and including December 31, 2025 are fully quantified and set forth in this paragraph. To the extent that MobileStreet has additional claims under the Reciprocal Covenants, for the period of January 1, 2026 through the Sale closing date, MobileStreet shall be entitled to file a request for payment of administrative expense and the Trustee reserves all rights regarding any such request. Upon payment of the Total MobileStreet Payment, MobileStreet shall have no further claim against the Town or, subject to the provisions of this paragraph, SPE, or the Bankruptcy Estate.

c.     Ferris: Ferris shall be entitled to receive payment of $100,000 ("Ferris Payment") from the sale proceeds, which amount the Trustee and Ferris stipulate and agree represents a reasonable settlement of any and all claims that Ferris may have against the Town, the Estate and other Parties to this Agreement. The Trustee shall pay the Ferris Payment by check payable to Ferris Development Group, 118 Turnpike Rd., Suite 300, Southborough, MA, 01772, within ten (10) days after the Sale closing. The Ferris Payment shall be in addition to, and not in lieu of, Ferris's $10,000 proof of claim filed in the Bankruptcy Proceeding, which shall be deemed allowed upon approval of this Agreement and paid from the Bankruptcy Estate in due course. Upon payment of the Ferris Payment Ferris shall have no further claim against the Town, SPE, or the Bankruptcy Estate, with the exception of Ferris's proof of claim against only the Estate.

d.     Lax: Lax shall be entitled to receive payment of $100,000 ("Lax Payment") from the sale proceeds, which amount the Trustee and Lax stipulate and agree represents a reasonable settlement of any and all claims that Lax may have against the Town, the Estate and other Parties to this Agreement. The Trustee shall pay the Lax Payment by check payable to Lax Media LLC and shall deliver same c/o Christopher Mulhern, Esq., Law Office of Christopher M. Mulhern, Inc., 100 Centerville Road, Suite 1, Warwick, Rhode Island, 02886, within ten (10) days after the Sale closing. Upon payment of the Lax Payment, Lax shall have no further claim against the Town, SPE, or the Bankruptcy Estate.

7.      Non-Disparagement Provisions: Ferris and its principals agree not to make any disparaging statements regarding the Town, or any elected or appointed official or any employee thereof, concerning the solicitation and evaluation of proposals submitted in response to the RFP, sale of the Property pursuant to the PSA, this Agreement, or any proceedings relative any of the foregoing. The Town and its elected or appointed officials or employees agree not to make any disparaging statements regarding Ferris, its officers, directors, or employees concerning the solicitation and evaluation of proposals submitted in response to the RFP, sale of the Property pursuant to this Agreement, the PSA, or any proceedings relative to any of the forgoing.

8.      Intentionally Deleted.

9.      Dismissal of Litigation: Upon the later of (i) ten (10) days after the Sale has closed or (ii) receipt of the respective disbursements provided for in Section 6 above following the Sale closing, the Parties shall take the following actions regarding pending litigation:

        a.      Federal Action: The Trustee will execute and file a voluntary notice of dismissal with prejudice in the form attached hereto as Exhibit B in Federal Action;

        b.      Tax Foreclosure Action: The Town will execute and file a voluntary notice of dismissal with prejudice in Tax Foreclosure Action;

        c.      30B Action: Ferris, the Town, and Lax will execute and file the voluntary stipulation of dismissal with prejudice in the form attached hereto as Exhibit C in the 30B Action; and

        d.      Avoidance Action: The Trustee and Town will execute and file the voluntary stipulation of dismissal with prejudice in the form attached hereto as Exhibit D in the Avoidance Action; and

10.      Resolution of Town's Motions: Within ten (10) days after the closing of the Sale and the payment of the Town Payment, the Town shall file notice of withdrawal of the Town's Motions in the Bankruptcy Court.

11.      Mutual Release: The Trustee on behalf of SPE, the Town, MobileStreet, LAX, and Ferris, their members, managers, officers, directors, shareholders, partners, principals, agents, servants, employees, representatives, attorneys, affiliates, subsidiaries, predecessors, successors, insurers, sureties, heirs and assigns, executors and administrators, past and present (the "Releasors"), hereby each release and forever discharge each other, their respective officers, directors, shareholders, partners, principals, agents, servants, employees, representatives, attorneys, successors, assigns and affiliates, subsidiaries, predecessors, successors, insurers, sureties, heirs and assigns, executors and administrators, past and present and each of them (the "Releasees"), of and from any and all claims, actions, causes of action, debts, demands, costs, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and costs actually incurred), whatsoever, of every name and nature, both in law and equity or otherwise, known or unknown, arising out of or related to the Property, at any time through the Effective Date of this Agreement, which the Releasors, or any one or more of them, had or now have, from the beginning of the world to the

7

FINAL

Effective Date, specifically including, without limitation, all claims that could have been raised in the Tax Foreclosure Action, the 30B Action, the Federal Action, the Avoidance Action, or the Bankruptcy Case, except as set forth herein with respect to any request for payment of administrative claim which MobileStreet may file in the Bankruptcy Case. The Trustee reserves all rights regarding any proof of claim or request for payment of administrative claim which MobileStreet may file.

12.    Zoning and Permitting: Nothing in this Agreement shall be construed as a waiver of any zoning, permitting, or other requirements concerning the Property under the Town's Bylaws or other applicable law. BSAPSS shall be required to satisfy any zoning, permitting, or other legal requirements necessitated by a particular use of the Property.  Notwithstanding the foregoing, the Town acknowledges BSAPSS's intended use of the Property as a house of worship is an allowed use as a matter of right under G.L. c. 40A, § 3 and the Town will not object to such use under Section 5.1 of the Town's Zoning Bylaws.  The Town will reasonably cooperate with BSAPSS in BSAPSS's timely receipt of any and all redevelopment permits and approvals that may be required for BSAPSS's intended renovations of the Property.

13.    No Admission: This Agreement shall not constitute or be construed or deemed to be evidence of any admission or concession of liability by any of the Parties.

14.    Entire Agreement: This Agreement contains the entire agreement among the Parties with regard to the matters set forth herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto, among the Parties except as expressly set forth herein. This Agreement may not be changed, modified, supplemented, or terminated except by a written agreement executed by the Parties.

15.    Representation by Counsel: By entering into this Agreement, the Parties represent that they have completely read all terms hereof, that they have been represented by counsel of their choice, and that such terms are fully understood and voluntarily accepted by them.

16.    Governing Law: This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

17.    Jurisdiction: The Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, this Agreement, including but not limited to any claims that this Agreement has been breached by one of the Parties.

18.    Miscellaneous: The Parties agree to cooperate fully and to execute any and all necessary supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the intent of this Agreement, which are not inconsistent with its terms. This Agreement has been negotiated by the Parties and shall be construed as drafted by all Parties.

FINAL

19.　　Execution: This Agreement may be executed by facsimile or .pdf in one or more counterparts, each of which shall be deemed an original.

[Signatures on following page]

9

A-135

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH<br>By Its Select Board: |
|---|---|
| _Trustee_<br>By: Jonathan Goldsmith, Chapter 7 Trustee<br><br>Dated: 11/3/2025 | _____<br>Ian Johnson, Chair<br><br>_____<br>Sean Keogh<br><br>_____<br>Patrick Welch<br><br>_____<br>Mark Silverberg<br><br>_____<br>Shelby Marshall<br><br>Dated: |
| FERRIS DEVELOPMENT GROUP, LLC<br><br>_____<br>By: David M. Ferris, its Manager<br><br>Dated: | LAX MEDIA LLC<br><br>_____<br>By: Jegan Gomangalam, Manager<br><br>Dated: |

FINAL

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH<br>By Its Select Board: |
|---|---|
| By: Jonathan Goldsmith, Chapter 7 Trustee<br><br>Dated: | Ian Johnson, Chair<br><br>Sean Keogh<br><br>Patrick Welch<br><br>Mark Silverberg<br><br>Shelby Marshall<br><br>Dated:<br><br>10/31/2025 |
| FERRIS DEVELOPMENT GROUP, LLC | LAX MEDIA LLC |
| By: David M. Ferris, its Manager<br><br>Dated: | By: Jegan Gomangalam, Manager<br><br>Dated: |

10

A-137

FINAL

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH By Its Select Board: |
|---|---|
| _____<br>By:  Jonathan Goldsmith, Chapter 7 Trustee<br><br>Dated: | _____<br>Ian Johnson, Chair<br><br><br>_____<br>Sean Keogh<br><br><br>_____<br>Patrick Welch<br><br><br>_____<br>Mark Silverberg<br><br><br>_____<br>Shelby Marshall<br><br>Dated: |
| FERRIS DEVELOPMENT GROUP, LLC<br><br>_____<br>By:  David M. Ferris, its Manager<br><br>Dated:  October 20, 2025 | LAX MEDIA LLC<br><br><br>_____<br>By:  Jegan Gomangalam, Manager<br><br>Dated: |

10

A-138

FINAL

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH<br>By Its Select Board: |
|---|---|
| By: Jonathan Goldsmith, Chapter 7 Trustee<br><br>Dated: | Ian Johnson, Chair<br><br>Sean Keogh<br><br>Patrick Welch<br><br>Mark Silverberg<br><br>Shelby Marshall<br><br>Dated: |
| FERRIS DEVELOPMENT GROUP, LLC<br><br>By: David M. Ferris, its Manager<br><br>Dated: | LAX MEDIA LLC<br><br>By: Jegan Gomangalam, Manager<br><br>Dated: 10/21/2025 |

10

A-139

FINAL

| LAX MEDIA MA LLC | |
| --- | --- |
| By: Jegan Gomangalam, Manager<br><br>Dated:  **10/21/2025** | |
| THE MOBILESTREET TRUST<br>By its Trustees:<br><br><br>Durgaprasad Nagalla<br><br><br>Venkatesh Mohanraj<br><br>Dated: | |

11

A-140

| FERRIS DEVELOPMENT GROUP, LLC | LAX MEDIA LLC |
|---|---|
| By:  David M. Ferris, its Manager<br><br>Dated: | By:  Jegan Gomangalam, Manager<br><br>Dated: |
| LAX MEDIA MA LLC<br><br>By: Jegan Gomangalam, Manager<br><br>Dated: | |
| THE MOBILESTREET TRUST<br>By its Trustees:<br><br>Durgaprasad Nagalla<br><br>Venkatesh Mohanraj<br><br>Dated:   10/20/2025 | |

12

**EXHIBIT A**


**PERMANENT TRAIL EASEMENT**


12

<u>EASEMENT DEED</u>

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast**, a Texas corporation with a mailing address of P.O. Box 519, Windsor, New Jersey 08561 ("Grantor"), hereby grants to **Westborough Community Land Trust, Inc.**, a Massachusetts not-for-profit corporation organized under M.G.L. c. 180, and having a mailing address of P.O. Box 838, Westborough, MA 01581 ("Grantee" or "WCLT"), with Quitclaim Covenants, for nominal consideration of One Dollar, a non-exclusive perpetual right and easement ("Trail Easement") to use, and to allow the public to enter and use, trails for public passage in, on, under and over a certain portion or portions of the property owned by the Grantor and located 231 Turnpike Road, Westborough, shown as Lot 1 on a plan recorded with the Worcester South District Registry of Deeds in Book 714, Page 77, containing 29 acres, more or less, according to said plan, and described in a deed recorded with said Deeds in Book _____, Page _____ (the "Property"):

1. Grantee and its agents, contractors , and licensees shall have the right to clear, maintain, inspect, improve, repair, mark and use trails in, under, over, and across those portions of the Property shown as "Easement A", "Easement B", and "Easement C" (collectively, the "Trail Easement Area") as well as the right to make use of the parking area, referred to as the "Parking Easement" within the Easement B area, as shown on a plan entitled "_____", prepared by _____, dated _____, 2025, recorded with said Registry herewith (the "Easement Plan"), a reduced copy of which Easement Plan is attached hereto as Exhibit A and incorporated herein, which trails may be up to twenty (20) feet widen said Parking Easement to include a minimum of five parking spaces as shown on Exhibit A, which may be increased by agreement between the Grantor and the Grantee. In addition, Grantee, its agents, contractors, and licensees shall have the further right to access Easements A, B, and C from a public way for the purposes authorized by this Easement Deed.

2. Grantee shall have the nonexclusive right to permit the public to pass and repass over said Trail Easement Area for passive recreational purposes, including, without limitation, bicycling, walking, jogging, dog walking, cross-country skiing, snowshoeing, scenic enjoyment, and other outdoor passive recreational activities, subject to the following prohibitions:

    (i)    Access by motorized vehicles, including, without limitation, snowmobiles, dirt bikes, motorcycles and all-terrain vehicles, shall be prohibited; with the following exceptions:

        (a)  vehicles required by Grantee and/or heavy equipment to construct, improve relocate, maintain, repair, replace and patrol the Trail Easement Area;

        (b)  motorized wheelchairs and like vehicles or motorized devices for use by the disabled, including but not limited to those "Other Power-Driven Mobility Devices" (OPDMD) as defined by the US Access Board and complying with

1

WCLT's guidance for these trails; and

(c) emergency vehicles on emergency calls or business;

(ii)    Littering, picking or injuring plants or trees, injuring or harassing livestock or wildlife, building of fires, hunting and trapping shall be prohibited.

3.    It is expressly acknowledged by, and is the express intention of, all parties hereto that the aforesaid recreational and other use(s) of the Trail Easement Area by the public shall be subject to and benefit from the protections guaranteed by G.L. c. 21, § 17C, commonly known as the Recreational Use Statute.

4.    Grantee shall have the right, but not the obligation, from time to time, to cover or pave the trail surfaces by concrete, asphalt, wood chips, gravel, stone dust, or the like, at Grantee's sole cost and expense. Grantee shall obtain and bear any costs associated with obtaining permits required carry out future trail or trail-related improvements.  Grantee, after notice to the Grantor, may also construct, maintain, repair and replace minor structures within the Trail Easement Area, such as benches, signage, boardwalks, screening, and other similar improvements, for the safety and/or convenience of persons using the trails.

5.    Grantee shall have no right to assign this Trail Easement without prior written consent of a majority of the Grantors, provided, however, that no such consent shall be required for Grantee to assign this Trail Easement to the Town of Westborough.

6.    The Grantee shall ensure that all contractors and/or subcontractors undertaking action on its behalf to construct or repair the trail and/or other improvements the Trail Easement Area have liability coverage to protect all Grantors and naming the Grantors as additional insureds, with the following coverages: (a) general liability insurance with a limit of liability of at least One Million Dollars ($1,000,000.00) per person and Two Million Dollars ($2,000,000.00) annual aggregate for property damage and at least One Million Dollars ($1,000,000.00) per occurrence for personal injury or property damage, (b) Automobile Liability Insurance for owned, hired and non-owned automobiles with limits of liability not less than One Million Dollars ($1000,000.00) combined single limit for each accident for bodily injury and property damage; and (c) Worker's compensation insurance as required by applicable law.

7.    Grantee shall post the trails with notices stating the rules and regulations governing its use by the public, and stating further that the property over which it passes is private and that, in permitting its use by the public, the liability of the landowner is limited by Massachusetts General Laws Chapter 21, Section 17C, as amended.

8.    During such times as Grantee invites public use of the trails, Grantee shall use reasonable efforts to maintain the trails in neat, clean and safe condition, free and clear of debris and litter.  Grantee shall have the right and obligation to clear, prune, and remove vegetation, including trees and shrubs, remove fallen limbs or branches and mow vegetated areas in the Trail Easement Area, provided such cleared areas remain in a condition compatible with the natural surroundings, take measures to discourage littering and other acts that would encroach upon the natural features of the trail corridors or diminish its attractiveness, take steps to educate users in

trail etiquette, and include guidelines for users in maps and other trail publications, all at Grantee's sole cost and expense.

9.      At no time shall the public use of the trails unreasonably interfere with the rights of Grantor or the Grantor's respective successors or assigns to use the Property.  Grantee shall use reasonable efforts to prevent the public from utilizing Grantor's Property other than the Parking Easement for parking for purposes of the public accessing the Trail Easement.  In the event that such interference occurs, Grantor and Grantee shall meet to consider Grantor's concerns and use reasonable good faith efforts to address such concerns, the extent of such efforts to be subject to appropriation and authorization, but only if and as applicable.

10.      The Grantors and Grantee retain the right over time to jointly agree to relocate the Trail Easement as necessary or convenient to preserve the accessibility of the trail or its contiguity with other trails on Grantee's Land, or for any other reason, provided such relocation is duly effected by an instrument executed by the Grantors and Grantee, the instrument is duly recorded at the Registry of Deeds, and the trails and all other improvements made by Grantee to the Trail Easement Area is reconstructed at the sole cost of the party requesting the relocation.

11.      In the event Grantee damages the Property outside of the Trail Easement Area and/or any improvements thereon, Grantee shall promptly restore the Property and/or the improvements to a condition substantially similar to the condition that existed immediately prior to the commencement of such damage, to the extent practicable.

12.      The provisions of this easement, which is executed under seal, shall be binding upon and may be enforced against both the Grantors and Grantee and their respective successors and assigns.

13.      Grantor shall have no responsibility to provide any maintenance, but Grantor shall repair any damage caused by the negligence or intentional misconduct of the Grantor and/or Grantor's agents, employees, contractors and/or invitees to the Trail Easement Area and/or the improvements thereon.  Grantor agrees that neither Grantor nor Grantor's agents, employees, representatives and parties acting by or through the Grantor will unreasonably interfere with the access rights granted to Grantee hereunder.

14.      Any consent to be granted by the Grantor hereunder shall not be unreasonably conditioned, delayed or withheld, and if Grantors do not respond to requests for consent made in writing by Grantee within thirty (30) days from the submission of such request or any additional information required by the Grantee, the requested work shall be deemed approved, subject to all other provisions hereof.

15.      The Trail Easement hereby granted shall be in gross and is not for the benefit of or appurtenant to any particular land.  The Grantee's interest in the Trail Easement shall be assignable to any governmental or any non-profit, non-governmental organization whose purposes include conservation of natural areas.  The burden of this Trail Easement shall run with the land and shall be binding upon all future owners of any interest herein.

[signature page follows]

3

Witness my hand and seal this ___ day of _____, 202__.

**GRANTOR:**

_____

By: _____

Name:

Title:

  not individually and without personal liability

<div align="center">

COMMONWEALTH OF MASSACHUSETTS

</div>

Worcester, ss.

On this ____ day of _____, 202__, before me, the undersigned notary public, personally appeared _____, proved to me through satisfactory evidence of identification of satisfactory evidence of identification, which was ☐ photographic identification with signature issued by a federal or state governmental agency, ☐ oath or affirmation of a credible witness, ☐ personal knowledge of the undersigned, to be the persons whose name is signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose as _____.

_____

Notary Public

My commission expires:

<div align="center">

4

</div>

# EXHIBIT B

## NOTICE OF VOLUNTARY DISMISSAL

**Westborough SPE LLC v. Town of Westborough, et al.,**
**U.S. District Court (D. Mass.) Case No. 4:23-cv-12017**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                  CASE NO. 4:23-cv-12017-MRG

WESTBOROUGH SPE, LLC,

     Plaintiff,

v.                                              NOTICE OF VOLUNTARY
                                                DISMISSAL

TOWN OF WESTBOROUGH, et al.

     Defendants.

NOW COMES Plaintiff Westborough SPE, LLC and hereby provides notice pursuant to

Fed. R. Civ. P. 41(a)(1)(A)(i) that this action and all claims asserted therein are VOLUNTARILY

DISMISSED with prejudice.  All parties are to bear their own costs and waive any rights of appeal.

Respectfully submitted,

PLAINTIFF WESTBOROUGH SPE, LLC

By its Chapter 7 Trustee (Case No. 23-40709)

Jonathan R. Goldsmith, Esq. (BBO# 548285)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103
Tel. (413) 747-0700

Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to

the registered participants as identified on the NEF (NEF) and paper copies will be sent to those

indicated as non registered participants on _____, 202__.

Jonathan R. Goldsmith, Esq.

A-148

**EXHIBIT C**

**STIPULATION OF VOLUNTARY DISMISSAL**

**Ferris Development Group, LLC v. Town of Westborough, et al.,**
**Mass. Superior Court Case No. 2285CV01281**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 CASE NO. 2285CV01281

---

FERRIS DEVELOPMENT GROUP, LLC,

     Plaintiff,

v.                                               STIPULATION OF VOLUNTARY
                                                 DISMISSAL

TOWN OF WESTBOROUGH, LAX MEDIA,
LLC and LAX MEDIA MA, LLC.

     Defendants.

---

NOW COME Plaintiff Ferris Development Group, LLC and Defendants Town of Westborough, Lax Media, LLC, and Lax Media MA, LLC and pursuant to Mass. R. Civ. P. 41(a)(1), hereby STIPULATE that this action and all claims asserted therein are VOLUNTARILY DISMISSED with prejudice. All parties are to bear their own costs and waive any rights of appeal.

A-150

Respectfully submitted,

PLAINTIFF                                    DEFENDANT

FERRIS DEVELOPMENT GROUP, LLC                TOWN OF WESTBOROUGH

By its attorney,                             By its attorneys,

_____                      _____
Thomas A. Mullen (BBO# 360315)               Thomas W. McEnaney (BBO# 629130)
Thomas A. Mullen, P.C.                       Roger L. Smerage (BBO# 675388)
40 Salem Street, Suite 12                    KP Law, P.C.
Lynnfield, MA 01940                            Town Counsel
(781) 245-2284                               101 Arch Street
tmullen@thomasamullenpc.com                  12th Floor
                                             Boston, MA  02110-1109
                                             (617) 556-0007
                                             tmcenaney@k-plaw.com
                                             rsmerage@k-plaw.com

                                             DEFENDANTS

                                             LAX MEDIA, LLC and LAX MEDIA MA,
                                             LLC

                                             By their attorney,

                                             _____
                                             Christopher M. Mulhearn (BBO# 628626)
                                             Law Office of Christopher M. Mulhearn, Inc.
                                             100 Centerville Road, Suite 1
                                             Warwick, RI 02886
                                             Tel.: (401) 533-9330
                                             cmulhearn@mulhearnlawri.com

Dated: _____, 202__

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing

Stipulation of Voluntary Dismissal to be served by electronic mail to the following counsel of

record:

Thomas A. Mullen, Esq.
40 Salem Street
Building 2, Suite 12
Lynnfield, MA 01940
tmullen@thomasamullenpc.com
*Counsel for Plaintiff Ferris Development
Group, LLC*

Christopher M. Mulhearn, Esq.
1300 Division Road, Suite 304
West Warwick, RI 02893
cmulhearn@mulhearnlawri.com
*Counsel for Defendants Lax Media, LLC
and Lax Media MA, LLC*

Dated: _____, 202__

_____
Roger L. Smerage

# EXHIBIT D

## STIPULATION OF VOLUNTARY DISMISSAL

**Jonathan R. Goldsmith, Chapter 7 Trustee of Westborough SPE LLC** v. **Town of Westborough,**
**U.S. Bankr. Ct. D. Mass. Case No. 25-AP-04003**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Adversary Proceeding 25-04003
Case No. 23-40709-CJP (Chapter 7)

In re:

WESTBOROUGH SPE LLC

JONATHAN R. GOLDSMITH, CHAPTER 7
TRUSTEE OF WESTBOROUGH SPE LLC,

    Plaintiff,

v.

TOWN OF WESTBOROUGH,

    Defendant.

STIPULATION OF VOLUNTARY
DISMISSAL WITH PREJUDICE

NOW COME Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (the "Trustee") of Debtor Westborough SPE LLC ("Debtor"), and Defendant Town of Westborough (the "Town," and together with the Trustee, the "Parties"), and pursuant to Mass. R. Civ. P. 41(a)(1), hereby STIPULATE that this action and all claims asserted therein are VOLUNTARILY DISMISSED with prejudice.  All parties are to bear their own costs and waive any rights of appeal.

A-154

Respectfully submitted,

PLAINTIFF

JONATHAN R. GOLDSMITH,
CHAPTER 7 TRUSTEE OF
WESTBOROUGH SPE LLC

By his attorneys,

_____
Christine E. Devine, BBO# 566990
Angelina M. Savoia, BBO# 715690
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:   508-533-7240
Email:   christine@nicholsondevine.com


Dated: _____, 202__

DEFENDANT

TOWN OF WESTBOROUGH

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing

document to be served through the Court's CM/ECF system to the following counsel of record or

by U.S. mail to the following unregistered parties:

| | | |
|---|---|---|
| Stephen F. Gordon<br>The Gordon Law Firm LLP<br>River Place<br>57 River Street<br>Wellesley, MA 02481<br>sgordon@gordonfirm.com<br>*Attorney for Petitioning Creditors* | Jonathan R. Goldsmith<br>Goldsmith, Katz & Argenio P.C.<br>1350 Main Street, 15th Floor<br>Springfield, MA 01103<br>trusteedocs1@gkalawfirm.com<br>*Attorney for Chapter 7 Trustee* | Christine E. Devine<br>Nicholson Devine LLC<br>PO Box 7<br>Medway, MA 02505<br>christine@nicholsondevine.com<br>*Attorney for Chapter 7 Trustee* |
| Lolonyon Akouete<br>800 Red Milles Rd.<br>Wallkill, NY 12589<br>info@smartinvestorsllc.com<br>*Creditor* | Lenard Benson Zide<br>Butters Brazilian LLP<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com<br>*Attorney for Creditor The MobileStreet Trust* | Paul W. Carey<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br>pcarey@mirickoconnell.com<br>*Attorney for Creditor Ferris Development Group, LLC* |
| Denise Edwards<br>137 North 25th Street<br>Wyandanch, NY 11798<br>deniseedwards818@yahoo.com<br>*Creditor* | Jonathan La Liberte<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com<br>*Attorney for Creditor Sherin and Lodgen LLP* | Darin Clagg<br>24 Kobbs Korner Rd.<br>Pine Bush, NY 12566<br>Creditor (by U.S. Mail) |

Dated: _____, 202__

_____
Roger L. Smerage

A-156

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

**WESTBOROUGH SPE LLC,**

        **Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND
AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL RELEASE
<u>PURSUANT TO FED. R. BANKR. P. 9019</u>**
**(Expedited Determination Requested Regarding Approval of Form of Combined Notice)**

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the

bankruptcy case (the "Bankruptcy Case" or "Case") of the estate (the "Estate") of the above

captioned Debtor and hereby moves this Court pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure and MLBR 9019-1 for an Order approving the Settlement Agreement

and Mutual Release (the "Settlement Agreement")[1] entered into by and among the Trustee, the

Town of Westborough ("Town"), Ferris Development Group, LLC ("Ferris"), Lax Media LLC

and Lax Media MA LLC (together, "Lax"), and Durgaprasad Nagalla and Venkatesh

Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with

the Worcester Registry of Deeds in Book 53141, Page 193 ("MobileStreet") (each a "Party"

and collectively the "Parties").

**The Settlement Agreement is subject to and contingent upon this Court's**

**approval of the Trustee's sale motion filed herewith (the "Sale Motion"). As such, the**

**Trustee requests that the Court schedule the objection deadlines and hearing dates on this**

**motion (the "Settlement Motion") contemporaneous with those set in connection with the**

---

[1]    The Trustee has filed copy of the Settlement Agreement concurrently with this Motion.

1

**Sale Motion and approve a combined form of notice ("Combined Notice") regarding the proposed Private Sale and the Settlement Agreement, the proposed form of which is attached to the Sale Motion as <u>Exhibit B</u>. Pursuant to MLBR 9013-1(f), the Trustee seeks expedited approval of the form of Combined Notice to allow the Trustee to proceed promptly with the noticing required and, upon approval of the form of Combined Notice (with the inclusion of all relevant dates and deadlines), the Trustee will provide notice of same to all creditors and interested parties.**

As discussed further below, the Settlement Agreement and the sale proposed by the Sale Motion provide for (i) the Town to vacate its foreclosure judgment regarding the property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"), (ii) the Trustee to sell the Property to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation ("BSAPSS" or the "Buyer") for a purchase price of $5,111,111.11 ("Purchase Price"), (iii) the resolution and satisfaction of the claims of the Parties to the Settlement Agreement from the sale proceeds, and (iv) the dismissal with prejudice of litigation by and among the parties before this Court, the U.S. District Court, and the Massachusetts Superior Court as described in detail in the Settlement Agreement.

In support of this motion, the Trustee states as follows:

<u>**JURISDICTION AND VENUE**</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory legal authority predicates for the relief sought herein are sections 105, 363, and 704 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the

2

A-158

"Bankruptcy Code"), Rules 2002, 9007, 9008, 9014, and 9019 of the Federal Rules of

Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9019-1.

## BACKGROUND

3.      On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an

involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code"). On October 11, 2023 this Court entered an order for relief under

Chapter 7 of the Bankruptcy Code [Dkt. No. 26] (the "Order for Relief"). On October 12, 2023,

the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29].

4.      The Debtor acquired the Property in 1997 and had previously leased the Property

to a movie theater. Upon information and belief, theater operations ceased in or about 2017 and

the Property has remained vacant since theater operations ceased.

5.      The Property is subject to a Reciprocal Covenants, Easements and Restrictions

Agreement (the "Reciprocal Covenants Agreement") pursuant to which the Debtor (or other

owner of the Property) is obligated to pay, among other things, a portion of common area

maintenance and snow removal expenses which expenses are shared with other owners of the

subdivided real property parcel. The Reciprocal Covenants Agreement also includes a use

restriction on the Property which restriction requires that the Property be used either to conduct

"retail business" or "for the operation of a movie theater" (the "RCA Use Restriction").

### Pre-Petition Events Regarding the Property

6.      Prior to the entry of the Order for Relief, the Debtor failed to pay real property

taxes to the Town when due.

7.      On December 28, 2018, the Town recorded an instrument of taking on the

Property and, on July 8, 2019, the Town filed a tax title foreclosure action with respect to the

3

Property in the Massachusetts Land Court, <u>Town of Westborough v. Westborough SPE LLC, et al</u>. (Mass. Land Ct. No. 19 TL 000768) (the "Tax Foreclosure Action").

8.      On January 5, 2022, the Land Court entered judgment in favor of the Town and against the Debtor in the Tax Foreclosure Action (the "Foreclosure Judgment").

9.      On May 26, 2022, the Town issued a request for proposals for the purchase and redevelopment of the Property (the "RFP") and the Town subsequently selected a proposal to purchase the Property submitted by Lax Media LLC and Lax Media MA LLC (together, "Lax").

10.     On November of 2022 a competing participant in the RFP process, Ferris Development Group, LLC ("Ferris"), filed suit in Massachusetts Superior Court against the Town and Lax for breach of implied contract, declaratory judgment, and injunctive relief as a result of the Town's selection of Lax's proposal, <u>Ferris Development Group, LLC v. Town of Westborough, et al.</u>, Mass. Superior Court Case No. 2285CV0128 (the "30B Action").

11.     On January 4, 2023, a Motion to Vacate the Tax Title Foreclosure Judgment in the Tax Foreclosure Action was filed in the Land Court on behalf of the Debtor (the "Motion to Vacate").

12.     On August 31, 2023, a civil action was commenced on behalf of the Debtor against the Town and the members of its Select Board arising out of the judgment entered in the Tax Foreclosure Action and the Town's subsequent efforts to sell the Property, <u>Westborough SPE, LLC v. Town of Westborough. et al.</u>, U.S. Dist. Ct. (D. Mass.) Case No. 4:23-cv-12017 (the "Federal Action").

13.     Each of (i) the Foreclosure Action, (ii) the 30B Action, and (iii) the Federal Action remained pending when this Court entered the Order for Relief in this Bankruptcy Case.

**Post-Petition Events Regarding the Property**

14.    On January 17, 2024, after entry of the Order for Relief, the Trustee removed the Tax Foreclosure Action to the Bankruptcy Court, initiating an adversary proceeding, <u>Town of Westborough v. Westborough SPE LLC,</u> U.S. Bankr. Ct. (D. Mass.) Case No. 24-ap-04006.

15.    The Town has filed a Motion to Remand and/or Abstain from Hearing the Tax Foreclosure Action (the "Motion to Remand"), a motion for relief from stay seeking to proceed with the Foreclosure Action (the "Motion for Relief"), and a motion to dismiss the bankruptcy case (the "Motion to Dismiss"; collectively, with the Motion to Remand an the Motion for Relief, the "Town's Motions"). The Town's Motions remain pending at this time.

**Initial Settlement / Sale Efforts**

16.    After the Trustee's appointment, the Trustee entered into negotiations with the Town and the other parties to the Settlement Agreement to determine the best course of action for the Estate relative to the Property. The Trustee reviewed the RFP process and procedures and other information and documentation provided by the Town in connection with the Property, as well as the entire RFP process and, after substantial negotiations, entered the initial settlement agreement (the "First Agreement") [Dkt. No. 189]. The First Agreement would have sold the Property to Lax for the purchase price of $2,500,001, or (failing a closing with Lax), to Ferris as the "back up" purchaser for $2,875,000. The First Agreement also had mutual releases among the Parties and other characteristics similar (though not identical) to the Settlement Agreement currently proposed.

17.    After seeking approval of the First Agreement, however, the Trustee received information from one of the parties to the First Agreement that resulted in the Trustee determining that it was necessary for the Trustee to obtain an appraisal of the Property. With this

5

Court's approval, the Trustee engaged an experienced and qualified commercial real estate appraiser to appraise the Property [Dkt. Nos. 354 and 356]. The appraiser conducted an appraisal of the Property and prepared a detailed appraisal which the Trustee docketed on this Court's docket with a Notice of Appraisal [Dkt. No. 412] (the "Appraisal"). The Appraisal indicates that the appraiser determined that the Property was worth $4,790,000 as of October 4, 2024. After receiving the Appraisal, the Trustee withdrew the pending settlement [Dkt. 413] and reevaluated the Estate's options in light of the new information received.

18. On January 30, 2025, the Trustee filed a Complaint against the Town seeking to avoid the Foreclosure Judgment and recover the Property pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and M.G.L. c. 109A, or, alternatively, for damages caused by the Town's alleged violation of the Debtor's Fifth Amendment and Eighth Amendment rights under the United States Constitution, or, alternatively, for damages pursuant to M.G.L. c. 60, § 64A, or, alternatively, declaratory judgment that the Town is required to comply with M.G.L. c. 60 as amended to add § 64A, effective as of November 1, 2024 (the "Avoidance Action").

**<u>Current Sale Efforts and Proposed Settlement Agreement</u>**

19. After the Trustee filed the Avoidance Action, the parties reconvened discussions regarding a possible consensual sale and settlement. After substantial negotiations the Trustee and the Town agreed that the Trustee would market the Property for sale and determine whether the Trustee and the relevant interested parties in the Property would be able identify a satisfactory buyer for the Property and enter an agreement resolving all disputes. That effort resulted in the Settlement Agreement and the sale proposed in the Sale Motion.

A-162

20.     Throughout the Spring of 2025, the Trustee marketed the Property and solicited offers to purchase the Property. The Trustee's marketing efforts were thorough and robust and resulted in multiple offers for the Property.[2]

21.     The Trustee received five (5) offers in total and determined that the Buyer's offer was the highest offer and was also the best offer in all respects. Among other things, the Buyer's proposed Purchase Price exceeded the next two highest offers by more than $100,000, the Buyer required no further diligence, the Buyer required no additional internal approvals, and the Buyer has no financing contingency. Although the Buyer required confirmation that it would be able to operate as intended despite the RCA Use Restriction, such confirmation would have been required for all bids received by the Trustee as no bid was for the purpose of only conducting "retail business" or "for the operation of a movie theater."[3] Further, as part of the Buyer's offer, the Buyer proposed to sell its current Westborough real property to a tax paying entity and that component of its offer, upon information and belief, made the proposal appealing to the Town. That component of the Buyer's offer resulted in the separate agreement between the Buyer and the Town attached to the Purchase and Sale Agreement ("PSA") submitted with the Sale Motion.

22.     In sum, the Buyer's proposal was the highest offer, the most workable offer from the Trustee's perspective, and also included a component desirable to the Town. After determining that the Buyer's offer was the most beneficial to the Estate, the Trustee negotiated the PSA and the Settlement Agreement as contemplated by the solicitation process.

---

[2] The specific steps taken by the Trustee to market the Property and to solicit and evaluate offers are set forth in detail in the Sale Motion. The Trustee incorporates here in all information and details provided in the Sale Motion.

[3] Only one bid included "retail" as a partial proposed use. That bid, however, also included "residential components" as well. Further, that bid was more than $1.5 million less than the Buyer's offer.

A-163

## SUMMARY OF THE SETTLEMENT AGREEMENT[4]

23.     In sum, pursuant to the Settlement Agreement and subject to the approval of the

Sale Motion, the Parties have agreed to the following:

a.  The Town will vacate its Foreclosure Judgment regarding the Property;

b.  MobileStreet will execute an amendment to the Reciprocal Covenants Agreement for recording at closing which will allow for use of the Property as a "house of worship" and uses ancillary thereto;

c.  The Trustee will sell the Property to the Buyer pursuant to the PSA for the purchase price of $5,111,111.11;

d.  Contemporaneous with closing the sale to the Buyer, the Trustee will pay the Town $1,640,000 which will fully satisfy all of the Town's claims against the Estate;

e.  Within ten (10) days after the sale to the Buyer closes, the Trustee will pay MobileStreet $200,000 in consideration of the amendment to the Reciprocal Covenants Agreement recorded at closing;

f.  Within ten (10) days after the sale to the Buyer closes, the Trustee will pay MobileStreet $556,763 in full satisfaction of all of MobileStreet's claims under the Reciprocal Covenants Agreement through December 31, 2025;

g.  Within ten (10) days after the sale to the Buyer closes, the Trustee will pay Ferris $100,000 in full satisfaction of all of all of Ferris's claims against the Estate;

h.  Within ten (10) days after the sale to the Buyer closes, the Trustee will pay Lax $100,000 in full satisfaction of all of all of Lax's claims against the Estate;

i.  The Parties to each of the Federal Action, the Tax Foreclosure Action, the 30B Action, and the Avoidance Action will dismiss with prejudice each such action;

j.  Within ten (10) days after the sale to the Buyer closes, the Town will file a notice of withdrawal of the Motion for Relief and the Motion to Dismiss; and

---

[4] The description set forth in this section is only a summary. For a complete review of the Settlement Agreement, the Trustee directs parties-in-interest to a copy of the Settlement Agreement filed concurrently herewith.

A-164

     k.   Each Party releases all claims against other parties, except as specifically carved out of the Mutual Release provisions of the Settlement Agreement.

24.    As set forth in more detail below, the Trustee believes that the Settlement Agreement is a reasonable compromise by the Estate and the Trustee has determined that the Settlement Agreement results in the best possible outcome for the Estate in connection with the Property.

<div align="center"><b><u>REASONABLENESS OF THE SETTLEMENT AGREEMENT</u></b></div>

<div align="center"><b><u>Legal Standards</u></b></div>

25.    In determining whether a settlement agreement should be approved, a Bankruptcy Court should "assess and balance the value of the claim that is being compromised against the value to the Estate of the acceptance of the compromise proposal." <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995), <u>quoting</u> <u>In re GHR Cos.</u>, 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (additional citation omitted). The Trustee's judgment as to the propriety of the proposed settlement is to be accorded some deference. <u>Hill v. Burdick (In Re Moorhead Corp.)</u>, 208 B.R. 87 (1st Cir. BAP 1997). Settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised…but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." <u>Cosoff v. Rodman (In re W.T. Grant Co.)</u>, 699 F.2d 599, 608 (2d Cir. 1983). The First Circuit has held that the bankruptcy court should consider the following factors in determining whether to approve a settlement: (a) the probability of success in the litigation being compromised, (b) the difficulties, if any, to be encountered in the matter of collection, (c) the complexity of the litigation involved and the expense, inconvenience, and delay attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. <u>Jeffrey v. Desmond</u>, 70

<div align="center">9</div>

<div align="center">A-165</div>

F.3d at 185 (additional citation omitted); see also Hicks, Muse & Co., Inc. v. Brandt (In re

Healthco Int'l, Inc.), 136 F.3d 45, 50 (1st Cir. 1998).

26.     Consideration of the foregoing factors should demonstrate whether the settlement

is fair and equitable, and whether the claim or asset the estate is giving up is outweighed by the

advantage to the estate of the settlement. In re C.R. Stone Concrete Contractors, Inc., 346 B.R.

32, 49 (Bankr. D. Mass. 2006). Further, a trustee is entitled to wide latitude when the liquidation

of a potential asset involves protracted investigation or potentially costly litigation with no

guarantee of success. Id.  The duty of the estate representative, here the Trustee, in considering

whether or not to settle a claim, is "to reach an informed judgment, after diligent investigation, as

to whether it would be prudent to eliminate the inherent risks, delays and expense of prolonged

litigation in an uncertain case." Id.

## **ARGUMENT**

### *Litigation Resolved / Risks Mitigated / Costs Stemmed*

27.     The Trustee has given careful and deliberate consideration to the factors set forth

by the First Circuit in, without limitation, Jeffrey v. Desmond. Among other things, the Trustee

has carefully considered the complexity, costs, and risks involved in moving forward with the

Avoidance Action to attempt to recover the Property from the Town. Although the Trustee has a

solid level of confidence that he would ultimately prevail in the Avoidance Action, pursuing that

path has many risks which the Trustee has evaluated and assessed in reaching the Settlement

Agreement. Those risks, without limitation, include: (i) potential authority and validity issues

regarding many of the actions taken on the Debtor's behalf pre-bankruptcy at the direction of

Lolonyon Akouete and Denise Edwards, (ii) challenges inherent to prevailing on fraudulent

transfer actions including the ability to prove all of the required factual allegations and to defeat

10

A-166

all defenses raised thereto, (iii) the novelty and unique legal issues regarding constitutional issues raised by the Tyler v. Hennepin County cited in the Trustee's complaint in the Avoidance Action, and (iv) the novelty and unique legal issues regarding Mass. Gen. Laws c. 60, as amended in November 2024.

28.     In addition to legal risks, the Trustee has also considered risks relative to the passage of time and the potential for further deterioration of the Property which could negatively impact its value if the Avoidance Action were to proceed.

29.     The Trustee also considered the substantial costs that would be incurred by the Estate to continue with the Avoidance Action litigation and pursue the Avoidance Action to a final resolution. The Trustee considered the administrative costs in the form of legal expenses that the Estate would incur in the face of expected strategies and defenses mounted by the Town including potentially, appeals.

30.     Notably, even if successful in recovering and then liquidating the Property, the Trustee is aware that during the pendency of the litigation the costs of protecting, insuring, and the multiple categories expenses due and accruing under the Reciprocal Covenants Agreement would continue and would erode and diminish the ultimate Estate recovery.

31.     Further, upon successfully recovering the Property, the Trustee would then directly incur and need to finance all costs related to maintenance, security, and insurance regarding a building that has laid dormant thus far for approximately eight years and, at the conclusion of the Avoidance Action, for an even longer period.

32.     Regarding the claims to be paid as part of the Settlement Agreement, the Trustee has considered and evaluated each claim and determined that the payments agreed to represent reasonable compromises in connection with the Settlement Agreement.

*Town of Westborough Payment*

33.    Regarding the payment to the Town of $1,640,000, the Trustee has considered the merits of the Town's claim and the reasonableness of the calculations. The Town's claim includes charges incurred by the Town over many years while pursuing its rights against the Property after the Debtor ceased paying taxes to the Town. The Town's claim includes (i) the tax title lien and water and sewer lien for the period prior to the Town recording of the Foreclosure Judgment, (ii) real estate assessments for taxes, community preservation contributions, water/sewer liens, and storm water assessments for the period after the Town took title to the Property, (iii) interest on all unpaid charges, (iv) legal fees and expenses incurred by the Town, (v) insurance costs related to the Property, (vi) maintenance costs and costs for boarding/unboarding the Property, and (vii) appraisal, filing, recording, and other miscellaneous fees. In sum, the Trustee believes the payment to the Town is reasonable and justified in the context of this Settlement Agreement.

*MobileStreet Payment*

34.    Regarding MobileStreet, there are two components to the payment to be made to MobileStreet. The first component is $200,000 in return for the change of use under the Reciprocal Covenants Agreement. None of the bids received by the Trustee were solely for "retail" purposes as required by the use restriction in the Reciprocal Covenants Agreement and the only bid that contemplated any retail use at all (i.e., mixed use, "with residential components") was more than $1.5 million less than the Buyer's proposal. In sum, all of the bids received would have required a modification to the Reciprocal Covenants Agreement and the Trustee negotiated a compromise with MobileStreet to achieve that modification and proceed with the highest bid. The second component of the payment to be paid to MobileStreet is

12

A-168

$556,763 for the unpaid portion of the Debtor's required contributions under the Reciprocal Covenants Agreement, which portion has been unpaid since 2017. Those contributions include a minimum amount due for management of Property as well as reimbursement for all expenses incurred by MobileStreet in connection with the common areas shared by the parties to the Reciprocal Covenants Agreement, with all charges assessed at a 57% rate per the allocation in the Reciprocal Covenants Agreement.

*Ferris and Lax Payments*

35.     Regarding Ferris and Lax, each will receive a $100,000 payment in return for releases and a waiver of claims against all parties to the Settlement Agreement including the Estate and the Town. The payment to Ferris is the same payment negotiated by the Trustee in connection with the First Agreement and it has been a component of all settlement discussions because, among other things, it would otherwise be impossible to reach consensual agreement of the sale of the Property unless all of the pending litigation regarding the Property is to be resolved contemporaneously as well. Among other things, the Town would be unwilling to consensually vacate it judgment and to provide the Estate with a release absent confirmation that the litigation is resolved. Lax's claims are similar to Ferris's as it also participated in the Town's RFP process, was initially selected as the winning bidder, and was the proposed buyer under the First Agreement. Like Ferris, Lax is unwilling to release claims and dismiss litigation absent the settlement payment proposed. All relevant pending litigation regarding both Ferris and Lax will be resolved as part of the Settlement Agreement and, absent full resolution of all litigation, settlement would not be possible.

13

A-169

*Property Value Maximized*

36.     Importantly, the Trustee believes that the sale process maximized the value of the Property. The Trustee and the Town worked together to (i) agree upon a reasonable and robust sale process, (ii) allow for and facilitate the conducting of the Open House, and (iii) negotiate in a prompt and efficient manner, all while the Town remained the title owner of the Property.

37.     As described in detail in the Sale Motion, the Trustee conducted an extensive search for interested buyers and intentionally had a low barrier to bidding with only a $2,500 deposit required to participate.

38.     Notably, the purchase price to be paid by the Buyer <u>exceeds</u> the Trustee's Appraisal by more than $300,000.

39.     In sum, the Trustee believes that the process undertaken has maximized the value of the Property and, further, after considering timing issues, the many risks detailed above, the erosion of value caused by the Reciprocal Covenants Agreement, likely administrative expenses, a bankruptcy sale at a future date is unlikely to yield a better result than the Trustee has achieved with the Settlement Agreement.

*Significant Net Benefit to Estate / Likely Full Payment of all Claims*

40.     As a result of the Settlement Agreement and the Sale, the Trustee expects that all holders of allowed[5] claims will be paid in full. More specifically, the net proceeds from the sale are expected to exceed $2,489,000 and the Trustee previously collected more than $1,200,000

---

[5]  The Trustee has objected to the claims of Lolonyon Akouete and Denise Edwards because the Trustee reviewed the claims and the documents submitted in support of those claims and determined that neither has a valid basis to be paid for services purportedly rendered to the Debtor pre-petition. If, however, this Court determines that Akouete and Edwards have valid claims in some amount, those claims would be claims of insiders and those claims cannot exceed the "reasonable value of such services" per Bankruptcy Code § 502(b)(4). With that limitation, any allowed claim would be for <u>substantially</u> less than the amounts asserted and would almost certainly allow for a 100% distribution to creditors.

14

A-170

from the State of California. Aside from the two disputed claims of Akouete and Edwards and claims resolved by the Settlement Agreement, the remaining timely filed claims against the Estate total approximately $162,000.[6]

41.    Having weighed all the risks and costs, the Trustee believes that approval of the Settlement Agreement is in the best interest of the Estate and its creditors.

42.    The Trustee believes that the Settlement Agreement is fair and equitable. For the foregoing reasons, the Trustee requests that this Court allow this motion and approve the Settlement Agreement as being in the best interest of the Estate and its creditors.

**Notice of the Private Sale and Settlement Agreement**

43.    The Trustee seeks to sell the Property to the Buyer. As noted, the sale is contingent upon approval of the Settlement Agreement (and the Settlement Agreement is contingent upon the sale to the Buyer). As a result, the Trustee has requested that this Court approve a combined form of notice (i.e., the Combined Notice) regarding the Private Sale and the Settlement Agreement. Upon this Court's approval of the form of the Combined Notice with objection deadlines and hearing dates regarding the proposed Private Sale and the Settlement Agreement, the  Trustee will serve the approved Combined Notice, the Sale Motion (with the PSA attached), the Settlement Motion, and the Settlement Agreement on all known creditors and parties in interest, all parties in interest who have requested notice, the four (4) bidders who were not selected as purchasers of the Property, all parties who are required by the Federal Rules of Bankruptcy Procedure, and all contacts or connections known to the Trustee who the Trustee believes might be entitled to claim an interest in surplus Estate funds.

---

[6]  The Trustee reserves the right to object to any claims not resolved by the Settlement Agreement.

15

WHEREFORE, the Debtor requests this Court:

a.      Approve on an expedited basis the proposed form of the Combined Notice

attached to the Sale Motion as Exhibit B;

b.      Allow this Settlement Motion;

c.      Approve and authorize the Settlement Agreement;

d.      Contemporaneously allow the Sale Motion; and

e.      Grant such further relief as is just.


                                Respectfully submitted,
                                **Jonathan R. Goldsmith, Chapter 7 Trustee**
                                By his attorney,

                                /s/ Christine E. Devine
                                Christine E. Devine (BBO# 566990)
                                Nicholson Devine LLC
                                P.O. Box 7
                                Medway, MA 02052
                                (508) 533-7240
Dated:  November 4, 2025        christine@nicholsondevine.com


16

A-172

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**WESTBOROUGH SPE LLC,**

**Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND
AUTHORIZING THE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH,
MASSACHUSETTS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS AND FOR RELATED RELIEF**
(Expedited Determination Requested Regarding Approval of Form of Combined Notice)

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the

bankruptcy case (the "Bankruptcy Case" or "Case") of the estate (the "Estate") of the above

captioned Debtor and hereby moves this Court for authority to sell by private sale (the "Private

Sale") the property located at 231 Turnpike Road, Westborough, Massachusetts (the

"Property") free and clear of all liens, claims, encumbrances, and interests to Bochasanwasi

Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its

nominee (the "Buyer") for the purchase price of Five Million One Hundred Eleven Thousand

One Hundred Eleven and 11/100 Dollars ($5,111,111.11) (the "Purchase Price") as set forth

herein pursuant to the provisions of 11 U.S.C. § 363(b) and (f), Fed. R. Bankr. P. 6004, and

MLBR 6004-1 and pursuant to the Purchase and Sale Agreement attached hereto as **Exhibit A**

(the "PSA").

**The proposed Private Sale is subject to and contingent upon this Court's approval**

**of the Settlement Agreement and Mutual Release (the "Settlement Agreement") filed**

**herewith. As such, the Trustee requests that the Court schedule the objection deadlines**

**and hearing dates on this motion (the "Sale Motion") contemporaneous with those set in**

1

A-173

connection with the motion to approve the Settlement Agreement (the "Settlement Motion") and approve a combined form of notice ("Combined Notice") regarding the proposed Private Sale and the Settlement Agreement, the proposed form of which is attached hereto as **Exhibit B**. Pursuant to MLBR 9013-1(f), the Trustee seeks expedited approval of the form of Combined Notice to allow the Trustee to proceed promptly with the noticing required and, upon approval of the form of Combined Notice (with the inclusion of all relevant dates and deadlines), the Trustee will provide notice of same to all creditors and interested parties.

In support of this motion, the Trustee states as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory legal authority predicates for the relief sought herein are sections 105, 363, and 704 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rules 2002, 6004, 9007, 9008, and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Local Rules 2002-1 and 6004-1.

### Background

3.      On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). On October 11, 2023 this Court entered an order for relief under Chapter 7 of the Bankruptcy Code [Dkt. No. 26] (the "Order for Relief"). On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29].

2

4.      The Debtor acquired the Property in 1997 and had previously leased the Property to a movie theater. Upon information and belief, theater operations ceased in or about 2017 and the Property has remained vacant since theater operations ceased.

5.      The Property is subject to a Reciprocal Covenants, Easements and Restrictions Agreement (the "Reciprocal Covenants Agreement") pursuant to which the Debtor (or other owner of the Property) is obligated to pay, among other things, a portion of common area maintenance and snow removal expenses which expenses are shared with other owners of the subdivided real property parcel. The Reciprocal Covenants Agreement also includes a use restriction on the Property which restriction requires that the Property be used either to conduct "retail business" or "for the operation of a movie theater" (the "RCA Use Restriction").

**Pre-Petition Events Regarding the Property**

6.      Prior to the entry of the Order for Relief, the Debtor failed to pay real property taxes to the Town when due.

7.      On December 28, 2018, the Town recorded an instrument of taking on the Property and, on July 8, 2019, the Town filed a tax title foreclosure action with respect to the Property in the Massachusetts Land Court, Town of Westborough v. Westborough SPE LLC, et al. (Mass. Land Ct. No. 19 TL 000768) (the "Tax Foreclosure Action").

8.      On January 5, 2022, the Land Court entered judgment in favor of the Town and against the Debtor in the Tax Foreclosure Action (the "Foreclosure Judgment").

9.      On May 26, 2022, the Town issued a request for proposals for the purchase and redevelopment of the Property (the "RFP") and the Town subsequently selected a proposal to purchase the Property submitted by Lax Media LLC and Lax Media MA LLC (together, "Lax").

3

A-175

10. On November of 2022 a competing participant in the RFP process, Ferris Development Group, LLC ("Ferris"), filed suit in Massachusetts Superior Court against the Town and Lax for breach of implied contract, declaratory judgment, and injunctive relief as a result of the Town's selection of Lax's proposal, Ferris Development Group, LLC v. Town of Westborough, et al., Mass. Superior Court Case No. 2285CV0128 (the "30B Action").

11. On January 4, 2023, a Motion to Vacate the Tax Title Foreclosure Judgment in the Tax Foreclosure Action was filed in the Land Court on behalf of the Debtor (the "Motion to Vacate").

12. On August 31, 2023, a civil action was commenced on behalf of the Debtor against the Town and the members of its Select Board arising out of the judgment entered in the Tax Foreclosure Action and the Town's subsequent efforts to sell the Property, Westborough SPE, LLC v. Town of Westborough. et al., U.S. Dist. Ct. (D. Mass.) Case No. 4:23-cv-12017 (the "Federal Action").

13. Each of (i) the Foreclosure Action, (ii) the 30B Action, and (iii) the Federal Action remained pending when this Court entered the Order for Relief in this Bankruptcy Case.

**Post-Petition Events Regarding the Property**

14. On January 17, 2024, after entry of the Order for Relief, the Trustee removed the Tax Foreclosure Action to the Bankruptcy Court, initiating an adversary proceeding, Town of Westborough v. Westborough SPE LLC, U.S. Bankr. Ct. (D. Mass.) Case No. 24-ap-04006.

15. The Town has filed a Motion to Remand and/or Abstain from Hearing the Tax Foreclosure Action (the "Motion to Remand"), a motion for relief from stay seeking to proceed with the Foreclosure Action (the "Motion for Relief"), and a motion to dismiss the bankruptcy

4

A-176

case (the "Motion to Dismiss"; collectively, with the Motion to Remand an the Motion for Relief, the "Town's Motions"). The Town's Motions remain pending at this time.

<p align="center">**Initial Settlement / Sale Efforts**</p>

16. After the Trustee's appointment, the Trustee entered into negotiations with the Town and the other parties to the Settlement Agreement to determine the best course of action for the Estate relative to the Property. The Trustee reviewed the RFP process and procedures and other information and documentation provided by the Town in connection with the Property as well as the entire RFP process and, after substantial negotiations, entered the initial settlement agreement (the "First Agreement") [Dkt. No. 189]. The First Agreement would have sold the Property to Lax for the purchase price of $2,500,001, or (failing a closing with Lax), to Ferris as the "back up" purchaser for $2,875,000. The First Agreement also had mutual releases among the Parties and other characteristics similar (though not identical) to the Settlement Agreement currently proposed.

17. After seeking approval of the First Agreement, however, the Trustee received information from one of the parties to the First Agreement that resulted in the Trustee determining that it was necessary for the Trustee to obtain an appraisal of the Property. With this Court's approval, the Trustee engaged an experienced and qualified commercial real estate appraiser to appraise the Property [Dkt. Nos. 354 and 356]. The appraiser conducted an appraisal of the Property and prepared a detailed appraisal which the Trustee docketed on this Court's docket with a Notice of Appraisal [Dkt. No. 412] (the "Appraisal"). The Appraisal indicates that the appraiser determined that the Property was worth $4,790,000 as of October 4, 2024. After receiving the Appraisal, the Trustee withdrew the pending settlement [Dkt. 413] and reevaluated the Estate's options in light of the new information received.

<p align="center">5</p>

<p align="center">A-177</p>

18.    On January 30, 2025, the Trustee filed a Complaint against the Town seeking to avoid the Foreclosure Judgment and recover the Property pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and M.G.L. c. 109A, or, alternatively, for damages caused by the Town's alleged violation of the Debtor's Fifth Amendment and Eighth Amendment rights under the United States Constitution, or, alternatively, for damages pursuant to M.G.L. c. 60, § 64A, or, alternatively, declaratory judgment that the Town is required to comply with M.G.L. c. 60 as amended to add § 64A, effective as of November 1, 2024 (the "Avoidance Action").

## Current Sale Efforts and Proposed Settlement Agreement

19.    After the Trustee filed the Avoidance Action, the parties reconvened discussions regarding a possible consensual sale and settlement. After substantial negotiations, the Trustee and the Town agreed that the Trustee would market the Property for sale and determine whether the Trustee and the relevant interested parties in the Property would be able identify a satisfactory buyer for the Property and enter an agreement resolving all disputes. That effort resulted in the Settlement Agreement and the sale proposed in the Sale Motion.

## Solicitation Process / Bids Received

20.    Throughout the Spring of 2025, the Trustee marketed the Property and solicited offers to purchase the Property. As part of the Trustee's solicitation process, the Trustee, with the Town's consent, took the following actions:

    a.   The Trustee prepared a memorandum soliciting bids to purchase the Property which memorandum included, without limitation: (i) details regarding the Property, (ii) relevant bankruptcy information, (iii) details and requirements regarding the Open House (discussed and defined below) including conditions to attend, (iv) timing requirements for submission of offers to purchase, (v) a copy of the Property deed, (vi) a copy of the Reciprocal Covenants Agreement which burdens the Property, (vii) information regarding a trail easement which burdens the Property, (viii) information regarding the public availability of the Trustee's Appraisal, (ix) a form Offer to Purchase, (x) a request that tax exempt entities submit a "pilot agreement" if proposed as part of the of any bid, (xi) a form of

<div align="center">6</div>

release to attend an open house allowing bidders to view the Property, and (xii) disclosures that the sale would be subject to and contingent upon the Trustee reaching an agreement with the Town to proceed with a consensual sale, and (xiii) disclosures that any sale would be subject to the approval of this Court (collectively, the "Solicitation Package");

b. The Trustee circulated the Solicitation Package to all parties that the Trustee determined might be interested in submitting an offer to purchase the Property including, without limitation (i) all parties who submitted an offer in connection with the Town's RFP process, (ii) all parties who expressed to the Trustee an interest in purchasing the Property, and (iii) real estate brokers known to the Trustee in and around the Westborough area;

c. The Trustee also listed the Property on "LoopNet", an on-line real estate listing service; and

d. The Trustee coordinated with the Town to conduct an "open house" (the "Open House") and allowed interested parties to view the interior of the Property. That Open House resulted approximately six (6) separate groups of interested parties attending and viewing the interior of Property.

21. The Trustee also required a deposit of only $2,500 to submit an offer, ensuring a low barrier to entry for any potential purchaser.

22. Ultimately, the Trustee received five (5) offers in total and determined that the Buyer had submitted the best and highest offer with a proposed purchase price of $5,111,111.11.

23. The Buyer's offer exceeded the next two highest offers by more than $100,000.00. In addition, the Buyer's offer has no financing contingency and requires no further diligence, while the next two highest offers both included diligence periods and other specific contingencies. The Buyer's offer also exceeded each of the two final remaining offers received by more than $1.5 million.

24. The Buyer is a "house of worship" and, as such, is a tax-exempt entity. As part of the Buyer's offer, the Buyer also proposed to sell its current Westborough real property to a tax paying entity. That specific component of the Buyer's offer resulted in the separate agreement between the Buyer and the Town which is attached to the PSA as Exhibit B.

7

A-179

25.     Notably, although the Buyer required confirmation that it could operate as intended despite the RCA Use Restriction, that confirmation would have been required for all bids received by the Trustee since each bid included a proposed use that was not solely to conduct "retail business" or "for the operation of a movie theater."[1]

26.     After determining that the Buyer had submitted the highest and best offer, the Buyer and the Trustee negotiated the PSA and the Settlement Agreement as contemplated by the solicitation process.

27.     The Buyer and the Trustee have entered into a the PSA pursuant to which, subject to Bankruptcy Court approval, the Trustee proposes sell the Property to the Buyer, with the Town agreeing to certain specific terms of the PSA required to, among other things, vacate the Foreclosure Judgment, confirm certain details regarding an existing trail easement which encumbers the Property, and enter and agreement providing for the sale of the Buyer's current property owned in the Town.

28.     Contemporaneous with the execution of the PSA, the Trustee also entered into the Settlement Agreement filed herewith which is among the Town, the Buyer, Ferris, Lax, and MobileStreet (the "Settlement Parties"). A condition of the Sale is that the Settlement Agreement be approved and, therefore, the Trustee has filed the Settlement Motion contemporaneously herewith. Among other things the Settlement Agreement provides that the Town will vacate the Foreclosure Judgment solely for the purposes of permitting the Trustee to sell the Property to the Buyer pursuant to Bankruptcy Code § 363.

---

[1] Only one bid included "retail" as a partial proposed use. That bid, however, also included "residential components" as well. Further, that particular bid was more than $1.5 million less than the Buyer's offer.

8

A-180

## Summary of Settlement Agreement[2]

29.    In In sum, pursuant to the Settlement Agreement and subject to the approval of the Sale Motion, the Parties have agreed to the following:

a.    The Town will vacate its Foreclosure Judgment regarding the Property;

b.    MobileStreet will execute an amendment to the Reciprocal Covenants Agreement for recording at closing which will allow for use of the Property as a "house of worship" and uses ancillary thereto;

c.    The Trustee will sell the Property to the Buyer pursuant to the PSA for the purchase price of $5,111,111.11;

d.    Contemporaneous with closing the sale to the Buyer, the Trustee will pay the Town $1,640,000 which will fully satisfy all of the Town's claims against the Estate;

e.    Within ten (10) days after the sale to the Buyer closes, the Trustee will pay MobileStreet $200,000 in consideration of the amendment to the Reciprocal Covenants Agreement recorded at closing;

f.    Within ten (10) days after the sale to the Buyer closes, the Trustee will pay MobileStreet $556,763 in full satisfaction of all of MobileStreet's claims under the Reciprocal Covenants Agreement through December 31, 2025;

g.    Within ten (10) days after the sale to the Buyer closes, the Trustee will pay Ferris $100,000 in full satisfaction of all of all of Ferris's claims against the Estate;

h.    Within ten (10) days after the sale to the Buyer closes, the Trustee will pay Lax $100,000 in full satisfaction of all of all of Lax's claims against the Estate;

i.    The Parties to each of the Federal Action, the Tax Foreclosure Action, the 30B Action, and the Avoidance Action will dismiss with prejudice each such action;

j.    Within ten (10) days after the sale to the Buyer closes, the Town will file a notice of withdrawal of the Motion for Relief and the Motion to Dismiss; and

---

[2]    The description set forth in this section is only a summary. For a complete review of the Settlement Agreement, the Trustee directs parties-in-interest to a copy of the Settlement Agreement and the Settlement Approval Motion filed concurrently herewith.

9

A-181

      k.  Each Party releases all claims against other parties, except as specifically carved out of the Mutual Release provisions of the Settlement Agreement.

### The Proposed Sale

30.     The Trustee seeks authority to sell the Property to the Buyer for the purchase price of $5,111,111.11 pursuant to Bankruptcy Code § 363(b) and (f). The Trustee and the Buyer have executed the PSA (inclusive of all addendums) and the Town has joined in executing relevant portions of the PSA. The Trustee holds a deposit of $255,500 and no real estate broker was used as part of the sale process. If the sale to the Buyer is approved by the Court and all other seller conditions are met, but the Buyer fails to close, the Buyer will forfeit the deposit. As noted previously, a copy of the PSA is attached as **Exhibit A**.

31.     The Trustee believes that the proposed sale price for the Property is fair and reasonable based on, among other things, the Appraisal obtained by the Trustee in October of 2024 which determined that the Property was worth $4,790,000 as of October 4, 2024. The Buyer's purchase price exceeds that valuation by approximately $312,111.

32.     As described above, the Trustee marketed the Property aggressively by preparing a detailed and comprehensive Solicitation Package which the Trustee sent to all parties that the Trustee believed might be interested in submitting an offer to purchase the Property including, without limitation (i) all parties who submitted an offer in connection with the Town's RFP process, (ii) all parties who expressed to the Trustee or to the Town an interest in purchasing the Property, and (iii) real estate brokers known to the Trustee in and around the Westborough area. The Trustee also listed the Property on "LoopNet", an on-line real estate listing service and received contact from interested parties through that process. In sum, the Trustee's marketing efforts were comprehensive.

33.      The Buyer's proposal was quite clearly the best and highest offer received by the Trustee. In summary, the offers received are summarized as follows:

a. **Proposed Buyer's Offer  - $5,111,111.11 – no diligence required**
b. Second Highest Offer -  $5,000,000 – 90 days diligence required, plus other contingencies
c. Third Highest Offer -  $5,000,000 – 120 days diligence required, plus other contingencies
d. Fourth Highest Offer -  $3,550,000 – no diligence required
e. Fifth Highest Offer -  $3,500,000 – no diligence required

34.      Having selected the Buyer as the highest and best offer, subject to the approval of the Settlement Agreement, the Trustee seeks authority to sell the Property to the Buyer.

35.      As noted, the proposed Private Sale is part of a settlement memorialized in the Settlement Agreement, which settlement requires that Sale be to this specific Buyer and that certain claims be fully resolved related to the Property, the RFP, and the pending litigation. As a result, the Trustee seeks approval of the Sale without counter-offer procedures.

36.      Bankruptcy sales without overbidding are permissible where it is necessary as part of a settlement agreement and the Trustee is able to demonstrate a fair and reasonable process and that the sale has been conducted in good faith. See In re Machevesky, 2020 Bankr. LEXIS 3628, 17-18 (Bankr. C.D. Cal. Dec. 16, 2020) (denying request to set aside a free and clear sale order coupled with a settlement, the bankruptcy court stated that "[d]espite the argument of several parties that a compromise with a sale of assets always requires overbidding, that argument is not correct, as the court has discretion to determine whether to apply the sale procedures of 11 U.S.C. § 363 to a motion to approve compromise under FRBP 9019."). See also In re Mickey Thompson Entertainment Group, Inc., 292 B.R. 415, 422 (B.A.P. 9th Cir.  2003) (although finding the specific procedures at issue deficient, the Ninth

11

Circuit Bankruptcy Appellate Panel noted that "[w]hether to impose formal sale procedures is ultimately a matter of discretion that depends upon the dynamics of the particular situation."). See also Isom v. Hopkins (In re Isom), Nos. ID-19-1198-BGL, 4:15-bk-40763, 2020 Bankr. LEXIS 1134 at *26-28 (B.A.P. 9th Cir. Apr. 22, 2020) (Distinguishing circumstances from Mickey Thompson as when there are "compromise aspects to the settlement agreement" rather than "merely the sale of an estate asset to a settling party disguised as a compromise," "the court need not implement bidding procedures and an auction if the case does not call for it").  Further, trustees are afforded great deference in selecting purchasers under Bankruptcy Code § 363, even where the trustee's selection is not the highest bidder. See Video Concepts, LLC v. Volpe Indus. (In re Volpe Indus.), 2013 U.S. Dist. LEXIS 120052, *13-14 (D. Mass. August 23, 2013) (approving Section 363 sale to second highest bidder and declining to require the trustee to conduct an auction).

37.    As set forth in the PSA, the Property is to be sold "AS IS," "WHERE IS," and "WITH ALL FAULTS" without any representations or warranties.

### Sale of Property Free and Clear of All Liens, Claims, Encumbrances, and Interests

38.    The Trustee is proposing to sell the Property free and clear of all liens, claims encumbrances and interests pursuant to Bankruptcy Code § 363(f). Any perfected, enforceable, valid liens, if any, shall attach to the proceeds of the sale according to priorities established under applicable law.

39.    **With the exception of tax liens in favor of the Town and in favor of MobileStreet (to the extent provided by the Reciprocal Covenants Agreement), all of which will be paid at closing, the Trustee is aware of no liens on the Property.**

40.    Under Bankruptcy Code § 363(f), estate property may be sold free and clear of

12

A-184

any interest of an entity other than the estate if "(1) applicable nonbankruptcy law permits sale of property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

41.     The Trustee believes that, once the Town vacates its Foreclosure Judgment as contemplated by the Settlement Agreement, the Property may be sold free and clear of all liens, claims, encumbrances, and interests pursuant to, without limitation, Bankruptcy Code § 363(f)(2) and (3).

### Distribution of Sale Proceeds

42.     The Debtor proposes to make the following distributions from the sale proceeds on or shortly after the sale closing per the terms of the Settlement Agreement:

| | |
|---|---:|
| Sale Price | $5,111,111.11 |
| **Less** | |
| Town of Westborough (paid at Closing) | ($1,640,000.00) |
| MobileStreet (within 10 days of Closing) | ($200,000.00) |
| MobileStreet (within 10 days of Closing) | ($556,763.00) |
| Ferris (within 10 days of Closing) | ($100,000.00) |
| Lax (within 10 days of Closing) | ($100,000.00) |
| Approximate cost of deed stamps and other estimated recording and closing costs | ($25,000.00) |
| **Net Sale Proceeds for Estate** | **$2,489,348.11** |

43.     The Net Proceeds shall be retained by the Trustee for the benefit of the Estate

13

A-185

and any further distributions will be subject to further Court order.

## Connections with the Buyers

44.    The Trustee has no connection with the Buyer.  Upon information and belief, the Buyer learned of the Property through the Trustee's marketing efforts and general publicity regarding the Bankruptcy Case.

45.    To the best of the Trustee's knowledge and belief, the Buyer negotiated in good faith regarding the PSA and regarding the Buyer's efforts to acquire the Property.

46.    The Trustee seeks a finding that the Buyer is a good faith purchaser pursuant to Bankruptcy Code § 363(m).

## Notice of the Private Sale and Settlement Agreement

47.    The Trustee seeks to sell the Property to the Buyer. As noted, the sale is contingent upon approval of the Settlement Agreement (and the Settlement Agreement is contingent upon the sale to the Buyer). As a result, the Trustee has requested that this Court approve a combined form of notice (i.e., the Combined Notice) regarding the Private Sale and the Settlement Agreement. Upon this Court's approval of the form of the Combined Notice with objection deadlines and hearing dates regarding the proposed Private Sale and the Settlement Agreement, the  Trustee will serve the approved Combined Notice, the Sale Motion (with the PSA attached), the Settlement Motion, and the Settlement Agreement on all known creditors and parties in interest, all parties in interest who have requested notice, the four (4) bidders who were not selected as purchasers of the Property, all parties who are required by the Federal Rules of Bankruptcy Procedure, and all contacts or connections known to the Trustee who the Trustee believes might be entitled to claim an interest in surplus Estate funds.

14

A-186

WHEREFORE, the Debtor requests this Court:

a.    Approve on an expedited basis the proposed form of the Combined Notice

      attached as Exhibit B;

b.    Allow this Sale Motion;

c.    Determine that the Buyer is a good faith purchaser;

d.    Authorize and approve the Settlement Agreement filed contemporaneously

      herewith; and

e.    Grant such further relief as is just.


                              Respectfully submitted,
                              **Jonathan R. Goldsmith, Chapter 7 Trustee**
                              By his attorney,

                              /s/ Christine E. Devine
                              Christine E. Devine (BBO# 566990)
                              Nicholson Devine LLC
                              P.O. Box 7
                              Medway, MA 02052
                              (508) 533-7240
Dated:  November 4, 2025      christine@nicholsondevine.com


15

A-187

# EXHIBIT A
**(Purchase and Sale Agreement)**

16

A-188

Final

# PURCHASE AND SALE AGREEMENT

This AGREEMENT made this 3rd  day of ___November___ , 2025, by and between **Jonathan R. Goldsmith,** in his capacity as **Chapter 7 Trustee** of the estate of **Westborough SPE LLC** (the "Debtor"), Case No. 23-40709-CJP (the "Bankruptcy Case") pending before the United States Bankruptcy Court for the District of Massachusetts (hereinafter referred to as the "SELLER" or the "TRUSTEE"), and not individually, with a mailing address of 1350 Main Street, Suite 1505, Springfield, Massachusetts 01103, and **Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast,** a Texas corporation with a mailing address of P.O. Box 519, Windsor, New Jersey 08561 (hereinafter called the "BUYER" or "PURCHASER").

Subject to the terms and conditions set forth in this Agreement, the SELLER agrees to sell and the BUYER agrees to buy all of Trustee's right, title and interest as Trustee of Westborough SPE LLC to the following described premises ("Premises"):

> The property located at 231 Turnpike Road, Westborough, Massachusetts including the building and other improvements thereon, which real property consists of approximately 29 acres, more or less, as more fully described in a deed recorded with the Worcester South District Registry of Deeds in Book 19369, Page 75 (the "Deed") and identified on Westborough Assessor's Map 32 as Parcel 48, and shown as Lot 1 on a plan recorded with the Worcester South District Registry of Deeds in Book 714, Page 77.

## 1.  BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES

Included in the sale as a part of said Premises are the buildings, structures, and improvements now thereon, and the fixtures belonging exclusively to the SELLER to be delivered in substantially the same condition as they were as of May 20, 2025, the date on which the Premises were made available by the Town of Westborough (the "Town") for viewing by interested parties (the "Open House"). Notwithstanding anything to the contrary contained herein, the Trustee's conveyance of the Premises does not include personal property or any assets not owned by the Debtor, and the proceeds of any of the foregoing (collectively, the "Excluded Assets").  The BUYER acknowledges that the transfer and conveyance of the Premises does not and shall not constitute a transfer or conveyance of any right, title or interest in the Excluded Assets.

## 2.  TITLE DEED

Said Premises are to be conveyed by a Trustee's Deed in customary form, WITHOUT covenants, warranties, or representations of any kind whatsoever running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven (7) days before the deed is to be delivered as herein provided, and said deed shall convey all of the Trustee's right, title and interest as said Trustee in and to the Premises, free and clear of all liens, mortgages, security interests, claims, encumbrances and interests specifically including, but not limited to, any and all statutory liens and judgment liens, except:

Final

a.  Provisions of existing building and zoning laws and all other federal, state and municipal laws and regulations;

b.  Existing rights and obligations in party walls which are not the subject of written agreement;

c.  Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;

d.  Any liens for municipal betterments assessed after the date of closing;

e.  All restrictions, easements, and encumbrances referred to in the Deed;

f.  Easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the use of the Premises as a house of worship; *provided, however*, the BUYER agrees and acknowledges that the Premises (i) are and shall be subject and encumbered by a certain Declaration of Reciprocal Covenants, Easements and Restrictions, recorded with the Worcester County Registry of Deeds at Book 18745, Page 313, and (ii) shall be subject to a permanent trail easement in the form attached hereto as **Exhibit A** which the BUYER agrees to execute and record at closing; and

g.  Title to the Premises must be insurable, for the benefit of the Buyer, by a title insurance company, in a fee owner's policy of title insurance at normal premium rates, in the American Land Title Association form currently in use, subject only to those printed exceptions to title normally included in the "jacket" to such form or policy. In the event of a title matter for which a title insurance company is willing to issue a so-called "clean" policy or provide "affirmative coverage" over a known defect or problem, Buyer may elect to accept same but shall not be required to do so, and shall have the right, at the option of their counsel, to deem title to the Premises unacceptable or unmarketable and to terminate this Agreement.

The BUYER further acknowledges and agrees that the conveyance and transfer of the Premises is expressly made subject to the following conditions: (i) entry of a sale order by the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"), after hearing and with notice to all interested parties, which sale order shall approve and authorize the sale of the Premises to the BUYER free and clear of all liens, mortgages, security interests, claims, encumbrances and interests (the "Sale Order") and (ii) approval by the Bankruptcy Court of that certain Settlement Agreement and Mutual Release entered contemporaneously herewith among the Trustee, the Town, and certain other interested parties in the Bankruptcy Case (the "Settlement Agreement") pursuant to which the Town shall vacate its foreclosure deed regarding the Premises.

## 3.  PURCHASE PRICE

The agreed purchase price for said Premises is:  FIVE MILLION, ONE HUNDRED ELEVEN THOUSAND, ONE HUNDRED ELEVEN AND 11/100 ($5,111,111.11) dollars, of which

| | |
|---|---|
| $    2,500.00 | was paid as a deposit on or about June 16, 2025 |
| $ 253,000.00 | was paid as a deposit on the date of this Agreement; and |

A-190

Final

| | |
|---|---|
| $ 4,855,611.11 | is to be paid at the time of delivery of the deed in good funds by certified cashier's, treasurer's or bank check |
| $ 5,111,111.11 | TOTAL |

BUYER acknowledges and understands that the consummation of this Agreement is subject to the Bankruptcy Court's issuance of the Sale Order and entry of an order approving and authorizing the Settlement Agreement.

### 4.  TIME FOR PERFORMANCE/DELIVERY OF DEED

Closing of the transaction referenced herein conveying the Premises (the "Closing") shall be held at 11:00 a.m. at a location mutually agreed by the parties, ten (10) days after the later of: (i) the expiration of the 14-day appeal period of the entry of the Sale Order or (ii) the expiration of the 14-day appeal period of the order approving and authorizing the Settlement Agreement or such other date as the parties hereto may agree in writing.

### 5.  POSSESSION AND CONDITION OF PREMISES

The Premises shall be in the same condition as they were on the date of the Open House, free of all tenants and occupants, reasonable use and wear and damage by fire, the elements or other casualty otherwise covered by insurance excepted.

THE PREMISES ARE BEING SOLD AS-IS, WHERE-IS WITH NO REPRESENTATIONS OR WARRANTIES.

### 6.  EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM

If the SELLER shall be unable to give title or to make conveyance, or deliver possession of the Premises, then SELLER, at its option, shall be entitled to use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, and the time for performance hereof and the Closing Date shall be extended for a period of thirty (30) days from the date set forth in this Agreement. It is understood and agreed that Trustee shall not be under any obligation to expend any funds or to attempt to cure by litigation or otherwise any defect which may be found to exist in the title to the Premises or to remove any encumbrances upon the title to the Premises not voluntarily placed thereon by the Trustee subsequent to the date hereof or to correct any violations of subdivision, plat, zoning, building, minimum housing standard regulations or other similar restrictions or regulations.  This paragraph is also not intended to apply to any damage to the Premises caused by fire or other casualty, as to which the provisions of Section 12 shall apply.

### 7.  FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM

If, at the expiration of the extended time, the SELLER shall have failed to remove any defects in title

Final

or deliver possession of the Premises, as the case may be, then any payments made under this agreement, delivered by BUYER to the TRUSTEE, shall be forthwith refunded, and all other obligations of all parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.

### 8.  BUYER'S ELECTION TO ACCEPT TITLE

The BUYER shall have the election, with the TRUSTEE'S consent, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said Premises in their then condition and without any warranty as to such conditions and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title.

### 9.  ACCEPTANCE OF DEED

The acceptance of a deed by the BUYER or its nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation of the SELLER herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

### 10. INTENTIONALLY DELETED.

### 11. DEPOSIT.

All deposits made hereunder shall be held by the TRUSTEE and shall be duly accounted for at the time of performance of this Agreement. In the event of any disagreement, the TRUSTEE shall retain all deposits made under this Agreement pending a final court order of the Bankruptcy Court regarding the disposition of the deposits. The delivery, acceptance and recording of the Deed shall in all cases constitute the Parties' joint authorization for the release of all deposits held hereunder to the SELLER in accordance with the disbursements outlined in the Closing Settlement Statement.

### 12. CASUALTY LOSS.

The Town is currently the title owner of the Premises. The BUYER acknowledges that the Premises are currently insured, to the extent possible, by the Town. In case of any damage to the Premises by fire or other casualty after signing and delivery of this Agreement by all parties hereto, if the cost to repair or restore such damage (as reasonably estimated by a licensed contractor mutually acceptable to the parties) exceeds One Hundred Thousand Dollars ($100,000), then the BUYER may, at the BUYER's option, cancel this Agreement and recover all sums paid hereunder by providing written notice to the Town and to the Trustee within ten (10) days after receiving written notice of such casualty and the related repair estimate. Upon such timely cancellation by the Buyer, all sums paid hereunder shall be promptly returned to the Buyer, no party shall have any further rights or obligations hereunder, except for those that expressly survive cancellation. If Buyer does not elect to cancel the Agreement as provided above, the parties shall proceed to Closing and the TOWN shall pay or assign on delivery of the Deed, all sums owed or recoverable on any and all insurance covering such damage, to the extent such coverage applies.

Final

## 13. ADJUSTMENTS

Fuel, water and sewer use, and taxes shall be apportioned as of the day of delivery of the Deed. If the amount of said taxes is not known at the time of the delivery of the Deed, they shall be apportioned on the basis of the taxes assessed for the preceding year with a reapportionment as soon as the new tax rate and valuation can be ascertained, which later provision shall survive the delivery of the Deed.

## 14. NO BROKER

BUYER warrants and represents to SELLER and SELLER represents and warrants to BUYER that neither has dealt with any broker or other person entitled to a broker's commission in connection with the negotiation or execution of this Agreement or the consummation of the transaction contemplated hereby and each agrees to hold the other harmless and indemnify the other against all damages, claims, losses and liabilities, including legal fees, incurred by the other, arising out of or resulting from the failure of its representation and warranty. The provisions of this paragraph shall survive the Closing and delivery of the deed hereunder.

## 15. "AS IS" SALE.

BUYER has entered into this Agreement based on BUYER's independent review and investigation of the Premises and not on any representation made by the SELLER, the TOWN, or any of SELLER's or TOWN's agents or representatives. THIS MEANS THAT THE PREMISES IS BEING SOLD "AS IS", "WHERE IS", AND "WITH ALL FAULTS".

BUYER specifically acknowledges that the Premises shall be sold to BUYER "as is", "where is", and "with all faults" and that, in the event that this Agreement is not terminated prior to Closing and BUYER acquires title to the Premises in accordance with the terms herein, no warranties or representations or covenants of any kind, expressed or implied, have been or will be made by SELLER, the TOWN, or any other party with respect to the physical, operating or any other condition of the Premises, or repair of the Premises, or utilities or sewer systems servicing the same or the use or operation to which the Premises may be put by BUYER, or the applicability of or compliance with applicable federal, state, county, city or other public authorities having or claiming jurisdiction over the Premises or any laws, statutes, codes, ordinances or regulations of any government authority, including without limitation, zoning, land use, building and fire safety, and environmental laws, including, without limitation, all laws, ordinances and regulations concerning hazardous waste and toxic substances, odors, noise, air emissions, discharge of water, chemicals and/or air pollution, or otherwise.

BUYER acknowledges that there have been no representations or warranties as to quality, quantity, durability, condition, merchantability, fitness for any particular purpose, or any other aspects of the Premises. BUYER acknowledges that it has not been influenced to enter into this transaction by the SELLER or his attorney, the TOWN or its attorneys, or their employees, agents, consultants or representatives, and that BUYER has not received nor relied upon any statements or representations made by the SELLER or his attorney, the TOWN or its attorneys, or their employees, agents, consultants or representatives.

<div align="right">Final</div>

SELLER and the TOWN specifically disclaim all warranties imposed by statute or otherwise and make no warranty of habitability, merchantability or fitness of the Premises for a particular purpose. The terms and provisions of this section shall survive the Closing.

### 16. BUYER'S DEFAULT/DAMAGES

If the BUYER shall fail to fulfill the BUYER'S agreements herein, the Deposit and any interest thereon shall be retained by the SELLER as liquidated damages, and the SELLER may resell the Premises without notice to the BUYER. SELLER's retention of the Deposit as liquidated damages shall constitute SELLER's sole and exclusive remedy at law or in equity for the BUYER'S default under this Agreement.

### 17. LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, ETC.

If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder. Anyone executing this agreement on behalf of the TOWN does so only in their official capacity and shall not be personally liable for any obligation, express or implied, hereunder.

### 18. WARRANTIES AND REPRESENTATIONS

BUYER hereby represents and warrants to SELLER as follows:

(i) That this Agreement has been, and all the documents to be delivered by BUYER to SELLER at Closing will be, duly authorized, executed, and delivered by BUYER, are or will be legal, valid, and binding obligations of BUYER, are or will be at Closing enforceable in accordance with their respective terms, do not and will not at Closing violate any provisions of any agreement to which BUYER is a party, and that there exist no by-laws, Certificate of Organization, laws, regulations, ordinances, Trust Amendments or other documents that serve to limit their authority to sign this Agreement and to consummate the closing contemplated herein on behalf of the BUYER.

(ii) The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this Agreement.

SELLER hereby represents and warrants to BUYER as follows:

(i)    The Town acknowledges BSAPSS's intended use of the Property as a house of worship is an allowed use as a matter of right under G.L. c. 40A, § 3 and the Town will not object to such use under Section 5.1 of the Town's Zoning Bylaws.  The Town will reasonably cooperate with BSAPSS in BSAPSS's timely receipt of any and all redevelopment

Final

permits and approvals that may be required for BSAPSS's intended renovations of the Property.

The respective obligations of the parties under this Paragraph 18 shall survive delivery of the deed.

## 19. CONSTRUCTION OF AGREEMENT

This instrument, executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. For purposes of this Agreement, facsimile or electronically scanned signatures shall be construed as originals If two or more persons are named herein as BUYER, their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. This Agreement may be executed in several counterparts, and by the parties hereto on separate counterparts, each of which, when so executed and delivered, shall be deemed an original, but all such counterparts shall constitute but one and the same instrument. This Agreement and the interpretation hereof shall be governed by federal bankruptcy laws and the parties expressly agree that the Bankruptcy Court shall have jurisdiction to resolve any and all disputes arising under this Agreement, to interpret any terms hereof, and to enforce any and all provisions of this Agreement.

## 20. NOTICES

Notwithstanding anything in this agreement to the contrary, any notice required hereunder shall be deemed given when and if delivered in hand or sent postage prepaid by regular mail or certified mail, return receipt requested, to the BUYER or SELLER, as the case may be, as follows:

For the SELLER:
Christine E. Devine, Esq.
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
christine@nicholsondevine.com

with a copy to:
Jonathan Goldsmith, Trustee
Goldsmith, Katz & Argenio, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103
jgoldsmith@gkalawfirm.com

For the BUYER:
Peter J. Nicosia, Esq.
Nicosia & Associates P.C.

Final

259 Middlesex Road, PO Box 721
Tyngsboro, MA 01879
Tel: (978) 649-4300
nicosia@nicosia-associates.com

> with a copy to:
> Salil Solanki
> BAPS Corporate Affairs
> PO Box 519
> Windsor, NJ 08561-0519

salil.solanki@baps.org

> For the TOWN (as applicable):
> Roger L. Smerage, Esq.
> KP Law, P.C.
> 101 Arch Street, 12th Floor
> Boston, MA 02110

rsmerage@k-plaw.com

or to such other address or addresses as may from time to time be designated by either party by
written notice to the other.

The parties hereby authorize their respective attorneys to execute and deliver extensions of the time
for performance on their behalf, and agree to be bound by the same.

### 21. PRIOR AGREEMENTS

This Agreement supersedes any other agreement of any of the parties hereto in connection with the
transaction contemplated hereby.

### 22. SALE OF 275 TURNPIKE ROAD, WESTBOROUGH, MA

Contemporaneous with the execution of this agreement, BSAPSS has entered into an agreement with
the Town ("BSAPSS / Town Agreement") regarding the sale of the real property located at 275
Turnpike Road, Westborough, Massachusetts ("275 Turnpike Road"), pursuant to which BSAPSS
has agreed to sell 275 Turnpike Road. The BSAPSS / Town Agreement is subject to and contingent
upon the Sale closing, shall survive the recording of the deed, and shall be enforceable as between
BSAPSS and the Town. A copy of the BSAPSS / Town Agreement is attached hereto as **Exhibit B**.

### 23. ADDITIONAL PROVISIONS

**The TRUSTEE'S sale of the Premises is subject to approval by the Bankruptcy Court and
upon the Bankruptcy Court's approval and authorization of the Settlement Agreement and
absent Bankruptcy Court approval of the Sale and the Settlement Agreement, this Agreement
shall be null and void.**

**Upon full execution of this Agreement and the Settlement Agreement, and upon receipt of the
Deposit, the TRUSTEE shall file motions for authority to sell the Premises and for approval of**

Final

the Settlement Agreement.

The BUYER acknowledges that Local Bankruptcy Rules require the TRUSTEE to provide notice of the proposed sale and of the Settlement Agreement to all interested parties of the Debtor including and all creditors and that interested parties and creditors shall have the opportunity to object to the sale contemplated by this Agreement and to approval of the Settlement Agreement.

Notwithstanding anything to the contrary in this Agreement, BUYER recognizes and acknowledges that this sale is on an "as is, where is" basis, and that the TRUSTEE makes no warranties or representations concerning the condition of the Premises.

All of SELLER's representations under this Agreement are to the SELLER's actual knowledge, and without conducting any independent investigation or inquiry and are not intended to imply or create any obligation for the SELLER to take additional actions or more further inquiry with regard to any topics contained within this Agreement or elsewhere, including but not limited to, documents, to be executed in conjunction with the Closing; furthermore, it is acknowledged and agreed by the Parties that any such representations shall not constitute a representation or warranty against the existence of such conditions about which SELLER has no knowledge, nor a representation or warranty against the discovery or occurrence of such conditions.  The provisions of this paragraph shall survive the Closing and delivery of the Deed hereunder.

If this Agreement shall contain any term or provision which shall be invalid, then the remainder of the Agreement shall not be affected thereby and shall remain valid and in full force and effect to the fullest extent permitted by law.

In the event that any deadline or date for performance or providing notice contained herein (including, without limitation, any contingencies or extensions of the time for performance under this Agreement), falls on a Saturday, Sunday or legal holiday, as the case may be, such deadline or other date shall be automatically extended to the immediately following business day.

For purposes of this Agreement, facsimile signatures and signatures sent via email shall be construed as original.

Both BUYER and SELLER hereby acknowledge that they have been offered the opportunity to seek and confer with qualified legal counsel of their choice prior to signing this Agreement.

[Signature Page Follows]

Final

**SELLER:**

**JONATHAN R. GOLDSMITH, Chapter 7 Trustee of Westborough SPE LLC,**

_Trustee_                                      Dated: 11/3/2025

Jonathan R. Goldsmith, Trustee

**BUYER:**

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast a Texas corporation,**

Dated: _____

By: _____

Its:

As to the provisions set forth in Paragraphs 12, 15, 17, 18, and 22 Only:

**TOWN OF WESTBOROUGH**
**By Its Select Board:**

_____
Ian Johnson, Chair

_____
Sean Keogh

_____
Patrick Welch

_____
Mark Silverberg

_____
Shelby Marshall

A-198

Final

**SELLER:**

**JONATHAN R. GOLDSMITH, Chapter 7 Trustee of Westborough SPE LLC,**

_____       Dated: _____
Jonathan R. Goldsmith, Trustee


**BUYER:**

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast a Texas corporation,**

_____       Dated: 10/29/25
By: Dipal Patel
Its: Secretary


As to the provisions set forth in Paragraphs 12, 15, 17, 18, and 22 Only:

**TOWN OF WESTBOROUGH**
**By Its Select Board:**

_____
Ian Johnson, Chair


_____
Sean Keogh


_____
Patrick Welch


_____
Mark Silverberg


_____
Shelby Marshall

Final

**SELLER:**

**JONATHAN R. GOLDSMITH, Chapter 7 Trustee of Westborough SPE LLC,**

_____          Dated: _____
Jonathan R. Goldsmith, Trustee

**BUYER:**

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast a Texas corporation,**

_____          Dated: _____
By:
Its:

As to the provisions set forth in Paragraphs 12, 15, 17, 18, and 22 Only:

**TOWN OF WESTBOROUGH**
**By Its Select Board:**

_____
Ian Johnson, Chair

_____
Sean Keogh

_____
Patrick Welch

_____
Mark Silverberg

_____
Shelby Marshall

10/31/2025

10
A-200

Final

# EXHIBIT A

Permanent Trail Easement

Final

EASEMENT DEED

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast**, a Texas corporation with a mailing address of P.O. Box 519, Windsor, New Jersey 08561 ("Grantor"), hereby grants to **Westborough Community Land Trust, Inc.**, a Massachusetts not-for-profit corporation organized under M.G.L. c. 180, and having a mailing address of P.O. Box 838, Westborough, MA 01581 ("Grantee" or "WCLT"), with Quitclaim Covenants, for nominal consideration of One Dollar, a non-exclusive perpetual right and easement ("Trail Easement") to use, and to allow the public to enter and use, trails for public passage in, on, under and over a certain portion or portions of the property owned by the Grantor and located 231 Turnpike Road, Westborough, shown as Lot 1 on a plan recorded with the Worcester South District Registry of Deeds in Book 714, Page 77, containing 29 acres, more or less, according to said plan, and described in a deed recorded with said Deeds in Book _____, Page _____ (the "Property"):

1.    Grantee and its agents, contractors , and licensees shall have the right to clear, maintain, inspect, improve, repair, mark and use trails in, under, over, and across those portions of the Property shown as "Easement A", "Easement B", and "Easement C" (collectively, the "Trail Easement Area") as well as the right to make use of the parking area, referred to as the "Parking Easement" within the Easement B area, as shown on a plan entitled "_____", prepared by _____, dated _____, 2025, recorded with said Registry herewith (the "Easement Plan"), a reduced copy of which Easement Plan is attached hereto as Exhibit A and incorporated herein, which trails may be up to twenty (20) feet widen said Parking Easement to include a minimum of five parking spaces as shown on Exhibit A, which may be increased by agreement between the Grantor and the Grantee. In addition, Grantee, its agents, contractors, and licensees shall have the further right to access Easements A, B, and C from a public way for the purposes authorized by this Easement Deed.

2.    Grantee shall have the nonexclusive right to permit the public to pass and repass over said Trail Easement Area for passive recreational purposes, including, without limitation, bicycling, walking, jogging, dog walking, cross-country skiing, snowshoeing, scenic enjoyment, and other outdoor passive recreational activities, subject to the following prohibitions:

(i)    Access by motorized vehicles, including, without limitation, snowmobiles, dirt bikes, motorcycles and all-terrain vehicles, shall be prohibited; with the following exceptions:

(a)  vehicles required by Grantee and/or heavy equipment to construct, improve relocate, maintain, repair, replace and patrol the Trail Easement Area;

(b)  motorized wheelchairs and like vehicles or motorized devices for use by the disabled, including but not limited to those "Other Power-Driven Mobility Devices" (OPDMD) as defined by the US Access Board and complying with WCLT's guidance for these trails; and

(c)  emergency vehicles on emergency calls or business;

A-202

Final

(ii)    Littering, picking or injuring plants or trees, injuring or harassing livestock or wildlife, building of fires, hunting and trapping shall be prohibited.

3.    It is expressly acknowledged by, and is the express intention of, all parties hereto that the aforesaid recreational and other use(s) of the Trail Easement Area by the public shall be subject to and benefit from the protections guaranteed by G.L. c. 21, § 17C, commonly known as the Recreational Use Statute.

4.    Grantee shall have the right, but not the obligation, from time to time, to cover or pave the trail surfaces by concrete, asphalt, wood chips, gravel, stone dust, or the like, at Grantee's sole cost and expense. Grantee shall obtain and bear any costs associated with obtaining permits required carry out future trail or trail-related improvements.  Grantee, after notice to the Grantor, may also construct, maintain, repair and replace minor structures within the Trail Easement Area, such as benches, signage, boardwalks, screening, and other similar improvements, for the safety and/or convenience of persons using the trails.

5.    Grantee shall have no right to assign this Trail Easement without prior written consent of a majority of the Grantors, provided, however, that no such consent shall be required for Grantee to assign this Trail Easement to the Town of Westborough.

6.    The Grantee shall ensure that all contractors and/or subcontractors undertaking action on its behalf to construct or repair the trail and/or other improvements the Trail Easement Area have liability coverage to protect all Grantors and naming the Grantors as additional insureds, with the following coverages: (a) general liability insurance with a limit of liability of at least One Million Dollars ($1,000,000.00) per person and Two Million Dollars ($2,000,000.00) annual aggregate for property damage and at least One Million Dollars ($1,000,000.00) per occurrence for personal injury or property damage, (b) Automobile Liability Insurance for owned, hired and non-owned automobiles with limits of liability not less than One Million Dollars ($1000,000.00) combined single limit for each accident for bodily injury and property damage; and (c) Worker's compensation insurance as required by applicable law.

7.    Grantee shall post the trails with notices stating the rules and regulations governing its use by the public, and stating further that the property over which it passes is private and that, in permitting its use by the public, the liability of the landowner is limited by Massachusetts General Laws Chapter 21, Section 17C, as amended.

8.    During such times as Grantee invites public use of the trails, Grantee shall use reasonable efforts to maintain the trails in neat, clean and safe condition, free and clear of debris and litter.  Grantee shall have the right and obligation to clear, prune, and remove vegetation, including trees and shrubs, remove fallen limbs or branches and mow vegetated areas in the Trail Easement Area, provided such cleared areas remain in a condition compatible with the natural surroundings, take measures to discourage littering and other acts that would encroach upon the natural features of the trail corridors or diminish its attractiveness, take steps to educate users in trail etiquette, and include guidelines for users in maps and other trail publications, all at Grantee's sole cost and expense.

9.    At no time shall the public use of the trails unreasonably interfere with the rights of Grantor or the Grantor's respective successors or assigns to use the Property.  Grantee shall

Final

use reasonable efforts to prevent the public from utilizing Grantor's Property other than the Parking Easement for parking for purposes of the public accessing the Trail Easement.  In the event that such interference occurs, Grantor and Grantee shall meet to consider Grantor's concerns and use reasonable good faith efforts to address such concerns, the extent of such efforts to be subject to appropriation and authorization, but only if and as applicable.

10.     The Grantors and Grantee retain the right over time to jointly agree to relocate the Trail Easement as necessary or convenient to preserve the accessibility of the trail or its contiguity with other trails on Grantee's Land, or for any other reason, provided such relocation is duly effected by an instrument executed by the Grantors and Grantee, the instrument is duly recorded at the Registry of Deeds, and the trails and all other improvements made by Grantee to the Trail Easement Area is reconstructed at the sole cost of the party requesting the relocation.

11.     In the event Grantee damages the Property outside of the Trail Easement Area and/or any improvements thereon, Grantee shall promptly restore the Property and/or the improvements to a condition substantially similar to the condition that existed immediately prior to the commencement of such damage, to the extent practicable.

12.     The provisions of this easement, which is executed under seal, shall be binding upon and may be enforced against both the Grantors and Grantee and their respective successors and assigns.

13.     Grantor shall have no responsibility to provide any maintenance, but Grantor shall repair any damage caused by the negligence or intentional misconduct of the Grantor and/or Grantor's agents, employees, contractors and/or invitees to the Trail Easement Area and/or the improvements thereon.  Grantor agrees that neither Grantor nor Grantor's agents, employees, representatives and parties acting by or through the Grantor will unreasonably interfere with the access rights granted to Grantee hereunder.

14.     Any consent to be granted by the Grantor hereunder shall not be unreasonably conditioned, delayed or withheld, and if Grantors do not respond to requests for consent made in writing by Grantee within thirty (30) days from the submission of such request or any additional information required by the Grantee, the requested work shall be deemed approved, subject to all other provisions hereof.

15.     The Trail Easement hereby granted shall be in gross and is not for the benefit of or appurtenant to any particular land.  The Grantee's interest in the Trail Easement shall be assignable to any governmental or any non-profit, non-governmental organization whose purposes include conservation of natural areas.  The burden of this Trail Easement shall run with the land and shall be binding upon all future owners of any interest herein.

[signature page follows]

A-204

Final

Witness my hand and seal this ___ day of _____, 202__.

**GRANTOR:**

_____

By: _____

Name:

Title:

        not individually and without personal liability

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

On this ____ day of _____, 202__, before me, the undersigned notary public, personally appeared _____, proved to me through satisfactory evidence of identification of satisfactory evidence of identification, which was ☐ photographic identification with signature issued by a federal or state governmental agency, ☐ oath or affirmation of a credible witness, ☐ personal knowledge of the undersigned, to be the persons whose name is signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose as _____.

_____

Notary Public

My commission expires:

EXHIBIT B

Agreement Between BSAPSS and Town of Westborough

Final

## AGREEMENT

This Agreement is made as of this 3rd day of November , 2025, between the Town of Westborough ("Town") and Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation ("BSAPSS") (each a "Party" and together the "Parties").

WHEREAS, contemporaneous herewith, BSAPSS has entered into a Purchase and Sale Agreement (the "PSA") with Jonathan Goldsmith, as Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Westborough SPE LLC (the "Debtor"), which PSA provides for the sale ("Sale") of the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") to BSAPSS;

WHEREAS the Sale is contingent upon the Town vacating its tax title foreclosure judgment regarding the Property;

WHEREAS, BSAPSS owns real property located at 275 Turnpike Road, Westborough, Massachusetts ("275 Turnpike Road Property");

WHEREAS, in its offer to the Trustee to purchase the Property, BSAPSS represented that it would make the 275 Turnpike Road Property available for commercial redevelopment by another for profit purchaser;

WHEREAS, the Town has agreed to vacate its tax title foreclosure judgment regarding the Property only if (i) BSAPSS agrees to sell the 275 Turnpike Road Property pursuant to this Agreement, (ii) the Bankruptcy Court approves the Settlement Agreement and Mutual Release ("Settlement Agreement and Mutual Release") between and among the Trustee, the Town, and certain other parties in interest to the Debtor's Chapter 7 bankruptcy case, and (iii) the Sale closes;

NOW, THEREFORE, in consideration of the promises and covenants set forth below, and for other good and valuable consideration as set forth in this Agreement, the Parties agree as follows:

1. Disposition of the Property:  The Parties agree that:

   a.  BSAPSS will acquire the Property subject to a permanent trail easement on the Property and, contemporaneous with closing the Sale, BSAPSS will execute and record the form of permanent trail easement attached to the PSA as Exhibit A; and

   b.  Promptly upon acquiring the Property, BSAPSS will market the 275 Turnpike Road Property for sale;

   c.  BSAPSS will sell the 275 Turnpike Road Property to a for profit entity for an intended us that is not exempt from payment of municipal taxes within one (1) year of the closing of the Sale;

   d.  If BSAPSS fails to transfer the 275 Turnpike Road Property pursuant to section c above, or the 275 Turnpike Road Property has not otherwise returned to taxable status within one (1) year of the closing of the Sale, BSAPSS shall enter into a payment-in-lieu-of-taxes ("PILOT") with the Town with respect to the 275 Turnpike Road Property,

Final

pursuant to which BSAPSS shall voluntary pay the Town 25% of the total assessed annual real estate tax of the 275 Turnpike Road Property per fiscal year, with such payment to be divided evenly and made quarterly to the Town on July 1, October 1, January 1, and April 1, with the first payment due on the first such date after the date that is one (1) year after the closing of the Sale; and

e.       BSAPSS shall not sell, transfer, or otherwise encumber the 275 Turnpike Road Property to another tax-exempt entity or an entity that intends to use the 275 Turnpike Road Property for tax-exempt purposes.

2.       Injunctive Relief.  The Parties expressly acknowledge that damages resulting from this Agreement will likely be difficult to quantify, such that either Party shall be entitled to enforce the Agreement through injunctive relief, specific performance, or other equitable relief without needing to demonstrate irreparable harm.

3.       Entire Agreement:  This Agreement contains the entire agreement among the Parties with regard to the matters set forth herein.  There are no other understandings or agreements, verbal or otherwise, in relation thereto, among the Parties except as expressly set forth herein.  This Agreement may not be changed, modified, supplemented, or terminated except by a written agreement executed by the Parties.

4.       Representation by Counsel:  By entering into this Agreement, the Parties represent that they have completely read all terms hereof, that they have been represented by counsel of their choice, and that such terms are fully understood and voluntarily accepted by them.

5.       Governing Law:  This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

6.       Miscellaneous:  The Parties agree to cooperate fully and to execute any and all necessary supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the intent of this Agreement, which are not inconsistent with its terms.  This Agreement has been negotiated by the Parties and shall be construed as drafted by all Parties.  This Agreement is binding on and for the benefit of all Parties hereto and their respective officers, directors, employees, agents, heirs, executors, administrators, successors, and assigns, wherever the context requires or admits.

7.       Execution:  This Agreement may be executed by facsimile or .pdf in one or more counterparts, each of which shall be deemed an original.

[Signature Page Follows]

Final

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, on the dates below written.

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast**
**a Texas corporation,**

Dated: 10/29/25

By: Dipal Patel
Its: Secretary

**TOWN OF WESTBOROUGH**
**By Its Select Board:**

_____
Ian Johnson, Chair

_____
Sean Keogh

_____
Patrick Welch

_____
Mark Silverberg

_____
Shelby Marshall

Final

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, on the dates below written.

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast a Texas corporation,**

_____          Dated: _____

By:
Its:

**TOWN OF WESTBOROUGH**
**By Its Select Board:**

_____
Ian Johnson, Chair

_____
Sean Keogh

_____
Patrick Welch

_____
Mark Silverberg

_____
Shelby Marshall
                    10/31/2025

A-210

# EXHIBIT B

**(Proposed Form of Combined Notice)**

17

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**In re:**

**WESTBOROUGH SPE LLC,**

**Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

**NOTICE OF:**

**(I) INTENDED PRIVATE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,
(II) DEADLINE FOR FILING OBJECTIONS, AND (III) HEARING DATE**

**AND**

**(I) PROPOSED SETTLEMENT AGREEMENT AND MUTUAL RELEASE,
(II) DEADLINE FOR FILING OBJECTIONS, AND (III) HEARING DATE**

To Creditors and Parties in Interest:

NOTICE IS HEREBY GIVEN, pursuant to 11 U.S.C. §§ 105, 363, and 704, Federal Rules of Bankruptcy Procedure 2002 and 6004, and MLBR 2002-1 and 6004-1, that Jonathan R. Goldsmith, the Chapter 7 Trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), intends to sell at private sale (the "Private Sale") all of the Estate's right, title, and interest in certain real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its nominee (the "Buyer") for the sum of Five Million One Hundred Eleven Thousand One Hundred Eleven and 11/100 Dollars $5,111,111.11) (the "Purchase Price") on the terms set forth in the Purchase and Sale Agreement dated November 3, 2025 (the "PSA") by and among the Trustee, the Buyer, and (to a limited extent as noted) the Town of Westborough (the "Town") which PSA is attached as Exhibit A to the *Trustee's Motion for Entry of Order Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "Sale Motion") filed with the Bankruptcy Court on November 4, 2025.

NOTICE IS FURTHER HEREBY GIVEN, pursuant to 11 U.S.C. §§ 105, 363, and 704, Federal Rules of Bankruptcy Procedure 2002 and 9019, and MLBR 2002-1 and 9019-1, that the proposed Private Sale is subject to and contingent upon allowance and approval of the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* ("Settlement Motion") authorizing and approving

1

A-212

the *Settlement Agreement and Mutual Release* ("Settlement Agreement"), both of which the Trustee filed contemporaneously with the Sale Motion.

The Private Sale shall be free and clear of all liens, claims, encumbrances, and interests, pursuant to 11 U.S.C. § 363(f). Liens, claims, encumbrances, and interests shall attach to the proceeds of the sale to the extent of their validity, priority, enforceability and amount. Nothing in this notice constitutes a waiver of the Trustee's right to review and challenge the validity, priority, amount and enforceability of or to seek to avoid any lien, claim, encumbrance, or interest.

The following procedures shall apply to the Sale Motion and the Settlement Motion:

a.  Hybrid hearings on the Sale Motion (the "Sale Hearing") and the Settlement Motion (the "Settlement Hearing") will be held on _____ at ____ before the Honorable Christopher J. Panos, United States Bankruptcy Court, Courtroom 3, Donohue Building, 595 Main Street, Worcester, MA 01608. Any party who has filed an objection is expected to be present at the hearing, failing which the objection may be overruled.

b.  Any objections to the proposed Private Sale or to approval of the Settlement Agreement shall be filed in writing with the Clerk, United States Bankruptcy Court, 595 Main Street, Suite 311, Worcester, MA 01608 on or before _____, 2025 (the "Objection Deadline").

c.  A copy of any timely filed objection must be served upon all parties to the PSA, all parties to the Settlement Agreement, and all others entitled to notice in accordance with to the Federal Rules of Bankruptcy Procedure including, without limitation, the Trustee and the undersigned counsel to the Trustee.

d.  Any objection to the proposed Private Sale or to approval of the Settlement Agreement must: (a) be in writing; (b) state the legal and factual basis for such objection; (c) comply with the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules; (d) be filed with the Clerk of the Bankruptcy Court; and (e) be properly served pursuant to this Notice so as to be actually received by the Objection Deadline. Any objection shall be governed by Fed. R. Bankr. P. 9014.

e.  The Court may take evidence at the Sale Hearing and at the Settlement Hearing to resolve issues of fact.

f.  At the Sale Hearing and the Settlement Hearing the Court may consider any requests to overrule objections.

g.  If no objection to the Sale Motion or to the Settlement Motion is timely filed, the Court, in its discretion, may cancel the Sale Hearing and the Settlement Hearing and approve the Private Sale and the Settlement Agreement without hearings.

2

A-213

A-214

Any questions concerning the intended Private Sale or Settlement Agreement may be directed to the undersigned.

Copies of the Sale Motion, PSA, Settlement Motion, and Settlement Agreement are available at no cost upon request of the undersigned.

Respectfully submitted,
**Jonathan R. Goldsmith, Chapter 7 Trustee**
By his attorney,

/s/ Christine E. Devine
Christine E. Devine (BBO# 566990)
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02052
(508) 533-7240
Dated: _____, 2025          christine@nicholsondevine.com

3

A-214

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

WESTBOROUGH SPE LLC,

      Debtor.

**Chapter 7**
**Case No. 23-40709-CJP**

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day I caused a copy of

the following to be served on all parties listed on the attached Service List in the manner noted

thereon:

- **Trustee's Motion for Entry of Order Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief (Expedited Determination Requested Regarding Approval of Form of Combined Notice); and**

- **Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Expedited Determination Requested Regarding Approval of Form of Combined Notice)**

Dated: November 4, 2025

/s/ Christine E. Devine
Christine E. Devine, Esq.
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: 508-533-7240
Email: christine@nicholsondevine.com

A-215

Electronic Mail Notice List

The following list of parties and attorneys have received electronic notice via the Court's CM/ECF noticing process:

- Jeffrey T Blake    jblake@k-plaw.com
- Paul W. Carey    pcarey@mircklaw.com, bankrupt@mirckoconnell.com
- Luis R. Casas    luis.casasmeyer@akerman.com
- Jose C. Centeio    jc@jcfirm.com
- Brian Charville    bcharville@ferrisdevelopment.com
- Christine E. Devine    christine@nicholsondevine.com,
  devine.christiner109603@notify.bestcase.com;angelina@nicholsondevine.com;christine_492@ecf.courtdrive.com
- Jonathan R. Goldsmith    bankrdocs1@gkalawfirm.com,
  bankrdocs@gkalawfirm.com;intern@gkalawfirm.com;Esq..JonathanR.G.B145355@notify.bestcase.com
- Jonathan R. Goldsmith    trusteedocs1@gkalawfirm.com,
  mwolohan@gkalawfirm.com;trusteedocs@gkalawfirm.com;intern@gkalawfirm.com;MA43@ecfcbis.com
- Stephen F. Gordon    sgordon@gordonfirm.com,
  vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Brian Lee    blee@nutter.com
- Samual A. Miller    samual.miller@akerman.com
- Brian W. Riley    briley@k-plaw.com
- Douglas B. Rosner    drosner@goulstonstorrs.com
- Angelina M. Savoia    angelina@nicholsondevine.com, angelina@ecf.courtdrive.com
- Roger L. Smerage    rsmerage@k-plaw.com

Email and/or First Class Mail Service List

The following list of parties and attorneys have been served in the manner as noted:

Lolonyon Akouete                    Via Email
800 Red Mills Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

Denise Edwards                      Via Email
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

2

A-216

Mark S. Lichtenstein                          Via Email
Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
mark.lichtenstein@akerman.com

Lenard Benson Zide, Esq.
Butters Brazilian LLP                         Via Email
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com

Jonathan La Liberte                           Via Email
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
jclaliberte@sherin.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|   |   |
|---|---|
| In re: | Chapter 7 |
|   | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, |   |
|   |   |
| Debtor. |   |

**MOTION FOR EXPEDITED HEARING AND SHORTENED NOTICE PERIOD
REGARDING SALE AND SETTLEMENT MOTIONS AND STATEMENT OF
OPERATING AGREEMENT COMPLIANCE**

Now comes Creditor Lolonyon Akouete ("Movant"), appearing *pro se,* and respectfully moves this Honorable Court, pursuant to Fed. R. Bankr. P. 9006(c)(1) and MLBR 9013-1(g), to shorten the notice period and schedule an expedited hearing on the Trustee's *Motion for Sale of Property Free and Clear of Liens under 11 U.S.C. § 363(f)* [ECF No. 968] and *Motion to Approve Settlement Agreement and Mutual Release* [ECF No. 967].

Movant further shows that the proposed sale and settlement are consistent with the governing Limited Liability Company Agreement of Westborough SPE LLC ("Operating Agreement") and that delay will cause further depletion of estate assets to the detriment of all creditors.

## I. Background

1. The Debtor, Westborough SPE LLC ("Company"), was formed under Delaware law on October 22, 1997, as a manager-managed limited liability company.
   Under § 1(d) of the Operating Agreement, Babcock & Brown Administrative Services, Inc. ("BBAS Inc.") was designated as the Manager.
2. Section 1(e) provides that "the overall management and control of the business and affairs of the Company, and the sole and exclusive authority to make all decisions and take all actions as to the business and affairs of the Company, shall be vested in the Manager," and that "the Members shall have no voting rights, consent or approval over or as to any such matters."
   Section 1(f) confirms that "No Member … shall have any authority, power or privilege to act on behalf of or to bind the Company."
   The Agreement therefore establishes that only the Manager—and not the Member—has authority to manage or dispose of Company assets.
3. Section 8(a)(ii) states that the Company is dissolved upon "the sale, disposition or abandonment of all or substantially all of the assets of the Company."
   Section 8(b) provides that, upon dissolution, "the Manager shall commence to wind up the affairs of the Company and to liquidate its assets," and § 8(c) requires the Manager to pay liabilities and "determine such reserves as may be reasonably necessary for any contingent or unforeseen liabilities" before distributing remaining proceeds to the Member.
4. These provisions demonstrate that a sale of substantially all Company assets and the liquidation and settlement of obligations are expressly contemplated events under the Operating Agreement. The current § 363 sale and the accompanying Settlement Agreement therefore conform to the Company's contractual framework for liquidation and wind-up.

A-218

## II. Grounds for Expedited Relief

5. This bankruptcy case has been pending over two years, during which the Property located at 231 Turnpike Road, Westborough, Massachusetts has remained vacant and unproductive. Each delay has increased costs for taxes, insurance, maintenance, and professional fees—directly reducing creditor recovery.

6. When Movant first filed a motion to vacate the Town's tax-title foreclosure in Land Court, total expenses were $638,755.20.*.*
   Under the first proposed settlement (2024), the Town sought $1,165,000, and now under the new settlement seeks $1,640,000—a near half-million-dollar increase caused by prolonged delay. *See Exhibit 1*
   Similar growth has occurred in MobileStreet Trust charges and administrative costs. *See Exhibit 2*

7. The sale price of $5,111,111.11 is fair, exceeds prior valuations, and represents the highest and best offer presently available.
   Every additional month of delay risks higher expenses and potential deterioration of the property as winter approaches.

8. Under Rule 9006(c)(1), the Court may shorten the 21-day notice period "for cause."
   Cause exists because:
   - The estate continues to incur carrying costs and professional fees that erode value;
   - The Buyer is ready to close, and the PSA expressly contemplates prompt consummation;
   - Expediting approval will maximize estate value and allow distributions consistent with §§ 8(b)–(c) of the Operating Agreement;
   - All affected parties have long had notice of the property's status and will not be prejudiced by a reduced objection period.

9. The prior denial of Movant's 2024 motion to shorten time (Dkt. 196) rested on the absence of demonstrated cause and the Trustee's then-lack of request for expedition. Those facts have changed: the Trustee now seeks expedited approval of the form of notice, and measurable harm to the estate from continued delay is evident.

## III. Operating Agreement Compliance

10. The Operating Agreement grants exclusive management authority to the Manager (§§ 1(d)–(g)) and expressly removes voting rights from Members (§ 1(e)). Consequently, the Chapter 7 Trustee, standing in place of the Manager for estate administration, may lawfully implement the sale and settlement without Member consent.

11. The sale of the Property constitutes the "sale… of substantially all… assets" triggering liquidation under § 8(a)(ii). The Settlement Agreement, which resolves disputed claims and allocates proceeds among secured parties and the estate, is consistent with the Manager's duty under § 8(b) to "wind up the affairs of the Company and to liquidate its assets," and under § 8(c) to satisfy liabilities and maintain reserves before distributions.

12. Thus, approval of both the sale and the settlement would harmonize with—not contradict—the Company's governing contract, enabling completion of the wind-up that the Manager (and now the Trustee) is obligated to perform.

## Clarification of Movant's Position

13. For clarity, Movant supports the expedited approval of the sale because it will preserve estate value and is consistent with the Operating Agreement's requirement that the Manager

A-219

liquidate assets upon abandonment or disposition.

However, Movant intends to oppose the Settlement Agreement itself within the seven-day objection period. The opposition will be limited and straightforward:

- The Town of Westborough is to be paid $1,640,000.00 at closing, yet has provided no accounting or documentation to justify this amount;
- MobileStreet Trust is to receive $556,763.00 within ten days of closing, including $200,000.00 in fees likely divided as Stephen Gordon ($100,000.00) and Leonard B. Zide ($100,000.00), without any proof of actual expense or services rendered;
- Ferris Development Group and Lax Media LLC are each to receive $100,000.00 despite having previously attempted to acquire the Debtor's property for only $2.5 million, far below its fair market value of $5 million; and
- These distributions appear to reward parties who sought to acquire or control the Debtor's asset at undervalue, contrary to the estate's best interests.

Movant submits that the funds allocated under this Settlement should not come from the Debtor's assets and that a properly filed motion to vacate the foreclosure, costing only $11, would resolve the Town's title issue lawfully and efficiently. There was a clear due process violation in the foreclosure process, and such a motion could be granted within a single hearing. ***See Exhibit 3***

## IV. Requested Relief

Movant respectfully requests that the Court:

1. Shorten the notice period for the Sale and Settlement Motions so that objections must be filed within seven (7) days of service of the Combined Notice or such period as the Court deems reasonable;
2. Schedule an expedited combined hearing at the earliest available date following service, to allow the sale to close before the 2025 holiday season;
3. Authorize notice by ECF and direct email as sufficient under Rule 9007;
4. Find that the proposed sale and settlement are consistent with the Westborough SPE LLC Operating Agreement and in the best interest of creditors; and
5. Grant such other and further relief as the Court deems just and proper.

## Conclusion

For more than two years, delay has only increased costs, interest, and legal fees, steadily depleting the estate. The Operating Agreement authorizes precisely this kind of sale and liquidation, and further delay would defeat the Manager's contractual duty to wind up the Company efficiently. Expedited approval will maximize value and bring long-overdue relief to creditors.

DATED: November 7, 2025, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
A-220 (443) 447-3276

Exhibit 1

result in the fastest possible payment on allowed claims in this case. A summary of the terms of the Settlement (as set forth in Exhibit A, with any conflict between the summary below and Exhibit A to be resolved in favor of Exhibit A subject to the Parties' submission of any amendment to the Settlement to resolve such conflict) are as follows:

1. <u>Settlement of issues involving the Town:</u>

(a) Under the terms of the Settlement, the Town and Lax shall have a period of one hundred and twenty days (120) following the passage of 14 days after this Court's entry of an order allowing this Motion (hereinafter "Lax Exclusivity Period") to complete the sale of the Property to Lax for $2,500,0001.00 (hereinafter the "Lax Sale").

(b) The Town shall receive the proceeds of the Lax Sale the sum of $1,165,000.00 in full satisfaction of any claims the Town may hold against the Debtor or the Bankruptcy Estate. The balance of the Lax Sale proceeds ($1,335,000) will be turned over to the Trustee subject to distribution upon further order of this Court.

(c) Within (3) days following the expiration of 14 days after this Court's entry of an order allowing this Motion the following shall occur:

(i) The Trustee shall file in the Bankruptcy Court a withdrawal of the Debtor's Motion to Vacate Judgment in the Tax Foreclosure Action (provided, however, that if the Tax Foreclosure Action has been remanded to the Land Court prior to that time, the Trustee shall file a withdrawal of the Debtor's objection in the Land Court).

(ii) The Town will withdraw its Motion for Relief from Stay (Docket #20) and its Motion to Dismiss the Bankruptcy proceeding pursuant to 11 U.S.C. §707(a) (Docket #69), as well as its Motion to Remand and/or Abstain from Hearing Tax Foreclosure Action (AP #24-04006 Docket #2).

(iii) The Trustee on behalf of the Debtor shall execute and file a Voluntary Notice of Dismissal (with prejudice) in the Civil Action pending in the United States District Court for the District of Massachusetts, Worcester Division entitled: *Westborough SPE, LLC v. Town of Westborough, et al.*, Case No. 4:23-CV-12017-MR6.

6

A-221

Exhibit 2

any interest of an entity other than the estate if "(1) applicable nonbankruptcy law permits sale of property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

41.     The Trustee believes that, once the Town vacates its Foreclosure Judgment as contemplated by the Settlement Agreement, the Property may be sold free and clear of all liens, claims, encumbrances, and interests pursuant to, without limitation, Bankruptcy Code § 363(f)(2) and (3).

<div align="center">

**Distribution of Sale Proceeds**

</div>

42.     The Debtor proposes to make the following distributions from the sale proceeds on or shortly after the sale closing per the terms of the Settlement Agreement:

| | |
|---|---:|
| Sale Price | $5,111,111.11 |
| **Less** | |
| Town of Westborough (paid at Closing) | ($1,640,000.00) |
| MobileStreet (within 10 days of Closing) | ($200,000.00) |
| MobileStreet (within 10 days of Closing) | ($556,763.00) |
| Ferris (within 10 days of Closing) | ($100,000.00) |
| Lax (within 10 days of Closing) | ($100,000.00) |
| Approximate cost of deed stamps and other estimated recording and closing costs | ($25,000.00) |
| **Net Sale Proceeds for Estate** | **$2,489,348.11** |

43.     The Net Proceeds shall be retained by the Trustee for the benefit of the Estate

<div align="center">13</div>

<div align="center">A-222</div>

<span style="color:red">Exhibit 3</span>



**Lolonyon Akouete <loloact2@gmail.com>**

---

## 19 TL 000768 [231 Turnpike Road, Westborough]

---

**John R Harrington** <john.harrington@jud.state.ma.us>                     Wed, Jan 4, 2023 at 4:18 PM
To: "loloact2@gmail.com" <loloact2@gmail.com>
Cc: Iris Leahy <attyleahy@outlook.com>

Dear Mr. Akouete,

I am a staff attorney/title examiner at the Massachusetts Land Court assigned to the Tax Title Department.   In this capacity, I received earlier today at the front counter of the Court your motion to vacate the judgment of foreclosure in this case.   I provided to the person who presented the motion to the Court a receipt for the $11.00 check he gave to the Court to cover the filing fee.   Now that the motion has been filed (and soon will be docketed), you need to advise the Court as to the day and time when you want the hearing to be held.   The Land Court conducts hearings on motions in tax lien cases only on Thursdays and then in two sessions, one beginning at 10 AM and the other beginning at 2 PM.   Please pick the Thursday and the session on that Thursday which you prefer and advise the Court in writing as to your selection.   I am copying on this message Iris A. Leahy, Esq., because she is the attorney for the plaintiff Town of Westborough.   If you have not done so already, you must mail a copy of your motion to vacate to Ms. Leahy and provide a certificate to the Court as to when you have accomplished this necessary step.   Similarly, you must inform Ms. Leahy by mail as to the day and time when the hearing will take place (to be sent at least 10 days in  advance of this date).

I note that you have signed the motion to vacate on behalf of Westborough SPE, LLC, in your capacity as one of its managers.   Unless you are licensed to practice law in Massachusetts, you will have to engage counsel to appear for your limited liability company at the hearing.   If you have any questions, you can reach me by email or at (617) 788-7480.

Yours truly,

John Harrington

Land Court Tax Title Department

Case 23-40709 Doc 97 Filed 11/07/24 Entered 11/07/24 08:55:31 Desc Main
Document    Page 7 of 10



**Lolonyon Akouete <loloact2@gmail.com>**

## 19 TL 000768 [231 Turnpike Road, Westborough]

**Lolonyon Akouete** <loloact2@gmail.com>     Wed, Jan 4, 2023 at 7:44 PM
To: John R Harrington <john.harrington@jud.state.ma.us>
Cc: Iris Leahy <attyleahy@outlook.com>, denise Edwards <deniseedwards818@yahoo.com>

Dear Mr. Harrington,

Thursday, January 19, at 10 AM is fine for the hearing. (if it is open)
I have already sent Ms. Leahy an email with the motion to vacate, but I will mail it to her and provide a certificate to
the Court.
I will also inform Ms. Leahy by mail about the hearing once it is scheduled.

And, yes, we will retain an attorney to appear for us in the hearing.

Thank you,
Lolonyon Akouete
443-447-3276
[Quoted text hidden]

A-224

Case 23-40709-10D67-97GY Filed 11/07/25 4-Entered 10/07/23 08:55:31 Page 23 Desc Main
Document    Page 8 of 10

Exhibit 4

 Gmail

**Lolonyon Akouete <info@smartinvestorsllc.com>**

## Westborough SPE, LLC - 231 Turnpike - Westborough

**Durga Nagalla** <durganagalla@gmail.com>                                        Mon, Apr 10, 2023 at 11:01 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>, venkatesh mohanraj <venki.mohanraj@gmail.com>

Hi Lolonyon, thanks for the call. As promised, we quickly checked with our accountant and here are the dues based on the easement agreement. I want to mention that to resolve this more amicably, we are willing to forgo the interest and attorney fees we incurred during these stranded years.

Also, please send us the Zoom link for the court hearing.

Regal paid for 8 Months. That said, ⅓ amount of 2017 = 111440.38/3 = 37,146.79
2018 = 79,406
2019 = 71,531.81
2020 = 68,008.12
2021 = 60,394
2022 = 77,360

Thanks,
Durga.
[Quoted text hidden]

A-225

| Debtor | Westborough SPE LLC | Case number (if known) |
| --- | --- | --- |
| | Name | |

**13. Each petitioner's claim**

| | Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
| --- | --- | --- | --- |
| | Nathanson & Goldberg, P.C. | Legal Fees and Costs | $ $100,507.83 |
| | The MobileStreet Trust | CAM Charges | $ $356,681.00 |
| | | | $ |
| | | Total of petitioners' claims | $ 457,188.83 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

**Part 4:  Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

| Petitioners or Petitioners' Representative | Attorneys |
| --- | --- |
| **Name and mailing address of petitioner** | Stephen F. Gordon, Esquire |
| Nathanson & Goldberg, P.C. | Printed name |
| Name | The Gordon Law Firm LLP |
| 183 State Street, 5th FL | Firm name, if any |
| Number     Street | 57 River Street, Suite 200 |
| Boston, MA 02109 | Number     Street |
| City                State        ZIP Code | Wellesley, MA 02481 |
| | City                State        ZIP Code |
| **Name and mailing address of petitioner's representative, if any** | Contact phone  617-456-1270   Email sgordon@gordonfirm.com |
| Scott A. Schlager, Esquire | Bar number    203600 |
| Name | |
| Nathanson & Goldberg, P.C., 183 State St., 5th FL | State    MA |
| Number     Street | |
| Boston, MA 02109 | |
| City                State        ZIP Code | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
              MM / DD / YYYY

✗ _Scott A. Schlager_   August 31, 2023
Signature of petitioner or representative, including representative's title

✗  /s/ Stephen F. Gordon
Signature of attorney

Date signed   8/31/2023
              MM  / DD  / YYYY

A-226

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Akouete

A-227

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:

**WESTBOROUGH SPE LLC,**

**Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

### SUPPLEMENT TO MOTION TO APPROVE SETTLEMENT [Dkt. No. 967] AND MOTION TO APPROVE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS [Dkt. No. 968]

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the bankruptcy case (the "Bankruptcy Case" or "Case") of the estate (the "Estate") of the above captioned Debtor and hereby supplements (the "Supplement") the *Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967] (the "Settlement Motion") and the *Trustee's Motion for Entry of Order Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* [Dkt. No. 968] (the "Sale Motion"), both of which the Trustee filed on November 4, 2025. The Trustee hereby supplements both the Settlement Motion and the Sale Motion as follows:

1.      Notwithstanding anything to the contrary in the Settlement Motion or the Sale Motion, upon the sale of 231 Turnpike Road, Westborough, Massachusetts, Ferris[1] shall be entitled to payment in the amount of $100,000 and an allowed unsecured claim in the amount of $10,000 which is evidenced by a proof of claim form filed by Ferris on October 31, 2023

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Settlement Motion.

1

A-228

(the "Ferris Unsecured Claim").

2.      The Ferris Unsecured Claim is to be paid in the ordinary course of the administration of the Bankruptcy Case. The Sale Motion (at ¶¶ 29(g)) and the Settlement Motion (at ¶¶ 23(g) and 35) inadvertently omitted references to the allowance and treatment of the Ferris Unsecured Claim.

3.      Upon this Court's approval of the form of notice regarding the Sale Motion and the Settlement Motion, which the Trustee has proposed to provide with a form of Combined Notice, the Trustee will serve this Supplement on all parties entitled to notice along with the approved form of Combined Notice, the Sale Motion (with the PSA attached), the Settlement Motion, and the Settlement Agreement.

WHEREFORE, the Trustee hereby supplements the Sale Motion and the Settlement Motion as set forth herein.

Respectfully submitted,
**Jonathan R. Goldsmith, Chapter 7 Trustee**
By his attorney,

/s/ Christine E. Devine
Christine E. Devine (BBO# 566990)
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02052
(508) 533-7240
Dated: November 7, 2025       christine@nicholsondevine.com

2

A-229

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

WESTBOROUGH SPE LLC,

**Chapter 7**
**Case No. 23-40709-CJP**

Debtor.

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day I caused a copy of

the following to be served on all parties listed on the attached Service List in the manner noted

thereon:

**SUPPLEMENT TO MOTION TO APPROVE SETTLEMENT [Dkt. No. 967] AND MOTION TO APPROVE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS [Dkt. No. 968].**

/s/ Christine E. Devine
Christine E. Devine (BBO# 566990)
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02052
(508) 533-7240
Dated: November 7, 2025         christine@nicholsondevine.com

3

A-230

Electronic Mail Notice List

The following list of parties and attorneys have received electronic notice via the Court's CM/ECF noticing process on 11/5/2025:

- **Jeffrey T Blake**    jblake@k-plaw.com
- **Paul W. Carey**    pcarey@miricklaw.com, bankrupt@mirickoconnell.com
- **Luis R. Casas**    luis.casasmeyer@akerman.com
- **Jose C. Centeio**    jc@jcfirm.com
- **Brian Charville**    bcharville@ferrisdevelopment.com
- **Christine E. Devine**    christine@nicholsondevine.com, devine.christiner109603@notify.bestcase.com;angelina@nicholsondevine.com;christine_492@ecf.courtdrive.com
- **Jonathan R. Goldsmith**    bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com;intern@gkalawfirm.com;Esq..JonathanR.G.B145355@notify.bestcase.com
- **Jonathan R. Goldsmith**    trusteedocs1@gkalawfirm.com, mwolohan@gkalawfirm.com;trusteedocs@gkalawfirm.com;intern@gkalawfirm.com;MA43@ecfcbis.com
- **Stephen F. Gordon**    sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- **Richard King**    USTPRegion01.WO.ECF@USDOJ.GOV
- **Samual A. Miller**    samual.miller@akerman.com
- **Brian W. Riley**    briley@k-plaw.com
- **Douglas B. Rosner**    drosner@goulstonstorrs.com
- **Angelina M. Savoia**    angelina@nicholsondevine.com, angelina@ecf.courtdrive.com
- **Roger L. Smerage**    rsmerage@k-plaw.com

Email and/or First Class Mail Service List

Additionally, the following parties and attorneys have been served on 11/6/2025 as noted.

Lolonyon Akouete                                    Via Email
800 Red Mills Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

Denise Edwards                                      Via Email
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

4

A-231

Mark S. Lichtenstein, Esq.                    Via Email
Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
mark.lichtenstein@akerman.com


Lenard Benson Zide, Esq.
Butters Brazilian LLP                          Via Email
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com


Jonathan La Liberte, Esq.                      Via Email
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
jclaliberte@sherin.com


Christopher Mulhearn, Esq.                     Via Email
Law Office of Christopher M. Mulhearn, Inc.
100 Centerville Road, Suite 1
Warwick, RI  02886
cmulhearn@mulhearnlawri.com


Peter Nicosia, Esq.                            Via Email
Nicosia & Associates, PC
PO Box 721, 259 Middlesex Rd.
Tyngsboro, MA 01879
nicosia@nicosia-associates.com



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re:    Westborough SPE LLC | Chapter 7 |
|---|---|
|                         Debtor | 23-40709-CJP |

### ORDER SCHEDULING HEARING

**MATTER:**

#977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: 967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts.

THE COURT HEREBY SCHEDULES THE "MOTION FOR EXPEDITED HEARING AND SHORTENED NOTICE PERIOD REGARDING SALE AND SETTLEMENT MOTIONS AND STATEMENT OF OPERATING AGREEMENT COMPLIANCE" [ECF NO. 977] FOR HEARING ON NOVEMBER 10, 2025 AT 2:30 P.M. (THE "HEARING").

THE HEARING WILL BE CONDUCTED BY TELEPHONE. TO PARTICIPATE, ATTENDEES SHALL DIAL (646) 828-7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED.

OBJECTIONS MAY BE MADE AT THE HEARING.

THE MOVANT SHALL PROVIDE NOTICE OF THE HEARING ON ALL PARTIES ENTITLED TO NOTICE BY EMAIL AND SHALL FILE A CERTIFICATE OF SERVICE EVIDENCING SUCH NOTICE HAS BEEN PROVIDED.

Dated: 11/07/2025

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

A-233

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## MOTION TO REQUIRE ADEQUATE AND CONSTITUTIONAL NOTICE PRIOR TO APPROVAL OF COMBINED NOTICE OF SALE AND SETTLEMENT

Creditor Lolonyon Akouete ("Movant"), appearing *pro se*, respectfully moves this Honorable Court, pursuant to 11 U.S.C. §§ 102(1), 105(a), 363, 704, 9019, Fed. R. Bankr. P. 2002, 6004, 9007, and MLBR 2002-1, to require the Chapter 7 Trustee to provide constitutionally adequate notice and separate procedural treatment of the proposed Sale Motion [ECF No. 968] and Settlement Motion [ECF No. 967].

## I. Background

1. The Debtor, *Westborough SPE LLC*, is a Delaware manager-managed limited liability company formed October 22, 1997. Under § 1(d) of the Operating Agreement, *Babcock & Brown Administrative Services, Inc.* ("BBAS Inc.") was designated as Manager, and under §§ 1(e) and (f) the Member, *Mignonette Investments Limited* ("Mignonette"), retained no managerial authority.

2. Section 8(a)(ii) provides that dissolution occurs upon "the sale, disposition or abandonment of all or substantially all of the assets of the Company," and §§ 8(b)–(c) require the Manager to liquidate assets and pay liabilities before distributing residual value to the Member.

3. Accordingly, liquidation of assets and payment of creditors is expressly authorized under the Operating Agreement, but the Agreement does not authorize the Manager—or, by substitution, the Trustee—to extinguish all past or future claims of the Company or its beneficial owner.

4. The Trustee's proposed Combined Notice (Sale & Settlement) includes a *global release* of all claims "from the beginning of the world" and directs dismissal of all related litigation, yet provides no notice or service upon the known beneficial owner or former managers whose rights the release would terminate.

## II. Due-Process Deficiency

5. The Supreme Court requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

6. Because the Trustee and the Town know the identity and address of *Mignonette Investments Limited* and other historical managers and affiliates, publication or omission of service is constitutionally inadequate.

A-234

7.  Approving the Combined Notice in its present form would repeat the same procedural error that tainted the Town's 2022 tax-title foreclosure, in which the Town claimed ignorance of ownership while relying on publication to divest property rights.

## II-A. Pattern of Due-Process Violations by Manager, Town, and Trustee

8.  From 1997 through the present, every successive fiduciary or governmental actor responsible for Westborough SPE LLC's affairs has repeated the same constitutional defect—pretending ignorance of the beneficial owner while actually possessing that information.

9.  Former Manager – Babcock & Brown Administrative Services, Inc.
    (a) Under § 1(e) of the Operating Agreement, BBAS Inc. could not resign or abandon its managerial duties without the Member's written consent.
    (b) Nevertheless, between 2007 and 2008 Babcock & Brown withdrew the company's registrations, falsely asserting that it "could not locate the beneficial owner."
    (c) In fact, Babcock & Brown and its officers—including Walter A. Horst—held full formation records, the Hong Kong and BVI contact information for Mignonette Investments Limited, and correspondence from Equity Trust (Hong Kong) Limited and TMF Group. Their abandonment deprived the entity of representation and allowed its Massachusetts registration to lapse. ***See Exhibit 1.***

10. Town of Westborough
    (a) In 2019 the Town initiated Land Court Case No. 19 TL 000768 and claimed under oath that no owner or representative of Westborough SPE LLC could be located.
    (b) Yet Town Counsel Iris A. Leahy and other officials had prior correspondence identifying Phil Green, David Lombe, and TMF Group (Hong Kong) as the contact chain for Mignonette. ***See Exhibit 2.***
    (c) Instead of serving those known contacts—or complying with G.L. c. 156C §§ 52 & 57 by serving the Secretary of the Commonwealth—they used publication notice to obtain a foreclosure judgment transferring title for $0, violating the owner's due-process rights.

11. Current Trustee – Jonathan R. Goldsmith
    (a) Now, in 2025, the Trustee repeats the same omission by seeking approval of a Combined Notice that does not serve Mignonette or any known historical managers.
    (b) Although fully aware of the ownership structure from the docketed Operating Agreement, discovery materials, and this Movant's filings, the Trustee proposes to extinguish "any and all claims from the beginning of the world."
    (c) This conduct mirrors the Town's earlier procedural defects and, if approved, would again divest the beneficial owner of rights without constitutionally sufficient notice.

12. This recurring pattern—managerial abandonment, municipal foreclosure by publication, and now trustee-level release without notice—constitutes a systemic denial of procedural due process under the Fifth and Fourteenth Amendments and the standards articulated in *Mullane*.

13. Unless corrected, it will perpetuate the same constitutional infirmity that has tainted every prior disposition of the Debtor's property interests since 2008.

## III. Liquidation Is Distinct from Claim Extinguishment

14. The Trustee, standing in the Manager's role, may sell estate assets under 11 U.S.C. § 363 and the Operating Agreement's wind-up provisions. However, liquidation of the Property does not require the wholesale release or dismissal of every claim belonging to the Debtor, its Member, or affiliates.

A-235

15. Combining the § 363 Sale and the global Settlement into a single notice is misleading and prejudicial, because parties may support the sale while objecting to the release.
16. Separate or clearly divided notices will ensure informed consent and compliance with due process without delaying the sale.

## IV. Required Additional Service

17. To ensure adequate notice, the Trustee should be required to serve the Combined Notice—or separate notices—upon all known or reasonably ascertainable parties whose rights may be affected. Those parties include, but are not limited to, the following:

**a. MIGNONETTE INVESTMENTS LIMITED**, a British Virgin Islands company and the sole member of Westborough SPE LLC, having its registered office at P.O. Box 438, Tropic Isle Building, Wickhams Cay, Road Town, Tortola, British Virgin Islands. ***See Exhibit 3.***

**b. PHILIP HARTLEY GREEN**, of Alceon Group Pty Limited, former managing director at Babcock & Brown, believed to be the beneficial owner and controlling principal of Mignonette Investments Limited; Alceon Group Pty Limited is located at Level 26, 1 O'Connell Street, Sydney, New South Wales 2000, Australia. Email: Phil.Green@alceon.com.au. ***See Exhibit 4.***

**c. ABRAXAS INTERNATIONAL LIMITED**, a TMF Group entity and Director of Mignonette Investments Limited, a British Virgin Islands company with its principal place of business at 36/F, Tower Two, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong. ***See Exhibit 5.***

**d. JULIE IP, ESQ.**, Market Head of Legal, TMF North Asia, Senior Legal Counsel for TMF Group, 31/F, Tower Two, Times Square, 1 Matheson Street, Hong Kong. Tel: +852 3188-8333; Email: julie.ip@tmf-group.com. ***See Exhibit 6.***

**e. CLAUDETTE I. FRANCIS**, officer of Mignonette Investments Limited, P.O. Box 438, Tropic Isle Building, Wickhams Cay, Road Town, Tortola, British Virgin Islands.

**f. INSINGER DE BEAUFORT**, successor to Integro Trust, the original registered agent of Mignonette Investments Limited and banking institution maintaining a Mignonette account; address: P.O. Box 438, Tropic Isle Building, Wickhams Cay, Road Town, Tortola, British Virgin Islands; and 16/F, Standard Chartered Bank Building, 4-4A Des Voeux Road, Hong Kong. ***See Exhibit 6.***

18. These entities and individuals are either the beneficial owner, the controlling principal, the registered agent, or persons with custody of corporate records and financial accounts for Mignonette Investments Limited. Their inclusion is therefore necessary to satisfy the constitutional requirement of actual notice to all parties whose rights the Settlement would extinguish.

DATED: November 9, 2025, Respectfully submitted:

By creditor,

A-236



Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

Case 23-40709   Doc 983   Filed 11/19/24   Entered 11/19/24 09:03:20   Desc Main Document    Page 5 of 63

---

✚ **Audit Trail [PDT]**     **Username**        **Event**          **Comment**

     **Subject :**    **RE: Babcock and Brown Massachusetts, USA Real Estate Asset**

        **From :**    Walter Horst <walter.horst@babcockbrown.com>

         **Date :**    **1 year ago** Tue, 17 Oct 2017 17:20:43 -0700

            **To :**    Jon Steinberg <jsteinberg@town.westborough.ma.us>

            **Cc :**    Michael Larkin <Michael.Larkin@babcockbrown.com>, Chaye Besherse <Chaye.Besherse@babcockbr....

 **Attachments :**    image001.png (2KB)

---

Hi Jon,


Babcock & Brown was an administrative manager of Westborough prior to our resignation. We were never under contract to incorporate the LLC or acquire the property on behalf of a third party investor. This existed when I started with Babcock & Brown in 2008, and anyone that might have had more knowledge of this left Babcock & brown in 2009/2010.


When we did some Know Your Customer compliance procedures, we were unable to identify an individual owner, and therefore we resigned from providing services to Westborough. I believe there was an entity in the ownership chain called Mignonette Investments, or something like that, but when we reached out to individuals who supposedly owned that entity, we were unsuccessful in anyone claiming responsibility.


I have cc'd Chaye, my paralegal, who was involved in some of the research we performed several years ago, and she might have some information that may be useful to you.


Babcock & Brown Administrative services was our entity but has been liquidated after we resigned from providing services to Westborough.


Best regards,


**Walter A. Horst**

**Chief Financial Officer**


2 Theatre Square, Suite 240 · Orinda, CA 94563

D 925 317 3510 · F 925 317 3501 · M 925 699 3542

walter.horst@babcockbrown.com





**From:** Jon Steinberg [mailto:jsteinberg@town.westborough.ma.us]
**Sent:** Tuesday, October 17, 2017 5:10 PM
**To:** Walter Horst <walter.horst@babcockbrown.com>
**Cc:** Michael Larkin <Michael.Larkin@babcockbrown.com>
**Subject:** Re: Babcock and Brown Massachusetts, USA Real Estate Asset

| | |
|---|---|
| **From:** | Walter Horst |
| **To:** | Robbie Pope; Mark Stevens |
| **Cc:** | Daniel Maxwell |
| **Subject:** | RE: Your Client: Westborough SPE LLC |
| **Date:** | Tuesday, December 13, 2016 7:20:50 PM |
| **Attachments:** | image008.png |
| | image014.png |
| | image015.png |

Hi Robbie, We resigned our role on Westborough several years ago.  We are unable to assist you.

Best regards,

**Walter A. Horst**
**Chief Financial Officer**

2 Theatre Square, Suite 240 · Orinda, CA 94563
D 925 317 3510 · F 925 317 3501 · M 925 699 3542
walter.horst@babcockbrown.com



**From:** Robbie Pope [mailto:Robbie.Pope@regalcinemas.com]
**Sent:** Tuesday, December 13, 2016 3:15 PM
**To:** Walter Horst <walter.horst@babcockbrown.com>; Mark Stevens
<Mark.Stevens@babcockbrown.com>
**Cc:** Daniel Maxwell <Daniel.Maxwell@regalcinemas.com>
**Subject:** FW: Your Client: Westborough SPE LLC
**Importance:** High

Gentlemen-
I was directed by an auto-reply to my message to Jim Ziegler to forward this to your attention.
Please see below.
Thank you
Robbie

**R. Jackson Pope**
Director & Counsel - Real Estate
Phone:  865.925.9611
E-Fax:  865.925.9754
robbie.pope@regalcinemas.com
www.REGmovies.com

Regal Entertainment Group
7132 Regal Lane
Knoxville, TN  37918





**CONFIDENTIALITY NOTICE**:  This email transmission and any documents, files or previous email messages attached to it are confidential, and may be protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying dissemination or use of any of the information contained in or attached to this email transmission is STRICTLY PROHIBITED.  If you

A-239



Jon Steinberg <jsteinberg@town.westborough.ma.us>

### Regal Cinema Summary - Associated emails to follow
1 message

Jon Steinberg <jsteinberg@town.westborough.ma.us>                                                                 Fri, Nov 3, 2017 at 10:35 AM
To: Jim Malloy <jmalloy@town.westborough.ma.us>

Beginning with the Regal Cinema deed, the LLC of title Westborough SPE c/o Babcock & Brown Administrative Services, San Francisco.

Babcock & Brown Administrative Services incorporated the LLC with the Secretary of State at the time of sale. Annual filings were made through 2007 and the LLC was withdrawn at the Secretary of State's Office in 2009.

In 1997 the Lease was assigned to Northwestern and assigned a to a couple of different entities along the way.

I focused on the original transaction looking for ownership given that the assignments of the lease are all about the cash flow, not title of the property.

The original lease had an equity investor of Mignonette Investments Limited from the British Virgin Islands. As far as I could tell, this entity had been dissolved.

Chief Gordon had contacted Babcock & Brown in San Francisco and was unsuccessful so I looked broader.

Babcock and Brown went through a liquidation in 2009. David Lombe of Deloitte was the court appointee for the liquidation: dlombe@deloitte.com.au

David Lombe indicated he was only appointed for the Holding Company and the Administrative Services contact would be Michael Larkin, CEO of Babcock & Brown International Pty Limited

Michael Larkin forwarded me to Walter Horst, the CFO in California, who, it turns out was the same person Chief Gordon contacted.

Walter Horst indicated that there was no existing relationship with the company related to the LLC but that they had done similar research as a part of their required compliances. He put me in touch with the paralegal who had done the research, Chaye Besherse (see email)

I then contacted David Abramovitz of Goulston & Storrs PC in NY. He also indicated no information or relationship.

Paul Horvath who filed the tax returns for Mignonette in MA indicated they never paid him, he had no relationship and was unable to get any response.

I also contacted Northwestern Mutual Life Insurance, Mark Kishler, who handles their assets of this type. He forwarded me to Anne Brower who provided background on the assignment and assumption by Hush Holdings (see email and attached assignment.) I called the Larry Frishman who was the attorney in the assignment in NY who also had no relationship with Hush Holdings.

Jonathan Steinberg, MAA
Chief Assessor
Town of Westborough

(508)366-3010

*Please be advised the Office of the Secretary of State for the Commonwealth of Massachusetts has determined that E-mail could be considered a public record.*

3 attachments

📄 **273 Turnpike Road Deed.pdf**
425K



Jon Steinberg <jsteinberg@town.westborough.ma.us>

## RE: Babcock and Brown Massachusetts, USA Real Estate Asset

1 message

**Chaye Besherse** <Chaye.Besherse@babcockbrown.com>                 Wed, Oct 18, 2017 at 1:00 AM
To: Jon Steinberg <jsteinberg@town.westborough.ma.us>, Walter Horst <walter.horst@babcockbrown.com>
Cc: Michael Larkin <Michael.Larkin@babcockbrown.com>

Hi Jon,

In the course of conducting research to determine Westborough ownership, Mark Stevens, Group Controller at Babcock & Brown located and contacted Equity Trust Hong Kong, which was appointed owner representative to transition management services. Contact information for the person he spoke with at Equity Trust Hong Kong is below:

Equity Trust Hong Kong

Serena Kwok

General Manager, Corporate Services

36/F, Tower Two, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong T. direct +852 2106 9320 F. direct +852 2213 2157 Serena.Kwok@asia.equitytrust.com www.tmf-group.com

You may also want to contact David Abromowitz of Goulston & Storrs PC. His contact information was provided as notice to counsel on behalf of any matters concerning Westborough SPE LLC in the Hoyts Cinema transaction documentation. When we reached out to him in 2011, he did not respond, however you may have better luck. His contact information is attached.

Paul D. Horvath, CPA completed and provided 2009 Fed and MA tax returns for Mignonette, I would think that he would know the owner or representative thereof and provide an address where notice can be sent:

Paul D. Horvath

Certified Public Accountant

20 Crossways Park North, Suite 412

Woodbury, New York 11797

Tel: (516) 802-5264

Fax: (51 6) 802-5265

Email: pauld@horvathcpa.com

Another source worth checking is the Registry of Corporate Affairs for BVI where Mignonette Investments Limited was formed. Unfortunately there are no internet searches of the company register available, the request has to be

Hi Jon,

Babcock & Brown was an administrative manager of Westborough prior to our resignation. We were never under contract to incorporate the LLC or acquire the property on behalf of a third party investor. This existed when I started with Babcock & Brown in 2008, and anyone that might have had more knowledge of this left Babcock & brown in 2009/2010.

When we did some Know Your Customer compliance procedures, we were unable to identify an individual owner, and therefore we resigned from providing services to Westborough. I believe there was an entity in the ownership chain called Mignonette Investments, or something like that, but when we reached out to individuals who supposedly owned that entity, we were unsuccessful in anyone claiming responsibility.

I have cc'd Chaye, my paralegal, who was involved in some of the research we performed several years ago, and she might have some information that may be useful to you.

Babcock & Brown Administrative services was our entity but has been liquidated after we resigned from providing services to Westborough.

Best regards,

**Walter A. Horst**

**Chief Financial Officer**

2 Theatre Square, Suite 240 · Orinda, CA 94563

D 925 317 3510 · **F** 925 317 3501 · M 925 699 3542

walter.horst@babcockbrown.com

 BABCOCK & BROWN

**From:** Jon Steinberg [mailto:jsteinberg@town.westborough.ma.us]
**Sent:** Tuesday, October 17, 2017 5:10 PM
**To:** Walter Horst <walter.horst@babcockbrown.com>
**Cc:** Michael Larkin <Michael.Larkin@babcockbrown.com>
**Subject:** Re: Babcock and Brown Massachusetts, USA Real Estate Asset

Thanks for the reply. Yes, the Chief and I are both working towards this goal. I'm sorry to get to you twice. This situation is unusual as it appears after the tenant vacates, the mortgage is paid off, there is no present owner for the property to remand to.

A-242



## Westborough movie theatre

1 message

**Peter Hoffman** <PeterHoffman@earthoney.com>                    Thu, Apr 19, 2018 at 3:11 PM
To: Jon Steinberg <jsteinberg@town.westborough.ma.us>

**From:** Chaye Besherse <Chaye.Besherse@babcockbrown.com>
**Sent:** Thursday, April 19, 2018 1:18 PM
**To:** 'Peter Hoffman' <PeterHoffman@EartHoney.com>
**Subject:** RE: Westborough movie theatre

Hi Peter,

Sorry this has taken a bit to get back to you.

With regards to Jan Blaustein, she is no longer affiliated with Babcock and as General Counsel for the company I do not believe that she would be able to discuss this matter. This is her LinkedIn profile, you could try contacting her via that route to see if she will discuss the matter: https://www.linkedin.com/in/jan-blaustein-scholes-67926810.

Dyann Blaine is also former B&B counsel, so I do not believe that she would be able to provide you any details.

I spoke to Serena Kwok (serena.kwok@kensington-trust.com), formerly of Equity Trust Hong Kong, which acted as an agent of Westborough. During her time at ETHK she was assigned the task of locating the owner of Mignonette to discuss the property owned by Westborough. She spoke with Phil Green as well; it was determined that the entity is owned by a number of foreign investors but neither Serena nor Phil had the investor names or contact information. Serena reached out to her former colleagues at ETHK to see if they have had any interactions with the owner investors. They had not and could not provide any contact information. She is of the opinion that the ownership may never to determine as it is her understanding that Irma destroyed most of the older company records.

TMF took over the register agent role but resigned all services some years ago. The last time Serena checked, Mignonette Investments Limited is no longer in good standing. Mignonette would need to be restored to proper standing before any transaction can take place. Should you wish to get in touch with TMF on the matter, you can reach out to Linda Fok at linda.fok@tmf-group.com.

I also sent a written request to the Registry of Corporate Affairs for BVI requesting shareholder contact information for Mignonette. I knew it was a long shot but I still had to try; the BVI Corporate Affairs office confirmed that it will not provide any information on the ownership or management of any BVI entity.

Please keep me in the loop on this one...

Thank you and kindest regards,

Chaye

Chaye Besherse

Legal Services Manager

2 Theatre Square, Suite 240 · Orinda, CA  94563

D 925.317.3503

chaye.besherse@babcockbrown.com

**BABCOCK&BROWN**

**From:** Chaye Besherse
**Sent:** Wednesday, April 18, 2018 2:01 PM
**To:** Peter Hoffman <PeterHoffman@EartHoney.com>
**Subject:** RE: Westborough movie theatre

Hi Peter,

I should be able to later this week.

Thank you and kindest regards,

Chaye

Chaye Besherse

Legal Services Manager

A-244

| From: | Kenneth Fries |
|---|---|
| To: | selectmen@town.westborough.ma.us |
| Cc: | kwilliams@town.westborough.ma.us |
| Subject: | Regal Cinemas |
| Date: | Monday, October 22, 2018 4:33:59 AM |

Good afternoon.

I am hoping to shed a little light on the Regal Cinemas situation as I believe that you currently discussing the best way to proceed for the Town of Westborough. I had been working with Jim Malloy for almost a year now and have brought the high RFP bidder, Apple Cinema, to the table. I have bulleted my correspondence either by email, phone call or research below for clarification.

Regal
- Had no intention of staying beyond their current lease term.
- Had been paying their rent directly to the bank for some time (approximately ten years?)

Babcock and Brown
- Set up the entity Westborough SPC for a foreign entity Mignonette out of the British Virgin Islands.
- Mignonette was "probably" owned by a special entity that was controlled by Babcock officers according to former employees.
- BVI records for Mignonette have been destroyed.
- I have had correspondence directly and indirectly with Chaye Besherse (Babcock legal liaison), Jan Blaustein, Serena Kwok and Phil Greene (Former CEO of Babcock)
  o None  knew of the property
  o All were unsuccessful in identifying the ownership
  o Phil felt any pursuit of ownership was a complete waste of time.
  o Administration on this property stopped approximately ten years ago
- I spoke with the Bankruptcy attorney for the investors of Babcock and Brown
  o Believe it or not, liquidation is still going on ten years later.
  o Deloitte partner David Lombe who is handling liquidation has no records related to this property or any of the entities in their files.

Take it for what it's worth, here is my conclusion
- Owners probably distanced themselves from anything related to the bankruptcy of Babcock.
- Rent hadn't been collected from Regal since 2007ish. No one has come looking for it.
- Records appear to no longer exist proving ownership.
- The building is about to reach a point of no return because of the roof.
  o Water infiltration, unless managed, will render the entire fitout useless (mold and warping)
  o The building for the most part will have to be torn down (building designed with stadium seating structural steel, can't be easily adapted for another use).
  o Westborough emergency services will have to manage an abandoned property.
  o The abutter is having to cover all of the property management (snow plowing etc.)

A-245

I would ask that you proceed with the RFP process as Apple is has not only met the requirements but is an excellent operator who will contribute to the community.

I would also like to thank Kristi for her patience as we continue to pepper her with phone calls.  We would really appreciate a sit down to discuss all the moving parts.

Thank you.

Kenneth Fries
RK Centers
50 Cabot Street, Suite 200
Needham, MA 02494
p. 781-320-0001
c. 617-285-8483


www.rkcenters.com

This email is the property of RK Centers and its affiliates and is intended only for the use of the recipient to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any copying, marketing or distribution of this email, or files associated with the email, is strictly prohibited. If you have received this email in error, please notify us immediately by calling our office at 781-320-0001 and deleting this email from your computer.  Any presentation Kevin Belmont of a lease or other lease related document, does not constitute an offer which may be accepted by the recipient.  Further, emails sent or received shall neither constitute acceptance of conducting transactions via electronic means, nor shall create a valid, binding and effective contract and/or lease unless a written instrument has been executed and delivered by all parties.

| From: | Shelby Marshall |
|---|---|
| To: | Kristi Williams; Leigh Emery |
| Subject: | Fwd: Regal Cinemas |
| Date: | Wednesday, October 24, 2018 1:59:52 AM |

Last night we directed to have Counsel review this email to see if there was anything new that might impact our decision to reject all bids. At least that's my understanding of the direction we gave to Kristi.

My concern is beyond that and was prompted by this email.  And that is as follows - might the information here, added to what we already know, give us pause for consideration of pursuit of the land court option.  While I understand the risk of Eminent Domain, as well as the public's general resistance to the term, if we pursued ED, sold the building/property under those conditions and the buyer was aware of all related risks, what's the downside? We take the money from the sale, put it in escrow and sit on it for 3 years. We avoid paying ongoing maintenance / repairs of a building that ultimately may need to be torn down anyway. In the meantime, the Town benefits from new taxes and taxable income from a theater/restaurant/etc. Residents benefit. Tenants in the plaza benefit from increased traffic. Other businesses in Westborough benefit from same traffic.

I strongly encourage an Executive Session to discuss all of the above, including, as Kristi has pointed out, if we were to accept a bid, our public response in doing so, especially if it was not to be the highest bid.

Of specific note to Ken's email above that is concerning:
1. Building condition / necessary repairs
2. Given all of the information that's available, and assuming bidders have a good understanding of the same and the risks of the ED, which was part of the RFP, it's seems that a land court process is a significant waste of time and resources.

Thank you for your thoughts and my request to have an Executive Session to discuss this matter as outlined above.

~Shelby

---------- Forwarded message ---------
From: **Kenneth Fries** <KFries@rkcenters.com>
Date: Mon, Oct 22, 2018 at 12:34 PM
Subject: Regal Cinemas
To: Board of Selectmen <selectmen@town.westborough.ma.us>
Cc: Kristi Williams <kwilliams@town.westborough.ma.us>

Good afternoon.

I am hoping to shed a little light on the Regal Cinemas situation as I believe that you currently discussing the best way to proceed for the Town of Westborough.  I had been working with

A-247



# BERENSON & BLOOM
**116 Pleasant Street, Suite 340**
**Easthampton, MA 01027**
**Phone 413-529-9936**
**Fax 413-529-9940**

*Iris A. Leahy, Esq.*
*attyleahy@outlook.com*

*Dawn E. Bloom, Esq.*
*attybloom@outlook.com*

October 22, 2019

Marlene Ayash, Esq.
Land Court, 5th Floor
Suffolk County Courthouse
Three Pemberton Square
Boston, MA 02108

RE:    **Response to Memo Dated September 5, 2019**
       **Request for Publication**
       **Town of Westborough v. Westborough SPE LLC, et al.**
       **19 TL 000768**

Dear Attorney Ayash:

In response to your Memo dated September 5, 2019, it is correct that **Westborough SPE LLC**, sole owner of the subject locus, withdrew from doing business in the Commonwealth of Massachusetts in 2007. Additionally, an inquiry at the Division of Corporations for the State of Delaware shows that **Westborough SPE LLC** was "cancelled for failure to pay tax." Accordingly, I am requesting *citation by publication* on **Westborough SPE LLC** and service to its officers and directors.

According to the Corporations Division of the Commonwealth of Massachusetts, **Westborough SPE LLC** names one Manager and two persons authorized for Real Property.

The Manager for Westborough SPE LLC is listed as Babcock & Brown Administrative Services, Inc. Babcock & Brown Administrative Services, Inc. withdrew from doing business in the Commonwealth of Massachusetts in 2008. An inquiry at the Division of Corporations for the State of Delaware shows that Babcock & Brown Administrative Services, Inc. was formed in January of 2000 and merged with Babcock & Brown Parallel Member LLC in August of 2011. In March of 2019, Babcock & Brown Parallel Member LLC voluntarily cancelled its corporate status. Therefore, I am requesting *citation by publication* against **Babcock & Brown Administrative Services, Inc.** and service to its President and Treasurer as indicated below:

A-248

Jan Blaustein Scholes, President
Babcock & Brown Administrative Services, Inc.
151 E 31st St. Apt. 28B
New York, NY 10016-9509

James D. Jaworski, Treasurer
Babcock & Brown Administrative Services, Inc.
1715 Easton Dr.
Burlingame, CA 94010-4809

The two persons authorized for <u>Real Property</u> of Westborough SPE LLC are
Dyann Blaine and F. Jan Bluestein. They can be served at the following
addresses:

F. Jan Bluestein a/k/a Jan Blaustein Scholes, Real Property
Westborough SPE LLC
151 E 31st St. Apt. 28B
New York, NY 10016-9509

Dyann Blaine, Real Property
Westborough SPE LLC
20 Queensbrook Pl.
Orinda, CA 94563

For the court's use and convenience, I've enclosed a Publication Header and a
Citation List. If you have any additional questions per this matter, please don't hesitate to
contact me.

Sincerely,

Dawn E. Bloom, Esq.

Enclosures

A-249

Mass. Corporations... Case 3:26-cv-1907-98-Y Filed 11/10/24 - Entered 1.08/04/2009s Pop2/Web/CorpSummary.as...

Document    Page 17 of 63



**William Francis Galvin**
Secretary of the Commonwealth of Massachusetts



# Corporations Division

## Business Entity Summary

**ID Number: 000593094**

| Request certificate | New search |

**Summary for:  WESTBOROUGH SPE LLC**

| The exact name of the Foreign Limited Liability Company (LLC): WESTBOROUGH SPE LLC |
| --- |
| **Entity type:**  Foreign Limited Liability Company (LLC) |
| **Identification Number:** 000593094 |
| **Date of Registration in Massachusetts:** 10-29-1997 |
| **Date of Withdrawal:**  11-20-2007       **Last date certain:** |
| **Organized under the laws of: State:** DE **Country:** USA **on:** 10-22-1997 |
| **The location of the Principal Office:** <br><br> Address:  BABCOCK & BROWN ADMIN. SERV. 2 HARRISON STREET 6HT FLOOR <br><br> City or town, State, Zip code, Country:      SAN FRANCISCO,  CA  94105-0000  USA |
| **The location of the Massachusetts office, if any:** <br><br> Address: <br><br> City or town, State, Zip code, Country: |
| **The name and address of the Resident Agent:** <br><br> Name:    CORPORATION SERVICE COMPANY <br><br> Address:  84 STATE STREET <br><br> City or town, State, Zip code, Country:      BOSTON,  MA  02109  USA |
| **The name and business address of each Manager:** |

| Title | Individual name | Address |
| --- | --- | --- |
| MANAGER | SERVICES, INC. BABCOCK & BROWN ADMINSTRATIVE | 2 HARRISON STREET 6TH FLOOR SAN FRANCISCO, CA 94105-0000 USA |

A-250

**The name and business address of the person(s) authorized to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual name | Address |
|---|---|---|
| REAL PROPERTY | DYANN BLAINE | 2 HARRISON STREET, 6TH FLOOR SAN FRANCISCO, CA 94105 USA |
| REAL PROPERTY | F. JAN BLUESTEIN | 2 HARRISON STREET 6TH FLOOR SAN FRANCISCO, CA 94105-0000 USA |

☐ Consent    ☐ **Confidential Data**    ☐ **Merger Allowed**    ☐ **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Annual Report
Annual Report - Professional
Application For Registration
Certificate of Amendment
Certificate of Cancellation

**View filings**

**Comments or notes associated with this business entity:**

**New search**

A-251

# *State Of Delaware*

Entity Details

2/27/2018  1:08:40PM

File Number:  2811561                              Incorporation Date / Formation Date:  10/22/1997

Entity Name: WESTBOROUGH SPE LLC

Entity Kind:  Limited Liability Company             Entity Type:  General

Residency:  Domestic                               State:  DELAWARE

Status:  Cancelled, Failure to Pay Tax             Status Date:  6/1/2014

**Registered Agent Information**

Name:  CORPORATION SERVICE COMPANY

Address:  251 LITTLE FALLS DRIVE

City:  WILMINGTON                                   Country:

State:  DE                                          Postal Code:  19808

Phone:  302-636-5401

**Tax Information**

Last AnnualReport Filed:  0                         Tax Due:  $ 1593

Annual Tax Assessment:  $250                        Total Authorized Shares:

**Filing History (Last 5 Filings)**

| Seq | Description | No of Pages | Filing Date mm/dd/yyyy | Filing Time | Effective Date mm/dd/yyyy |
|-----|-------------|-------------|------------------------|-------------|---------------------------|
| 1 | L.P./L.L.C. Restoration | 1 | 7/13/1999 | 9:00 AM | 7/13/1999 |
| 2 | LLC | 1 | 10/22/1997 | 9:00 AM | 10/22/1997 |

A-252

# Division of Corporations - Filing

*5000*

## FILING HISTORY (Last 5 Filings)

| Seq | Description | No. of pages | Filing Date (mm/dd /yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|
| 1 | Merger; Non-Survivor [Non-Survivor] [Survivor Name] BABCOCK & BROWN PARALLEL MEMBER LLC | 2 | 8/29/2011 | 2:33 PM | 8/29/2011 |
| 2 | Formation BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC. | 1 | 1/3/2000 | 9:00 AM | 1/3/2000 |
| 3 | Conversion BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC. | 1 | 1/3/2000 | 9:00 AM | 1/3/2000 |
| 4 | Amendment | 3 | 11/21/1997 | 9:00 AM | 11/21/1997 |
| 5 | Stock Corporation | 1 | 10/23/1997 | 9:00 AM | 10/23/1997 |

A-253

of 1

10/2/2019 5:18 PM

# Division of Corporations - Filing

Department of State: Division of Corporations

Allowable Characters

| | |
|---|---|
| **HOME**<br>About Agency<br>Secretary's Letter<br>Newsroom<br>Frequent Questions<br>Related Links<br>Contact Us Office Location<br><br>**SERVICES**<br>Pay Taxes<br>File UCC's<br>Delaware Laws Online<br>Name Reservation<br>Entity Search<br>Status<br>Validate Certificate<br>Customer Service Survey | View Search Results |

## Entity Details

| | | | |
|---|---|---|---|
| File Number: | 4370415 | Incorporation Date / Formation Date: | 6/13/2007 (mm/dd /yyyy) |
| Entity Name: | BABCOCK & BROWN PARALLEL MEMBER LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | State: |
| Status: | Voluntarily Cancelled | Status Date: | 3/15/2019 |

### TAX INFORMATION

| | | | |
|---|---|---|---|
| Last Annual Report Filed: | 0 | Tax Due: | $ 0 |

A-254

10/2/2019. 5:21 PM

Loading...

| Annual Tax Assessment: | $ 300 | Total Authorized Shares: | |

## REGISTERED AGENT INFORMATION

| Name: | MAPLES FIDUCIARY SERVICES (DELAWARE) INC. | | |
|---|---|---|---|
| Address: | 4001 KENNETT PIKE, SUITE 302 | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19807 |
| Phone: | 302-338-9793 | | |

## FILING HISTORY (Last 5 Filings)

| Seq | Description | No. of pages | Filing Date (mm/dd /yyyy) | Filing Time | Effective Date (mm/dd /yyyy) |
|---|---|---|---|---|---|
| 1 | Cancellation; Trust,GP,LP,LLC,RSE | 1 | 3/15/2019 | 1:00 PM | 3/15/2019 |
| 2 | Merger [Survivor] | 2 | 3/7/2019 | 1:45 PM | 3/7/2019 |
| 3 | Merger [Survivor] | 2 | 2/1/2018 | 3:27 PM | 2/1/2018 |
| 4 | Merger [Survivor] | 2 | 2/3/2017 | 7:39 PM | 2/3/2017 |

A-255

2 of 3

10/2/2019, 5:21 PM

| 5 | Merger [Survivor] | 2 | 2/3/2017 | 7:34 PM | 2/3/2017 |

LAND COURT
FILED

19 NOV -7 PM 1: 50

# PUBLICATION HEADER

## Town of Westborough v. Westborough SPE LLC
## 19 TL 000768

TO ALL WHOM IT MAY CONCERN, and to
any former stockholders, officers, creditors and any other persons claiming any interest in
Westborough SPE LLC, a dissolved Massachusetts corporation formerly located in San
Francisco, in the state of California; Babcock & Brown Administrative Services, Inc. as
Manager of Westborough SPE LLC; a dissolved Massachusetts corporation formerly located
in San Francisco, in the state of California;  F. Jan Bluestein a/k/a Jan Blaustein Scholes as
she is Real Property for Westborough SPE LLC, now or formerly of New York in the State
of New York; Dyann Blaine as she is Real Property for Westborough SPE LLC, now or
formerly of Orinda in the State of California; Jan Blaustein Scholes as she is President of
Babcock & Brown Administrative Services, Inc. now or formerly of New York in the State
of New York; James D. Jaworski as he is Treasurer of Babcock & Brown Administrative
Services, Inc. now or formerly of Burlingame in the State of California; or their heirs,
devisees, legal representatives, successors and assigns.

A-257

LAND COURT
FILED

19 NOV -7 PM 1:50

# CITATION LIST

## <u>Town of Westborough v. Westborough SPE LLC</u>
## 19 TL 000768

1.  **Jan Blaustein Scholes, President**
    Babcock & Brown Administrative Services, Inc.
    151 E 31st St. Apt. 28B
    New York, NY 10016-9509

2.  **James D. Jaworski, Treasurer**
    Babcock & Brown Administrative Services, Inc.
    1715 Easton Dr.
    Burlingame, CA 94010-4809

3.  **F. Jan Bluestein a/k/a Jan Blaustein Scholes, Real Property**
    Westborough SPE LLC
    151 E 31st St. Apt. 28B
    New York, NY 10016-9509

4.  **Dyann Blaine, Real Property**
    Westborough SPE LLC
    20 Queensbrook Pl.
    Orinda, CA 94563




# TERRITORY OF THE BRITISH VIRGIN ISLANDS

## THE INTERNATIONAL BUSINESS COMPANIES ACT
### (CAP.291)

### CERTIFICATE OF INCORPORATION      (SECTIONS 14 AND 15)

No. 243736

*The Registrar of Companies of the British Virgin Islands* **HEREBY CERTIFIES**
*pursuant to the International Business Companies Act, Cap. 291 that all*
*the requirements of the Act in respect of incorporation having been satisfied,*

**MIGNONETTE INVESTMENTS LIMITED**

*is incorporated in the British Virgin Islands as an International Business*
*Company this 11th day of August, 1997.*



Given under my hand and seal at

Road Town, in the Territory of the

British Virgin Islands

REGISTRAR OF COMPANIES

CRTI0013




A-259



11 August 1997

The Registrar of Companies
Registrar's Office
Road Town, Tortola
British Virgin Islands

RECEIVED

AUG 11 1997

COMMERCIAL REGISTRY
REGISTRAR'S OFFICE
British Virgin Islands

46283

Dear Madam,

Re:    MIGNONETTE INVESTMENTS LIMITED

We enclose for incorporation purposes under the International Business Companies
Act, Cap. 291 three copies of the Memorandum and Articles of Association for the
above company, together with a cheque for $300.00 in payment of the incorporation
fees.

Yours faithfully,

Claudette I. Francis
Authorised signatory

Encs.

INTEGRO TRUST (BVI) LIMITED
(formerly P.M.M. Services (B.V.I.) Limited)

P.O. BOX 438, TROPIC ISLE BUILDING, WICKHAMS CAY, ROAD TOWN, TORTOLA, BRITISH VIRGIN ISLANDS
TELEPHONE (809) 494-2616 • TELEFAX (809) 494-2704

INTERNATIONAL BUSINESS COMPANIES ORDINANCE, CAP. 291

Section 14 (1)

Certificate of Compliance with Requirements on Application for Registration

To:    The Registrar of Companies

**MIGNONETTE INVESTMENTS LIMITED**
------------------------------------------------------------------------------------
Name of Company

-------------------------------------------------
IBC No.

I/We, Integro Trust (BVI) Limited of Tropic Isle Building, P.O. Box 438, Road Town, Tortola, registered agent of the above company, hereby certify that all requirements of the above ordinance in respect of the registration of the above company have been complied with.

Dated the 11th day of August, 1997

-------------------------------------------------
Signed

Claudette I. Francis
-------------------------------------------------
Print or type name of signatory

*Delete as appropriate

-------------------------------------------------------------------------------------
For official use

A-261

11-08-97                           Commercial Registry                          IN0015
 8.47.42                                                                        A#23
     23                  Company Name Reservation Confirmation                  Page   1


                        Agent: Integro Trust (BVI) Limited


  Date                                                          Res  Exp.
Reserved            Name Reserved                              Days Date        Ref #

 7-08-97    I   MIGNONETTE INVESTMENTS LIMITED                   10 17-08-97   357976


                Name reserved by Riggall, Murray



        Please submit a copy of this receipt with incorporation documents



23 October 1997

RECEIVED
OCT 23 1997
COMMERCIAL
REGISTRY'S OFFICE
British Virgin Islands

The Registrar of Companies
Registrar's Office
Road Town, Tortola
British Virgin Islands

Dear Madam,

**MIGONETTE INVESTMENTS LIMITED - IBC NO:243736**
**NOVA OVERSEAS HOLDINGS LIMITED - IBC NO: 252452**
**Everlight (BVI) Co., Ltd. - IBC NO: 162608**

The above companies have been incorporated under the International Business Companies Act, Cap. 291

We shall be grateful if you will forward to ourselves  certificates of good standing, containing the particulars required by section 114 of the Act.

A cheque in the sum of $75.00 in payment of our fees  is enclosed.

Yours faithfully,

Claudette Francis
Authorised Signatory

Enc.

**INTEGRO TRUST (BVI) LIMITED**
(formerly P.M.M. Services (B.V.I.) Limited)

P.O. BOX 438, TROPIC ISLE BUILDING, WICKHAMS CAY, ROAD TOWN, TORTOLA, BRITISH VIRGIN ISLANDS
TELEPHONE (809) 494-2616 • TELEFAX (809) 494-2704

A-263




# TERRITORY OF THE BRITISH VIRGIN ISLANDS

## THE INTERNATIONAL BUSINESS COMPANIES ACT
### (CAP. 291)

### CERTIFICATE OF GOOD STANDING          (Section 114)

**No. 243736 MIGNONETTE INVESTMENTS LIMITED**

The Registrar of Companies of the British Virgin Islands
**DO HEREBY CERTIFY:**

1. The above company was duly incorporated under the provisions of the International Business Companies Act, (Cap.291) on the 11th day of August, 1997 as Company No. 243736 of the register of International Business Companies.

2. The name of the Company is still on the register of International Business Companies and the company has paid all fees, licence fees, and penalties due and payable under the provisions of sections 104 and 105 of the said Act.

3. The company has not submitted to me articles of merger or consolidation that have not yet become effective.

4. The company has not submitted to me articles of arrangement that have not yet become effective.

5. The company is not in the process of being wound up and dissolved.

6. No proceedings have been instituted to strike the name of the company off the said register.

7. In so far as is evidenced by the documents filed with me the company is in good legal standing.



Given under my hand and seal
at Road Town, Tortola in the
Territory of the British Virgin Islands
this 23rd day of October, 1997



CRTI0043                    REGISTRAR OF COMPANIES




**VIRRGIN**

## POST-INCORPORATION TRANSACTIONS

## ANNUAL FEE SUBMISSION

| | | |
|---|---|---|
| Company Name | : | MIGNONETTE INVESTMENTS LIMITED |
| BVI Co. No. | : | 243736 |
| Previous Bearer Fee | : | 0.00 |
| Current Bearer Fee | : | 0.00 |
| Previous Renewal Fees | : | 0.00 |
| Current Renewal Fee | : | 350.00 |
| Restoration Charges | : | 0.00 |
| Total Amount | : | 350.00 |

**List of fees paid by year**

| Year | Licence Fee | Penalty Fee | Bearer Fee |
|---|---|---|---|
| 2015 | 350.00 | 0.00 | 0.00 |

I / We, Francis, Claudette, hereby confirm that information provided is true and correct to our knowledge.

| | |
|---|---|
| Authorised Signatory Name | Francis, Claudette |

| | | | | | |
|---|---|---|---|---|---|
| Name | : | Francis, Claudette | BVI Company No. | : | 243736 |
| Agent No. | : | 23 | Date of Filing | : | 10/11/2015  11:54:24 |
| Agent Name | : | TMF Corporate Services (BVI) Limited | Transaction No. | : | T150768924 |
| Agent Address | : | Palm Grove House | Receipt No. | : | RCS00000002052141 |
| | | P.O. Box 438 | | | |
| | | Road Town | | | |
| | | Tortola | | | |
| | | VG1110 | | | |
| | | VIRGIN ISLANDS, BRITISH | | | |
| Agent Voice No. | : | 284-494-2616 | | | |
| Agent Email | : | infovg@equitytrust.com | | | |

A-265

**VIRRGIN**

## POST-INCORPORATION TRANSACTIONS

## ANNUAL FEE SUBMISSION

| | | |
|---|---|---|
| Company Name | : | MIGNONETTE INVESTMENTS LIMITED |
| BVI Co. No. | : | 243736 |
| Previous Bearer Fee | : | 0.00 |
| Current Bearer Fee | : | 0.00 |
| Previous Renewal Fees | : | 0.00 |
| Current Renewal Fee | : | 350.00 |
| Restoration Charges | : | 0.00 |
| Total Amount | : | 350.00 |

**List of fees paid by year**

| Year | Licence Fee | Penalty Fee | Bearer Fee |
|---|---|---|---|
| 2014 | 350.00 | 0.00 | 0.00 |

I / We, Francis, Claudette, hereby confirm that information provided is true and correct to our knowledge.

| | |
|---|---|
| Authorised Signatory Name | Francis, Claudette |

| | | | | | |
|---|---|---|---|---|---|
| Name | : | Francis, Claudette | BVI Company No. | : | 243736 |
| Agent No. | : | 23 | Date of Filing | : | 10/11/2014   18:37:07 |
| Agent Name | : | TMF Corporate Services (BVI) Limited | Transaction No. | : | T140760598 |
| Agent Address | : | Palm Grove House | Receipt No. | : | RCS00000001806818 |
| | | P.O. Box 438 | | | |
| | | Road Town | | | |
| | | Tortola | | | |
| | | VG1110 | | | |
| | | VIRGIN ISLANDS, BRITISH | | | |
| Agent Voice No. | : | 284-494-2616 | | | |
| Agent Email | : | infovg@equitytrust.com | | | |

A-266

**VIRRGIN**

## POST-INCORPORATION TRANSACTIONS

## ANNUAL FEE SUBMISSION

| | | |
|---|---|---|
| Company Name | : | MIGNONETTE INVESTMENTS LIMITED |
| BVI Co. No. | : | 243736 |
| Previous Bearer Fee | : | 0.00 |
| Current Bearer Fee | : | 0.00 |
| Previous Renewal Fees | : | 0.00 |
| Current Renewal Fee | : | 350.00 |
| Restoration Charges | : | 0.00 |
| Total Amount | : | 350.00 |

**List of fees paid by year**

| Year | Licence Fee | Penalty Fee | Bearer Fee |
|---|---|---|---|
| 2013 | 350.00 | 0.00 | 0.00 |

I / We, Francis, Claudette, hereby confirm that information provided is true and correct to our knowledge.

| | | |
|---|---|---|
| Authorised Signatory Name | | Francis, Claudette |

| | | | | | |
|---|---|---|---|---|---|
| Name | : | Francis, Claudette | BVI Company No. | : | 243736 |
| Agent No. | : | 23 | Date of Filing | : | 11/11/2013   17:33:03 |
| Agent Name | : | TMF Corporate Services (BVI) Limited | Transaction No. | : | T130747395 |
| Agent Address | : | Palm Grove House | Receipt No. | : | RCS00000001570013 |
| | | P.O. Box 438 | | | |
| | | Road Town | | | |
| | | Tortola | | | |
| | | VG1110 | | | |
| | | VIRGIN ISLANDS, BRITISH | | | |
| Agent Voice No. | : | 284-494-2616 | | | |
| Agent Email | : | infovg@equitytrust.com | | | |

A-267

**VIRRGIN**

## POST-INCORPORATION TRANSACTIONS

### ANNUAL FEE SUBMISSION

| | | |
|---|---|---|
| Company Name | : | MIGNONETTE INVESTMENTS LIMITED |
| BVI Co. No. | : | 243736 |
| Previous Bearer Fee | : | 0.00 |
| Current Bearer Fee | : | 0.00 |
| Previous Renewal Fees | : | 0.00 |
| Current Renewal Fee | : | 350.00 |
| Restoration Charges | : | 0.00 |
| Total Amount | : | 350.00 |

I / We, Francis, Claudette, hereby confirm that information provided is true and correct to our knowledge.

| | |
|---|---|
| Authorised Signatory Name | Francis, Claudette |

| | | | | | |
|---|---|---|---|---|---|
| Name | : | Francis, Claudette | BVI Company No. | : | 243736 |
| Agent No. | : | 23 | Date of Filing | : | 21/11/2012   16:53:50 |
| Agent Name | : | EQ Corporate Services (BVI) Limited | Transaction No. | : | T120824356 |
| Agent Address | : | Palm Grove House | Receipt No. | : | RCS00000001344900 |
| | | P.O. Box 438 | | | |
| | | Road Town | | | |
| | | Tortola | | | |
| | | VG1110 | | | |
| | | VIRGIN ISLANDS, BRITISH | | | |
| Agent Voice No. | : | 284-494-2616 | | | |
| Agent Email | : | infovg@equitytrust.com | | | |

A-268

**VIRRGIN**

## POST-INCORPORATION TRANSACTIONS

### ANNUAL FEE SUBMISSION

| | | |
|---|---|---|
| Company Name | : | MIGNONETTE INVESTMENTS LIMITED |
| BVI Co. No. | : | 243736 |
| Previous Bearer Fee | : | 0.00 |
| Current Bearer Fee | : | 0.00 |
| Previous Renewal Fees | : | 0.00 |
| Current Renewal Fee | : | 350.00 |
| Restoration Charges | : | 0.00 |
| Total Amount | : | 350.00 |

We, Francis, Claudette hereby confirm that the information provided is true and correct to our knowledge.

| | | |
|---|---|---|
| Authorised Signatory Name | : | Francis, Claudette |

| | | | | | |
|---|---|---|---|---|---|
| Name | : | Francis, Claudette | BVI Company No. | : | 243736 |
| Agent No. | : | 23 | Date of Filing | : | 17/11/2008  12:41:31 |
| Agent Name | : | EQ Corporate Services (BVI) Limited | Transaction No. | : | T080766540 |
| Agent Address | : | Palm Grove House | Receipt No. | : | RCS00000000473870 |
| | | P.O. Box 438 | | | |
| | | Road Town | | | |
| | | Tortola | | | |
| | | VG1110 | | | |
| | | VIRGIN ISLANDS, BRITISH | | | |
| Agent Voice No. | : | 284-494-2616 | | | |
| Agent Email | : | infovg@equitytrust.com | | | |

A-269

**VIRRGIN**

## POST-INCORPORATION TRANSACTIONS

### ANNUAL FEE SUBMISSION

| | | |
|---|---|---|
| Company Name | : | MIGNONETTE INVESTMENTS LIMITED |
| BVI Co. No. | : | 243736 |
| Previous Bearer Fee | : | 0.00 |
| Current Bearer Fee | : | 0.00 |
| Previous Renewal Fees | : | 525.00 |
| Current Renewal Fee | : | 0.00 |
| Restoration Charges | : | 0.00 |
| Total Amount | : | 525.00 |

We, Francis, Claudette hereby confirm that the information provided is true and correct to our knowledge.

| | | |
|---|---|---|
| Authorised Signatory Name | : | Francis, Claudette |

| | | | | | |
|---|---|---|---|---|---|
| Name | : | Francis, Claudette | BVI Company No. | : | 243736 |
| Agent No. | : | 23 | Date of Filing | : | 17/03/2008  16:38:31 |
| Agent Name | : | EQ Corporate Services (BVI) Limited | Transaction No. | : | T080144830 |
| Agent Address | : | Palm Grove House | Receipt No. | : | RCS00000000327563 |
| | | P.O. Box 438 | | | |
| | | Road Town | | | |
| | | Tortola | | | |
| | | VIRGIN ISLANDS, BRITISH | | | |
| Agent Voice No. | : | 284-494-2616 | | | |
| Agent Email | : | infovg@equitytrust.com | | | |

A-270

| | |
|---|---|
| **From:** | Kathy Fell |
| **Sent:** | Wednesday, June 6, 2001 12:38 PM |
| **To:** | Steve Finno |
| **Subject:** | RE: Westborough Cash |

Yes – 6/30/00 is the last one we issued.  We do have a draft @ 9/30/00..

-----Original Message-----

| **From:** | **Steve Finno** |
|---|---|
| **Sent:** | Wednesday, June 06, 2001 8:22 AM |
| **To:** | Kathy Fell |
| **Subject:** | FW: Westborough Cash |

Are the last Westborough financials June 30, 2000?

-----Original Message-----

| **From:** | **Dyann Blaine** |
|---|---|
| **Sent:** | Wednesday, June 06, 2001 8:13 AM |
| **To:** | Steve Finno |
| **Subject:** | RE: Westborough Cash |

We can calculate the accrued tax liability, and determine the amount available to be paid as a dividend.  The dividend will be subject to further US withholding tax.  I will look at this when I make it in to the office.  Can you throw together an estimated P&L for the year?

-----Original Message-----

| **From:** | **Steve Finno** |
|---|---|
| **Sent:** | Wednesday, June 06, 2001 8:08 AM |
| **To:** | Dyann Blaine |
| **Subject:** | FW: Westborough Cash |

??

-----Original Message-----

| **From:** | **Phil Green** |
|---|---|
| **Sent:** | Tuesday, June 05, 2001 8:53 PM |
| **To:** | Steve Finno |
| **Subject:** | RE: Westborough Cash |

Is there any accrued tax liability or can this all be used to repay my loan

-----Original Message-----

| | |
|---|---|
| From: | Steve Finno |
| Sent: | Wednesday, June 06, 2001 12:42 AM |
| To: | Phil Green |
| Subject: | Westborough Cash |

Phil,

As of April 30, 2001 the Westborough cash account had $306,710.23.  On May 21, 2001 an additional $36,000 was received.

Hope this is what you were looking for.

Steve

-----Original Message-----

BB000066

**From:**    **Phil Green**
**Sent:**    Monday, June 04, 2001 7:20 PM
**To:**      Steve Zissis
**Cc:**      Steve Finno
**Subject:**  RE: Warren Seymour

i was chasing Steve Finno and obviously got put through to your voicemail by mistake

-----Original Message-----
From: Steve Zissis
Sent: Tuesday, June 05, 2001 11:15 AM
To: Phil Green; Peter Hofbauer
Subject: Warren Seymour


Dear Phil/Peter:

Do you or anyone in Australian office know Warren Seymour. He is one of the orginal founders of National Jets Australia and recently sold part or all of the airline to Qantas.  Many Thanks.


PS: Phil: you left me a voice mail re cash in your cinema deal. I think you were looking for a different steve???

BB000067



A-273

From: Steve Finno (2/2/98)
To: Jan Blaustein

                    RE>>>>>>>>>Westborough                    1/30/98
        OK, Thanks

        ----------------------------------------
        Date: 1/30/98 1:51 PM
        To: Steve Finno
        From: Jan Blaustein
        Steve:  It probably would make sense for you and Jim Jaworski to call
         Phil about this (just because he doesn't know you).  Regards, Jan


        ----------------------------------------
        Date: 1/30/98 4:52 PM
        To: Jan Blaustein
        From: Jim McCaffrey
        No check has yet been sent.

        As Steve indicated, the first rental payment date is Feb 21st on which
         date two amounts will be remitted from hoyts--the basic rent which has
         been assigned to the lender and therefor sent directly to the lender
         (this amount is precisely equal to debt service) and Profit Share Rent
         which will be sent to Westborough.

        Jan is right with respect to the timing being close --I hadn't realized
         it was so close--so perhaps it is best to ask Phil Green now for the
         contact person to make arrangements with on cash dispersal for
         Westborough.
        ----------------------------------------
        Date: 1/30/98 1:33 PM
        To: Jim McCaffrey
        From: Steve Finno
        The lease indicates that the first quarterly rent is payable on
         February 21, 1998.  Why would we already have received a rent check?
         Am I missing something.  Also, since we are responsible for the
         monitoring of the receipts of rent and disbursement to Noteholder
         (first payment also due 2/21/98) - February 13 may be a little tight.


        ----------------------------------------
        Date: 1/30/98 1:23 PM
        To: Steve Finno
        From: Jan Blaustein
        Dear Jim:  In general, I agree.  One question I have on the first deal,
         though, is that there supposedly is a rent check that recently was
         paid to BBAS representing the equity's portion of the rent (per David
         A).  Does that ring a bell (as we have not seen this check, to my
         knowledge).  Also, there is an obligation to send financial statements
         to the noteholder within 90 days of year end, which I believe means
         that they need to be sent by March 31 (or sooner).  Waiting until Feb

BB000050

13 probaby is fine, but we won't be able to wait much longer than
 that.  Regards, Jan


----------------------------------------
Date: 1/30/98 4:16 PM
To: Jan Blaustein
From: Jim McCaffrey
Phil Green in the Sydney office will know to whom you should speak.

May I suggest that you hold off enquiries until after Feb 13th when the
 second theater (Bellingham, MA) is scheduled to close. The special
 purpose owning entity for this one will be virtually identical to the
 Westborough one and the same questions will apply.


----------------------------------------
Date: 1/30/98 11:55 AM
To: Jim McCaffrey
From: Steve Finno
Thanks very much for the reply!  Now question #2.  You may not be the
 person to ask this to, if not then please point me in the right
 direction.

BBAS has agreed to provide the administrative services for Westborough,
 including maintain cash accounts, maintaining accounting books and
 records...   Who is our contact to discuss how this is going to get
 done?


----------------------------------------
Date: 1/30/98 10:37 AM
To: Steve Finno
From: Jim McCaffrey
Impressive catch!


This is a result of the negotiation of the deal.

The original (verbal) deal with the equity included "renewal rights"
 but no actual determination of rentals or terms. In raising the debt
 we had to alert them of possible renewal rights' effect on collateral
 value of the property and specified "up to four five year renewal
 terms". The debt counsel drafted the lease and inserted this. The
 subsequent further negotiations with the equity resulted in the actual
 renewal rentals being set and the two five year renewal terms being
 set. These figures were inserted in the Appendix and there is no
 contradiction between the lease text and the appendix.

There are only two five year renewals.

----------------------------------------
Date: 1/30/98 7:13 AM

A-275

BB000051

To: Jim McCaffrey
From: Jan Blaustein
Dear Steve:  I have no idea!  Jim McCaffrey, who worked on the deal,
 may.  Regards, Jan


----------------------------------------
Date: 1/29/98 4:56 PM
To: Jan Blaustein
From: Steve Finno
Jan -

I received the closing docs from Monique - thanks!

This is probably way to detailed a question, and possibly irrelevant to
 our deal, but:

The lease agreement between Westborough and Interstate has a 20 year
 primary term (11/21/97 to 11/21/17) and up to "four consecutive
 additional terms of five years each", however the "last possible
 extended term shall end at midnight on November 21, 2027" - only ten
 years later.  Why the inconsistency?


==========================================================================

BB000052

From: Steve Finno (1/30/98)
To: Jim Jaworski
CC: Jan Blaustein, Jim McCaffrey
        Reply to:   FWD>RE>>>>>>>Westborough
Jim - let me know when we can discuss.

----------------------------------------
Date: 1/30/98 1:51 PM
From: Jan Blaustein
Steve:  It probably would make sense for you and Jim Jaworski to call Phil about
 this (just because he doesn't know you).  Regards, Jan

----------------------------------------
Date: 1/30/98 4:52 PM
To: Jan Blaustein
From: Jim McCaffrey
No check has yet been sent.

As Steve indicated, the first rental payment date is Feb 21st on which date two
 amounts will be remitted from hoyts--the basic rent which has been assigned to
 the lender and therefor sent directly to the lender (this amount is precisely
 equal to debt service) and Profit Share Rent which will be sent to Westborough.

Jan is right with respect to the timing being close --I hadn't realized it was so
 close--so perhaps it is best to ask Phil Green now for the contact person to
 make arrangements with on cash dispersal for Westborough.
----------------------------------------
Date: 1/30/98 1:33 PM
To: Jim McCaffrey
From: Steve Finno
The lease indicates that the first quarterly rent is payable on February 21,
 1998.  Why would we already have received a rent check?  Am I missing something.
  Also, since we are responsible for the monitoring of the receipts of rent and
 disbursement to Noteholder (first payment also due 2/21/98) - February 13 may be
 a little tight.

----------------------------------------
Date: 1/30/98 1:23 PM
To: Steve Finno
From: Jan Blaustein
Dear Jim:  In general, I agree.  One question I have on the first deal, though,
 is that there supposedly is a rent check that recently was paid to BBAS
 representing the equity's portion of the rent (per David A).  Does that ring a
 bell (as we have not seen this check, to my knowledge).  Also, there is an
 obligation to send financial statements to the noteholder within 90 days of year
 end, which I believe means that they need to be sent by March 31 (or sooner).
 Waiting until Feb 13 probaby is fine, but we won't be able to wait much longer
 than that.  Regards, Jan

----------------------------------------

A-277

BB000053

Date: 1/30/98 4:16 PM
To: Jan Blaustein
From: Jim McCaffrey
Phil Green in the Sydney office will know to whom you should speak.

May I suggest that you hold off enquiries until after Feb 13th when the second
 theater (Bellingham, MA) is scheduled to close. The special purpose owning
 entity for this one will be virtually identical to the Westborough one and the
 same questions will apply.

----------------------------------------
Date: 1/30/98 11:55 AM
To: Jim McCaffrey
From: Steve Finno
Thanks very much for the reply!  Now question #2.  You may not be the person to
 ask this to, if not then please point me in the right direction.

BBAS has agreed to provide the administrative services for Westborough, including
 maintain cash accounts, maintaining accounting books and records...  Who is our
 contact to discuss how this is going to get done?

----------------------------------------
Date: 1/30/98 10:37 AM
To: Steve Finno
From: Jim McCaffrey
Impressive catch!


This is a result of the negotiation of the deal.

The original (verbal) deal with the equity included "renewal rights" but no
 actual determination of rentals or terms. In raising the debt we had to alert
 them of possible renewal rights' effect on collateral value of the property and
 specified "up to four five year renewal terms". The debt counsel drafted the
 lease and inserted this. The subsequent further negotiations with the equity
 resulted in the actual renewal rentals being set and the two five year renewal
 terms being set. These figures were inserted in the Appendix and there is no
 contradiction between the lease text and the appendix.

There are only two five year renewals.

----------------------------------------
Date: 1/30/98 7:13 AM
To: Jim McCaffrey
From: Jan Blaustein
Dear Steve:  I have no idea!  Jim McCaffrey, who worked on the deal, may.
 Regards, Jan

----------------------------------------
Date: 1/29/98 4:56 PM

A-278

BB000054

To: Jan Blaustein
From: Steve Finno
Jan -

I received the closing docs from Monique - thanks!

This is probably way to detailed a question, and possibly irrelevant to our deal,
 but:

The lease agreement between Westborough and Interstate has a 20 year primary term
 (11/21/97 to 11/21/17) and up to "four consecutive additional terms of five
 years each", however the "last possible extended term shall end at midnight on
 November 21, 2027" - only ten years later.  Why the inconsistency?


=======================================================================

A-279

BB000055

Message

| From: | Peter Blaustein [pblaustein@gmail.com] |
| --- | --- |
| Sent: | 12/30/2022 7:52:05 PM |
| To: | Phil Green [Phil.Green@alceon.com.au] |
| CC: | Dyann Blaine [dyann.blaine@gmail.com] |
| Subject: | Re: Mignonette Ltd, the shareholder of Westborough |

great
I will send a Zoom invite

On Thu, Dec 29, 2022 at 10:35 PM Phil Green <Phil.Green@alceon.com.au> wrote:
Peter/Duane
I am available for  a call at around 12.30pm Sydney time tomorrow.

Sent from my iPhone

> On 30 Dec 2022, at 12:36 pm, Peter Blaustein <pblaustein@gmail.com> wrote:
>
>
> Hi Phil,
>
> Good speaking with you earlier this week.
>
> I have connected with Dyann Blaine (CC'd).
>
> Dyann and I are hoping you could help clarify ownership/management of Mignonette Ltd, the shareholder of Westborough.
>
> As I understand the legal situation, establishing Dyann as an unresigned officer of Mignonette would expedite the recovery process, which is well underway.
>
> One financial update: Taxes due are ~$500-700k vs a cash balance of $1.2m and property value of ~$5m.
>
> I'll let Dyann pick up the thread from here.
>
> Thank you.
>
> Pete
> 650-804-2492
> PS: I am available most of tomorrow PST as the forecast calls for 3+ inches of rain in Truckee so no skiing!

A-280

PB0001102

**BVI FINANCIAL SERVICES COMMISSION**                    **LIST OF DIRECTORS**

Company No.            :  243736                              Filing Date  :  31/03/2017

Company Name       :  MIGNONETTE INVESTMENTS LIMITED

CORPORATE DIRECTORS

| S/No. | Company Name | Director Type |
|-------|--------------|---------------|
| 1 | ABRAXAS INTERNATIONAL LIMITED | Director |



Date   :   15/03/2023                     A-281                          Page 1 of 1



**TMF GROUP**

**Global reach**
Local knowledge

# ANNUAL REPORT 2022

—

## WE MAKE A COMPLEX WORLD SIMPLE

A-282



### 36. TMF GROUP ENTITIES

The entities of TMF Group by country of incorporation as at 31 December 2022, as consolidated in these financial statements are included below. All entities have a balance sheet date of 31 December.

| Country | Entity | Ownership |
|---|---|---|
| Argentina | TMF Argentina S.R.L. | 100% |
| | TMF Outsourcing S.R.L. | 100% |
| | TMF Trust Company (Argentina) S.A. | 100% |
| | Almagesto S.R.L. | 100% |
| Australia | TMF Australia RET Services Pty Limited | 100% |
| | TMF Corporate Services (AUST) Pty Limited | 100% |
| | TMF Nominees (AUST) Pty Limited | 100% |
| Austria | TMF Austria GmbH | 100% |
| | APS Buchfuhrungs- & Steuerberatungs GmbH | 100% |
| | TMF Bilanzbuchhaltungs- und Personalservices GmbH | 100% |
| | TMF Steuerberatungs- & Wirtschaftprufing GmbH | 100% |
| | TMF Accounting & Payroll Steuerberatungsgesellschaft GmbH | 100% |
| Barbados | TMF Barbados Inc | 100% |
| Belgium | TMF Belgium N.V. | 100% |
| | TMF Accounting Services BVBA | 100% |
| Bermuda | TMF (Bermuda) Limited | 100% |
| Bolivia | TMF Bolivia S.R.L. | 100% |
| Brazil | TMF Brasil Assessoria Contabil e Empresarial Ltda. | 80% |
| | TMF Brasil Servicos Administrativos e Processamento de Dados Ltda. | 100% |
| | TMF Brasil Administracao e Participacoes Ltda. | 100% |
| | TMF Brasil Administracao e Gestao de Ativos Ltda | 100% |
| | TMF Brasil Atividades Administrativas Ltda | 100% |
| | TMF Brasil Serviços de Admistraçao de Fundos Ltda | 100% |
| British Virgin Islands | CMS Limited | 100% |
| | Fort Company (BVI) Limited | 100% |
| | Opti Resources Limited | 100% |
| | TMF Authorised Representative (BVI) Ltd. | 100% |
| | Wickhams Cay Trust Company Limited | 100% |
| | Vision Tower Purpose Trust | 100% |
| | TMF Management Services Limited | 100% |
| | TMF (B.V.I.) Ltd. | 100% |
| | TMF Group International Limited | 100% |
| | Equity International Holdings Limited | 100% |
| | TMF Group (BVI) Limited | 100% |
| | TMF Transactions Limited | 100% |
| | TMF Capital (BVI) Limited | 100% |
| | Vision Tower Limited | 100% |
| | Anshun Services Ltd. | 100% |
| | Commonwealth Local Limited | 100% |
| | Fides Management Services Ltd. | 100% |
| | TMF Corporation (BVI) Limited | 100% |
| | Vencourt Limited | 100% |



| Country | Entity | Ownership |
|---|---|---|
| | Abraxas International Limited | 100% |
| | Folly Fort Limited | 100% |
| | Kelday International Limited | 100% |
| | S.B. Vanwall Ltd. | 100% |
| | KCS Limited | 100% |
| | KCS China Limited | 100% |
| | LDC Financial Services Ltd | 100% |
| | Guarantee Management Limited | 100% |
| | TMF Administration Services Limited | 100% |
| | Receivable Global Services Limited | 100% |
| | Apexchamp Limited | 100% |
| | Beamsbury Limited | 100% |
| | Derard Limited | 100% |
| | Carringbay Limited | 100% |
| | KCS Asia Holdings Limited | 100% |
| | Lucasjet Limited | 100% |
| | Moonchamps Limited | 100% |
| | Southfield Management Limited | 100% |
| | Homestead Management Inc | 100% |
| | F.M.C. Limited | 100% |
| | Axiss International Management Limited | 100% |
| | JAI Services Ltd | 100% |
| | TMF Holding (BVI) Limited | 100% |
| Bulgaria | TMF Services EOOD | 100% |
| | Novacon Bulgaria EOOD | 100% |
| Canada | TMF Canada Inc. | 100% |
| Cayman Islands | TMF Nominees Ltd. | 100% |
| | Fides Limited | 100% |
| | TMF (Cayman) Limited | 100% |
| | Churchill Directors Ltd. | 100% |
| | Nominee Services Limited | 100% |
| Chile | TMF Chile Asesorias Empresariales Ltda. | 100% |
| | TMF Empresa de Servicios Transitorios Ltda. | 100% |
| | TMF Administradora S.A. | 100% |
| | TMF Servicios Integrales Ltda. | 100% |
| China | Freeway Financial Consulting (Shanghai) Ltd. | 60% |
| | TMF Services Limited | 100% |
| | TMF (BEIJING) Limited | 100% |
| | TMF Services (China) Co., Ltd | 100% |
| Colombia | TMF Colombia Ltda. | 100% |
| | TMF RDC America SAS | 100% |
| Costa Rica | TMF Costa Rica (TMFCR) Limitada. | 100% |
| | TMF Trust and Corporate Services Costa Rica Limitada | 100% |
| | TMF Group Services Costa Rica Limitada | 100% |
| Croatia | TMF Croatia d.o.o. | 100% |
| Curaçao | Curab N.V. | 100% |

A-284

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |
|---|
| In re:<br><br>WESTBOROUGH SPE LLC,<br><br>Debtor. |

CHAPTER 7

CASE NO. 23-40709-CIP

### DECLARATION OF JULIE IP, ESQ.

I, Julie Ip, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the foregoing is true and correct:

1.     I am Market Head of Legal of TMF North Asia ("TMF Group"), and I am fully familiar with the facts, circumstances and proceedings herein.

2.     I submit this Declaration in response to the Nonparty Subpoena, dated December 2, 2024, addressed to "Equity Trust/TMF Group" in the above proceeding (the "Subpoena").

3.     As part of my job responsibilities at TMF Group, I have access to the types of documents that have been sought in the Subpoena.  On behalf of TMF Group, I conducted a reasonable search for any and all documents that would be responsive to the requests contained in the Subpoena.  After conducting a reasonable search, TMF Group has no responsive documents in its possession, custody or control that are sought in the Subpoena.

A-285

Dated: April 9, 2025
      Hong Kong

_____

Julie Ip

2



**Lolonyon Akouete <info@smartinvestorsllc.com>**

## Debtor - Westborough SPE LLC, Involuntary Chapter: 7 Case No: 23-40709-CJP

**Robert Lachenauer** <Lachenauer@mintzandgold.com>                    Wed, Apr 16, 2025 at 11:06 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: Scott Klein <Klein@mintzandgold.com>

Mr. Akouete:

See below for further information and response from my client to all of your remaining questions.

-Rob

1. **Why those documents are no longer available; TMF has not been the registered agent for this entity since 2017. Upon termination of TMF's agreement and services with clients, TMF is obliged to delete / return client data, so there wouldn't be any records left after the date the agreement was terminated, i.e., the end of the business relationship.**
2. **When and how they were lost, destroyed, or transferred (and to whom); and Whatever records TMF had or may have had would have been discarded/returned sometime in 2017.**
3. **Whether a corporate successor or affiliate (including Fort Company (BVI) Limited or TMF (B.V.I.) Ltd., which share the same PO Box 438 address in Road Town) may possess the requested documents. TMF has no way of knowing this. TMF is a service provider. TMF has no way of knowing what happens to companies after TMF is no longer registered agent.**

[Quoted text hidden]

A-287



The Directors
MIGNONETTE INVESTMENTS LIMITED
36/F., Tower Two
Time Square, 1 Matheson Street
Causeway Bay
Hong Kong


Email: serena.kwok@tmf-group.com


March 29, 2017

Dear Sir,

Re:  <u>MIGNONETTE INVESTMENTS LIMITED</u>

We write to advise you that it is our intention to resign as the Registered Agent for the referenced company.

To assist the company in the task of electing a new Registered Agent, an electronic copy of the list of all approved registered agents in the Virgin Islands with their names and addresses can be found on the Commission's Internet site www.bvifsc.vg . If the company is unable to elect a new BVI Registered Agent within 90 days, the Registrar of Companies shall proceed with the striking off of the company.

We appreciate the opportunity to be of service and please do not hesitate to contact us should you require further information.


Yours sincerely,
TMF Corporate Services (BVI) Limited


Authorised Signatories

A-288

# INSINGER <sup>de</sup>BEAUFORT

**FAX**

Insinger Corporate Management (HK) Ltd
Insinger Brumby Limited
Insinger Secretaries (HK) Limited
Insinger Nominees (HK) Limited
Insinger Secretarial Services Ltd.

| | | |
|---|---|---|
| TO | : | Mr Phil Green |
| FAX NUMBER | : | 0062-612-923 15619 |
| FROM | : | Ms Brenda Chan |
| FAX NUMBER | : | 2213 2104 |
| SUBJECT | : | Mignonette Investments Ltd |
| OUR REFERENCE | : | 1845 |
| DATE | : | January 13, 2003 |

16/F., Standard Chartered Bank Building
4-4A Des Voeux Road Central, Hong Kong
Tel. +852 2526 3665
Fax. +852 2530 4898
E-mail idbasia@asia.insinger.com

NUMBER OF PAGE(S) : 4

Dear Mr Green

I refer to the telephone conversation between you and our Ms Cecilia Chow on 20 November 2002 and would be grateful if you could advise whether you still require the company so that we could make the appropriate arrangement. Please could you also confirm that we could debit the company's account for payment of the following invoices:-

1.   BVI invoices and penalty amounting to USD 1800.74  (payable if the company is required)

2.   our annual invoice no. 351200 for AUD1,000.00 for our nominee service and operation of bank account from January 2002 to December 2002.

Yours sincerely

Brenda Chan

The information contained in this facsimile message is intended only for the use of the person or entity to whom it is addressed and may contain information that is confidential and may be legally privileged and exempt from disclosure under applicable laws. If you read this message and are not the addressee you are notified that use, dissemination, distribution or reproduction of this message is prohibited. If you have received this message in error, please notify us immediately and return the original message to us.

Blaine_00623                    A-289

# INSINGER $^{de}$BEAUFORT

**PRIVATE & CONFIDENTIAL**
**MIGNONETTE INVESTMENTS LIMITED**

Insinger Corporate Management (HK) Ltd.
Insinger Brumby Limited
Insinger Secretaries (HK) Limited
Insinger Nominees (HK) Limited
Insinger Secretarial Services Ltd.

16/F., Standard Chartered Bank Building
4-4A Des Voeux Road Central, Hong Kong
Tel. (852) 2526 3665
Fax (852) 2530 4898
E-mail idbasia@asia.insinger.com

**INVOICE**
Date          :   Wednesday, July 17, 2002
Invoice No.   :   351200
Client Code   :   001845

---

Re : MIGNONETTE INVESTMENTS LIMITED                                     <u>AUD</u>

**Time Charges**

To our annual fee for the provision of nominee and          1,000.00
client accounting services for the period from 1st
January 2002 to 31st December 2002.

Total payable (in AUD)                                        1,000.00

*Please make payment in favour of Insinger Corporate Management (HK) Limited*

Authorised signature: Insinger Corporate Management (HK) Limited

The above amount is now due and payable. Interest may be levied on overdue accounts. Payment in full amount (HKD 7.8 = USD1) may be made as follows:

1.  By cheque/bank draft made payable to
    Insinger Corporate Management (HK) Limited

2.  By transfer to HSBC:
    Insinger Corporate Management (HK) Limited
    The Hongkong & Shanghai Banking Corporation Limited
    1 Queen's Road, Central, Hong Kong
    SWIFT CODE HSBCHKHHHKH
    HKD S/A No.: 002-6-280198  or  USD S/A No.: 002-7-834209
    Reference: Invoice no. 351200
    Message: ALL local and overseas bank charges are paid by remitter

3.  By transfer to Standard Chartered Bank:
    Insinger Corporate Management (HK) Limited
    Standard Chartered Bank Landmark Branch
    15 Queen's Road, Central, Hong Kong
    SWIFT CODE SCBLHKHHXXX
    HKD A/C No.: 447-1-084918-7  or  USD A/C No.: 447-1-084922-5
    Reference: Invoice no. 351200
    Message: ALL local and overseas bank charges are paid by remitter

Blaine_00624

A-290

DW



## INSINGER de BEAUFORT

Insinger Trust (BVI) Limited

P.O. Box 438
Tropic Isle Building  Wickhams Cay I
Road Town  Tortola
British Virgin Islands
Tel. +1 284 494 2616

Mignonette Investments Limited
Linda Fok
Simon Fraser re Mignonette
The Hong Kong Trust Company Limited
Rooms 1605-6, 16th Floor Wheelock Hse
28 Pedder Street, Central, Hong Kong

## INVOICE

DATE              :  6 March 2002
INVOICE NO.   :  10015803/2002

| | |
|---|---:|
| For the year ending 31 December 2002 Fee for providing the registered office and the registered agent in the British Virgin Islands. | 350.00 |
| Fee for the year ended 31 December 2002 for providing directors | 750.00 |
| *Disbursements* | |
| BVI Government filing fees for 2002 | 300.00 |
| Telephone and facsimile charges, photocopying, courier, postage and sundries. | 15.00 |
| | 315.00 |
| Total Payable                                    US$ | 1,415.00 |

*+$30 for penalty.*

The above company was incorporated in the second 6 months of the year and the Government Licence Fee is due by 30th November 2002.
A 10% penalty is payable if payment is made between 1st December 2002 and 31st January 2003
A 50% penalty is payable if payment is made between 1st February 2003 and 30th April 2003.
If the licence fee is not paid by 30th April 2003 including any penalty due, the IBC will be struck-off the company register on the 1st May 2003.

See reverse of invoice for terms and conditions and payment instructions.

Fax +1 284 494 2704
E-mail infobvitrust@insinger.com

Blaine_00625

A-291



# INSINGER de BEAUFORT

Insinger Trust (BVI) Limited

P.O. Box 438
Tropic Isle Building  Wickhams Cay I
Road Town  Tortola
British Virgin Islands
Tel. +1 284 494 2616

Mignonette Investments Limited

Linda Fok
Simon Fraser re Mignonette
The Hong Kong Trust Company Limited
Rooms 1605-6, 16th Floor Wheelock Hse
28 Padder Street, Central, Hong Kong

## INVOICE

DATE            :    29 May 2002
INVOICE NO.     :    10017269/2002

| | |
|---|---:|
| Time spent attending to the administrative affairs of the company for the period to 30th April 2002. | 262.50 |
| *Disbursements*<br>Telephone and facsimile charges, photocopying, courier, postage and sundries. | 93.24 |
| *Total Payable*  US$ | 355.74 |

Fax +1 284 494 2704
E-mail Infobvitrust@insinger.com

Blaine_00626          A-292                          TOTAL P.04



**BVI Financial Services Commission, Registry of Corporate Affairs**

## Register of Companies Search Report

Print

**Date of Search :** 09/03/2023
This search is accurate as at the Search Date above.

| | |
|---|---|
| **Company Name :** | MIGNONETTE INVESTMENTS LIMITED |
| **Company Number :** | 243736 |
| **Company Type :** | BC Re-registration |

**Date of Incorporation / Registration :** 11/08/1997

**Current Status :**

| | |
|---|---|
| Status Description: | Struck off - Non Pmt A/Fee |
| Status Date: | 02/05/2017 |
| Re-registration Type: | Automatic |
| Re-registration date: | 01/01/2007 |
| Current Registered Agent: | TMF (B.V.I.) LTD. |
| Current Registered Agent Address: | Palm Grove House<br>P.O. Box 438<br>Road Town<br>Tortola<br>VIRGIN ISLANDS, BRITISH |
| Current Registered Agent Phone Number: | 284-494-4997 |
| Current Registered Agent Fax Number: | 284-494-4999 |
| Current Registered Office : | Palm Grove House<br>P.O. Box 438<br>Road Town<br>Tortola<br>VG1110<br>VIRGIN ISLANDS, BRITISH |
| Telephone: | |
| Agent Fax: | |
| Register of Directors Filed : | Yes |
| First Registered Agent: | TMF Corporate Services (BVI) Limited |
| First Registered Office: | Palm Grove House<br>P.O. Box 438<br>Road Town<br>Tortola<br>VG1110<br>VIRGIN ISLANDS, BRITISH |

**Share/Capital Information:**

| | |
|---|---|
| Authorized Capital: | 50,000.00   United States of America, Dollars |
| Ability to Issue Bearer Shares: | No |

**Previous Names History**

| S.No | Previous Name | Foreign Character Name | Date Range or Cease Date From | To |
|---|---|---|---|---|
| 1 | MIGNONETTE INVESTMENTS LIMITED | | 11/08/1997 | |

**Transaction History**

| S.No | Date | Transaction Number | Description | Status | Eforms/Attachments |
|---|---|---|---|---|---|
| 1 | 11/08/1997 | T970007039 | Application for Incorporation (IBC) | Approved | General Filing |

A-293

|   |   |   |   | General Filing - General Filing |
|---|---|---|---|---|
| 2 | 23/10/1997 T970007040 | IBC Request for Certificate of Goodstanding/Certified Certificates | Approved | General Filing |
|   |   |   |   | General Filing - General Filing |
| 3 | 17/03/2008 T080144830 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 4 | 17/11/2008 T080766540 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 5 | 27/06/2011 T110479651 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 6 | 21/11/2012 T120824356 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 7 | 11/11/2013 T130747395 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 8 | 10/11/2014 T140760598 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 9 | 10/11/2015 T150768924 | Annual Fee Submission (BC) | Approved | Annual Submission |
| 10 | 29/03/2017 T170521455 | Registered Agent intent to Resign | Approved | Registered Agent Intent To Resign |
|   |   |   |   | Notice of intention to resign given to the company under section 93(2) |
| 11 | 31/03/2017 T170568523 | Register of Members or Directors | Approved | Register of Directors |

## Certificate History

| S.No | Transaction No. | Type of Certificate | Date of Filing |
|---|---|---|---|
| 1 | T110479651 | Certificate of Restoration | 27/06/2011 |

**DISCLAIMER:**

Although care has been taken to ensure the accuracy, completeness and reliability of the information provided through the use of this service ("the Information"), neither the Registrar of Corporate Affairs ("the Registrar") nor the Financial Services Commission ("the Commission") assumes any responsibility for the accuracy, completeness and reliability of the Information. This report does not reflect any transactions that may be submitted and not yet registered, or other changes for which the Registrar has not received notice. The user of the Information agrees that the Information is subject to change without notice, and neither the Registrar nor the Commission is responsible for any discrepancies that may result if a transaction is approved for filing after the issuance of this report. Neither the Registrar nor the Commission assumes any responsibility for the consequences of use of the Information, nor for any infringement of third party intellectual property rights which may result from its use. In no event shall the Commission or the Registrar be liable for any direct, indirect, special or incidental damage resulting from, arising out of or in connection with the use of the Information.

A-294

**TERRITORY OF THE BRITISH VIRGIN ISLANDS**
**BVI BUSINESS COMPANIES ACT, 2004**

**CERTIFICATE OF RESTORATION TO THE REGISTER**
**(SECTION 217)**

The REGISTRAR OF CORPORATE AFFAIRS of the British Virgin Islands HEREBY CERTIFIES, that pursuant to the BVI Business Companies Act, 2004, all the requirements of the Act in respect of restoration of a company to the Register of Companies having been complied with,

**MIGNONETTE INVESTMENTS LIMITED**

BVI COMPANY NUMBER **243736**

is restored to the Register of Companies this 27th day of June, 2011.



**REGISTRAR OF CORPORATE AFFAIRS**
27th day of June, 2011

A-295

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



Lolonyon Akouete



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re:<br><br>Westborough SPE LLC<br><br>Debtor | Chapter 7<br>23-40709-CJP |
|---|---|

## ORDER

**MATTER:**

#987 Motion filed by Creditor Lolonyon Akouete to Require Adequate and Constitutional Notice Prior to Approval of Combined Notice of Sale and Settlement.

THE COURT CONSTRUES THE "MOTION TO REQUIRE ADEQUATE AND CONSTITUTIONAL NOTICE PRIOR TO APPROVAL OF COMBINED NOTICE OF SALE AND SETTLEMENTS" [ECF NO. 987] AS THE OBJECTION OF MR. AKOUETE (THE "CONSTRUED OBJECTION") TO THE REQUEST OF THE CHAPTER 7 TRUSTEE TO APPROVE THE FORM OF COMBINED NOTICE REGARDING THE SALE MOTION [ECF NO. 968] AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT [ECF NO. 967].

THE CONSTRUED OBJECTION WILL BE CONSIDERED AT THE FORM OF NOTICE TELEPHONIC HEARING SCHEDULED FOR NOVEMBER 10, 2025 AT 2:30 P.M. SEE HEARING NOTICE AT ECF NO. 972 (TO PARTICIPATE IN THE FORM OF NOTICE HEARING, ATTENDEES SHALL DIAL (646) 828-7666 AND ENTER MEETING ID 160 201 6691 AND PASSCODE 536 553 WHEN PROMPTED).

Dated: 11/10/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**In re:**

**WESTBOROUGH SPE LLC,**

**Chapter 7**
**Case No. 23-40709-CJP**

**Debtor.**

**NOTICE OF:**

**(I) INTENDED PRIVATE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS,**
**(II) DEADLINE FOR FILING OBJECTIONS, AND (III) HEARING DATE**

**AND**

**(I) PROPOSED SETTLEMENT AGREEMENT AND MUTUAL RELEASE,**
**(II) DEADLINE FOR FILING OBJECTIONS, AND (III) HEARING DATE**

To Creditors and Parties in Interest:

NOTICE IS HEREBY GIVEN, pursuant to 11 U.S.C. §§ 105, 363, and 704, Federal Rules of Bankruptcy Procedure 2002 and 6004, and MLBR 2002-1 and 6004-1, that Jonathan R. Goldsmith, the Chapter 7 Trustee (the "Trustee") of the above-captioned debtor (the "Debtor"), intends to sell at private sale (the "Private Sale") all of the Estate's right, title, and interest in certain real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its nominee (the "Buyer") for the sum of Five Million One Hundred Eleven Thousand One Hundred Eleven and 11/100 Dollars $5,111,111.11) (the "Purchase Price") on the terms set forth in the Purchase and Sale Agreement dated November 3, 2025 (the "PSA") by and among the Trustee, the Buyer, and (to a limited extent as noted) the Town of Westborough (the "Town") which PSA is attached as Exhibit A to the *Trustee's Motion for Entry of Order Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "Sale Motion") filed with the Bankruptcy Court on November 4, 2025 as supplemented by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "Supplement").

NOTICE IS FURTHER HEREBY GIVEN, pursuant to 11 U.S.C. §§ 105, 363, and 704, Federal Rules of Bankruptcy Procedure 2002 and 9019, and MLBR 2002-1 and 9019-1, that the proposed Private Sale is subject to and contingent upon allowance and approval of the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual*

1

*Release Pursuant to Fed. R. Bankr. P. 9019* ("Settlement Motion") as supplemented by the Supplement, authorizing and approving the *Settlement Agreement and Mutual Release* ("Settlement Agreement"), both of which the Trustee filed contemporaneously with the Sale Motion.

The Private Sale shall be free and clear of all liens, claims, encumbrances, and interests, pursuant to 11 U.S.C. § 363(f). Liens, claims, encumbrances, and interests shall attach to the proceeds of the sale to the extent of their validity, priority, enforceability and amount. Nothing in this notice constitutes a waiver of the Trustee's right to review and challenge the validity, priority, amount and enforceability of or to seek to avoid any lien, claim, encumbrance, or interest.

The following procedures shall apply to the Sale Motion and the Settlement Motion:

a. Hybrid hearings on the Sale Motion (the "Sale Hearing") and the Settlement Motion (the "Settlement Hearing") will be held on **December 17, 2025 at 2:30 p.m. E.S.T**, before the Honorable Christopher J. Panos, United States Bankruptcy Judge, at the United States Bankruptcy Court, John W. McCormack Post Office and Courthouse, 5 Post Office Square, 12th Floor, Boston, Massachusetts, Courtroom 1 with the option for parties in interest to appear by zoom video.

   To obtain zoom video access information for the hybrid hearings, parties in interest shall email the Courtroom Deputy no later than **December 16, 2025 at 4:30 p.m., E.S.T**, at cjp_courtroom_deputy@mab.uscourts.gov, providing the contact information for the party seeking to appear by video.

   Any party who has filed an objection is expected to be present at the hearing, failing which the objection may be overruled.

b. Any objections to the proposed Private Sale or to approval of the Settlement Agreement shall be filed in writing with the Clerk, United States Bankruptcy Court, 595 Main Street, Suite 311, Worcester, MA 01608 on or before **December 13, 2025 at 11:59 p.m., E.S.T** (the "Objection Deadline").

c. A copy of any timely filed objection must be served upon all parties to the PSA, all parties to the Settlement Agreement, and all others entitled to notice in accordance with the Federal Rules of Bankruptcy Procedure including, without limitation, the Trustee and the undersigned counsel to the Trustee.

d. Any objection to the proposed Private Sale or to approval of the Settlement Agreement must: (a) be in writing; (b) state the legal and factual basis for such objection; (c) comply with the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules; (d) be filed with the Clerk of the Bankruptcy Court; and (e) be properly served pursuant to this Notice so as to be actually received by the Objection Deadline. Any objection shall be governed by Fed. R. Bankr. P. 9014.

2

A-299

e.  The Court may take evidence at the Sale Hearing and at the Settlement Hearing to resolve issues of fact.

f.  At the Sale Hearing and the Settlement Hearing the Court may consider any requests to overrule objections.

g.  If no objection to the Sale Motion or to the Settlement Motion is timely filed, the Court, in its discretion, may cancel the Sale Hearing and the Settlement Hearing and approve the Private Sale and the Settlement Agreement without hearings.

Any questions concerning the intended Private Sale or Settlement Agreement may be directed to the undersigned.

Copies of the Sale Motion with attached PSA, the Settlement Motion, the Settlement Agreement, and the Supplement have been provided with this Notice and additional copies are available at no cost upon request of the undersigned.

Respectfully submitted,
**Jonathan R. Goldsmith, Chapter 7 Trustee**
By his attorney,

/s/ Christine E. Devine
Christine E. Devine (BBO# 566990)
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02052
(508) 533-7240
Dated: November 12, 2025        christine@nicholsondevine.com

3

A-300

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** | |
| **WESTBOROUGH SPE LLC,** | **Chapter 7** |
| | **Case No. 23-40709-CJP** |
| **Debtor.** | |

## CERTIFICATE OF SERVICE

The undersigned, Angelina M. Savoia, hereby certifies that on this day I caused a copy of the following to be served on all parties listed on the attached Service List in the manner noted thereon:[1]

- *Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement and Mutual Release, (II) Deadline for Filing Objections, and (III) Hearing Date* [Dkt. No. 989];

- *Settlement Agreement and Mutual Release* [Dkt. No. 966];

- *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967];

- *Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* [Dkt. No. 968]; and

- *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* [Dkt. No. 978].

---

[1] The Trustee is also in the process of providing notice of the proposed sale and settlement by publication in multiple newspapers and will file a supplemental certificate of service when publication is completed.

A-301

Dated: November 12, 2025

/s/ Angelina M. Savoia, Esq.
Angelina M. Savoia (BBO #715690)
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone: 508-533-7240
Email: angelina@nicholsondevine.com

**CM/ECF Notice List**

The following list of parties and attorneys received electronic notice via the Court's CM/ECF noticing process upon each of the documents having been docketed:

- **Jeffrey T Blake**     jblake@k-plaw.com
- **Paul W. Carey**     pcarey@micricklaw.com, bankrupt@mirickoconnell.com
- **Luis R. Casas**     luis.casasmeyer@akerman.com
- **Jose C. Centeio**     jc@jcfirm.com
- **Brian Charville**     bcharville@ferrisdevelopment.com
- **Christine E. Devine**     christine@nicholsondevine.com, devine.christiner109603@notify.bestcase.com;angelina@nicholsondevine.com;christine_492@ecf.courtdrive.com
- **Jonathan R. Goldsmith**     bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com;intern@gkalawfirm.com;Esq..JonathanR.G.B145355@notify.bestcase.com
- **Jonathan R. Goldsmith**     trusteedocs1@gkalawfirm.com, mwolohan@gkalawfirm.com;trusteedocs@gkalawfirm.com;intern@gkalawfirm.com;MA43@ecfcbis.com
- **Stephen F. Gordon**     sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- **Richard King**     USTPRegion01.WO.ECF@USDOJ.GOV
- **Samual A. Miller**     samual.miller@akerman.com
- **Brian W. Riley**     briley@k-plaw.com
- **Douglas B. Rosner**     drosner@goulstonstorrs.com
- **Angelina M. Savoia**     angelina@nicholsondevine.com, angelina@ecf.courtdrive.com
- **Roger L. Smerage**     rsmerage@k-plaw.com

**First Class Mail, Postage Prepaid per attached Service List**

Service has been made via first class mail, postage prepaid on each person or entity identified on the Service List attached hereto as **Exhibit A**.

**First Class Mail, Postage Prepaid and/or email notice provided as noted[2]**

Additionally, the following parties and attorneys have been served as noted:

| Lolonyon Akouete | Interested Party | Via Email and |
|---|---|---|
| 800 Red Mills Rd | | via First Class mail per Exhibit A |
| Wallkill, NY 12589 | | |
| info@smartinvestorsllc.com | | |

---

[2] The Trustee reserves all rights regarding the parties to whom the Trustee is providing notice herein and nothing in the descriptions in this certificate shall be deemed an admission of any party's interest.

| Denise Edwards<br>137 North 25th Street<br>Wyandanch, NY 11798<br>deniseedwards818@yahoo.com | Interested Party | Via Email and<br>via First Class mail per Exhibit A |
|---|---|---|
| Mark S. Lichtenstein, Esq<br>Akerman LLP<br>1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020<br>mark.lichtenstein@akerman.com | Counsel to Babcock & Brown | Via Email and<br>via First Class mail per Exhibit A |
| Lenard Benson Zide, Esq<br>Butters Brazilian LL<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com | Counsel to MobileStreet Trust | Via Email and<br>via First Class mail per Exhibit A |
| Jonathan La Liberte, Esq.<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com | Counsel to Sherin and Lodgen LLP | Via Email |
| Sivanjali Karalasingham<br>Emily Barrett<br>Johnson Winter Slattery<br>GPO Box 9831<br>Sydney, 2000<br>Australia<br>Sivanjali.Karalasingham@jws.com.au<br>Emily.Barrett@jws.com.au | Counsel to David Lombe, the liquidator of Babcock & Brown Limited | Via Email |
| Christopher Mulhearn, Esq.<br>Law Office of Christopher M. Mulhearn, Inc.<br>100 Centerville Road, Suite 1<br>Warwick, RI  02886<br>cmulhearn@mulhearnlawri.com | Counsel to LAX Media MA | Via Email and<br>Via First Class Mail per Exhibit A |
| Peter Nicosia, Esq.<br>Nicosia & Associates, PC<br>PO Box 721, 259 Middlesex Rd.<br>Tyngsboro, MA 01879<br>nicosia@nicosia-associates.com | Counsel to Proposed Buyer | Via Email and<br>Via First Class Mail per Exhibit A |
| Mignonette Investments Limited<br>2 Harrison Street, 6th Floor<br>San Francisco, CA 94105 | Potential equity holder of Debtor | Via First Class Mail per Exhibit A |
| Mignonette Investments Limited<br>Tropic Isle Building<br>PO Box 438<br>Road Town Tortola<br>British Virgin Islands | Potential equity holder of Debtor | Via First Class Mail per Exhibit A |
| Mignonette Investments Limited<br>c/o Claudette I. Francis<br>Tropic Isle Building<br>PO Box 438<br>Road Town Tortola<br>British Virgin Islands | Potential equity holder of Debtor | Via First Class Mail per Exhibit A |

| | | |
|---|---|---|
| PENAGO PTY LTD<br>c/o QUANTUM PARTNERS<br>Suite 1 Level 1, 95-97 Grafton Street<br>Bondi Junction NSW 2022<br>Australia | Potential equity holder of<br>Mignonette Investments Ltd | Via First Class Mail per Exhibit A |
| PENAGO PTY LTD<br>c/o Paul Platus<br>15 St Leonards Avenue<br>St. Kilda VIC 3182<br>Australia | Potential equity holder of<br>Mignonette Investments Ltd | Via First Class Mail per Exhibit A |
| PENAGO PTY LTD<br>c/o Phillip Hartley Green<br>1C Wentworth Place<br>Point Piper NSW 2027<br>Australia | Potential equity holder of<br>Mignonette Investments Ltd | Via First Class Mail per Exhibit A |
| PENAGO PTY LTD<br>PO Box 2480<br>Bondi Junction NSW 1355<br>Australia | Potential equity holder of<br>Mignonette Investments Ltd | Via First Class Mail per Exhibit A |
| Phillip Hartley Green<br>1C Wentworth Place<br>Point Piper NSW 2027<br>Australia | Potential interested party regarding<br>Mignonette Investments Ltd and<br>Penago Pty Ltd | Via First Class Mail per Exhibit A |
| Milly Green<br>Unit 22, 17-19 Gowrie Avenue<br>Bondi Junction NSW 2022<br>Australia | Potential interested party regarding<br>Mignonette Investments Ltd and<br>Penago Pty Ltd | Via First Class Mail per Exhibit A |
| Phillip Green<br>Alceon Group Pty Limited<br>Level 26, 1 O'Connell Street<br>Sydney, New South Wales 2000<br>Australia<br>Phil.Green@alceon.com.au | Potential interested party regarding<br>Mignonette Investments Ltd and<br>Penago Pty Ltd | Via Email and<br>First Class Mail per Exhibit A |
| ABRAXAS INTERNATIONAL<br>LIMITED<br>36/F, Tower Two<br>Times Square, 1 Matheson Street<br>Causeway Bay<br>Hong Kong | Potential Interested Party identified<br>by Mr. Akouete | Via First Class Mail per Exhibit A |
| JULIE IP, ESQ.<br>31/F, Tower Two,<br>Times Square, 1 Matheson Street<br>Causeway Bay<br>Hong Kong<br>julie.ip@tmf-group.com | Potential Interested Party identified<br>by Mr. Akouete | Via Email and<br>First Class Mail per Exhibit A |
| Mignonette Investments Limited<br>c/o Insinger De Beaufort<br>16/F, Standard Chartered Bank<br>Building<br>4-4A Des Voeux Road<br>Hong Kong | Potential equity holder of<br>Mignonette Investments Ltd | Via First Class Mail per Exhibit A |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101 | Taxing Authority | Via First Class Mail per Exhibit A |

| Massachusetts Dept of Revenue Bankruptcy Unit PO Box 7090 Boston, MA 02114-9564 | Taxing Authority | Via First Class Mail per Exhibit A |
|---|---|---|
| Virgin Islands International Tax Authority Peace House, Pickering Drive, Road Town, Tortola VG 1110 Virgin Islands | Taxing Authority | Via First Class Mail per Exhibit A |
| Duncan Chapman Keller Williams North Central Realty 670 Mechanic St Leominster MA 01453 | Commercial Real Estate Broker | Via First Class Mail per Exhibit A |
| Jammie Geddis Keller Williams North Central Realty 670 Mechanic St Leominster MA 01453 | Commercial Real Estate Broker | Via First Class Mail per Exhibit A |
| Glickman Kovago & Jacobs Attn: James Glickman, Principal 1 Mercantile Street, Suite 510 Worcester, MA 01608 | Commercial Real Estate Broker | Via First Class Mail per Exhibit A |
| Kelleher & Sadowsky Attn: William D. Kelleher, IV, Managing Partner 120 Front Street Worcester, MA 01608 | Commercial Real Estate Broker | Via First Class Mail per Exhibit A |
| Connect United Inc. c/o Matt Cuneo NAI Parsons Commercial Group Boston matt.cuneo@svn.com | Bidder for Property | Via Email |
| Pulte Homes of New England LLC c/o Mike Travaline Vice President of Land Acquisition Michael.Travaline@Pulte.com | Bidder for Property | Via Email |
| Enjoi 77 Holdings LLC c/o Zach Feldman zf@e77h.com | Bidder for Property | Via Email |

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

WESTBOROUGH SPE LLC

CASE NO: 23-40709-CJP

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 7
ECF Docket Reference No. 989

On 11/12/2025, I did cause a copy of the following documents, described below,

Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement ECF Docket Reference No. 989

Settlement Agreement and Mutual Release 966

Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 967

Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief 968

Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968] 978

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 11/12/2025

/s/ /s/ Angelina M. Savoia
/s/ Angelina M. Savoia  715690

Nicholson Devine LLC
21 Bishop Allen Drive

A-308

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

WESTBOROUGH SPE LLC

CASE NO: 23-40709-CJP

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 7
ECF Docket Reference No. 989

On 11/12/2025, a copy of the following documents, described below,

Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement ECF Docket Reference No. 989

Settlement Agreement and Mutual Release 966

Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 967

Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief 968

Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968] 978

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto ___ Declaration of Certificate of Service and that it is true and correct to the best of my knowledge.

DATED: 11/12/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
/s/ Angelina M. Savoia
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA  02139

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

A-309

LOLONYON AKOUETE
800 RED MILLS RD
WALLKILL NY 12589

DENISE EDWARDS
137 NORTH 25TH STREET
WYANDANCH NY 11798

MARK S LICHTENSTEIN ESQ
AKERMAN LLP
1251 AVENUE OF THE AMERICAS
37TH FLOOR
NEW YORK NY 10020

LENARD BENSON ZIDE ESQ
BUTTERS BRAZILIAN LL
420 BOYLSTON STREET 4TH FLOOR
BOSTON MA 02116

CHRISTOPHER MULHEARN ESQ
LAW OFFICE OF CHRISTOPHER M MULHEARN INC
100 CENTERVILLE ROAD SUITE 1
WARWICK RI  02886

PETER NICOSIA ESQ
NICOSIA  ASSOCIATES PC
PO BOX 721 259 MIDDLESEX RD
TYNGSBORO MA 01879

INTERNATIONAL

INTERNATIONAL

MIGNONETTE INVESTMENTS LIMITED
2 HARRISON STREET 6TH FLOOR
SAN FRANCISCO CA 94105

MIGNONETTE INVESTMENTS LIMITED
TROPIC ISLE BUILDING
PO BOX 438
ROAD TOWN TORTOLA
BRITISH VIRGIN ISLANDS

MIGNONETTE INVESTMENTS LIMITED
CO CLAUDETTE I FRANCIS
TROPIC ISLE BUILDING
PO BOX 438
ROAD TOWN TORTOLA
BRITISH VIRGIN ISLANDS

INTERNATIONAL

INTERNATIONAL

INTERNATIONAL

PENAGO PTY LTD
CO QUANTUM PARTNERS
SUITE 1 LEVEL 1 95-97 GRAFTON STREET
BONDI JUNCTION NSW 2022
AUSTRALIA

PENAGO PTY LTD
CO PAUL PLATUS
15 ST LEONARDS AVENUE
ST KILDA VIC 3182
AUSTRALIA

PENAGO PTY LTD
CO PHILLIP HARTLEY GREEN
1C WENTWORTH PLACE
POINT PIPER NSW 2027
AUSTRALIA

INTERNATIONAL

INTERNATIONAL

INTERNATIONAL

PENAGO PTY LTD
PO BOX 2480
BONDI JUNCTION NSW 1355
AUSTRALIA

PHILLIP HARTLEY GREEN
1C WENTWORTH PLACE
POINT PIPER NSW 2027
AUSTRALIA

MILLY GREEN
UNIT 22 1719 GOWRIE AVENUE
BONDI JUNCTION NSW 2022
AUSTRALIA

INTERNATIONAL

INTERNATIONAL

INTERNATIONAL

PHILLIP GREEN
ALCEON GROUP PTY LIMITED
LEVEL 26 1 OCONNELL STREET
SYDNEY NEW SOUTH WALES 2000
AUSTRALIA

ABRAXAS INTERNATIONAL LIMITED
36F TOWER TWO
TIMES SQUARE 1 MATHESON STREET
CAUSEWAY BAY
HONG KONG

JULIE IP ESQ
31F TOWER TWO
TIMES SQUARE 1 MATHESON STREET
CAUSEWAY BAY
HONG KONG

INTERNATIONAL

MIGNONETTE INVESTMENTS LIMITED
CO INSINGER DE BEAUFORT
16F STANDARD CHARTERED BANK BUILDING
4-4A DES VOEUX ROAD
HONG KONG

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101

MASSACHUSETTS DEPT OF REVENUE
BANKRUPTCY UNIT
PO BOX 7090
BOSTON MA 02114-9564

INTERNATIONAL

VIRGIN ISLANDS INTERNATIONAL TAX AUTHORITY
PEACE HOUSE PICKERING DRIVE
ROAD TOWN TORTOLA VG 1110
VIRGIN ISLANDS

DUNCAN CHAPMAN
KELLER WILLIAMS NORTH CENTRAL REALTY
670 MECHANIC ST
LEOMINSTER MA 01453

JAMMIE GEDDIS
KELLER WILLIAMS NORTH CENTRAL REALTY
670 MECHANIC ST
LEOMINSTER MA 01453

CASE INFO

GLICKMAN KOVAGO  JACOBS
ATTN JAMES GLICKMAN PRINCIPAL
1 MERCANTILE STREET SUITE 510
WORCESTER MA 01608

KELLEHER  SADOWSKY
ATTN WILLIAM D KELLEHER IV MANAGING PARTNER
120 FRONT STREET
WORCESTER MA 01608

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 23-40709-CJP
DISTRICT OF MASSACHUSETTS
WED NOV 12 12-9-47 PST 2025

EXCLUDE

(U)BABCOCK  BROWN HOLDINGS  INC

EXCLUDE

(U)BABCOCK  BROWN INTERNATIONAL PTY LTD

EXCLUDE

(U)CALIFORNIA STATE CONTROLLERS OFFICE

EXCLUDE

(U)FERRIS DEVELOPMENT GROUP  LLC

GOULSTON  STORRS PC
ONE POST OFFICE SQUARE
BOSTON  MA 02109-2115

NATHANSON  GOLDBERG  PC
183 STATE STREET  5TH FL
BOSTON  MA 02109-2666

THE MOBILESTREET TRUST
12 COLE ROAD
WAYLAND  MA 01778-3145

EXCLUDE

(U)TOWN OF WESTBOROUGH

DEBTOR

WESTBOROUGH SPE LLC
231 TURNPIKE ROAD
WESTBOROUGH  MA 01581-2807

EXCLUDE

WORCESTER
U S BANKRUPTCY COURT
595 MAIN STREET
WORCESTER  MA 01600-2060

ALLEN HIGHT
THE MOBILESTREET TRUST
12 COLE ROAD
WAYLAND  MA 01778-3145

DARIN CLAGG
24 KOBBS KORNER RD
PINE BUSH  NY 12566-5302

EXCLUDE

(D)DARIN CLAGG
24 KOBBS KORNER RD
PINE BUSH  NY 12566-5302

DAVID M FERRIS
FERRIS DEVELOPMENT GROUP  LLC
118 TURNPIKE RD  STE 300
SOUTHBOROUGH  MA 01772-2133

DENISE EDWARDS
137 NORTH 25TH STREET
WYANDANCH  NEW YORK  11798  11798-2002

FERRIS DEVELOPMENT GROUP  LLC
CO PAUL W CAREY  ESQ
MIRICK OCONNELL
100 FRONT STREET
WORCESTER  MA 01608-1425

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA  PA 19101-7346

(P)LOLONYON AKOUETE
ATTN WESTBOROUGH SPE LLC
800 RED MILLS RD
WALLKILL NY 12589-3220

LOLONYON AKOUETTE
800 RED MILES RD
WALLKILL  NY 12589-3220

MATTHEW A MORRIS SHERIN AND LODGEN LLP
101 FEDERAL STREET  30TH FLOOR
BOSTON  MA 02110-2109

NATHANSON  GOLDBERG  PC
ATTN  SCOTT SCHLAGER
183 STATE STREET  5TH FL
BOSTON  MA 02109-2666

SCOTT A SCHLAGER
NATHANSON  GOLDBERG  PC
183 STATE STREET  5TH FLOOR
BOSTON  MA 02109-2666

THE MOBILESTREET TRUST
225 TURNPIKE ROAD
WESTBOROUGH  MA 01581-2807

TOWN OF WESTBOROUGH
34 WEST MAIN STREET
WESTBOROUGH  MA 01581-1998

WALTER HORST
BABCOCK  BROWN
1264 RIMER DRIVE
MORAGA  CA 94556-1727

COREY GUSTAFSON
CORE VALUES APPRAISAL  ADVISORY  INC
60 SURRY DRIVE
COHASSET  MA 02025-1024

CRAIG R JALBERT
AS LIQUIDATING SUPERVISOR
VERDOLINO  LOWEY PC
124 WASHINGTON STREET
FOXBOROUGH  MA 02035-1368

EXCLUDE

DENISE EDWARDS
137 NORTH 25TH STREET
WYANDANCH  NY 11798-2002

(U)DYANN BLAINE

JONATHAN R GOLDSMITH
GOLDSMITH  KATZ  ARGENIO  PC
1350 MAIN STREET
SUITE 1505
SPRINGFIELD  MA 01103-1676

EXCLUDE

(D)(P)LOLONYON AKOUETE
ATTN WESTBOROUGH SPE LLC
800 RED MILLS RD
WALLKILL NY 12589-3220

EXCLUDE

(D)(P)LOLONYON AKOUETE
ATTN WESTBOROUGH SPE LLC
800 RED MILLS RD
WALLKILL NY 12589-3220

EXCLUDE

(U)PETER BLAUSTEIN

EXCLUDE

(U)WALTER A HORST

RICHARD KING
OFFICE OF US TRUSTEE
446 MAIN STREET
14TH FLOOR
WORCESTER  MA 01608-2361

A-312



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:** | |
| **Westborough SPE LLC** | **Chapter 7** |
| **Debtor(s)** | **23-40709-CJP** |

### PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts Expedited Determination Requested Regarding Approval of Form of Combined Notice.

**Decision set forth as follows:**

THE REQUEST TO APPROVE THE FORM OF COMBINED NOTICE REGARDING THE SALE MOTION [ECF NO. 968] AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT [ECF NO. 967] IS GRANTED AND THE FORM OF NOTICE IS APPROVED AS DESCRIBED ON THE RECORD. THE COURT WILL HOLD A COMBINED HEARING ON THE APPROVAL OF THE PRIVATE SALE AND THE MOTION TO APPROVE THE SETTLEMENT AGREEMENT (TOGETHER, THE "MOTIONS") ON DECEMBER 17, 2025 AT 2:30 P.M. IN COURTROOM 1, 12TH FLOOR, JOHN W. MCCORMACK POST OFFICE AND COURT HOUSE, 5 POST OFFICE SQUARE, BOSTON, MA WITH AN OPTION FOR PARTIES IN INTEREST TO APPEAR BY ZOOM VIDEO. PARTIES IN INTEREST SEEKING TO APPEAR BY VIDEO AT THE CONTINUED HYBRID HEARING SHALL EMAIL THE COURTROOM DEPUTY AT CJP_COURTROOM_DEPUTY@MAB.USCOURTS.GOV NO LATER THAN DECEMBER 16, 2025 AT 4:30 P.M., PROVIDING THE CONTACT INFORMATION FOR THE PARTY SEEKING TO APPEAR BY VIDEO. THE DEADLINE TO OBJECT TO THE MOTIONS IS DECEMBER 13, 2025 AT 11:59 P.M. EASTERN TIME. IN SERVING THE COMBINED NOTICE ON ALL PARTIES ENTITLED TO NOTICE, THE TRUSTEE WILL ALSO SERVE ADDRESSES OF POTENTIAL REPRESENTATIVES OF MIGNONNETE INVESTMENTS LIMITED AS IDENTIFIED AT THE HEARING AND SHALL USE GOOD FAITH EFFORTS TO DETERMINE WHETHER THERE IS REASONABLE NOTICE THAT CAN BE PROVIDED IN A NATIONAL PUBLICATION IN AUSTRALIA.

Dated: 11/18/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

A-313



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| **Westborough SPE LLC** **Debtor(s)** | **Chapter 7** 23-40709-CJP |

## PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#977 Motion filed by Creditor Lolonyon Akouete For Expedited Hearing and Shortened Notice Period Regarding Sale and Settlement Motions and Statement of Operating Agreement Compliance Re: #967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 Re: 966 Settlement Agreement and Re: 968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts.

**Decision set forth as follows:**

DENIED WITHOUT PREJUDICE FOR THE REASONS STATED ON THE RECORD.

Dated: 11/20/2025

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

A-314

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

**TRUSTEE'S NOTICE OF PUBLICATION REGARDING PROPOSED
SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS
AND PROPOSED SETTLEMENT AGREEMENT**

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Westborough SPE LLC (the "Debtor"), and, in compliance with the Proceeding Memorandum and Order of this Court dated November 18, 2025 [Dkt. No. 992] hereby provides notice that the Trustee has published reasonable notice of the Trustee's proposed sale of the bankruptcy estate's interest in real property at 231 Turnpike Road, Westborough, MA for $5,111,111.11 (the "Sale") and the proposed settlement and payment of certain claims per a proposed Settlement Agreement ("Settlement") as follows:

1. On November 20, 2025 publication of the proposed Sale and proposed Settlement ran in the Boston Globe (See **Exhibit A**);

2. On November 20, 2025 publication of the proposed Sale and the proposed Settlement ran in the national publication of The Wall Street Journal (See **Exhibit B**); and

3. On November 20, 2025 publication of the proposed Sale and the proposed Settlement ran in The Australian, a national Australian circulation newspaper (See **Exhibit C**).

A-315

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by his counsel,


    /s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Angelina M. Savoia, BBO# 715690
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:  508-533-7240

Dated: December 4, 2025               Email:  christine@nicholsondevine.com

2

Case 23-10737-CTG Case 23-10737 Doc 10 Filed 12/04/23 Doc 1054-1 Entered 12/04/23 10:56:47 Filed 12/04/25 Desc Main Page 32 of 520

Document    Page 3 of 13

# EXHIBIT A

## TO **GLOBE NEWSPAPER CO., INC.,**

For Advertising in the Boston Globe

**Miller Advertising**

## **Legal Notice**



**BANKRUPTCY SALE NOTICE**
Jonathan Goldsmith, Ch. 7 bankruptcy trustee of Westborough SPE LLC (Mass. Bankr. Case No. 23-40709) gives notice of a proposed sale of the bankruptcy estate's interest in real property at 231 Turnpike Road, Westborough, MA for $5,111,111.11 (Sale) and the proposed settlement and payment of certain claims per a proposed Settlement Agreement (Settlement). Any objection to the Sale or Settlement must be filed with the Mass Bankruptcy Court (Court) by December 13, 2025 at 11:59 p.m., E.S.T. The Court will conduct a hearing on the Sale and Settlement on December 17, 2025 at 2:30 p.m. E.S.T. Objections must comply with the Court-approved Sale Notice. For copies of all relevant documents, including the Sale Notice, contact Trustee's counsel, Christine Devine at 508-533-7240 or christine@nicholsondevine.com.

I, Jennifer Sunderland, hereby certify that I am a Classified Advertising Sales Representative of the Boston Globe, Media Partners, LLC., publishers of the Boston Globe; that the above advertisement has been inserted in said newspaper one time on Thursday, November 20, 2025 and that it is charged at the usual rates.

Boston, Mass – Dec 2, 2025

Personally appeared before me and made oath that the above statement subscribed to him is true........

Suffolk ss.

Christopher M. Zito
NOTARY PUBLIC
Commonwealth of
Massachusetts
My Commission Expires
November 8, 2030

Notary Public.
My Commission Expires    11 8-2030

Ad# 759529/Bankruptcy Sale Notice 231 Turnpike St Westborough, MA

A-318

# EXHIBIT B

# AFFIDAVIT

STATE OF NEW JERSEY                )
                                   ) ss:
CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )

I, Keith Oechsner, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1   insertion(s) on the following date(s):

NOV-20-2025;

ADVERTISER: Y059 GOLDSMITH, KATZ & ARGENIO, P.C;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
20   day of   November    2025

Notary Public



A-320

# NEW HIGHS AND LOWS

WSJ.com/newhighs

The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE American and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session. **% CHG**-Daily percentage change from the previous trading session.

**Wednesday, November 19, 2025**

## Highs

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| Albemarle | ALB | 127.07 | 3.5 |
| AlbemarlePfdA | ALBpA | 53.52 | 2.9 |
| AlgonquinNt2079 | AQNB | 25.80 | 0.2 |
| Alphabet A | GOOGL | 303.81 | 3.0 |
| Alphabet C | GOOG | 304.25 | 2.8 |
| AltoIngred | ALTO | 2.19 | 4.9 |
| AltoNeurosci | ANRO | 15.78 | 5.4 |
| AmericaMovil | AMX | 23.68 | -0.8 |
| ArcutisBiotherap | ARQT | 28.96 | 2.2 |
| Argan | AGX | 366.46 | 4.2 |
| ArisMining | ARMN | 12.01 | 1.0 |
| AssemblyBiosci | ASMB | 38.37 | 5.9 |
| Axogen | AXGN | 25.83 | 5.2 |
| BankJamesFinl | BOTJ | 17.90 | 0.5 |
| BarrickMining | B | 38.78 | ... |
| BlueAcqnA | BACC | 10.44 | 1.7 |
| BlueAcqnRt | BACCR | 0.48 | 77.3 |
| BlueAcqn | BACCU | 10.76 | 2.3 |
| BrukerPfdA | BRKRP | 340.08 | 1.7 |
| CACI Intl | CACI | 612.34 | 0.9 |
| CalRedwoodAcqn | CRAQU | 10.59 | 1.1 |
| CalisaAcqn | ALISU | 10.10 | -0.1 |
| CardinalHealth | CAH | 209.57 | 0.3 |
| CidaraTherap | CDTX | 219.64 | 0.3 |
| ClearwayEnergyC | CWEN | 36.89 | -0.6 |
| ClearwayEnergyA | CWEN.A | 34.70 | -0.6 |
| Coca-ColaCon | COKE | 164.91 | 1.3 |
| CompassTherap | CMPX | 5.11 | -0.6 |
| ConnectBio | CNTB | 3.20 | 22.6 |
| DivrsHlthcrNts42 | DHCNI | 17.41 | -1.9 |
| DycomInds | DY | 350.00 | 9.8 |
| DynamixIII | DNMXU | 10.20 | ... |
| ExactSciences | EXAS | 89.67 | 23.7 |
| FIGXCapitalWt | FIGXW | 0.35 | -3.2 |
| FinwardBancorp | FNWD | 36.41 | 0.5 |
| FulcrumTherap | FULC | 12.19 | 18.3 |
| G Willi-Food | WILC | 24.25 | 2.1 |
| Genfit | GNFT | 4.93 | 2.5 |
| GileadSciences | GILD | 128.10 | 0.7 |
| Gloo | GLOO | 8.48 | 1.3 |
| GuardantHealth | GH | 105.27 | 4.2 |
| HCA Healthcare | HCA | 484.31 | 0.6 |
| HarvardAveAcqn | HAVAU | 10.02 | ... |
| HorizonSpaceII | HSPT | 10.45 | 0.5 |
| HycroftMining | HYMC | 11.18 | 1.5 |
| Imax | IMAX | 37.21 | 1.8 |
| Indivior | INDV | 32.71 | 1.1 |
| Insmed | INSM | 205.11 | 1.0 |
| Intellicheck | IDN | 7.29 | 5.9 |
| J&J | JNJ | 203.48 | 1.3 |
| KY FirstFedBncp | KFFB | 4.90 | 6.6 |
| KnotOffshore | KNOP | 10.23 | 4.0 |
| Legence | LGN | 45.75 | -1.1 |
| EliLilly | LLY | 1055.59 | 1.9 |
| LionheartA | CUB | 10.65 | 0.3 |
| LithiumArgentina | LAR | 5.58 | 13.4 |
| Loews | L | 105.68 | 0.2 |
| Lumentum | LITE | 280.22 | 8.7 |
| MBX Biosci | MBX | 28.13 | 3.9 |
| MazeTherap | MAZE | 36.50 | 7.0 |
| Medtronic | MDT | 102.59 | -0.5 |
| Natera | NTRA | 220.53 | 2.2 |
| NaturalGasSvcs | NGS | 31.47 | 3.3 |
| NewAmstPharmaWt | NAMSW | 29.96 | 5.8 |
| NewburyStII A | NTWO | 10.45 | -0.1 |
| NuvationBio | NUVB | 7.35 | 49.0 |
| OutfrontMedia | OUT | 22.70 | -0.7 |
| OldRepublic | ORI | 45.07 | 0.8 |
| 1stdibs.com | DIBS | 5.34 | 9.6 |
| Owlet | OWLT | 12.59 | 0.2 |
| OxleyBridgeWt | OBAWW | 0.29 | 0.8 |
| PalvellaTherap | PVLA | 98.09 | 16.8 |
| PantagesCapAcqnRt | PGACR | 0.38 | 59.0 |
| PantagesCapAcqn | PGAC | 10.40 | 0.5 |
| PediatrixMedical | MD | 23.43 | -0.1 |
| Precipio | PRPO | 27.29 | 12.3 |
| RelmadaTherap | RLMD | 5.12 | -2.1 |
| RevolutionMed | RVMD | 71.62 | -0.1 |
| RevolutionMedWt | RVMDW | 0.55 | 5.6 |
| Ridgetech | RDGT | 5.07 | 28.0 |
| RigelPharm | RIGL | 47.26 | -9.8 |
| RisingDragon | RDAC | 16.43 | 6.8 |
| RisingDragonAcqnUn | RDACU | 16.00 | 7.3 |
| SCE IV Pfd | SCEpJ | 25.41 | 3.7 |
| SIMAcqnIA | SIMA | 10.64 | 0.9 |
| Savara | SVRA | 4.86 | 10.3 |
| ScrippsEW | SSP | 4.90 | -3.2 |
| Seaboard | SEB | 4219.30 | 3.2 |
| SenecaFoods B | SENEB | 124.94 | -1.5 |
| SeresTherap | MCRB | 29.65 | 15.9 |
| SOQUIMICH | SQM | 64.60 | 6.2 |
| StellarVCapA | SVCC | 10.42 | 0.5 |
| StructureTherap | GPCR | 40.29 | 5.8 |
| SunocoCorp | SUNC | 53.79 | 1.3 |
| TJX | TJX | 151.00 | 0.2 |
| TechCreate | TCGL | 5.50 | 1.3 |
| TelekomIndns | TLK | 21.62 | 0.2 |
| TernsPharm | TERN | 28.25 | -1.6 |
| UroGenPharma | URGN | 25.60 | 7.3 |
| Ventas | VTR | 80.30 | 0.2 |
| VillageFarms | VFF | 4.08 | -3.2 |
| vTvTherap | VTVT | 33.16 | 7.1 |
| WeShop | WSHP | 250.00 | 506.1 |

## Lows

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| ABMIndustries | ABM | 40.00 | ... |
| ACCO Brands | ACCO | 3.29 | -0.9 |
| AIM Immuno | AIM | 1.30 | ... |
| AIRO | AIRO | 8.60 | -10.0 |
| AMTD Digital | HKD | 1.43 | -4.0 |
| ARS Pharm | SPRY | 6.94 | 0.1 |
| ASGN | ASGN | 40.24 | -2.2 |
| AcadiaHlthcr | ACHC | 14.30 | -4.5 |
| Accuray | ARAY | 0.91 | -4.8 |
| Aclarion | ACON | 5.87 | -3.9 |
| Aditxt | ADTX | 3.48 | -14.7 |
| Adobe | ADBE | 315.18 | -2.0 |
| AdvFlowerCap | AFCG | 2.69 | -2.8 |
| AdvantageSolns | ADV | 1.03 | -3.7 |
| AethlonMedical | AEMD | 3.53 | -10.2 |
| agilon health | AGL | 0.51 | -6.3 |
| AgiosPharm | AGIO | 22.24 | -50.9 |
| Ainos | AIMD | 2.02 | -9.4 |
| AIRWA | YYAI | 1.02 | -1.9 |
| Akanda | AKAN | 0.88 | -10.4 |
| AlamoGroup | ALG | 156.68 | -2.1 |
| AlaskaAir | ALK | 38.28 | -1.1 |
| AlexandriaRlEst | ARE | 49.30 | -2.5 |
| Algorhythm | RIME | 1.36 | -23.2 |
| Alight | ALIT | 1.94 | -1.0 |
| AllianceLaundry | ALH | 23.15 | -1.7 |
| AlliedGaming | AGAE | 0.40 | 5.3 |
| AlphaModusA | AMOD | 0.82 | -6.2 |
| AlphaTONCap | ATON | 2.72 | -2.1 |
| AmbiqMicro | AMBQ | 22.81 | 2.1 |
| AmericanRebel | AREB | 1.01 | -4.5 |
| AmericanWoodmark | AMWD | 47.15 | 1.2 |
| AmericoldRealty | COLD | 10.26 | -3.8 |
| Angi | ANGI | 10.25 | -2.3 |
| ApexTreasuryA | APXT | 9.89 | -0.2 |
| ApexTreasuryWt | APXTW | 0.26 | -27.8 |
| AptevoTherap | APVO | 1.21 | -7.6 |
| ArcturusTherap | ARCT | 6.02 | -8.8 |
| ArgoBlockchainNts | ARBKL | 1.05 | -4.0 |
| ArmadaHoffler | AHH | 6.01 | -2.4 |
| AshfordHosp | AHT | 3.80 | -3.3 |
| AstranaHealth | ASTH | 20.72 | 3.0 |
| Aterian | ATER | 0.70 | 2.8 |
| aTyrPharma | ATYR | 0.67 | -3.7 |
| Auddia | AUUD | 1.05 | ... |
| Auna | AUNA | 4.82 | -4.1 |
| AuroraInnovWt | AUROW | 0.24 | 7.7 |
| ADP | ADP | 247.18 | 0.3 |
| AvaxOneTech | AVX | 1.43 | -8.0 |
| Azitra | AZTR | 0.31 | -3.9 |
| Bark | BARK | 0.69 | -2.2 |
| BankofAmPfd1 | BMLpG | 19.57 | 0.5 |
| BankofAmPfdE | BACpE | 19.90 | -0.2 |
| BankofAmPfd4 | BMLpJ | 19.83 | -1.4 |
| BankofAmPfdL | BMLpL | 19.14 | -0.8 |
| BanzaiIntl | BNZI | 1.19 | -9.0 |
| Barnes&NobleEduc | BNED | 6.63 | -6.6 |
| bioAffinityTech | BIAF | 1.42 | ... |
| BiodexaPharm | BDRX | 3.58 | -16.1 |
| BiomeaFusion | BMEA | 1.06 | -6.8 |
| BiomX | PHGE | 0.25 | -5.2 |
| Biote | BTMD | 2.38 | -4.0 |
| BioVieWt | BIVIW | 0.20 | 4.0 |
| BioVie | BIVI | 1.36 | -4.2 |
| BlackRockCoffee | BRCB | 19.39 | -5.7 |
| Bloomin'Brands | BLMN | 6.08 | -2.7 |
| BlueFoundryBncp | BLFY | 7.61 | -0.6 |
| BlueHatInt | BHAT | 1.24 | -0.8 |
| BlueOwlCapital | OBDC | 11.65 | 1.9 |
| BlueOwlCapital | OWL | 13.25 | -0.9 |

# Biggest 1,000 Stocks | WSJ.com/stocks

Continued From Page B5

| Stock | Sym | Close | Net Chg |
|---|---|---|---|
| IronMountain | IRM | 86.70 | -2.58 |
| ItauUnibanco | ITUB | 7.46 | -0.06 |
| **J K L** | | | |
| JBS | JBS | 13.66 | -0.14 |
| JD.com | JD | 28.88 | -0.57 |
| JPMorganChase | JPM | 303.27 | 3.86 |
| Jabil | JBL | 200.09 | 1.21 |
| JackHenry | JKHY | 165.80 | 1.86 |
| JacobsSolns | J | 145.05 | -5.71 |
| JamesHardie | JHX | 17.91 | 0.08 |
| JazzPharm | JAZZ | 176.08 | -4.44 |
| JefferiesFinl | JEF | 54.76 | 1.53 |
| JobyAviation | JOBY | 13.67 | -0.26 |
| J&J | JNJ | 202.51 | 2.51 |
| JohnsonControls | JCI | 114.42 | -0.02 |
| JonesLang | JLL | 303.26 | 5.98 |
| KB Financial | KB | 83.83 | -0.31 |
| KE Holdings | BEKE | 16.80 | 0.17 |
| KKR | KKR | 117.50 | 3.32 |
| KLA | KLAC | 1167.46 | 44.37 |
| Kanzhun | BZ | 21.00 | 0.21 |
| Kaspi.kz | KSPI | 72.80 | -0.02 |
| Kellanova | K | 83.42 | -0.05 |
| Kenvue | KVUE | 16.06 | -0.17 |

Continued on Page B8

# Mutual Funds

Data provided by LSEG

**NOTICE TO READERS**

Data as of **Tuesday, November 18, 2025**. Up-to-date mutual-fund data can be found online at **www.wsj.com/market-data.**

Top 250 mutual-funds listings for Nasdaq-published share classes by net assets.

**e**-Ex-distribution. **f**-Previous day's quotation. **g**-Footnotes x and s apply. **j**-Footnotes e and s apply. **k**-Recalculated by LSEG, using updated data. **p**-Distribution costs apply, 12b-1. **r**-Redemption charge may apply. **s**-Stock split or dividend. **t**-Footnotes p and r apply. **v**-Footnotes x and e apply. **x**-Ex-dividend. **z**-Footnote x, e and s apply. **NA**-Not available due to incomplete price, performance or cost data. **NE**-Not released by LSEG; data under review. **NN**-Fund not tracked. **NS**-Fund didn't exist at start of period.

| Fund | NAV | Net Chg | YTD % Ret |
|---|---|---|---|
| **AB Funds** | | | |
| MuniIncmShares | 11.21 | ... | 4.6 |
| **AB Funds - ADV** | | | |
| LgCpGrAdv | 120.63 | -1.33 | 10.3 |
| **American Century Inv** | | | |
| Grwth | 65.11 | -0.92 | 12.3 |
| Ultra | 103.07 | -1.23 | 10.4 |
| **American Funds Cl A** | | | |
| NwWrldA | 95.42 | -0.98 | 23.8 |
| SmCpA | 72.73 | -0.37 | 8.0 |
| WshA | 66.06 | -0.23 | 13.0 |
| **Artisan Funds** | | | |
| IntlVal Inst | 54.19 | -0.57 | 16.6 |
| **Baird Funds** | | | |
| AggBdInst | 9.98 | +0.01 | 6.8 |
| CorBdInst | 10.34 | +0.01 | 6.9 |
| DivIncom I | 36.46 | -0.06 | 11.9 |
| **Dimensional Fds** | | | |
| EmgMktVa | 36.62 | -0.35 | 25.5 |
| EmMktCorEq | 28.55 | -0.32 | 25.0 |
| IntlCoreEq | 19.30 | -0.20 | 27.9 |
| IntSmCo | 24.14 | -0.24 | 27.0 |
| IntSmVa | 29.74 | -0.31 | 39.2 |
| LgCo | 43.96 | -0.36 | 13.7 |
| Freedom2035K6 | 17.60 | -0.09 | 15.6 |
| Freedom2040K6 | 13.15 | -0.08 | 17.4 |
| Idx2030InsPre | 22.71 | -0.11 | 13.2 |
| Idx2035InsPre | 26.51 | -0.15 | 14.2 |
| Idx2040InsPre | 28.47 | -0.19 | 16.0 |
| Idx2045InsPre | 30.30 | -0.23 | 17.0 |
| Idx2050InsPre | 30.36 | -0.24 | 17.0 |
| **Fidelity Invest** | | | |
| Balanc | 31.75 | -0.18 | 12.2 |
| BluCh | 252.38 | -3.45 | 13.3 |
| BluChpGr K6 | 41.76 | -0.52 | 14.4 |
| GibA | 83.97 | -0.20 | 25.3 |
| **Franklin A1** | | | |
| IncomeA1 | 2.46 | ... | 9.6 |
| **FrankTemp/Frank Adv** | | | |
| IncomeAdv | 2.43 | ... | 9.4 |
| **FrankTemp/Franklin A** | | | |
| DynaTech A | 199.51 | -2.98 | 14.3 |
| Growth A | 149.88 | -1.44 | 12.2 |
| RisDv A | 95.95 | -0.40 | 8.4 |
| **Guggenheim Funds Tru** | | | |
| TotRtnBdFdClInst | 24.15 | +0.01 | 7.7 |
| **Parnassus Fds** | | | |
| ParnEqFd | 64.99 | -0.50 | 9.2 |
| **PGIM Funds Cl Z** | | | |
| TotalReturnBond | NA | ... | NA |
| **PIMCO Fds Instl** | | | |
| TotRt | NA | ... | NA |
| **PIMCO Funds A** | | | |
| IncomeFd | NA | ... | NA |
| **PIMCO Funds I2** | | | |
| Income | NA | ... | NA |
| **PIMCO Funds Instl** | | | |
| CAITAdml | 11.57 | ... | 4.8 |
| CapOpAdml r | 226.76 | -1.34 | 19.8 |
| DivAppIdxAdm | 58.14 | -0.22 | 10.8 |
| EMAdmr | 44.73 | -0.29 | 22.7 |
| EqIncAdml | 97.72 | +0.17 | 12.9 |
| ExplrAdml | 109.44 | +0.37 | 2.4 |
| ExtndAdml | 152.09 | +0.21 | 6.5 |
| GroIncAdml | 116.45 | -0.76 | 14.8 |
| GrwthAdml | 243.53 | -3.14 | 15.7 |
| HlthCareAdml r | 86.10 | +0.39 | 14.2 |
| HYCorAdml r | 5.51 | -0.01 | 7.5 |
| WndsrAdml | 74.42 | +0.14 | 6.6 |
| **VANGUARD FDS** | | | |
| DivdGro | 36.65 | -0.14 | 4.6 |
| LifeGro | NA | ... | NA |
| LifeMod | NA | ... | NA |
| PrmcpCor | 41.03 | -0.17 | 22.7 |
| STAR | NA | ... | NA |
| TgtRe2020 | NA | ... | NA |
| TgtRe2025 | NA | ... | NA |
| TgtRe2030 | NA | ... | NA |
| TgtRe2035 | NA | ... | NA |
| SmCapIstPl | 339.70 | +0.65 | 3.3 |
| STIGradeInst | 10.50 | ... | 6.1 |
| STIPSIxIns | 25.13 | +0.02 | 5.9 |
| TotBdInst | 9.77 | ... | 6.7 |
| TotBdInst2 | 9.64 | +0.01 | 6.7 |
| TotBdInstPl | 9.77 | ... | 6.7 |
| TotIntBdIdxInst | 29.69 | -0.03 | 3.0 |
| TotStInst | 157.82 | -1.11 | 12.9 |
| ValueInst | 72.15 | -0.05 | 11.1 |
| **WCM Focus Funds** | | | |
| WCMFocIntlGrwIns | 25.92 | -0.23 | 19.1 |

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## COMMERCIAL REAL ESTATE

### UCC PUBLIC SALE NOTICE

PLEASE TAKE NOTICE THAT Newmark ("**Newmark**"), on behalf of DC Franklin Lender LLC, as assignee of G4 18228, LLC (the "**Secured Party**") will offer for sale at public auction ("**Sale**") 100% of the limited liability company membership interests (the "**Interests**") held by Bahram Benaresh (the "**Pledgor**") in Franklin 175 LLC, a New York limited liability company (the "**Pledged Entity**") as set forth in that certain Ownership Interests Pledge and Security Agreement dated April 13, 2022 (the "**Pledge Agreement**"), together with certain rights and property representing, relating to, or arising from the Interests (collectively, the "**Collateral**").

**The Sale will take place on December 3, 2025 at 3:00 p.m. Eastern Time in compliance with New York Uniform Commercial Code Section 9-610** (i) in person at the offices of Moritt Hock & Hamroff LLP, 1407 Broadway, 39th Floor New York, NY 10018 and (ii) virtually via online video conference. The URL address and password for the online video conference will be provided to all registered participants.

The Sale is being made in connection with the foreclosure on a pledge of the Collateral to the Secured Party by Pledgor under the Pledge Agreement, pursuant to which Pledgor has granted to Secured Party a first priority lien on the Collateral as collateral for the loan in the original principal amount of $11,200,000.00 (the "**Loan**") from Secured Party to Pledged Entity. The Loan was made pursuant to (a) that certain Consolidated, Amended and Restated Mortgage Assignment or Leases and Rents and Security Agreement covering the premises located at 175 Franklin Street, New York, New York 10013 (the "**Property**"), (b) an Amended and Restated Secured Promissory Note and (c) Conditional Guaranty executed by Pledgor in favor of Secured Party, each dated as of April 13, 2022 (together with the Pledge Agreement and any other documents executed attendant to the Loan, the "**Loan Documents**"). It is the understanding of Secured Party (but without representation or warranty of any kind by Secured Party as to the accuracy of the following) that the Loan is in default.

Based upon information provided by Pledgor, it is the understanding of Secured Party (but without representation or warranty of any kind by Secured Party as to the accuracy of the following) that (i) Pledgor owns the Interests, (ii) the Interests constitute an asset of the Pledgor, (iii) the Pledged Entity is the owner of the Property, (iv) the principal assets of the Pledged Entity are the Property and certain related rights, and (v) the Property is encumbered by a mortgage lien granted by the Pledged Entity as further security for the Loan.

An online datasite for the Sale (the "**Datasite**") is available at the following link: https://bit.ly/43jzh87. The Datasite will include certain relevant information that Secured Party possesses concerning the Pledgor, the Pledged Entity, the Property, the Loan (collectively, the "**Disclosed Materials**") as well as the Terms of Sale for Public Auction relating to the Sale of the Collateral (the "**Terms of Sale**"). Access to such information will be conditioned upon execution of a confidentiality agreement which can be found on the Datasite. To participate in the auction, prospective bidders must confirm their ability to satisfy the Requirements in the manner described in the Terms of Sale, and following such confirmation, such qualified participants will be provided a URL and password enabling access to the video conference for the Sale. No information provided, whether in the Datasite or otherwise, shall constitute a representation or warranty of any kind with respect to such information, the Collateral or the Sale. Participants are encouraged to review all Disclosed Materials and perform such due diligence as they deem necessary in advance of the Sale.

The Interests will be offered in a single lot. The Interests are being sold strictly on an "AS IS AND WHERE IS" BASIS, AND (I) WITHOUT ANY REPRESENTATIONS OR WARRANTIES (WHETHER EXPRESSED OR IMPLIED) OF ANY KIND MADE BY THE SECURED PARTY (OR ANY OTHER PERSON ACTING FOR OR ON BEHALF OF THE SECURED PARTY), INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO THE EXISTENCE OR NONEXISTENCE OF OTHER LIENS, THE QUANTITY, QUALITY, CONDITION OR DESCRIPTION OF THE INTERESTS, THE PROPERTY, AND/OR THE VALUE OF ANY OF THE FOREGOING, AND (II) WITHOUT ANY RECOURSE WHATSOEVER AGAINST THE SECURED PARTY (OR ANY OTHER PERSON ACTING FOR OR ON BEHALF OF THE SECURED PARTY). Without limiting the foregoing, any purchaser must purchase the Interests subject to the terms of the Relevant Documents (defined in the Terms of Sale) and the governing documents of the Pledged Entity (including its operating agreement).

There are specific requirements for any potential bidder in connection with obtaining information, bidding on the Collateral and purchasing the Collateral (collectively, the "**Requirements**"), including without limitation complying with: (1) the Pledged Entity's governing documents, and (2) the Terms of Sale.

The Secured Party reserves the right to require a showing of financial ability from prospective bidders prior to the date of the Sale. If a prospective bidder is a special purpose entity or an entity with creditworthiness that is, in the Secured Party's reasonable judgment, insufficient to support the requirements herein, the Secured Party reserves the right to require additional credit support in the form of a guaranty by a creditworthy affiliate of such prospective bidder or other appropriate credit support.

The Collateral includes unregistered securities under the Securities Act of 1933, as amended (the "**Securities Act**"), and Secured Party reserves the right to restrict participation in the Sale to prospective bidders that represent that the Collateral will not be sold, assigned, pledged, disposed of, hypothecated or otherwise transferred without the prior registration in accordance with the Securities Act and the securities laws of all other applicable jurisdictions, unless an exemption from such registration is available.

Secured Party may, prior to the Sale described herein, assign all of its right, title and interest in and to the Loan to an affiliate, and in the case of such assignment the assignee shall be considered the "Secured Party" for all purposes hereunder. Secured Party reserves the right to credit bid, set a minimum reserve price, reject all bids and terminate or adjourn the sale to another time, without further notice. All bids (other than credit bids of Secured Party) must be for cash with no financing conditions and the successful bidder must deliver immediately available good funds (1) for the Required Deposit (as defined in the Terms of Sale) on the date of the Sale, and (2) for the balance of the purchase price for the Collateral on the closing date prescribed by the Terms of Sale. The winning bidder must pay all transfer taxes, recording fees, stamp duties and similar taxes as may be required to be paid under applicable law in connection with the purchase of the Collateral.

Questions may be directed to Brock Cannon at +1 212-372-2066 or Brock.Cannon@nmrk.com.

## COMMERCIAL REAL ESTATE

### NOTICE OF UCC PUBLIC AUCTION SALE

PLEASE TAKE NOTICE, that in accordance with the applicable provisions of the Uniform Commercial Code of the States of Texas and New York (as applicable), Graystreet/Kem Exchange, LLC, a Texas limited liability company (the "Secured Party"), will sell at public auction all limited liability company interests held by The Vic on Park Row Holdings, LLC, a Texas limited liability company (the "Pledgor") in The Vic on Park Row, LLC, a Texas limited liability company (the "Pledged Entity"; such interests, the "Equity Interests "). The Equity Interests secure indebtedness owing by Pledgor to Secured Party in a principal amount of not less than $6,000,000, plus advances to pay sums owed on the Senior Loan, unpaid interest, attorneys ' fees and other charges, including the costs to sell the Equity Interests (the "Debt").

Secured Party's understanding, without making any representation or warranty as to accuracy or completeness, is that the principal asset of the Pledged Entity is the real property located at 18210 Park Row Boulevard, Houston, Texas 77084 (the "Property ").

The public sale (the "Public Sale") will be held in person on December 2, 2025 on the steps of the New York Supreme Court in New York City at 3:00 p.m. EST.

At the Sale, the Secured Party reserves the right to: (i) credit bid up to the amount of the Debt; (ii) set minimum price(s) for the Equity Interests; (iii) reject bids, in whole or in part; (iv) cancel or adjourn the Public Sale, in whole or in part; and (v) establish the terms and conditions of the Public Sale (the "Terms of Public Sale") which shall comply with all restrictions and obligations pursuant to the Intercreditor Agreement dated as of December 10, 2021 by and between the Secured Party and the holder of the mortgage encumbering the Property.

Prospective and winning bidder(s) will be required to represent in writing to Secured Party that they will adhere to the Terms of Public Sale and are purchasing the Equity Interests for their own account, not acquiring them with a view toward the sale or distribution thereof and will not resell the Equity Interests unless pursuant to a valid registration under the applicable federal and/or state securities laws, or a valid exemption from the registration thereunder. The Equity Interests have not been registered under such securities laws and cannot be sold by the winning bidder(s) without registration or application for a valid exemption. The Equity Interests will be offered for sale at the auction "as-is, where-is," and there are not express or implied warranties or representations relating to title possession, quiet enjoyment, merchantability, fitness, or the like as to the Equity Interests. THIS NOTICE DOES NOT CONSTITUTE AN OFFER TO SELL, NOR THE SOLICITATION OF AN OFFER TO BUY, THE DISPOSITION OF ASSETS TO OR FROM ANYONE IN ANY JURISDICTION IN WHICH SUCH AN OFFER OR SOLICITATION IS NOT AUTHORIZED.

All bids (other than credit bid of Secured Party) must be for cash, and the successful bidder must be prepared to deliver immediately available good funds in the amount of twenty percent (20%) of the successful bid within 24 hours after the sale, with the balance to be delivered within five (5) business days of the Public Sale and otherwise comply with the bidding requirements , including the payment of transfer taxes, stamp duties and similar taxes incurred in connection with the purchase of the Equity Interests. Failure to consummate the purchase of the Equity Interests will result in the forfeiture of the deposit.

Parties interested in bidding on the Equity Interests must contact Joseph Lubertazzi, Jr., Secured Party 's lawyer, via e-mail at jlubertazzi@mccarter.com. Upon execution of a standard non-disclosure agreement additional documentation and information will be available. Interested parties who do not contact Mr. Lubertazzi and register for the Public Sale will not be permitted to participate in the bidding at the Public Sale.

Secured Party reserves the right to adjourn the sale, or to modify the Terms of Public Sale.

## BANKRUPTCIES

### BANKRUPTCY SALE NOTICE

Jonathan Goldsmith, Ch 7 bankruptcy trustee of Westborough SPE LLC (Mass. Bankr. Case No. 23-40709) gives notice of a proposed sale of the bankruptcy estate's interest in real property at **231 Turnpike Road, Westborough, MA** for $5,111,111.11 (Sale) and the proposed settlement and payment of certain claims per a proposed Settlement Agreement (Settlement). Any objection to the Sale or Settlement must be filed with the Mass Bankruptcy Court (Court) by **December 13, 2025 at 11:59 p.m., E.S.T.** The Court will conduct a hearing on the Sale and Settlement on **December 17, 2025 at 2:30 p.m. E.S.T.** Objections must comply with the Court-approved Sale Notice. For copies of all relevant documents, including the Sale Notice, contact Trustee's counsel, Christine Devine at 508-533-7240 or christine@nicholsondevine.com.

## BUSINESS OPPORTUNITIES

**ROGALLERY WILL BUY YOUR ART**

**Want to sell some art?**

RoGallery has you covered. We are looking to buy, from single pieces to entire collections and estates.

**Email us now to get started.**

**Art@RoGallery.com | 718-937-0901**

THE WALL STREET JOURNAL.

THE MARKETPLACE

ADVERTISE TODAY

(800) 366-3975

For more information visit:

wsj.com/classifieds

© 2025 Dow Jones & Company, Inc. All Rights Reserved.

## IPO Scorecard

Performance of IPOs, most-recent listed first

| Company SYMBOL IPO date/Offer price | Wed's close ($) | % Chg From Offer price | % Chg From 1st-day close |
|---|---|---|---|
| Gloo Hldgs GLOO Nov. 19/$8.00 | 8.10 | 1.3 | ... |
| WeShop Hldgs WSHP Nov. 14/$25.40 | 200.00 | 687.4 | 562.0 |
| Alussa Energy Acquisition II ALUB.UT Nov. 13/$10.00 | 10.05 | 0.5 | 0.1 |
| Off The Hook YS OTH Nov. 13/$4.00 | 3.21 | –19.8 | –15.5 |
| Phaoes Technology Hldgs POAS Nov. 13/$4.00 | 4.10 | 2.5 | 6.5 |
| Blueport Acquisition BPACU Nov. 12/$10.00 | 10.04 | 0.4 | –0.1 |
| Evolution Global Acquisition EVOXU Nov. 11/$10.00 | 10.13 | 1.3 | –0.05 |
| Crown Reserve Acquisition I CRACU Nov. 7/$10.00 | 10.10 | 1.0 | 0.4 |
| Tailwind 2.0 Acquisition TDWDU Nov. 7/$10.00 | 10.04 | 0.4 | ... |
| BillionToOne BLLN Nov. 6/$60.00 | 97.39 | 62.3 | –10.6 |

Sources: Dow Jones Market Data; FactSet

## Cash Prices

Wednesday, November 19, 2025

These prices reflect buying and selling of a variety of actual or "physical" commodities in the marketplace—separate from the futures price on an exchange, which reflects what the commodity might be worth in future months.

| | Wednesday |
|---|---|
| **Energy** | |
| Coal,C.Aplc.,12500Btu,1.2SO2-r,w | 80.000 |
| Coal,PwdrRvrBsn,8800Btu,0.8SO2-r,w | 14.900 |
| **Metals** | |
| **Gold, per troy oz** | |
| Engelhard industrial | 4112.00 |
| LBMA Gold Price AM | *4041.05 |
| LBMA Gold Price PM | *4060.85 |
| Krugerrand,wholesale-e | 4260.64 |
| Maple Leaf-e | 4362.57 |
| American Eagle-e | 4362.57 |
| Mexican peso-e | 5259.95 |
| Austria crown-e | 3999.44 |
| Austria phil-e | 4281.03 |
| **Silver, troy oz.** | |
| Engelhard industrial | 51.9500 |
| Handy & Harman base | 50.7970 |
| Handy & Harman fabricated | 63.4960 |
| LBMA spot price | *£38.2800 |
| (U.S.$ equivalent) | *50.3000 |
| Coins,wholesale $1,000 face-a | 36998 |
| **Other metals** | |
| LBMA Platinum Price PM | *1534.0 |
| LBMA Palladium Price PM | *1411.0 |
| Platinum,Engelhard industrial | 1567.0 |
| Palladium,Engelhard industrial | 1418.0 |
| Aluminum, LME, $ per metric ton | *2749.5 |
| Copper,Comex spot | 5.0080 |
| Iron Ore, 62% Fe CFR China-s | *105.2 |
| Steel, HRC USA, FOB Midwest Mill-s | *880.0 |
| **Battery/EV metals** | |
| BMI Lithium Carbonate, EXW China, =99.5%-v,w | 12325 |
| BMI Lithium Hydroxide, EXW China, =56.5% -v,w | 10850 |
| BMI Cobalt sulphate, EXW China, >20.5% -v,w | 12408 |
| BMI Nickel Sulphate, EXW China, >22%-v,k | 3941 |
| BMI Flake Graphite, FOB China, -100 Mesh, 94-95% -v,m | 413 |
| **Fibers and Textiles** | |
| Burlap,10-oz,40-inch NY yd-n,w | 1.2500 |
| Cotton,1 1/16 std lw-mdMphs-u | 0.6178 |
| Cotlook 'A' Index-t | *74.30 |
| Hides,hvy native steers piece fob-u | n.a. |
| Wool,64s,staple,Terr del-u,w | n.a. |
| **Grains and Feeds** | |
| Bran,wheat middlings, KC-u,w | 133 |
| Corn,No. 2 yellow,Cent IL-bp,u | 4.0600 |
| Cottonseed meal-u,w | n.a. |
| Hominy feed,Cent IL-u,w | 115 |
| Meat-bonemeal,50% pro Mnpls-u,w | 313 |
| Oats,No.2 milling,Mnpls-u | 3.7650 |
| Rice, Long Grain Milled, No. 2 AR-u,w | 30.25 |
| SoybeanMeal,Cent IL,rail,ton48%-u,w | 340.90 |
| Soybeans,No.1 yllw IL-bp,u | 11.0600 |
| Wheat,Spring14%-pro Mnpls-u | 7.9375 |
| Wheat,No.2 soft red,St.Louis-u | 5.3475 |
| Wheat - Hard - KC (USDA) $ per bu-u | 5.1050 |
| Wheat,No.1soft white,Portld,OR-u | 6.0500 |
| **Food** | |
| Beef,carcass equiv. index | |
| choice 1-3,600-900 lbs.-u | 349.63 |
| select 1-3,600-900 lbs.-u | 331.13 |
| Broilers, National comp wtd. avg.-u,w | 1.0721 |
| Butter,AA Chicago-d | 1.4800 |
| Cheddar cheese,bbl,Chicago-d | 161.25 |
| Cheddar cheese,blk,Chicago-d | 156.00 |
| Milk,Nonfat dry,Chicago lb.-d | 117.75 |
| Coffee,Brazilian,Comp-y | 3.8342 |
| Coffee,Colombian, NY-y | 4.1242 |
| Eggs,large white,Chicago-u,w | 2.2450 |
| Flour,hard winter KC-p | 15.85 |
| Hams,17-20 lbs,Mid-US fob-u | 0.96 |
| Hogs,Iowa-So. Minnesota-u | 83.96 |
| Pork bellies,12-14 lb MidUS-u | 1.7323 |
| Pork loins,13-19 lb MidUS-u | 1.0100 |
| Steers,Tex.-Okla. Choice-u | n.a. |
| Steers,feeder,Okla. City-u,w | 396.00 |
| **Fats and Oils** | |
| Degummed corn oil, crude wtd. avg.-u,w | n.a. |
| Grease,choice white,Chicago-h | 0.4500 |
| Lard,Chicago-u | n.a. |
| Soybean oil,crude;Centl IL-u,w | 0.5125 |
| Tallow,bleach;Chicago-h | 0.4875 |
| Tallow,edible,Chicago-u | n.a. |

KEY TO CODES: A=ask; B=bid; BP=country elevator bids to producers; C=corrected; D=CME; E=Manfra,Tordella & Brookes; H=American Commodities Brokerage Co; K=bi-weekly; M=monthly; N=nominal; n.a.=not quoted or not available; P=Sosland Publishing; R=SNL Energy; S=Platts-TSI; T=Cotlook Limited; U=USDA; V=Benchmark Mineral Intelligence; W=weekly; Y=International Coffee Organization; Z=not quoted. *Data as of 11/18

Source: Dow Jones Market Data

# EXHIBIT C

**AFFIDAVIT**

| | |
|---|---|
| Name | Mr Greg Wilson |
| Address | 2 Holt Street, Surry Hills NSW 2010 |
| Occupation | Client Success Manager, The Australian |
| Date | 3 December 2025 |

I, Greg Wilson, on oath affirm that:

1. I am the Client Success Manager for *The Australian*, a national Australian circulation newspaper publication of News Corp Australia of 2 Holt St, Surry Hills NSW Australia; and

2. Order Number 669104 for the client, GOLDSMITH, KATZ & ARGENIO, P.C.was published in the said newspaper in the issue dated 20 November 2025 (as attached).

AFFIRMED at Sydney, Australia

| | |
|---|---|
| Signature of deponent | Greg Wilson |
| Name of witness | Louise Domenico |
| Address of witness | [ 2 HOLT ST, SURRY HILLS] NSW 2010 AUSTRALIA |
| Capacity of witness | Justice of the peace |

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1. I saw the face of the deponent.

2. #I have known the deponent for at least 12 months. [OR, delete whichever option is inapplicable]
   #I have confirmed the deponent's identity using the following identification document:

NSW DRIVERS LICENCE

Identification document relied on (may be original or certified copy)

Signature of witness

A-323

THIS IS THE ATTACHMENT REFERRED TO IN THE AFFIDAVIT OF GREG WILSON OF 3 DECEMBER 2025.

LOUISE DE DOMENICO # 214421
2 HOLT ST, SURRY HILLS NSW 2010 AUSTRALIA

# Banks drag ASX to six-month low

## A 'good heart'-felt apology from ANZ

### EQUITIES

CAMERON MICALLEF

Australia's major banks continued their sell-off on Wednesday, as they dragged the overall sharemarket to its lowest level in almost six months.

The benchmark S&P/ASX 200 slipped 21.2 points, or 0.25 per cent, to 8447.9 points, and the broader All Ordinaries fell 16.9 points, or 0.19 per cent, to 8721.4 points.

Wednesday's slip followed a rough Tuesday trading session when more than $60bn was wiped off the market.

But Australian super funds are on track for another solid year despite recent sharemarket turbulence, according to research firm Chant West.

The median growth super fund sits at a healthy 7.8 per cent return for 2025 with just six weeks left in the year. It comes as the ASX 200 experiences its biggest pullback since April. Chant West's head Mano Mohankumar said a final result near 7.8 per cent would be a good outcome given the uncertain economic and geopolitical backdrop throughout the year.

"The markets continue to derisk heading into critical jobs data and Nvidia's earnings after Wall Street's closing bell tomorrow," Mr Rudda said. "The dominant narratives in the market right now remain about the US rate outlook and the valuations of artificial intelligence stocks."

Westpac shed 1.4 per cent to $37.34, National Australia Bank fell 0.69 per cent to $40.32 and ANZ lost 2.04 per cent to $33.12.

Technology shares continued their sell-off after they gave up almost 6 per cent on Tuesday.

Capital.com senior financial market analyst Kyle Rodda said investors were selling off technology stocks ahead of a key update out of the US on Thursday.

On an overall negative day on the local bourse, seven of the 11 sectors finished lower, dragged down by banking and technology stocks.

Commonwealth Bank dropped 1.25 per cent to $151.30.

### The market yesterday

| | | |
|---|---|---|
| S&P/ASX 200 | | -0.25% |
| Energy | 0.86% | |
| Materials | 0.67% | |
| Real estate | 0.63% | |
| Cons staples | | -0.26% |
| Industrials | | -0.37% |
| Info tech | | -0.5% |
| Utilities | | -0.52% |
| Financials | | -1.19% |

Source: Bloomberg

Life360 fell 0.77 per cent to $35.00. Codan dropped 3.85 per cent to $29.44 and Megaport sank 5.58 per cent to $12.85.

Offsetting falls from the banks and technology names was a rising gold price, which helped lift local producers. Northern Star Resources jumped 2.85 per cent to $25.59, Evolution Mining was up 2.03 per cent at $11.04 and Newmont added 1.28 per cent to close at $133.06.

AMP chief economist and head of investment strategy Shane Oliver called the market's valuation "stretched", but he pointed to positive signs for those with a long-term approach.

"Australian economic growth is gradually improving, which should lead to stronger ASX-listed company profits next year," Dr Oliver said. "So, there is no sign of recession, which is important because major bear markets in the shares tend to be associated with recession – although this is no guarantee as shares often lead the way."

CSL slipped 0.48 per cent to $179.22 after it announced plans to invest about $US1.5bn ($2.3bn) so it could manufacture more therapies derived from blood plasma collected in the US.

Webjet soared 16.56 per cent to 88c after Helloworld announced it was trying to take over the online travel agency.

Defence contractor Droneshield plunged 19.59 per cent to $1.97 on news that US chief executive Matt McCrann had resigned, effective immediately. The stock has lost 66 per cent since the start of October.

Continued from Page 11

Mr Matos said the global drive towards net zero by 2050 was going to be a "difficult journey to get there on time".

"The medicine could kill the patient ... so the transition has to be balanced," Mr Matos said. He also told MPs that ANZ was fully committed to its net zero targets, revealing that the bank had lent $84bn to renewable and social investments.

NAB chief executive Andrew Irvine also appeared before the committee, telling MPs that "Australia should be an energy superpower", while warning that higher energy costs were "holding back manufacturing growth and hurting households".


Irvine

"We are blessed with incredible amounts of sunshine, with incredible amounts of wind resources, with some hydro capacity and one of the world's largest reservoirs of natural gas," Mr Irvine said.

"The fact that we are in a situation where we have a possible issue with a supply and demand imbalance on energy is sad and shouldn't have happened."

The boss of Australia's biggest business bank also predicted that the cash rate would remain on hold and that inflation would remain "stubborn".

Mr Irvine said the only way out of this slump was by improving productivity. He presented a fourfold plan to MPs to achieve this: solve the housing crisis, cut red tape, harness the power of artificial intelligence and improve the nation's energy supply to drive down prices.

He said a key reason behind Australia's productivity crisis was the explosion in the number of public sector jobs over the past decade.

"Nine out of 10 jobs that we're creating are in the public sector, and the public sector typically has lower productivity work than in the private sector," Mr Irvine said, as he called on state and federal governments to rein in spending.

## Barons count the costs of royalty

Continued from Page 13

said. "Unlike taxes, royalties are stripped from companies regardless of whether they are making a profit. These are challenging times for coal mining in Queensland as we face a perfect storm of negative impacts, both at home and abroad."

Mr Wallin, who founded QCoal in 1989, started shifting investment away from Queensland because of the royalties and BHP has put a freeze on any new investments in the state.

BHP blamed the "unsustainable impact of the Queensland government's coal royalties on business returns" for the loss of 750 jobs at its operations.

The mining giant is putting the Saraji South mine into mothballs at the start of December.

Geraldine Slattery, BHP's president in Australia, has accused Queensland's political leaders of lacking the "courage and vision to reset Queensland's attractiveness as an investment destination".

Mr Wallin spent more than $1m campaigning against the Labor government after it legislated to close a QCoal mining camp, and was allowed to keep the facility open after David Crisafulli led the LNP to victory in last year's election.

The LNP was victorious in all but one of the seats targeted by QCoal through its tellthemwheretogo.com.au campaign.


Lacking 'courage and vision' to reset state's attractiveness

GERALDINE SLATTERY
BHP PRESIDENT AUSTRALIA

Mr Chong, who has made his fortune in the resources industry and real estate, doubled down on his investments in Queensland a month after the LNP claimed victory. In November last year, he agreed to pay $1.6bn for Anglo American's stakes in two Queensland coal mines, Jellinbah and Lake Vermont.

Mr Chong, who has worked in the Queensland mining sector for several decades, owned the Jellinbah mine with subsidiaries of Japanese group Marubeni and Anglo. Under the deal, via his private investment vehicle Zashvin, he scooped up Anglo's 33.3 per cent stake in Jellinbah Group, which owns a 70 per cent interest in the Jellinbah East and Lake Vermont steelmaking coal mines in Queensland.

The coal industry is now targeting regional voters in its campaign to force the state government to relent on royalties.

Whitehaven Coal boss Paul Flynn recently emailed the company's workforce, urging them to add their weight to a Resource Industry Network campaign against what he said was the highest royalty regime of its kind anywhere in the world.

"And, because it is levied on revenue, not profit, it means coal companies like ours are being deprived of the capital they rely upon to sustain existing operations and invest in new growth and new jobs," he said.

# Ziller's logic behind hefty 39pc annual returns


DAVID ROGERS
MARKETS EDITOR

Global markets are on edge before Nvidia's quarterly results and US jobs data. And doubts are mounting about whether the artificial intelligence spending boom will end in tears.

Yet Joseph Ziller, founder of Ziller Funds Management, remains upbeat.

His fund has delivered a 39 per cent annual return since launching in November 2022 by backing an unfashionable investment thesis: that companies run by their founders consistently outperform the market.

"We're a growth fund, and so we very much take a long-term view," says the Australian-based Ziller. "Clients that allocate with us think 'I want attractive long-term returns, but for this share of the portfolio I'm giving you, I'm willing to look through some volatility'."

Australia's S&P/ASX 200 closed down 0.25 per cent on Wednesday, after diving 1.9 per cent in the previous trading session and wiping off more than $60bn of value. It has tumbled as much as 2.3 per cent over four weeks – the biggest pullback since the tariff wars of March and April.

The Ziller Global Fund holds a concentrated portfolio of only 15 stocks, including two of the so-called Magnificent Seven – Nvidia and Tesla. But Ziller is quick to point out that 84 per cent of his portfolio sits outside that elite group of mega-cap technology stocks.

What distinguishes his approach is a rigorous assessment of founders. The median chief executive tenure globally is just 4.8 years. The median founder-CEO tenure in Ziller's portfolio is 19 years – almost four times longer.

"These founders have been running the same company through multiple cycles," Ziller says. "We have this long track record to assess them and build confidence."

His team ranks founders across two dimensions: output and quality. Think of it like a plumbing system. Output measures how much water flows. Quality measures the integrity of the system.

"You can have high output, but if you've got low quality, that's


The results of Jensen Huang's Nvidia are imminent, but Ziller will look past the noise

where you get the big financial disasters – impressive in their own right, but not what we want from an investment point of view," Ziller says.

The quality assessment focuses on character and how founders operate under pressure.

"I would rather have low output and high integrity if I couldn't have both," Ziller says. "There's no use having high output if the system breaks."

This philosophy has been tested before. In late 2022, Nvidia fell about 60 per cent on chip oversupply concerns. Palantir, another Ziller holding, fell 75 per cent on fears it was becoming a consulting business rather than a software monopoly. Both stocks

> 'There's no use having high output if the system breaks'
>
> JOSEPH ZILLER
> ZILLER FUNDS MANAGEMENT

are up 10-20 times from those lows.

The research backing founder-led investing is compelling. Ziller's analysis of S&P 500 companies shows founder-led stocks have outperformed other stocks by almost 10 times since 1994.

Academic studies consistently show founder-led companies generate annual excess returns of between 2 per cent and 12 per cent.

On the current AI anxiety, Ziller sees both sides.

"AI is one of the most transformative technologies we'll see over the next few decades," he says. "But what we're seeing at the moment is very large capital expenditure spend, and only a small subset of that is creating real value from AI at the moment. That's the issue."

He sees much of today's AI spending generating no real return because execution quality is low. But pockets exist where AI creates enormous value.

Database processing is shifting from traditional chips to Nvidia's graphics processing units because they're simply faster and cheaper. Social media recommendation engines – think Facebook and TikTok – require massive computing power but generate real revenue.

Then there's Palantir, a top holding that epitomises AI's potential. The company creates a "digital twin" – a unified view of a business by connecting disparate systems.

AI agents can then optimise processes that were previously impossible to improve.

"If you look at Palantir's investor presentations, there's endless examples," Ziller says.

"This customer came to us, we did this for them, they saved this much, and we did it in 30 days whereas they used to do it in half a year."

The so-called circularity of tech financing – where Microsoft and Nvidia committed up to $US15bn ($23bn) to Anthropic, which will probably spend much of it on Nvidia chips – doesn't concern him. "It's not actually necessary for them to do for their business," Ziller argues. "The reason they're doing it mainly is just because Nvidia is throwing out so much cash at the moment that they can't spend it."

It's a capital allocation decision that makes sense at the current time.

His fund added cryptocurrency exchange Coinbase earlier this year after regulatory clarity emerged. But this isn't a punt on bitcoin prices.

"Coinbase is actually the leading US retail crypto broker and exchange," Ziller says.

"We really liked that pairing of being the tech leader but also being the leader in trust, building in the most regulatory compliant way."

He sees Coinbase shifting from lumpy transaction revenue to higher-quality services such as custody, wallets and infrastructure provision. "They're going to clip the ticket on this growing ecosystem. They're becoming the Amazon of crypto in terms of the services they provide," he says.

With Nvidia's results imminent, Ziller won't trade around short-term noise. "We tend not to trade too much in and out of results," he says.

"If something happened in the results, and maybe we thought the results were strong and Nvidia fell, we might use it as an interesting opportunity to buy."

It's an approach grounded in long-term conviction rather than quarterly panic.

With markets now jittery, a focus on proven founders who have navigated through crises may prove its worth once again.

## Divided gas sector looks to sway market review

Continued from Page 13

the political momentum appears to be swinging toward intervention. Senior figures involved in the talks say a form of gas reservation – targeted specifically at LNG exporters with significant domestic shortfalls – is "likely inevitable".

"A gas reservation, most likely on the Queensland LNG exporters. I think is the most likely outcome," said one senior industry source, who declined to be named. "That will hurt Santos. How much will depend on how much GLNG has to contribute to the domestic market."

Some have suggested LNG exporters should make a domestic contribution worth some 15 per cent of the east coast market, a figure that would be expensive for Gladstone LNG. It would be forced to increase drilling and or purchase credits to meet its shortfall.

In contrast, Australia Pacific LNG – which has in recent years supplied more than 20 per cent of the east coast market – would be free to increase sales into the lucrative export market.

Ties were strained when Santos endorsed a policy of curtailing exports of uncontracted LNG cargoes proposed by the Coalition. Such a policy would have severely restricted the returns of Australia Pacific LNG and Queensland Curtis LNG.

While the policy would create some division within the powerful industry, Labor is under pressure. Manufacturers have warned their viability is being threatened by high gas prices. Meanwhile, gas is increasingly setting the price of electricity, which has risen sharply.

The Perth assembly will test whether the industry can mount any meaningful final push to influence the outcome. Several sources said discussions are expected to focus on the shape of any reservation mechanism, potential compensation and the future of upstream development in the Bowen and Surat basins.

Few are hopeful of crafting a single pitch capable of swaying Canberra.

## Di Pilla stands firm on HMC

Continued from Page 13

and it would not be pushed into accepting low ball offers from its next tenant, meaning rent cuts, which have been circulated as a demand by the hedge funds now in control of Healthscope.

He pointed to the errors private equity players had made as they came into the health sector over-leveraged, and flagged the firm would not engage with such groups and would instead seek out longer-term tenants.

Mr Kingston – who is both a shareholder and backer of the company at its current price – quoted the famous line from the movie Jerry Maguire of "Show Me the Money" as he questioned whether HMC Capital should pull back from doubling down on its relentless effort to grow funds under management to $50bn. He said it should instead consolidate and perhaps even look to crystallise some value.

"The sentiment at the moment is negative, in my opinion it's unfairly too negative," he said, adding the market would give the company credit for generating "cold hard cash".

While Mr Di Pilla had ruled out options including internalising the listed shopping centre fund, Mr Kingston suggested that if it were able to syndicate the energy assets, the market would reward it, even if it took a loss on the deal.

# NOTICES

www.theaustralian.com.au

### BANKRUPTCY SALE NOTICE

Jonathan Goldsmith, Ch.7 bankruptcy trustee of Westborough SPE LLC (Mass. Bankr. Case No. 23-40709) gives notice of a proposed sale of the bankruptcy estate's interest in real property at 231 Turnpike Road, Westborough, MA for $5,111,111.11 (Sale) and the proposed settlement and payment of certain claims per a proposed Settlement Agreement (Settlement). Any objection to the Sale or Settlement must be filed with the Mass Bankruptcy Court (Court) by December 13, 2025 at 11:59 p.m., E.S.T. The Court will conduct a hearing on the Sale and Settlement on December 17, 2025 at 2:30 p.m. E.S.T. Objections must comply with the Court-approved Sale Notice. For copies of all relevant documents, including the Sale Notice, contact Trustee's counsel Christine Devine at 508-533-7240 or christine@nicholsondevine.com.

### PUBLIC NOTICE: SALE OF DEED PACKETS CONTAINING WILLS

Gadens advises that it is conducting a sale of deed packets currently held in its custody in Victoria, which may include original wills and estate planning documents deposited by clients.

Clients who have previously lodged such documents with the Firm are invited to contact us to:
- confirm inclusion;
- update contact details;
- arrange retrieval; or
- raise any objections.

All inquiries must be received within 30 days of the date of this notice.

For further information, please contact:

Margaret Turner, Deeds Clerk
+61 3 9612 8300
wills@gadens.com
Gadens, Level 13, 447 Collins Street, Melbourne VIC 3000

This notice is issued in accordance with applicable legal and privacy obligations.


THE SALVATION ARMY
Help put lives back together.
For Donations Call
13 SALVOS (13 72 58)

VICTORIA
State Government

### Notice of an award of damages to a prisoner,

In accordance with section 104Y of the Corrections Act 1986 notice is given that an award of damages has been made to prisoner Mark Shandley in a claim against the State of Victoria. The award money, excluding medical expenses, has been paid into the Prisoner Compensation Quarantine Fund, where it will be held for an initial period of 12 months from 20 November 2025.

Creditors and victims in relation to criminal acts of Mark Shandley are invited to seek further information from the Secretary to the Department of Justice and Community Safety.

To do so, please contact the Victims Register Operations Manager, at Victim Services, Support and Reform on 1800-819-817.

Dated 20 November 2025.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:

**WESTBOROUGH SPE LLC,**

**Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day I caused a copy of

the following to be served on all parties listed on the attached Service List in the manner noted

thereon:

**TRUSTEE'S NOTICE PUBLICATION REGARDING PROPOSED**
**SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS**
**AND PROPOSED SETTLEMENT AGREEMENT**

Dated: December 4, 2025

/s/ Christine E. Devine
Christine E. Devine, Esq.
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: 508-533-7240
Email: christine@nicholsondevine.com

A-325

Electronic Mail Notice List

The following list of parties and attorneys have received electronic notice via the Court's
CM/ECF noticing process:

- Jeffrey T Blake     jblake@k-plaw.com
- Paul W. Carey     pcarey@mircklaw.com, bankrupt@mirickoconnell.com
- Luis R. Casas     luis.casasmeyer@akerman.com
- Jose C. Centeio     jc@jcfirm.com
- Brian Charville     bcharville@ferrisdevelopment.com
- Christine E. Devine     christine@nicholsondevine.com,
  devine.christiner109603@notify.bestcase.com;angelina@nicholsondevine.com;christine_
  492@ecf.courtdrive.com
- Jonathan R. Goldsmith     bankrdocs1@gkalawfirm.com,
  bankrdocs@gkalawfirm.com;intern@gkalawfirm.com;Esq..JonathanR.G.B145355@notif
  y.bestcase.com
- Jonathan R. Goldsmith     trusteedocs1@gkalawfirm.com,
  mwolohan@gkalawfirm.com;trusteedocs@gkalawfirm.com;intern@gkalawfirm.com;M
  A43@ecfcbis.com
- Stephen F. Gordon     sgordon@gordonfirm.com,
  vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- Richard King     USTPRegion01.WO.ECF@USDOJ.GOV
- Brian Lee     blee@nutter.com
- Samual A. Miller     samual.miller@akerman.com
- Brian W. Riley     briley@k-plaw.com
- Douglas B. Rosner     drosner@goulstonstorrs.com
- Angelina M. Savoia     angelina@nicholsondevine.com, angelina@ecf.courtdrive.com
- Roger L. Smerage     rsmerage@k-plaw.com

Email and/or First Class Mail Service List

The following list of parties and attorneys have been served **as noted**:

Lolonyon Akouete                    Via Email
800 Red Mills Rd
Wallkill, NY 12589
info@smartinvestorsllc.com


Denise Edwards                    Via Email
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

2

A-326

Mark S. Lichtenstein                          Via Email
Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
mark.lichtenstein@akerman.com


Lenard Benson Zide, Esq.
Butters Brazilian LLP                         Via Email
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com

Jonathan La Liberte                           Via Email
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
jclaliberte@sherin.com

3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**WESTBOROUGH SPE LLC,**

**Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

## SUPPLEMENTAL CERTIFICATE OF SERVICE

The undersigned, Angelina M. Savoia, hereby certifies that on this day I caused a copy of

the following to be served on all parties listed on the attached Service List in the manner noted

thereon:

- *Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement and Mutual Release, (II) Deadline for Filing Objections, and (III) Hearing Date* [Dkt. No. 989];

- *Settlement Agreement and Mutual Release* [Dkt. No. 966];

- *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967];

- *Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* [Dkt. No. 968]; and

- *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* [Dkt. No. 978].

Dated: December 5, 2025

/s/ Angelina M. Savoia, Esq.
Angelina M. Savoia (BBO #715690)
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone: 857-600-0508
Email: angelina@nicholsondevine.com

A-328

**First Class Mail, Postage Prepaid and/or email notice provided as noted[1]**

The following party has been served as noted:

| Phillip Green<br>Level 37, The Chifley TowerLevel 2<br>Chifley Square<br>Sydney, New South Wales 2000<br>Australia | Potential interested party regarding Mignonette Investments Ltd and Penago Pty Ltd | Via First Class Mail per Exhibit A |
|---|---|---|

---

[1] The Trustee reserves all rights regarding the parties to whom the Trustee is providing notice herein and nothing in the descriptions in this certificate shall be deemed an admission of any party's interest.

A-329

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

Westborough SPE LLC

CASE NO: 23-40709-CJP

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 7
ECF Docket Reference No. 989

---

On 12/5/2025, I did cause a copy of the following documents, described below,

Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement ECF Docket Reference No. 989

Settlement Agreement and Mutual Release 966

Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 967

Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief 968

Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968] 978

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 12/5/2025

/s/ /s/ Angelina M. Savoia
/s/ Angelina M. Savoia 715690

Nicholson Devine LLC
21 Bishop Allen Drive

A-331

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:

Westborough SPE LLC

CASE NO: 23-40709-CJP

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 7
ECF Docket Reference No. 989

On 12/5/2025, a copy of the following documents, described below,

Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement ECF Docket Reference No. 989

Settlement Agreement and Mutual Release 966

Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 967

Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief  968

Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968] 978

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto as the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge.

DATED: 12/5/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
/s/ Angelina M. Savoia
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA  02139

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

A-332

INTERNATIONAL

PHILLIP GREEN
LEVEL 37, THE CHIFLEY TOWER
2 CHIFLEY SQUARE
SYDNEY   NSW 2000

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**WESTBOROUGH SPE LLC,**

Debtor.

**Chapter 7**
**Case No. 23-40709-CJP**

## SUPPLEMENTAL CERTIFICATE OF SERVICE

The undersigned, Angelina M. Savoia, hereby certifies that on this day I caused a copy of the following to be served on all parties listed on the attached Service List in the manner noted thereon:

- *Notice of: (I) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests, (II) Deadline for Filing Objections, and (III) Hearing Date; and (I) Proposed Settlement Agreement and Mutual Release, (II) Deadline for Filing Objections, and (III) Hearing Date* [Dkt. No. 989];

- *Settlement Agreement and Mutual Release* [Dkt. No. 966];

- *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967];

- *Trustee's Motion for Entry of an Order Approving and Authorizing the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* [Dkt. No. 968]; and

- *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* [Dkt. No. 978].

Dated: December 8, 2025

/s/ Angelina M. Savoia, Esq.
Angelina M. Savoia (BBO #715690)
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone: 857-600-0508
Email: angelina@nicholsondevine.com

A-334

A-335

**First Class Mail, Postage Prepaid and/or email notice provided as noted[1]**

The following party has been served as noted:

| | | |
|---|---|---|
| Brian Lee, Esq.<br>Nutter, McClennen & Fish, LLP<br>Blee@nutter.com | Counsel to Peter Blaustein in his individual capacity and as guardian of Jan Blaustein | Via email |

---

[1] The Trustee reserves all rights regarding the parties to whom the Trustee is providing notice herein and nothing in the descriptions in this certificate shall be deemed an admission of any party's interest.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CREDITOR LOLONYON AKOUETE'S OBJECTION TO TRUSTEE'S MOTION TO
APPROVE SETTLEMENT AGREEMENT PURSUANT TO FED. R. BANKR. P. 9019**

Creditor Lolonyon Akouete ("Akouete"), appearing pro se, respectfully submits this Objection to
the Chapter 7 Trustee's Motion for Entry of Order Approving and Authorizing Settlement
Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 [Dkt. 967] (the "Settlement
Motion"). For the reasons set forth below, the proposed settlement is not fair, equitable, or in the
best interest of the estate, and its approval would materially and adversely affect the distribution
guaranteed to unsecured creditors under the Bankruptcy Code—particularly to Akouete, the
estate's largest unsecured creditor.

## I. INTRODUCTION

The Trustee seeks approval of a settlement that pays **$2.6 million** to four hand-selected parties—
none of whom hold priority status—while administrative expenses continue to escalate and the
Trustee simultaneously pursues litigation aimed at eliminating Akouete's multi-million-dollar
claim. If the settlement is approved as structured, unsecured creditors will receive only an
estimated **94%** dividend. If the Trustee succeeds in disallowing Akouete's claim, the estate
instantly becomes a **multi-million-dollar surplus estate**, with all other creditors receiving **100%
plus postpetition interest**.

These facts alone demonstrate that the settlement is not neutral. It is a distribution scheme that
functions only if Akouete's claim is removed. The settlement therefore cannot be approved because
it (i) distorts the Bankruptcy Code's priority structure, (ii) confers disproportionate benefits on
favored parties, (iii) relinquishes valuable estate rights without adequate justification, and (iv)
directly harms the estate's largest creditor.

## II. CURRENT FINANCIAL OVERVIEW AND PECUNIARY INTEREST OF CREDITOR AKOUETE

Based on the information presently available in the record, the estate holds significant assets that
must be evaluated to determine how the proposed settlement affects creditor recoveries. The
estate's assets include the anticipated proceeds from the sale of the Debtor's real property, which is
expected to yield approximately $5,010,000 after estimated closing costs, and the $1,293,646.83 in
unclaimed property remitted by the California State Controller on February 8, 2024. Together,
these sources provide the estate with $6,303,646.83 before deducting settlement payouts and
administrative expenses.

A-336

The proposed settlement requires the Trustee to distribute substantial sums to selected parties before addressing the claims of unsecured creditors. Under the settlement, the Town of Westborough is to be paid $1,640,000; MobileStreet is to receive $756,763 in full satisfaction of all obligations under the Reciprocal Covenants; Ferris Development Group is to receive $110,000 pursuant to the Trustee's Supplemental filing; and LAX Media is to receive $100,000. These combined distributions total $2,606,763. Once these payments are made, the estate's remaining balance would be reduced to $3,696,883.83 before administrative expenses.

The administration of the estate has already generated substantial expenses. These include the fees and costs of Verdolino & Lowey, P.C.; appraisal costs; the Trustee's bond premium; the filing fee; and significant ongoing bank service charges associated with holding and managing estate funds. In addition, the Trustee's counsel, Nicholson Devine LLC, seeks approval of more than $276,000 in fees and expenses. The estate will also continue to incur administrative expenses as the case progresses, including closing costs and U.S. Trustee fees. Based on current information, the administrative expenses incurred and reasonably anticipated total approximately $387,112.77. After deducting these expenses, the funds available for distribution to unsecured creditors total $3,309,771.06.

The remaining unsecured claims, after accounting for the settlement's extinguishment of MobileStreet's claim and the satisfaction of Ferris's $10,000 proof of claim, consist of the claims filed by Darin Clagg, Sherin & Lodgen LLP, Denise Edwards, and Akouete. These claims collectively total $3,520,315.25. Based on this pool and the funds currently expected to be available for distribution, unsecured creditors would receive a dividend of approximately 94 percent of their allowed claims.

For Akouete, whose timely filed unsecured claim totals $3,146,823.50, a 94 percent dividend would result in a distribution of approximately $2,957,014.09. This represents a substantial pecuniary interest tied directly to the administration of the estate and the structure of the proposed settlement.

If the Trustee succeeds in disallowing Akouete's claim, the remaining unsecured claims total only $373,491.75. Given the currently projected estate balance of $3,309,771.06 after settlement distributions and administrative expenses, the estate would have more than enough funds to pay all remaining unsecured creditors in full and to satisfy postpetition interest under 11 U.S.C. § 726(a)(5). In such a scenario, the estate would become a surplus estate, and the elimination of Akouete's claim would be determinative of who receives the remaining multi-million-dollar balance. These circumstances reinforce that no creditor stands to be more adversely impacted by the settlement than Akouete.

The financial posture of the estate will continue to evolve as additional expenses are incurred or new information becomes available. However, based on the current record, the proposed settlement would significantly alter the distribution available to unsecured creditors and would have a disproportionate and adverse effect on Akouete. This establishes more than sufficient pecuniary interest and necessitates that the Court examine the settlement with heightened scrutiny.

## III. LEGAL STANDARD GOVERNING APPROVAL OF A RULE 9019 SETTLEMENT

A proposed compromise under Federal Rule of Bankruptcy Procedure 9019 may be approved only if it is fair, equitable, and in the best interests of the estate. *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995). In applying this standard, the Court must independently evaluate the settlement; the Trustee's business judgment is relevant but not controlling. The Court must ensure that the

A-337

compromise does not fall below the "lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).

The First Circuit identifies four principal factors:
(1) the probability of success in the litigation being compromised;
(2) the complexity of the litigation, including expense, inconvenience, and delay;
(3) the difficulties, if any, in collection; and
(4) the paramount interests of creditors and sound deference to their reasonable views. *Jeffrey v. Desmond*, 70 F.3d at 185.

While a bankruptcy court need not conduct a mini-trial when evaluating a compromise, it must have a sufficient factual and legal foundation to "canvass the issues" and make an informed, independent judgment. In re Healthco Int'l, Inc., 136 F.3d 45, 58 (1st Cir. 1998). The trustee must articulate a reasoned basis for the compromise so that the Court can assess the risks, the alternatives, and the effect on creditors. Id. at 58–59. The Court's obligation under Rule 9019 includes considering not only the trustee's assessment but also the economic consequences to creditors and whether the settlement falls within the range of reasonableness. Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995).Where a settlement allocates estate assets in a manner that affects creditor priorities or confers disproportionate benefits on certain parties, the Court must apply heightened scrutiny. The First Circuit holds that when a settlement alters statutory priority rules or channels value to favored parties, the bankruptcy court must ensure the outcome is consistent with § 726 and does not violate the absolute priority rule. See *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984), cited approvingly by numerous courts in this Circuit; see also *In re Iridium Operating LLC*, 478 F.3d 452, 464–66 (2d Cir. 2007) (settlements that distribute value outside of the priority scheme require searching review).

In short, the Court must determine whether the Trustee has met his burden to demonstrate, with evidence, that the proposed compromise is fair, equitable, in the best interest of creditors, and consistent with the Bankruptcy Code. Where critical claims are waived, constitutional issues are implicated, or creditors are treated unequally, the Court must deny approval.

## IV. SPECIFIC DEFECTS IN THE PROPOSED SETTLEMENT

Having set forth the financial posture of the estate and the governing legal standards, the remaining sections identify the specific ways in which the proposed settlement fails to satisfy Rule 9019. Each issue described below constitutes an independent basis for denial. Considered together, they demonstrate that the compromise is neither fair nor equitable, does not fall within the range of reasonableness, and contravenes core principles of the Bankruptcy Code.

**Issue 1: The Settlement Vacates the Foreclosure Judgment Only for the Town's Preferred Buyer, Leaving the Estate With No Lasting Benefit**

A central defect in the proposed settlement is that it does not restore title to the bankruptcy estate in any meaningful or durable way. The foreclosure judgment is not being vacated generally, permanently, or for the benefit of creditors. It is being vacated **only conditionally**, and **only** for the singular purpose of allowing a sale to the Town's preferred buyer, BSAPSS. If that private transaction fails for any reason—financing collapse, inspection issues, municipal delays, buyer withdrawal, or any other contingency—the foreclosure judgment instantly snaps back into place. Title reverts to the Town. The estate regains nothing. All progress evaporates. The case returns to the exact posture that existed on the day the involuntary petition was filed: the Town remains in

A-338

possession of title obtained through strict foreclosure, and creditors remain with no recoverable asset.

The structure operates entirely as a one-way ratchet. If the BSAPSS sale succeeds, the Town receives $1.64 million and broad releases from all claims, including constitutional claims. But if the sale fails, the Town keeps its foreclosure judgment without modification, suffers no economic loss, and retains full leverage over the estate's only significant asset. In neither scenario does the estate ever receive unconditional title or any lasting legal benefit. The estate alone bears all risk; the Town bears none.

This conditional arrangement has had real economic consequences. When the debtor first sought vacatur and redemption in early 2023, the Town represented that the tax title account balance—including all taxes, interest, liens, board-up expenses, insurance, and legal fees—was **$638,755.20**. The Town's current settlement demand has now grown to **$1,640,000**, a net increase of more than **one million dollars**. This inflation resulted not from any action of the debtor or its creditors, but from the Town's refusal to permit a lawful vacatur while it pursued its own private negotiations and RFP processes.

The same pattern appears with respect to MobileStreet. In mid-2024, MobileStreet filed an amended proof of claim for **$374,934.60**. Under the present settlement, MobileStreet is now to receive a **Total MobileStreet Payment of $756,763**, consisting of a $556,763 stipulated maintenance amount through December 31, 2025, plus an additional $200,000 "Use Modification Payment." MobileStreet's claim has therefore more than doubled—an increase of **$381,828**, or over **101%**—during the period in which the Town refused unconditional vacatur and the foreclosure judgment remained intact.

These escalations are not theoretical. They are the direct byproduct of a settlement structure that keeps the estate frozen in a holding pattern until a single buyer closes. During that period, taxes continued to accrue, interest compounded, maintenance obligations grew, and the Trustee incurred ongoing administrative expenses. Yet none of these expenses would have accrued had the Town simply allowed the foreclosure to be vacated in 2023, when the debtor timely petitioned for relief, provided proof of funds, and sought to redeem the property under M.G.L. c. 60, § 69A.

The economic harm underscores the structural defect. The settlement yields **no incremental or bankable benefit** to the estate. It creates no vested right to title, no preserved equity, and no path to market testing. If BSAPSS withdraws at the eleventh hour, every dollar spent, every effort undertaken, every court proceeding, and every month of delay is lost. The estate is thrust back into total forfeiture. By contrast, a true compromise would unconditionally vacate the foreclosure, restore title to the estate, and allow the Trustee to solicit competing offers even if one buyer fails.

Rule 9019 does not authorize a compromise that leaves the estate in a worse position than if it litigated its rights. A settlement that forces creditors into a "this buyer or nothing" posture—where the Town retains veto power over the estate's title and creditors shoulder escalating costs while the Town bears none—is inherently coercive and falls below the lowest point in the range of reasonableness. **TMT Trailer Ferry, Inc. v. Anderson**, 390 U.S. 414, 424 (1968).

Because the conditional vacatur provides no durable benefit to the estate, dramatically increases creditor exposure, and shifts all risk to the bankruptcy estate while insulating the Town entirely, this defect alone warrants denial of the settlement.

A-339

**Issue 2: The Town's Conditional Vacatur Structure Is Coercive, Constitutionally Defective, and Requires the Estate to Surrender Valuable Claims Simply to Restore What the Law Already Required**

Issue 1 addresses the narrow structural flaw that vacatur is restricted to a single preferred purchaser. Issue 2 concerns a different and more profound defect: the Town proposes to vacate the foreclosure judgment only if the bankruptcy estate pays it $1.64 million, releases all claims—including constitutional and due-process claims—and consummates a sale to the Town's selected buyer. The Town is, in effect, requiring the estate to purchase back its own constitutional rights.

This structure is coercive on its face and legally untenable. It transforms the vacatur of an unconstitutional foreclosure into a bargaining chip, even though **the Town had no lawful right to retain title in the first place** if the foreclosure violated due process or Tyler v. Hennepin County, 598 U.S. 631 (2023). The Town uses the foreclosure judgment as leverage not to secure repayment of taxes—which were already tendered—but to compel global releases, eliminate all potential liability, and force the estate into a single-buyer transaction.

The coercion is magnified by the Town's own misconduct. As the underlying record shows:

1. **The Town failed to provide constitutionally adequate notice** under G.L. c. 60, § 66 and *Jones v. Flowers*, 547 U.S. 220 (2006).
   Two certified mail notices were returned undeliverable. A process server left papers at 34 Stern Lane for an unidentified man, even though Jan Blaustein had deeded that property to her ex-husband six years earlier. Public records, TLO searches, and even the Town's own investigative methods (used on others) would have easily disclosed Jan's correct address. The Town simply chose not to look.
2. **The Town had full knowledge of WSPE's representatives and addresses.**
   The Statement of Organization identified Jan. The title examination listed Jan. Yet it made no meaningful effort to notify Jan, even though due process requires "efforts one desirous of actually informing the absentee might reasonably adopt."
3. **The Town withheld material facts from the Land Court, including its failure to serve a real party-in-interest**, and proceeded with a strict foreclosure designed to capture the entire equity value of the property—an outcome Tyler presumptively forbids.
4. **The Town's motive was not tax collection but profit extraction.**
   Former Town Manager Malloy advised the Town that it could sell the property to LAX for $5 million in 2018, pay the taxes ($119,628.17), and return the remaining ~$4.88 million to WSPE. The Town declined and instead allowed the property to sit vacant for two years so that it could profit from the foreclosure.

Against that backdrop, the Town's current demand—that the estate pay $1.64 million, relinquish all claims, and forfeit constitutional rights merely to vacate a defective foreclosure—is not an arm's-length compromise. It is an attempt to **monetize an unconstitutional taking** and to force the estate to validate a process that violated state law, the Collector's Manual, and the United States Constitution.

The Trustee, however, has conducted **no valuation or analysis** of the estate's constitutional claims. Tyler makes clear that a property owner has a cognizable interest in surplus equity wrongfully retained in a tax foreclosure. The estate lost a property worth millions for a tax debt originally listed at $638,755.20—one that WSPE was ready, willing, and able to pay in 2023. The Trustee nonetheless proposes to release all constitutional claims without investigating their value, their likelihood of success, or the remedies that could be obtained through litigation.

A-340

Rule 9019 forbids this. A trustee cannot release potentially valuable claims—including due-process violations, takings claims, and equitable claims under Tyler—without first identifying them, assessing their value, evaluating litigation risk, and explaining why surrendering them benefits creditors. See *Jeffrey v. Desmond*, 70 F.3d at 185; *Healthco*, 136 F.3d at 58–59.

The conditional structure compounds the deficiency. The Town will not vacate unless:
(1) it receives $1.64 million;
(2) it is granted full releases; and
(3) its hand-picked buyer closes.

If any condition fails—even if entirely beyond the estate's control—the foreclosure remains intact, the estate receives nothing, and all potential constitutional claims vanish. The estate is left with no remedy, no title, and no recourse.

This is not compromise. It is coercion. It weaponizes a foreclosure judgment obtained through defective notice and then conditions its reversal on the estate's abandonment of constitutional rights. Rule 9019 does not permit the Court to approve a settlement that forces the estate to purchase relief from an unlawful taking, surrender all claims without valuation, and obtain no independent remedy even if the sale collapses.

Because the Town's conditional vacatur hinges on the surrender of unvalued constitutional claims, leverages an invalid foreclosure for negotiation advantage, and deprives the estate of any standalone right to reclaim its property, the proposed compromise cannot be approved.

**Issue 3: The Settlement's Sweeping, Overbroad Releases Would Extinguish the Federal District Court Action and Other Claims – Including Claims Against Non-Settling Parties – With No Valuation or Demonstrated Benefit to the Estate**

A third fundamental defect in the proposed settlement is the scope and effect of the releases demanded by the Town. The compromise is structured so that, as a practical matter, the bankruptcy estate must give up all claims arising out of the foreclosure, the RFP process, and the ensuing litigation, including the pending federal District Court action, *Westborough SPE LLC v. Town of Westborough, et al.* (E.D. Mass., filed Aug. 30, 2023) (the "Federal Action"). Those releases are not limited to tax-title issues or routine municipal defenses. They reach constitutional claims, statutory claims, and civil-rights claims against a wide array of actors, many of whom are not even parties to the proposed settlement and are providing no consideration in exchange for the benefit they receive.

In the Federal Action, the debtor asserts detailed constitutional and statutory claims arising from the Town's tax-title foreclosure and subsequent conduct at 231 Turnpike Road. The complaint alleges, among other things: (i) an unconstitutional taking under the Fifth Amendment and 42 U.S.C. § 1983 based on the Town's "equity theft" of a $5+ million commercial property for a relatively small tax debt; (ii) facial and as-applied constitutional challenges to the Massachusetts tax-deed scheme under *Tyler v. Hennepin County*, *Knick*, and related precedent; (iii) due-process violations under *Jones v. Flowers* arising from the Town's failure to provide adequate notice to WSPE's true representatives; (iv) excessive fines and takings theories under the U.S. and Massachusetts Constitutions; and (v) conspiracy and witness-intimidation claims under 42 U.S.C. §§ 1985(2) and 1986. The complaint seeks declaratory and injunctive relief, damages, and attorneys' fees under 42 U.S.C. § 1988.

A-341

Critically, those claims are not limited to the Town and its officials. The Federal Action names a long list of defendants who are alleged to have participated in, benefited from, or facilitated the unconstitutional taking and subsequent "equity theft" and RFP process, including:

– The Town of Westborough;
– Town officials (Select Board members, Town Manager, Chief Assessor);
– The Town's attorneys (KP Law, P.C. and Attorney Iris Leahy);
– Competing and favored bidders (Ferris Development Group, LLC; Lax Media, LLC; Lax Media MA, LLC);
– Private actors and insiders (Peter Blaustein, Dyann Blaine, and Walter Horst), who are alleged to have conspired with the Town and others to deprive WSPE of its property and to interfere with the testimony and cooperation of F. Jan Blaustein Scholes.

The proposed settlement, however, would require that all claims arising from these events be released or rendered moot, effectively forcing dismissal or neutralization of the Federal Action as the price of vacating the foreclosure and closing a single sale to the Town's preferred buyer. In substance, it accomplishes the following without any analysis or valuation:

1. Extinguishes the debtor's federal constitutional claims under 42 U.S.C. §§ 1983, 1985(2), and 1986, and related state-law claims, including under G.L. c. 93A, arising from the Town's foreclosure and equity-theft conduct.
2. Eliminates claims challenging the constitutionality of M.G.L. c. 60's tax-title framework and the Land Court's "absolute title" practice as applied to WSPE.
3. Wipes out conspiracy and civil-rights claims against private, non-settling defendants such as Peter Blaustein, Dyann Blaine, and Walter Horst, who are alleged to have coordinated with Town officials and counsel to intimidate Jan Scholes and to block WSPE's efforts to protect its property.
4. Extinguishes claims against Ferris and LAX entities that arise from the flawed, non-arm's-length RFP process and the Town's manipulation of competitive bidding statutes.

None of these private actors is shown to be contributing anything to the settlement consideration. Yet the releases would functionally give them a free pass from a Verified civil-rights and constitutional lawsuit that has already been filed and verified under penalty of perjury by the debtor's managers.

Rule 9019 does not permit a trustee to grant "global peace" to an entire cast of governmental and private defendants, including non-settling insiders and alleged conspirators, without:

– Identifying each category of claim to be released;
– Evaluating the probable success and damages associated with those claims;
– Determining whether they belong to the estate or to the debtor/individuals personally; and
– Demonstrating that the consideration paid by the settling parties reasonably corresponds to the value of the claims being surrendered.

Here, the Trustee has not undertaken any such analysis. There is no discussion of the Federal Action in the motion, no explanation of how the constitutional and civil-rights claims have been valued, and no showing that creditors are being compensated for the extinguishment of those claims—especially those against defendants other than the Town.

The structural problem is even more serious because the Federal Action includes claims that are not merely derivative of the estate's tax-title rights. It asserts independent constitutional injuries, civil-

A-342

rights violations, and conspiracy claims that sound in §§ 1983, 1985, and 1986 and seek declaratory and injunctive relief against state actors and private conspirators. By using a bankruptcy settlement with the Town to force dismissal or nullification of that suit, the Trustee is attempting to compromise rights and remedies that go beyond a simple dispute over a tax lien. That is precisely the sort of overreach that courts have cautioned against in approving third-party releases and broad compromises.

Moreover, the proposed releases ignore the basic fairness issue: the settlement would allow alleged wrongdoers like Peter Blaustein and others—who are accused of colluding with the Town, intimidating a vulnerable witness, and manipulating corporate control—to escape potential liability without paying anything, while creditors are asked to accept a lowball sale and the permanent loss of every claim that might redress the unconstitutional taking.

Without a detailed valuation of the Federal Action, without a record explaining why these significant constitutional and civil-rights claims should be sacrificed, and without any contribution from the non-settling defendants who benefit from the releases, the Court cannot make the findings required under Rule 9019. A compromise that casually extinguishes a pending federal constitutional lawsuit and grants de facto immunity to non-settling private actors, in exchange for a single conditional sale on terms favorable to the Town and its chosen buyer, is not fair, equitable, or within the range of reasonableness.

For these reasons, the overbroad, unvalued releases—which would effectively terminate the Federal Action and confer a windfall on non-settling defendants—constitute an independent and substantial ground to deny approval of the proposed settlement.

**Issue 4: The Settlement Impermissibly Reorders Distributions and Pays Select Parties Outside the Code's Priority Scheme Without a Demonstrated Estate Benefit**

A fourth, independent defect is that the settlement hardwires a distribution scheme that pays favored counterparties outside the Bankruptcy Code's priority framework, without the findings and evidentiary support required to justify that departure. Even if the Court assumed arguendo that the sale price were adequate, the settlement still fails because it allocates sale proceeds through side payments and stipulations that function as a sub rosa plan and produce unequal treatment among similarly situated creditors.

First, the settlement effectively guarantees the Town payment in full at closing as the price of conditional vacatur and broad releases. Whatever the Town's secured status may ultimately be determined to be, Rule 9019 does not allow the Trustee to transform a contested foreclosure dispute into a private payoff arrangement that fixes the distribution outcome while bypassing the safeguards that normally govern allowance, priority, and objections. If the Trustee's position is that the Town is secured and entitled to payment from sale proceeds, the Code already provides a mechanism to determine the amount, validity, and extent of that claim and to resolve disputes through a transparent evidentiary process. The settlement instead converts that determination into a nonreviewable contractual term, while the estate simultaneously surrenders claims and defenses that could materially reduce or offset the Town's asserted entitlement.

Second, the settlement provides MobileStreet a "Total MobileStreet Payment" consisting of (i) $200,000 to amend reciprocal covenants to allow "house of worship" use, and (ii) $556,763 as a stipulated "Maintenance Payment" covering alleged obligations "inclusive of all legal fees" through December 31, 2025—paid within ten days of closing to MobileStreet's counsel by check. This is not a routine payoff of an allowed claim through the claims-allowance process. It is a

A-343

negotiated carve-out paid on stipulated numbers, without the record necessary for the Court to determine whether the amounts are actually (a) secured by a perfected interest in sale proceeds, (b) allowable under applicable nonbankruptcy law, and (c) properly treated as prepetition claim, postpetition administrative expense, or some mixture that requires allocation and scrutiny. By locking in a large stipulated payment and giving MobileStreet a path to assert additional administrative claims from January 1, 2026 through closing, the settlement further elevates one counterparty's recovery while leaving other creditors to fight for distributions under § 726.

Third, the settlement pays Ferris $100,000 notwithstanding that Ferris filed only a $10,000 proof of claim. Paying a creditor ten times the amount it chose to assert as its claim is an extraordinary deviation that requires a clear estate-benefit showing and a legal basis—neither of which has been supplied. If the payment is framed as consideration for something other than a claim (for example, a release, cooperation, or withdrawal of litigation), then it is not a claim distribution at all; it is a settlement buyout paid from estate property that must still be justified under § 363/Rule 9019 with evidence that the payment is reasonable, necessary, and value-maximizing for the estate. The Trustee cannot use a settlement to confer a premium payment to a party as a private inducement while other creditors receive distributions only after the statutory waterfall.

Fourth, the settlement provides LAX a $100,000 payment even though LAX has no allowed claim. That is the paradigmatic problem: estate money is being paid to a non-creditor (or at minimum to an entity with no allowed claim) as part of the transaction structure. If the Trustee contends that this payment is not a distribution but instead a transaction expense or consideration for some contractual performance, the Trustee still bears the burden to show that the payment is justified, necessary to close, and not an end-run around the priority scheme. If, on the other hand, it is effectively a distribution, then it is even more plainly improper because it elevates a party with no allowed claim above creditors who must comply with § 502, § 507, and § 726.

These provisions collectively violate the central principle that bankruptcy distributions must follow the Code's priorities, and that parties cannot use a Rule 9019 settlement to implement a de facto plan that "earmarks" value for select constituencies. Courts have rejected settlements that function as sub rosa plans or that dictate distributions in a way that undermines priority and equality of treatment. See, e.g., In re Iridium Operating LLC, 478 F.3d 452 (2d Cir. 2007) (settlement approvals must consider whether a compromise complies with the priority scheme and cannot use settlement to evade core bankruptcy distribution principles); Official Comm. of Unsecured Creditors v. AWECO, Inc. (In re AWECO, Inc.), 725 F.2d 293 (5th Cir. 1984) (settlement may not be approved where it would violate the absolute priority rule and reorder distributions contrary to the Code). The same defect exists here: the settlement pays selected parties by agreement and stipulation, outside the ordinary claim allowance process, while the remainder of the creditor body is left to divide what is left, even though many of the paid parties are not being paid on allowed claims at all.

This is an independent basis to deny approval. Even if the sale price were increased, the settlement would still be unconfirmable in substance because it uses estate value to purchase "peace" and transactional convenience by paying certain counterparties first and by contract, rather than by the Bankruptcy Code's distribution rules. The Court should require the Trustee either to (i) justify each payment under a legally correct category (secured payoff, allowed claim distribution, administrative expense, or necessary closing cost) supported by evidence and subject to objections, or (ii) restructure the settlement so that distributions occur through the Code's priority scheme, not around it.

A-344

**Issue 5: The Settlement Purchases Global Litigation Peace and Extinguishes Claims Without an Adequate Valuation Record**

The settlement requires dismissal with prejudice of multiple pending actions that concern the Property and the estate's asserted rights, including: (i) the Federal Action (to be dismissed by the Trustee), (ii) the Avoidance Action (to be dismissed by stipulation of the Trustee and the Town), and (iii) the Tax Foreclosure Action (to be dismissed by the Town after conditional vacatur mechanics). It also requires dismissal of the so-called "30B Action," but notably that dismissal is to be executed by **Ferris, the Town, and Lax**—not the Debtor—confirming that the Agreement is designed to purchase broad "global peace" among non-estate parties as part of the bankruptcy compromise.

While Rule 9019 permits compromise, the Trustee must demonstrate that the estate is receiving fair value for the litigation rights being surrendered and for the broad peace being purchased. Here, the Agreement mandates dismissals and sweeping releases tied to the Sale closing, yet contains no developed record quantifying: (a) the value of the claims being dismissed or released, (b) the probability of success, (c) the cost/delay of litigation, and (d) how the compromise serves creditor interests as a whole. By locking in dismissals and finality as part of a global package, the Agreement risks sacrificing potentially valuable estate claims and constraining creditor oversight without the evidentiary showing required for approval under Rule 9019 and the Trustee's fiduciary duties under § 704.

This is not merely a settlement of discrete estate claims; it is a court-ordered mechanism for global claim extinguishment and litigation shutdown that must be justified by valuation and a Desmond/9019 record, which is absent.

**Issue 6: The Settlement's Non-Disparagement Clause Is an Unconstitutional Prior Restraint and Violates Public Policy**

The settlement contains a mutual non-disparagement clause that prohibits Ferris and the Town from making statements critical of one another regarding the foreclosure, procurement process, sale of the Property, and related proceedings. Although styled as a contractual term, this restriction becomes **state action** once approved and enforced by a bankruptcy court under Rule 9019. As such, it is subject to First Amendment scrutiny.

Speech concerning governmental conduct, court proceedings, and public procurement lies at the core of First Amendment protection. As the Ninth Circuit held in *Richey v. IRS*, "speech on public issues occupies the highest rung of the hierarchy of First Amendment values," and includes commentary on "the operation of the courts and judicial conduct," which are "matters of utmost public concern." 924 F.2d 857, 861–62 (9th Cir. 1991). The foreclosure of publicly owned property, compliance with Chapter 30B, zoning approvals, and the administration of a bankruptcy estate are quintessential matters of public concern.

The non-disparagement clause suppresses not only the speaker's rights, but also the **public's independent interest in receiving information** about governmental decision-making. See *Richey*, 924 F.2d at 862; *Pacific Gas & Elec. Co. v. PUC*, 475 U.S. 1, 8 (1986). In a Chapter 7 case— where transparency, creditor oversight, and public accountability are essential—such a gag provision undermines the integrity of estate administration.

Critically, the settlement provides **no justification**, evidentiary showing, or narrow tailoring to support this speech restriction. It is not limited in duration, scope, or subject matter, and it directly

A-345

interferes with participation in ongoing and future public processes, including zoning, permitting, and procurement oversight. Even if Ferris individually agreed to silence, a bankruptcy court may not approve a settlement term that suppresses speech about governmental conduct and judicial proceedings as the price of resolving estate disputes.

Because the non-disparagement clause operates as an unconstitutional prior restraint, impairs public oversight, and conflicts with the transparency principles governing Chapter 7 administration, this provision independently requires denial of settlement approval under Rule 9019.

**Issue 7: The Settlement Improperly Seeks a "Final" Order Under § 158(a)(1) to Preempt Appellate Review and Insulate the Transaction From Meaningful Oversight**

The settlement expressly requests that the Court deem the Rule 9019 approval order a "final" order under 28 U.S.C. § 158(a)(1). This request is not merely descriptive; it is a substantive procedural maneuver designed to accelerate finality, allow irreversible transactions to proceed, and materially constrain appellate review.

Contemporaneous correspondence among settlement counsel confirms that finality and appeal timing were central considerations in structuring the agreement. In an internal email circulated during settlement negotiations, counsel explicitly anticipated that the objecting creditor would appeal, assumed that no stay pending appeal would issue, and structured the closing mechanics so that the sale would proceed notwithstanding a pending appeal. The same correspondence reflects concern that objections could trigger discovery or a counteroffer process, underscoring that the settlement's architecture was designed to move the transaction forward before appellate scrutiny could occur.

This evidentiary record demonstrates that the "final order" language is not neutral or incidental. Rather, it is part of a deliberate framework intended to allow the sale to close during the pendency of an appeal, thereby risking mootness of appellate rights and shifting the burden entirely onto dissenting creditors to pursue emergency stay relief. Bankruptcy courts have repeatedly cautioned against settlement structures that functionally evade appellate review by racing to consummation. Finality under § 158 is a jurisdictional determination for the Court—not a contractual designation to be negotiated by the parties.

Moreover, the settlement's request for a declaration of finality is especially problematic given the scope of rights being extinguished. The agreement resolves constitutional claims, mandates dismissal of multiple court actions, imposes broad releases, and reallocates estate value among favored parties. Where a settlement has such sweeping consequences, heightened judicial scrutiny is required, not procedural insulation.

By asking the Court to deem the order "final" as part of the settlement itself, the Trustee seeks to constrain appellate pathways and insulate the agreement from review, rather than demonstrate that the settlement can withstand scrutiny on the merits. This procedural irregularity is independent of sale price and independently warrants denial of approval under Rule 9019.

**Issue 8: MobileStreet's Claimed Obligations and Maintenance Figures Are Accepted Without Evidence or Fiduciary Analysis**

The settlement authorizes payment of $756,763 to MobileStreet—comprised of a $556,763 "maintenance" payment and a $200,000 use-modification payment—based solely on stipulation,

without invoices, accounting, audit, or evidentiary support. The Trustee offers no explanation of how these figures were derived, no breakdown of costs, and no independent verification that the amounts are accurate, necessary, or legally owed by the estate.

Critically, the Trustee also conducts no analysis of the governing transaction structure to determine whether these obligations are properly chargeable to the Debtor at all. The Property was held through a structured ownership and operating arrangement in which responsibility for maintenance, operating costs, and related obligations may not have rested with the title-holding entity. Yet the settlement contains no discussion of the governing agreements, no assessment of contractual risk allocation, and no determination that the claimed obligations were enforceable against the estate rather than against a tenant, operator, or purchaser.

The absence of analysis is especially stark with respect to the $200,000 "Use Modification Payment." That payment exists solely to facilitate the purchaser's intended post-sale use of the Property and confers no independent benefit on the estate. The Trustee provides no justification for shifting what appear to be buyer-driven or post-closing costs onto the bankruptcy estate, and no finding that such payment is necessary to preserve estate value rather than subsidize the transaction.

Compounding the defect, the settlement further permits MobileStreet to seek additional administrative expense claims after closing, again without any defined evidentiary standards or limitation. This leaves the estate exposed to further unquantified liability while having already paid substantial sums without verification.

Rule 9019 requires more than acceptance of stipulated figures. A trustee must evaluate the validity, enforceability, and economic justification of claims being paid, particularly where those payments materially reduce recoveries to unsecured creditors. By approving substantial payments to MobileStreet without invoices, accounting, contractual analysis, or articulated benefit to the estate, the Trustee fails to satisfy his fiduciary obligations under § 704 and deprives the Court of a record sufficient to approve the compromise.

For these reasons, the MobileStreet payment provisions independently require denial of settlement approval.

**Issue 9: The Settlement Contractually Constrains the Trustee's Independent Judgment and Conflicts With His Fiduciary Duties Under § 704**

The proposed settlement impermissibly restricts the Chapter 7 Trustee's ability to exercise independent fiduciary judgment by contractually binding him to fixed positions regardless of future developments. Under the Agreement, the Trustee affirmatively agrees not to object to his own settlement motion, not to seek relief inconsistent with the Agreement, and not to pursue any modification or alternative relief beyond the precise terms negotiated with the Town and other settling parties. These provisions go beyond ordinary advocacy for a negotiated compromise and instead pre-waive the Trustee's discretion as a fiduciary of the estate.

While trustees routinely recommend settlements they have negotiated, Rule 9019 does not permit a trustee to contract away future judgment or to disable himself from responding to creditor objections, legal defects identified by the Court, or material developments arising during the approval process. A trustee may support a settlement; he may not bind himself in advance to ignore contrary evidence, constitutional concerns, or defects in the settlement structure that emerge

A-347

through the adversarial process. Fiduciary discretion under 11 U.S.C. § 704 is ongoing and non-waivable.

The Agreement's purported reservation of fiduciary duties does not cure this defect. Although the settlement contains general language stating that the Trustee may act consistent with his fiduciary obligations, that language is overridden by operative provisions requiring the Trustee to seek no relief inconsistent with the Agreement, to conform his Rule 9019 motion strictly to the negotiated terms, and to refrain from objecting or deviating even if doing so would benefit the estate. Courts look to substance over labels. A trustee retains no meaningful discretion where his authority exists only so long as it does not contradict a private contract.

This structure also undermines the Court's role in the Rule 9019 process. The Bankruptcy Court relies on the trustee as a neutral fiduciary presenter who independently evaluates the fairness, reasonableness, and estate benefit of a compromise. When a trustee is contractually bound to defend a settlement at all costs, the Court is deprived of an independent fiduciary assessment and instead presented with a pre-packaged agreement insulated from internal scrutiny. Rule 9019 does not permit trustees to convert the approval process into a formality by pre-committing to a fixed outcome.

Nor can these constraints be justified by arguments of deal certainty. While certainty is a legitimate interest in bankruptcy negotiations, it cannot come at the expense of statutory fiduciary duties. A settlement that requires the trustee to surrender discretion, suppress reevaluation, and foreclose alternative relief transforms the trustee from a fiduciary for creditors into an enforcement agent for the settling parties' preferred transaction. The Bankruptcy Code does not authorize such a role.

The defect here is not that the Trustee supports the settlement today; it is that the Agreement contractually disables him from exercising independent judgment tomorrow—even if doing so becomes necessary to protect the estate, respond to creditor objections, or comply with concerns raised by the Court. Because the settlement impermissibly constrains the Trustee's fiduciary discretion under § 704, it cannot be approved under Rule 9019.

**Issue 10: The Settlement's Jurisdiction-Retention Clause Is Overbroad and Improperly Seeks to Bind Non-Consenting Creditors and Non-Estate Claims**

The proposed settlement contains an expansive jurisdiction-retention provision purporting to vest the Bankruptcy Court with *exclusive jurisdiction* over all disputes "arising out of or related to" the settlement. This language is materially overbroad and impermissibly attempts to bind non-consenting creditors and to preclude adjudication of independent claims in other courts, including state-law actions not properly within the Bankruptcy Court's post-closing jurisdiction.

While bankruptcy courts may retain jurisdiction to interpret and enforce their own orders, jurisdiction retention is not unlimited. A bankruptcy court cannot, by settlement agreement or approval order, confer upon itself exclusive jurisdiction over matters that are not core proceedings, that do not affect estate administration post-closing, or that involve independent rights belonging to non-debtor parties. Jurisdiction exists by statute, not by contract.

Here, the settlement's jurisdiction clause is not limited to enforcement of the sale order or ministerial implementation of the settlement terms. Instead, it sweeps broadly to encompass any dispute "arising out of or related to" the settlement—language that would reach far beyond the Bankruptcy Court's proper authority. As drafted, the clause could be invoked to bar or interfere with:

A-348

• independent state-law claims under M.G.L. c. 93A;
• tort, equity, or restitution claims held by non-estate parties;
• challenges to municipal conduct outside bankruptcy;
• post-closing disputes unrelated to estate administration; and
• actions asserting personal rights that were never adjudicated or consented to in bankruptcy.

Such an outcome is legally impermissible. Bankruptcy jurisdiction does not extend indefinitely simply because a dispute shares factual overlap with a prior settlement. Once estate property has been sold and distributions made, jurisdiction narrows significantly. Courts routinely hold that "related to" jurisdiction does not survive merely because a dispute references a bankruptcy settlement or sale.

Equally problematic, the clause attempts to bind creditors who did not consent to the settlement. A Rule 9019 order may approve compromises of estate claims, but it cannot extinguish or jurisdictionally restrict independent claims held by creditors in their own right. Non-consenting creditors retain the ability to pursue their own causes of action in courts of competent jurisdiction. A settlement provision that purports to funnel all such disputes into bankruptcy court improperly shuts the courthouse doors to parties who never agreed to that limitation.

The overreach is especially acute here because the settlement already contains sweeping releases and mandatory dismissals of multiple actions. Layering an exclusive-jurisdiction clause on top of those provisions creates a structural attempt to foreclose any judicial forum—state or federal— outside bankruptcy. Rule 9019 does not authorize settlements that operate as global jurisdiction-stripping devices.

Nor can this provision be justified as a routine "cleanup" clause. Jurisdiction retention must be narrowly tailored to matters necessary to implement or enforce the court's orders. A clause that instead seeks to capture all future disputes tangentially connected to the settlement exceeds constitutional and statutory limits and risks rendering the approval order vulnerable on appeal.

Because the jurisdiction-retention clause is overbroad, seeks to bind non-consenting creditors, and attempts to preempt other courts' authority over independent claims, it provides an additional and independent basis to deny approval of the settlement under Rule 9019.

**Issue 11: The Trustee Fails to Satisfy the Mandatory Jeffrey v. Desmond / TMT Trailer Ferry Factors Required for Approval Under Rule 9019**

Rule 9019 does not permit a bankruptcy court to approve a settlement based on conclusory assertions of reasonableness or expediency. The First Circuit has made clear that a trustee must affirmatively demonstrate—through analysis and an evidentiary record—that a proposed compromise falls within the range of reasonableness. See *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424–25 (1968).

That showing requires consideration of four mandatory factors:
(1) the probability of success in the litigation being compromised;
(2) the complexity of the litigation involved, and the expense, inconvenience, and delay attending it;
(3) the difficulties, if any, to be encountered in collection; and
(4) the paramount interests of creditors and a proper deference to their reasonable views.

A-349

Here, the Trustee's settlement motion does not meaningfully address *any* of these factors. Instead, it presents the settlement as a fait accompli driven by transactional convenience rather than a reasoned evaluation of the estate's legal position.

First, there is no analysis of the probability of success of the claims being released. The settlement extinguishes claims arising from the tax foreclosure, constitutional takings under *Tyler v. Hennepin County*, Chapter 93A violations, avoidance actions, procurement irregularities under Chapter 30B, and federal civil claims. Yet the Trustee offers no legal assessment of the merits of any of these claims, no discussion of governing law, no evaluation of defenses, and no explanation as to why relinquishing these claims serves the estate. Releasing potentially valuable causes of action without assessing their likelihood of success is precisely what *TMT Trailer Ferry* forbids.

Second, the Trustee does not analyze the complexity, cost, or delay of continued litigation. While the settlement gestures vaguely toward avoiding litigation, it does not identify which claims are complex, which are straightforward, what discovery has occurred, what remains to be done, or how litigation risk compares to the rights being surrendered. Indeed, much of the relevant litigation—including the Avoidance Action—was never allowed to proceed to discovery at all. A trustee may not invoke "cost and delay" as a talisman without factual support.

Third, there is no discussion of collection risk. This factor is entirely absent from the Trustee's presentation. The Town of Westborough is a solvent municipal entity. There is no suggestion that a judgment or recovery would be uncollectible, difficult to enforce, or speculative. Where collection poses no material risk, this factor weighs against compromise—not in favor of it. The Trustee's silence on this point underscores the absence of a reasoned balancing.

Fourth, and most critically, the Trustee does not address the paramount interests of creditors. The settlement strips the estate of title unless a single preferred transaction closes, imposes coercive conditions, releases unvalued claims, and distributes sale proceeds in a manner that benefits select parties while leaving other creditors uncompensated or worse off. The Trustee does not analyze creditor recoveries under alternative scenarios, does not compare the settlement outcome to continued litigation or unconditional vacatur, and does not meaningfully engage with creditor objections. Rule 9019 requires deference to creditors' reasonable views—not their marginalization.

The absence of this four-factor analysis is not a technical defect; it is a substantive failure. A bankruptcy court cannot supply missing findings or substitute its own speculation for a trustee's evidentiary showing. Without a developed record addressing the *Jeffrey v. Desmond* factors, the Court lacks a lawful basis to determine that the settlement is fair, equitable, and in the best interests of the estate.

Because the Trustee has failed to carry his burden under Rule 9019 and controlling First Circuit precedent, the settlement cannot be approved as a matter of law. This failure alone—independent of the numerous structural and constitutional defects described above—requires denial of the settlement motion.

**Proposed Lawful Path Forward Consistent with the Massachusetts Collector's Manual and Chapter 60**

The objecting creditor does not challenge the sale price itself. A purchase price of approximately $5.1 million is within the range of fair market value given the property's long vacancy and the most recent appraisal. The defect in the proposed settlement lies not in valuation, but in the *process*

A-350

*chosen to restore title*. Massachusetts law provides a clear, established, and less coercive path to accomplish the same result without impairing creditor rights or constitutional claims.

Consistent with the Massachusetts Collector's Manual and G.L. c. 60, the following steps provide a lawful and superior alternative:

**1. Written Consent to Redemption by the Town's Governing Body**
Under the Collector's Manual, when a party with an interest in foreclosed property seeks redemption, the tax collector or treasurer must refer the matter to the municipal body controlling disposition of municipal property. If that body—here, the Town's Select Board—indicates in writing that it has no objection to redemption, the redemption process may proceed. The Town's role at this stage is limited to determining whether it objects to redemption, not to extracting unrelated concessions.

**2. Vacatur of the Foreclosure Judgment as a Legal Act, Not a Conditional Bargaining Tool**
Once the governing body indicates no objection and payment is tendered or available, the Town's treasurer or attorney may petition the Massachusetts Land Court to vacate the foreclosure decree. Under the Collector's Manual, vacatur follows satisfaction of statutory redemption requirements. Vacatur is not contingent on a particular purchaser, a specific closing, or the execution of global releases.

**3. Payment of Taxes, Interest, and Lawful Costs Only**
The estate, through sale proceeds, pays the amounts lawfully due under Chapter 60—namely, unpaid taxes, accrued interest, and statutorily permitted fees and costs. The Town is made whole for its tax claim, which is the sole purpose of the tax title and foreclosure process. No additional consideration is required to restore title.

**4. Issuance and Recording of a Certificate of Redemption**
After payment clears, the treasurer prepares and records a Certificate of Redemption at the appropriate registry of deeds. Recording this instrument restores marketable title to the estate and provides public notice that the tax title has been discharged, exactly as contemplated by the Collector's Manual.

**5. Sale of the Property with Clean, Restored Title**
With title restored, the Trustee may proceed to sell the property to the identified purchaser at the agreed price pursuant to § 363, subject to Court approval. The sale occurs free of the cloud created by the foreclosure judgment, eliminating title risk, constitutional uncertainty, and appellate exposure.

**6. Preservation of Claims and Judicial Oversight**
This process does not require the estate to surrender constitutional claims, Chapter 93A claims, procurement claims, or avoidance causes of action as the price of redemption. Any release of claims must be independently evaluated, valued, and justified under Rule 9019. Vacatur of foreclosure is a statutory consequence of redemption—not a settlement concession.

**7. Compliance with Established Municipal Practice and Public Policy**
This approach follows the precise framework outlined in the Massachusetts Collector's Manual, aligns with Chapter 60, avoids coercive conditional vacatur, protects creditor interests, and preserves public confidence in the integrity of tax foreclosure, bankruptcy administration, and municipal disposition of property.

**Statutory and Procedural Authority Governing Vacatur of a Massachusetts Tax Foreclosure Judgment**

**A. One-Year Statutory Period to Vacate Foreclosure Judgment**

**Massachusetts General Laws c. 60, § 69A** provides:
"A person claiming an interest in land foreclosed under this chapter may, within one year after the entry of the decree, file a petition in the land court to vacate the decree."
"If the court finds that the petitioner is entitled to redeem the land and that the redemption will not prejudice the rights of third parties, it may vacate the decree upon such terms as it deems just."

**B. Relief From Judgment Under Massachusetts Rules of Civil Procedure**

Tax foreclosure proceedings in the Land Court are subject to **Mass. R. Civ. P. 60(b)**.
**1. Fraud, Misrepresentation, or Misconduct**
**Mass. R. Civ. P. 60(b)(3)** provides relief from a judgment for:
"fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

**2. Void Judgments**
**Mass. R. Civ. P. 60(b)(4)** provides relief where:
"the judgment is void."
A void judgment is not protected by principles of finality and may be challenged without temporal limitation.

**3. Other Extraordinary Circumstances**
**Mass. R. Civ. P. 60(b)(6)** provides relief for:
"any other reason justifying relief from the operation of the judgment."

**C. Fraud on the Court — No Time Limitation**

**Mass. R. Civ. P. 60(b)** expressly preserves the court's inherent authority:
"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding…"
Massachusetts courts recognize **fraud on the court** as a distinct doctrine not subject to ordinary time limits, encompassing conduct that corrupts the judicial process itself.

**D. Constitutional Due Process Requirements**

**1. Fourteenth Amendment to the United States Constitution**
"Nor shall any State deprive any person of life, liberty, or property, without due process of law."

**2. Notice Requirements**

**Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950):**
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."

**Jones v. Flowers, 547 U.S. 220, 234 (2006):**

A-352

"When the government becomes aware prior to the taking that its attempt at notice has failed, due process requires the government to take additional reasonable steps to provide notice to the property owner."
A judgment entered without constitutionally adequate notice is void.

## E. Land Court Jurisdiction and Authority

**Massachusetts General Laws c. 185, § 1(k)** provides that the Land Court has:
"exclusive original jurisdiction of proceedings for the foreclosure of tax liens."
This jurisdiction includes authority to vacate decrees entered without jurisdiction, in violation of due process, or through fraud on the court.

## F. Effect of Fraud, Voidness, or Due Process Violations on Timing

Where a tax foreclosure judgment is:
- void for lack of constitutionally adequate notice, or
- procured through fraud, misrepresentation, or fraud on the court,

there is no statutory or equitable time bar to vacatur under **Mass. R. Civ. P. 60(b)** or the Land Court's inherent authority.

## G. Procedural Vehicles for Vacatur (Non-Exclusive)

Relief from a tax foreclosure judgment may be sought through:
- **M.G.L. c. 60, § 69A** (within one year of decree);
- **Mass. R. Civ. P. 60(b)(3)** (fraud or misconduct);
- **Mass. R. Civ. P. 60(b)(4)** (void judgment);
- **Mass. R. Civ. P. 60(b)(6)** (extraordinary circumstances);
- An **independent action for fraud on the court**; or
- The Land Court's **inherent authority** to correct void or constitutionally defective judgments.

**Record Facts Showing the Foreclosure Judgment Is Colorably Vulnerable and Why Conditioning "Vacatur" in the Settlement Is Improper Under Rule 9019**

1. The proposed settlement assumes that vacating the Land Court tax-foreclosure judgment is a discretionary act the Town may withhold or grant as leverage for (i) a preferred transaction structure and (ii) global releases and dismissals. The record developed in this case and related discovery shows that the foreclosure judgment is at least colorably vulnerable based on the Town's knowledge of ownership contacts and the manner in which notice/service were pursued, such that the Court should not approve a settlement that (a) treats vacatur as a bargaining chip and (b) requires the estate and creditors to surrender claims as the "price" of undoing a potentially defective judgment.
2. The issue is not whether this Court will adjudicate the Land Court judgment now. The issue is that the Trustee's Rule 9019 request asks this Court to bless a global compromise while accepting, without evidentiary development, a premise that the Town's foreclosure judgment is sound and that vacatur is merely optional consideration. Where the record shows a serious notice-and-truthfulness problem, the Court should not approve a settlement that is built around conditional vacatur and broad releases without any valuation of the claims being surrendered.

A-353

**A. The Town Had Detailed Ownership/Contact Information Years Before Seeking Foreclosure Relief**

3. Discovery and contemporaneous records show that by 2017–2018, Town officials and related participants had extensive information about the ownership/administration structure and potential contacts. For example, in an email dated October 22, 2018, Kenneth Fries of RK Centers wrote to the Select Board (copied to Town staff and Regal) summarizing a year of communications and research regarding the Property and the entity structure. That email states, among other things, that:

    a. "Babcock and Brown set up the entity Westborough SPC for a foreign entity Mignonette out of the British Virgin Islands."

    b. Fries had "correspondence directly and indirectly with Chaye Besherse, Jan Blaustein, Serena Kwok and Phil Greene (former CEO of Babcock)."

    c. The Town was actively discussing "the best way to proceed," including the consequences of an abandoned property, and the email reflected ongoing, concrete knowledge of where ownership information historically resided and who had been involved.

4. Even if some contacts were unhelpful or claimed not to "know of the property," that is not the legal standard. The point is that the Town possessed specific, named contacts and a detailed ownership roadmap, and yet the foreclosure notice/service path later proceeded on a record that (as developed in your filings) treated ownership and representatives as effectively unlocatable and proceeded through alternative notice mechanisms.

**B. The Record Includes Evidence of Material Falsehood by Dyann Blaine About Massachusetts Property Ownership**

5. Separately and independently, the record includes a material falsehood by Dyann Blaine, who certified under penalties of perjury that the entity did not own any property in Massachusetts, when the entity in fact owned the Westborough movie-theater property located at 231 Turnpike Road.
6. That false certification is directly relevant here because it tends to show that parties with direct historical involvement in the structure (and with access to the administrative record) made sworn statements denying Massachusetts property ownership despite the existence of the Property. This is probative of (i) misrepresentation in official processes and (ii) the unreliability of the factual assumptions the settlement asks this Court to accept as a foundation for global releases, dismissals, and conditional vacatur.

**C. Why These Facts Matter to Rule 9019 Approval**

7. These record facts matter to the Rule 9019 analysis because they show that the settlement is not merely "monetizing a dispute." It is trading away claims and constraining the estate's litigation posture while refusing to confront the core predicate issue: whether the foreclosure judgment was obtained on a materially defective notice record and/or through materially false statements.
8. Where there is record evidence that (i) the Town had detailed ownership/representative information years before foreclosure relief was pursued and (ii) a key historical participant swore a materially false statement denying Massachusetts property ownership, the Court should not approve a settlement that: A-354

a. Treats vacatur as discretionary "Town consideration" rather than addressing whether vacatur is warranted by defect;

b. Requires the estate and creditors to provide releases and dismissals without any valuation of the claims being surrendered; and

c. Leaves creditors bound to a structure in which the Town's foreclosure judgment remains in place unless and until the Town's preferred terms are satisfied.

9.  At minimum, these facts establish that the foreclosure judgment and related claims are sufficiently serious and fact-intensive that the Court should deny approval (or require meaningful narrowing and re-structuring) rather than approving a global settlement that relies on conditional vacatur and broad releases without an evidentiary record addressing the merits and value of the claims being compromised.

**The Trustee Is Repeating the Same Notice Error That Undermined the Town's Foreclosure, Creating Independent Due-Process Risk to the Estate**

The proposed settlement asks this Court to approve a transaction structure that assumes notice, authority, and vacatur issues have been adequately addressed. The record demonstrates otherwise. In material respects, the Trustee has repeated the same fundamental error that undermines the Town of Westborough's tax-title foreclosure: reliance on obsolete addresses and formalistic service mechanisms, while failing to provide notice reasonably calculated to reach a known, identifiable, and contactable party.

This concern arises directly from the Trustee's own evidentiary record. In the deposition of Walter A. Horst—conducted by the Trustee's counsel—Mr. Horst testified under oath regarding a purported "termination notice" relating to Westborough SPE LLC. That notice was addressed to Phil Green, a former Chief Executive Officer of Babcock & Brown. Mr. Horst confirmed that Mr. Green served as CEO until October 2008 and acknowledged that Mr. Green "may have been involved in the ownership chain of Westborough," even if later actors claimed uncertainty. Critically, Mr. Horst did not send the notice himself and could not confirm that it was ever properly delivered; service was presumed, not established.

That testimony establishes two facts directly relevant to Rule 9019 approval. First, Mr. Green was treated by relevant actors as a person entitled to receive formal notice concerning Westborough SPE. Second, even by the Trustee's own evidence, there was no confirmation of valid service or delivery.

Despite this testimony, the Trustee declined to conduct any further inquiry into Mr. Green's status or whereabouts and opposed efforts to obtain the original formation and contact records from the law firm that formed the entity. It was the undersigned creditor—not the Trustee—who sought discovery from Goulston & Storrs PC, the firm retained in 1997–1998 to form Westborough SPE LLC and draft its governing documents. That discovery was narrowly directed to identifying historical roles, authority, and notice-entitled parties. The Trustee vigorously opposed that discovery, and the Court denied access to the full formation file, permitting only a limited substitute: an affidavit identifying names with historical contact information from the late 1990s.

One such individual identified in the Abromowitz Affidavit is Phillip Green, listed with an address at Level 37, The Chifley Tower, 2 Chifley Square, Sydney NSW 2000. The affidavit itself makes

clear that this information is drawn from legacy records approximately twenty-five years old and was not presented as current or verified.

Nevertheless, the Trustee relied on that obsolete address to effect purported service of the sale and settlement papers. On December 5, 2025, the Trustee filed a Supplemental Certificate of Service (Dkt. 1017) certifying that notice of the proposed sale and Rule 9019 settlement was served on "Phillip Green" by first-class international mail at that address. The certificate gives the appearance of adequate notice. That appearance is misleading.

Publicly available information shows that Level 37 of the Chifley Tower is currently occupied by BlackRock Investment Management (Australia) Limited, not Mr. Green and not any Babcock & Brown affiliate. There is no indication that the Trustee undertook even minimal diligence—such as confirming current occupancy, attempting updated direct service, or pursuing alternative notice— before certifying service.

More importantly, the record establishes that Mr. Green's current contact information was not only reasonably ascertainable, but actually known to other participants in these proceedings. In December 2022—well after the formation period and well before the present settlement—Peter Blaustein and Dyann Blaine directly communicated with Mr. Green using his active email address (Phil.Green@alceon.com.au), spoke with him by telephone, and scheduled a Zoom meeting with him to discuss ownership and authority issues relating to Mignonette Investments Limited, the shareholder of Westborough SPE LLC. Those communications expressly contemplated Mr. Green's potential role in clarifying ownership and facilitating recovery of unclaimed funds.

Thus, this is not a case where contact information was lost to history or unavailable despite diligence. Mr. Green's email address, availability, and willingness to engage were demonstrably known and recently used by parties aligned with the Town's position. Yet the Trustee made no attempt to provide notice by email, to inquire into current contact information, or to use the same communication channels that others had successfully used. Instead, the Trustee reverted to mailing papers to an unverified, decades-old physical address and, failing that, to publication—precisely the same approach that underlies the constitutional challenge to the Town's foreclosure.

The constitutional standard is not whether notice was technically attempted, but whether it was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Here, the Trustee had sworn testimony identifying Mr. Green as a notice recipient, historical addresses known to be obsolete, and actual evidence that Mr. Green was reachable by email and telephone. Choosing not to use those means, and instead relying on publication, replicates the same due-process defect that renders the Town's foreclosure judgment vulnerable.

This issue goes to the heart of the settlement now before the Court. The Trustee seeks approval of a global resolution that assumes clean vacatur, clean authority, and finality, while building that resolution on a notice record that mirrors the very defect used to challenge the Town's taking of the property. Approving such a settlement does not reduce litigation risk; it compounds it and exposes the estate to future constitutional challenge.

A Rule 9019 settlement must be fair, equitable, and in the best interests of the estate. A settlement that (i) conditions relief on broad releases and dismissals, (ii) avoids factual development of known notice defects, and (iii) repeats those defects in the Trustee's own process cannot satisfy that standard. At a minimum, these facts preclude approval of any settlement that treats notice deficiencies as immaterial or assumes finality without first curing them.

A-356

## V. CONCLUSION

For the foregoing reasons, the Trustee has not carried his burden to demonstrate that the proposed compromise satisfies Rule 9019 and controlling First Circuit precedent. The settlement is neither fair nor equitable, and it is not in the best interests of the estate or its unsecured creditors— particularly the largest unsecured creditor, whose recovery is materially affected by the settlement's structure and by the Trustee's ongoing effort to eliminate his claim.

The proposed agreement is structurally coercive and economically one-sided. It does not restore durable title to the estate; instead, it conditions vacatur of the Land Court foreclosure judgment solely to facilitate a sale to a single, preferred purchaser, leaving the estate with no lasting benefit if the transaction fails. It requires the estate to surrender broad and unvalued claims—including constitutional and due process claims—without a developed valuation record, while also imposing sweeping releases that effectively extinguish pending litigation and confer substantial benefits on non-settling parties without corresponding consideration.

Separately and independently, the settlement cannot be approved because it rests on a notice record that is itself defective. The Trustee has repeated the same notice error that undermines the Town's tax-title foreclosure by relying on obsolete addresses and formalistic service mechanisms instead of notice reasonably calculated to reach a known and contactable party. The record shows that Philip Green's current contact information was reasonably ascertainable and was, in fact, used by Peter Blaustein and Dyann Blaine in December 2022 through direct email and telephone communications, including scheduling a Zoom meeting. Yet the Trustee nevertheless certified service by mailing papers to a decades-old address drawn from legacy formation records and then relied on publication—thereby creating independent due-process risk that exposes the estate to future challenge and undermines the finality the settlement purports to achieve.

In addition, the settlement impermissibly reallocates estate value through side payments and stipulations that operate outside the Bankruptcy Code's priority scheme, without evidentiary support that the payments are legally required or value-maximizing. It further seeks to contractually constrain fiduciary discretion and to insulate the transaction from meaningful review, despite the breadth of rights being surrendered and the lack of a record sufficient to allow the Court to "canvass the issues" as required under TMT Trailer Ferry, Jeffrey v. Desmond, and Healthco.

Accordingly, Creditor Lolonyon Akouete respectfully requests that the Court deny the Trustee's Motion to Approve the Settlement Agreement and Mutual Release [Dkt. 967]. In the alternative, Akouete requests that the Court decline to approve any settlement containing conditional vacatur, unvalued global releases, and notice procedures not reasonably calculated to reach known interested parties, and that the Court require the Trustee to proceed, at minimum, through a lawful redemption/vacatur framework that restores title to the estate independently of any single-buyer closing and without conditioning statutory relief on the surrender of constitutional claims.

DATED: December 12, 2025, Respectfully submitted:

By creditor,

A-357

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
(443) 447-3276
info@smartinvestorsllc.com

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Akouete

A-359



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| **Westborough SPE LLC** <br> **Debtor** | **Chapter 7** <br> **23-40709-CJP** |

## PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#968 Expedited Motion filed by Trustee Jonathan R. Goldsmith for Sale of Property free and clear of liens under Section 363(f) Re: 231 Turnpike Road, Westborough, Massachusetts.

**Decision set forth as follows:**

FOR THE REASONS STATED ON THE RECORD, THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING THE SALE OF 231 TURNPIKE ROAD, WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND FOR RELATED RELIEF [ECF NO. 968] WILL BE GRANTED, AND THE SALE APPROVED AND AUTHORIZED, AS WILL BE SET FORTH IN A SEPARATE ORDER TO ENTER. THE TRUSTEE SHALL SUBMIT A PROPOSED FORM OF SALE ORDER IN WORD FORMAT TO THE COURT'S PROPOSED ORDER EMAIL ADDRESS (CJP@MAB.USCOURTS.GOV) NO LATER THAN TWO BUSINESS DAYS FROM THE DATE OF THIS ORDER.

Dated: 12/19/2025

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

A-360



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:** | |
| **Westborough SPE LLC** | **Chapter 7** |
| **Debtor** | **23-40709-CJP** |

## PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#967 Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019 (Re: 966 Settlement Agreement filed by Trustee Jonathan R. Goldsmith) filed by Trustee Jonathan R. Goldsmith.

**Decision set forth as follows:**

FOR THE REASONS STATED ON THE RECORD, AND SUBJECT TO ENTRY OF THE SEPARATE ORDER AUTHORIZING THE SALE OF PROPERTY THAT WILL BE ENTERED WITH RESPECT TO ECF NO. 968, THE MOTION IS GRANTED AND THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE [ECF NO. 966] IS APPROVED.

Dated: 12/19/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

A-361

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

**WESTBOROUGH SPE LLC,**

**Debtor.**

Chapter 7
Case No. 23-40709-CJP

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF 231 TURNPIKE ROAD,
WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS; (II) APPROVING PURCHASE AND SALE
AGREEMENT; (III) AUTHORIZING DISBURSEMENTS OF SALE PROCEEDS
PURSUANT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE;
AND (IV) GRANTING RELATED RELIEF**

This matter having come before this Court upon the *Trustee's Motion for Entry of Order
Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free
and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "**Motion**")
[Dkt. No. 968] filed by Jonathan R. Goldsmith, the Chapter 7 Trustee (the "**Trustee**") of the
bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") as supplemented
by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale
of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "**Sale and Settlement
Motion Supplement**" [Dkt. No. 978], together with the Motion, the "**Sale Motion**"), seeking
entry of an order (the "**Sale Order**") pursuant to sections 105(a) and 363 of title 11 of the
United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 9007, and 9014 of the
Federal Rules of Bankruptcy Procedure (as amended from time to time, the "**Bankruptcy
Rules**") and Rule 6004-1 of the Massachusetts Local Bankruptcy Rules (the "**Local Rules**" or
"**MLBR**") authorizing the Trustee to (i) sell the Estate's right, title, and interest in the real
property at 231 Turnpike Road, Westborough, Massachusetts (the "**Property**") to Bochasanwasi

1

A-362

Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its

nominee (the "**Buyer**") for the sum of Five Million One Hundred Eleven Thousand One

Hundred Eleven and 11/100 Dollars ($5,111,111.11) (the "**Purchase Price**") pursuant to the

Purchase and Sale Agreement dated November 3, 2025 and attached as Exhibit A to the Sale

Motion (the "**PSA**"), free and clear of all liens, claims, encumbrances, and interests, with such

liens, claims, encumbrances, and interests to attach to the net proceeds of the sale as set forth in

the Sale Motion (the "**Sale**"), (ii) distribute a portion of the proceeds of the Sale pursuant to the

*Settlement Agreement and Mutual Release* [Dkt. No. 966] (the "**Settlement Agreement**")

approved by separate order of this Court of even date herewith upon this Court's allowance of

the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement*

*and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967], as supplemented by the

Sale and Settlement Motion Supplement (together, the "**Settlement Motion**"); and (iii) related

relief; and the Court having entered the *Proceeding Memorandum and Order* [Dkt. No. 992] (the

"**Sale and Settlement Procedures Order**") approving the combined form of the *Notice of (i)*

*Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All*

*Liens, Claims, Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii)*

*Hearing Date and (i) Proposed Settlement Agreement and Mutual Release, (ii) Deadline for*

*Filing Objections, and (iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**"); and

this Court having conducted contemporaneous hearings on the Sale Motion and the Settlement

Motion on December 17, 2025 (the "**Sale and Settlement Hearings**"), which hearings were

evidentiary hearings; and all parties in interest having been heard, or having had to the

opportunity to be heard at the Sale and Settlement Hearings; and the Court having reviewed and

considered the Sale Motion, the PSA, other evidence in support of the Sale, and the record before

A-363

the Court; and the Court having heard, weighed, and considered at the Sale and Settlement

Hearings the testimony of the Trustee, the evidentiary proffers made, the statements of counsel,

and the statements of interested parties wishing to be heard; and the Court having heard and

considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve*

*Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete**

**Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement

Agreement and all of the relief requested therein having been provided under the circumstances

of the case and as reflected in the certificates of service filed with the Court, and no further

notice being necessary; and the Court having determined that the relief sought in the Sale

Motion, the Sale, and Trustee's entry into the PSA are in the best interests of the Debtor, the

Estate, the creditors of the Debtor and the Estate, and all other parties in interest of the Debtor

and the Estate; and the Court having jurisdiction over this matter; and that the legal and factual

bases set forth in the Sale Motion establish just cause for the relief granted herein; and after due

deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

**I.      Jurisdiction, Final Order, Statutory Predicates.**

A.      The Court has jurisdiction to hear and determine the Sale Motion pursuant to 28

U.S.C. §§ 157(b)(l) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

(N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.

B.      This Order constitutes a final and appealable order within the meaning of 28

U.S.C. § 158(a).

A-364

C.      The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code §§ 105(a) and 363(b), (f), and (m) and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), 9007, 9008 and 9014.

D.      The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

E.      To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such.

F.      Any and all findings of fact and conclusions of law stated orally by the Court on the record at the Sale and Settlement Hearings are hereby incorporated into this Order as findings of fact and conclusions of law, to the extent they are not inconsistent herewith.

G.      The Buyer and Trustee have acted at arm's length and in good faith as contemplated by Bankruptcy Code § 363(m) at all times in negotiating and pursuing a closing of the transactions contemplated by the PSA, including regarding compliance with the Sales and Settlement Procedures Order.

## II.      Notice of the Sale Hearing, Sale Motion, Sale, Settlement Motion, and Settlement Agreement.

A.      Actual written notice of the Sale Hearing, the Sale Motion, the Sale, the Settlement Motion, and the Settlement Agreement, and a reasonable opportunity to object or be heard with respect to the Sale Motion, the Settlement Motion, and to the relief requested therein, has been afforded to all known interested persons and entities, including but not limited to the following parties (the "**Notice Parties**"): (i) the Office of the United States Trustee for the District of Massachusetts; (ii) the Internal Revenue Service; (iii) the Department of Revenue for

4

A-365

the Commonwealth of Massachusetts, (iv) counsel to the Buyer; (v) all entities known by the

Trustee that may have a lien, claim, encumbrance, or other interest in the Estate (for which

identifying information and addresses are available to the Trustee); (vi) all of the Estate's known

creditors; (vii) any governmental unit known to the Trustee to have a claim in this case; (viii) all

parties that have requested notice in this Chapter 7 case under Rule 2002; (ix) all parties to the

Settlement Agreement; (x) all persons and entities having submitted a bid to purchase the

Property; and (xi) all persons and entities known by the Trustee to potentially have an interest in

any surplus assets of the Estate.

B.      The Trustee provided all interested parties with timely and proper notice of the

Sale Motion, the proposed Sale, the PSA, the Settlement Motion, and the Settlement Agreement

including, without limitation, by providing a copy of the Sale and Settlement Notice to each of

the Notice Parties.

C.      As evidenced by the certificates of service previously filed with the Court [Dkt.

Nos. 990, 1017, and 1018] and the *Trustee's Notice of Publication Regarding Proposed Sale of

231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* [Dkt. No.

1015], timely and sufficient notice of the Sale Motion, the Sale, Settlement Motion, and the

Settlement Agreement has been provided under the circumstances of the case in accordance with

Bankruptcy Code §§ 102(1) and 363 and Bankruptcy Rules 2002, 6004, and 9014. The notice

and notices described in this Section II of this Order were good, sufficient, and appropriate under

the circumstances, and no other further notice of the Sale Motion, the Sale, Settlement Motion,

the Settlement Agreement, or of the Sale and Settlement Hearings is or was required.

D.     The disclosures made by the Trustee concerning the Sale Motion, the Sale,

Settlement Motion, the Settlement Agreement, and the Sale and Settlement Hearings were

complete and adequate.

E.     By separate order of even date herewith, this Court has granted the Settlement

Motion, approving and authorizing the Settlement Agreement (the "**Settlement Approval**

**Order**"). The Settlement Agreement is necessary to accomplish the Sale and the Trustee has

demonstrated good and sufficient cause and has exercised reasonable business judgment to

enter the Settlement Agreement, including without limitation, with respect to all of the

compromises contained within the Settlement Agreement and all of the payments required

by the Settlement Agreement.

### III.    Good Faith of the Buyer.

A.     The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy

Code § 101(31).

B.     The Buyer is purchasing the Property in good faith and is a good faith buyer

withing the meaning of Bankruptcy Code § 363(m) and is therefore entitled to the full protection

of that provision in that, among other things: (i) the Buyer recognized that the Trustee solicited

bids for the Property from multiple parties and that Trustee was free to deal with any other party

interested in purchasing the Property, (ii) all payments to be made by the Buyer and other

agreements or arrangements entered into by the Buyer in connection with the Sale pursuant to the

PSA have been disclosed; (iii) the Buyer has not violated Bankruptcy Code § 363(n) by any

action or inaction; (iv) no common identity of directors or controlling stockholders or other

interest holders exists between the Buyer and the Debtor or the Buyer and the Trustee; and

(v) the negotiation and execution of the PSA and any other agreements or instruments related thereto were at arms' length and in good faith.

## IV.    Highest and Best Offer.

A.    Prior to selecting the Buyer as the purchaser of the Property, the Trustee engaged in a bid solicitation process designed to target interested parties and maximize the value of the Property for the Estate. Based on the bid solicitation process described in the Sale Motion and the evidence at the Sale and Settlement Hearings, the bid solicitation process afforded a full, fair, and reasonable opportunity for any person or entity to make an offer to purchase the Property. The process conducted by the Trustee was conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity was provided to any interested party to object to the Sale based on, without limitation, the desire to submit a higher and better offer for the Property.

B.    The consideration to be provided by the Buyer under the PSA constitutes the highest and best offer for the Property and will provide a greater recovery for the estate than would be provided by any other available alternative. The Trustee's determination that the PSA constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Trustee's business judgment consistent with its fiduciary duties.

C.    The PSA represents a fair and reasonable offer to purchase the Property under the circumstances of this case. No other person or entity or group of entities has offered to purchase the Property for a greater economic value to the estate than the Buyer.

D.    Approval of the Sale Motion and the PSA and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, the Estate, creditors of the Estate, equity holders of the Debtor, and any and all other parties in interest.

7

E.      The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

## V.      No Fraudulent Transfer; No Successor Liability.

A.      The PSA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act). The consideration provided by the Buyer pursuant to the PSA is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States and any state (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act).

B.      By virtue of the consummation of the Sale, (i) the Buyer is not a continuation of the Debtor or its estate, there is no continuity between the Buyer and the Debtor, there is no common identity between the Debtor and the Buyer, there is no continuity of enterprise between the Debtor and the Buyer, and the Buyer is not a mere continuation of the Debtor or of the Estate, (ii) the Buyer is not holding itself out to the public as a continuation of the Debtor or of the Estate, and (iii) the Sale does not amount to a consolidation, merger or de facto consolidation or merger of the Buyer and the Debtor and/or the Estate. Accordingly, the Buyer is not and shall not be deemed a successor to the Debtor, for any purpose or under any theory, as a result of the consummation of the Sale.

## VI.     Validity of Transfer.

A.      The Trustee and the Buyer each have full power and authority to execute and deliver the PSA and all other documents contemplated thereby, and no further consents or

8

A-369

approvals of this Court are required for the Trustee and the Buyer to consummate the

transactions contemplated by the PSA, except as otherwise set forth in the PSA.

B.      Subject only to the Town of Westborough vacating its foreclosure judgment

pursuant to the Settlement Agreement, the Property constitutes property of the Estate and, upon

the Town of Westborough vacating its foreclosure judgment, title to the Property shall be

property of the Estate within the meaning of Bankruptcy Code § 541(a).  The transfer of the

Property to the Buyer will be, as of the Closing[1], a legal, valid, and effective transfer of the

Property, and vests or will vest the Buyer with all right, title, and interest of the Estate to the

Property free and clear of all (a) liens (including but not limited to mechanics, artisans, suppliers,

design professionals, laborers, construction, constitutional, statutory or other liens whether

asserted, unasserted, perfected or unperfected), (b) encumbrances, pledges, mortgages, deeds of

trust, security interests, claims, options, rights of first refusal, condemnation, easements,

servitudes, proxies, voting trusts or agreements, or transfer restrictions under any agreement,

(c) claims (including, without limitation, all claims within the meaning of Bankruptcy Code

§§ 101(5) and 102(2)), and (d) liabilities, whether imposed by agreement, law, equity, or

otherwise and whether known or unknown, fixed, or contingent or arising prior to or subsequent

to the commencement of this case (each of the foregoing described in clauses (a), (b), (c), and

(d) collectively or individually, the "**Adverse Interests**"), except to the extent of any exceptions

thereto as specifically set forth in the PSA (the "**Permitted Exceptions**").

**VII.   Bankruptcy Code § 363(f) Is Satisfied.**

A.      The Buyer would not have entered into the PSA and would not consummate the

transactions contemplated thereby if the Sale of the Property to the Buyer were not, except as to

---

[1] As used in this Order, the term "**Closing**" shall have the meaning ascribed thereto in the PSA and the term "**Closing Date**" shall mean the date that the Closing occurs pursuant to the PSA.

9

the Permitted Exceptions, free and clear of all Adverse Interests of any kind or nature whatsoever

or if the Buyer would, or in the future could, be liable for any of such Adverse Interests.

B.      The Trustee may sell the Property free and clear of all Adverse Interests against

the Debtor, the Estate, or against the Property (except as to any Permitted Exceptions as

specifically set forth in the PSA) because, in each case, one or more of the standards set forth in

Bankruptcy Code § 363(f)(1) through (5) has been satisfied.  Those holders of Adverse Interests

against or in the Debtor, the Estate, or the Property who did not object, or who withdrew their

objections, to the Sale or the Sale Motion are deemed to have consented pursuant to Bankruptcy

Code § 363(f)(2). Those holders of such Adverse Interests who did object fall within one or more

of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having

their Adverse Interests, if any, in each instance against the Debtor, the Estate, or the Property,

attach to the cash proceeds of the Sale (net of the payments authorized herein), in the same order

of priority, with the same validity, force and effect (if any) that such creditor or interest holder

had prior to the Sale, subject to any claims and defenses the Debtor or the Estate may possess

with respect thereto.

**VIII.   Compelling Circumstances for an Immediate Sale.**

A.      To maximize the value of the Property, it is essential that the Sale occur within

the time constraints set forth in the PSA.  The consummation of the Sale is necessary both to

preserve and maximize the value of the assets of the Estate and the Debtor for the benefit of the

Estate, its creditors, equity or other interest holders, and all other parties in interest, and to

provide the means for the Trustee to maximize creditor recoveries.  Time is of the essence in

consummating the Sale.

B.      The consummation of the transactions is legal, valid, and properly authorized

A-371

under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1. The relief requested in the Sale Motion is granted and approved, and the Sale contemplated by the PSA is approved and authorized as set forth in this Order.

2. This Court's findings of fact and conclusions of law set forth herein and as stated by this Court on the record during the Sale and Settlement Hearings conducted on December 17, 2025, are incorporated into this Order by reference.

3. This Court heard and considered the Akouete Objection and hereby overrules the Akouete Objection.

4. Any and all other objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation or agreement filed with the Court, and all reservations of rights included therein, are hereby overruled or the interests of such objections have been otherwise satisfied or adequately provided for.

### Approval of the PSA

5. The PSA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved as set forth herein.

6. Pursuant to Bankruptcy Code § 363(b), the Trustee is authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the PSA, (ii) close the

11

A-372

Sale as contemplated in the PSA and this Order, (iii) make any and all payments required by the PSA and required by the Settlement Agreement, and (iv) execute and deliver, perform under, consummate, implement, and close fully the PSA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA and to close the Sale, including any ancillary documents, as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the PSA and such other ancillary documents.

7.      This Order shall be binding in all respects upon the Trustee, the Debtor, the Estate, all current and former holders of equity interests in the Debtor, all holders of any claim(s) (whether known or unknown) against the Estate, any holders of Adverse Interests against or on all or any portion of the Property, the Buyer and all successors and assigns of the Buyer, the parties to the Settlement Agreement, the Property, and any trustee(s), if any, subsequently appointed in this case. This Order and the PSA shall inure to the benefit of the Estate, its creditors, the Buyer, and each of their respective successors and assigns.

8.      By separate order of even date herewith, this Court has entered the Settlement Approval Order, which order approves the Settlement Agreement and authorizes all provisions thereof. The Trustee is authorized to give effect to all provisions of the Settlement Approval Order in connection with the Sale including, without limitation, making all payments required by the Settlement Agreement and taking all actions required by the Settlement Agreement.

**Transfer of the Property**

9.      Pursuant to Bankruptcy Code §§ 105(a), 363(b), and 363(f), the Trustee is authorized to transfer the Property on the Closing Date. The Property shall be transferred to the

12

A-373

Buyer upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of the Property and shall be free and clear of all Adverse Interests, except any Permitted Exceptions under the PSA.  Upon the Closing, the Buyer shall take title to and possession of the Property subject only to the Permitted Exceptions. Pursuant to Bankruptcy Code § 363(f), the transfer of title to the Property shall, except for Permitted Exceptions specifically set forth in the PSA, be free and clear of all Adverse Interests based on any theory including without limitation any successor or successor-in-interest liability theory.  Adverse Interests shall attach solely to the cash proceeds of the Sale, net of all payments authorized by this Order and required by the Settlement Agreement, with the same validity, priority, extent, and effect that they now have as against the Property, subject to any claims and defenses the Estate and the Debtor may possess with respect thereto.

10.     On or about the Closing Date, contemporaneous with the transfer of the Property to the Buyer, or shortly thereafter as provided by the Settlement Agreement, the Trustee is authorized and directed to pay:

    i.    At Closing, all ordinary and usual closing costs and expenses;

    ii.    At Closing, deed stamps or similar transfer taxes as required upon the sale of real property;

    iii.    To the Town of Westborough for the "Town Payment" as defined in the Settlement Agreement, $1,640,000 to be paid contemporaneous with Closing;

    iv.    To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("MobileStreet") for the "Use Modification Payment" as defined in the Settlement Agreement, $200,000 to be paid within ten (10) days after the Closing Date;

    v.    To MobileStreet for the "MobileStreet Maintenance Payment" as

13

A-374

defined in the Settlement Agreement, $556,763 to be paid within ten (10) days after the Closing Date;

vi. To Ferris Development Group, LLC for the "Ferris Payment" as defined in the Settlement Agreement, $100,000 to be paid within ten (10) days after the Closing Date; and

vii. To Lax Media LLC and Lax Media MA LLC for the "Lax Payment" as defined in the Settlement Agreement, $100,000 to be paid within ten (10) days after the Closing Date.

11. Except as expressly provided by the PSA with respect to Permitted Exceptions, all persons and entities holding Adverse Interests in or to the Property arising under or out of, in connection with, or in any way relating to the Debtor, the Estate, or the Property, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer or its successors or assigns, their assets, or the Property, such persons' or entities' Adverse Interests in and to the Property.

12. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any applicable Adverse Interests and encumbrances of record.

13. If any person or entity which has filed statements or other documents or agreements evidencing Adverse Interests in the Property shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Buyer for the purpose of documenting the release of all Adverse Interests (other than Permitted Exceptions), which the person or entity has or may assert with respect to the Property, the Buyer and the Trustee are hereby authorized to execute and file such statements, instruments, releases and other documents on

14

A-375

behalf of such person or entity with respect to the Property.

14.    This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA.

## Other Provisions

15.    Effective upon the Closing Date and except as otherwise set forth in the PSA with respect to Permitted Exceptions or as specifically set forth in the Settlement Agreement, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, its successors and assigns, or the Property, with respect to any (a) Adverse Interests arising under, out of, in connection with, or in any way relating to the Debtor, the Estate, the Buyer, or the Property, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer, its successors or assigns, assets, or properties; (ii) enforcing, attaching, collecting or recovering in any manner, any judgment, award, decree, or order against the Buyer, its successors or assigns, assets, or properties; (iii) creating,

15

A-376

perfecting, or enforcing any Adverse Interests against the Buyer, its successors or assigns, assets, or properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer or its successors or assigns; or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof.

16.    Except for the Permitted Exceptions or as otherwise expressly set forth in the PSA, the Buyer shall not have any liability or other obligation of the Debtor of the Estate arising under or related to the Property or the PSA or the transactions related thereto. Without limiting the generality of the foregoing, and except for the Permitted Exceptions provided in the PSA, the Buyer shall not be liable for any claims or any other Adverse Interests against the Debtor or the Estate or any of either of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or the Estate or any obligations of the Debtor or the Estate arising prior to the Closing Date. The Buyer has given substantial consideration under the PSA for the benefit of the holders of any Adverse Interests. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Adverse Interests against or interests in the Debtor or the Property.

17.    The transactions contemplated by the PSA are undertaken by the Buyer without collusion and in good faith, as that term is defined in Bankruptcy Code § 363(m) of the

16

A-377

Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the payment of the disbursements authorized on or after Closing pursuant to and required by the Settlement Agreement), unless such authorization and such Sale are duly stayed pending such appeal. The Buyer is a good faith Buyer within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protections of Bankruptcy Code § 363(m).

18. The consideration provided by the Buyer for the Property under the PSA is fair and reasonable, and the Sale may not be avoided under Bankruptcy Code § 363(n). The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including, without limitation, the payment of the disbursements authorized on or after Closing pursuant to and required by the Settlement Agreement), unless such authorization is duly stayed pending such appeal. No governmental unit or regulatory authority may revoke or suspend any right, license, or other permission relating to the use of the Property sold, transferred, or conveyed to the Buyer on account of the pendency of this Case or the consummation of the Sale.

19. No Order of any type or kind entered in any related proceeding subsequent to entry of this Order shall conflict with or derogate from the provisions of the PSA or the terms of this Order.

20. The failure specifically to include any particular provisions of the PSA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the PSA be authorized and approved in its entirety.

21. The failure specifically to include or describe any particular provisions of the

17

A-378

Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that, pursuant to the Settlement Approval Order entered contemporaneously herewith, the Settlement Agreement be approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement be authorized.

22.     Unless this Court orders otherwise, this Court shall retain exclusive jurisdiction to the fullest extent of applicable law to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the PSA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee or the Estate is a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     To the extent that this Order is inconsistent with the PSA or any prior order or pleading with respect to the Sale Motion in this Case, the terms of this Order shall govern.

By the Court,

Dated: December 24, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge

18

A-379

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

WESTBOROUGH SPE LLC,

Debtor.

Chapter 7
Case No. 23-40709-CJP

### ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL RELEASE PURSUANT TO FED. R. BANKR. P. 9019, AS SUPPLEMENTED

This matter having come before this Court upon the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967] (the "**Motion**") filed by Jonathan R. Goldsmith, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") as supplemented by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "**Sale and Settlement Motion Supplement**" [Dkt. No. 978], together with the Motion, the "**Settlement Motion**"), seeking approval of the *Settlement Agreement and Mutual Release* [Dkt. No. 966] (the "**Settlement Agreement**") by and among the Trustee, the Town of Westborough (the "**Town**"), Ferris Development Group, LLC ("**Ferris**"), Lax Media LLC and Lax Media MA LLC (together, "**Lax**"), and Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("**MobileStreet**") (each a "**Party**" and collectively the "**Parties**"); and notice of the Settlement Motion and the Settlement Agreement having been sufficient  under the circumstances pursuant to the *Notice of (i) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims,*

1

*Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii) Hearing Date and (i) Proposed Settlement Agreement and Mutual Release, (ii) Deadline for Filing Objections, and (iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**") and the certificates of service previously filed with the Court [Dkt. Nos. 990, 1017, and 1018] and the *Trustee's Notice of Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* [Dkt. No. 1015]; and this Court having conducted contemporaneous hearings on December 17, 2025 (the "**Sale and Settlement Hearings**") on the Settlement Motion and on the *Trustee's Motion for Entry of Order Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "**Sale Motion**") [Dkt. No. 968] which sought authority to sell the Estate's right, title, and interest in the real property at 231 Turnpike Road, Westborough, Massachusetts (the "**Property**"), free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances and interests attaching to the net proceeds of the Sale as set forth in more detail in the Sale Motion and in the Purchase and Sale Agreement attached to the Sale Motion (the "**PSA**"); all parties in interest having been heard, or having had to the opportunity to be heard at the Sale and Settlement Hearings, at which evidence was taken; and the Court having contemporaneously considered and approved the Sale Motion and authorized the Sale of the Property pursuant to the PSA by entry of a separate order; and the Court having reviewed and considered the Settlement Motion, the Settlement Agreement, other evidence in support of the Settlement Motion and Settlement Agreement and the record before the Court; and the Court having heard, weighed, and considered at the Sale and Settlement Hearings the testimony of the Trustee, the evidentiary proffers made, the statements of counsel, and the statements of interested parties wishing to be heard; and the Court having

heard and considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement Agreement and all of the relief requested therein having been provided and no further notice being necessary; and the Court having determined that the relief sought in the Settlement Motion and the Trustee's entry into the Settlement Agreement are a reasonable exercise of the Trustee's business judgment, *see In re Healthco Int'l, Inc.*, 136 F.3d 45, 51 (1st Cir. 1998) (deference to Trustee's business judgment in connection with proposed settlement if it falls above "the lowest point in the range of reasonableness"), and is in the best interests of the Debtor's Estate; and the Court having jurisdiction over this matter; and that the legal and factual bases set forth in the Settlement Motion establish just cause for the relief granted herein; and after due deliberation thereon, and sufficient cause appearing therefor, for the reasons stated on the record and supplementing the Proceeding Memorandum and Order entered at Dkt. No. 1036 approving the Settlement Agreement and **IT IS HEREBY**:

**ORDERED** that, the Settlement Motion is approved and authorized in all respects; it is further

**ORDERED** that, the Akouete Objection is overruled; it is further

**ORDERED** that, the Trustee is authorized to enter into the Settlement Agreement and to take any and all actions required by the Settlement Agreement; it is further

**ORDERED** that, contemporaneous with the transfer of the Property to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its nominee (the "Buyer"), or shortly after the transfer of the Property as specifically provided by

3

A-382

the Settlement Agreement, the Trustee is authorized to make any and all payments required by

the Settlement Agreement including, without limitation, the following:

     i.       To the Town for the "Town Payment" as defined in the Settlement
Agreement, $1,640,000 shall be paid contemporaneous with the
Sale Closing[1];

     ii.      To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of
MobileStreet for the "Use Modification Payment" as defined in the
Settlement Agreement, $200,000 shall be paid within ten (10) days
after the Closing Date;

     iii.    To MobileStreet for the "MobileStreet Maintenance Payment" as
defined in the Settlement Agreement, $556,763 shall be paid
within ten (10) days after the Closing Date;

     iv.    To Ferris for the "Ferris Payment" as defined in the Settlement
Agreement, $100,000 shall be paid within ten (10) days after the
Closing Date; and

     v.     To Lax for the "Lax Payment" as defined in the Settlement
Agreement, $100,000 shall be paid within ten (10) days after the
Closing Date.

**ORDERED** that, contemporaneous with the transfer of the Property to the Buyer, or

shortly after the transfer of the Property as specifically provided by the Settlement Agreement,

the Trustee is authorized to take any and all actions required by the Settlement Agreement to

dispose of pending litigation including, without limitation, the following:

     i.       Executing and filing a voluntary notice of dismissal with prejudice of the
following civil action pending in the United States District Court for the
District of Massachusetts against the Town, the members of the Select
Board of the Town, and Peter Blaustein: Westborough SPE, LLC v. Town
of Westborough, et al., U.S. Dist. Ct. (D. Mass.), Case No. 4:23-cv-12017;
and

     ii.      Executing and filing the voluntary stipulation of dismissal with prejudice
of the following adversary proceeding pending before this Court against
the Town of Westborough: Jonathan R. Goldsmith, Chapter 7 Trustee of
Westborough SPE LLC v. Town of Westborough, (Bankr. D. Mass.),

---

[1] As used in this Order, the term "Closing" shall have the meaning ascribed thereto in the PSA and the term
"Closing Date" shall mean the date that the Closing occurs pursuant to the PSA

4

Adversary Proceeding No. 25-04003-CJP.

**ORDERED** that, the failure specifically to include or describe any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement Agreement is approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement are hereby authorized. Absent further order of the Court, the Court retains exclusive jurisdiction to enforce and interpret the Settlement Agreement to the fullest extent of applicable law.

By the Court,

Dated: December 24, 2025

_____

Christopher J. Panos
United States Bankruptcy Judge

5

A-384

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## **NOTICE OF APPEAL**

Notice is hereby given that Creditor Lolonyon Akouete, appearing pro se, pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003, hereby appeals to the United States District Court for the District of Massachusetts from the following final orders of this Court:

1. Order Granting Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019, as Supplemented, entered on December 24, 2025 [Dkt. No. 1038]; and
2. Order (I) Authorizing the Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving Purchase and Sale Agreement; (III) Authorizing Disbursements of Sale Proceeds Pursuant to Settlement Agreement and Mutual Release; and (IV) Granting Related Relief, entered on December 24, 2025 [Dkt. No. 1037].

The orders appealed from arise out of the Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release [Dkt. No. 967] and the Trustee's Expedited Motion for Sale of Property Free and Clear of Liens Under 11 U.S.C. § 363(f) [Dkt. No. 968].

The principal parties to the orders appealed from include, without limitation:

- Jonathan R. Goldsmith, Chapter 7 Trustee for Westborough SPE LLC;
- Town of Westborough, Massachusetts;
- Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, purchaser;
- Ferris Development Group, LLC;
- Lax Media LLC and Lax Media MA LLC;
- Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust; and
- Lolonyon Akouete, creditor.

Pursuant to 28 U.S.C. § 158(c)(1), Appellant hereby elects to have this appeal heard by the United States District Court for the District of Massachusetts, rather than by the Bankruptcy Appellate Panel.

DATED: January 3, 2026, Respectfully submitted:

By creditor,

A-385



Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

WESTBOROUGH SPE LLC,

Debtor.

Chapter 7
Case No. 23-40709-CJP

ORDER (I) AUTHORIZING THE PRIVATE SALE OF 231 TURNPIKE ROAD,
WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS; (II) APPROVING PURCHASE AND SALE
AGREEMENT; (III) AUTHORIZING DISBURSEMENTS OF SALE PROCEEDS
PURSUANT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE;
AND (IV) GRANTING RELATED RELIEF

This matter having come before this Court upon the *Trustee's Motion for Entry of Order*

*Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free*

*and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "**Motion**")

[Dkt. No. 968] filed by Jonathan R. Goldsmith, the Chapter 7 Trustee (the "**Trustee**") of the

bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") as supplemented

by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale*

*of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "**Sale and Settlement**

**Motion Supplement**" [Dkt. No. 978], together with the Motion, the "**Sale Motion**"), seeking

entry of an order (the "**Sale Order**") pursuant to sections 105(a) and 363 of title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 9007, and 9014 of the

Federal Rules of Bankruptcy Procedure (as amended from time to time, the "**Bankruptcy**

**Rules**") and Rule 6004-1 of the Massachusetts Local Bankruptcy Rules (the "**Local Rules**" or

"**MLBR**") authorizing the Trustee to (i) sell the Estate's right, title, and interest in the real

property at 231 Turnpike Road, Westborough, Massachusetts (the "**Property**") to Bochasanwasi

1

A-387

Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its

nominee (the "**Buyer**") for the sum of Five Million One Hundred Eleven Thousand One

Hundred Eleven and 11/100 Dollars ($5,111,111.11) (the "**Purchase Price**") pursuant to the

Purchase and Sale Agreement dated November 3, 2025 and attached as Exhibit A to the Sale

Motion (the "**PSA**"), free and clear of all liens, claims, encumbrances, and interests, with such

liens, claims, encumbrances, and interests to attach to the net proceeds of the sale as set forth in

the Sale Motion (the "**Sale**"), (ii) distribute a portion of the proceeds of the Sale pursuant to the

*Settlement Agreement and Mutual Release* [Dkt. No. 966] (the "**Settlement Agreement**")

approved by separate order of this Court of even date herewith upon this Court's allowance of

the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement*

*and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967], as supplemented by the

Sale and Settlement Motion Supplement (together, the "**Settlement Motion**"); and (iii) related

relief; and the Court having entered the *Proceeding Memorandum and Order* [Dkt. No. 992] (the

"**Sale and Settlement Procedures Order**") approving the combined form of the *Notice of (i)*

*Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All*

*Liens, Claims, Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii)*

*Hearing Date and (i) Proposed Settlement Agreement and Mutual Release, (ii) Deadline for*

*Filing Objections, and (iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**"); and

this Court having conducted contemporaneous hearings on the Sale Motion and the Settlement

Motion on December 17, 2025 (the "**Sale and Settlement Hearings**"), which hearings were

evidentiary hearings; and all parties in interest having been heard, or having had to the

opportunity to be heard at the Sale and Settlement Hearings; and the Court having reviewed and

considered the Sale Motion, the PSA, other evidence in support of the Sale, and the record before

2

the Court; and the Court having heard, weighed, and considered at the Sale and Settlement

Hearings the testimony of the Trustee, the evidentiary proffers made, the statements of counsel,

and the statements of interested parties wishing to be heard; and the Court having heard and

considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve*

*Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete**

**Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement

Agreement and all of the relief requested therein having been provided under the circumstances

of the case and as reflected in the certificates of service filed with the Court, and no further

notice being necessary; and the Court having determined that the relief sought in the Sale

Motion, the Sale, and Trustee's entry into the PSA are in the best interests of the Debtor, the

Estate, the creditors of the Debtor and the Estate, and all other parties in interest of the Debtor

and the Estate; and the Court having jurisdiction over this matter; and that the legal and factual

bases set forth in the Sale Motion establish just cause for the relief granted herein; and after due

deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

**I.      Jurisdiction, Final Order, Statutory Predicates.**

A.      The Court has jurisdiction to hear and determine the Sale Motion pursuant to 28

U.S.C. §§ 157(b)(l) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),

(N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and

1409.

B.      This Order constitutes a final and appealable order within the meaning of 28

U.S.C. § 158(a).

3

A-389

C.     The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code §§ 105(a) and 363(b), (f), and (m) and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), 9007, 9008 and 9014.

D.     The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

E.     To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such.

F.     Any and all findings of fact and conclusions of law stated orally by the Court on the record at the Sale and Settlement Hearings are hereby incorporated into this Order as findings of fact and conclusions of law, to the extent they are not inconsistent herewith.

G.     The Buyer and Trustee have acted at arm's length and in good faith as contemplated by Bankruptcy Code § 363(m) at all times in negotiating and pursuing a closing of the transactions contemplated by the PSA, including regarding compliance with the Sales and Settlement Procedures Order.

II.    **Notice of the Sale Hearing, Sale Motion, Sale, Settlement Motion, and Settlement Agreement.**

A.     Actual written notice of the Sale Hearing, the Sale Motion, the Sale, the Settlement Motion, and the Settlement Agreement, and a reasonable opportunity to object or be heard with respect to the Sale Motion, the Settlement Motion, and to the relief requested therein, has been afforded to all known interested persons and entities, including but not limited to the following parties (the "**Notice Parties**"): (i) the Office of the United States Trustee for the District of Massachusetts; (ii) the Internal Revenue Service; (iii) the Department of Revenue for

4

A-390

the Commonwealth of Massachusetts, (iv) counsel to the Buyer; (v) all entities known by the Trustee that may have a lien, claim, encumbrance, or other interest in the Estate (for which identifying information and addresses are available to the Trustee); (vi) all of the Estate's known creditors; (vii) any governmental unit known to the Trustee to have a claim in this case; (viii) all parties that have requested notice in this Chapter 7 case under Rule 2002; (ix) all parties to the Settlement Agreement; (x) all persons and entities having submitted a bid to purchase the Property; and (xi) all persons and entities known by the Trustee to potentially have an interest in any surplus assets of the Estate.

B. The Trustee provided all interested parties with timely and proper notice of the Sale Motion, the proposed Sale, the PSA, the Settlement Motion, and the Settlement Agreement including, without limitation, by providing a copy of the Sale and Settlement Notice to each of the Notice Parties.

C. As evidenced by the certificates of service previously filed with the Court [Dkt. Nos. 990, 1017, and 1018] and the *Trustee's Notice of Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* [Dkt. No. 1015], timely and sufficient notice of the Sale Motion, the Sale, Settlement Motion, and the Settlement Agreement has been provided under the circumstances of the case in accordance with Bankruptcy Code §§ 102(1) and 363 and Bankruptcy Rules 2002, 6004, and 9014. The notice and notices described in this Section II of this Order were good, sufficient, and appropriate under the circumstances, and no other further notice of the Sale Motion, the Sale, Settlement Motion, the Settlement Agreement, or of the Sale and Settlement Hearings is or was required.

A-391

D.      The disclosures made by the Trustee concerning the Sale Motion, the Sale, Settlement Motion, the Settlement Agreement, and the Sale and Settlement Hearings were complete and adequate.

E.      By separate order of even date herewith, this Court has granted the Settlement Motion, approving and authorizing the Settlement Agreement (the "**Settlement Approval Order**"). The Settlement Agreement is necessary to accomplish the Sale and the Trustee has demonstrated good and sufficient cause and has exercised reasonable business judgment to enter the Settlement Agreement, including without limitation, with respect to all of the compromises contained within the Settlement Agreement and all of the payments required by the Settlement Agreement.

## III.      Good Faith of the Buyer.

A.      The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code § 101(31).

B.      The Buyer is purchasing the Property in good faith and is a good faith buyer withing the meaning of Bankruptcy Code § 363(m) and is therefore entitled to the full protection of that provision in that, among other things: (i) the Buyer recognized that the Trustee solicited bids for the Property from multiple parties and that Trustee was free to deal with any other party interested in purchasing the Property, (ii) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale pursuant to the PSA have been disclosed; (iii) the Buyer has not violated Bankruptcy Code § 363(n) by any action or inaction; (iv) no common identity of directors or controlling stockholders or other interest holders exists between the Buyer and the Debtor or the Buyer and the Trustee; and

6

A-392

(v) the negotiation and execution of the PSA and any other agreements or instruments related thereto were at arms' length and in good faith.

## IV. Highest and Best Offer.

A.        Prior to selecting the Buyer as the purchaser of the Property, the Trustee engaged in a bid solicitation process designed to target interested parties and maximize the value of the Property for the Estate. Based on the bid solicitation process described in the Sale Motion and the evidence at the Sale and Settlement Hearings, the bid solicitation process afforded a full, fair, and reasonable opportunity for any person or entity to make an offer to purchase the Property. The process conducted by the Trustee was conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity was provided to any interested party to object to the Sale based on, without limitation, the desire to submit a higher and better offer for the Property.

B.        The consideration to be provided by the Buyer under the PSA constitutes the highest and best offer for the Property and will provide a greater recovery for the estate than would be provided by any other available alternative. The Trustee's determination that the PSA constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Trustee's business judgment consistent with its fiduciary duties.

C.        The PSA represents a fair and reasonable offer to purchase the Property under the circumstances of this case. No other person or entity or group of entities has offered to purchase the Property for a greater economic value to the estate than the Buyer.

D.        Approval of the Sale Motion and the PSA and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, the Estate, creditors of the Estate, equity holders of the Debtor, and any and all other parties in interest.

7

A-393

E.      The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

## V.    No Fraudulent Transfer; No Successor Liability.

A.      The PSA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act). The consideration provided by the Buyer pursuant to the PSA is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States and any state (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act).

B.      By virtue of the consummation of the Sale, (i) the Buyer is not a continuation of the Debtor or its estate, there is no continuity between the Buyer and the Debtor, there is no common identity between the Debtor and the Buyer, there is no continuity of enterprise between the Debtor and the Buyer, and the Buyer is not a mere continuation of the Debtor or of the Estate, (ii) the Buyer is not holding itself out to the public as a continuation of the Debtor or of the Estate, and (iii) the Sale does not amount to a consolidation, merger or de facto consolidation or merger of the Buyer and the Debtor and/or the Estate. Accordingly, the Buyer is not and shall not be deemed a successor to the Debtor, for any purpose or under any theory, as a result of the consummation of the Sale.

## VI.    Validity of Transfer.

A.      The Trustee and the Buyer each have full power and authority to execute and deliver the PSA and all other documents contemplated thereby, and no further consents or

8

A-394

approvals of this Court are required for the Trustee and the Buyer to consummate the transactions contemplated by the PSA, except as otherwise set forth in the PSA.

B. Subject only to the Town of Westborough vacating its foreclosure judgment pursuant to the Settlement Agreement, the Property constitutes property of the Estate and, upon the Town of Westborough vacating its foreclosure judgment, title to the Property shall be property of the Estate within the meaning of Bankruptcy Code § 541(a). The transfer of the Property to the Buyer will be, as of the Closing[1], a legal, valid, and effective transfer of the Property, and vests or will vest the Buyer with all right, title, and interest of the Estate to the Property free and clear of all (a) liens (including but not limited to mechanics, artisans, suppliers, design professionals, laborers, construction, constitutional, statutory or other liens whether asserted, unasserted, perfected or unperfected), (b) encumbrances, pledges, mortgages, deeds of trust, security interests, claims, options, rights of first refusal, condemnation, easements, servitudes, proxies, voting trusts or agreements, or transfer restrictions under any agreement, (c) claims (including, without limitation, all claims within the meaning of Bankruptcy Code §§ 101(5) and 102(2)), and (d) liabilities, whether imposed by agreement, law, equity, or otherwise and whether known or unknown, fixed, or contingent or arising prior to or subsequent to the commencement of this case (each of the foregoing described in clauses (a), (b), (c), and (d) collectively or individually, the "**Adverse Interests**"), except to the extent of any exceptions thereto as specifically set forth in the PSA (the "**Permitted Exceptions**").

## VII. Bankruptcy Code § 363(f) Is Satisfied.

A. The Buyer would not have entered into the PSA and would not consummate the transactions contemplated thereby if the Sale of the Property to the Buyer were not, except as to

---

[1] As used in this Order, the term "**Closing**" shall have the meaning ascribed thereto in the PSA and the term "**Closing Date**" shall mean the date that the Closing occurs pursuant to the PSA.

9

A-395

the Permitted Exceptions, free and clear of all Adverse Interests of any kind or nature whatsoever or if the Buyer would, or in the future could, be liable for any of such Adverse Interests.

B.  The Trustee may sell the Property free and clear of all Adverse Interests against the Debtor, the Estate, or against the Property (except as to any Permitted Exceptions as specifically set forth in the PSA) because, in each case, one or more of the standards set forth in Bankruptcy Code § 363(f)(1) through (5) has been satisfied.  Those holders of Adverse Interests against or in the Debtor, the Estate, or the Property who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to Bankruptcy Code § 363(f)(2). Those holders of such Adverse Interests who did object fall within one or more of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having their Adverse Interests, if any, in each instance against the Debtor, the Estate, or the Property, attach to the cash proceeds of the Sale (net of the payments authorized herein), in the same order of priority, with the same validity, force and effect (if any) that such creditor or interest holder had prior to the Sale, subject to any claims and defenses the Debtor or the Estate may possess with respect thereto.

**VIII.  Compelling Circumstances for an Immediate Sale.**

A.  To maximize the value of the Property, it is essential that the Sale occur within the time constraints set forth in the PSA.  The consummation of the Sale is necessary both to preserve and maximize the value of the assets of the Estate and the Debtor for the benefit of the Estate, its creditors, equity or other interest holders, and all other parties in interest, and to provide the means for the Trustee to maximize creditor recoveries.  Time is of the essence in consummating the Sale.

B.  The consummation of the transactions is legal, valid, and properly authorized

10

A-396

under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1. The relief requested in the Sale Motion is granted and approved, and the Sale contemplated by the PSA is approved and authorized as set forth in this Order.

2. This Court's findings of fact and conclusions of law set forth herein and as stated by this Court on the record during the Sale and Settlement Hearings conducted on December 17, 2025, are incorporated into this Order by reference.

3. This Court heard and considered the Akouete Objection and hereby overrules the Akouete Objection.

4. Any and all other objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation or agreement filed with the Court, and all reservations of rights included therein, are hereby overruled or the interests of such objections have been otherwise satisfied or adequately provided for.

### Approval of the PSA

5. The PSA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved as set forth herein.

6. Pursuant to Bankruptcy Code § 363(b), the Trustee is authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the PSA, (ii) close the

11

Sale as contemplated in the PSA and this Order, (iii) make any and all payments required by the PSA and required by the Settlement Agreement, and (iv) execute and deliver, perform under, consummate, implement, and close fully the PSA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA and to close the Sale, including any ancillary documents, as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the PSA and such other ancillary documents.

7. This Order shall be binding in all respects upon the Trustee, the Debtor, the Estate, all current and former holders of equity interests in the Debtor, all holders of any claim(s) (whether known or unknown) against the Estate, any holders of Adverse Interests against or on all or any portion of the Property, the Buyer and all successors and assigns of the Buyer, the parties to the Settlement Agreement, the Property, and any trustee(s), if any, subsequently appointed in this case. This Order and the PSA shall inure to the benefit of the Estate, its creditors, the Buyer, and each of their respective successors and assigns.

8. By separate order of even date herewith, this Court has entered the Settlement Approval Order, which order approves the Settlement Agreement and authorizes all provisions thereof. The Trustee is authorized to give effect to all provisions of the Settlement Approval Order in connection with the Sale including, without limitation, making all payments required by the Settlement Agreement and taking all actions required by the Settlement Agreement.

**Transfer of the Property**

9. Pursuant to Bankruptcy Code §§ 105(a), 363(b), and 363(f), the Trustee is authorized to transfer the Property on the Closing Date. The Property shall be transferred to the

12

A-398

Buyer upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of the Property and shall be free and clear of all Adverse Interests, except any Permitted Exceptions under the PSA. Upon the Closing, the Buyer shall take title to and possession of the Property subject only to the Permitted Exceptions. Pursuant to Bankruptcy Code § 363(f), the transfer of title to the Property shall, except for Permitted Exceptions specifically set forth in the PSA, be free and clear of all Adverse Interests based on any theory including without limitation any successor or successor-in-interest liability theory. Adverse Interests shall attach solely to the cash proceeds of the Sale, net of all payments authorized by this Order and required by the Settlement Agreement, with the same validity, priority, extent, and effect that they now have as against the Property, subject to any claims and defenses the Estate and the Debtor may possess with respect thereto.

10. On or about the Closing Date, contemporaneous with the transfer of the Property to the Buyer, or shortly thereafter as provided by the Settlement Agreement, the Trustee is authorized and directed to pay:

i. At Closing, all ordinary and usual closing costs and expenses;

ii. At Closing, deed stamps or similar transfer taxes as required upon the sale of real property;

iii. To the Town of Westborough for the "Town Payment" as defined in the Settlement Agreement, $1,640,000 to be paid contemporaneous with Closing;

iv. To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("MobileStreet") for the "Use Modification Payment" as defined in the Settlement Agreement, $200,000 to be paid within ten (10) days after the Closing Date;

v. To MobileStreet for the "MobileStreet Maintenance Payment" as

13

A-399

defined in the Settlement Agreement, $556,763 to be paid within ten (10) days after the Closing Date;

vi.    To Ferris Development Group, LLC for the "Ferris Payment" as defined in the Settlement Agreement, $100,000 to be paid within ten (10) days after the Closing Date; and

vii.    To Lax Media LLC and Lax Media MA LLC for the "Lax Payment" as defined in the Settlement Agreement, $100,000 to be paid within ten (10) days after the Closing Date.

11. Except as expressly provided by the PSA with respect to Permitted Exceptions, all persons and entities holding Adverse Interests in or to the Property arising under or out of, in connection with, or in any way relating to the Debtor, the Estate, or the Property, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer or its successors or assigns, their assets, or the Property, such persons' or entities' Adverse Interests in and to the Property.

12. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any applicable Adverse Interests and encumbrances of record.

13. If any person or entity which has filed statements or other documents or agreements evidencing Adverse Interests in the Property shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Buyer for the purpose of documenting the release of all Adverse Interests (other than Permitted Exceptions), which the person or entity has or may assert with respect to the Property, the Buyer and the Trustee are hereby authorized to execute and file such statements, instruments, releases and other documents on

14

behalf of such person or entity with respect to the Property.

14. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA.

**Other Provisions**

15. Effective upon the Closing Date and except as otherwise set forth in the PSA with respect to Permitted Exceptions or as specifically set forth in the Settlement Agreement, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, its successors and assigns, or the Property, with respect to any (a) Adverse Interests arising under, out of, in connection with, or in any way relating to the Debtor, the Estate, the Buyer, or the Property, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer, its successors or assigns, assets, or properties; (ii) enforcing, attaching, collecting or recovering in any manner, any judgment, award, decree, or order against the Buyer, its successors or assigns, assets, or properties; (iii) creating,

15

A-401

perfecting, or enforcing any Adverse Interests against the Buyer, its successors or assigns, assets, or properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer or its successors or assigns; or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof.

16. Except for the Permitted Exceptions or as otherwise expressly set forth in the PSA, the Buyer shall not have any liability or other obligation of the Debtor of the Estate arising under or related to the Property or the PSA or the transactions related thereto. Without limiting the generality of the foregoing, and except for the Permitted Exceptions provided in the PSA, the Buyer shall not be liable for any claims or any other Adverse Interests against the Debtor or the Estate or any of either of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or the Estate or any obligations of the Debtor or the Estate arising prior to the Closing Date. The Buyer has given substantial consideration under the PSA for the benefit of the holders of any Adverse Interests. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Adverse Interests against or interests in the Debtor or the Property.

17. The transactions contemplated by the PSA are undertaken by the Buyer without collusion and in good faith, as that term is defined in Bankruptcy Code § 363(m) of the

16

A-402

Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the payment of the disbursements authorized on or after Closing pursuant to and required by the Settlement Agreement), unless such authorization and such Sale are duly stayed pending such appeal. The Buyer is a good faith Buyer within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protections of Bankruptcy Code § 363(m).

18. The consideration provided by the Buyer for the Property under the PSA is fair and reasonable, and the Sale may not be avoided under Bankruptcy Code § 363(n). The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including, without limitation, the payment of the disbursements authorized on or after Closing pursuant to and required by the Settlement Agreement), unless such authorization is duly stayed pending such appeal. No governmental unit or regulatory authority may revoke or suspend any right, license, or other permission relating to the use of the Property sold, transferred, or conveyed to the Buyer on account of the pendency of this Case or the consummation of the Sale.

19. No Order of any type or kind entered in any related proceeding subsequent to entry of this Order shall conflict with or derogate from the provisions of the PSA or the terms of this Order.

20. The failure specifically to include any particular provisions of the PSA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the PSA be authorized and approved in its entirety.

21. The failure specifically to include or describe any particular provisions of the

17

A-403

Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that, pursuant to the Settlement Approval Order entered contemporaneously herewith, the Settlement Agreement be approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement be authorized.

22.     Unless this Court orders otherwise, this Court shall retain exclusive jurisdiction to the fullest extent of applicable law to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the PSA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee or the Estate is a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     To the extent that this Order is inconsistent with the PSA or any prior order or pleading with respect to the Sale Motion in this Case, the terms of this Order shall govern.

By the Court,

Dated: December 24, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge

18

A-404

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**In re:**

**WESTBOROUGH SPE LLC,**

    **Debtor.**

**Chapter 7**
**Case No. 23-40709-CJP**

## ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL RELEASE PURSUANT TO FED. R. BANKR. P. 9019, AS SUPPLEMENTED

This matter having come before this Court upon the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967] (the "**Motion**") filed by Jonathan R. Goldsmith, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") as supplemented by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "**Sale and Settlement Motion Supplement**" [Dkt. No. 978], together with the Motion, the "**Settlement Motion**"), seeking approval of the *Settlement Agreement and Mutual Release* [Dkt. No. 966] (the "**Settlement Agreement**") by and among the Trustee, the Town of Westborough (the "**Town**"), Ferris Development Group, LLC ("**Ferris**"), Lax Media LLC and Lax Media MA LLC (together, "**Lax**"), and Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("**MobileStreet**") (each a "**Party**" and collectively the "**Parties**"); and notice of the Settlement Motion and the Settlement Agreement having been sufficient under the circumstances pursuant to the *Notice of (i) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims,*

1

A-405

*Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii) Hearing Date and (i)*
*Proposed Settlement Agreement and Mutual Release, (ii) Deadline for Filing Objections, and*
*(iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**") and the certificates of service
previously filed with the Court [Dkt. Nos. 990, 1017, and 1018] and the *Trustee's Notice of*
*Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and*
*Proposed Settlement Agreement* [Dkt. No. 1015]; and this Court having conducted
contemporaneous hearings on December 17, 2025 (the "**Sale and Settlement Hearings**") on the
Settlement Motion and on the *Trustee's Motion for Entry of Order Authorizing and Approving*
*the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims,*
*Encumbrances, and Interests and for Related Relief* (the "**Sale Motion**") [Dkt. No. 968] which
sought authority to sell the Estate's right, title, and interest in the real property at 231 Turnpike
Road, Westborough, Massachusetts (the "**Property**"), free and clear of all liens, claims,
encumbrances, and interests, with such liens, claims, encumbrances and interests attaching to the
net proceeds of the Sale as set forth in more detail in the Sale Motion and in the Purchase and
Sale Agreement attached to the Sale Motion (the "**PSA**"); all parties in interest having been
heard, or having had to the opportunity to be heard at the Sale and Settlement Hearings, at which
evidence was taken; and the Court having contemporaneously considered and approved the Sale
Motion and authorized the Sale of the Property pursuant to the PSA by entry of a separate order;
and the Court having reviewed and considered the Settlement Motion, the Settlement Agreement,
other evidence in support of the Settlement Motion and Settlement Agreement and the record
before the Court; and the Court having heard, weighed, and considered at the Sale and
Settlement Hearings the testimony of the Trustee, the evidentiary proffers made, the statements
of counsel, and the statements of interested parties wishing to be heard; and the Court having

2

A-406

heard and considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement Agreement and all of the relief requested therein having been provided and no further notice being necessary; and the Court having determined that the relief sought in the Settlement Motion and the Trustee's entry into the Settlement Agreement are a reasonable exercise of the Trustee's business judgment, *see In re Healthco Int'l, Inc.*, 136 F.3d 45, 51 (1st Cir. 1998) (deference to Trustee's business judgment in connection with proposed settlement if it falls above "the lowest point in the range of reasonableness"), and is in the best interests of the Debtor's Estate; and the Court having jurisdiction over this matter; and that the legal and factual bases set forth in the Settlement Motion establish just cause for the relief granted herein; and after due deliberation thereon, and sufficient cause appearing therefor, for the reasons stated on the record and supplementing the Proceeding Memorandum and Order entered at Dkt. No. 1036 approving the Settlement Agreement and **IT IS HEREBY**:

**ORDERED** that, the Settlement Motion is approved and authorized in all respects; it is further

**ORDERED** that, the Akouete Objection is overruled; it is further

**ORDERED** that, the Trustee is authorized to enter into the Settlement Agreement and to take any and all actions required by the Settlement Agreement; it is further

**ORDERED** that, contemporaneous with the transfer of the Property to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its nominee (the "Buyer"), or shortly after the transfer of the Property as specifically provided by

3

A-407

the Settlement Agreement, the Trustee is authorized to make any and all payments required by

the Settlement Agreement including, without limitation, the following:

    i.        To the Town for the "Town Payment" as defined in the Settlement Agreement, $1,640,000 shall be paid contemporaneous with the Sale Closing[1];

    ii.       To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of MobileStreet for the "Use Modification Payment" as defined in the Settlement Agreement, $200,000 shall be paid within ten (10) days after the Closing Date;

    iii.      To MobileStreet for the "MobileStreet Maintenance Payment" as defined in the Settlement Agreement, $556,763 shall be paid within ten (10) days after the Closing Date;

    iv.      To Ferris for the "Ferris Payment" as defined in the Settlement Agreement, $100,000 shall be paid within ten (10) days after the Closing Date; and

    v.       To Lax for the "Lax Payment" as defined in the Settlement Agreement, $100,000 shall be paid within ten (10) days after the Closing Date.

**ORDERED** that, contemporaneous with the transfer of the Property to the Buyer, or

shortly after the transfer of the Property as specifically provided by the Settlement Agreement,

the Trustee is authorized to take any and all actions required by the Settlement Agreement to

dispose of pending litigation including, without limitation, the following:

    i.        Executing and filing a voluntary notice of dismissal with prejudice of the following civil action pending in the United States District Court for the District of Massachusetts against the Town, the members of the Select Board of the Town, and Peter Blaustein: Westborough SPE, LLC v. Town of Westborough, et al., U.S. Dist. Ct. (D. Mass.), Case No. 4:23-cv-12017; and

    ii.      Executing and filing the voluntary stipulation of dismissal with prejudice of the following adversary proceeding pending before this Court against the Town of Westborough: Jonathan R. Goldsmith, Chapter 7 Trustee of Westborough SPE LLC v. Town of Westborough, (Bankr. D. Mass.),

---

[1] As used in this Order, the term "Closing" shall have the meaning ascribed thereto in the PSA and the term "Closing Date" shall mean the date that the Closing occurs pursuant to the PSA

4

Adversary Proceeding No. 25-04003-CJP.

**ORDERED** that, the failure specifically to include or describe any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement Agreement is approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement are hereby authorized. Absent further order of the Court, the Court retains exclusive jurisdiction to enforce and interpret the Settlement Agreement to the fullest extent of applicable law.

By the Court,

Dated: December 24, 2025

Christopher J. Panos
United States Bankruptcy Judge

5

A-409

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In Re:    Westborough SPE LLC

Chapter 7
Bankruptcy Case 23–40709
Judge Christopher J. Panos

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

On **JANUARY 5, 2026,** the appellant, Lolonyon Akouete filed a Notice of Appeal and an Election to have the appeal heard by the United States District Court for the District of Massachusetts in the above referenced case.

Please refer to 28 U.S.C. § 158(c)(1), Fed. R. Bankr. P. 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Fed. R. Bankr. P. 8009, the appellant must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of the issues to be presented within the deadline set forth in the rule and serve a copy on the appellee(s).

The appellee(s) may file a designation of additional items to be included in the record within fourteen (14) days after service of the appellant's designation and statement of issues. The parties shall consult Fed. R. Bankr. P. 8009 for deadlines applicable to cross–appeals.

Upon the filing of the designation of the items to be included in the record on appeal and the statement of issues to be presented, and after expiration of the fourteen (14) day period for the appellee(s) to file a designation of additional items, the Clerk's Office will forward the designation(s) and statement to the District Court electronically.

If a party to the appeal designates any document placed under seal to be part of the record on appeal, that party must file a motion with the District Court to accept the document under seal. If the District Court grants the motion, the movant must notify the Bankruptcy Court of the ruling. *See* Fed. R. Bankr. P. 8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must advise the Bankruptcy Court by filing "Certificate of No Transcript Ordered." *See* Fed. R. Bankr. P. 8009(b).

It is the duty of the parties to ensure that the record on appeal is complete.

Date:1/5/26

Mary P. Sharon
Clerk, U.S. Bankruptcy Court

By the Court,

Julie Piltzecker
Deputy Clerk
(508) 770– 8946

A-410

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## CREDITOR LOLONYON AKOUETE'S MOTION FOR PARTIAL STAY PENDING APPEAL PURSUANT TO FED. R. BANKR. P. 8007

### I. PRELIMINARY STATEMENT

Creditor Lolonyon Akouete ("Appellant"), appearing pro se, respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007 and 11 U.S.C. § 105(a) for entry of an order granting a partial stay pending appeal of this Court's orders entered on December 24, 2025, Dkt. Nos. 1037 and 1038 (the "Orders").

Appellant does not seek to stay or unwind the sale of the Debtor's real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"). Instead, Appellant seeks narrow, targeted relief staying:

1. the disbursement of sale proceeds; and
2. the implementation of the Settlement Agreement and Mutual Release, including releases, dismissals, and claim waivers,

pending resolution of Appellant's appeal to the United States District Court for the District of Massachusetts.

This limited relief is necessary to preserve meaningful appellate review and prevent irreparable harm that would result if the Orders are fully implemented before appellate consideration.

### II. JURISDICTION AND PROCEDURAL POSTURE

1. This Court has jurisdiction to consider this Motion pursuant to Fed. R. Bankr. P. 8007(a).
2. On January 5, 2026, Appellant timely filed a Notice of Appeal from the Orders pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8003, electing review by the United States District Court for the District of Massachusetts.
3. This Motion is properly brought in the first instance before this Court.

### III. FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2025, the Chapter 7 Trustee filed two related motions: (i) a Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release pursuant to Federal Rule of Bankruptcy Procedure 9019 [Dkt. No. 967], and (ii) an Expedited Motion for Sale of

Property Free and Clear of Liens under 11 U.S.C. § 363(f) concerning the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") [Dkt. No. 968].

The proposed Settlement Agreement is a multi-party settlement involving specific parties and specific disputes identified therein. Among other things, it provides for the private sale of the Property, sets forth a proposed allocation and distribution of sale proceeds, includes releases of certain claims among settling parties, and contemplates dismissal of certain pending actions, including federal litigation that predated the commencement of this bankruptcy case. The Settlement Agreement, however, does not resolve all disputes in this Chapter 7 case. Material issues remain pending, including, without limitation, disputes concerning creditor claims allowance and ongoing litigation concerning managerial authority and related issues, including matters the Trustee continues to litigate against Appellant.

Following evidentiary hearings held on December 17, 2025, the Court entered two separate orders on December 24, 2025: (i) the Order Granting Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019, as Supplemented [Dkt. No. 1038], and (ii) the Order (I) Authorizing the Private Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Purchase and Sale Agreement; (III) Authorizing Disbursements of Sale Proceeds Pursuant to the Settlement Agreement; and (IV) Granting Related Relief [Dkt. No. 1037] (collectively, the "Orders").

The Orders do not merely authorize the sale of the Property. They also authorize the disbursement of sale proceeds and the implementation of settlement terms, including releases, claim waivers, and dismissals. Appellant timely filed a notice of appeal from the Orders, challenging, among other things, the approval of the Settlement Agreement under Rule 9019, the process and structure of the sale under § 363, and the scope and legal effect of the releases and dismissals authorized by the Orders.

## IV. LEGAL STANDARD FOR STAY PENDING APPEAL

A motion for stay pending appeal is governed by **Federal Rule of Bankruptcy Procedure 8007** and the four-factor test articulated by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Under *Hilton*, the factors regulating the issuance of a stay pending appeal are:

1. whether the stay applicant has made a strong showing that he is likely to succeed on the merits, or, at minimum, has raised serious legal questions;
2. whether the applicant will be irreparably injured absent a stay;
3. whether issuance of the stay will substantially injure other parties interested in the proceeding; and
4. where the public interest lies.

The First Circuit applies this standard flexibly, recognizing that a movant need not demonstrate a probability of success on the merits where the appeal raises serious questions and the balance of hardships tips sharply in the movant's favor. *See Rivera-Vega v. ConAgra, Inc.*, 879 F. Supp. 165, 166 (D.P.R. 1995), aff'd, 70 F.3d 153 (1st Cir. 1995).

In the bankruptcy context, courts place particular emphasis on whether denial of a stay would **render the appeal moot or deprive the reviewing court of the ability to grant effective relief**, as such circumstances constitute irreparable harm warranting a stay pending appeal.

A-412

## V. ARGUMENT

### A. Appellant Will Suffer Irreparable Harm Absent a Partial Stay

Absent a stay pending appeal, Appellant will suffer **irreparable harm** because consummation of the sale and, more importantly, **distribution of the sale proceeds and implementation of the Settlement Agreement**, will render this appeal **moot** and deprive the reviewing court of the ability to grant effective relief.

Courts in this District have repeatedly recognized that the failure to obtain a stay of a bankruptcy sale order pending appeal results in precisely this type of irreparable harm. In *In re Whistler Corp. of Massachusetts*, the District Court for the District of Massachusetts held that where an appellant fails to obtain a stay and a sale closes, the appeal must be dismissed as moot because the court "has no remedy that it can fashion even if it would have determined the issues differently." 243 B.R. 573, 574–75 (D. Mass. 2000) (quoting *In re Stadium Management Corp.*, 895 F.2d 845, 847 (1st Cir. 1990)).

The same principle has been emphasized by the Court of Appeals in *In re Paolo Gucci*, where the Second Circuit explained that, once a bankruptcy sale is consummated without a stay, **11 U.S.C. § 363(m)** strips the appellate court of the power to grant meaningful relief, leaving review limited, at most, to the narrow issue of purchaser good faith. 105 F.3d 837, 839–41 (2d Cir. 1997). The court cautioned that denial of a stay pending appeal therefore has the practical effect of eliminating appellate jurisdiction.

Importantly, courts have also recognized that **a stay may be warranted even where the likelihood of success on appeal is slim**, when denial of a stay would irreparably moot the appeal. In *Buntzman v. Springfield Redevelopment Authority*, the District Court for the District of Massachusetts acknowledged that the appellant's likelihood of success on appeal was "slender at best," yet nevertheless granted a stay because, absent such relief, "the entire appellate process would be mooted" and the appeal would become "senseless." 918 F. Supp. 29, 31–32 (D. Mass. 1996). The court concluded that the risk of mootness constituted a form of irreparable harm outweighing the asserted prejudice to the prevailing parties.

These authorities make clear that the harm at issue here is not speculative or hypothetical. It is **structural and jurisdictional**: once the sale proceeds are distributed and the Settlement Agreement is implemented—including the execution of releases and dismissal of related actions— **no appellate court can restore the status quo**, even if the Orders are later found to be erroneous.

Importantly, Appellant does not seek to stay the sale itself. Appellant seeks only a **partial stay** preserving the sale proceeds and staying implementation of the Settlement Agreement pending appeal. This narrow relief directly addresses the concern identified in *Whistler*, *Paolo Gucci*, and *Buntzman* by preventing mootness while allowing the underlying transaction to proceed.

Accordingly, absent a stay pending appeal, Appellant will suffer irreparable harm because this appeal will be rendered moot by operation of § 363(m), and the reviewing court will be deprived of the ability to grant any meaningful relief.

Here, the risk that Appellant's appeal will be rendered moot absent a stay is not hypothetical. It is demonstrated by contemporaneous communications exchanged during a prior settlement effort in this case, which was ultimately withdrawn after objections were raised that the proposed valuation of the Property was materially below market. *See Exhibit A*.

A-413

During that earlier settlement process, counsel for one of the petitioning creditors, Stephen F. Gordon, circulated a written email to multiple participants in the case, including Lenard B. Zide (Butters Brazilian LLP), Christopher Mulhearn (Mulhearn Law), Jeffrey T. Blake and Brian W. Riley (KP Law), and Allen Hight. In that communication, Mr. Gordon expressly addressed the anticipated procedural posture following approval of a Rule 9019 settlement, including the likelihood of an appeal and the strategic consequences of proceeding without a stay.

In particular, Mr. Gordon acknowledged that "the likelihood that Lolo will appeal from Judge Panos' decision is… very high," while simultaneously expressing the view that "the likelihood that Lolo will obtain a stay pending appeal is… very low." Based on that premise, the email states that it was "agreed that Lax will close within the time required notwithstanding the pendency of an appeal without a stay or lose its right to purchase." The communication further reflects an understanding that, if the initial purchaser failed to close, an alternate purchaser would likewise be required to close "notwithstanding the pendency of an appeal without a stay," after which the Trustee would proceed with a § 363 sale on a defined timeline.

Although that prior settlement proposal was later withdrawn—after objections highlighted that the proposed consideration significantly undervalued the Property—the communication is probative for present purposes. It shows that well before the entry of the Orders now on appeal, key participants in the settlement process anticipated an appeal and contemplated proceeding to closing and consummation during the appeal period in the absence of a stay, with the practical effect of foreclosing appellate review.

This history confirms that the concern identified by courts in *Whistler*, *Paolo Gucci*, and related cases is not speculative here. Rather, it reflects a known and foreseeable risk that, absent a stay pending appeal, the sale proceeds will be distributed and settlement terms implemented before appellate review can occur. Once those steps are taken—particularly the distribution of proceeds, execution of releases, and dismissal of related actions—no appellate court will be able to restore the status quo or grant meaningful relief, regardless of the merits of Appellant's appeal.

**B. Likelihood of Success on the Merits or, at Minimum, Serious Legal Questions**

The stay applicant need not demonstrate that success on appeal is certain. Rather, it is sufficient to show either a strong likelihood of success on the merits or, at minimum, the existence of serious legal questions that are fair ground for litigation and warrant appellate review. Nken v. Holder, 556 U.S. 418, 434 (2009). The First Circuit has repeatedly recognized that where an appeal raises substantial and unresolved legal questions, the likelihood-of-success factor may be satisfied even absent a showing of probable success. Acevedo-García v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002); Providence Journal Co. v. FBI, 595 F.2d 889, 890 (1st Cir. 1979). This flexible standard applies with particular force in bankruptcy cases, where the failure to grant a stay risks rendering appellate review moot. See In re Revel AC, Inc., 802 F.3d 558, 568–69 (3d Cir. 2015).

Central to the appeal is a threshold and unresolved issue: the legitimacy of Appellant's appointment and authority as Manager of the Debtor. The Town of Westborough and the Chapter 7 Trustee have repeatedly attacked Appellant's managerial status, yet that issue has not been finally adjudicated. Despite the absence of a definitive ruling resolving this dispute, the Trustee now seeks to approve a settlement that fully exonerates the Town from liability and releases all claims against it, including claims whose viability turns directly on the outcome of the managerial-authority dispute. Proceeding in this manner impermissibly prejudges unresolved merits issues and insulates them from meaningful appellate review.

A-414

Appellant has advanced substantial evidence and legal argument in support of his appointment as Manager, including governing entity documents, corporate records, course-of-conduct evidence, and applicable state and bankruptcy law. If Appellant prevails on that issue—as he has a strong likelihood of doing—the Town's entitlement to distributions and its release from liability would be materially affected. Approving a settlement that extinguishes those claims before the underlying authority dispute is resolved is therefore legally infirm and constitutes reversible error.

Moreover, the equities underscore the strength of Appellant's position. Prior to the commencement of the bankruptcy case, Appellant repeatedly sought to resolve the dispute consensually and urged the Town to settle, which would have substantially reduced litigation costs and preserved estate value. The Town rejected those overtures and instead elected to litigate. After more than three years of litigation, the proposed settlement now grants the Town approximately $1.6 million while releasing it from all liability arising from its conduct, without any meaningful or proportionate consideration in return. This result rewards the Town's litigation posture, imposes extraordinary costs on the estate, and deprives Appellant of the opportunity to vindicate his rights through adjudication or appeal.

At a minimum, these circumstances present serious and substantial legal questions regarding authority, standing, claim extinguishment, and the propriety of releasing municipal liability prior to resolution of disputed merits issues. Those questions are more than sufficient to satisfy the likelihood-of-success prong for purposes of a stay pending appeal. Absent a stay, Appellant's appellate rights will be rendered illusory.

**The Appeal Raises Serious Legal Questions**

Whether the Bankruptcy Court abused its discretion under Fed. R. Bankr. P. 9019 and First Circuit precedent by approving a settlement-and-sale package that accorded dispositive weight to the Chapter 7 Trustee's asserted "business judgment"—without record-based evidentiary findings establishing the reliability, neutrality, or independence of that judgment—where (i) the Trustee previously sought to dispose of the same property for approximately $2.5 million before it sold for $5.111 million; (ii) the Trustee adopted overtly adversarial positions toward the objecting creditor, including express written statements that he had "called in some reinforcements," that "we will fight the battle and win the war," and that there was "a good possibility that [the creditor] will get nothing at the end," thereby evidencing a pre-commitment to adversarial litigation rather than neutral fiduciary evaluation; (iii) multiple motions were filed seeking the Trustee's removal for cause based on alleged favoritism toward the Town; (iv) the Trustee engaged in selective discovery by pursuing information from multiple former counsel while declining to obtain readily available evidence from the one source most likely to resolve the disputed issue of managerial authority; (v) at the evidentiary hearing, the Bankruptcy Court sustained objections that foreclosed inquiry into the Trustee's access to and refusal to obtain that exculpatory information—thereby substituting deference for evidence in a context where the Trustee's impartiality and valuation judgment were materially contested; (vi) the settlement extinguished the Town's liability and paid it in full for claims arising from the very managerial-authority dispute that precipitated the bankruptcy, while permitting the Trustee to continue litigating that same unresolved predicate issue solely against the appellant using estate funds; and (vii) the settlement further purported to release non-debtor third parties—including individuals and entities alleged to have caused substantial injury to the debtor and to have obstructed resolution of the case for years—without any adjudication of liability, without meaningful consideration flowing to the estate or creditors, and without findings that such third-party releases were necessary, fair, or permissible under governing law.

A-415

Did the Bankruptcy Court err by approving a settlement structure that reallocates estate value through mandatory side payments and stipulated distributions to selected parties—outside the Bankruptcy Code's priority and distribution framework—without making evidentiary findings that such payments were legally required, priority-based, or demonstrably value-maximizing for the estate, and without addressing the impact of those payments on similarly situated creditors?

Did the Bankruptcy Court err by approving a so-called "use modification" payment as part of the settlement and sale without record evidence or factual findings demonstrating that the payment conferred a concrete, quantifiable benefit on the bankruptcy estate, as opposed to functioning as a subsidy for the purchaser's intended post-closing use of the property?

Did the Bankruptcy Court err by authorizing, as an integral component of settlement approval, mandatory disbursements of sale proceeds to the Town of Westborough ($1,640,000), MobileStreet Trust ($200,000 plus $556,763), Ferris Development Group ($100,000), and LAX Media ($100,000), while simultaneously directing the dismissal with prejudice of related federal and adversary proceedings, without adjudicating the merits, value, or legal viability of the claims being released and without findings that this structure maximized value for the estate?

Did the Bankruptcy Court misapply 11 U.S.C. § 363(f) by deeming non-objecting parties to have "consented" to a sale free and clear and concluding that objecting interest-holders were adequately protected solely by attachment to cash sale proceeds, where the sale was expressly conditioned on settlement payments that reduced the net proceeds available to attach and thereby materially impaired the practical value of the purported adequate protection?

## C. The Balance of Harms Strongly Favors a Partial Stay

The requested stay imposes minimal, if any, harm on other parties. The relief sought is narrowly tailored and does not impede consummation of the underlying transaction. Under the proposed partial stay, the purchaser may close and obtain title to the Property, the Trustee may complete the sale and carry out all non-distribution-related aspects of the Sale Order, and sale proceeds are merely held pending appellate resolution. No party is deprived of possession, title, or the benefit of its bargain. At most, distributions are temporarily deferred.

Temporary deferral of distributions does not constitute irreparable harm. Courts consistently hold that irreparable injury is "the kind of injury for which money cannot compensate," *Sperry Int'l Trade, Inc. v. Government of Israel*, 670 F.2d 8, 12 (2d Cir. 1982), and that "[a] monetary loss will not suffice unless the movant provides evidence of damage that cannot be rectified by financial compensation." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). To establish irreparable harm, a party must demonstrate "an injury that is neither remote nor speculative, but actual and imminent." *Id.* at 976 (quoting *Consolidated Brands, Inc. v. Mondi*, 638 F. Supp. 152, 155 (E.D.N.Y. 1986)); see also *EEOC v. Local 638*, 1995 WL 355589, at *2 (S.D.N.Y. June 7, 1995). Here, the only consequence to non-moving parties is a temporary delay in monetary distributions—harm that is fully compensable and therefore not irreparable.

By contrast, denial of a stay would permanently deprive Appellant of meaningful appellate relief. Absent a stay, distributions pursuant to the Settlement Agreement will be made immediately and irreversibly, including to multiple third parties who are released from liability. Once those funds are disbursed, effective appellate relief becomes impossible as a practical matter, even if Appellant ultimately prevails. Courts routinely recognize that the loss of appellate rights through consummated distributions constitutes irreparable harm, particularly in bankruptcy cases where unwinding transactions is impracticable.

A-416

Courts therefore consistently find that preserving appellate rights outweighs any temporary delay in distributions. Where, as here, a limited stay preserves the status quo, imposes only compensable delay on other parties, and prevents irreversible consequences that would nullify appellate review, the balance of harms weighs decisively in favor of granting a partial stay pending appeal.

**D. The Public Interest Supports Preserving Appellate Review**

The public interest strongly favors granting a narrowly tailored stay to preserve meaningful appellate review of the orders approving the sale and settlement. The Bankruptcy Code expressly contemplates appellate review of such orders, and that review serves as a critical safeguard ensuring that bankruptcy proceedings are conducted lawfully, transparently, and in accordance with governing standards. Where transactions are structured or implemented in a manner that would effectively moot appellate review through the immediate distribution of funds or the activation of broad releases, the public interest is undermined rather than advanced.

Granting a partial stay promotes confidence in the integrity of the bankruptcy system by ensuring that substantial transactions—particularly those justified primarily by deference to a trustee's asserted business judgment—remain subject to meaningful judicial oversight. Public confidence depends on the assurance that bankruptcy courts do not insulate contested trustee decisions from review through timing alone, especially where serious questions have been raised regarding trustee neutrality, evidentiary support, valuation accuracy, and the scope of relief granted.

The public interest is also served by promoting orderly judicial administration. Preserving the status quo pending appeal avoids the risk of irreversible consequences that could require complex remedial proceedings if the orders are later reversed or modified. Temporary restraint on distributions minimizes the likelihood of piecemeal litigation, clawback disputes, or inequitable outcomes, while allowing appellate courts to perform the review function expressly contemplated by statute.

Finally, the public interest disfavors outcomes in which appellate rights become illusory due to the rapid consummation of transactions rather than the merits of the appeal itself. A limited stay that preserves appellate review does not undermine finality or commercial certainty; it ensures that finality is achieved only after the appellate process has been allowed to function as intended. In these circumstances, the public interest weighs decisively in favor of a stay.

**E. Consistency With the Trustee's Own Stay Request in Related District Court Litigation**

The appropriateness of a stay pending appeal in this matter is further confirmed by the Trustee's **own litigation position** in a related action pending before the United States District Court for the District of Massachusetts, *Westborough SPE LLC v. Town of Westborough et al.*, Case No. 4:23-cv-12017-MRG. ***See Exhibit B***.

In that case, the Trustee affirmatively requested that the District Court **continue to stay all activity** for an extended period—through at least March 16, 2026—expressly so that the Bankruptcy Court–approved settlement and sale could be implemented without judicial interference. The Trustee represented that dismissal of the District Court action before full implementation of the settlement "could deprive the Plaintiff/Debtor, its creditors, and other interested parties from realizing any value from an asset of the bankruptcy estate," and that additional time was required to consummate the sale, make disbursements, and execute the settlement's terms.

A-417

Critically, the Trustee's request for a prolonged stay in the District Court necessarily assumes the possibility of continued litigation and appellate activity during the implementation period. The Trustee did not represent that the settlement was beyond challenge or that all judicial review had been exhausted. Instead, he asked the District Court to **pause proceedings** precisely because the legal consequences of the settlement and sale would not be fully resolved until after implementation was complete.

That position directly supports the limited relief requested here. If it is appropriate—as the Trustee has argued—for a District Court to stay proceedings to allow time for settlement implementation, then it is equally appropriate for this Court to grant a **partial stay pending appeal** to ensure that appellate review is not rendered meaningless by the irreversible distribution of sale proceeds and execution of releases.

Moreover, the stay requested here is materially narrower than the stay sought by the Trustee in the District Court. Appellant does not seek to halt the sale or delay closing. Appellant seeks only to preserve the sale proceeds and suspend implementation of settlement distributions and releases pending appellate review. Granting such relief promotes consistency across courts, respects the appellate process, and aligns with the Trustee's own acknowledgment that temporary stays are appropriate where necessary to preserve orderly adjudication and avoid irreparable consequences.

## VI. REQUEST FOR PARTIAL STAY AND PROPOSED CONDITIONS

WHEREFORE, Appellant respectfully requests that the Court enter an order:

1. **Permitting the sale of the Property to close**;
2. **Staying all disbursements of sale proceeds pending resolution of the appeal**;
3. Requiring that all net sale proceeds be held in a **segregated escrow account**;
4. **Staying implementation of the Settlement Agreement**, including releases, dismissals, and claim waivers;
5. Granting such other and further relief as the Court deems just and proper.

## VII. CONCLUSION

A narrowly tailored partial stay is necessary to preserve the status quo, prevent irreparable harm, and ensure that Appellant's appeal is not rendered meaningless by irreversible implementation of the Orders.

DATED: January 5, 2026, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

A-418

Exhibit A

Lenard B. Zide <zide@buttersbrazilian.com>; Christopher Mulhearn <cmulhearn@mulhearnlawri.com>; Jeffrey T. Blake <JBlake@k-plaw.com>; Brian W. Riley <BRiley@k-plaw.com>; Allen Hight <reomanagement11@gmail.com>
**Subject:** Re: Westborough SPE - Settlement Agreement

All-

This is great news. I have been in touch with N&G to obtain their signature. The other Petitioning Creditor is ably represented by Len Zide.

Thoughts:

1. I have always thought that a "final" order is one as to which either (a) the appeal period has run without any timely appeal having been filed or (b) all appeals have been exhausted (or further appeals timed out) with the decision appealed from affirmed or appeals dismissed. The Settlement Agreement describes Judge Panos allowing a R 9019 Motion as a "final order."

2. The likelihood that Lolo will appeal from Judge Panos' decision is, I think, very high.

3. The likelihood that Lolo will obtain a stay pending appeal is, I think, very low.

4. It is, therefore, agreed that Lax will close within the time required notwithstanding the pendency of an appeal without a stay or lose its right to purchase.

5. And it is also agreed that if Lax fails to close, then Ferris must close within its required time notwithstanding the pendency of an appeal without a stay or Ferris will likewise lose its right to purchase and the Trustee will then conduct a Section 363 sale commencing no later than 5.5 months from the entry of an Order allowing the R 9019 Motion.

6. While no Party to the Settlement Agreement will raise the issue, I am concerned that Judge Panos will require some kind of "sale counteroffer" process, perhaps short of 363 formality, especially in the face of Lolo's claim that Pulte Homes will pay nearly $8 million for the property. The Trustee, as moving party, might wish to depose Pulte once Lolo's Objection creates a Disputed Matter permitting discovery.

Nice work everyone in getting to this terrific point.
Steve

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
Direct: 617-456-1270
Main: 617-261-0100
Sgordon@gordonfirm.com
www.GordonFirm.com

> On May 14, 2024, at 8:56 PM, Roger L. Smerage <rsmerage@k-plaw.com> wrote:

> All,

5

A-419                                                          FDG_000124

## Carey, Paul W.

| | |
|---|---|
| **From:** | Lenard B. Zide <zide@buttersbrazilian.com> |
| **Sent:** | Sunday, May 5, 2024 1:27 PM |
| **To:** | Stephen Gordon |
| **Cc:** | Roger L. Smerage; Carey, Paul W.; Jonathan Goldsmith; Christopher Mulhearn; Jeffrey T. Blake; Brian W. Riley; Allen Hight |
| **Subject:** | Re: Westborough SPE - Settlement Agreement |

Steve: Thank you for taking the time to clarify this otherwise murky bar exam fact pattern.  The settlement agreement is fine and I appreciate your and everyone's willingness to share their time with me.  Talk soon.    Len

**Sent by *Len Zide***


On May 5, 2024, at 1:11 PM, Stephen Gordon <sgordon@gordonfirm.com> wrote:

 Len-
I like to stay in my own lane. There is much confusion and contention over the ownership and management of the Debtor. The beauty of the Chapter 7 bankruptcy proceeding is that the resolution of those issues are of no consequence to creditors. Before the bankruptcy case, the Controller of California refused to pay the $1.2 million of escheated funds to Lolo. A lawsuit would have taken years with uncertain results and uncertainty that the funds would be used to pay creditors. The Trustee and the creation of a Bankruptcy Court-controlled bankruptcy estate has eliminated the time delay of litigation in California and both uncertainties.

We will very soon see a proposed settlement regarding the disposition of the Debtor's interest in its real property. While the approval of the settlement will pave the way to a full recovery by creditors, it may be the subject of objection(s). On the issue of approval of the settlement, Judge Panos will need to consider the best interests of creditors and the bankruptcy estate (which, since there will likely be a surplus after paying creditors, includes the interests of the Debtor entity). But I do not think that Judge Panos will need to determine the Debtor's ownership and management disputes in order to approve or disapprove the settlement. On behalf of the Petitioning Creditors (including your client 😊), I plan to urge approval of the settlement.

If the settlement is approved and consummated, I have several times discussed with the Trustee his seeking Bankruptcy Court approval for the Trustee to commence an interpleader action, either in Delaware Chancery Court or Massachusetts Superior Court, depositing the surplus funds in the interpleader court in exchange for a release for the Trustee and the estate. All parties competing for control/ownership of the surplus funds will have their rights determined in the interpleader action and the bankruptcy case can be expeditiously closed.

Like all of us, I remain vigilant against the potential that these filings interfere with the purpose of Chapter 7, but I otherwise pay no attention to facts and claims not requiring determination to serve that singular purpose.

Best,
Steve

Stephen F. Gordon

1

A-420

FDG_000070

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (WORCESTER)**

<table>
<tr><td>

WESTBOROUGH SPE LLC,

      **Plaintiff,**

v.

TOWN OF WESTBOROUGH et al,

      **Defendants.**

</td><td>

**Case No. 4:23-cv-12017-MRG**

</td></tr>
</table>

### TRUSTEE'S RESPONSE REGARDING ORDER TO SHOW CAUSE

Jonathan R. Goldsmith, the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Westborough SPE LLC (the "Plaintiff" or the "Debtor") submits this response to the Court's *Order to Show Cause* [Dkt. No. 12] (the "Show Cause Order") and respectfully requests that this Court (i) continue to stay all activity in this case due to the Bankruptcy Court-approved Settlement Agreement (as defined and discussed below) and (ii) set a deadline of March 16, 2026 for the Trustee to file a status report with this Court, unless the case has been dismissed pursuant to the Settlement Agreement (as defined below). As discussed further in detail below, the Trustee has negotiated a resolution of this case as part of a global, multi-party settlement and has obtained Bankruptcy Court approval of that settlement. The Trustee (and the other parties to the settlement) require additional time to implement all provisions of the Bankruptcy Court-approved settlement. Once fully implemented, however, the settlement provides that this case will be dismissed. **Dismissal of this case prior to full implementation of the Bankruptcy Court-approved settlement, however, could deprive the Plaintiff/Debtor, its creditors, and other interested parties from realizing any value from an asset of the bankruptcy estate.**

A-421

The Trustee further states as follows:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Plaintiff filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), which case is pending before the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") as Case No. 23-40709-CJP (the "Bankruptcy Case").

2. On October 11, 2023, the Bankruptcy Court entered an Order for Relief in the Bankruptcy Case and the case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee and the Trustee remains as Trustee at this time.

4. On August 31, 2023, the Plaintiff filed a Suggestion of Bankruptcy [Dkt. No. 11] in this case (the "Federal Action").[1]

5. During the pendency of the Bankruptcy Case, the Trustee has worked to liquidate and maximize all assets of the Debtor, which assets include, without limitation, all claims and causes of action including the claims asserted by the Debtor as plaintiff in this Federal Action.

6. In connection with the Trustee's efforts to liquidate the Debtor's assets, on November 3, 2025, the Trustee entered into the multi-party *Settlement Agreement and Mutual Release* (the "Settlement Agreement") which (i) resolves multiple pending litigation matters, including those to which the Debtor is a party which, among other things, directs the dismissal of the within Federal Action once fully implemented and (ii) provides for the sale of real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"). A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

---

[1] The Settlement Agreement (as defined herein) refers to the within case as the "Federal Action" and, therefore, the Trustee has used that definition herein.

2

7.    On November 4, 2025, the Trustee filed motions with the Bankruptcy Court seeking approval of the Settlement Agreement (the "Settlement Motion") and the proposed sale of the Property (the "Sale Motion").

8.    On December 24, 2025, after conducting evidentiary hearings on the Sale Motion and the Settlement Motion, the Bankruptcy Court entered the (i) *Order Granting Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019, as Supplemented* (the "Sale Order") [Bankruptcy Case Dkt. No. 1038] and (ii) *Order (I) Authorizing the Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving Purchase and Sale Agreement; (III) Authorizing Disbursements of Sale Proceeds Pursuant to Settlement Agreement and Mutual Release; and (IV) Granting Related Relief* (the "Settlement Approval Order," together with the Sale Order, the "Orders") [Bankruptcy Case Dkt. No. 1037].

9.    The Orders, among other things, approve the sale of the Plaintiff's Property to an agreed-upon buyer and authorize the Trustee to implement and attend to all provisions of the Settlement Agreement. Copies of the Sale Order and Settlement Approval Order are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

10.    In accordance with the Settlement Agreement, after the sale of the Property closes and the Trustee makes the disbursements required by the Orders, the Trustee will execute and file a "Notice of Voluntary Dismissal" of this Federal Action, the form of which is attached to the Settlement Agreement as Exhibit B thereto.

11.    Although the Settlement Agreement is approved, the Trustee requires additional time to consummate the sale of the Property and to comply with the terms of the Settlement

3

A-423

Agreement pursuant to the Orders. Once the Trustee has done so, the Trustee will dismiss this case as required by the Settlement Agreement. Until that time, however, the Debtor's claims and causes of action in this Federal Action are assets of the bankruptcy estate which the Trustee is required to liquidate and maximize for the benefit of all creditors. The Trustee determined that the best result for the bankruptcy estate and its creditors and interested parties is that the Trustee settle this Federal Action pursuant to the Settlement Agreement. Per the Orders, the Bankruptcy Court has approved the Trustee's judgment and authorized the Trustee's intended actions.

12.    Based on the foregoing, the Trustee submits that cause does not exist to dismiss this case for lack of prosecution. Further, the Trustee respectfully submits that cause exists to continue to stay all activity in this case and allow for the implementation of the Bankruptcy Court-approved Settlement Agreement.

<div align="center"><strong><u>REQUESTED RELIEF</u></strong></div>

13.    The Trustee requests that this Court continue to stay all activity in this Federal Action through, at least, March 16, 2026. The Trustee anticipates that by that date the sale of the Property is likely to have closed and that the parties to the Settlement Agreement are likely to have fulfilled all obligations thereunder including the dismissal of this Federal Action.

14.    If the Trustee has not yet dismissed this Federal Action by March 16, 2026, the Trustee will file by that date a Status Report to update this Court on the status of the implementation of the Bankruptcy Court-approved Settlement Agreement and, if necessary, will request further relief of this Court.

<div align="center">4</div>

<div align="center">A-424</div>

WHEREFORE, the Trustee respectfully (i) provides this response to the Show Cause

Order, (ii) requests that this Court continue to stay all activity in this case for the reasons set

forth above, (iii) requests that this Court set a deadline of March 16, 2026 for the Trustee to file a

Status Report with this Court, unless the Trustee has previously dismissed this case, and

(iv) requests that this Court grant such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,**
**Chapter 7 Trustee of**
**Westborough SPE LLC**

by his counsel,


_____/s/ Angelina M. Savoia_____
Christine E. Devine, BBO #566990
Angelina M. Savoia, BBO #715690
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone:  857-600-0508
Dated: December 29, 2025                Email:  angelina@nicholsondevine.com

5

A-425

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (WORCESTER)**

| | |
|---|---|
| **WESTBOROUGH SPE LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 4:23-cv-12017-MRG** |
| **TOWN OF WESTBOROUGH et al,** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

The undersigned, Angelina M. Savoia, hereby certifies that on this day I caused a copy of

the following document to be served on all parties listed on the attached Service List in the

manner noted thereon:

- **TRUSTEE'S RESPONSE REGARDING ORDER TO SHOW CAUSE.**

Dated: December 29, 2025

/s/ Angelina M. Savoia, Esq.
Angelina M. Savoia, BBO #715690
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone: 857-600-0508
Email: angelina@nicholsondevine.com

6

A-426

<u>Service List</u>

The following list of registered participants as identified on the NEF have received electronic notice via the Court's CM/ECF filing system:

- **Scott A. Schlager**    scott.schlager@lockelord.com


The following attorneys have received courtesy copies via as noted:

| | |
|---|---|
| Roger Smerage, Esq.<br>rsmerage@k-plaw.com | (counsel to Town of Westborough and its Select Board in the Bankruptcy Case)<br>Via Email |
| | |
| Brian Lee, Esq.<br>BLee@nutter.com | (counsel to Peter Blaustein in the Bankruptcy Case)<br>Via Email |
| | |
| Stephen Gordon, Esq.<br>sgordon@gordonfirm.com | (counsel to Nathanson & Goldberg in the Bankruptcy Case)<br>Via Email |

7

# EXHIBIT A

<u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

This Settlement Agreement and Mutual Release (the "Agreement") is made between and among Westborough SPE LLC ("SPE"), through Jonathan Goldsmith, as its Chapter 7 Trustee ("Trustee"); the Town of Westborough ("Town"); Ferris Development Group, LLC ("Ferris"); Lax Media LLC and Lax Media MA LLC (together, "Lax"); and Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("MobileStreet") (each a "Party" and collectively the "Parties") as of the date on which the last Party signs the Agreement.

WHEREAS, in 1997, SPE acquired real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property");

WHEREAS, the Property is subject to a Declaration of Reciprocal Covenants, Easements and Restrictions concerning abutting real property owned by MobileStreet, recorded with the Worcester County Registry of Deeds at Book 18745, Page 313 (the "Reciprocal Covenants"), which Reciprocal Covenants run with the Property;

WHEREAS, on December 28, 2018, the Town recorded an instrument of taking on the Property and all improvements thereon pursuant to G.L. c. 60, §§ 53-54, as a result of unpaid FY 2018 taxes in the amount of $106,944.99;

WHEREAS, on July 8, 2019, the Town filed a tax title foreclosure action with respect to the Property in the Massachusetts Land Court, <u>Town of Westborough v. Westborough SPE LLC, et al</u>. (Mass. Land Ct. No. 19 TL 000768) (the "Tax Foreclosure Action");

WHEREAS, on January 5, 2022, the Land Court entered judgment in favor of the Town and against SPE in the Tax Foreclosure Action (the "Foreclosure Judgment");

WHEREAS, on May 26, 2022, the Town issued a request for proposals for the purchase and redevelopment of the Property (the "RFP");

WHEREAS, in response to the RFP, the Town received proposals for purchase of the Property, including, among others, proposals from Ferris and Lax;

WHEREAS, the Town, by and through its Select Board, selected Lax's proposal to purchase the Property;

WHEREAS, in November 2022, Ferris filed suit against the Town and Lax in Massachusetts Superior Court for breach of implied contract, declaratory judgment, and injunctive relief as a result of the Town's selection of Lax's proposal, <u>Ferris Development Group, LLC v. Town of Westborough, et al.</u>, Mass. Superior Court Case No. 2285CV0128 (the "30B Action");

WHEREAS, on January 4, 2023, a Motion to Vacate the Tax Title Foreclosure Judgment in the Tax Foreclosure Action was filed in the Land Court on behalf of SPE (the "Motion to Vacate"), which Motion to Vacate the Town opposed, on grounds including, but not limited to,

1

A-429

that the Town disputed whether SPE had been properly revived and had the ability to file court papers;

WHEREAS, the law firm of Nathanson & Goldberg, P.C. ("N&G") subsequently appeared in the Tax Foreclosure Action to represent SPE and prosecute the Motion to Vacate;

WHEREAS, on August 31, 2023, N&G commenced a civil action on behalf of SPE against the Town and the members of its Select Board arising out of the judgment entered in the Tax Foreclosure Action and the Town's subsequent efforts to sell the Property, Westborough SPE, LLC v. Town of Westborough. et al., U.S. Dist. Ct. (D. Mass.) Case No. 4:23-cv-12017 (the "Federal Action");

WHEREAS, on August 31, 2023, before the Land Court adjudicated the Motion to Vacate, N&G and MobileStreet filed an involuntary Chapter 7 petition (the "Involuntary Petition") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") against SPE, commencing the Chapter 7 Bankruptcy Case, In re Westborough SPE, LLC, U.S. Bankr. Ct. (D. Mass.) Case No. 23-40709 (the "Bankruptcy Case");

WHEREAS, on September 5, 2023, an answer consenting to the Involuntary Petition was filed on behalf of SPE;

WHEREAS, on October 3, 2023, the Town filed a Motion for Relief from Automatic Stay (the "Motion for Relief") in the Bankruptcy Proceeding, in which the Town, inter alia, contended that the Property was no longer an asset of SPE;

WHEREAS, on October 11, 2023, the Bankruptcy Court entered an Order of Relief in the Bankruptcy Case, after no party filed an objection to the entry of an Order for Relief;

WHEREAS, on October 12, 2023, the Bankruptcy Court appointed the Trustee to, among other things, administer the assets and liabilities of SPE (the "Bankruptcy Estate");

WHEREAS, Ferris, N&G, and MobileStreet all filed proofs of claim in the Bankruptcy Case seeking distributions from the Bankruptcy Estate;

WHEREAS, on January 16, 2024, the Town filed a Motion to Dismiss the Bankruptcy Case pursuant to 11 U.S.C. § 707(a) (the "Motion to Dismiss");

WHEREAS, the Trustee and other parties in interest filed objections to the Motion to Dismiss;

WHEREAS, on January 17, 2024, the Trustee removed the Tax Foreclosure Action the Bankruptcy Court initiating an adversary proceeding, Town of Westborough v. Westborough SPE LLC, U.S. Bankr. Ct. (D. Mass.) Case No. 24-ap-04006;

WHEREAS, on February 7, 2024, the Town filed a Motion to Remand and/or Abstain from Hearing the Tax Foreclosure Action (the "Motion to Remand" and, collectively with the Motion for Relief and Motion to Dismiss, the "Town's Motions");

2

WHEREAS, the Town's Motions remain pending before the Bankruptcy Court;

WHEREAS, on January 30, 2025, the Trustee filed a Complaint against the Town seeking to avoid the Foreclosure Judgment and recover the Property pursuant to 11 U.S.C. §§ 544, 548, 550, and 551, and M.G.L. c. 109A, or, alternatively, for damages caused by the Town's alleged violation of the Debtor's Fifth Amendment and Eighth Amendment rights under the United States Constitution, or, alternatively, for damages pursuant to M.G.L. c. 60, § 64A, or, alternatively, declaratory judgment that the Town is required to comply with M.G.L. c. 60 as amended to add § 64A, effective as of November 1, 2024 (the "Avoidance Action");

WHEREAS, prior to the date by which the Town was required to answer or otherwise file a response in the Avoidance Action, the Trustee and the Town agreed to (i) extend the deadline for the Town to respond to the Avoidance Action, (ii) allow the Trustee to market the Property for sale by the Trustee to determine whether the Trustee would be able to identify a purchaser willing to purchase the Property in an amount deemed sufficient by the Trustee, and (iii) determine if the Parties would be able to enter an agreement resolving all disputes;

WHEREAS, throughout the Spring of 2025, the Trustee marketed the Property and solicited offers to purchase the Property;

WHEREAS, Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation ("BSAPSS") submitted an offer to purchase the Property for a purchase price of $5,111,111.11, which the Trustee has determined is the highest and best offer of all offers submitted;

WHEREAS, contemporaneously herewith, BSAPSS and the Trustee have entered into a Purchase and Sale Agreement (the "PSA") pursuant to which, subject to Bankruptcy Court approval, the Trustee will sell the Property to BSAPSS;

WHEREAS, the Parties have agreed to resolve the multiple disputes among and between them concerning the Property, including the resolution of all disputes between SPE and the Town;

WHEREAS, this Agreement is subject to and contingent upon (i) entry of an order by the Bankruptcy Court approving this Agreement and authorizing its provisions (the "Approval Order"), (ii) entry of an order by the Bankruptcy Court approving and authorizing the sale of the Property to BSAPSS pursuant to the PSA, and (iii) the Trustee and BSAPSS closing on the sale of the Property pursuant to the PSA (the "Sale");

NOW, THEREFORE, in consideration of the promises and covenants set forth below, and for other good and valuable consideration as set forth in this Agreement, the Parties agree as follows:

1.    Motion to Approve Settlement Agreement: Within five (5) days after execution of this Agreement by the last Party to execute this Agreement, the Trustee will file a motion to approve the settlement pursuant to Fed. R. Bankr. P. 9019 (the "Motion to Approve Settlement"). The Motion to Approve Settlement shall expressly seek a final order from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(l) as this Agreement seeks to dispose of all claims and disputes

3

between SPE and the Town concerning the Property. Assuming the Motion to Approve Settlement is consistent with the terms of this Agreement, none of the Parties shall object to the Motion to Approve Settlement in any way. Notwithstanding the foregoing, however, the Trustee shall be entitled to act in any manner which he deems appropriate to satisfy his obligations as a fiduciary of the Bankruptcy Estate and the Trustee agrees to provide written notice in advance to the Parties regarding any such action to the extent not contemplated by this Agreement. Further, in connection with the Motion to Approve Settlement, the Trustee agrees to seek no relief that contradicts, contravenes, or differs from the express terms of this Agreement.

2.      Motion to Sell Property to BSAPSS:  Within five (5) days after execution of this Agreement by the last Party to execute this Agreement, the Trustee will file a motion to approve and authorize the Sale in accordance with the PSA (the "Sale Motion"). Subject to section 5 of this Agreement, the Sale Motion will seek authority to sell the Property to BSAPSS free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(f), except that the Property will be sold subject to (i) a permanent trail easement on the Property in the form attached hereto as Exhibit A; and (ii) the Reciprocal Covenants, as modified by section 4 of this Agreement. No counter-offers for the Property will be solicited.

3.      Settlement Agreement Contingent on Approval of Sale Motion and Sale Closing: This Settlement Agreement is conditioned upon Bankruptcy Court approval of the Sale Motion and, further, on the sale of the Property to BSAPSS on the terms set forth in the PSA. The Trustee will request that the Bankruptcy Court hear and consider the Motion to Approve Settlement and the Sale Motion contemporaneously. The Trustee shall be authorized to close the Sale on or after the later of (a) the expiration of the 14-day appeal period of the entry of an order allowing the Motion to Approve Settlement (the "Approval Order"), (b) compliance with all of the provisions of this Agreement, and (c) the expiration of the 14-day appeal period of the entry of an order allowing the Sale Motion (the "Sale Order").

4.      MobileStreet Consent to Amend Reciprocal Covenants: In consideration of (a) payment of the $200,000 pursuant to Section 6 of this agreement (the "Use Modification Payment") and (b) BSAPSS's agreement to fully and timely comply with its obligations as Property owner subject to the Reciprocal Covenants, MobileStreet shall execute an amendment to the Reciprocal Covenants which will allow for use of the Property as a "house of worship" which use is not currently an allowable use. MobileStreet agrees to execute any reasonable documentation (in recordable form to be recorded at sale closing) which BSAPSS may reasonably request to document the amendment to the Reciprocal Covenants to allow the use of the Property as a "house of worship" including, without limitation, engaging in daily worship, providing youth activities, hosting dining activities with a commercial kitchen, maintaining priest/caretaker residences, hosting assemblies and events, and having office and classroom space on the first and second floor of the Property.

BSAPSS understands and agrees that certain necessary maintenance obligations arising under the Reciprocal Covenants prior to the Sale Closing have been deferred and must be completed (the "Deferred Maintenance"). Notwithstanding the provisions of §3.1 of the Reciprocal Covenants, MobileStreet, as "operator" (directly and/or through its Managing Agent) agrees to work in good faith with BSAPSS to determine the actual scope of Deferred

4

FINAL

Maintenance, obtaining competitive pricing and establishing reasonable timelines for commencing and completing the Deferred Maintenance.

5. <u>Vacating Town Foreclosure Judgment</u>: With respect to the Foreclosure Judgment, the Trustee and the Town agree that:

a. Within three (3) days of the expiration of the 14-day appeal period of the entry of the Approval Order, the Town and Trustee shall execute and file in the Tax Foreclosure Action a stipulation that (i) the Town conditionally vacates the Foreclosure Judgment solely for the purposes of permitting the Trustee to sell the Property to BSAPSS, (ii) the Trustee conditionally withdraws the Motion to Vacate for the same purpose, and (iii) is contingent upon the Bankruptcy court's entry of the Sale Order.

b. Upon expiration of the 14-day appeal period of the entry of the Approval Order, the Town shall prepare, execute, and deliver to the Trustee, any additional duly authorized documentation satisfactory to BSAPSS and its title insurer, which said title insurer deems necessary to reflect vacatur of the Foreclosure Judgment as a matter of record title, which documentation the Trustee will hold in escrow pending closing the sale to BSAPSS;

c. The Trustee shall be authorized to record any additional documents necessary to reflect vacatur of the Foreclosure Judgment contemporaneous with (i) closing the Sale of the Property to BSAPSS and (ii) distributing to the Town the portion of the proceeds of the sale to be paid to the Town pursuant to section 6(a) of this Agreement.

d. If, for any reason, the sale of the Property to BSAPSS does not take place, the Foreclosure Judgment in the Tax Foreclosure Action shall not be vacated pursuant to this Agreement and the Trustee shall return to the Town the documents referenced in section 5(b) above.

e. In the event that a stay of the Bankruptcy Court's entry of the Approval Order or Sale Order is entered, the time periods set forth in this section 5 shall be paused while the stay is in place.

6. <u>Distribution of Sale Proceeds</u>: The Trustee shall obtain an Order approving the Sale Motion which shall authorize the Trustee to distribute the proceeds from the Sale as follows:

a. <u>Town of Westborough</u>: The Town shall be entitled to be paid $1,640,000.00 (the "Town Payment") from the sale proceeds, which amount the Town and the Trustee stipulate and agree is the amount due and owing to the Town (including legal fees) as a result of the tax lien and tax taking process based on the Trustee's review of materials the Town has provided to the Trustee. The Town Payment shall be paid contemporaneous with the Sale closing, provided that the Town shall be paid before any other creditors of SPE. Upon payment of the Town Payment, the Town shall have no further claim against SPE or the Bankruptcy Estate.

5

A-433

FINAL

b.      MobileStreet: From the sale proceeds, MobileStreet shall be entitled to receive the following (i) payment of $200,000 (i.e., the Use Modification Payment previously defined) in return for amending the Reciprocal Covenants to allow for use of the Property as a "house of worship" and (ii) payment of $556,763 (the "MobileStreet Maintenance Payment"), which amount the Trustee and MobileStreet (inclusive of all legal fees) stipulate and agree is the amount due and owing to MobileStreet on account of all obligations owing under the Reciprocal Covenants through and including December 31, 2025. The Use Modification Payment and the MobileStreet Maintenance Payment are referred to together herein as the "Total MobileStreet Payment." The Trustee shall pay the Total MobileStreet Payment by check payable to the Law Office of Lenard B. Zide, Esq., 420 Boylston Street, 4th Floor, Boston MA 02116, within ten (10) days after the Sale closing. MobileStreet agrees that any and all expenses or obligations MobileStreet has incurred and expects to incur under the Reciprocal Covenants through and including December 31, 2025 are fully quantified and set forth in this paragraph. To the extent that MobileStreet has additional claims under the Reciprocal Covenants, for the period of January 1, 2026 through the Sale closing date, MobileStreet shall be entitled to file a request for payment of administrative expense and the Trustee reserves all rights regarding any such request. Upon payment of the Total MobileStreet Payment, MobileStreet shall have no further claim against the Town or, subject to the provisions of this paragraph, SPE, or the Bankruptcy Estate.

c.      Ferris: Ferris shall be entitled to receive payment of $100,000 ("Ferris Payment") from the sale proceeds, which amount the Trustee and Ferris stipulate and agree represents a reasonable settlement of any and all claims that Ferris may have against the Town, the Estate and other Parties to this Agreement. The Trustee shall pay the Ferris Payment by check payable to Ferris Development Group, 118 Turnpike Rd., Suite 300, Southborough, MA, 01772, within ten (10) days after the Sale closing. The Ferris Payment shall be in addition to, and not in lieu of, Ferris's $10,000 proof of claim filed in the Bankruptcy Proceeding, which shall be deemed allowed upon approval of this Agreement and paid from the Bankruptcy Estate in due course. Upon payment of the Ferris Payment Ferris shall have no further claim against the Town, SPE, or the Bankruptcy Estate, with the exception of Ferris's proof of claim against only the Estate.

d.      Lax: Lax shall be entitled to receive payment of $100,000 ("Lax Payment") from the sale proceeds, which amount the Trustee and Lax stipulate and agree represents a reasonable settlement of any and all claims that Lax may have against the Town, the Estate and other Parties to this Agreement. The Trustee shall pay the Lax Payment by check payable to Lax Media LLC and shall deliver same c/o Christopher Mulhern, Esq., Law Office of Christopher M. Mulhern, Inc., 100 Centerville Road, Suite 1, Warwick, Rhode Island, 02886, within ten (10) days after the Sale closing. Upon payment of the Lax Payment, Lax shall have no further claim against the Town, SPE, or the Bankruptcy Estate.

6

A-434

7. <u>Non-Disparagement Provisions</u>: Ferris and its principals agree not to make any disparaging statements regarding the Town, or any elected or appointed official or any employee thereof, concerning the solicitation and evaluation of proposals submitted in response to the RFP, sale of the Property pursuant to the PSA, this Agreement, or any proceedings relative any of the foregoing. The Town and its elected or appointed officials or employees agree not to make any disparaging statements regarding Ferris, its officers, directors, or employees concerning the solicitation and evaluation of proposals submitted in response to the RFP, sale of the Property pursuant to this Agreement, the PSA, or any proceedings relative to any of the forgoing.

8. <u>Intentionally Deleted</u>.

9. <u>Dismissal of Litigation</u>: Upon the later of (i) ten (10) days after the Sale has closed or (ii) receipt of the respective disbursements provided for in Section 6 above following the Sale closing, the Parties shall take the following actions regarding pending litigation:

      a.     <u>Federal Action</u>: The Trustee will execute and file a voluntary notice of dismissal with prejudice in the form attached hereto as <u>Exhibit B</u> in Federal Action;

      b.     <u>Tax Foreclosure Action</u>: The Town will execute and file a voluntary notice of dismissal with prejudice in Tax Foreclosure Action;

      c.     <u>30B Action</u>: Ferris, the Town, and Lax will execute and file the voluntary stipulation of dismissal with prejudice in the form attached hereto as <u>Exhibit C</u> in the 30B Action; and

      d.     <u>Avoidance Action</u>: The Trustee and Town will execute and file the voluntary stipulation of dismissal with prejudice in the form attached hereto as <u>Exhibit D</u> in the Avoidance Action; and

10. <u>Resolution of Town's Motions</u>: Within ten (10) days after the closing of the Sale and the payment of the Town Payment, the Town shall file notice of withdrawal of the Town's Motions in the Bankruptcy Court.

11. <u>Mutual Release</u>: The Trustee on behalf of SPE, the Town, MobileStreet, LAX, and Ferris, their members, managers, officers, directors, shareholders, partners, principals, agents, servants, employees, representatives, attorneys, affiliates, subsidiaries, predecessors, successors, insurers, sureties, heirs and assigns, executors and administrators, past and present (the "Releasors"), hereby each release and forever discharge each other, their respective officers, directors, shareholders, partners, principals, agents, servants, employees, representatives, attorneys, successors, assigns and affiliates, subsidiaries, predecessors, successors, insurers, sureties, heirs and assigns, executors and administrators, past and present and each of them (the "Releasees"), of and from any and all claims, actions, causes of action, debts, demands, costs, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, and expenses (including attorneys' fees and costs actually incurred), whatsoever, of every name and nature, both in law and equity or otherwise, known or unknown, arising out of or related to the Property, at any time through the Effective Date of this Agreement, which the Releasors, or any one or more of them, had or now have, from the beginning of the world to the

7

Effective Date, specifically including, without limitation, all claims that could have been raised in the Tax Foreclosure Action, the 30B Action, the Federal Action, the Avoidance Action, or the Bankruptcy Case, except as set forth herein with respect to any request for payment of administrative claim which MobileStreet may file in the Bankruptcy Case. The Trustee reserves all rights regarding any proof of claim or request for payment of administrative claim which MobileStreet may file.

12.     Zoning and Permitting: Nothing in this Agreement shall be construed as a waiver of any zoning, permitting, or other requirements concerning the Property under the Town's Bylaws or other applicable law. BSAPSS shall be required to satisfy any zoning, permitting, or other legal requirements necessitated by a particular use of the Property.  Notwithstanding the foregoing, the Town acknowledges BSAPSS's intended use of the Property as a house of worship is an allowed use as a matter of right under G.L. c. 40A, § 3 and the Town will not object to such use under Section 5.1 of the Town's Zoning Bylaws.  The Town will reasonably cooperate with BSAPSS in BSAPSS's timely receipt of any and all redevelopment permits and approvals that may be required for BSAPSS's intended renovations of the Property.

13.     No Admission: This Agreement shall not constitute or be construed or deemed to be evidence of any admission or concession of liability by any of the Parties.

14.     Entire Agreement: This Agreement contains the entire agreement among the Parties with regard to the matters set forth herein. There are no other understandings or agreements, verbal or otherwise, in relation thereto, among the Parties except as expressly set forth herein. This Agreement may not be changed, modified, supplemented, or terminated except by a written agreement executed by the Parties.

15.     Representation by Counsel: By entering into this Agreement, the Parties represent that they have completely read all terms hereof, that they have been represented by counsel of their choice, and that such terms are fully understood and voluntarily accepted by them.

16.     Governing Law: This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

17.     Jurisdiction: The Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, this Agreement, including but not limited to any claims that this Agreement has been breached by one of the Parties.

18.     Miscellaneous: The Parties agree to cooperate fully and to execute any and all necessary supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the intent of this Agreement, which are not inconsistent with its terms. This Agreement has been negotiated by the Parties and shall be construed as drafted by all Parties.

8

FINAL

19.    Execution: This Agreement may be executed by facsimile or .pdf in one or more counterparts, each of which shall be deemed an original.

[Signatures on following page]

9

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH<br>By Its Select Board: |
|---|---|
| By: Jonathan Goldsmith, Chapter 7 Trustee<br>*Trustee*<br><br>Dated: 11/3/2025 | _____<br>Ian Johnson, Chair<br><br>_____<br>Sean Keogh<br><br>_____<br>Patrick Welch<br><br>_____<br>Mark Silverberg<br><br>_____<br>Shelby Marshall<br><br>Dated: |
| FERRIS DEVELOPMENT GROUP, LLC<br><br>_____<br>By: David M. Ferris, its Manager<br><br>Dated: | LAX MEDIA LLC<br><br>_____<br>By: Jegan Gomangalam, Manager<br><br>Dated: |

10

FINAL

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH |
|---|---|
| | By Its Select Board: |
| By: Jonathan Goldsmith, Chapter 7 Trustee | Ian Johnson, Chair |
| Dated: | Sean Keogh |
| | Patrick Welch |
| | Mark Silverberg |
| | Shelby Marshall |
| | Dated: |
| | 10/31/2025 |
| FERRIS DEVELOPMENT GROUP, LLC | LAX MEDIA LLC |
| By: David M. Ferris, its Manager | By: Jegan Gomangalam, Manager |
| Dated: | Dated: |

10

A-439

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH<br>By Its Select Board: |
|---|---|
| _____<br>By:  Jonathan Goldsmith, Chapter 7 Trustee<br><br>Dated: | _____<br>Ian Johnson, Chair<br><br><br>_____<br>Sean Keogh<br><br><br>_____<br>Patrick Welch<br><br><br>_____<br>Mark Silverberg<br><br><br>_____<br>Shelby Marshall<br><br>Dated: |
| FERRIS DEVELOPMENT GROUP, LLC<br><br>_____<br>By:  David M. Ferris, its Manager<br><br>Dated:   October 20, 2025 | LAX MEDIA LLC<br><br><br>_____<br>By:  Jegan Gomangalam, Manager<br><br>Dated: |

10

FINAL

IN WITNESS WHEREOF, the parties below have hereunto set their hands and seals, the dates below written.

| WESTBOROUGH SPE, LLC | TOWN OF WESTBOROUGH<br>By Its Select Board: |
|---|---|
| By: Jonathan Goldsmith, Chapter 7 Trustee<br><br>Dated: | Ian Johnson, Chair<br><br><br>Sean Keogh<br><br><br>Patrick Welch<br><br><br>Mark Silverberg<br><br><br>Shelby Marshall<br><br>Dated: |
| FERRIS DEVELOPMENT GROUP, LLC<br><br><br>By: David M. Ferris, its Manager<br><br>Dated: | LAX MEDIA LLC<br><br><br>By: Jegan Gomangalam, Manager<br><br>Dated: 10/21/2025 |

10

A-441

FINAL

| | |
|---|---|
| LAX MEDIA MA LLC<br><br><br>By: Jegan Gomangalam, Manager<br><br>Dated:    10/21/2025 | |
| THE MOBILESTREET TRUST<br>By its Trustees:<br><br><br><br>Durgaprasad Nagalla<br><br><br><br>Venkatesh Mohanraj<br><br>Dated: | |

| FERRIS DEVELOPMENT GROUP, LLC | LAX MEDIA LLC |
|---|---|
| By:  David M. Ferris, its Manager | By:  Jegan Gomangalam, Manager |
| Dated: | Dated: |
| LAX MEDIA MA LLC | |
| By: Jegan Gomangalam, Manager | |
| Dated: | |
| THE MOBILESTREET TRUST<br>By its Trustees:<br><br>Durgaprasad Nagalla<br><br>Venkatesh Mohanraj<br>Dated:    10/ 20/ 2025 | |

12

FINAL

# EXHIBIT A

# PERMANENT TRAIL EASEMENT

12

EASEMENT DEED

**Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast**, a Texas corporation with a mailing address of P.O. Box 519, Windsor, New Jersey 08561 ("Grantor"), hereby grants to **Westborough Community Land Trust, Inc.**, a Massachusetts not-for-profit corporation organized under M.G.L. c. 180, and having a mailing address of P.O. Box 838, Westborough, MA 01581 ("Grantee" or "WCLT"), with Quitclaim Covenants, for nominal consideration of One Dollar, a non-exclusive perpetual right and easement ("Trail Easement") to use, and to allow the public to enter and use, trails for public passage in, on, under and over a certain portion or portions of the property owned by the Grantor and located 231 Turnpike Road, Westborough, shown as Lot 1 on a plan recorded with the Worcester South District Registry of Deeds in Book 714, Page 77, containing 29 acres, more or less, according to said plan, and described in a deed recorded with said Deeds in Book _____, Page _____ (the "Property"):

1. Grantee and its agents, contractors , and licensees shall have the right to clear, maintain, inspect, improve, repair, mark and use trails in, under, over, and across those portions of the Property shown as "Easement A", "Easement B", and "Easement C" (collectively, the "Trail Easement Area") as well as the right to make use of the parking area, referred to as the "Parking Easement" within the Easement B area, as shown on a plan entitled "_____", prepared by _____, dated _____, 2025, recorded with said Registry herewith (the "Easement Plan"), a reduced copy of which Easement Plan is attached hereto as Exhibit A and incorporated herein, which trails may be up to twenty (20) feet widen said Parking Easement to include a minimum of five parking spaces as shown on Exhibit A, which may be increased by agreement between the Grantor and the Grantee. In addition, Grantee, its agents, contractors, and licensees shall have the further right to access Easements A, B, and C from a public way for the purposes authorized by this Easement Deed.

2. Grantee shall have the nonexclusive right to permit the public to pass and repass over said Trail Easement Area for passive recreational purposes, including, without limitation, bicycling, walking, jogging, dog walking, cross-country skiing, snowshoeing, scenic enjoyment, and other outdoor passive recreational activities, subject to the following prohibitions:

 (i) Access by motorized vehicles, including, without limitation, snowmobiles, dirt bikes, motorcycles and all-terrain vehicles, shall be prohibited; with the following exceptions:

 (a) vehicles required by Grantee and/or heavy equipment to construct, improve relocate, maintain, repair, replace and patrol the Trail Easement Area;

 (b) motorized wheelchairs and like vehicles or motorized devices for use by the disabled, including but not limited to those "Other Power-Driven Mobility Devices" (OPDMD) as defined by the US Access Board and complying with

1

A-445

WCLT's guidance for these trails; and

(c) emergency vehicles on emergency calls or business;

(ii)    Littering, picking or injuring plants or trees, injuring or harassing livestock or wildlife, building of fires, hunting and trapping shall be prohibited.

3.      It is expressly acknowledged by, and is the express intention of, all parties hereto that the aforesaid recreational and other use(s) of the Trail Easement Area by the public shall be subject to and benefit from the protections guaranteed by G.L. c. 21, § 17C, commonly known as the Recreational Use Statute.

4.      Grantee shall have the right, but not the obligation, from time to time, to cover or pave the trail surfaces by concrete, asphalt, wood chips, gravel, stone dust, or the like, at Grantee's sole cost and expense. Grantee shall obtain and bear any costs associated with obtaining permits required carry out future trail or trail-related improvements.  Grantee, after notice to the Grantor, may also construct, maintain, repair and replace minor structures within the Trail Easement Area, such as benches, signage, boardwalks, screening, and other similar improvements, for the safety and/or convenience of persons using the trails.

5.      Grantee shall have no right to assign this Trail Easement without prior written consent of a majority of the Grantors, provided, however, that no such consent shall be required for Grantee to assign this Trail Easement to the Town of Westborough.

6.      The Grantee shall ensure that all contractors and/or subcontractors undertaking action on its behalf to construct or repair the trail and/or other improvements the Trail Easement Area have liability coverage to protect all Grantors and naming the Grantors as additional insureds, with the following coverages: (a) general liability insurance with a limit of liability of at least One Million Dollars ($1,000,000.00) per person and Two Million Dollars ($2,000,000.00) annual aggregate for property damage and at least One Million Dollars ($1,000,000.00) per occurrence for personal injury or property damage, (b) Automobile Liability Insurance for owned, hired and non-owned automobiles with limits of liability not less than One Million Dollars ($1000,000.00) combined single limit for each accident for bodily injury and property damage; and (c) Worker's compensation insurance as required by applicable law.

7.      Grantee shall post the trails with notices stating the rules and regulations governing its use by the public, and stating further that the property over which it passes is private and that, in permitting its use by the public, the liability of the landowner is limited by Massachusetts General Laws Chapter 21, Section 17C, as amended.

8.      During such times as Grantee invites public use of the trails, Grantee shall use reasonable efforts to maintain the trails in neat, clean and safe condition, free and clear of debris and litter.  Grantee shall have the right and obligation to clear, prune, and remove vegetation, including trees and shrubs, remove fallen limbs or branches and mow vegetated areas in the Trail Easement Area, provided such cleared areas remain in a condition compatible with the natural surroundings, take measures to discourage littering and other acts that would encroach upon the natural features of the trail corridors or diminish its attractiveness, take steps to educate users in

2
A-446

trail etiquette, and include guidelines for users in maps and other trail publications, all at Grantee's sole cost and expense.

9.      At no time shall the public use of the trails unreasonably interfere with the rights of Grantor or the Grantor's respective successors or assigns to use the Property.  Grantee shall use reasonable efforts to prevent the public from utilizing Grantor's Property other than the Parking Easement for parking for purposes of the public accessing the Trail Easement.  In the event that such interference occurs, Grantor and Grantee shall meet to consider Grantor's concerns and use reasonable good faith efforts to address such concerns, the extent of such efforts to be subject to appropriation and authorization, but only if and as applicable.

10.      The Grantors and Grantee retain the right over time to jointly agree to relocate the Trail Easement as necessary or convenient to preserve the accessibility of the trail or its contiguity with other trails on Grantee's Land, or for any other reason, provided such relocation is duly effected by an instrument executed by the Grantors and Grantee, the instrument is duly recorded at the Registry of Deeds, and the trails and all other improvements made by Grantee to the Trail Easement Area is reconstructed at the sole cost of the party requesting the relocation.

11.      In the event Grantee damages the Property outside of the Trail Easement Area and/or any improvements thereon, Grantee shall promptly restore the Property and/or the improvements to a condition substantially similar to the condition that existed immediately prior to the commencement of such damage, to the extent practicable.

12.      The provisions of this easement, which is executed under seal, shall be binding upon and may be enforced against both the Grantors and Grantee and their respective successors and assigns.

13.      Grantor shall have no responsibility to provide any maintenance, but Grantor shall repair any damage caused by the negligence or intentional misconduct of the Grantor and/or Grantor's agents, employees, contractors and/or invitees to the Trail Easement Area and/or the improvements thereon.  Grantor agrees that neither Grantor nor Grantor's agents, employees, representatives and parties acting by or through the Grantor will unreasonably interfere with the access rights granted to Grantee hereunder.

14.      Any consent to be granted by the Grantor hereunder shall not be unreasonably conditioned, delayed or withheld, and if Grantors do not respond to requests for consent made in writing by Grantee within thirty (30) days from the submission of such request or any additional information required by the Grantee, the requested work shall be deemed approved, subject to all other provisions hereof.

15.      The Trail Easement hereby granted shall be in gross and is not for the benefit of or appurtenant to any particular land.  The Grantee's interest in the Trail Easement shall be assignable to any governmental or any non-profit, non-governmental organization whose purposes include conservation of natural areas.  The burden of this Trail Easement shall run with the land and shall be binding upon all future owners of any interest herein.

[signature page follows]

3

Witness my hand and seal this ___ day of _____, 202__.

**GRANTOR:**

_____

By: _____

Name:

Title:

    not individually and without personal liability

<div align="center">COMMONWEALTH OF MASSACHUSETTS</div>

Worcester, ss.

On this _____ day of _____, 202__, before me, the undersigned notary public, personally appeared _____, proved to me through satisfactory evidence of identification of satisfactory evidence of identification, which was ☐ photographic identification with signature issued by a federal or state governmental agency, ☐ oath or affirmation of a credible witness, ☐ personal knowledge of the undersigned, to be the persons whose name is signed on the preceding or attached document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose as _____.

_____

Notary Public

My commission expires:

<div align="center">4

A-448</div>

**EXHIBIT B**

**NOTICE OF VOLUNTARY DISMISSAL**

<u>Westborough SPE LLC</u> v. <u>Town of Westborough, et al.</u>,
U.S. District Court (D. Mass.) Case No. 4:23-cv-12017

A-449

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                              CASE NO. 4:23-cv-12017-MRG

| | |
|---|---|
| WESTBOROUGH SPE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TOWN OF WESTBOROUGH, et al.<br><br>        Defendants. | NOTICE OF VOLUNTARY<br>DISMISSAL |

NOW COMES Plaintiff Westborough SPE, LLC and hereby provides notice pursuant to

Fed. R. Civ. P. 41(a)(1)(A)(i) that this action and all claims asserted therein are VOLUNTARILY

DISMISSED with prejudice.  All parties are to bear their own costs and waive any rights of appeal.

Respectfully submitted,

PLAINTIFF WESTBOROUGH SPE, LLC

By its Chapter 7 Trustee (Case No. 23-40709)

_____

Jonathan R. Goldsmith, Esq. (BBO# 548285)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103
Tel. (413) 747-0700

Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to

the registered participants as identified on the NEF (NEF) and paper copies will be sent to those

indicated as non registered participants on _____, 202__.

_____

Jonathan R. Goldsmith, Esq.

EXHIBIT C

STIPULATION OF VOLUNTARY DISMISSAL

**Ferris Development Group, LLC v. Town of Westborough, et al.,**
**Mass. Superior Court Case No. 2285CV01281**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                 CASE NO. 2285CV01281

---

FERRIS DEVELOPMENT GROUP, LLC,

    Plaintiff,

v.                                               STIPULATION OF VOLUNTARY
                                                 DISMISSAL

TOWN OF WESTBOROUGH, LAX MEDIA,
LLC and LAX MEDIA MA, LLC.

    Defendants.

---

NOW COME Plaintiff Ferris Development Group, LLC and Defendants Town of Westborough, Lax Media, LLC, and Lax Media MA, LLC and pursuant to Mass. R. Civ. P. 41(a)(1), hereby STIPULATE that this action and all claims asserted therein are VOLUNTARILY DISMISSED with prejudice.  All parties are to bear their own costs and waive any rights of appeal.

Respectfully submitted,

| PLAINTIFF | DEFENDANT |
| --- | --- |

| FERRIS DEVELOPMENT GROUP, LLC | TOWN OF WESTBOROUGH |
| --- | --- |

| By its attorney, | By its attorneys, |
| --- | --- |

_____

Thomas A. Mullen (BBO# 360315)
Thomas A. Mullen, P.C.
40 Salem Street, Suite 12
Lynnfield, MA 01940
(781) 245-2284
tmullen@thomasamullenpc.com

_____

Thomas W. McEnaney (BBO# 629130)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
  Town Counsel
101 Arch Street
12th Floor
Boston, MA  02110-1109
(617) 556-0007
tmcenaney@k-plaw.com
rsmerage@k-plaw.com

DEFENDANTS

LAX MEDIA, LLC and LAX MEDIA MA, LLC

By their attorney,

_____

Christopher M. Mulhearn (BBO# 628626)
Law Office of Christopher M. Mulhearn, Inc.
100 Centerville Road, Suite 1
Warwick, RI 02886
Tel.: (401) 533-9330
cmulhearn@mulhearnlawri.com

Dated: _____, 202__

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Stipulation of Voluntary Dismissal to be served by electronic mail to the following counsel of record:

Thomas A. Mullen, Esq.
40 Salem Street
Building 2, Suite 12
Lynnfield, MA 01940
tmullen@thomasamullenpc.com
*Counsel for Plaintiff Ferris Development Group, LLC*

Christopher M. Mulhearn, Esq.
1300 Division Road, Suite 304
West Warwick, RI 02893
cmulhearn@mulhearnlawri.com
*Counsel for Defendants Lax Media, LLC and Lax Media MA, LLC*

Dated: _____, 202__

_____
Roger L. Smerage

A-454

A-455

# EXHIBIT D

## STIPULATION OF VOLUNTARY DISMISSAL

**<u>Jonathan R. Goldsmith, Chapter 7 Trustee of Westborough SPE LLC</u> v. <u>Town of Westborough</u>,**
**U.S. Bankr. Ct. D. Mass. Case No. 25-AP-04003**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Adversary Proceeding 25-04003
Case No. 23-40709-CJP (Chapter 7)

In re:

WESTBOROUGH SPE LLC

JONATHAN R. GOLDSMITH, CHAPTER 7
TRUSTEE OF WESTBOROUGH SPE LLC,

    Plaintiff,

v.

TOWN OF WESTBOROUGH,

    Defendant.

STIPULATION OF VOLUNTARY
DISMISSAL WITH PREJUDICE

NOW COME Plaintiff Jonathan R. Goldsmith, Chapter 7 Trustee (the "Trustee") of Debtor Westborough SPE LLC ("Debtor"), and Defendant Town of Westborough (the "Town," and together with the Trustee, the "Parties"), and pursuant to Mass. R. Civ. P. 41(a)(1), hereby STIPULATE that this action and all claims asserted therein are VOLUNTARILY DISMISSED with prejudice.  All parties are to bear their own costs and waive any rights of appeal.

A-456

Respectfully submitted,

| PLAINTIFF | DEFENDANT |
|---|---|
| JONATHAN R. GOLDSMITH, CHAPTER 7 TRUSTEE OF WESTBOROUGH SPE LLC | TOWN OF WESTBOROUGH |
| By his attorneys, | By its attorneys, |

<table>
<tr><td></td><td></td></tr>
</table>

Christine E. Devine, BBO# 566990
Angelina M. Savoia, BBO# 715690
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:   508-533-7240
Email:   christine@nicholsondevine.com

Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: _____, 202__

A-457

<u>CERTIFICATE OF SERVICE</u>

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing

document to be served through the Court's CM/ECF system to the following counsel of record or

by U.S. mail to the following unregistered parties:

| | | |
|---|---|---|
| Stephen F. Gordon<br>The Gordon Law Firm LLP<br>River Place<br>57 River Street<br>Wellesley, MA 02481<br>sgordon@gordonfirm.com<br>*Attorney for Petitioning Creditors* | Jonathan R. Goldsmith<br>Goldsmith, Katz & Argenio<br>P.C.<br>1350 Main Street, 15th Floor<br>Springfield, MA 01103<br>trusteedocs1@gkalawfirm.com<br>*Attorney for Chapter 7 Trustee* | Christine E. Devine<br>Nicholson Devine LLC<br>PO Box 7<br>Medway, MA 02505<br>christine@nicholsondevine.com<br>*Attorney for Chapter 7 Trustee* |
| Lolonyon Akouete<br>800 Red Milles Rd.<br>Wallkill, NY 12589<br>info@smartinvestorsllc.com<br>*Creditor* | Lenard Benson Zide<br>Butters Brazilian LLP<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com<br>*Attorney for Creditor The MobileStreet Trust* | Paul W. Carey<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA  01608-1477<br>pcarey@mirickoconnell.com<br>*Attorney for Creditor Ferris Development Group, LLC* |
| Denise Edwards<br>137 North 25th Street<br>Wyandanch, NY 11798<br>deniseedwards818@yahoo.com<br>*Creditor* | Jonathan La Liberte<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com<br>*Attorney for Creditor Sherin and Lodgen LLP* | Darin Clagg<br>24 Kobbs Korner Rd.<br>Pine Bush, NY 12566<br>Creditor (by U.S. Mail) |

Dated: _____, 202__

_____
Roger L. Smerage

A-458

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**WESTBOROUGH SPE LLC,**

Debtor.

**Chapter 7**
**Case No. 23-40709-CJP**

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF 231 TURNPIKE ROAD,
WESTBOROUGH, MASSACHUSETTS FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS; (II) APPROVING PURCHASE AND SALE
AGREEMENT; (III) AUTHORIZING DISBURSEMENTS OF SALE PROCEEDS
PURSUANT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE;
AND (IV) GRANTING RELATED RELIEF**

This matter having come before this Court upon the *Trustee's Motion for Entry of Order
Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free
and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "**Motion**")
[Dkt. No. 968] filed by Jonathan R. Goldsmith, the Chapter 7 Trustee (the "**Trustee**") of the
bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") as supplemented
by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale
of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "**Sale and Settlement
Motion Supplement**" [Dkt. No. 978], together with the Motion, the "**Sale Motion**"), seeking
entry of an order (the "**Sale Order**") pursuant to sections 105(a) and 363 of title 11 of the
United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 9007, and 9014 of the
Federal Rules of Bankruptcy Procedure (as amended from time to time, the "**Bankruptcy
Rules**") and Rule 6004-1 of the Massachusetts Local Bankruptcy Rules (the "**Local Rules**" or
"**MLBR**") authorizing the Trustee to (i) sell the Estate's right, title, and interest in the real
property at 231 Turnpike Road, Westborough, Massachusetts (the "**Property**") to Bochasanwasi

1

A-460

Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its

nominee (the "**Buyer**") for the sum of Five Million One Hundred Eleven Thousand One

Hundred Eleven and 11/100 Dollars ($5,111,111.11) (the "**Purchase Price**") pursuant to the

Purchase and Sale Agreement dated November 3, 2025 and attached as Exhibit A to the Sale

Motion (the "**PSA**"), free and clear of all liens, claims, encumbrances, and interests, with such

liens, claims, encumbrances, and interests to attach to the net proceeds of the sale as set forth in

the Sale Motion (the "**Sale**"), (ii) distribute a portion of the proceeds of the Sale pursuant to the

*Settlement Agreement and Mutual Release* [Dkt. No. 966] (the "**Settlement Agreement**")

approved by separate order of this Court of even date herewith upon this Court's allowance of

the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement*

*and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967], as supplemented by the

Sale and Settlement Motion Supplement (together, the "**Settlement Motion**"); and (iii) related

relief; and the Court having entered the *Proceeding Memorandum and Order* [Dkt. No. 992] (the

"**Sale and Settlement Procedures Order**") approving the combined form of the *Notice of (i)*

*Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All*

*Liens, Claims, Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii)*

*Hearing Date and (i) Proposed Settlement Agreement and Mutual Release, (ii) Deadline for*

*Filing Objections, and (iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**"); and

this Court having conducted contemporaneous hearings on the Sale Motion and the Settlement

Motion on December 17, 2025 (the "**Sale and Settlement Hearings**"), which hearings were

evidentiary hearings; and all parties in interest having been heard, or having had to the

opportunity to be heard at the Sale and Settlement Hearings; and the Court having reviewed and

considered the Sale Motion, the PSA, other evidence in support of the Sale, and the record before

the Court; and the Court having heard, weighed, and considered at the Sale and Settlement Hearings the testimony of the Trustee, the evidentiary proffers made, the statements of counsel, and the statements of interested parties wishing to be heard; and the Court having heard and considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement Agreement and all of the relief requested therein having been provided under the circumstances of the case and as reflected in the certificates of service filed with the Court, and no further notice being necessary; and the Court having determined that the relief sought in the Sale Motion, the Sale, and Trustee's entry into the PSA are in the best interests of the Debtor, the Estate, the creditors of the Debtor and the Estate, and all other parties in interest of the Debtor and the Estate; and the Court having jurisdiction over this matter; and that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and after due deliberation thereon,

IT IS HEREBY FOUND AND DETERMINED THAT:

I. **Jurisdiction, Final Order, Statutory Predicates.**

A. The Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

3

A-462

C.      The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code §§ 105(a) and 363(b), (f), and (m) and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), 9007, 9008 and 9014.

D.      The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

E.      To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such.

F.      Any and all findings of fact and conclusions of law stated orally by the Court on the record at the Sale and Settlement Hearings are hereby incorporated into this Order as findings of fact and conclusions of law, to the extent they are not inconsistent herewith.

G.      The Buyer and Trustee have acted at arm's length and in good faith as contemplated by Bankruptcy Code § 363(m) at all times in negotiating and pursuing a closing of the transactions contemplated by the PSA, including regarding compliance with the Sales and Settlement Procedures Order.

**II.     Notice of the Sale Hearing, Sale Motion, Sale, Settlement Motion, and Settlement Agreement.**

A.      Actual written notice of the Sale Hearing, the Sale Motion, the Sale, the Settlement Motion, and the Settlement Agreement, and a reasonable opportunity to object or be heard with respect to the Sale Motion, the Settlement Motion, and to the relief requested therein, has been afforded to all known interested persons and entities, including but not limited to the following parties (the "**Notice Parties**"): (i) the Office of the United States Trustee for the District of Massachusetts; (ii) the Internal Revenue Service; (iii) the Department of Revenue for

4

A-463

the Commonwealth of Massachusetts, (iv) counsel to the Buyer; (v) all entities known by the

Trustee that may have a lien, claim, encumbrance, or other interest in the Estate (for which

identifying information and addresses are available to the Trustee); (vi) all of the Estate's known

creditors; (vii) any governmental unit known to the Trustee to have a claim in this case; (viii) all

parties that have requested notice in this Chapter 7 case under Rule 2002; (ix) all parties to the

Settlement Agreement; (x) all persons and entities having submitted a bid to purchase the

Property; and (xi) all persons and entities known by the Trustee to potentially have an interest in

any surplus assets of the Estate.

B.      The Trustee provided all interested parties with timely and proper notice of the

Sale Motion, the proposed Sale, the PSA, the Settlement Motion, and the Settlement Agreement

including, without limitation, by providing a copy of the Sale and Settlement Notice to each of

the Notice Parties.

C.      As evidenced by the certificates of service previously filed with the Court [Dkt.

Nos. 990, 1017, and 1018] and the *Trustee's Notice of Publication Regarding Proposed Sale of*

*231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* [Dkt. No.

1015], timely and sufficient notice of the Sale Motion, the Sale, Settlement Motion, and the

Settlement Agreement has been provided under the circumstances of the case in accordance with

Bankruptcy Code §§ 102(1) and 363 and Bankruptcy Rules 2002, 6004, and 9014. The notice

and notices described in this Section II of this Order were good, sufficient, and appropriate under

the circumstances, and no other further notice of the Sale Motion, the Sale, Settlement Motion,

the Settlement Agreement, or of the Sale and Settlement Hearings is or was required.

D. The disclosures made by the Trustee concerning the Sale Motion, the Sale, Settlement Motion, the Settlement Agreement, and the Sale and Settlement Hearings were complete and adequate.

E. By separate order of even date herewith, this Court has granted the Settlement Motion, approving and authorizing the Settlement Agreement (the "**Settlement Approval Order**"). The Settlement Agreement is necessary to accomplish the Sale and the Trustee has demonstrated good and sufficient cause and has exercised reasonable business judgment to enter the Settlement Agreement, including without limitation, with respect to all of the compromises contained within the Settlement Agreement and all of the payments required by the Settlement Agreement.

### III. Good Faith of the Buyer.

A. The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code § 101(31).

B. The Buyer is purchasing the Property in good faith and is a good faith buyer withing the meaning of Bankruptcy Code § 363(m) and is therefore entitled to the full protection of that provision in that, among other things: (i) the Buyer recognized that the Trustee solicited bids for the Property from multiple parties and that Trustee was free to deal with any other party interested in purchasing the Property, (ii) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale pursuant to the PSA have been disclosed; (iii) the Buyer has not violated Bankruptcy Code § 363(n) by any action or inaction; (iv) no common identity of directors or controlling stockholders or other interest holders exists between the Buyer and the Debtor or the Buyer and the Trustee; and

6

A-465

(v) the negotiation and execution of the PSA and any other agreements or instruments related thereto were at arms' length and in good faith.

## IV. Highest and Best Offer.

A. Prior to selecting the Buyer as the purchaser of the Property, the Trustee engaged in a bid solicitation process designed to target interested parties and maximize the value of the Property for the Estate. Based on the bid solicitation process described in the Sale Motion and the evidence at the Sale and Settlement Hearings, the bid solicitation process afforded a full, fair, and reasonable opportunity for any person or entity to make an offer to purchase the Property. The process conducted by the Trustee was conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity was provided to any interested party to object to the Sale based on, without limitation, the desire to submit a higher and better offer for the Property.

B. The consideration to be provided by the Buyer under the PSA constitutes the highest and best offer for the Property and will provide a greater recovery for the estate than would be provided by any other available alternative. The Trustee's determination that the PSA constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Trustee's business judgment consistent with its fiduciary duties.

C. The PSA represents a fair and reasonable offer to purchase the Property under the circumstances of this case. No other person or entity or group of entities has offered to purchase the Property for a greater economic value to the estate than the Buyer.

D. Approval of the Sale Motion and the PSA and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, the Estate, creditors of the Estate, equity holders of the Debtor, and any and all other parties in interest.

7

A-466

E.     The Trustee has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale.

## V.     No Fraudulent Transfer; No Successor Liability.

A.     The PSA was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act).  The consideration provided by the Buyer pursuant to the PSA is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States and any state (including, without limitation, the Uniform Fraudulent Conveyance Act and the Uniform Fraudulent Transfer Act).

B.     By virtue of the consummation of the Sale, (i) the Buyer is not a continuation of the Debtor or its estate, there is no continuity between the Buyer and the Debtor, there is no common identity between the Debtor and the Buyer, there is no continuity of enterprise between the Debtor and the Buyer, and the Buyer is not a mere continuation of the Debtor or of the Estate, (ii) the Buyer is not holding itself out to the public as a continuation of the Debtor or of the Estate, and (iii) the Sale does not amount to a consolidation, merger or de facto consolidation or merger of the Buyer and the Debtor and/or the Estate.  Accordingly, the Buyer is not and shall not be deemed a successor to the Debtor, for any purpose or under any theory, as a result of the consummation of the Sale.

## VI.     Validity of Transfer.

A.     The Trustee and the Buyer each have full power and authority to execute and deliver the PSA and all other documents contemplated thereby, and no further consents or

8

A-467

approvals of this Court are required for the Trustee and the Buyer to consummate the

transactions contemplated by the PSA, except as otherwise set forth in the PSA.

B. Subject only to the Town of Westborough vacating its foreclosure judgment

pursuant to the Settlement Agreement, the Property constitutes property of the Estate and, upon

the Town of Westborough vacating its foreclosure judgment, title to the Property shall be

property of the Estate within the meaning of Bankruptcy Code § 541(a). The transfer of the

Property to the Buyer will be, as of the Closing[1], a legal, valid, and effective transfer of the

Property, and vests or will vest the Buyer with all right, title, and interest of the Estate to the

Property free and clear of all (a) liens (including but not limited to mechanics, artisans, suppliers,

design professionals, laborers, construction, constitutional, statutory or other liens whether

asserted, unasserted, perfected or unperfected), (b) encumbrances, pledges, mortgages, deeds of

trust, security interests, claims, options, rights of first refusal, condemnation, easements,

servitudes, proxies, voting trusts or agreements, or transfer restrictions under any agreement,

(c) claims (including, without limitation, all claims within the meaning of Bankruptcy Code

§§ 101(5) and 102(2)), and (d) liabilities, whether imposed by agreement, law, equity, or

otherwise and whether known or unknown, fixed, or contingent or arising prior to or subsequent

to the commencement of this case (each of the foregoing described in clauses (a), (b), (c), and

(d) collectively or individually, the "**Adverse Interests**"), except to the extent of any exceptions

thereto as specifically set forth in the PSA (the "**Permitted Exceptions**").

## VII. Bankruptcy Code § 363(f) Is Satisfied.

A. The Buyer would not have entered into the PSA and would not consummate the

transactions contemplated thereby if the Sale of the Property to the Buyer were not, except as to

---

[1] As used in this Order, the term "**Closing**" shall have the meaning ascribed thereto in the PSA and the term "**Closing Date**" shall mean the date that the Closing occurs pursuant to the PSA.

9

A-468

the Permitted Exceptions, free and clear of all Adverse Interests of any kind or nature whatsoever

or if the Buyer would, or in the future could, be liable for any of such Adverse Interests.

B.     The Trustee may sell the Property free and clear of all Adverse Interests against

the Debtor, the Estate, or against the Property (except as to any Permitted Exceptions as

specifically set forth in the PSA) because, in each case, one or more of the standards set forth in

Bankruptcy Code § 363(f)(1) through (5) has been satisfied.  Those holders of Adverse Interests

against or in the Debtor, the Estate, or the Property who did not object, or who withdrew their

objections, to the Sale or the Sale Motion are deemed to have consented pursuant to Bankruptcy

Code § 363(f)(2). Those holders of such Adverse Interests who did object fall within one or more

of the other subsections of Bankruptcy Code § 363(f) and are adequately protected by having

their Adverse Interests, if any, in each instance against the Debtor, the Estate, or the Property,

attach to the cash proceeds of the Sale (net of the payments authorized herein), in the same order

of priority, with the same validity, force and effect (if any) that such creditor or interest holder

had prior to the Sale, subject to any claims and defenses the Debtor or the Estate may possess

with respect thereto.

**VIII.   Compelling Circumstances for an Immediate Sale.**

A.     To maximize the value of the Property, it is essential that the Sale occur within

the time constraints set forth in the PSA.  The consummation of the Sale is necessary both to

preserve and maximize the value of the assets of the Estate and the Debtor for the benefit of the

Estate, its creditors, equity or other interest holders, and all other parties in interest, and to

provide the means for the Trustee to maximize creditor recoveries.  Time is of the essence in

consummating the Sale.

B.     The consummation of the transactions is legal, valid, and properly authorized

<div align="center">10</div>

under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### General Provisions

1. The relief requested in the Sale Motion is granted and approved, and the Sale contemplated by the PSA is approved and authorized as set forth in this Order.

2. This Court's findings of fact and conclusions of law set forth herein and as stated by this Court on the record during the Sale and Settlement Hearings conducted on December 17, 2025, are incorporated into this Order by reference.

3. This Court heard and considered the Akouete Objection and hereby overrules the Akouete Objection.

4. Any and all other objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation or agreement filed with the Court, and all reservations of rights included therein, are hereby overruled or the interests of such objections have been otherwise satisfied or adequately provided for.

### Approval of the PSA

5. The PSA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved as set forth herein.

6. Pursuant to Bankruptcy Code § 363(b), the Trustee is authorized and empowered to take any and all actions necessary or appropriate to (i) consummate the Sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the PSA, (ii) close the

11

A-470

Sale as contemplated in the PSA and this Order, (iii) make any and all payments required by the

PSA and required by the Settlement Agreement, and (iv) execute and deliver, perform under,

consummate, implement, and close fully the PSA, together with all additional instruments and

documents that may be reasonably necessary or desirable to implement the PSA and to close the

Sale, including any ancillary documents, as may be reasonably necessary or appropriate to the

performance of the obligations as contemplated by the PSA and such other ancillary documents.

7.      This Order shall be binding in all respects upon the Trustee, the Debtor, the

Estate, all current and former holders of equity interests in the Debtor, all holders of any claim(s)

(whether known or unknown) against the Estate, any holders of Adverse Interests against or on

all or any portion of the Property, the Buyer and all successors and assigns of the Buyer, the

parties to the Settlement Agreement, the Property, and any trustee(s), if any, subsequently

appointed in this case. This Order and the PSA shall inure to the benefit of the Estate, its

creditors, the Buyer, and each of their respective successors and assigns.

8.      By separate order of even date herewith, this Court has entered the Settlement

Approval Order, which order approves the Settlement Agreement and authorizes all

provisions thereof. The Trustee is authorized to give effect to all provisions of the

Settlement Approval Order in connection with the Sale including, without limitation,

making all payments required by the Settlement Agreement and taking all actions required

by the Settlement Agreement.

**Transfer of the Property**

9.      Pursuant to Bankruptcy Code §§ 105(a), 363(b), and 363(f), the Trustee is

authorized to transfer the Property on the Closing Date. The Property shall be transferred to the

A-471

Buyer upon and as of the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of the Property and shall be free and clear of all Adverse Interests, except any Permitted Exceptions under the PSA. Upon the Closing, the Buyer shall take title to and possession of the Property subject only to the Permitted Exceptions. Pursuant to Bankruptcy Code § 363(f), the transfer of title to the Property shall, except for Permitted Exceptions specifically set forth in the PSA, be free and clear of all Adverse Interests based on any theory including without limitation any successor or successor-in-interest liability theory. Adverse Interests shall attach solely to the cash proceeds of the Sale, net of all payments authorized by this Order and required by the Settlement Agreement, with the same validity, priority, extent, and effect that they now have as against the Property, subject to any claims and defenses the Estate and the Debtor may possess with respect thereto.

10. On or about the Closing Date, contemporaneous with the transfer of the Property to the Buyer, or shortly thereafter as provided by the Settlement Agreement, the Trustee is authorized and directed to pay:

    i. At Closing, all ordinary and usual closing costs and expenses;

    ii. At Closing, deed stamps or similar transfer taxes as required upon the sale of real property;

    iii. To the Town of Westborough for the "Town Payment" as defined in the Settlement Agreement, $1,640,000 to be paid contemporaneous with Closing;

    iv. To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("MobileStreet") for the "Use Modification Payment" as defined in the Settlement Agreement, $200,000 to be paid within ten (10) days after the Closing Date;

    v. To MobileStreet for the "MobileStreet Maintenance Payment" as

13

A-472

defined in the Settlement Agreement, $556,763 to be paid within ten (10) days after the Closing Date;

vi. To Ferris Development Group, LLC for the "Ferris Payment" as defined in the Settlement Agreement, $100,000 to be paid within ten (10) days after the Closing Date; and

vii. To Lax Media LLC and Lax Media MA LLC for the "Lax Payment" as defined in the Settlement Agreement, $100,000 to be paid within ten (10) days after the Closing Date.

11. Except as expressly provided by the PSA with respect to Permitted Exceptions, all persons and entities holding Adverse Interests in or to the Property arising under or out of, in connection with, or in any way relating to the Debtor, the Estate, or the Property, hereby are forever barred, estopped and permanently enjoined from asserting against the Buyer or its successors or assigns, their assets, or the Property, such persons' or entities' Adverse Interests in and to the Property.

12. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any applicable Adverse Interests and encumbrances of record.

13. If any person or entity which has filed statements or other documents or agreements evidencing Adverse Interests in the Property shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Buyer for the purpose of documenting the release of all Adverse Interests (other than Permitted Exceptions), which the person or entity has or may assert with respect to the Property, the Buyer and the Trustee are hereby authorized to execute and file such statements, instruments, releases and other documents on

14

A-473

behalf of such person or entity with respect to the Property.

14.     This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA.

**Other Provisions**

15.     Effective upon the Closing Date and except as otherwise set forth in the PSA with respect to Permitted Exceptions or as specifically set forth in the Settlement Agreement, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, its successors and assigns, or the Property, with respect to any (a) Adverse Interests arising under, out of, in connection with, or in any way relating to the Debtor, the Estate, the Buyer, or the Property, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Buyer, its successors or assigns, assets, or properties; (ii) enforcing, attaching, collecting or recovering in any manner, any judgment, award, decree, or order against the Buyer, its successors or assigns, assets, or properties; (iii) creating,

15

A-474

perfecting, or enforcing any Adverse Interests against the Buyer, its successors or assigns, assets, or properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer or its successors or assigns; or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof.

16.    Except for the Permitted Exceptions or as otherwise expressly set forth in the PSA, the Buyer shall not have any liability or other obligation of the Debtor of the Estate arising under or related to the Property or the PSA or the transactions related thereto. Without limiting the generality of the foregoing, and except for the Permitted Exceptions provided in the PSA, the Buyer shall not be liable for any claims or any other Adverse Interests against the Debtor or the Estate or any of either of their predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or the Estate or any obligations of the Debtor or the Estate arising prior to the Closing Date. The Buyer has given substantial consideration under the PSA for the benefit of the holders of any Adverse Interests. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Buyer, which releases shall be deemed to have been given in favor of the Buyer by all holders of Adverse Interests against or interests in the Debtor or the Property.

17.    The transactions contemplated by the PSA are undertaken by the Buyer without collusion and in good faith, as that term is defined in Bankruptcy Code § 363(m) of the

16

A-475

Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization

provided herein to consummate the Sale shall not affect the validity of the Sale (including the

payment of the disbursements authorized on or after Closing pursuant to and required by the

Settlement Agreement), unless such authorization and such Sale are duly stayed pending such

appeal.  The Buyer is a good faith Buyer within the meaning of Bankruptcy Code § 363(m) and,

as such, is entitled to the full protections of Bankruptcy Code § 363(m).

18.     The consideration provided by the Buyer for the Property under the PSA is fair

and reasonable, and the Sale may not be avoided under Bankruptcy Code § 363(n).  The reversal

or modification on appeal of the authorization provided herein to consummate the Sale shall not

affect the validity of the Sale (including, without limitation, the payment of the disbursements

authorized on or after Closing pursuant to and required by the Settlement Agreement), unless

such authorization is duly stayed pending such appeal.  No governmental unit or regulatory

authority may revoke or suspend any right, license, or other permission relating to the use of the

Property sold, transferred, or conveyed to the Buyer on account of the pendency of this Case or

the consummation of the Sale.

19.     No Order of any type or kind entered in any related proceeding subsequent to

entry of this Order shall conflict with or derogate from the provisions of the PSA or the terms of

this Order.

20.     The failure specifically to include any particular provisions of the PSA in this

Order shall not diminish or impair the effectiveness of such provision, it being the intent of the

Court that the PSA be authorized and approved in its entirety.

21.     The failure specifically to include or describe any particular provisions of the

17

A-476

Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that, pursuant to the Settlement Approval Order entered contemporaneously herewith, the Settlement Agreement be approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement be authorized.

22.    Unless this Court orders otherwise, this Court shall retain exclusive jurisdiction to the fullest extent of applicable law to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the PSA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee or the Estate is a party, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    To the extent that this Order is inconsistent with the PSA or any prior order or pleading with respect to the Sale Motion in this Case, the terms of this Order shall govern.

By the Court,

Dated: December 24, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge

18

A-477

# EXHIBIT C

10

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

WESTBOROUGH SPE LLC,

Debtor.

Chapter 7
Case No. 23-40709-CJP

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL
RELEASE PURSUANT TO FED. R. BANKR. P. 9019, AS SUPPLEMENTED**

This matter having come before this Court upon the *Trustee's Motion for Entry of an*

*Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R.*

*Bankr. P. 9019* [Dkt. No. 967] (the "**Motion**") filed by Jonathan R. Goldsmith, the Chapter 7

Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of the above-captioned debtor

(the "**Debtor**") as supplemented by the *Supplement to Motion to Approve Settlement [Dkt. No.*

*967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No.*

*968]* (the "**Sale and Settlement Motion Supplement**" [Dkt. No. 978], together with the Motion,

the "**Settlement Motion**"), seeking approval of the *Settlement Agreement and Mutual Release*

[Dkt. No. 966] (the "**Settlement Agreement**") by and among the Trustee, the Town of

Westborough (the "**Town**"), Ferris Development Group, LLC ("**Ferris**"), Lax Media LLC and

Lax Media MA LLC (together, "**Lax**"), and Durgaprasad Nagalla and Venkatesh Mohanraj,

Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester

Registry of Deeds in Book 53141, Page 193 ("**MobileStreet**") (each a "**Party**" and collectively

the "**Parties**"); and notice of the Settlement Motion and the Settlement Agreement having been

sufficient under the circumstances pursuant to the *Notice of (i) Intended Private Sale of 231*

*Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims,*

1

A-479

*Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii) Hearing Date and (i) Proposed Settlement Agreement and Mutual Release, (ii) Deadline for Filing Objections, and (iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**") and the certificates of service previously filed with the Court [Dkt. Nos. 990, 1017, and 1018] and the *Trustee's Notice of Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and Proposed Settlement Agreement* [Dkt. No. 1015]; and this Court having conducted contemporaneous hearings on December 17, 2025 (the "**Sale and Settlement Hearings**") on the Settlement Motion and on the *Trustee's Motion for Entry of Order Authorizing and Approving the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims, Encumbrances, and Interests and for Related Relief* (the "**Sale Motion**") [Dkt. No. 968] which sought authority to sell the Estate's right, title, and interest in the real property at 231 Turnpike Road, Westborough, Massachusetts (the "**Property**"), free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances and interests attaching to the net proceeds of the Sale as set forth in more detail in the Sale Motion and in the Purchase and Sale Agreement attached to the Sale Motion (the "**PSA**"); all parties in interest having been heard, or having had to the opportunity to be heard at the Sale and Settlement Hearings, at which evidence was taken; and the Court having contemporaneously considered and approved the Sale Motion and authorized the Sale of the Property pursuant to the PSA by entry of a separate order; and the Court having reviewed and considered the Settlement Motion, the Settlement Agreement, other evidence in support of the Settlement Motion and Settlement Agreement and the record before the Court; and the Court having heard, weighed, and considered at the Sale and Settlement Hearings the testimony of the Trustee, the evidentiary proffers made, the statements of counsel, and the statements of interested parties wishing to be heard; and the Court having

2

A-480

heard and considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement Agreement and all of the relief requested therein having been provided and no further notice being necessary; and the Court having determined that the relief sought in the Settlement Motion and the Trustee's entry into the Settlement Agreement are a reasonable exercise of the Trustee's business judgment, *see In re Healthco Int'l, Inc.*, 136 F.3d 45, 51 (1st Cir. 1998) (deference to Trustee's business judgment in connection with proposed settlement if it falls above "the lowest point in the range of reasonableness"), and is in the best interests of the Debtor's Estate; and the Court having jurisdiction over this matter; and that the legal and factual bases set forth in the Settlement Motion establish just cause for the relief granted herein; and after due deliberation thereon, and sufficient cause appearing therefor, for the reasons stated on the record and supplementing the Proceeding Memorandum and Order entered at Dkt. No. 1036 approving the Settlement Agreement and **IT IS HEREBY**:

**ORDERED** that, the Settlement Motion is approved and authorized in all respects; it is further

**ORDERED** that, the Akouete Objection is overruled; it is further

**ORDERED** that, the Trustee is authorized to enter into the Settlement Agreement and to take any and all actions required by the Settlement Agreement; it is further

**ORDERED** that, contemporaneous with the transfer of the Property to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its nominee (the "Buyer"), or shortly after the transfer of the Property as specifically provided by

A-481

the Settlement Agreement, the Trustee is authorized to make any and all payments required by

the Settlement Agreement including, without limitation, the following:

    i.    To the Town for the "Town Payment" as defined in the Settlement Agreement, $1,640,000 shall be paid contemporaneous with the Sale Closing[1];

    ii.    To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of MobileStreet for the "Use Modification Payment" as defined in the Settlement Agreement, $200,000 shall be paid within ten (10) days after the Closing Date;

    iii.    To MobileStreet for the "MobileStreet Maintenance Payment" as defined in the Settlement Agreement, $556,763 shall be paid within ten (10) days after the Closing Date;

    iv.    To Ferris for the "Ferris Payment" as defined in the Settlement Agreement, $100,000 shall be paid within ten (10) days after the Closing Date; and

    v.    To Lax for the "Lax Payment" as defined in the Settlement Agreement, $100,000 shall be paid within ten (10) days after the Closing Date.

**ORDERED** that, contemporaneous with the transfer of the Property to the Buyer, or

shortly after the transfer of the Property as specifically provided by the Settlement Agreement,

the Trustee is authorized to take any and all actions required by the Settlement Agreement to

dispose of pending litigation including, without limitation, the following:

    i.    Executing and filing a voluntary notice of dismissal with prejudice of the following civil action pending in the United States District Court for the District of Massachusetts against the Town, the members of the Select Board of the Town, and Peter Blaustein: Westborough SPE, LLC v. Town of Westborough, et al., U.S. Dist. Ct. (D. Mass.), Case No. 4:23-cv-12017; and

    ii.    Executing and filing the voluntary stipulation of dismissal with prejudice of the following adversary proceeding pending before this Court against the Town of Westborough: Jonathan R. Goldsmith, Chapter 7 Trustee of Westborough SPE LLC v. Town of Westborough, (Bankr. D. Mass.),

---

[1] As used in this Order, the term "Closing" shall have the meaning ascribed thereto in the PSA and the term "Closing Date" shall mean the date that the Closing occurs pursuant to the PSA

Adversary Proceeding No. 25-04003-CJP.

**ORDERED** that, the failure specifically to include or describe any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement Agreement is approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement are hereby authorized.  Absent further order of the Court, the Court retains exclusive jurisdiction to enforce and interpret the Settlement Agreement to the fullest extent of applicable law.

By the Court,

Dated: December 24, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Akouete

A-484



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | Westborough SPE LLC | Chapter 7 |
|---|---|---|
| | Debtor | 23-40709-CJP |

## ORDER

**MATTER:**

#1055 Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007 (Re: 1050 Notice of Appeal and Statement of Election to District Court Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order)).

DENIED. FOR THE REASONS STATED ON THE RECORD AT THE HEARING WHEN THE COURT ENTERED THE ORDERS THAT ARE THE SUBJECT OF THE APPEAL, THE MOVANT IS NOT LIKELY TO SUCCEED ON THE MERITS OF THE APPEAL. *SEE, E.G., ACEVEDO-GARCÍA V. VERA-MONROIG*, 296 F.3D 13, 16 (1ST CIR. 2002) (DETERMINING THAT WHILE ALL FOUR APPLICABLE FACTORS MUST BE SATISFIED TO IMPLEMENT A STAY PENDING APPEAL, "[T]HE SINE QUA NON [OF THE STAY PENDING APPEAL STANDARD] IS WHETHER THE [MOVANT IS] LIKELY TO SUCCEED ON THE MERITS") (QUOTATION AND CITATION OMITTED)). WEIGHING THE OTHER FACTORS TO BE CONSIDERED, ALL FACTORS WEIGH STRONGLY AGAINST A STAY. THE MOVANT REQUESTS RELIEF THAT CANNOT BE GRANTED. HE SEEKS TO HAVE A SALE OF WHAT IS PRESENTLY NON-ESTATE PROPERTY CLOSE, BUT TO STAY IMPLEMENTATION OF THE SETTLEMENT NECESSARY TO BRING THAT PROPERTY INTO THE ESTATE TO EFFECT A SALE. AS THE EVIDENCE AT THE HEARING DEMONSTRATED, THE SALE CANNOT CLOSE ABSENT CONSUMMATION OF THE SETTLEMENT THAT WAS APPROVED. THERE IS NO MECHANISM TO SEVER THE APPROVALS IN THE MANNER THE MOVANT DESIRES. MOREOVER, THE RECORD DEMONSTRATED THAT THE APPROVAL OF BOTH THE SALE AND THE SETTLEMENT WAS APPROPRIATELY SUPPORTED AND IN THE BEST INTEREST OF THE ESTATE.

Dated: 01/05/2026

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CREDITOR LOLONYON AKOUETE'S MOTION FOR RECONSIDERATION OF
ORDER DENYING MOTION FOR PARTIAL STAY PENDING APPEAL**

(Pursuant to Fed. R. Bankr. P. 9023)

Creditor Lolonyon Akouete ("Movant"), appearing pro se, respectfully moves for reconsideration of the Court's Order dated January 5, 2026 denying Movant's Motion for Partial Stay Pending Appeal (the "Stay Order"). This motion is brought pursuant to Federal Rule of Bankruptcy Procedure 9023 to correct manifest errors of law and to prevent manifest injustice.

## I. INTRODUCTION

Reconsideration is warranted because the Stay Order applied an unduly rigid standard that treated likelihood of success on the merits as dispositive and failed to meaningfully address controlling bankruptcy authority recognizing **mootness of appellate review as irreparable harm** in § 363 sale and Rule 9019 settlement appeals. As a result, the Stay Order risks foreclosing appellate jurisdiction altogether, notwithstanding the availability of narrowly tailored relief designed to preserve review.

## II. STANDARD FOR RECONSIDERATION

A motion for reconsideration under Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, is an extraordinary remedy. See Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán), 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017). That standard, however, does not preclude relief where reconsideration is necessary to correct a manifest error of law or to prevent manifest injustice. See In re Wedgestone Fin., 142 B.R. 7, 8 (Bankr. D. Mass. 1992).

While reconsideration is not intended to provide a vehicle for re-arguing matters already decided, it is expressly appropriate where the Court has misapprehended governing legal principles or failed to consider controlling authority material to the outcome. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 21 (1st Cir. 2012). A manifest error of law exists where the Court applies an incorrect legal standard or overlooks legal consequences that are central to the relief sought. Soto-Padró, 675 F.3d at 21.

Reconsideration is particularly warranted where the Court's ruling rests on a misapprehension of bankruptcy-specific doctrine, including principles governing appellate mootness and irreparable harm unique to bankruptcy sales and settlements. Courts applying Bankruptcy Rule 9023 recognize

A-486

that failure to correct such errors may result in outcomes that foreclose appellate review altogether, thereby constituting manifest injustice. In re Wedgestone Fin., 142 B.R. at 8.

Accordingly, although reconsideration is an extraordinary remedy, it is warranted where, as here, the Court's denial of a stay pending appeal was based on a misapprehension of controlling bankruptcy law governing irreparable harm and preservation of appellate jurisdiction, and where failure to reconsider will result in the permanent loss of meaningful appellate review. Under these circumstances, Rule 9023 exists precisely to permit correction of the error and to prevent manifest injustice.

## III. MANIFEST ERRORS OF LAW

### A. The Court Failed to Apply Controlling Bankruptcy Authority Recognizing Appellate Mootness as Irreparable Harm

The Stay Order denied relief primarily on the ground that Appellant was "not likely to succeed on the merits," relying on a general First Circuit formulation of the stay standard. In doing so, the Court failed to address controlling bankruptcy authority establishing that, in the context of bankruptcy sales and settlement implementation, **denial of a stay pending appeal itself constitutes irreparable harm where it will moot appellate review**.

This omission constitutes a manifest error of law.

### 1. In bankruptcy cases, irreparable harm includes the loss of meaningful appellate review

In *In re Whistler Corp. of Massachusetts*, the District Court for the District of Massachusetts dismissed an appeal as moot where the appellant failed to obtain a stay and the sale closed. The court held that once the transaction was consummated, "the court has no remedy that it can fashion even if it would have determined the issues differently." 243 B.R. 573, 574–75 (D. Mass. 2000) (quoting *In re Stadium Mgmt. Corp.*, 895 F.2d 845, 847 (1st Cir. 1990)).

Critically, the harm identified in *Whistler* was not economic loss or delay. It was **structural and jurisdictional**: once the sale closed without a stay, appellate courts were deprived of the ability to grant effective relief. The court treated this consequence as dispositive, requiring dismissal regardless of the merits of the appeal.

The same structural harm is present here. The Orders on appeal authorize not only a private sale under 11 U.S.C. § 363(f), but also:

- the **disbursement of sale proceeds** pursuant to the settlement;
- the **implementation of settlement releases and claim waivers**; and
- the **dismissal of related litigation**, including actions predating the bankruptcy case.

Once these steps occur, reversal on appeal would require clawing back distributed proceeds, undoing releases, and reinstating dismissed actions—relief that appellate courts routinely hold is unavailable once consummation has occurred. As in *Whistler*, the absence of a stay will deprive the reviewing court of any meaningful remedy.

### 2. Paolo Gucci confirms that denial of a stay eliminates appellate jurisdiction as a practical matter

A-487

The Second Circuit's decision in *In re Paolo Gucci* further underscores the bankruptcy-specific nature of the irreparable harm inquiry. There, the court explained that once a bankruptcy sale closes without a stay, 11 U.S.C. § 363(m) strips appellate courts of the power to grant meaningful relief, leaving review limited at most to the narrow issue of purchaser good faith. 105 F.3d 837, 839–41 (2d Cir. 1997).

The court emphasized that denial of a stay pending appeal "has the practical effect of eliminating appellate review altogether." Id. at 840–41. Importantly, the court warned that even brief delays in closing to permit appellate review may be necessary to avoid this result.

The jurisdictional consequence identified in *Paolo Gucci* applies directly here. The Trustee has repeatedly represented that, absent a stay, the sale will close and the settlement will be implemented during the pendency of the appeal. Once that occurs, § 363(m) and principles of finality will foreclose effective appellate relief as a practical matter, regardless of the merits.

Thus, under *Whistler* and *Paolo Gucci*, the irreparable harm inquiry in this case required the Court to address the risk that denial of a stay would permanently moot the appeal. The Stay Order did not do so.

## B. The Court Improperly Treated Likelihood of Success as Dispositive, Contrary to Bankruptcy-Specific Authority

The Stay Order treated likelihood of success as the "sine qua non" of stay relief, citing *Acevedo-García v. Vera-Monroig*, 296 F.3d 13 (1st Cir. 2002). That reliance constitutes a manifest error of law because *Acevedo-García* did not involve a bankruptcy sale, statutory mootness, or irreversible loss of appellate jurisdiction.

### 1. Acevedo-García is inapposite to bankruptcy sale appeals

*Acevedo-García* involved municipal employment litigation governed by traditional injunction principles. It did not involve:

- a bankruptcy proceeding;
- a sale under § 363;
- statutory mootness under § 363(m); or
- the irreversible foreclosure of appellate jurisdiction upon denial of a stay.

In *Acevedo-García*, appellate review would have remained fully available regardless of whether a stay issued, subject only to a supersedeas bond. By contrast, in this case, denial of a stay does not merely risk interim harm—it **permanently extinguishes appellate review once consummation occurs**.

That distinction is dispositive.

### 2. Buntzman squarely rejects treating likelihood of success as dispositive where denial of a stay will moot the appeal

In *Buntzman v. Springfield Redevelopment Authority*, the District Court for the District of Massachusetts directly confronted the tension between low likelihood of success and high risk of mootness. The court acknowledged that the appellant's likelihood of success on appeal was "slender at best," yet nevertheless granted a stay because, absent such relief, "the entire appellate

A-488

process would be mooted" and the appeal would become "senseless." 918 F. Supp. 29, 31–32 (D. Mass. 1996).

The court concluded that the risk of mootness constituted irreparable harm outweighing the asserted prejudice to the prevailing parties. In other words, **preserving appellate review itself was a compelling equitable consideration**, even where the merits were uncertain.

The Stay Order's approach—collapsing the four-factor test into a single merits inquiry—conflicts directly with *Buntzman* and with bankruptcy-specific precedent recognizing that appellate mootness is a form of irreparable harm of the highest order.

## C. The Court Erroneously Concluded That Partial Relief Is Unavailable

The Stay Order further concludes that there is "no mechanism" to grant the partial relief requested because, in the Court's view, the sale cannot close absent consummation of the settlement. This conclusion reflects a misapprehension of the Court's authority under Rule 8007 and constitutes an additional manifest error of law.

Federal Rule of Bankruptcy Procedure 8007 expressly authorizes courts to grant **partial stays pending appeal**, including stays limited to distributions, enforcement, or implementation of specific aspects of an order. Courts routinely tailor stay relief to preserve appellate review while minimizing disruption to ongoing transactions.

Here, Appellant did not seek to unwind the sale or to enjoin closing at all costs. Appellant sought a **narrowly tailored partial stay** preserving the status quo with respect to:

- disbursement of sale proceeds; and
- implementation of settlement releases, claim waivers, and dismissals.

That relief directly targets the irreparable harm identified in *Whistler*, *Paolo Gucci*, and *Buntzman*—mootness of the appeal—without unnecessarily halting the underlying transaction.

The Stay Order did not analyze Rule 8007's authorization of partial relief, did not explain why distributions and releases could not be stayed even temporarily, and did not reconcile its conclusion with authority permitting tailored stays to preserve appellate jurisdiction. The failure to consider that authority constitutes a manifest legal error.

## D. The Record Confirms That Mootness Is Not Hypothetical in This Case

The risk of appellate mootness here is not speculative. It is confirmed by the factual record.

During a prior iteration of the settlement—later withdrawn due to undervaluation—counsel for the settling parties expressly acknowledged in contemporaneous communications that:

- Appellant was likely to appeal;
- Appellant was unlikely to obtain a stay; and
- the transaction should close notwithstanding a pending appeal absent a stay.

This evidence demonstrates that the sequence condemned in *Whistler* and *Paolo Gucci*—closing through an appeal to moot review—was not merely foreseeable, but anticipated.

A-489

Further, in related District Court litigation, the Trustee affirmatively requested that the District Court **continue to stay all activity** until March 16, 2026, to permit full implementation of the settlement, warning that dismissal before implementation could deprive interested parties of value. That position underscores the centrality of judicial stays in managing the consequences of settlement implementation—and highlights the inconsistency of denying a stay where the consequence is loss of appellate jurisdiction.

In sum, the Stay Order reflects manifest errors of law because it:

1. Failed to apply controlling bankruptcy authority recognizing mootness of appellate review as irreparable harm;
2. Treated likelihood of success as dispositive, contrary to *Buntzman* and bankruptcy-specific precedent;
3. Relied on inapposite non-bankruptcy authority (*Acevedo-García*);
4. Misapprehended the Court's authority to grant partial relief under Rule 8007; and
5. Failed to account for a factual record demonstrating a concrete and imminent risk of appellate mootness.

Reconsideration is therefore warranted to correct these errors and to prevent manifest injustice.

## IV. THE COURT ERRED IN CONCLUDING THAT THERE IS "NO MECHANISM" TO SEVER THE SALE FROM THE SETTLEMENT

The Stay Order denies relief on the ground that "there is no mechanism to sever the approvals" of the sale and the settlement, reasoning that the sale "cannot close absent consummation of the settlement that was approved." That conclusion reflects a misapprehension of both the factual record and the governing legal framework.

### A. The asserted inseparability of the sale and settlement is not legally required

The premise that the property must first be brought into the bankruptcy estate through a global settlement in order to be sold is incorrect. The Town of Westborough foreclosed on the property for nonpayment of taxes. The Debtor thereafter filed a motion to vacate the foreclosure. A third-party buyer has agreed to purchase the property for approximately $5.1 million.

Under Massachusetts law and ordinary foreclosure practice, the Town has the authority to **voluntarily vacate or release the foreclosure judgment** and accept payment of its outstanding tax obligation from the sale proceeds. Nothing in the Bankruptcy Code or Massachusetts law requires the Town to insist on a Rule 9019 settlement as the exclusive mechanism for receiving payment of its tax claim.

Accordingly, the sale of the property could proceed through a straightforward transaction in which:

1. the foreclosure is voluntarily vacated or released;
2. the property is conveyed to the existing buyer; and
3. the Town receives payment of its tax claim from the sale proceeds.

That path would result in the same economic outcome for the Town without requiring a global settlement structure involving releases, claim waivers, and dismissals of litigation.

A-490

### B. The Town's refusal to file a proof of claim artificially forces payment through settlement

The claimed inseparability of the sale and settlement arises not from any statutory requirement, but from the Town's own litigation posture. The Town has **declined to file a proof of claim** in this bankruptcy case. As a result, the Town cannot be paid through the ordinary claims-allowance and distribution process under the Bankruptcy Code and instead seeks payment exclusively through a negotiated settlement.

That choice, however, does not convert a strategic preference into a legal necessity. The Bankruptcy Code does not require that a creditor who refuses to file a claim be paid only through settlement, nor does it require that a sale be conditioned on the implementation of settlement releases and dismissals. The Town's refusal to participate in the claims process is a voluntary decision that has the effect of collapsing otherwise separable issues—sale mechanics, claim payment, and litigation releases—into a single package, but that collapse is **self-imposed**.

## C. Bankruptcy courts possess clear authority to sever sale approval from settlement implementation

As a matter of bankruptcy procedure, sale authority under 11 U.S.C. § 363 and settlement approval under Federal Rule of Bankruptcy Procedure 9019 are distinct forms of relief. Even where they are presented together, courts routinely tailor relief to preserve appellate review, including by:

- permitting a sale to close while staying distributions of proceeds;
- staying implementation of releases, claim waivers, or dismissals; or
- conditioning effectiveness of settlement provisions pending appeal.

Federal Rule of Bankruptcy Procedure 8007 expressly authorizes **partial stays** of a judgment, order, or decree, including stays limited to enforcement or implementation. There is no requirement that a sale order and a settlement order be treated as inseverable for purposes of stay relief.

Here, Appellant did not seek to halt the sale at all costs. Appellant sought a **narrow partial stay** of the implementation of the settlement—specifically distributions and releases—pending appeal. That relief falls squarely within the Court's authority and is routinely granted to prevent appellate mootness.

## D. Treating the settlement as inseverable improperly elevates strategy over jurisdiction

By concluding that there is "no mechanism" to sever the sale from the settlement, the Stay Order effectively treats the Trustee's chosen settlement structure as legally mandatory. That approach insulates the settlement from appellate review by declaring that any challenge must either halt the sale entirely or be denied outright.

This reasoning conflicts with bankruptcy authority recognizing that parties may not structure transactions in a manner that **manufactures mootness** and thereby forecloses appellate jurisdiction. Where the asserted inseparability of relief is the product of strategic design rather than legal necessity, it cannot justify denial of a stay—particularly where the consequence is loss of meaningful appellate review.

The record demonstrates that the sale of the property and the implementation of the settlement are separable both as a matter of law and as a matter of practical execution. The Court's conclusion that no mechanism exists to sever the approvals reflects a misapprehension of the factual record and the governing legal framework. That error independently warrants reconsideration.

A-491

## V. LIMITED RELIEF REQUESTED

Movant does not seek to halt or unwind the sale of the Property. Movant seeks only narrowly tailored, interim relief sufficient to preserve meaningful appellate review and to prevent irreparable jurisdictional harm.

Specifically, Movant respectfully requests that the Court reconsider the Stay Order and grant one or more of the following limited forms of relief:

1. **A stay of distributions of sale proceeds** pending resolution of the appeal, to prevent irreversible dissipation of estate assets and to preserve the Court's ability to grant effective relief if the Orders are reversed or modified;
2. **A stay of implementation of settlement provisions**, including releases, claim waivers, and dismissals of pending litigation, pending appeal, so that appellate review is not rendered moot by consummation of non-monetary settlement terms that cannot be unwound; or
3. **In the alternative, a brief administrative stay**, sufficient to allow Movant to seek relief pursuant to Federal Rule of Bankruptcy Procedure 8007(b) in the United States District Court for the District of Massachusetts.

The relief requested is modest, time-limited, and carefully calibrated. It does not seek to interfere with the sale process itself, does not impose material prejudice on the Trustee or third parties, and does not disrupt the estate's ability to proceed. Rather, it serves the essential purpose recognized by controlling bankruptcy authority: preserving appellate jurisdiction and preventing an appeal from being rendered moot by irreversible acts taken during its pendency.

Absent such relief, the appeal will be extinguished as a practical and legal matter—not because the issues lack merit, but because consummation will foreclose the Court's power to grant any meaningful remedy. That result constitutes precisely the form of manifest injustice Rule 9023 exists to prevent.

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court reconsider its January 5, 2026 Order denying a stay pending appeal, correct the identified manifest errors of law, and grant narrowly tailored interim relief sufficient to preserve meaningful appellate review and prevent mootness.

At a minimum, Movant respectfully requests entry of a brief administrative stay to allow the District Court to consider relief under Rule 8007(b). Without such relief, the appeal will be rendered moot by operation of consummation, depriving the reviewing court of jurisdiction and foreclosing review altogether.

DATED: January 6, 2026, Respectfully submitted:

By creditor,

Lolonyon Akouete

A-492 800 Red Mills Rd

Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276



# In Re Whistler Corp. of Massachusetts, 243 B.R. 573 (D. Mass. 2000)

**US District Court for the District of Massachusetts - 243 B.R. 573 (D. Mass. 2000)**
**January 13, 2000**

---

**243 B.R. 573 (2000)**

**In re WHISTLER CORPORATION OF MASSACHUSETTS, Debtor.**
**Cincinnati Microwave, Inc., Appellant,**
**v.**
**Joseph H. Baldiga, Chapter 7 Trustee of Whistler Corporation of Massachusetts J & J Marketing, Inc. and United States Trustee, Appellees.**

Nos. 99-43575-HJB, Civ.A. 99-40175-JLT.

**United States District Court, D. Massachusetts.**

January 13, 2000.

C. Hall Swaim, Hale & Dorr, Boston, MA, Dennis L. Jenkins, Hale & Dorr, Boston, MA, for Whistler Corporation of Massachusetts, debtor.

Christopher J. Panos, Craig & Macauley, P.C., Boston, MA, Edmund J. Adams, Frost & Jacobs, Cincinnati, OH, for George W. Fels, Cincinnati Microwave, Inc.

Van Oliver, Andrews & Kurth LLP, Dallas, TX, for J & J Marketing, Inc., appellee.

Christine E. Devine, Mirick, O'Connell, DeMallie & Lougee, LLP, Worcester, MA, Van Oliver, Kirk A. Kennedy, Andrews & Kurth LLP, Dallas, TX, for Joseph H. Baldiga.

A-494

*MEMORANDUM*

TAURO, District Judge.

Appellees move pursuant to Fed. R.Bankr.P. 8007(c) and 8011(d) to dismiss this appeal of the Bankruptcy court's said order, arguing that Bankruptcy Code § 363(m), 11 U.S.C. § 363(m), precludes appellate review of the sales order because Appellant failed to stay the subsection (b), 11 U.S.C. § 363(b), sale pending appeal. For reasons set forth below, the motion is ALLOWED.

**I.**

Appellant is the liquidating trustee of Cincinnati Microwave, Inc. ("Cincinnati"). Appellees are the chapter 7 trustee of Whistler Corporation of Massachusetts **\*574** ("Whistler") and J & J Marketing, Inc. ("J & J"). The Debtor is Whistler, a manufacturer of radar detection and other products.

Whistler filed for chapter 11 bankruptcy in May 1999. In September 1999, the Bankruptcy court converted the chapter 11 proceedings to proceedings under chapter 7. In August 1999, Whistler's trustee moved the Bankruptcy court to authorize the sale of Whistler's radar division and approve certain attendant sales procedures. Cincinnati (and others) objected to the motion, arguing that the Bankruptcy court could not authorize the sale of the radar division free and clear of Cincinnati's patent infringement claims against Whistler, which Cincinnati was pursuing in prepetition litigation. On August 10, 1999, the Bankruptcy court allowed Whistler's motion in accordance with Bankruptcy Code § 363(b), 11 U.S.C. § 363(b), approving the proposed sales procedures and, after a bidding process pursuant to those procedures, authorizing the sale of Whistler's radar division to J & J for $8.8 million free and clear of Cincinnati's patent infringement claims. On September 3, 1999, the sale of the radar division was consummated. On September 10, 1999, having never sought a stay of the sale, Cincinnati's liquidating trustee appealed the Bankruptcy court's sales order to this court.

**II.**

A-495

Section 363(m) of the Bankruptcy Code states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). The general rule of section 363(m) is that the failure of the Appellant to stay the subsection (b) bankruptcy sale to a "good faith" purchaser pending its appeal precludes appellate review of the Bankruptcy court's sales order upon which the subsection (b) sale was based. *See Jeremiah v. Richardson,* 148 F.3d 17, 23 (1st Cir. 1998); *In re Mark Bell Furniture Warehouse, Inc.,* 992 F.2d 7, 8 (1st Cir.1993). "Absent a stay, the court must dismiss a pending appeal as moot because the court has no remedy that it can fashion even if it would have determined the issues differently." *In re Stadium Mgmt. Corp.,* 895 F.2d 845, 847 (1st Cir.1990). The Bankruptcy court found that J & J purchased Whistler's radar division in good faith, *see* Sales Order ¶ O, at 7, and Appellant does not now challenge J & J's good faith status. Applying the general rule of section 363(m), then, section 363(m) proscribes this court's review of the Bankruptcy court's sales order, and Appellees' motion to dismiss consequently would be allowed.

Appellant argues, however, that section 363(m) is inapplicable to this case because the relief Appellant seeks would not affect the "validity" of the subsection (b) sale. A minority of courts recognize a limited exception to the general proscription of section 363(m). *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.,* 141 F.3d 490, 499 (3d Cir.1998); *In re BCD Corp.,* 119 F.3d 852, 856 (10th Cir. 1997); *Matter of Lloyd,* 37 F.3d 271, 273 (7th Cir.1994). Courts in these jurisdictions will not dismiss the appeal of a Bankruptcy court's sales order pursuant to section 363(m) if the court is able to afford the appellant a "measure of effective relief" that would not affect the "validity" of the sale, even though the appellant failed to stay the sale to a good faith purchaser. *Krebs Chrysler-Plymouth, Inc.,* 141 F.3d at 499. In *Matter of Lloyd,* the Seventh circuit thus reached the merits of the appellant's appeal of the Bankruptcy court's sales order because the appellant might recover from the sale's proceeds, which *575 had not been fully distributed, despite the appellant's failure to stay the sale. *See* 37 F.3d at 273. *Accord In re BCD Corp.,* 119 F.3d at 856 (refusing to dismiss appeal where proceeds of sale had not been distributed). The First circuit has not ruled definitively whether it recognizes the "measure of effective relief"

A-496

exception to section 363(m). *But see Pittsburgh Food & Beverage, Inc. v. Ranallo,* 112 F.3d 645, 651 (3d Cir.1997) (reading *In re Stadium Mgmt. Corp.,* 895 F.2d at 847, to adopt a *per se* rule of proscription). Recent decisions of the First circuit suggest that it does not. *See, e.g., Jeremiah,* 148 F.3d at 23; *In re Mark Bell Furniture Warehouse, Inc.,* 992 F.2d at 8; *In re Stadium Mgmt. Corp.,* 895 F.2d at 847.

Assuming *arguendo* that the First circuit would recognize the "measure of effective relief" exception to section 363(m), Appellant's argument nonetheless must fail. Appellant asks the court to strike that portion of the Bankruptcy court's sales order declaring that J & J takes Whistler's radar division "free and clear" of Appellant's patent infringement claims. [1] But a modification of this kind necessarily would affect the "validity" of the sale of Whistler's radar division to J & J. "It is axiomatic that one cannot challenge a central element of a purchase without challenging the validity of the sale itself." *In re Stadium Mgmt. Corp.,* 895 F.2d at 849 (rejecting contention that adding "stay put" provision to sales order would not affect "validity" of sale since "such relief would change the deal that the purchaser made"). Modifying the sales order to deprive J & J of the bar against successor liability unquestionably would affect the value of J & J's purchase and, in turn, the deal that J & J made. *See Krebs Chrysler-Plymouth, Inc.,* 141 F.3d at 499 (finding that modification of sales order affecting sale price affects "validity" of sale). Section 363(m) precludes this court's review of the Bankruptcy court's sales order, therefore, even if the First circuit would recognize the "measure of effective relief" exception. Appellees' motion to dismiss accordingly must be allowed.

### III.

For the foregoing reasons, the court concludes that Bankruptcy Code § 363(m), 11 U.S.C. § 363(m), precludes appellate review of the Bankruptcy court's sales order. Appellees' motion to dismiss is ALLOWED.

AN ORDER SHALL ISSUE.

### NOTES

[1] Appellant does not seek an equitable distribution of the proceeds of the sale of Whistler's radar division to J & J ostensibly because those proceeds already have been fully distributed. *See* Appellees' Memorandum at 8.

A-497

Some case metadata and case summaries were written with the help of AI, which can produce inaccuracies. You should read the full case before relying on it for legal research purposes.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

A-498



# In Re Paolo Gucci, Debtor.licensing by Paolo, Inc., Paolo Gucci Design Studio, Ltd.and Trackwise Sales Corporation and Orologi Paolo,inc., Appellants, v. Frank G. Sinatra, As Trustee of the Substantivelyconsolidated Estates of Paolo Gucci, et al.,guccio Gucci, S.p.a. and Gucci America,incorporated, Appellees, 105 F.3d 837 (2d Cir. 1997)

**US Court of Appeals for the Second Circuit - 105 F.3d 837 (2d Cir. 1997)**

**Argued Dec. 3, 1996. Decided Jan. 30, 1997**

---

Melvin Goldstein, Goldstein & Claxton, Washington, D.C., for appellants Licensing By Paolo, Inc. and Paolo Gucci Design Studio, Ltd.

Michael S. Kimm, Hackensack, NJ, for appellant Trackwise Sales Corp.

Allan C. Samuels, Kenneth Greenwald, Parker Duryee Rosoff & Haft, New York City, for appellant Orologi Paolo, Inc.

Jonathan L. Flaxer, Winick & Rich, for appellee Frank G. Sinatra, Trustee.

A-499

Robert Serio, Gibson, Dunn & Crutcher, New York City, for appellees Guccio Gucci, S.p.A.; and Gucci America, Incorporated.

David R. Kittay, Kittay, Gold & Krebsbach, White Plains, NY, for the Creditors' Committee.

Before: NEWMAN, Chief Judge, OAKES and WINTER, Circuit Judges.

JON O. NEWMAN, Chief Judge:

---

On this motion to dismiss an appeal involving a bankruptcy sale, we write to alert district judges to a major and perhaps unappreciated significance of their action, after denying a stay pending appeal, in denying even a one-day stay to permit a party to seek a stay pending appeal from the Court of Appeals. This matter arises on a motion to stay a bankruptcy sale order pending appeal and a cross-motion to dismiss the appeal as moot. The motion to dismiss presents the issue of whether and to what extent our appellate jurisdiction remains to review a bankruptcy court order for the sale of a debtor's assets when the district court has denied an application to stay the sale pending appeal and the sale has closed before the appeal is heard. We hold that pursuant to Bankruptcy Code § 363(m) we have no jurisdiction to review an unstayed sale order once the sale occurs, except on the limited issue of whether the sale was made to a good faith purchaser.

Facts

On October 15, 1996, Bankruptcy Judge Gallet entered an order authorizing the Chapter 11 trustee (the "Trustee") for the estate of Paolo Gucci et al., to sell Paolo Gucci trademark and licensing rights to appellees, Guccio Gucci, S.p.A. and Gucci America Inc. The appellants, Trackwise Sales Corporation, Licensing by Paolo, Inc. ("LBP") and Paolo Gucci Design Studio, Ltd. ("PGDS") immediately sought a stay pending appeal of Judge Gallet's order to the District Court. Judge Gallet denied the stay, but delayed the sale to afford the appellants a brief interval to seek a stay in the District Court. After initially expediting the appeal to the District Court, Chief Judge Griesa, at a hearing on November 21, 1996, affirmed Judge Gallet's sale order, and declined to stay the sale order pending further appeal to this Court, finding that the appellants had little likelihood of success on the merits. In a further ruling the same day, one that has now assumed critical importance, Chief Judge Griesa also denied even a brief stay to enable the appellants to seek from this Court a stay pending appeal.

The appellants then expeditiously moved in this Court for an emergency stay pending panel

A-500

consideration of a motion for a stay pending appeal. Under our Court's usual practice, the emergency motion was treated as one-judge motion and granted by Judge Leval on November 22, 1996. However, hours before he acted, the sale was consummated by the conveyance of the assets and a wire transfer of funds. On December 3, 1996, this panel heard the appellants' motion for a stay pending appeal and the appellees' cross-motion to dismiss the appeal as moot because the sale had closed prior to the filing of Judge Leval's stay order. We continued the emergency stay to afford us a brief opportunity to consider the argued motions, reserved decision on those motions, and expedited the appeal.

The next day, we filed an order denying as moot the motion for a stay pending appeal "[s]ince the sale closing has occurred, whether or not some funds remain to be paid." Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci), No. 5138 (2d Cir. Dec. 4, 1996). That order recited that it ended the emergency stay previously entered by Judge Leval and briefly extended by the panel. Id. The same order also granted in part the appellees' motion to dismiss the appeal as moot, except to the extent that an appeal is available on the limited issue of whether the property was sold to a good faith purchaser. Id. We also ordered, in aid of our appellate jurisdiction, that the appellees not destroy any property acquired pursuant to the sale, pending disposition of the appeal. The Trustee had previously agreed at the December 3 argument on the motions not to disburse proceeds of the sale, pending the appeal.

On December 13, 1996, we denied appellants' petition for rehearing, but clarified our prior order to include in the issue of good faith the question of whether the purchaser in good faith was unaware that the sale included post-petition property. Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci), No. 96-5138 (2d Cir. Dec. 13, 1996). We also stated that our prior order should be understood to be without prejudice to whatever claims might be asserted against the Trustee for sale of post-petition property. Id. Finally, we stated that we would issue an opinion explaining the reasons for the December 4 order. Id.

Discussion

Our appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser. See 11 U.S.C. § 363(m); United States v. Salerno, 932 F.2d 117, 123 (2d Cir. 1991). Section 363(m) provides:

The reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the

A-501

pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Though this provision in terms states only that an appellate court may not "affect the validity" of a sale of property to a good faith purchaser pursuant to an unstayed authorization, and can even be read to imply that an appeal from an unstayed order may proceed for purposes other than affecting validity of the sale, courts have regularly ruled that the appeal is moot. See, e.g., Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); AnheuserBusch, Inc. v. Miller (In re Stadium Management Corp.), 895 F.2d 845, 847 (1st Cir. 1990); Cargill, Inc. v. Charter International Oil Co. (In re The Charter Co.), 829 F.2d 1054, 1056 (11th Cir. 1987). As one court reasoned, the appeal is moot because "the court has no remedy that it can fashion even if it would have determined the issues differently." Stadium Management, 895 F.2d at 847; see The Charter Co., 829 F.2d at 1056.[1] Thus, regardless of the merit of an appellant's challenge to a sale order, we may neither reverse nor modify the judicially-authorized sale if the entity that purchased or leased the property did so in good faith and if no stay was granted.

We have recognized that a rule limiting appellate jurisdiction over unstayed sale orders to the issue of good faith furthers the policy of finality in bankruptcy sales, Salerno, 932 F.2d at 123, and assists the bankruptcy court to secure the best price for the debtor's assets. Id. This limitation of the issues on appeal generally is warranted where an appellant did not seek a stay pending appeal, as was the case in Salerno, id. at 122, and reflects the view that an appellant is rightly burdened with the risks associated with challenging a sale authorization when that appellant did not first seek to stay the sale, see Official Committee of Unsecured Creditors of LTV Aerospace and Defense Co. v. Official Committee of Unsecured Creditors of LTV Space Co. (In re Chateaugay Corp.), 988 F.2d 322, 326 (2d Cir. 1993). The limitation also recognizes that this Court may be powerless to undo or rewrite the terms of the consummated sale. See Salerno at 123.

Yet even where an appellant timely moves to stay a judicially-authorized sale, a district court's denial of that motion will similarly limit the issues on appeal. Although an appellant's challenge to a sale authorization might raise meritorious arguments, a district court's denial of a requested stay has the effect of precluding this Court from reviewing those issues, other than the good faith of the purchaser, if the sale has closed in the interim. It therefore becomes important for district judges to appreciate the special consequences of denying a stay of a bankruptcy sale, even a very brief stay to permit this Court time to consider whether it believes a stay pending appeal is warranted. We do not mean to imply that district courts should routinely grant stays pending appeal, or even routinely grant brief stays to permit this Court to consider granting such stays. There may well be

A-502

substantial reasons for closing a sale promptly and assuring a good faith buyer that the sale cannot be undone. Our point is simply that, in this age of wire fund transfers, a district judge deciding whether to stay a bankruptcy sale pending appeal or pending appellate consideration of such a stay, should be aware that a closing occurring immediately after a stay is denied will substantially limit the scope of an appeal.

Conclusion

In accordance with the orders issued by this Court on December 4 and December 13, 1996, we reconfirm that the appellants' motion for a stay pending appeal has been dismissed as moot, and the appellees' motion to dismiss the appeal as moot has been granted except to the extent that the appeal challenges the good faith status of the purchaser of the debtor's assets.

.

It is not entirely clear why an appellate court, considering an appeal from an unstayed but unwarranted order of sale to a good faith purchaser, could not order some form of relief other than invalidation of the sale. See, e.g., In re Lloyd, 37 F.3d 271, 273 (7th Cir. 1994) (claim for return of land moot, but court may consider claim that proceeds are subject to homestead exemption). In any event, whatever other relief might be available could presumably be pursued in the bankruptcy court by those entitled to such relief

Some case metadata and case summaries were written with the help of AI, which can produce inaccuracies. You should read the full case before relying on it for legal research purposes.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

A-503



# Buntzman v. Springfield Redevelopment Authority, 918 F. Supp. 29 (D. Mass. 1996)

**U.S. District Court for the District of Massachusetts - 918 F. Supp. 29 (D. Mass. 1996)**
**March 13, 1996**

---

**918 F. Supp. 29 (1996)**

**David BUNTZMAN**
**v.**
**SPRINGFIELD REDEVELOPMENT AUTHORITY, et al.**

Civ. A. No. 89-30085-MAP.

**United States District Court, D. Massachusetts.**

March 13, 1996.

Dennis A. Shedd, Max D. Stern, Stern, Shapiro, Weissberg & Garin, Boston, MA, for David Buntzman.

Charles V. Ryan, Jr., Timothy J. Ryan, Charles V. Ryan, Ryan, Martin, Costello, Allison & Leiter, John D. Ross, III, Springfield, MA, for Springfield Central Foundation, Inc., Springfield Central Business Dist., Inc., Springfield Central Development, Inc.

Francis D. Dibble, Jr., Jerome M. Scully, Bulkley, Richardson & Gelinas, Springfield, MA, Charles V. Ryan, Jr., William F. Howard, III, Springfield, MA, for Springfield Redevelopment Authority.

A-504

### MEMORANDUM REGARDING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL

**(Docket No. 274)**

PONSOR, District Judge.

On January 26, 1996 this court entered oral findings in favor of the defendants, following a non-jury trial in which the plaintiff claimed that he was unconstitutionally deprived of his property during an eminent domain proceeding.

At the time that the court made its findings, counsel for the plaintiff orally moved for a stay pending appeal. The court issued a scheduling order setting a timetable for filing and opposing a written motion. This has been done and the issue of a stay is now ripe for decision.

Counsel agree that the criteria to be satisfied in a motion to stay under Fed. R.Civ.P. 62(c) are essentially equivalent to those required for an injunction. These are: **\*30** likelihood of success on the merits, irreparable harm, balance of harm favoring the moving party and a superior claim to the general public interest.

The difficulty in this case arises from the tension between the extreme tenuousness of plaintiff's claim in the court's view at least, plaintiff possesses almost no likelihood of success on the merits of his appeal and the fact that plaintiff's appeal would be rendered completely moot he will be irreparably harmed unless the court grants the stay. A few words should be said on these points.

The court's conviction that the plaintiff's appeal lacks merit arises from more than the bias of a trial judge in favor of his own decision. First, the viability of plaintiff's case as a matter of law is highly doubtful. Plaintiff's counsel has been unable to cite, and the court has been unable to find, a single reported case anywhere in the country in which 42 U.S.C. § 1983 was successfully, or even unsuccessfully, employed to challenge an eminent domain taking. Only the extreme vigor of plaintiff's counsel's advocacy was able to perform the near miracle of even getting this case to trial.

Even accepting plaintiff's due process argument, the path to a successful appeal is also blocked by a mountain of contrary facts. The trial revealed, and the court found, that even assuming that the plaintiff has due process rights in connection with the taking enforceable

A-505

under § 1983 the actions of the defendants more than satisfied any such hypothetical entitlement. Defendants did not just bend over backwards to accommodate plaintiff, they virtually twisted themselves into the shape of a pretzel to give him an opportunity to submit a development plan and avoid the taking. He and his representatives were afforded numerous opportunities to be heard and to make written submissions. Far from exhibiting prejudice against plaintiff, the evidence demonstrated clearly that defendants would have been delighted to approve and support *any* realistic plan that would have given them reasonable assurance that this property would be developed by plaintiff. Nevertheless, despite a number of opportunities, plaintiff for his own reasons doggedly refused ever to submit such a plan. The few papers that were presented to the defendants, the court has found, were woefully inadequate, and the plaintiff candidly testified that he had no intention of *ever* submitting more.

In short, given the twin hurdles facing plaintiff, the court must conclude that the likelihood of success on the merits is slender at best.

At the same time, regarding irreparable harm, it is also clear that if the City of Springfield were to dispose of the property during the pendency of the appeal, the entire appellate process would be mooted. The plaintiff here is not merely seeking compensation for his building; he wants it returned to him. He seeks *another* opportunity, through a reconstituted process comporting (in his view) with constitutional minimums, to convince the defendants that the property should not be taken from him at all. Obviously, if the building is gone, any appeal is senseless. This loss would not in plaintiff's view be remedied by payment of money damages through the parallel state eminent domain proceedings.

Regarding the "balance of harm" criterion, however, the plaintiff is not the only party vulnerable to injury during the appeal. Springfield officials have already begun a feasibility study to determine the redevelopment opportunities for the property. Meetings have taken place with University of Massachusetts president William Bulger and the University's chancellor David Scott to discuss the possibility of developing the property into an educational center for area colleges. Affidavit of Thomas J. McColgan at ¶ 3. The loss of an opportunity finally to develop this important piece of downtown real estate during the pendency of such a doubtful appeal would be a blow to all the citizens of Springfield.

Moreover, the potential harm resulting from allowance of this stay derives not only from the loss of development potential. Eminent domain proceedings in the state court to determine just compensation for the property have been ongoing for years. The City is rightly concerned that the pending appeal **\*31** will be used by plaintiff unfairly as leverage during settlement negotiations aimed at resolving those state court proceedings.

A-506

The complexity of weighing the fourth criterion public interest can readily be ascertained from what has already been stated. Plaintiff emphasizes the importance of permitting a meaningful appeal; defendants cite the unfairness to the community.

Weighing all these factors, the court has concluded, not with much pleasure, that plaintiff's alternative proposal for a stay is the least bad. Defendants will *not* be enjoined from transferring or otherwise encumbering the property during the pendency of the appeal, but they will be ordered to give plaintiff thirty (30) days notice of any such intention. In rendering this decision, the court is balancing the real and immediate blow to plaintiff the evisceration of his appeal against what is now a somewhat more speculative possibility that a development opportunity will be lost. In the event that a concrete prospect for development does arise, defendants will be free to take whatever action they deem appropriate upon thirty (30) days notice to the plaintiff. In the court's view, plaintiff will be hard pressed to block defendants' disposition of the property in these circumstances.

For the foregoing reasons, the court hereby orders entry of judgment in favor of the defendants in accordance with its findings and conclusions rendered orally on January 26, 1996. By separate ruling, the court has vacated the entry of default against Springfield Central Business District, Inc., Springfield Central Development, Inc. and Springfield Central Foundation, Inc. and hereby enters judgment in their favor as well as in favor of the other defendants. Defendants however will be enjoined during the pendency of the appeal from transferring or otherwise encumbering their interest in the property that is the subject of this lawsuit unless they give the plaintiff thirty (30) days advance notice.

A separate order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's Motion for Stay Pending Appeal is hereby ALLOWED, in part. The clerk is ordered to enter judgment in favor of all defendants in accordance with the court's oral findings of fact and conclusions of law rendered January 26, 1996. Defendants are enjoined from transferring or otherwise encumbering their interest in the property that is the subject of this lawsuit during the pendency of any appeal in this case, unless prior to any such transference or encumbrance they give thirty (30) days advance notice to the plaintiff.

Some case metadata and case summaries were written with the help of AI, which can produce

A-507

inaccuracies. You should read the full case before relying on it for legal research purposes.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

A-508

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Akouete

A-509



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Westborough SPE LLC | Chapter 7 |
| | 23-40709-CJP |
| Debtor | |

## ORDER

**MATTER:**

#1062 Creditor's Motion for Reconsideration of Order Denying Motion for Partial Stay Pending Appeal Re: 1060 Order dated 1/5/2026 (Re: 1055 Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007).

DENIED. THE MOTION FOR RECONSIDERATION DOES NOT APPEAR TO ASSERT ADDITIONAL MATERIAL INFORMATION THAT WAS NOT ALREADY CONSIDERED IN ENTERING THE ORDER DENYING MOVANT'S REQUEST FOR PARTIAL STAY PENDING APPEAL [ECF NO. 1060] (THE "SUBJECT ORDER") THAT WOULD DEMONSTRATE THAT THE COURT MADE A MANIFEST ERROR OF LAW OR FACT WITH RESPECT TO THE SUBJECT ORDER. *SEE IN RE WEDGESTONE FIN.*, 142 B.R. 7, 8 (BANKR. D. MASS. 1992) (CITATIONS OMITTED).

Dated: 01/06/2026

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

A-510

Official Form 417A (12/23)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:

WESTBOROUGH SPE LLC,

Debtor.

LOLONYON AKOUETE,

Creditor/Appellant,

v.

JONATHAN GOLDSMITH, Chapter 7 Trustee,
Durgaprasad Nagalla and Venkatesh Mohanraj,
Trustees of  The MobileStreet Trust, Creditor,
Town of Westborough, Creditor,
Ferris Development Group, LLC, Creditor,
Lax Media LLC and Lax Media MA LLC
Bochasanwasi Shree Akshar Purushottam
Swaminarayan Sanstha – Northeast, Buyer,

Appellees

Case No. 23-40709-CJP
Chapter 7

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): LOLONYON AKOUETE

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

❑ Plaintiff
❑ Defendant
❑ Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.

❑ Debtor
☒ Creditor
❑ Trustee
❑ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken: The appellant appeals from the following orders of the United States Bankruptcy Court for the District of Massachusetts:

   Order Granting Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019, as Supplemented, entered on December 24, 2025 [Dkt. No. 1038];

   Order (I) Authorizing the Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Purchase and Sale Agreement; (III) Authorizing Disbursements of Sale Proceeds Pursuant to the Settlement Agreement and Mutual Release; and (IV) Granting Related Relief, entered on December 24, 2025 [Dkt. No. 1037]; and

   Order Denying Creditor Lolonyon Akouete's Motion for Allowance and Payment of Administrative Expense Claim for Post-Petition CoStar Subscription Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 503(b), entered on January 5, 2026 [Dkt. No. 1058].

   The orders appealed from arise out of (a) the Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release [Dkt. No. 967], (b) the Trustee's Expedited Motion for Sale of Property Free and Clear of Liens Under 11 U.S.C. § 363(f) [Dkt. No. 968], and (c) Creditor Lolonyon Akouete's Motion for Allowance and Payment of Administrative Expense Claim for Post-Petition CoStar Subscription [Dkt. No. 1023].

2. State the date on which the judgment—or the appealable order or decree—was entered: December 24, 2025 and January 5, 2026

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: __Jonathan R. Goldsmith__  Attorney: __Chapter 7 Trustee__
   __Christine E. Devine__
   __Nicholson Devine LLC__
   __PO Box 7 Medway, MA 02505__
   __christine@nicholsondevine.com__
   __(508) 533-7240__

2. Party: __Ferris Development__  Attorney: __Paul W. Carey__
   __Mirick, O'Connell, DeMallie__
   __& Lougee, LLP__

A-512

100 Front Street
Worcester, MA 01608-1477
pcarey@mirickoconnell.com
508-860-1590


3.  Party:  Town of Westborough  Attorney:  Roger L. Smerage
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110
rsmerage@k-plaw.com
617-654-1774

4.  Party:  Lax Media      Attorney:  Christopher Mulhearn, Esq
Law Office of Christopher M. Mulhearn, Inc.
100 Centerville Road, Suite 1
Warwick, RI 02886
cmulhearn@mulhearnlawri.com
(401) 533-9330

5.  Party:  The MobileStreet Trust  Attorney:  Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
617.367.2600

6.  Party:  BSAPSS      Attorney:  Peter J. Nicosia, Esq
Nicosia & Associates P.C.
259 Middlesex Road, PO Box 721
Tyngsboro, MA 01879
nicosia@nicosia-associates.com
(978) 649-4300

A-513

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date:  01/6/2026

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

Lolonyon Akouete
800 Red Mills Rd, Wallkill NY 12589
Info@smartinvestorsllc.com
443-447-3276

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>    Westborough SPE LLC<br><br>        Debtor | Chapter 7<br>Case No. 23-40709-CJP |

## ORDER

    The Notice of Appeal and Statement of Election [ECF No. 1136] (the "New Notice") filed by Lolonyon Akouete is captioned as an "amended" notice and references the appeal of orders entered by this Court at ECF Nos. 1037, 1038, 1058, and 1103.[1]   The New Notice includes the United States District Court for the District of Massachusetts (the "District Court") caption of a pending appeal (26-cv-10037-WGY), but it appears that only three of the four orders referenced in the New Notice are the subject of the pending District Court appeal.  *See* Notice of Appeal and Statement of Election [ECF No. 1050, as amended by ECF No. 1064] (the "Prior Notice").  In the New Notice, Mr. Akouete does not elect that the appeal of ECF No. 1108 (*see* Note 1) to be heard by the District Court, whereas, in the Prior Notice, Mr. Akouete elected that the appeal of this Court's Orders at ECF Nos. 1037, 1038, and 1058 (collectively, the "Orders Subject to Prior Appeal") be heard by the District Court.  The Prior Notice has been transmitted to the District Court.

    Accordingly, it appears that the only Order of this Court that is properly the subject of the New Notice is the Order at ECF No. 1108, and the Court directs the Clerk's Office to transmit (1) the New Notice to the United States Bankruptcy Appellate Panel for the First Circuit (the "BAP") because Mr. Akouete has not elected that the appeal of that Order at ECF No. 1108 be heard by the District Court, along with a copy of this Order and (2) copies of this Order and the New Notice to the District Court for informational purposes because the New Notice references orders that are subject to the Prior Notice.

Dated: 02/05/2026

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

---

[1] The New Notice identifies an Order dated January 30, 2026 as having been entered at ECF No. 1103, but this appears to be a typographical error.  The Court entered an Order on January 30, 2026 with respect to Mr. Akouete's motion [ECF No. 1103] at ECF No. 1108.